UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 05-40151 |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

ANSWER

The United States of America, by its attorney, Michael J.  Sullivan, United States

Attorney for the District of Massachusetts, answers the plaintiff's complaint as follows:

FIRST DEFENSE

This Court has no jurisdiction to refund taxes or amounts deposited with the Internal

Revenue Service in this action brought pursuant to 26 U.S.C. §6226(b) for readjustment of

partnership items.  *See*, 26 U.S.C. §6226(f).

SECOND DEFENSE

The United States respectfully denies every allegation in the complaint, except to the

extent expressly admitted, and answers the individually numbered paragraphs set forth in the

complaint, which are restated herein, as follows:

1.    Plaintiff challenges the proposed adjustments by the Internal Revenue Service (the
"IRS") of the partnership items of Fidelity International Currency Advisor A Fund,
L.L.C. ("FICAA" or the "Partnership"), a limited liability company treated as a
partnership for federal income tax purposes, as reported on the Partnership's federal
income tax return for the taxable year ending December 31, 2001.  The IRS's
adjustments to FICAA's federal partnership income tax return and the IRS's penalty
assertions are erroneous.

1

Answer:  The United States admits that Plaintiff has filed a complaint in this action in which it

seeks to challenge the Final Partnership Administrative Adjustments made by the Internal

Revenue Service to the U.S. Return of Partnership Income (Form 1065) of Fidelity International

Currency Advisor A Fund, L.L.C. ("Fidelity International") for the taxable year ending

December 31, 2001.  The United States is without knowledge or information sufficient to form a

belief as to whether Fidelity International is a limited liability company under Delaware law.

The United States denies all remaining allegations in this paragraph, including the allegations

that Fidelity International is a partnership in fact or for purposes of federal income tax law and

that the IRS's  adjustments and penalty assertions are erroneous.

2.      This is an action for readjustment of partnership items, and for a refund of money held by
        the Secretary of Treasury, brought pursuant to section 6226(b) of the Internal Revenue
        Code of 1986, as amended (26 U.S.C. §6226(b)).  At issue in this case is whether the IRS
        erroneously adjusted certain partnership items of FICAA for 2001, whether the IRS
        erroneously asserted that any underpayments of tax resulting from the adjustments are
        subject to accuracy-related penalties pursuant to 26 U.S.C. § 6662, and whether amounts
        deposited with the Secretary of Treasury pursuant to 26 U.S.C. § 6226(e)(1) should be
        refunded together with interest allowable by law.

Answer:  The United States admits that this is an action for readjustment of partnership items

pursuant to section 6226(b) of the Internal Revenue Code of 1986, as amended (26 U.S.C.

§ 6226(b)) with respect to the Final Partnership Administrative Adjustments made by the

Internal Revenue Service to the U.S. Return of Partnership Income (Form 1065) of Fidelity

International  for the taxable year ending December 31, 2001.  The United States denies all

remaining allegations in this paragraph.

3.      FICAA is a limited liability company organized under Delaware law and is treated as a
        partnership for federal income tax purposes.  The Partnership's principal place of
        business is located at 116 Flanders Road, Suite 3000, Westborough, MA 01581, within
        the jurisdiction of this Court.

Answer: The United States admits that the address on file with the IRS for Fidelity International is 116 Flanders Road, Suite 2000 (not Suite 3000), Westborough, MA 01581, a location within the jurisdiction of this Court. The United States is without knowledge or information sufficient to form a belief as to whether Fidelity International is a limited liability company under Delaware law. The United States denies all remaining allegations in this paragraph, including the allegations that Fidelity International is a partnership in fact or for purposes of federal income tax law and that Fidelity International was engaged in business.

4.    Plaintiff, Richard J. Egan, is a partner of FICAA within the meaning of 26 U.S.C. § 6231(a)(2), and notice partner of FICAA within the meaning of 26 U.S.C. § 6231(a)(8). Plaintiff also is the Tax Matters Partner ("TMP") of FICAA within the meaning of 26 U.S.C. § 6231(a)(7) for the 2001 tax year.

