UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 05-40151-FDS |

**JOINT STATEMENT**

The parties submit this Joint Statement pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1(d), and the Court's February 10, 2006 Notice of Scheduling Conference, and in preparation for the March 10, 2006 scheduling conference with the Court. The Complaint in this action was filed on September 1, 2005, and the Answer was filed on January 13, 2006.

1.  Discovery Plan

On February 15, 2006, the parties met and conferred in defense counsels' offices in Washington, D.C., regarding a proposed discovery plan. Each party's proposal is set forth below.

    a.  Plaintiff

    Plaintiff proposes the following discovery deadlines:

    Initial Disclosures:    March 1, 2006

1

    All Fact and Expert Discovery:    November 1, 2006

    Exchange of All Expert Reports:    July 3, 2006

    Exchange of Supplemental/Rebuttal Expert Reports:  September 1, 2006

During the conference of counsel on February 15, 2006, Defendant informed Plaintiff that Defendant may move to stay this entire proceeding. Plaintiff will oppose such a stay request, if made. Plaintiff suggests that Defendant be prepared at the conference to inform the Court, as well as Plaintiff, if it is going to seek a stay or not.

    b.    <u>Defendant</u>

The United States proposes the following discovery deadlines:

| | |
|---|---|
| Initial Disclosures: | March 1, 2006 |
| Exchange of Documents Described in Initial Disclosures: | April 28, 2006 |
| Identification of Experts and Exchange of Expert Reports: | April 6, 2007 |
| Exchange of Rebuttal Expert Reports: | May 4, 2007 |
| All Fact and Expert Discovery: | July 6, 2007 |

This case involves a highly complex generic abusive tax shelter designed, marketed, and implemented by a number of different promoter entities, including KPMG; Brown & Wood; Diversified Group, Inc.; Helios Trading; Alpha Consultants, LLC; Refco Capital Markets Ltd.; and Proskauer Rose. It appears that this same abusive product was also marketed by Brown & Wood; Diversified Group, Inc.; and Helios Trading through BDO Seidman, LLP. Given the immense amount of factual discovery needed, including the taking of numerous third-party depositions and the review of

2

thousands of documents, the United States requests considerably longer discovery than that being proposed by the plaintiff.

In addition, the Office of the United States Attorney for the Southern District of New York has a pending criminal trial which encompasses the transactions in this action, *see United States v. Stein*, No. 05 Cr. 888 (S.D.N.Y. filed Aug. 24, 2005), and ongoing criminal investigations with respect to tax-shelter transactions.  That office has asked to be kept apprised of any discovery in this action to ensure that this action does not adversely affect the pending criminal trial or the ongoing criminal investigations.  In the event that discovery in this case is deemed to adversely affect either the trial or the investigations, or the trial or the investigations are deemed to adversely affect discovery in this civil action, the United States anticipates that it will seek either a protective order or such other relief, including a stay if necessary, to protect the important interests of law enforcement.  Counsel for the United States has notified the plaintiff that, pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, counsel for the United States does not have access to "matter[s] occurring before the grand jury."  Counsel for the United States has also notified the plaintiff that IRS criminal files are privileged and are consequently not subject to discovery at this time.

2.    Discovery Limitations

While the parties have discussed the limitations on discovery set forth in Federal Rules of Civil Procedure 30(a)(2) and 33(a) and Local Rule 26.1(c), they disagree on whether these limitations should apply in this case and, if they are to be modified, by how much.

a.  <u>Plaintiff</u>

Plaintiff believes that the parties should operate within the limitations on discovery set forth in the Federal and Local Rules and only seek to depart from those limitations when necessary and for cause. The number of depositions that each party is allowed under Federal Rule 30(a)(2) and Local Rule 26.1(c) should not be increased beyond ten. Plaintiff believes that focused deposition selection by both parties will enable the parties to avoid taking more than the rules provide and will permit the parties to thoroughly prepare this case for trial.

Plaintiff believes that the twenty-five interrogatory limit imposed by Federal Rule 33(a) and Local Rule 26.1(c) is appropriate in this case, with the understanding that as discovery progresses the Court may grant leave to serve additional interrogatories in appropriate circumstances.

