UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Fidelity International Currency Advisor A Fund, LLC,**

    **Plaintiff,**

    v.                                            CIVIL ACTION
                                                           NO. 05-40151-FDS

**United States of America,**

    **Defendant.**

### FIRST SCHEDULING ORDER

**SAYLOR, J.**

    This Scheduling Order is intended to provide a reasonable timetable for discovery in order to help ensure a fair and just resolution of this matter without undue expense or delay. Discovery in this litigation shall proceed in phases. *See* Fed. R. Civ. P. 16; Local Rule 16.1(E).

    The first phase shall be limited to the commencement of fact discovery. Additional fact discovery and expert discovery shall occur in a later phase. The scope and timing of any further discovery and a timetable for motion practice will be determined at the status conference on May 11, 2006.

### Timetable for Discovery and Motion Practice

    Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it is hereby ORDERED that:

1. **Initial Disclosures.** Unless the parties have agreed otherwise, exchange of documents described in the initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by   4/28/06  .

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after   4/28/06  .

3. **Fact Discovery.** The discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules as to depositions and requests for production of documents will not apply. Each party will be entitled to conduct twelve depositions without further leave of Court. Leave to conduct additional

      depositions will be freely granted, provided that the party seeking additional depositions articulates to the Court a reasonable basis for the discovery.

      The discovery limitations will apply as to interrogatories and requests for admissions. The parties may seek leave to serve additional interrogatories and requests for admissions for good cause shown.

**4.**    **Status Conference.** A status conference will be held on __5/11/06 at 3:30 p.m.__. At that conference, the Court will expect to consider, among other things, the timing and sequence of additional discovery and motion practice.

## Procedural Provisions

**1.**    **Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. Good cause may be shown where discovery has been delayed or a deadline otherwise has been affected by the time taken by the court to consider a motion. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

**2.**    **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences or conferences at the courthouse in Boston where appropriate to avoid undue inconvenience or expense.

**3.**    **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

      By the Court,

   __3/22/06__                                              __/s/ Martin Castles__
      Date                                                      Deputy Clerk