UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>           Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | )<br>)<br>)<br>)<br>) Civil No. 05-40151<br>)<br>) Judge Saylor<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION FOR PROTECTIVE ORDER**

This memorandum is being filed in support of the United States' motion, pursuant to Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure, for the entry of a protective order with respect to documents produced and to be produced by KPMG, LLP ("KPMG"). The United States seeks the entry of a Protective Order at the request of KPMG in order to protect the privacy interests of KPMG's non-party clients during the discovery phase of this litigation. Certification is also being filed in support of this motion demonstrating that counsel for the United States has in good faith conferred with counsel for plaintiff in an effort to resolve this dispute without court action.

**Background**

On March 31, 2006, the United States issued and served a document subpoena to KPMG, LLP ("KPMG"), which plaintiff has moved to quash. KPMG has requested a Protective Order for the documents that it has and will produce pursuant to the subpoena to ensure that the documents and materials produced are kept confidential during the discovery phase of this litigation.

1689132.1

As detailed in the certification of counsel for the United States, the United States has in good faith conferred with counsel for plaintiff in an effort to resolve this dispute without court action. Plaintiff objects to the proposed Protective Order upon the ground that it may be mooted by the plaintiff's pending motion to quash. In addition, plaintiff objects to the form of the proposed protective order on the ground that it treats plaintiff differently than the United States by not affording plaintiff a right to use the information in other litigation upon approval by KPMG. Neither KPMG nor the United States object to allowing plaintiff a similar right. While counsel for plaintiff has represented that he may also have other objections to the form of the proposed order, he has thus far not indicated any other objections to the current wording of the Protective Order.

In light of plaintiff's position that the matter may be made moot, there was no likelihood that the parties could agree to submit a stipulated Protective Order to the Court for approval, thereby necessitating this motion. Because the United States believes plaintiff's motion to quash is meritless, and because KPMG is withholding a portion of the subpoenaed documents pending entry of a Protective Order protecting the privacy interests of its non-party clients, the United States was compelled to file this motion.

**Argument**

While recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, the United States has agreed to KPMG's request for a protective order to ensure that the documents and materials produced are kept confidential during the discovery phase of this litigation. Under Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure, the court has the power to issue a protective order to a protect privacy interests of non-parties.

1689132.1

> Courts have inherent power, subject to the Constitution and federal statutes, to impose secrecy orders incident to matters occurring before them. The general power is regularly expressed in orders limiting access to discovery materials, closing sensitive proceedings, and in other contexts.

*In re Grand Jury Proceedings*, 417 F.3d 18, 24 (1st Cir. 2005). This power is reflected in and confirmed by Rules 26(c) and 45(c).

Under Federal Rule of Civil Procedure 26(c), a party moving for the entry of a protective order is required to certify that the moving party has in good faith conferred with all parties in an effort to resolve this dispute without court action. As the moving party, the United States has done this.

Plaintiff objects to the proposed Protective Order in the first instance because it may be mooted by plaintiff's pending motion to quash. Plaintiff appears to have only a minor objection as to the form of the proposed Protective Order. However, in light of plaintiff's pending motion to quash, there was no likelihood that the parties could agree to submit a stipulated Protective Order to the Court for approval, thereby necessitating this motion. Because the United States believes plaintiff's objections are meritless, and because KPMG is withholding a portion of the subpoenaed documents pending entry of a Protective Order protecting the privacy interests of its non-party clients, the United States was compelled to file this motion.

1689132.1

**Conclusion**

The United States respectfully requests the entry of the Protective Order in the form proposed or in a form which allows plaintiff the right to use the information produced by KPMG in other litigation upon approval by KPMG or in a form which deletes that provision altogether.

Dated May 9, 2006.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                                              /s/ Dennis M. Donohue
                                              DENNIS M. DONOHUE
                                              SENIOR LITIGATION COUNSEL
                                              OFFICE OF CIVIL LITIGATION
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 403, Ben Franklin Station
                                              Washington, D.C.  20044
                                              Telephone: (202) 307-6492
                                              Facsimile: (202) 307-2504
                                              E-mail: dennis.donohue@usdoj.gov

                                              JOHN A. LINDQUIST
                                              BARRY E. REIFERSON
                                              MATTHEW C. HICKS
                                              Trial Attorneys, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 55, Ben Franklin Station
                                              Washington, D.C.  20044-0055
                                              Telephone: (202) 307-6561
                                              Facsimile:  (202) 514-5238
                                              E-mail: john.a.lindquist@usdoj.gov
                                                         barry.e.reiferson@usdoj.gov
                                                         matthew.c.hicks@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on May 9, 2006.

1689132.1