SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111

TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
(202) 371-7868

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 10, 2006

**VIA FACSIMILE (508-929-9908) AND FEDERAL EXPRESS**

Hon. F. Dennis Saylor IV
United States District Judge
United States Courthouse
595 Main Street
Worcester, Massachusetts 01608

RE: *Fidelity Int'l v. United States*, No. 05-40151

Dear Judge Saylor:

This firm represents KPMG LLP ("KPMG"), the recipient of a third-party subpoena dated March 31, 2006, issued pursuant to Rule 45 in the above referenced case (the "Subpoena"). We write today in support of the United States' Motion for Protective Order (the "Motion"), entry of which is necessary to safeguard the privacy and confidentiality interests of more than five hundred taxpayers who are not parties in this case.

By way of background, KPMG received the Subpoena from the United States on March 31, 2006. The Subpoena seeks production of documents of four general categories of transactions marketed by KPMG between 1996 and 2002, all of which previously have been produced by KPMG to the Internal Revenue Service pursuant to various summonses or to the United States Attorney's Office for the Southern District of New York pursuant to various grand jury subpoenas. Among other things, the documents called for by the Subpoena include tax returns, financial records and other sensitive information relating to more than five hundred taxpayers who are not parties in this case.

Promptly after receipt of the Subpoena, counsel for KPMG discussed the scope of the Subpoena and concerns relating to the privacy and confidentiality

rights of the more than five hundred taxpayers who are not parties in this case. As a result of those discussions, KPMG commenced its production of documents responsive to the Subpoena and at the same time discussed with the parties the need for a protective order to ensure that the private and confidential information relating to those other taxpayers would not be disclosed publicly beyond the needs of this case. *See* 4/14/06 letter, attached as Exhibit A.

In raising the privacy and confidentiality concerns of the more than five hundred taxpayers who are not parties in this case, KPMG is merely a stakeholder protecting the legitimate privacy expectations of non-parties. Much of the information at issue here is "return information" within the meaning of 26 U.S.C. 6103(b)(2) and 26 CFR 301.7216-1(b)(3). As such, there is an expectation that the information will be kept confidential. In fact, absent the issuance of a subpoena or similar demand as in the present case, KPMG would be prohibited from providing the information to the United States in this case. *See* 26 CFR 301.7216-2(c).

Courts have long recognized that Rule 26 purposely allows courts to protect privacy interests. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21, (1984) (privacy implicit in broad purpose and language of Rule 26); *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) ("considerations of the public interest, the need for confidentiality, and privacy interests are relevant factors to be balanced" when viewing Rule 26) (internal quotation omitted).

In this proceeding, the concern over privacy is heightened due to the fact that a significant portion of the documents responsive to the Subpoena focus on the implementation of various tax strategies, and include sensitive and detailed financial information, such as tax returns. Courts have long recognized that tax returns implicate "a measure of extra protection" under Rule 26. Advisory Committee's Note (1970) (citation omitted). Indeed, the primacy of privacy with respect to tax returns accords with Congress' desire that "with respect to tax returns, confidentiality, not sunlight, is the proper aim" because "[t]ax returns contain highly personal information that many tax payers might not wish to have broadcast." *Aronson v. Internal Revenue Serv.*, 973 F.2d 962, 966 (1st Cir. 1992).

Accordingly, KPMG joins in the request by the United States that the Court enter a protective order governing documents produced by KPMG in this matter. In the absence of such an order, including during the time in which the Court considers the Motion, KPMG requests that the Court suspend the obligation of KPMG to comply with that portion of the Subpoena requiring KPMG to produce confidential and sensitive information relating to the more than five hundred

taxpayers who are not parties in this case until those taxpayers can be given adequate notice and an opportunity to intervene in this matter to be heard before the Court.

Sincerely,

Armando Gomez

cc: Dennis Donohue, Esq. (via facsimile – 202-514-5238)
David Curtin, Esq. (via facsimile – 202-775-8586)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111

TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
(202) 371-7868

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 14, 2006

**VIA EMAIL AND HAND DELIVERY**

Matthew C. Hicks, Esq.
Trial Attorney
U.S. Department of Justice, Tax Division, CTS-N
555 Fourth St., NW, Suite 7804
Washington, DC 20001

RE: *Fidelity Int'l v. United States*, No. 05-40151

Dear Mr. Hicks:

On behalf of KPMG LLP ("KPMG"), enclosed are seven boxes, containing the following items: (i) one hard drive containing documents bates numbered KPMG-FE-001-00001 through -54954, which are documents previously produced by KPMG to the Senate Permanent Subcommittee on Investigations; (ii) one hard drive containing documents bates numbered KPMG-FE-002-00001 through -31149, which are non-taxpayer specific documents that relate generally to FLIP and OPIS; (iii) one hard drive containing documents bates numbered KPMG-FE-003-00001 through -70351, which are non-taxpayer specific documents that relate generally to BLIPS; (iv) three boxes containing hard copy documents bates numbered KPMG-F-00010001 through -2884, KPMG-F-00020001 through -3213, and KPMG-F-00030001 through -2685, which are documents relating specifically to the Egans and Fidelity; and (v) one box containing hard copy documents bates numbered KPMG-F-00040001 through -0498, which comprise transcripts of interviews conducted in connection with the IRS promoter examination of KPMG. As we discussed, since the vast majority of the aforementioned documents are being produced in electronic format as fully searchable Concordance databases, we have not undertaken to organize the materials by specific subpoena request.

We will continue to pull together additional materials responsive to the subpoena issued to KPMG in this matter, as it was narrowed during our discussion on April 4, 2006. If you would like us to prioritize the production of any specific materials, please feel free to let us know. In the meantime, we await your response regarding the draft protective order we sent to your Office on April 10.

Lastly, we will be sending under separate cover copies of the first four items delineated above directly to David Curtin, counsel to the plaintiffs in this matter. We have advised Mr. Curtin that, absent a subpoena requiring production to plaintiffs, we cannot produce to plaintiffs any documents that specifically relate to taxpayers other than plaintiffs. Once the protective order we have discussed is in place, however, we would be happy to provide two copies to your Office of the remaining materials to be produced by KPMG pursuant to the instant subpoena.

Should you have any questions, please call me at (202) 371-7868 or Matt Michael at (202) 371-7176.

Sincerely,

Armando Gomez

Enclosures

cc: Dennis Donohue, Esq. (via e-mail, without enclosures)
John A. Lindquist, Esq. (via e-mail, without enclosures)
Barry E. Reiferson, Esq. (via e-mail, without enclosures)