# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
FIDELITY INTERNATIONAL CURRENCY)
ADVISOR A FUND, LLC,                    )
                                        )
      Plaintiff,                  )        **Civil No.**
                                        )        **05-40151-FDS**
      v.                          )
                                        )
UNITED STATES of AMERICA,               )
                                        )
      Defendant.                  )
                                        )
_____

## ORDER ON THIRD-PARTY
## REQUEST FOR TUTORIAL TRANSCRIPT

**SAYLOR, J.**

    At various points in this matter, the Court expressed an interest in receiving a tutorial from

the parties as to the business, tax, and legal principles underlying the issues in this case.  The

parties indicated a willingness to do so, and submitted a negotiated, agreed-upon proposed order

governing the conditions and ground rules under which the tutorials would take place.  The Court

entered the proposal without change as an Order on October 4, 2006.

    The Order limited attendance at the tutorials to presenters, consultants, potential expert

witnesses, parties, and their representatives.  The Order also indicated that the tutorials and

tutorial materials would not be considered evidence, would not be included in the case record or

recorded on the docket, and would be subject only to limited discovery.

    Plaintiff's tutorial took place in the courtroom on November 20.  The tutorial was

transcribed for the convenience and benefit of the parties and the Court.  Apparently, counsel

from the law firm of Proskauer Rose LLP, who represents an interested non-party, was present in the courtroom during the tutorial; whether the parties were aware of that counsel's presence is unclear. That counsel now seeks to obtain a transcript of the November 20 proceeding.

The Court's Order was intended, among other things, to limit the distribution and use of the tutorial in order to maximize informality and openness and to eliminate the need for opposing counsel to interpose objections. However, and notwithstanding the terms of the Order, there is a presumption that the public should have access to judicial records, as well as a right of access to judicial proceedings. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). This presumption is not absolute, and does not apply to all materials presented in the course of discovery and trial preparation. *Id.*

Before granting or denying the request for a transcript, the Court will give the parties 20 days from the date of this order to raise any objections or to seek any other appropriate relief. The clerk is directed to provide a copy of this order to Attorney Elise Yablonski of the law firm of Proskauer Rose LLP, New York, N.Y.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 13, 2006