# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
FIDELITY INTERNATIONAL CURRENCY       )
ADVISOR A FUND, L.L.C., by the Tax Matters  )
Partner,                                      )
                                              )
            Plaintiff,                        )
                                              )        Case Nos.:  05-40151-FDS
        v.                                    )                    06-40130-FDS
                                              )
UNITED STATES OF AMERICA,             )
                                              )
            Defendant.                        )
                                              )
                                              )
_____

## JOINT PROPOSED SCHEDULE

The parties submit this Joint Proposed Schedule pursuant to the Court's November 14, 2006 directive that the parties file a written submission to the Court with a proposed schedule three days before the December 22, 2006 status conference. On December 13, 2006, the parties met and conferred in defense counsels' offices in Washington, D.C., regarding a proposed schedule, as well as a number of related issues, including the appropriate number of depositions, pattern evidence, and the consolidation of these cases with two recently filed complaints involving another partnership. Because the parties were unable to reach agreement, each party's proposal is set forth below.

2098838.1

**I.    Proposed Schedule**

    A.    <u>Plaintiff proposes the following deadlines</u>:

| | |
|---|---|
| Defendant's Tutorial Presentation | February 16, 2007 (on or before) |
| Exchange of Expert Reports | April 27, 2007 |
| Exchange of Supplemental/Rebuttal Expert Reports | May 25, 2007 |
| Defendant's Disclosure of Pattern Evidence | June 1, 2007 |
| Fact and Expert Discovery Cut-Off | July 13, 2007 |
| Final Pre-Trial Conference | September 7, 2007 |
| Ready for Trial | October 2007 |

    B.    <u>Defendant proposes the following deadlines</u>:

| | |
|---|---|
| Exchange of Expert Reports | July 20, 2007 |
| Exchange of Expert Rebuttal Reports | August 17, 2007 |
| Fact and Expert Discovery Cutoff | November 16, 2007 |
| Final Pre-Trial Conference | February 23, 2008 |
| Ready for Trial | March 2008 |

Although Defendant is expecting to present its tutorial sometime in mid to late February, Defendant objects to plaintiff's proposal to set a deadline with respect to the United States' Tutorial Presentation.

**II.    Appropriate Number of Depositions**

    A.    <u>Plaintiff's Position</u>

Plaintiff believes that the limit of twelve depositions for each party set by the Court during the March 10, 2006 scheduling conference will permit the parties to thoroughly prepare this case for trial.  The number of depositions can be increased by agreement or for cause.

    B.    <u>Defendant's Position</u>

The United States opposes plaintiff's proposed limitation.  As the Court stated during the March 10, 2006 scheduling conference, the number 12 is "totally arbitrary." (March 10, 2006 Tr. at 31.  Here, it appears that at least 16 entities were involved in the promotion of the

Financial Derivatives Investment Strategy ("FDIS") during 2001 and 2002.  Those entities are as

follows:

1.    Helios Financial
2.    Diversified Group Incorporated
3.    Alpha Strategies
4.    Refco Capital
5.    Trilogy Financial Products Limited (UK)
6.    Trilogy Investments Ltd. (Isle of Man)
7.    Biosphere Finance Ltd. (Ireland)
8.    Brown & Wood
9.    Proskauer Rose
10.   Lord Bissell
11.   Bryan Cave
12.   Brown Raysman Millstein Felder & Steiner LLP
13.   KPMG
14.   RSM McGladrey
15.   BDO Seidman, LP
16.   Grant Thornton, LP

This includes five major law firms, four major accounting firms, and three offshore entities.  At

least three of the five listed law firms (Brown & Wood, Proskauer Rose, and Brown Raysman)

and at least two of the four listed accounting firms (KPMG and RSM McGladrey) were directly

involved in plaintiff's tax shelter transactions.   At least eight of these "advisors" are specifically

referenced in the Complaint and in the plaintiff's initial disclosures as entities with knowledge of

the Fidelity transactions.  In addition, plaintiff has listed Samuel Mahoney, a purported foreign

partner in the FDIS transactions.  Samuel Mahoney is listed in his biography as a "founder and

director of Biosphere Finance Ltd., an international financial services company engage [sic] in

providing innovative tax and accounting based products to international client base."  Beyond

the entities identified here and by the plaintiff, there are dozens of individuals who assisted these

listed promoters with the marketing of the tax shelter, and assisted the Egans with

implementation of the FDIS tax shelter.  The list of entities and individuals with specific

2098838.1

knowledge of the Fidelity transactions far exceeds the presumptive limit.

But, even beyond that list, which is limited to those the United States has learned about through still-ongoing document discovery, there are many other entities and individuals with knowledge of FDIS, the generic tax-shelter product at issue. From third-party records, the United States has already identified more than 58 other FDIS tax shelter transactions. Each of those transactions appears to have followed the same script. In the aggregate, those transactions were designed to generate losses totaling about $1.3 billion. Including plaintiff's own stable of "advisors," the United States has already tentatively identified over 250 potential individual witnesses.

While the United States will seek reasonable discovery with respect to those witnesses, it is certain that the proposed 12-deposition limit is woefully insufficient. Accordingly, the United States recommends that each party be allowed a presumptive limit of at least 70 depositions, which number could be increased by agreement or for cause. In light of the fact that the parties are in substantial disagreement as to the appropriate number of witnesses, the United States plans to file a formal motion to enlarge the permissive number of depositions.

