UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case Nos.: 05-40151-FDS<br>               06-40130-FDS |

**MEMORANDUM IN OPPOSITION TO
THIRD-PARTY REQUEST FOR TUTORIAL TRANSCRIPT**

By Order dated December 13, 2006, the Court afforded the parties an opportunity to raise any objections to a request by Proskauer Rose LLP ("Proskauer") for the informal transcript of the Tutorial presented by Plaintiff to the Court on November 20, 2006. Plaintiff's Tutorial was intended to be for the benefit of the Court and, under the terms of the Tutorial Order, is not part of the public record of this case. For these reasons, Plaintiff objects.

**Statement**

From the time of the March 10, 2006 Scheduling Conference in this matter, the Court repeatedly expressed an interest in receiving a "tutorial of any kind … to help me understand[] the issues in this case." (Tr. 39:16-18, Mar. 10, 2006.) Recognizing that making statements early in the litigation poses a risk for the parties, the Court suggested "some sort of use immunity." (Tr. 40:13-14, Mar. 10, 2006.) With the Court's prompting, the parties agreed on certain basic ground rules. (Tr. 39:4-5, May 11, 2006.) The product of those efforts was a

proposed Tutorial Order submitted jointly by the parties to the Court on October 3, 2006. The proposed Tutorial Order left open the issue of whether the tutorials would be transcribed.

The following day, the Court held a telephone conference with the parties concerning the proposed Tutorial Order, during which the Court and the parties discussed whether the tutorials would be transcribed. Neither party objected to transcription, however, both the parties and the Court acknowledged that the tutorials would not be part of the record.[1] Following the telephone conference, the Tutorial Order was entered without substantive modification, and Plaintiff's Tutorial was scheduled for November 20, 2006.

Plaintiff presented his Tutorial as scheduled, and afterward, a lawyer with the Proskauer firm, who apparently represents an interested non-party,[2] approached the court reporter to request a transcript of Plaintiff's Tutorial. Until this time, neither Plaintiff nor Plaintiff's counsel was aware that a representative of Proskauer was in attendance.

### **Argument**

The Court has discretion to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" under Fed. R. Civ. P. 26(c). The Court's October 4, 2006 Tutorial Order was a clear exercise of that discretion. The Tutorial Order directed the parties to present tutorials to the Court "regarding the issues involved in the case," but the disclosure of those presentations to third-parties was limited. Specifically, the Tutorial Order: (1) limited attendance at the tutorials to "presenters,

---

[1] Plaintiff's counsel stated that "while we say it will not be, you know, a matter of record, if the Court will, certainly an informal transcription for reference purposes would be appropriate." (Tr. 4:4-6, Oct. 4, 2006.) Similarly, Defendant acknowledged that "the tutorial will not be included in the record." (Tr. 4:14-15.) With the parties' agreement to transcription, the Court confirmed that "it's not going to be made part of the record." (Tr. 4:19-20.)

[2] In addition, both parties identified Proskauer in their initial disclosures as being in possession of discoverable information that may be used to support the parties' respective claims and defenses. Also, more than a month before Plaintiff's Tutorial, Defendant subpoenaed Proskauer for records both directly related to the transaction at issue and for records apparently related to Defendant's purported "pattern evidence" discovery effort.

consultants, potential expert witnesses, parties, and their representatives;" (2) protected the tutorial materials and the tutorial-preparation materials from discovery;[3] and (3) protected all tutorial materials from being introduced into evidence or made part of the docket or record of the case.[4] (Tutorial Order ¶¶ 5, 8-9.)

The limited question confronting the Court is whether Proskauer is entitled to the informal transcript of Plaintiff's Tutorial. Whether Proskauer should have attended Plaintiff's Tutorial is moot; Proskauer was not denied access to the courtroom.[5] The fact that Proskauer attended, however, does not give it a right to the transcript, nor does it mean the parties lost the protections of the Court's Tutorial Order.[6]

Proskauer does not have a common law right of access to the tutorial transcript. While there is a presumption at common law that the public should have access to judicial records, that right is not unfettered. *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). In cases considering the common law right, the First Circuit has defined judicial records as "materials on which a court relies in determining the litigants' substantive rights." *In re Boston Herald Inc.*,

---

[3] The Court excluded the presentations from discovery absent action by the presenting party to introduce its tutorial into the record.

