UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 05-40151 |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**ASSENTED-TO MOTION AND MEMORANDUM
FOR ENTRY OF PROTECTIVE ORDER**

The defendant, the United States of America, with the assent of the Plaintiff and the subpoenaed entity, hereby moves pursuant to Federal Rules of Civil Procedure 26(c) and 45 for the entry of a protective order with respect to documents produced and to be produced by Grant Thornton LLP ("Grant Thornton"). A copy of the agreed-upon Protective Order is attached hereto, and has been signed by the parties.

The documents at issue are being produced by Grant Thornton pursuant to the United States' subpoena served upon it on October 17, 2006. The United States seeks the entry of a protective order to protect the privacy interests of other taxpayers who are not party to this litigation. While recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, the United States has agreed to the proposed order to ensure that the documents and materials produced are kept confidential during the discovery phase of this litigation.

2120238.11

      The United States, with the Plaintiff's and Grant Thornton's assent, respectfully requests the entry of the Protective Order in the form proposed.

Dated: January 3, 2007.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-6542
Facsimile:  (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
         barry.e.reiferson@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 3, 2007.

/s/ Barry E. Reiferson
Barry E. Reiferson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 05-40151<br><br>Judge Saylor |

## STIPULATED PROTECTIVE ORDER

By agreement of the parties, plaintiff Fidelity International Currency Advisor A Fund, L.L.C., by its tax matters partner, and defendant United States of America (together, "the Parties"), and Grant Thornton LLP ("Grant Thornton"), by and through their attorneys, and in order to protect certain information during the discovery phase of this litigation that non-party Grant Thornton may be required to produce during the course of this action while recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, it is hereby ORDERED that:

1.  All information, materials, and documents (whether in paper or electronic form) produced or furnished by Grant Thornton to either or both of the Parties in response to subpoenas issued in this case shall be deemed "Protected Information." The Parties and Grant Thornton understand and agree that publicly available documents produced by Grant Thornton in response to subpoenas in this case are not entitled to treatment as Protected Information pursuant to this Order.

034.2

2.	Protected Information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but otherwise shall not be publicly disclosed except as permitted by this Order.  Protected Information may be used in connection with the prosecution or defense of this action but not for any other pending or threatened civil litigation, nor any business or other purpose except as otherwise provided for in this Order.  This Order shall not restrict the transfer of Protected Information in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction.  Either Party may use Protected Information in other civil litigation involving the same or similar issues, but only with the written authorization of Grant Thornton or its counsel.

3.	Except as described herein (or by subsequent order of this Court), the Parties agree not to give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified by this Order.

4.	Access to Protected Information shall be restricted to:

(a).	This Court and its personnel;

(b).	Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff, and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

(c).	The Parties themselves;

(d).	Independent experts or consultants retained by counsel for the purpose of assisting

034.2

in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

(e). Any potential witness in this litigation identified in the Complaint, identified during discovery or by the Parties' witness lists, or planned to be called as a witness by a Party at deposition or during trial or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony. Individuals identified by this Paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation. Upon completion of their review, the Protected Information provided shall be returned to counsel for the Party that supplied it;

(f). Any mediators, arbitrators, or other outside parties and their staff enlisted by all parties to assist in the resolution of this matter;

(g). Outside or contracted litigation-support services, including commercial copying services;

(h). Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition, provided they agree by a statement on the record before the witness begins his or her deposition testimony that no such Protected Information and testimony related thereto revealed shall be disclosed by such reporter, transcriber or videographer except to the attorneys for each Party and any other person who is present while such testimony is being given, except that upon use of a deposition exhibit at trial, the exhibit becomes public information and is no longer Protected Information;

(i).     Employees of the Department of Justice and the Internal Revenue Service who are assigned to any pending criminal investigation or matter for their unrestricted use in such criminal investigation or matter.

5.     No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 4(d), 4(e), or 4(f) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto.

6.     The Parties and Grant Thornton agree that the inadvertent or unintentional disclosure by a party of Protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status. This paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

7.     Within ninety (90) days after the final conclusion of the Litigation, including all appeals, Plaintiffs will provide written certification to Grant Thornton that all originals and/or copies of all Protected Information (including both paper and electronic versions) in the possession of Plaintiffs, their counsel or other agents, have been either returned to Grant Thornton or destroyed.

8.     This Protective Order shall be effective immediately upon signature by counsel for either Party, and shall remain in effect after conclusion of this litigation, and the signing Parties agree that the Court may enforce the terms of this agreement and may disclose any Protected Information as part of a Court order or memorandum.

9.     This Stipulation may be executed by each Party separately.

10.    Promptly upon discovery, counsel for the Parties shall promptly report any breach of the provisions of this Protective Order to counsel for Grant Thornton. Upon discovery of any breach of this Protective Order, counsel for the breaching Party shall immediately take appropriate

action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Protective Order.  The Parties shall reasonably cooperate in determining the existence of any such breach and whether there is reason to report the breach to the Court.


IT IS SO ORDERED this _____ day of _____, _____.


_____
F. Dennis Saylor, IV
U.S. District Court

| FOR DEFENDANT, UNITED STATES OF AMERICA | FOR PLAINTIFF, FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., BY ITS TAX MATTERS PARTNER |
|---|---|
| /s/ Dennis M. Donohue<br>DENNIS M. DONOHUE<br>SENIOR LITIGATION COUNSEL<br>OFFICE OF CIVIL LITIGATION<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 403, Ben Franklin Station<br>Washington, D.C.  20044<br>Telephone: (202) 307-6492<br>Facsimile: (202) 307-2504<br>E-mail: dennis.donohue@usdoj.gov<br><br>JOHN A. LINDQUIST<br>BARRY E. REIFERSON<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>P.O. Box 55, Ben Franklin Station<br>Washington, D.C.  20044-0055<br>Telephone: (202) 307-6542<br>Facsimile:  (202) 514-5238<br>E-mail: john.a.lindquist@usdoj.gov<br>            barry.e.reiferson@usdoj.gov | /s/ David J. Curtin<br>David J. Curtin, D.C. Bar #281220<br>Ronald L. Buch, Jr., D.C. Bar #450903<br>Lena Amanti, D.C. Bar #490791<br>MCKEE NELSON LLP<br>1919 M Street, N.W., Suite 800<br>Washington, D.C. 20036<br>Telephone:  (202) 775-1880<br>Facsimile:  (202) 775-8586<br>Email: dcurtin@mckeenelson.com<br>            rbuch@mckeenelson.com<br>            lamanti@mckeenelson.com |

034.2

**ACKNOWLEDGMENT**

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *Fidelity International Currency Advisor A Fund, L.L.C., by the Tax Matters Partner v. United States of America, Civ. A. No. 05-40151*, has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

_____

Print name: _____

Address: _____

_____

_____

Date signed: _____

034.2