UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., BY THE TAX MATTERS PARTNER,<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT. | CASE NOS.: 05-40151-FDS<br>06-40130-FDS |

**UNITED STATES OF AMERICA'S MEMORANDUM
IN OPPOSITION TO THIRD-PARTY REQUEST FOR TUTORIAL TRANSCRIPT**

The United States joins the plaintiff in opposing any third-party request, including Proskauer Rose's request, for a transcript of a tutorial in this case. The tutorials are for the benefit of the Court and are not evidence nor part of the record in this case. As such, any transcript of the tutorials should not be disseminated to the public.

**STATEMENT**

The Court, having recognized the complexity of the issues in this case, invited the parties to present a tutorial. That tutorial was to be aimed at educating the Court, before the close of discovery, on the nature of the transactions engaged in and the issues implicated in this case. As the Court stated when extending the invitation, the tutorials were to educate the Court ". . . about the issues involved in this case, . . . as to how this shelter worked, or was supposed to work, why

2133258.1

the government says it was abusive, what the hedging strategies were, or were supposed to be, [and] what the tax treatment is, or was supposed to be." (Mar. 10, 2006 Tr. at 6:15.) As stated by the plaintiff in its opposition, the Court appropriately recognized that tutorials early in litigation pose a risk for the parties, and therefore suggested "some sort of use immunity." (Mar 10, 2006 Tr. at 40:13.) Specifically, the Court stated that it would not "hold [the parties] to [their tutorial] statements. . . ." (Mar 10, 2006 Tr. at 40:14.) Instead, the Court acknowledged that the parties would not have the benefit of full discovery before presenting their tutorials, and, as such, the parties should not "be too technical in terms of precisely how relevant something is. . .," but rather present "what [they] think happened here." (Mar 10, 2006 Tr. at 40:15.) The parties recognized the opportunity to educate the Court on the complex facts and issues involved in the case. However, the parties, as did the Court, recognized the potential risks. To mitigate those risks, the parties conferred to establish ground rules and then proposed a governing order.

On October 4, 2006, the Court entered the parties' proposed tutorial order. That Order mandated that "Attendance at the tutorials [would] be limited to presenters, consultants, potential expert witnesses, parties, and their representatives." (Tut. Ord. at ¶ 5.) Proskauer Rose did not move for relief of any kind. Instead, it attended the plaintiff's tutorial, contrary to the Order.[1] Proskauer Rose then requested a copy of the transcript of the plaintiff's tutorial presentation.

---

[1] The United States was unaware of Proskauer Rose's attendance until issuance of the Court's December 13, 2006 ORDER ON THIRD-PARTY REQUEST FOR TUTORIAL TRANSCRIPT.

# ARGUMENT

## BECAUSE PROSKAUER ROSE VIOLATED THE COURT'S TUTORIAL ORDER AND FAILED TO TIMELY AND PROPERLY INTERVENE REQUESTING A MODIFICATION OF THAT ORDER, ITS REQUEST FOR THE TUTORIAL TRANSCRIPT SHOULD BE DENIED

Proskauer Rose should not have attended the plaintiff's tutorial presentation. Its error should not be compounded by or rewarded with receipt of the transcript of that tutorial presentation. Proskauer Rose was presumably aware of the Court's Order, which was entered on the docket. In fact, it was entered on the docket (on October 4, 2006) only two days before the plaintiff's tutorial date was entered (on October 6, 2006) and more than six weeks before the plaintiff's presentation.[2]

The proper procedural route for Proskauer Rose to have taken would have been a motion to intervene under Federal Rule of Civil Procedure 24(b) ("Rule 24(b)") for the purpose of moving to modify the Tutorial Order. See *United States ex rel. Franklin v. Parke-Davis*, 210 F.R.D. 257, 258 (D. Mass. 2002)(citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 787 (1st Cir. 1988)). Proskauer Rose has made no such motion, and its request should not be considered until it has done so. Of course, any such motion now would be untimely.

The First Circuit has adopted a four-factor test to determine if a motion to intervene is timely. Proskauer Rose cannot meet that test. The factors are as follows:

> the length of time the would-be intervenor knew or reasonably should have known that its interest was imperilled before it moved to intervene; the foreseeable

---

[2]The United States does not know how Proskauer Rose became aware of the tutorial date. It assumes, however, that Proskauer Rose, which was the recipient of a subpoena *duces tecum* served by the United States on October 19, 2006, reviewed the docket entry setting the date. If so, Proskauer Rose should also have reviewed the Tutorial Order. Both the tutorial date and the Tutorial Order were entered on the docket before October 19.

>prejudice to the existing parties if intervention is granted; the prejudice to the would-be intervenor if intervention is denied; and exceptional circumstances which may militate against or in favor of allowing late intervention.

*Navieros Inter-Americanos, S.A. v. M/V Vasilia Express*, 120 F.3d 304, 321-322 (1st Cir. 1997). Proskauer Rose knew or reasonably should have known of the Tutorial Order since it was entered more than six weeks before the presentation of the plaintiff's tutorial. It's failure to timely move to intervene prejudices the parties who sought to protect themselves by proposing the Tutorial Order. Rather than move to intervene or even announce its presence at the tutorial, Proskauer Rose sat silently. Announcement of its presence or the filing a motion to intervene would have allowed the plaintiff and the United States an opportunity to object, and would have given the Court the opportunity to enforce its Order. Proskauer Rose, on the other hand, would suffer no prejudice at all if it is not allowed to intervene. At most, it would be denied further access to materials that are not evidence and not intended to be part of the public record. The United States is aware of no exceptional circumstance that would militate in favor of Proskauer Rose's late intervention. But, Proskauer Rose's unclean hands should certainly militate against this late intervention.

The United States agrees with the plaintiff that third parties, including Proskauer Rose, have no legal right to the tutorial transcript. As the Court noted in its December 13 Order, the presumption of access to judicial records and proceedings "is not absolute." Furthermore, the tutorial transcript does not fit into the First Circuit's definition of "judicial records." *United States v. Connolly (In re Boston Herald, Inc.)*, 321 F.3d 174, 189 (1st. Cir. 2003). By order, the tutorial materials were "not be considered to be evidence," were not "subject to the rules of evidence," were not to be "included in the record of the case," and were not to "be recorded on

the docket." (Tutorial Order at ¶ 8.) As the Supreme Court held, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications*, 435 U.S. 589, 598 (U.S. 1978). Where, as here, Proskauer Rose and its "interested non-party client," (Order on Third-Party Request at 2), seek a transcript of an off-the-record presentation designed solely to educate the Court, the potential for improper use is clear. There can be no appropriate use of the tutorial transcript by this third party. The tutorial is not evidence and is at most a preliminary statement of the plaintiff's views of the facts and issues before the close of discovery.

2133258.1

## CONCLUSION

Because Proskauer Rose has not moved to intervene, can no longer timely move to intervene, failed to seek any modification of the Tutorial Order, attended the plaintiff's tutorial without notification and contrary to the Tutorial Order, and has no right to obtain the transcript, its request should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6542
Facsimile: (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
        barry.e.reiferson@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants and to Dewey Ballantine as counsel to Proskauer Rose on January 3, 2007.

/s/ Barry E. Reiferson
Barry E. Reiferson

2133258.1