UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, ) ) ) ) | |
| Plaintiff, ) ) | Case No.: 05-40151-FDS |
| v. ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) ) | |

## BDO SEIDMAN LLP's MOTION FOR ENTRY OF A SUPERSEDING PROTECTIVE ORDER

BDO Seidman LLP ("BDO") moves this Court, pursuant to Rules 26(c) and 45[1], for the entry of a Superseding Protective Order with respect to tax returns to be produced by BDO in response to the subpoena served by defendant United States of America (the "United States") on non-party BDO on October 3, 2006 (the "Subpoena"). The Subpoena calls for, among other things, the production of tax returns of certain BDO clients, who are not parties to the underlying refund litigation and whose tax returns are not at issue in this case. BDO, simultaneously with the filing of this Motion, is also filing a Motion for entry of a Protective Order that would apply to documents other than tax returns so that BDO may begin production of those documents pending a resolution of this Motion.

To be clear, there is no remaining dispute between BDO and either of the Parties regarding the scope of the Subpoena. Similarly, there is no remaining dispute between BDO and either of the Parties regarding the terms of the Protective Order applicable to documents other than tax returns. The sole remaining dispute between the United States and BDO concerns

---

[1] All Rule references are to the Federal Rules of Civil Procedure, unless otherwise indicated

whether the Protective Order (which BDO is simultaneously moving this Court to enter) should be modified to afford additional protection to tax returns, thereby ensuring that, in the event either of the Parties wishes to introduce a tax return at trial, BDO may move this Court for an additional Protective Order. It is BDO's view that the Protective Order does not adequately protect tax returns from unwarranted public disclosure.

As set forth in the accompanying Memorandum in Support, this Court may enter a protective order to prevent the public disclosure of tax returns and the information contained therein. The tax returns in question are returns of BDO clients who had no direct or indirect involvement in the transactions at issue in this case and whose tax returns are not at issue. The relief sought by BDO will not diminish the Parties' ability to utilize the tax returns during the discovery phase of this case.

As required by Rule 26(c) and Local Rules 7.1 and 37.1, counsel for BDO has annexed a Certification, which certifies that counsel for BDO has conferred with counsel for the United States and has attempted, in good faith, to resolve the dispute concerning the entry of the Proposed Superseding Protective Order, and the Memorandum in Support sets forth particular steps taken by counsel in an attempt to resolve this dispute.

Accordingly, BDO respectfully requests that the Court: grant BDO's Motion for Entry of a Superseding Protective Order; enter the form of the Proposed Superseding Protective Order annexed to this Motion; and grant any further relief that the Court deems necessary.

## REQUEST FOR ORAL ARGUMENT

BDO respectfully requests, in accordance with Local Rule 7.1(d), that the Court hear oral argument on this Motion because BDO believes that oral argument may assist the Court and BDO wishes to be heard.

Dated this 6th day of February, 2007.

                                          Respectfully submitted,

                                          /s/ Ellis L. Reemer
Ellis L. Reemer
Admitted Pro Hac Vice
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4500
Facsimile: 212-335-4501
Email: ellis.reemer@dlapiper.com

/s/ Diana L. Erbsen
Diana L. Erbsen
Admitted Pro Hac Vice
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4500
Facsimile: 212-335-4501
Email: diana.erbsen@dlapiper.com

/s/ Frank J. Jackson
Frank J. Jackson
BBO No. 642123
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4500
Facsimile: 212-335-4501
Email: frank.jackson@dlapiper.com

*Attorneys for BDO Seidman, LLP*

**Certificate of Compliance with Federal and Local Rules**

I hereby certify, pursuant to Rules 26(c) and 45 of the Federal Rules of Civil Procedure and Local Rules 7.1(a)(2) and 37.1, that counsel for movant has in good faith conferred with counsel for the United States in an attempt to resolve the dispute without court action and to narrow the issues.

/s/ Ellis L. Reemer
Ellis L. Reemer
Admitted Pro Hac Vice
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4500
Facsimile: 212-335-4501
Email: ellis.reemer@dlapiper.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 6, 2007.

/s/ Ellis L. Reemer
Ellis L. Reemer
Admitted Pro Hac Vice
DLA PIPER US LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-335-4500
Facsimile: 212-335-4501
Email: ellis.reemer@dlapiper.com

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
FIDELITY INTERNATIONAL CURRENCY    )
ADVISOR A FUND, L.L.C., by the Tax Matters )
Partner,                            )
                                    )
        Plaintiff,              )    Case No.: 05-40151-FDS
                                    )
        v.                       )    Judge Saylor
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Defendant.               )
_____)

**PROPOSED SUPERSEDING PROTECTIVE ORDER**

Upon issuance of a Rule 45 subpoena dated October 3, 2006, to BDO Seidman LLP ("BDO") by the defendant United States of America ("Defendant"), in order to protect certain information during the discovery phase of this litigation that non-party BDO may be required to produce to Defendant and to plaintiff Fidelity International Currency Advisor A Fund, L.L.C. ("Plaintiff" and together with Defendant, "the Parties" or "both Parties") during the course of this action while recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, it is hereby ORDERED that:

1.    All information, materials, and documents (whether in paper or electronic form) produced or furnished by BDO to either or both of the Parties in response to subpoenas issued in this case shall be deemed "Protected Information." The Parties and BDO understand and agree that documents produced by BDO in response to subpoenas in this case, and that are otherwise publicly available, are not entitled to treatment as Protected Information pursuant to this Order. Protected Information includes "Tax Returns," which shall mean all federal, state or local tax returns (or portions thereof) of persons or entities that are produced by BDO in connection with

this matter, as well as any schedules and attachments thereto and any information therein. To the extent information contained in Tax Returns is extracted and placed in a summary exhibit that does not identify any individual or entity by name, social security number or otherwise or to the extent that any and all such identifying information is redacted, a Tax Return will be treated as Protected Information but not as a Tax Return for purposes of Paragraph 2 below.

2. (a) Protected Information and Tax Returns shall not be publicly disclosed except as permitted by this Order. Protected Information and Tax Returns may be used in any and all discovery proceedings in this case, including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, provided that Tax Returns are not disclosed to persons other than those identified in Paragraph 4. All pages of any request for admission, deposition, interrogatory, discovery motion, transcript and any related exhibits concerning such Tax Returns must be treated as Protected Information pursuant to this Order and must be marked with a conspicuous, appropriate legend. Any Tax Return filed with the Court is to be maintained by the Court under seal. If either Party intends to introduce a Tax Return at trial, BDO will be notified not later than the date that exhibit lists are exchanged between the Parties so as to permit BDO and/or the affected taxpayers to move the Court for an additional protective order; (b) Protected Information may be used in connection with the prosecution or defense of this action but not for any other pending or threatened civil litigation, nor any business or other purpose except as otherwise provided for in this Order; (c) This Order shall not restrict the transfer of Protected Information, except Tax Returns, in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction; and (d) The United States of America may use Protected Information in other civil litigation involving the same or similar issues, but only with the written authorization of BDO or its counsel.

3.  Except as described herein (or by subsequent order of this Court), the Parties and those persons identified in Paragraphs 4(b), 4(d), 4(e), 4(f), 4(g), and 4(h) may not give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified in Paragraph 4.

4.  Access to Protected Information shall be restricted to:

    (a)  This Court and its personnel;

    (b)  Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff, and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

    (c)  The Parties themselves;

    (d)  Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

    (e)  Any potential witness in this litigation identified in the Complaint, identified during discovery or by the Parties' witness lists, or planned to be called as a witness by a Party at deposition or during trial or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony.  Individuals identified by this Paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony. Upon completion of

their review, the Protected Information provided shall be returned to counsel for the party that supplied it;

      (f)      Any mediators, arbitrators, or other outside parties and their staff enlisted by all parties to assist in the resolution of this matter;

      (g)      Outside or contracted litigation-support services, including commercial copying services;

      (h)      Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition, provided they agree by a statement on the record before the witness begins his or her deposition testimony that no such Protected Information and testimony related thereto revealed shall be disclosed by such reporter, transcriber or videographer except to the attorneys for each party and any other person who is present while such testimony is being given, except that upon use of a deposition exhibit at trial, the exhibit becomes public information and is no longer Protected Information, except to the extent that the Court orders that a Tax Return continues to be treated as Protected Information; and

      (i)      Employees of the Department of Justice and the Internal Revenue Service who are assigned to any pending criminal investigation or matter for their unrestricted use in such criminal investigation or matter.

5.      No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 4(d), 4(e), 4(f) and 4(g) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto.

6. The Parties and BDO agree that the inadvertent or unintentional disclosure by a party of Protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status. This Paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

7. Within ninety (90) days after the final conclusion of the Litigation, including all appeals, Plaintiff will provide written certification to BDO that all originals and/or copies of all Protected Information (including both paper and electronic versions) in the possession of Plaintiff, its counsel or other agents, have been either returned to BDO or destroyed.

8. This Superseding Protective Order shall be effective immediately upon order of this Court and shall remain in effect after conclusion of this litigation and the Court may enforce the terms of this Order and may disclose any Protected Information, other than Tax Returns, as part of a Court order or memorandum.

9. Counsel for the Parties shall promptly report any breach of the provisions of this Superseding Protective Order to counsel for BDO. Upon discovery of any breach of this Superseding Protective Order, counsel for the breaching party shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Superseding Protective Order. The Parties shall reasonably cooperate in determining the existence of any such breach and whether there is reason to report the breach to the Court.

IT IS SO ORDERED this      day of           , 2007.

_____
F. Dennis Saylor, IV
U.S. District Court

## **ACKNOWLEDGMENT**

The undersigned has been provided with a copy of the foregoing Superseding Protective Order entered in the case captioned *Fidelity International Currency Advisor A Fund, L.L.C., by the Tax Matters Partner v. United States of America*, Civ. A. No. 05-40151, has had an opportunity to review the Superseding Protective Order; and is fully familiar with all of the terms of the Superseding Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Superseding Protective Order.

_____

Print name: _____

Address: _____

_____

_____

Date signed: _____