Answer: The United States admits that Richard J. Egan purports to be a partner and the Tax Matters Partner ("TMP") of Fidelity International for the 2001 tax year but denies all allegations of this paragraph of the complaint, including that Fidelity International is a partnership in fact or for purposes of federal income tax law, and that Richard Egan was in fact a partner in Fidelity International or for purposes of federal income tax law.

5.    The Defendant is the United States of America.

Answer:  The United States admits that it is the defendant.

6.    Jurisdiction is proper in this court pursuant to 26 U.S.C. § 6226(b)(1) and 28 U.S.C. § 1346(e).

Answer: The United States admits that jurisdiction, to the extent it exists, is founded upon 26 U.S.C. §§ 6226(b)(1) and 6226(f) and 28 U.S.C. § 1346(e), but has not yet determined whether this Court has jurisdiction pursuant to 26 U.S.C. § 6226(b)(1).

7.    The principal place of business of the Partnership is Westborough, Massachusetts.

1503829.1

Venue thus is proper in this Court pursuant to 26 U.S.C. §§ 6226(a)(2) and (b)(1) and 28 U.S.C. § 1402(c).  Venue is proper in the Central Division pursuant to Local Rule 40.1 (D)(1)(d).

Answer:  The United States admits that the address on file with the IRS for Fidelity International is in Westborough, Massachusetts and that venue is proper in the Central Division of the United States District Court for the District of Massachusetts.  The United States denies all remaining allegations in this paragraph, including the allegations that Fidelity International is a partnership in fact or for purposes of federal income tax law, and that Fidelity International was engaged in business.

8.      FICAA timely filed its U.S. Return of Partnership Income (Form 1065) with the IRS for its 2001 taxable year.

Answer:  The United States admits that Fidelity International timely filed a U.S. Return of Partnership Income (Form 1065) with the IRS for the 2001 taxable year.  The United States denies all remaining allegations in this paragraph, including that Fidelity International is a partnership in fact or for purposes of federal income tax law.

9.      On April 6, 2005, the IRS mailed a Notice of Final Partnership Administrative Adjustment ("FPAA") with respect to the Partnership's 2001 tax return addressed to the Tax Matters Partner.  A copy of the FPAA is attached as exhibit A.

Answer:  The United States admits that on April 6, 2005, the IRS sent a Notice of Final Partnership Administrative Adjustment ("FPAA") to the purported Tax Matters Partner ("TMP") of Fidelity International with respect to its 2001 U.S. Return of Partnership Income (Form 1065).  The United States denies all remaining allegations in this paragraph including that Fidelity International is a partnership in fact or for purposes of federal income tax law and denies that exhibit A is a complete copy of the FPAA that was sent by the IRS on April 6, 2005 to the TMP of  Fidelity International with respect to the 2001 U.S. Return of Partnership Income (Form

1503829.1

1065) of Fidelity International.

10.    On April 6, 2005, pursuant to 26 U.S.C. § 6223(a), the IRS mailed a copy of the FPAA to Plaintiff in his capacity as a notice partner of FICAA.

Answer:  The United States admits that on April 6, 2005, pursuant to 26 U.S.C. § 6223(a), the

IRS sent a copy of the FPAA to Richard J. Egan in his capacity as a purported notice partner of

Fidelity International, but denies all remaining allegations in this paragraph, including that

Richard J. Egan brought this action as a notice partner of Fidelity International and that Fidelity

International is a partnership in fact or for purposes of federal income tax law.

11.    On May 17, 2005, Plaintiff was designated as the TMP of the Partnership for the 2001 taxable year pursuant to 26 U.S.C. § 6231(a)(7) and 26 C.F.R. §§ 301.6231(a)(7)-1 and  -2.

Answer:  The United States admits that Richard J. Egan was designated as the purported TMP of

Fidelity International on May 17, 2005, and denies all remaining allegations in this paragraph

including that Fidelity International is a partnership in fact or for purposes of federal income tax

law.

12.    No complaint was filed pursuant to 26 U.S.C. § 6226(a) within ninety days after the IRS mailed the FPAA to the TMP.  No other notice partner has since filed a complaint or petition pursuant to 26 U.S.C. § 6226(b).

Answer:  The United States admits that this complaint was not filed within ninety days after the

IRS mailed the FPAA to the purported Tax Matters Partner of Fidelity International for the 2001

tax year and that no notice partner has thus far filed a complaint or petition pursuant to 26 U.S.C.