Plaintiff believes that Local Rule 26.1(c)'s limits of twenty-five requests for admission and two separate sets of requests for production are appropriate for the preparation of this case for trial and should not be modified. Of course, as trial preparation progresses, either party may seek leave to serve additional requests for admission and requests for production.

b.  <u>Defendant</u>

This case involves a highly complex generic abusive tax shelter designed, marketed, and implemented by a number of different promoter entities, including KPMG; Brown & Wood; Diversified Group, Inc.; Helios Trading; Alpha Consultants, LLC; Refco Capital Markets Ltd; and Proskauer Rose. As noted, the Office of the United States Attorney for the Southern District of New York has a pending criminal trial which

4

encompasses the transactions in this action, *see United States v. Stein*, No. 05 Cr. 888 (S.D.N.Y. filed Aug. 24, 2005), and ongoing criminal investigations with respect to tax-shelter transactions. Given the immense amount of factual discovery that will be required by the United States, including the taking of numerous third-party depositions and the review of thousands of documents, the presumptive limitations on discovery set forth in the Local Rules and the Federal Rules of Civil Procedure would seriously impede the United States' defense of this action. Consequently, the presumptive limitations on discovery are inappropriate for this case, and the United States plans to request relief from them. Pursuant to the Court's Notice of Scheduling Conference, counsel for the United States will be prepared to address this issue at the scheduling conference on March 10, 2006.

3. Motions

The parties agree that the deadline for filing motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses, except for good cause shown, is March 10, 2006. Because the parties disagree on when discovery should be cut-off and when this case should be tried, the parties are unable to reach agreement regarding the deadline for filing dispositive motions.

    a.    Plaintiff

Plaintiff proposes the following deadlines:

| | |
|---|---|
| Filing of Dispositive Motions: | January 17, 2007 |
| Oppositions to Dispositive Motions: | February 14, 2007 |

    b.    Defendant

The United States proposes the following deadlines:

|  |  |
|---|---|
| Filing of Dispositive Motions: | September 7, 2007 |
| Oppositions to Dispositive Motions: | September 28, 2007 |

4. <u>Magistrate Judge</u>

The parties do not consent to trial by a United States Magistrate Judge.

5. <u>Settlement Proposal</u>

In compliance with the Court's rule, Plaintiff submitted a written settlement offer to Defendant on February 28, 2006. Counsel for the United States is in the process of reviewing the proposal and, pursuant to Local Rule 16.1(c), will be prepared to respond to the proposal at the scheduling conference on March 10, 2006.

6. <u>Local Rule 16.1(d)(3) Certification</u>

Each party is filing a Certification of Compliance pursuant to Local Rule 16.1(d)(3) with this Joint Statement.

Dated this 3rd day of March 2006.

| | |
|---|---|
| /s/ Lena Amanti<br>David J. Curtin, D.C. Bar #281220<br>Ronald L. Buch, Jr., D.C. Bar #450903<br>Lena Amanti, D.C. Bar #490791<br>MCKEE NELSON LLP<br>1919 M Street, N.W., Suite 800<br>Washington, D.C. 20036<br>Telephone:  (202) 775-1880<br>Facsimile:  (202) 775-8586<br>Email: dcurtin@mckeenelson.com<br>        rbuch@mckeenelson.com<br>        lamanti@mckeenelson.com<br><br>John O. Mirick, BBO #349240<br>MIRICK, O'CONNELL, DEMALLIE<br>& LOUGEE, LLP<br>100 Front Street<br>Worcester, MA 01608<br>Telephone:  (508) 791-8500<br>Facsimile:  (508) 791-8502<br>Email:  jomirick@modl.com<br><br>COUNSEL FOR PLAINTIFF | MICHAEL J. SULLIVAN<br>United States Attorney<br><br> /s/ Dennis M. Donohue<br>DENNIS M. DONOHUE<br>SENIOR LITIGATION COUNSEL<br>OFFICE OF CIVIL LITIGATION<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 403<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Telephone: (202) 307-6492<br>Facsimile: (202) 307-2504<br>E-mail: dennis.donohue@usdoj.gov<br><br>MATTHEW C. HICKS<br>JOHN A. LINDQUIST<br>BARRY E. REIFERSON<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55, Ben Franklin Station<br>Washington, D.C.  20044-0055<br>Telephone:  (202) 307-6542<br>Facsimile:  (202) 514-5238<br>E-mail: matthew.c.hicks@usdoj.gov<br>        john.a.lindquist@usdoj.gov<br>        barry.e.reiferson@usdoj.gov<br><br>COUNSEL FOR DEFENDANT |

CERTIFICATE OF SERVICE

| | |
|---|---|
| I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 3, 2006. | /s/ Lena Amanti<br>Lena Amanti, D.C. Bar #490791<br>MCKEE NELSON LLP<br>1919 M Street, N.W., Suite 800<br>Washington, D.C. 20036<br>Telephone:  (202) 775-1880<br>Facsimile:  (202) 775-8586<br>Email: lamanti@mckeenelson.com |