### III.    Pattern Evidence

A.    Plaintiff's Position

Plaintiff has included a date by which Defendant must disclose all pattern evidence. Setting a date for the disclosure of pattern evidence in advance of the discovery deadline and trial will allow for a pre-trial determination of the admissibility of such evidence at trial.

B.    Defendant's Position

The United States opposes plaintiff's proposed unilateral deadline for disclosure of

2098838.1

pattern evidence.  There is no legal or other basis to set a cutoff date for discovery of pattern

evidence prior to the overall discovery cut off date.  Since the United States is the only party

planning to rely upon pattern evidence,  plaintiff's proposal would apply solely to the United

States, and is therefore unfair.  A motion in limine is the proper procedure for challenging the

admissibility of evidence prior to trial.  Such motions can be filed after the close of discovery

and prior to trial.

**IV.      Consolidation**

      A.      <u>Plaintiff's Position</u>

      The schedule proposed by Plaintiff is for the above-captioned cases.  However, it

is Plaintiff's view that the above-captioned cases and *Fidelity High Tech Advisor A Fund, L.L.C.*

*v. United States*, Nos. 06-40243 & 06-40244 (D. Mass.), can be consolidated because they share

common parties and common issues of fact and law.  Plaintiff believes that the consolidated

cases can proceed under the schedule proposed above.  While it believes that consolidation for

discovery and trial purposes could be done within this proposed schedule, Plaintiff believes that

the trial of the above entitled FICA A Fund cases no later than October 2007 is far more

important than the consolidation of the Fidelity High Tech cases with them.  Therefore, Plaintiff

strongly prefers not to consolidate High Tech with these cases if consolidation would result in

delaying the trial of these cases beyond October 2007.

      B.      <u>Defendant's Position</u>

      While the United States has not yet even answered the complaints in *Fidelity High Tech*

*Advisor A Fund, L.L.C. v. United States*, Nos. 06-40243 & 06-40244 (D. Mass.), it is already

apparent that this second set of tax shelter transactions is equally complex and will require

2098838.1

extensive discovery.  The tax shelter at issue in *Fidelity High Tech* while similar, did not follow

this same script as the FDIS transaction, and was instead referred to by the promoters as a "Stock

Dribble" tax shelter.  While the Egans appear to have purchased both tax shelters from the same

set of promoters and used both shelters to shelter their income from taxation, the means of

achieving that goal were not the same.

    As such, the consolidation of this case with *Fidelity High Tech Advisor A Fund, L.L.C. v.*

*United States*, Nos. 06-40243 & 06-40244 (D. Mass.) could be judicially economical given the

commonalities.  Nonetheless, the two sets of cases involve different tax shelter transactions.

Both of these transactions are intentionally complex, and obtaining a thorough understanding of

them– thorough enough to defend these  TEFRA adjustment actions – is time consuming.  Just as

with our document discovery in the instant litigation which is still ongoing, the United States

will want to conduct similar document discovery to determine the extent to which other similar

"Stock Dribble" transactions were marketed and implemented by its promoters. While it appears

that there may be a substantial overlap of witnesses, because both transactions appear to have

been promoted by the same set of 15 promoters, the United States must first take document

discovery in the Fidelity High Tech transaction before taking depositions.[1]  As such, while the

consolidation of the cases appears both appropriate and economical, if consolidated, the United

---

[1]The United States has sought some documents from non-parties relating to Fidelity High Tech, but only to the extent those documents relate to the transactions employed in this case. Most, if not all, documents necessary to defend the new case would not fall within that category of documents.  The United States has also sought documents relating to Fidelity High Tech from the Plaintiff.  The Plaintiff objected to all such requests and, "without waiving" its objections, provided a list of documents that "may be responsive" to those requests.  Furthermore, those discovery requests were made before the filing of the Fidelity High Tech case, and before the United States had an understanding of the nature of the underlying transaction.  As such, those requests were made to assist the United States in determining the similarities and differences between the transactions, not to prepare to defend a second, and at that time nonexistent, case.

States would require an additional six to seven months of discovery – from our current proposed discovery cut off date of November 16, 2007 – in the *Fidelity High Tech* litigation.  Accordingly, the United States opposes consolidation unless it can be assured that it will not impede its ability to conduct all necessary predicate factual discovery with respect to the so-called "Stock Dribble" transaction at issue in the *Fidelity High Tech* litigation.

Respectfully submitted this 19th day of December 2006.


MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail:  dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone:  (202) 307-6542
Facsimile:  (202) 514-5238
E-mail:  john.a.lindquist@usdoj.gov
         barry.e.reiferson@usdoj.gov

COUNSEL FOR DEFENDANT

/s/ David J. Curtin
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 800
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: dcurtin@mckeenelson.com
       rbuch@mckeenelson.com
       lamanti@mckeenelson.com

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone:  (508) 791-8500
Facsimile:  (508) 791-8502
Email:  jomirick@modl.com

COUNSEL FOR PLAINTIFF

2098838.1

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies

will be sent to those indicated as non registered participants on December 19, 2006.

/s/ John A. Lindquist
JOHN A. LINDQUIST D.C. Bar # 391819
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone:  (202) 307-6561
Facsimile: (202) 514-5238
E-mail: John.A.Lindquist@usdoj.gov

2098838.1