[4] It follows logically that if the tutorial materials and presentations are excluded from the Court record, then any transcription of the presentation of tutorial materials would similarly be excluded. During a conference with both parties on the day the Tutorial Order was entered, the Court explicitly recognized that the transcription of the tutorial proceeding would not be included in the record of the case.

[5] At the status conference on December 22, 2006, the Court questioned whether *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) was applicable. (Tr. 30:14-18, Dec. 22, 2006.) *Richmond Newspapers* deals with the right of access to a criminal trial. Because (i) Proakauer was not denied access, (ii) this is a civil matter, and (iii) this is not a trial that determines substantive rights of the parties, *Richmond Newspapers* is not implicated.

[6] Indeed, Proskauer's request for a transcription of Plaintiff's Tutorial is, in substance, a request that the Court modify its Tutorial Order protecting the presentations from disclosure. As a procedural matter, Proskauer, which is not a party to this case, must formally intervene to have standing to make such a request. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-85 (1st Cir. 1988) (recognizing that a non-party lacks standing to seek modification of a protective order until granted intervenor status under Fed. R. Civ. P. 24). Though the Court in *Public Citizen* reached the non-party movant's substantive challenge despite its failure to follow the proper procedures under Fed. R. Civ. P. 24, the Court issued a clear warning that "future litigants should not attempt to use this opinion to circumvent the clear requirements of [Fed. R. Civ. P. 24]." *Id.* at 785.

321 F.3d 174, 189 (1st Cir. 2003). "Those documents which play no role in the adjudication process … lie beyond reach." *FTC v. Standard Fin. Mgmt.*, 830 F.3d 404, 408 (1st Cir. 1987) (citing *Anderson*, 805 F.2d at 13). Further, denial of the common law right is left to the sound discretion of the Court "to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

The tutorials requested by the Court were to present background information on investment and tax issues; they were not to argue the substantive legal issues or present evidence which form the basis of the parties' dispute. Tutorials made against this backdrop and excluded from evidence, the docket, and the record of the case clearly are not intended to be used to determine the litigants' substantive rights. The Court removed the tutorials from the adjudication process in order to edify itself on specific, important background issues. As such, the tutorials are not judicial records within the meaning of the common law right of access, and the request for a transcription of Plaintiff's Tutorial should be denied.

Lastly, to now effectively make the tutorials part of the public record would prejudice Plaintiff. Plaintiff's Tutorial was prepared and presented in reliance on the Tutorial Order and the Court's and the parties' understanding that the tutorials would not be part of the public record. Defendant has not as yet presented its tutorial. By now making the tutorials part of the public record, Defendant will be allowed to prepare its tutorial with the understanding that it would be public, giving it an advantage that Plaintiff did not have.

In light of the foregoing, Plaintiff respectfully requests that the Tutorial Order be applied and that non-party requests for access to tutorial transcripts or materials be denied.

Respectfully submitted this 2nd day of January 2007.

>PLAINTIFF
>FIDELITY INTERNATIONAL CURRENCY ADVISOR
>A FUND, L.L.C., by the Tax Matters Partner
>
>/s/ Lena Amanti
>David J. Curtin, D.C. Bar #281220
>Ronald L. Buch, Jr., D.C. Bar #450903
>Lena Amanti, D.C. Bar #490791
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 200
>Washington, D.C. 20036
>Telephone: (202) 775-1880
>Facsimile: (202) 775-8586
>Email: dcurtin@mckeenelson.com
>     rbuch@mckeenelson.com
>     lamanti@mckeenelson.com
>
>John O. Mirick, BBO #349240
>MIRICK, O'CONNELL, DEMALLIE
>& LOUGEE, LLP
>100 Front Street
>Worcester, MA 01608
>Telephone: (508) 791-8500
>Facsimile: (508) 791-8502
>Email: jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 2, 2007.

>/s/ Lena Amanti
>Lena Amanti, D.C. Bar #490791
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 200
>Washington, D.C. 20036
>Telephone: (202) 775-1880
>Facsimile: (202) 775-8586
>Email: lamanti@mckeenelson.com