§ 6226(b).  The United States denies all remaining allegations in this paragraph including that

Richard J. Egan brought this action as a notice partner of Fidelity International and that Fidelity

International is a partnership in fact or for purposes of federal income tax law.

13.    Plaintiff, who is both a notice partner and the TMP of the partnership, has timely filed

1503829.1

this complaint pursuant to 26 U.S.C. § 6226(b)(1), within sixty days after the close of the ninety-day period described in section 6226(a).

Answer:  The United States admits that Richard J. Egan is a purported partner in the purported

partnership of Fidelity International, but denies all remaining allegations in this paragraph

including that Richard J. Egan brought this action as a notice partner of Fidelity International

pursuant to 26 U.S.C. § 6226(b)(1), within sixty days after the close of the ninety-day period

described in section 6226(a), and that Fidelity International is a partnership in fact or for

purposes of federal income tax law

14.    Under 26 U.S.C. § 6226(e)(1), a partner filing a petition for readjustment of partnership items in Federal District Court is required to deposit with the Secretary of the Treasury the amount by which the tax liability of that partner would be increased if the treatment of partnership items on the partner's tax return was made consistent with the treatment of partnership items on the partnership return, as adjusted by the FPAA.  Plaintiff has satisfied this deposit requirement.

Answer:  The United States admits that Plaintiff made a deposit with the IRS pursuant to the

provisions of 26 U.S.C. § 6226(e)(1) but states that the remaining allegations in this paragraph

are allegations of law to which no response is required.

15.    Prior to the filing of this complaint, Plaintiff, in good faith, computed the amount that his federal income tax liability for the 2001 taxable year would be increased if the partnership items allocated to him were made consistent with the treatment of those items on the 2001 FICAA return as adjusted by the 2001 FPAA.  Plaintiff made deposits totaling $62,100,000 with the Secretary of the Treasury.  Specifically, Plaintiff deposited $30,000,000 on January 28, 2005; $10,000,000 on March 3, 2005; $10,000,000 on April 21, 2005; and $12,100,000 on May 6, 2005.  In this action, Plaintiff seeks to recover these deposits, together with interest as allowable by law.

Answer:  The United States admits that Richard J. Egan deposited $62,100,000 with the IRS:

$30,000,000 on January 28, 2005; $10,000,000 on March 3, 2005; $10,000,000 on April 21,

2005; and $12,100,000 on May 6, 2005.  The United States also admits that plaintiff seeks to

recover these jurisdictional deposits, but denies that this Court has refund jurisdiction.  The

United States denies all remaining allegations in this paragraph including that Fidelity

International is a partnership in fact or for purposes of federal income tax law

16. In 1979, Plaintiff co-founded a technology company, EMC Corporation (the"Corporation"), a developer of intelligent enterprise storage and retrieval technology. In 2000 and 2001, a very large portion of Plaintiff's assets consisted of the stock of the Corporation, which had become a publicly-traded global corporation.

Answer: The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

17. Plaintiff was continually concerned about this concentration of Corporation stock, particularly in 2000 and 2001 given the volatility of technology stocks. The price of the Corporation's stock peaked in September 2000, when it traded over $100 per share. At the end of 2000, the price of the Corporation's stock began a steady and precipitous decline, falling below $12 per share in 2001.

Answer: The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

18. Plaintiff was the chairman of the Board of Directors of the Corporation until he resigned in September 2001 to enter government service. In 2001, securities laws and the Corporation's policies limited Plaintiff's ability to sell stock in the Corporation. Plaintiff could only sell his stock during narrow windows of time, and there were substantial periods when Plaintiff was blocked from selling. It also was unpredictable when the windows would open and for how long they would remain open. The Corporation's policies also prohibited Plaintiff from directly hedging his stock. In addition, the media reported Plaintiff's sales of stock so any "large" sales would likely have a negative impact on the Corporation's stock price.

Answer: The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

19. By 2001, Plaintiff's investments were managed by a family-owned investment company (the "Investment Company"). The Investment Company acted as Plaintiff's agent in managing his investments and was operated by Plaintiff's sons. Plaintiff was not involved in the day-to-day management of the Investment Company or his investments, but he was consulted on all material decisions.

Answer: The United States is without knowledge or information sufficient to form a belief as to

1503829.1

the truth of the allegations in this paragraph.

20.    Because of Plaintiff's concentrated stock position, Plaintiff was interested in investments that would act as an indirect hedge of Corporation stock.  Moreover, in 2000 and 2001, Plaintiff and his business interests had substantial variable rate debt that Plaintiff had personally guaranteed.  Accordingly, investments that directly or indirectly hedged variable interest rates were similarly attractive and served Plaintiff's objective.  In evaluating investments, Plaintiff also took taxes into consideration and relied on others for advice and compliance in the area.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

21.    As an executive of the Corporation, Plaintiff received stock options as part of his compensation package.  In early 2001, Plaintiff exercised some of these stock options creating a substantial amount of economically unrealized taxable income.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

22.    Following the exercise of the options, the price of Corporation stock dropped dramatically due to market conditions, so that the taxable income from the exercise of the options was substantially greater than the value of the stock following the decline in the stock's market price.  This differential made investments that would further Plaintiff's overall investment objectives and reduce or defer tax on the economically unrealized income attractive.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

23.    Michael J. Egan is Plaintiff's son and investment manager at the Investment Company.  In 2000 and 2001, Plaintiff – with the assistance of Mike Egan – considered proposed investment opportunities that were consistent with Plaintiff's investment objectives and were tax-advantaged.  Plaintiff was not interested in investing in a proposed investment that was mass-marketed or that had been identified as abusive by the IRS.  Plaintiff was interested in an investment plan that would facilitate his overall investment strategy.

Answer:  The United States admits that Michael J. Egan is the son of Richard J. Egan.  The

United States denies that plaintiff was not interested in participating in a transaction that was

1503829.1

mass-marketed or that had been identified as abusive by the IRS.  The United States is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph.

24.     Plaintiff and his son Mike Egan are not experts in federal income tax matters.
        Nonetheless, they understood that to obtain favorable tax results from an investment, the
        investment had to have economic substance aside from taxes.

Answer:  The United States admits that Michael J. Egan is the son of Richard J. Egan.  The

United States is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in this paragraph.

25.     An international accounting firm that provided accounting and other consulting services
        for the Investment Company (the "Accounting Firm") advised Plaintiff and his agents
        concerning appropriate investments.  While advising Plaintiff, the Accounting Firm
        recommended and arranged for Plaintiff and others acting on his behalf to meet with
        Helios Trading LLC ("Helios"), an investment advisor.  The Accounting Firm and Helios
        recommended a strategy for trading options and recommended Alpha Consultants LLC
        ("Alpha") to help design and customize a trading strategy to meet Plaintiff's investment
        objectives.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

26.     The Accounting Firm's recommended strategy involved a co-investor who would make a
        substantial cash investment and have a material opportunity to earn an economic profit or
        suffer an economic loss.  This investor also would likely be allocated a substantial
        amount of taxable gain for U.S. income tax purposes that might be offset by losses at
        some future point.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

27.     Plaintiff and Mike Egan would not participate in a transaction unless it was likely to be
        upheld if challenged by the IRS.  Accordingly, Plaintiff and Mike Egan required that a
        reputable law firm be able to provide an independent opinion that the strategy did not
        constitute a "listed transaction" and that the expected tax consequences of the strategy
        would more likely than not be upheld if challenged by the IRS.  Plaintiff obtained such

1503829.1

opinions.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

28.    Plaintiff relied on the Accounting Firm to provide tax advice and guidance to assure that
       the investment strategy complied with applicable tax laws.  The Accounting Firm
       reviewed the legal opinions and advised Plaintiff that the opinions fairly analyzed the law
       as applied to the facts and that it would be reasonable for Plaintiff to rely on the opinions.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

29.    Mike Egan had general knowledge of option strategies, but no specific experience in the
       purchase of binary or digital options.  He worked with Helios and Alpha in designing an
       option trading strategy that was economically substantial and provided a reasonable
       opportunity to make an economic profit.  Mike Egan believed that, without regard to tax
       considerations, the proposed strategy was consistent with Plaintiff's general
       diversification and hedging objectives.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

30.    Binary or digital options are well-recognized financial instruments that can be used for
       speculative or hedging purposes having nothing to do with taxes.  Established dealers
       make markets in such options, which are priced using well-accepted pricing algorithms.
       When created in pairs – long and short – binary or digital options can produce a
       reasonably predictable opportunity for profit and corresponding risk of loss.  A pair of
       long and short European-style digital options can be structured to produce a predictable
       probability for profit, after accounting for trading costs.

Answer:  The United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

31.    Helios and Alpha made equity investments in the Partnership alongside Plaintiff and the
       co-investor, Samuel Mahoney.

Answer:  The United States denies the allegations in this paragraph, including that Fidelity

International is a partnership in fact or for purposes of federal income tax law, that Helios and

1503829.1

Alpha made equity investments in Fidelity international, and that Samuel Mahoney was a co-investor.

32.    Refco Capital Markets, an established dealer in options, executed the option transactions.

Answer:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph..

33.    Fidelity World Currency Advisor A Fund ("World Fund") was a limited liability company whose sole membership interest initially was owned by Plaintiff.  Because World Fund was at all relevant times a "single member LLC," it was disregarded for federal tax purposes and all of its assets and liabilities were treated as being held directly by its owner.  World Fund engaged in option transactions beginning in October 2001.

Answer:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, including whether Fidelity World Currency Advisor A Fund ("Fidelity World") is a limited liability company under state law and whether the option transactions in which Fidelity World purports to have engaged in fact occurred.

34.    In October 2001, Plaintiff, Helios, Alpha, and Mr. Mahoney invested in, and became the only members (referred to hereinafter as "partners") of, the Partnership.  The partners accepted the terms of the Partnership's operating agreement and invested in the Partnership by contributing cash and other property in exchange for their respective interests.  Plaintiff contributed his membership interest in World Fund and $2,674,500 in cash to the Partnership in exchange for 5% of the common and 100% of the preferred interests.  Helios and Alpha each contributed $7,000 to the Partnership in exchange for 1% each of the common interests.  Mr. Mahoney contributed $651,000 to the Partnership for 93% of the common interests.

Answer:  The United States denies that Richard J. Egan, Helios, Alpha, and Samuel Mahoney invested in and became partners in Fidelity International and denies that Fidelity International is a partnership in fact or for purposes of federal income tax law.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

1503829.1

35.    After being contributed to FICAA, World Fund entered into additional option transactions in November 2001.  As a result of these trades, World Fund realized a net economic loss of $756,359.

Answer:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.    In October and December 2001, the Partnership engaged in a variety of option transactions to implement the investment plan.  Once the Partnership commenced its investment activity, Mike Egan actively and continuously monitored those activities and consulted frequently with Alpha regarding the current values and expected movements of the options.  Based on Alpha's advice and his own judgment, Mike Egan adjusted the Partnership's option positions in order to maximize the economic return of the strategy.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

37.    As a result of the October transactions, the Partnership earned a profit of $175,603,084.  As a result of the December transactions, the Partnership realized a loss of $176,152,349.  The profits and losses were allocated to the partners in accordance with their respective common ownership interests at the time of the transactions.  These profits and losses represent real economic profits and losses.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law, that these paper profits and losses represent real economic profits and losses, that the paper profits and losses were allocated correctly.  The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

38.    As a result of the option transactions, the Partnership realized substantial gains and losses on individual positions but, in relatively short order, incurred a substantial net economic loss.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and that these paper profits and losses represent real

1503829.1

economic profits and losses.  The United States is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

39.    On November 5, 2001,  pursuant to the terms of the operating agreement, Plaintiff
       exercised an option to purchase 88% of the common interests in the Partnership from Mr.
       Mahoney for $325,000.  While Mr. Mahoney retained a 5% common interest, the result
       of the sale was the Mr. Mahoney realized a substantial economic loss on his investment
       in a matter of weeks.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.

40.    Since this purchase, Mr. Mahoney has held 5% of the common interests of the
       Partnership; Plaintiff has held 93% of the common and 100% of the preferred interests;
       and Alpha and Helios have held 1% each of the common interests.  The Partnership is
       still operating.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.

41.    At various times, Plaintiff has contributed additional cash and other property to the
       Partnership in exchange for additional preferred membership interests.  On October 31,
       2001, Plaintiff contributed stock valued at $4,663,135.04.  On November 29, 2001,
       Plaintiff contributed $5,000,000.  On this same date, the Partnership invested $5,000,000
       in an investment fund requiring a five-year investment.  On December 14, 2001, Plaintiff
       contributed $2,000,000.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.

42.    The option transactions were professionally managed and executed.  The trades were
       fairly priced and at market prices.  A profit potential existed for each individual trade.
       An overall profit potential existed, and a substantial pre-tax profit potential existed after
       fees and expenses.

1503829.1

Answer:   The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

43.     Plaintiff has not disposed of his interest in the Partnership.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

44.     In filing his 2001 tax return relating to the partnership operations of FICAA, Plaintiff did not engage in conduct that is subject to the accuracy-related penalties described in 26 U.S.C. § 6662.

Answer:  The United States denies the allegations of this paragraph.

45.     The Partnership made a reasonable attempt to comply with the Internal Revenue Code and Treasury Regulations and to exercise ordinary and reasonable care in the preparation of its tax return.  The Partnership had a reasonable basis for its return position, kept adequate books and records, and can properly substantiate all items reported on its 2001 tax return.

Answer:  The United States denies the allegations of this paragraph.

46.     The Partnership had substantial authority for its tax treatment of the items for which adjustments are proposed in the FPAA.  Moreover, the Partnership adequately disclosed its tax treatment of the items for which adjustments are proposed in the FPAA, and it had a reasonable basis for its tax treatment of the items for which adjustments are proposed in the FPAA.  The Partnership reasonably believed that the tax treatment of the items for which adjustments are proposed in the FPAA was more likely than not the proper treatment.

Answer:  The United States denies the allegations of this paragraph.

47.     The Partnership had reasonable cause for, and acted in good faith with respect to, its tax treatment of the items for which adjustments are proposed in the FPAA.

Answer:  The United States denies the allegations of this paragraph.

1503829.1

48.    Plaintiff, in filing his 2001 federal income tax return, was required, pursuant to 26 U.S.C. § 6662(a), to treat partnership items from FICAA in a manner consistent with the treatment of partnership items on the partnership return.

Answer:  The United States avers that these allegations are allegations of law to which no response is required.  To the extent a response is required, they are denied.

49.    The Partnership and Plaintiff reasonably relied in good faith on the Accounting Firm and the opinions of qualified tax professionals who advised that the tax treatment reported by the Partnership more likely than not would be upheld if challenged by the IRS.

Answer:  The United States denies the allegations of this paragraph.

## Count I

50.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 50.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if fully set forth herein.

51.    The FPAA erroneously asserts that neither the Partnership nor its partners have established the existence of FICAA as a partnership "as a matter of fact."

Answer:  The United States denies the allegations of this paragraph.

52.    The FPAA's claim that FICAA is not a partnership is erroneous.

Answer:  The United States denies the allegations of this paragraph.

## Count II

53.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 53.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if fully set forth herein.

54.    The FPAA erroneously asserts that the Partnership was formed or availed of solely for purposes of tax avoidance by artificially overstating basis.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

55.    The FPAA erroneously asserts that transactions undertaken by the Partnership lacked a business purpose other than tax avoidance, lacked economic substance, and constituted an economic sham for federal income tax purposes.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

56.    The FPAA erroneously asserts that the Partnership should be disregarded in full and that any losses are not allowable as deductions, that increases to the bases of partnership interests are not allowed, and that the allocation of the gains and losses among the partners is not allowed.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

57.    The FPAA's claims that the Partnership had no business purpose, lacked economic substance, and constituted an economic sham are erroneous.  The FPAA's claim that the Partnership should be disregarded is erroneous.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

Count III

58.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 58.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if

fully set forth herein.

59.    The FPAA erroneously determines that the Partnership was a sham, lacked economic substance, and, under 26 C.F.R. § 1.701-2, was formed or availed of in connection with a transaction or transactions whose principal purpose was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code.

16

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

60.    The FPAA erroneously disregards the Partnership and seeks to treat all transactions
       engaged in by the Partnership as if engaged in directly by its partners.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

61.    The FPAA erroneously treats the options as never having been contributed, assumed, or
       acquired by the Partnership and erroneously treats any gains or losses realized by the
       Partnership on the options as having been realized by the partners.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

62.    The FPAA erroneously determines that the partners of FICAA should not be treated as
       partners in the Partnership.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

63.    The FPAA erroneously determines that contributions to the Partnership should be
       adjusted.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

64.    The FPAA erroneously disregards the allocation of gains and losses from the options
       transactions among the partners of the Partnership.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

65.    The FPAA's claims that the Partnership was a sham, lacked economic substance, and,
       under 26 C.F.R. § 1.701-2, the principal purpose of the transactions was to reduce
       substantially the present value of its partners' aggregate federal tax liability in a manner
       that is inconsistent with the intent of Subchapter K of the Internal Revenue Code are

1503829.1

erroneous.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

Count IV

66.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49
as if fully set forth in this paragraph 66.

Answer: The United States incorporates its answers contained in paragraphs 1 through 49 as if

fully set forth herein.

67.    The FPAA erroneously determines that the short positions (written call options)
contributed to the partnership constitute liabilities for purposes of 26 U.S.C. § 752, and
the regulations thereunder, thereby reducing Plaintiff's basis in his interest in the
Partnership.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

68.    The FPAA erroneously applies Treas. Reg. § 1.752-6 (26 C.F.R. § 1.752-6) to Plaintiff's
contribution of the short positions to the Partnership.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

69.    The contributions of the short positions were not part of a transaction that is described in
or substantially similar to the transaction described in IRS Notice 2000-44, 2000-2 C.B.
255.

Answer:  The United States denies the allegations of this paragraph.

70.    The FPAA's treatment of short positions as liabilities and the corresponding reduction of
the partners' bases in the Partnership is erroneous.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

1503829.1

## Count V

71.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 71.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if fully set forth herein.

72.     The FPAA erroneously finds that neither FICAA nor its partners entered into the option transactions with a profit motive.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and denies the remaining allegations of this paragraph.

73.     The FPAA's claim that no profit motive existed for the options transactions is erroneous.

Answer:  The United States denies the allegations of this paragraph.

## Count VI

74.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 74.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if fully set forth herein.

75.     The FPAA erroneously determines that the amounts treated as contributed by the partners under 26 U.S.C. § 722 is reduced by the amounts received by the contributing partners from the contemporaneous sales of the call options to the same counterparty.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and denies the remaining allegations of this paragraph..

76.     The FPAA's treatment of the partners' contributions is erroneous.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and denies the remaining allegations of this paragraph.

## Count VII

77.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 77.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if fully set forth herein.

78.     The FPAA erroneously asserts that the adjusted bases of the options and other property contributed to the partnership has not been established under 26 U.S.C. § 723.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and denies the remaining allegations of this paragraph.

79.     The FPAA's claim that the FICAA partners have not established their adjusted bases in contributed property is erroneous.

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and denies the remaining allegations of this paragraph.

## Count VIII

80.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 80.

Answer: The United States incorporates its answers contained in paragraphs 1 through 49 as if fully set forth herein.

81.     The FPAA erroneously maintains that the purchase of each purchased call option by the contributing partner and the simultaneous sale of a different call option to the same counterparty constituted "the acquisition of a single, unitary position by the contributing partner."

Answer:  The United States denies that Fidelity International is a partnership in fact or for purposes of federal income tax law and denies the remaining allegations of this paragraph.

82.     The FPAA's claim that the acquisition of a purchased call option and the sale of a different call option constituted the acquisition of a single, unitary position and the basis

1503829.1

adjustments made by the FPAA pursuant to such claim are erroneous.

Answer:  The United States denies the allegation of this paragraph.

Count IX

83.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 83.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if

fully set forth herein.

84.    The FPAA erroneously asserts that the options entered into following the termination of the gain legs of certain option positions had the same legal entitlements as the terminated positions.  Based on this erroneous assertion, the FPAA incorrectly determines that the "termination of the gain legs of the options spreads" acquired by the Partnership did not constitute a sale or exchange of the terminated options for federal income tax purposes.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

85.    The FPAA's claim that the termination of the gain legs was not a sale or exchange of such positions and the FPAA's reduction in the Partnership's adjusted basis in the options entered into following the termination of the gain legs of the option positions is erroneous.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

Count X

86.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 86.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if

fully set forth herein.

87.    The FPAA erroneously disallows the 26 U.S.C. § 988 loss claimed by the Partnership based on the FPAA's erroneous conclusion that the Partnership has not established that the loss was incurred and is deductible under any provision of the Internal Revenue

21

Code.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

88.    The FPAA's claim that the 26 U.S.C. § 988 loss has not been established as allowable is
erroneous.

Answer:  The United States denies the allegations of this paragraph.

Count XI

89.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49
as if fully set forth in this paragraph 89.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if

fully set forth herein.

90.    The FPAA erroneously disallows the losses arising from the option transactions based on
the erroneous finding that it has not been established that the losses were incurred and are
deductible under any provision of the Internal Revenue Code.

Answer:  The United States denies the allegations of this paragraph.

91.    The FPAA's disallowance of the losses arising from the option transactions is erroneous.

Answer:  The United States denies the allegations of this paragraph.

Count XII

92.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49
as if fully set forth in this paragraph 92.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if

fully set forth herein.

93.    The FPAA erroneously asserts that it has not been established that Mr. Mahoney was a
partner in FICAA or that he made a contribution of cash in exchange for an interest in the
Partnership.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

94.    The FPAA's claims that Mr. Mahoney is not a partner and that he did not make a contribution in exchange for an interest in the Partnership are erroneous.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

Count XIII

95.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49 as if fully set forth in this paragraph 95.

Answer:  The United States incorporates its answers contained in paragraphs 1 through 49 as if

fully set forth herein.

96.    The IRS erroneously determines that underpayments of tax resulting from the IRS's adjustments are subject to one or more accuracy-related penalties under 26 U.S.C. § 6662.

Answer:  The United States denies the allegations of this paragraph.

97.    The FPAA erroneously determines that the Partnership's adjustments of partnership items are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the Partnership or its partners that the position taken more likely than not was the correct treatment.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

98.    The FPAA erroneously concludes that any underpayment of tax that might result from the proposed adjustments is due to negligence or disregard of the rules and regulations for filing income tax returns, and erroneously concludes that a twenty percent penalty under 26 U.S.C. §§ 6662(a) and (b)(1) applies.

Answer:  The United States denies the allegations of this paragraph.

99.    The FPAA erroneously concludes that any underpayment of tax that might result from the proposed adjustments constitutes a substantial understatement of income tax and erroneously concludes that a twenty percent penalty under 26 U.S.C. §§ 6662(a) and

(b)(2) applies.

Answer:  The United States denies the allegations of this paragraph.

100.    The FPAA erroneously determines that either a substantial valuation misstatement penalty or a gross valuation misstatement penalty applies under 26 U.S.C. §§ 6226(a), (b)(3), (e), and (h).

Answer:  The United States denies the allegations of this paragraph.

101.    The FPAA erroneously determines that there has been no showing that there was reasonable cause for any of the underpayments, that the Partnership or any of its partners acted in good faith, or that any other exceptions to the penalties apply.

Answer:  The United States denies that Fidelity International is a partnership in fact or for

purposes of federal income tax law and denies the remaining allegations of this paragraph.

102.    The FPAA's application of penalties in this case is erroneous.

Answer:  The United States denies the allegations of this paragraph.

1503829.1

WHEREFORE, the United States respectfully requests that this action be dismissed with prejudice and that the United States be awarded its costs of this action.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

/s/ Matthew C. Hicks
MATTHEW C. HICKS, registered ECF filer
JOHN A. LINDQUIST
BARRY E. REIFERSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6542
Facsimile: (202) 514-5238
E-mail: matthew.c.hicks@usdoj.gov
john.a.lindquist@usdoj.gov
barry.e.reiferson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that the United States' Answer, which has been filed through the ECF system, will be served electronically on the registered participants and by United States mail on the non-registered participants, as identified on the Notice of Electronic Filing (NEF), this 13th day of January, 2006.

/s/ Matthew C. Hicks
MATTHEW C. HICKS

1503829.1