# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Case No.: 05-40151-FDS<br>06-40130-FDS<br><br>**Leave to File Granted on March 5, 2007** |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND MEANINGFUL ANSWERS TO INTERROGATORIES**

FIDELITY INTERNATIONAL CURRENCY ADVISOR
A FUND, L.L.C., by the Tax Matters Partner, Plaintiff

David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone: (202) 775-1880
Facsimile: (202) 775-8586
Email: dcurtin@mckeenelson.com
        rbuch@mckeenelson.com
        lamanti@mckeenelson.com

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone: (508) 791-8500
Facsimile: (508) 791-8502
Email: jomirick@mirickoconnell.com

# TABLE OF CONTENTS

BACKGROUND ................................................................................................................ 4

ARGUMENT ................................................................................................................... 7

I.    The Court Should Compel the Government to Provide Information and Documents
      Regarding the IRS's Notice 2000-44 Determination ............................................ 7

      A.    Documents and Information Concerning the IRS's Notice 2000-44
            Determination Are Relevant ....................................................................... 8

      B.    The Government Has Failed to Properly Invoke the Deliberative Process
            Privilege ..................................................................................................... 11

      C.    Documents on the Government's Privilege Log Are Not Protected by the
            Deliberative Process Privilege .................................................................. 13

II.   The Court Should Compel the Government to Produce Documents Maintained by
      the IRS in Connection with *Helmer* .................................................................. 14

III.  The Court Should Compel the Government to Produce Documents Regarding
      Whether KPMG was Required to Register Any Tax Strategy and the Tax
      Treatment, Economic Substance, or Reporting Requirements of Any Tax Strategy ....... 16

      A.    Documents Concerning the Views of the IRS and Views Solicited by the
            IRS Regarding Tax Strategies Are Relevant ............................................. 17

      B.    The Government Failed to Describe Privileged Documents with Sufficient
            Particularity to Comply with Federal Rule of Civil Procedure 26(b)(5) ............. 18

      C.    Responsive Documents Can Be Produced Under an Exception to Section
            6103 or in Redacted Form .......................................................................... 20

            1.    Responsive Documents Can Be Produced Under an Exception
                  to Section 6103 ................................................................................ 20

            2.    Responsive Documents Can Be Produced in Redacted Form .................. 23

      D.    Responsive Documents Can Be Produced Because the Deliberative Process
            Has Not Been Properly Invoked and Has Been Waived ..................................... 23

IV.   The Court Should Compel the Government to Provide Information and Produce
      Documents Supporting the Purported Factual Determinations Stated by the
      Government on the Record ...................................................................................... 25

      A.    Facts Sought By Interrogatories Are Not Subject to the Work-Product
            Doctrine ....................................................................................................... 25

i

B.      The Third-Party Documents Supporting the Government's Purported Factual Determinations Are Not Protected by the Work-Product Doctrine ......... 27

C.      The Government Has Waived Work-Product Protection for Documents Supporting the Government's Purported Factual Determinations........................ 28

D.      The Government Cannot Direct FICA A Fund to Produced Documents in Response to FICA A Fund's Interrogatories ......................................................... 29

V.     The Government Should be Compelled to Produce Documents Relating to Over 200 Other Taxpayers Because the Documents Can Be Produced Under an Exception to Section 6103 ................................................................................................. 30

VI.    If the Court Does Not Compel the Government to Produce Documents Relating to Over 200 Other Taxpayers, the Court Should Preclude the Government from Introducing Evidence Concerning the Other Taxpayers Under Federal Rule of Evidence 403................................................................................................................. 34

A.      The Government's Pattern Evidence Is Not Relevant ......................................... 35

B.      Pattern Evidence Should Be Excluded Because Its Probative Value Is Outweighed by the Danger of Unfair Prejudice ...................................................... 36

1.      The Incomplete Production of Documents Regarding the Unrelated Taxpayers is Prejudicial............................................................................ 36

2.      Using Evidence Regarding Unrelated Taxpayers to Infer FICA A Fund's Intent Is Prejudicial ................................................................. 37

C.      Pattern Evidence Should Be Excluded Because Its Development Would Further Waste Time ...................................................................................................... 39

CONCLUSION.................................................................................................................... 40

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:  05-40151-FDS<br>06-40130-FDS |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) ) | |

# MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL PRODUCTION
## OF DOCUMENTS AND MEANINGFUL ANSWERS TO INTERROGATORIES

Plaintiff, the tax matters partner of Fidelity International Currency Advisor A Fund,

L.L.C. ("FICA A Fund"), moves this Court, pursuant to Rules 26(b)(5), 33, 34, and 37(a) of the

Federal Rules of Civil Procedure and Local Rule 37.1, to issue an order compelling the

Government to produce documents and a privilege log in response to FICA A Fund's Requests

for Production, and compelling the Government to provide meaningful responses to FICA A

Fund's Interrogatories.  FICA A Fund has served sixty-six requests for production on the

Government during the course of discovery (fifteen of which are currently pending) and twenty-

two interrogatories.  The Government has failed to produce or identify *any* documents on a

privilege log in response to sixteen of those requests.  Instead, the Government has either

asserted broad claims of privilege or objected on the grounds of relevance.  Notwithstanding the

Government's failure to provide an adequate response to many of FICA A Fund's discovery

requests, FICA A Fund has limited the scope of this Motion to the information or documents that are critical to the development of FICA A Fund's case. In particular, FICA A Fund asks the Court to compel the Government to:

1.      Provide information and produce documents relating to the Internal Revenue Service's ("IRS") determination that the transaction in this case is the same as or substantially similar to a transaction described in IRS Notice 2000-44, 2000-2 C.B. 255. (Ex. A at 5, Interrogatory No. 3; Ex. B at 8, Request for Production No. 15.)[1]

2.      Produce documents maintained by the IRS in connection with *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975), including documents that have been produced by the Government in other proceedings. (Ex. B at 12, Request for Production No. 21.)

3.      Produce or identify documents in the possession of the Government (including the IRS) concerning whether KPMG was required to register any Tax Strategy and the tax treatment, economic substance, or reporting requirements of any Tax Strategy.[2] (Ex. C at 3-4, Requests for Production Nos. 31 and 32.)

4.      Provide information and produce documents supporting the purported factual determinations stated by the Government on the record at the November 14, 2006 status conference. (Ex. D, Interrogatories Nos. 15-22; Ex. E, Requests for Production Nos. 44-51.)

---

[1] An enumerated "Request for Production" references FICA A Fund's Requests for Production, an enumerated "Interrogatory" references FICA A Fund's Interrogatories. Rather than attach each of FICA A Fund's sets of requests for production and interrogatories as exhibits, FICA A Fund attaches the Government's responses, which include FICA A Fund's requests and interrogatories. When references are made to exhibits, the reference is to the set of requests for production or interrogatories that include the specific request or interrogatory at issue.

[2] Tax Strategy is defined in Plaintiff's Third Set of Requests for Production as "BLIPS (or Bond Linked Issue Premium Structure), FDIS [Financial Derivatives Investment Strategy], FOCUS [Family Office Customized Partnerships], and SOS [Short Option Strategy], either generally as a non-taxpayer specific strategy, or as a strategy engaged in by a specific taxpayer." This term and its definition was developed from subpoenas and discovery demands issued by the Government.

5.      Produce documents relating to the over 200 unrelated individuals or entities listed in Appendix A to subpoenas issued by the Government to various law firms, accounting firms, and others.  (Ex. B at 6, Request for Production No. 10; Ex. F, Request for Production No. 43.) In the alternative, FICA A Fund asks the Court to preclude the Government from introducing evidence relating to the over 200 other taxpayers under Federal Rule of Evidence 403.

The parties have conferred twice and exchanged more than a dozen letters prior to submitting this Motion in an attempt to resolve or narrow the areas of dispute.  On September 20, 2006, the parties conferred to discuss, *inter alia*, deficiencies in the Government's responses to FICA A Fund's discovery requests.  As a result of that conference the Government produced approximately 275 IRS documents,[3] but many issues remained unresolved.  FICA A Fund's counsel then sent the Government letters on November 29, 2006, December 15, 2006, and December 28, 2006 to specifically identify the requests and interrogatories for which FICA A Fund deemed the Government's responses to be inadequate and the reasons the Government's responses were inadequate.  (Exs. G, H, and I, respectively.)  On January 10, 2007, the Government sent a letter to FICA A Fund setting forth its position with respect to the issues raised in FICA A Fund's letters, and promising to produce additional documents in response to some of the issues FICA A Fund had raised.[4]  (Ex. J.)  The Government's letter made clear that the parties fundamentally disagree on the issues raised in this Motion.[5]  Despite this clarity,

---

[3] Almost all of the produced documents were responsive to Request for Production No. 19, a request that is not at issue in this Motion.

[4] On February 21, 2007 the Government sent a letter to FICA A Fund (Ex. K) with an updated privilege log (Ex. L) and approximately 450 documents from IRS files, some of which were responsive to Plaintiff's First Set of Requests for Production, which was served on March 28, 2006.

[5] In the transmittal letter accompanying the February 21, 2007 production, the Government reiterated its position with respect to the interrogatories and requests.  (Ex. K.)

FICA A Fund and the Government conferred one additional time in an attempt to resolve discovery issues and narrow the areas of dispute.

The parties conferred, pursuant to Local Rule 37.1(a) on February 27, 2007.[6]  The parties were unable to resolve their differences and, therefore, FICA A Fund must seek relief by this Motion.  As stated in its Motion, FICA A Fund respectfully requests that the Court hear oral argument on this Motion.

## BACKGROUND

The Government's responses to Interrogatories Nos. 3 and 15-22 and Requests for Production Nos. 10, 15, 21, 31, 32, 43, and 44-55 form the basis of this Motion.[7]  On July 7, 2006, FICA A Fund served discovery requests that included Interrogatory No. 3 and Requests for Production Nos. 10, 15, and 21 on the Government.  The Government responded to these discovery requests on August 10, 2006.  (Exs. A at 5-7 and B at 6, 8, 12 respectively.)  The Government objected to Interrogatory No. 3, which asked the Government to set forth the basis of the IRS's assertion that this case involves a transaction that is substantially similar to a transaction described in Notice 2000-44, claiming the information sought was irrelevant.  In response to Request for Production No. 10, which requested documents collected, created, or maintained by the IRS relating to individuals and entities about which the Government sought information through subpoenas to third parties, the Government objected on the grounds of 26

---

[6] At the February 27, 2007 meeting, FICA A Fund was represented by Ronald L. Buch, Jr., Lena Amanti, and Michelle A. Abroms and the Government was represented by John A. Lindquist, Barry E. Reiferson, and Heather L. Richtarcsik.  The parties met in person beginning at approximately 3:30 p.m. for approximately twenty-five minutes.  At the conference, Mr. Lindquist expressed the desire to arrange another conference so that the Government's lead counsel, Dennis M. Donohue, could attend.  Mr. Donohue was unavailable for a conference until March 6, 2007.  Because the parties have been attempting to resolve discovery disputes for over five months, exchanging numerous letters and conferring twice, and it is clear that the parties are at an impasse, FICA A Fund has satisfied its obligation under Local Rule 37.1(a).  FICA A Fund sent a letter to the Government explaining FICA A Fund's position on March 2, 2007 and informing the Government that it would file a motion to compel by the end of the day.  (Ex. M.)

[7] Exhibit N lists each disputed discovery request and each party's position with respect to each disputed request.  Exhibit O is a chronology of discovery events set forth in this Motion.

U.S.C. § 6103 protections, and stated that all non-privileged documents were previously produced.  In response to Request for Production No. 15, which sought documents underlying the IRS's determination that this case involves a transaction that is substantially similar to a transaction described in Notice 2000-44, the Government objected on the grounds that the requested documents were not relevant, and further represented that it had, "in any case, attempted to produce everything in the administrative file to the extent not privileged."  (Ex. B at 8.)  In response to Request for Production No. 21, which sought materials relating to *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975), the Government asserted that the materials sought are not relevant and that the request is "vague, ambiguous, and overly broad."  (Ex. B at 12.)

FICA A Fund served discovery requests that included Requests for Production Nos. 31 and 32, which requested documents regarding whether KPMG was required to register any Tax Strategy and the tax treatment, economic substance, or reporting requirements of any Tax Strategy, on September 29, 2006.  The Government responded on November 6, 2006.  (Ex. C at 3-4.)  In response to the discovery requests, the Government produced approximately 970 documents that it had determined were excepted under 26 U.S.C. § 6103(h)(4).  The Government objected to Requests for Production Nos. 31 and 32 on the grounds of relevancy, 26 U.S.C. § 6103 protections, and that such documents are "inherently deliberative in nature." (Ex. C at 3-4.)

On November 8, 2006, FICA A Fund served Request for Production No. 43 seeking all documents collected, created, or maintained by the IRS relating to the individuals and entities listed on the Government's own Appendix A attached to multiple subpoenas issued by the Government.  The Government responded with objections on December 15, 2006 (Ex. F) and failed to produce or identify a single document on a privilege log.  The Government asserted

5

objections on the grounds of relevancy, burdensomeness, and 26 U.S.C. § 6103 protections, claimed that all non-privileged documents had been produced, and claimed that all privileged documents had been listed on the prior privilege log.

Finally, on November 21, 2006, FICA A Fund served discovery requests that included Interrogatories Nos. 15-22 and Requests for Production Nos. 44-51 seeking information and documents supporting purported factual determinations stated by the Government on the record at the November 14, 2006 status conference.  The Government responded on December 22, 2006 and once again failed to provide meaningful answers to any interrogatories and failed to produce or identify any documents on a privilege log.  (Exs. D and E, respectively.)  Instead, the Government objected on the grounds that the requests were unduly burdensome, and that all responsive materials were protected from disclosure by the work-product doctrine.

The issues for the Court to decide are whether the Government has complied with its discovery obligations under the Federal Rules, including its obligations to identify privileged documents on a privilege log and to provide meaningful answers to interrogatories.  To the extent the Government has made broad, unsupported assertions of privileges or protections, any potentially applicable privilege has not properly been invoked and the Government has waived those privileges or protections.  Even if properly invoked, an issue for the Court is whether the withheld documents are in fact protected by the asserted privileges or protections and whether those documents may nonetheless be produced under an exception to the privilege or protection.  Finally, to the extent the Government has withheld documents on the grounds that they are not relevant, an issue for the Court is whether the discovery sought by FICA A Fund is relevant for the purpose of discovery under the Federal Rules.

**ARGUMENT**

"'[M]odern instruments of discovery serve a useful purpose . . . .  They . . . make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the *fullest practicable extent*.'"  *Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1998) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)); *see also* Memorandum and Order at 8, *Saint-Gobain Performance Plastics Corp. v. Advanced Flexible Composites*, No. 05-40226 (D. Mass. Oct. 17, 2006) (quoting the same language).  The Federal Rules of Civil Procedure allow discovery of any matter "relevant to the claim or defense of any party,"  Fed. R. Civ. P. 26(b)(1), and provide interrogatories and requests for production as tools to obtain relevant information from an opposing party.  Fed. R. Civ. P. 33, 34.  If the opposing party fails to answer an interrogatory, fails to respond to a request for production, fails to permit the requesting party to review the requested documents for whatever reason, or responds to a request in an evasive or incomplete manner, and the requesting party has tried and failed to negotiate a resolution to the dispute, the Federal Rules of Civil Procedure permit the requesting party to move the court to compel discovery.  Fed. R. Civ. P. 37(a); *see also* Local Rule 37.1.  Trial courts have discretion in deciding whether to compel discovery.  *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) ("[A] motion to compel discovery is committed to the discretion of the trial court.").

I.    **The Court Should Compel the Government to Provide Information and Documents Regarding the IRS's Notice 2000-44 Determination**

The Government's relevancy objection and assertion of the deliberative process privilege as a basis for withholding information concerning the IRS's determination that the transaction in this case is the same as or substantially similar to Notice 2000-44 are unjustified.  In Interrogatory No. 3 and Request for Production No. 15, FICA A Fund asked the Government to

7

set forth the basis for the IRS's determination that "this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44," and requested documents underlying that determination.  The Government responded that the information and documents sought are not "relevant or likely to lead to the discovery of admissible evidence." (Exs. A at 5 and B at 8, respectively.)[8]   The Government also stated that it has  "sought to produce all responsive documents not subject to privilege."  (Ex. K at 7.)  The Government claimed that some of the responsive documents are protected from disclosure by the deliberative process privilege and listed them on a privilege log.  (Ex. L (listing the following responsive documents:  1IRS1435-1IRS1439, 1IRS1489-91, 13IRS00548-51).[9])  As expressed to the Government on several occasions, FICA A Fund continues to believe that the documents sought are relevant, the Government is improperly asserting the deliberative process privilege, and the documents are not protected by the deliberative process privilege.

### A.    Documents and Information Concerning the IRS's Notice 2000-44 Determination Are Relevant

The Government's assertion that documents and information concerning the IRS's Notice 2000-44 determination are not relevant in a de novo proceeding is inconsistent with established legal precedent allowing a taxpayer to discover its own IRS records, the broad discovery allowed by the Federal Rules, and First Circuit law regarding the scope of discovery.[10]

---

[8] In response to Interrogatory No. 3, the Government also asserted that the request is "overly broad and unduly burdensome because it asks for 'all' facts supporting the allegation."  (Ex. A at 7.)  The Government's objection on the grounds of overbreadth is inconsistent with case law, and the Government is obligated to provide all facts known to it.  *See Rheem Mfg. Co. v. Strato Tool Corp.*, 276 F. Supp. 1005, 1006 (D.N.J. 1967) (rejecting a party's argument that framing an interrogatory with "all" was objectionable).

[9] It appears that additional documents on Defendant's privilege log not identified as responsive to Request for Production No. 15 are responsive to this request.  (*See, e.g.*, Ex. L, 1IRS1154, 1IRS1155, 1IRS1265-67, 1IRS1268-70, 1IRS1442, 1IRS1471-73.)  Defendant should be compelled to produce these documents for the reasons outlined in this section.

[10] The Government bases its relevancy argument on a line of cases that precluded taxpayers' discovery into the procedural aspects of IRS assessments.  *See, e.g., Estate of Barrett v. Comm'r,* No. 95-70102, 1996 U.S. App.

Courts have consistently allowed taxpayers discovery into their own IRS records. As the

Fifth Circuit has recognized, refusing to provide a taxpayer with his own records is blatantly

unfair:

> Usually, when the taxpayer is seeking a refund . . . the United States is just
> another litigant. In such cases we start with the feeling that fundamental fairness
> to both sides – the Government starts with a great advantage in investigative
> resources – requires recognition of the taxpayer's right to pre-trial discovery of
> the reports of the Internal Revenue Agents who examined the taxpayer's books
> and records.

*Campbell v. Eastland*, 307 F.2d 478, 485 (5th Cir. 1962). Over time, courts have continuously

recognized a taxpayer's right to information concerning its own return and the relevancy of that

information. *See, e.g., Timken Roller Bearing Co. v. United States*, 38 F.R.D. 57, 62-63 (N.D.

Ohio 1964) (finding that good cause existed for the production of IRS reports and letters relating

to the plaintiff's returns because such reports may lead to the discovery of material evidence and

may shed light on the government's defenses); *Frazier v. Phinney*, 24 F.R.D. 406, 410 (S.D. Tex.

1959) ("Plaintiffs are entitled to know what defendant's claims and contentions may be. The

Government cannot prevent speedy adjudication of plaintiffs' alleged tax deficiencies by

refusing to give them any information at all."); *see also Jade Trading, LLC v. United States*, 65

Fed. Cl. 487, 491 (2005) ("The documents in Plaintiffs' Administrative Files are clearly relevant

because they formed the underpinnings of the FPAA or contain data considered by the IRS in

issuing the FPAA, challenged in this action.").

Moreover, the Federal Rules allow discovery that is "reasonably calculated to lead to the

discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The First Circuit allows discovery

of "'any matter that bears on, or that reasonably could lead to other matter that could bear on,

---

LEXIS 15710 (9th Cir. June 12, 1996); *Kantor v. Comm'r*, 998 F.2d 1514 (9th Cir. 1993); *Ruth v. United States*, 823
F.2d 1091 (7th Cir. 1987); *Katz v. United States,* No. 91-5623, 1992 U.S. Dist. LEXIS 7394 (E.D. Pa. May 6, 1992).
In this case, FICA A Fund is seeking discovery for purposes of challenging the substance of the IRS's
determination, which is an essential element of the claims and defenses of the parties in this case.

any issue that is or may be in the case.'" *Klonoski*, 156 F.3d at 267 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Whether FICA A Fund's transaction is substantially similar to a transaction described in Notice 2000-44 is a central issue in this case. When deciding whether to undertake the investments at issue in this case, Plaintiff communicated to his advisors that he did not want to engage in any investments that were mass-marketed or that had been identified as abusive by the IRS. Plaintiff was assured by two accounting firms that the transaction at issue in this case was not a listed transaction, as defined in the regulations accompanying 26 U.S.C. § 6011, and that it was not identified in any IRS Notices. In addition, Plaintiff sought and obtained legal opinions from two reputable law firms that stated that the transaction at issue in this case did not constitute a listed transaction, that the consequences of the transaction would more likely than not be upheld if challenged by the IRS, and that the transaction was not substantially similar to a transaction described in Notice 2000-44. The Government's position, however, is that FICA A Fund's transaction is substantially similar to a transaction described in Notice 2000-44. Discovery regarding the IRS's determination, which led to the corresponding tax adjustments that gave rise to this litigation, falls squarely within the broad standard for relevance. In addition, the documents and information sought by Request for Production No. 15 and Interrogatory No. 3 will allow FICA A Fund to discover information such as the identities of individuals at the IRS who may have information that bears on issues in this case or who may be witnesses in this case. FICA A Fund's requests for documents and information concerning the IRS's determination, therefore, are relevant to this case, and the Court should compel the Government to produce those documents and information.

**B.      The Government Has Failed to Properly Invoke the Deliberative Process Privilege**

The Government failed to properly assert the deliberative process privilege both because the privilege was not asserted by the appropriate individual and because the Government did not timely provide a declaration.  Several procedural requirements must be satisfied in order for a party to invoke the deliberative process privilege.  *Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 134 (2006).  First, the privilege must be asserted by the head of the agency or a properly delegated official.[11]  *Walsky Constr. Co. v. United States*, 20 Cl. Ct. 317, 320 n.3 (1990); *see also United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980).  The privilege "may not be asserted by government counsel."  *Pac. Gas & Elec.*, 70 Fed. Cl. at 135.  The reason for this is "to ensure that the privilege is invoked as a result of an executive decision about the exigencies of executive management, rather than as a result of trial counsel's decision about a desirable litigation strategy."  *Id.*; *see also Martin v. Albany Bus. Journal, Inc.*, 780 F. Supp. 927, 933 (N.D.N.Y. 1992) (noting that a governmental privilege must be invoked by an "accountable executive official" so that "courts [can] be confident that the privilege is responsibly asserted based on agency goals and policies, and is not abused for litigation purposes"); *Pierson v. United States,* 428 F. Supp. 384, 395 (D. Del. 1977) (stating that a government attorney cannot assert the privilege, noting that "the judgment of attorneys engaged in litigation is very likely to be affected by their interest in the outcome of the case"); *Thill Sec. Corp. v. New York Stock Exch.*, 57 F.R.D. 133, 138 (E.D. Wis. 1972) ("It is not appropriate for attorneys who are this close to the

---

[11] Currently, the circuits are split over whether an agency or department head must claim the privilege, or whether the department head can delegate the duty to an appropriate individual.  *Compare Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000) (permitting the agency head to delegate the duty of asserting the privilege), *with United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980) (rejecting the invocation of the privilege by an attorney rather than the department head).  Even where the agency head is not required to invoke the privilege, courts typically look for a "senior" or "high ranking" official to do so.  *See, e.g.*, *Marriott Int'l Resorts, L.P. v. United States*, 437 F.3d 1302, 1308 (Fed. Cir. 2006) (finding that the IRS Commissioner's delegation of authority to claim the privilege to an Assistant Chief Counsel was proper because the official is "senior" and "high ranking").

11

matter and who, by the nature of the adversary system, have a vested interest in the outcome to decide whether or not relevant material should be privileged.").[12]  The second requirement is that the agency head or delegate must assert the privilege in a declaration or affidavit provided at the time the privilege is asserted.  *See Anderson v. Marion County Sheriff's Dep't*, 220 F.R.D. 555, 562 n.5 (S.D. Ind. 2004) (stating that a showing that the information is privileged must be made at the time the privilege is asserted, not when the matter is before the court on a motion to compel); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992) (stating that, when asserting the deliberative process privilege, "the party must submit, at the time it files and serves its response to the discovery request" the required declaration or affidavit).

The Government has failed to satisfy these basic requirements for asserting the deliberative process privilege.  First, there is no evidence that an agency head or delegated official has asserted the privilege or even reviewed the documents that the Government identified as being protected by the deliberative process privilege.  Contrary to legal authority, it is apparent that *only* trial counsel has been asserting the privilege, both because the Government's counsel has failed to provide any declarations supporting the assertions of privilege and because the Government's counsel has subsequently produced documents over which it previously claimed protection.[13]  Second, the Government failed to provide an affidavit or declaration supporting the assertion of the privilege at the time the Government asserted the privilege and, in

---

[12] In addition, the declaration or affidavit must meet a standard of specificity.  *See, e.g., Wilkinson v. Chao,* 292 F. Supp. 2d 288, 296 (D.N.H. 2003); *LeMaine v. IRS*, No. 89-2914, 1991 U.S. Dist. LEXIS 18651, at *21-22 (D. Mass. Dec. 10, 1991).  Because the Government has failed to provide any affidavits, the sufficiency of the affidavit is not an issue to be decided in this motion.

[13] For example, Bates-numbered document 1IRS0007-20, which the Government has identified as responsive to Request for Production No. 15, was listed on the Government's original privilege log as protected from disclosure by the deliberative process privilege and then subsequently produced.

fact, the Government has never provided an affidavit or declaration.[14]  Because the Government

has failed to satisfy the procedural requirements for asserting the deliberative process privilege,

the Government should be compelled to produce all documents over which it has improperly

asserted the privilege.

### C.    Documents on the Government's Privilege Log Are Not Protected by the Deliberative Process Privilege

Even if the Government had properly asserted the deliberative process privilege, the

documents identified on the privilege log that are responsive to Request for Production No. 15

are not protected by the privilege.[15]  In order to be protected by the deliberative process

privilege "a document must be (1) predecisional, that is, antecedent to the adoption of agency

policy, and (2) deliberative, that is, actually related to the process by which policies are

formulated." *Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs,* 60 F.3d 867, 884 (1st Cir.

1995) (quotations omitted).  "[I]ntra-agency discussion of how to apply established policy and

law to the particular facts of Plaintiff's audit" are not protected by the deliberative process

---

[14] One month after responding to Request for Production No. 15 and four months after the responsive documents were originally identified on a privilege log, the Government raised the issue of the procedural requirements for properly asserting the deliberative process privilege.  In a meeting between the Government's and FICA A Fund's counsel on September 20, 2006, the Government suggested that FICA A Fund agree to a process whereby FICA A Fund would bring to the Government's attention documents that FICA A Fund contends are not protected by the deliberative process privilege.  The Government would then undertake to procure a declaration stating that the documents in question were, in fact, protected by the deliberative process privilege.  In a letter dated November 29, 2006, FICA A Fund stated that it did not agree to such a procedure.  (Ex. G at 3.)  The Government's proposed procedure appears to be in direct violation of judicially established requirements for asserting the deliberative process privilege.  *See, e.g., Pac. Gas & Elec.,* 70 Fed. Cl. at 144 (stating that "[t]he submission of post hoc determinations by government officials in response to plaintiff's motion to compel . . . stating that documents . . . withheld by government counsel are indeed subject to the privilege appears to the court to be procedurally deficient").  In the February 27, 2007 meeting between FICA A Fund's and the Government's counsel, the Government's counsel stated that he would provide declarations to support assertions of deliberative process privilege over documents withheld from IRS files relating to certain Treasury Regulations.  FICA A Fund is not challenging the Government's assertion of deliberative process privilege over those documents in this Motion.  Rather, FICA A Fund is challenging the assertion of the deliberative process privilege over documents concerning the examination of  FICA A Fund.  Moreover, the production of an affidavit or declaration supporting the assertions of deliberative process privilege months after those assertions were made is procedurally deficient.

[15] The Government asserts both the attorney-client privilege and the deliberative process privilege over one of the documents it has identified as responsive to Request for Production No. 15.  FICA A Fund, at this time, is not challenging the Government's assertion of attorney-client privilege.

privilege. *Safeway, Inc. v. IRS*, No. 05-3182, 2006 U.S. Dist. LEXIS 81078, at *27 (N.D. Cal. Oct. 24, 2006). In addition, "low-level, routine factual reports" are not protected by the privilege. *LeMaine v. IRS,* No. 89-2914, 1991 U.S. Dist. LEXIS 18651, at *22-23 (D. Mass. Dec. 10, 1991).

The documents responsive to Request for Production No. 15 over which the Government is claiming the deliberative process privilege are not protected by the privilege. All of the documents are internal IRS documents concerning the IRS's determination that *this case* involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44. These types of documents are not agency policy, but rather, are discussions regarding how to apply agency policy to the facts of FICA A Fund's case. For example, one document was authored by an agent who examined FICA A Fund and is described as "[FICA A Fund] IRS Notice 2000-44 checklist; penalty notes." (Ex. L, Bates No. 1IRS1435.) Not only is this document not agency policy, but it is also a routine document prepared by an IRS agent, which is not protected by the deliberative process privilege. Because the documents relating to the IRS's classification of FICA A Fund's case as a Notice 2000-44 case are not encompassed within the deliberative process privilege, the Government should be compelled to produce them.

## II.     The Court Should Compel the Government to Produce Documents Maintained by the IRS in Connection with *Helmer*

In Request for Production No. 21, FICA A Fund requested documents "maintained by the IRS in connection with *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975), including, but not limited to, all documents previously produced by the Government in any other proceeding concerning this subject." (Ex. B at 12.) FICA A Fund's position in this case is consistent with the Government's position in *Helmer*, which was ultimately adopted by the Tax Court. *See Helmer v. Comm'r*, 34 T.C.M. (CCH) 727, 731 (1975) ("We agree with respondent

14

[Commissioner] that no liability arose upon receipt of the option payments by Helmer

Brothers."). The continuing applicability of the *Helmer* decision was recently recognized in

*Klamath Strategic Investment Fund, LLC v. United States*, 440 F. Supp. 2d 608, 619 (E.D. Tex.

2006) ("It is clear from the record that the government has often and consistently relied on the

principle that a 'liability' under Section 752 does not include an obligation that is contingent. . . .

This court will consistently apply these same principles . . . ."). Nonetheless, the Government

has asserted that *Helmer*-related documents are not relevant.[16] FICA A Fund disagrees.

The *Helmer* documents sought by FICA A Fund are relevant. The Federal Rules permit

discovery into any matter that is "relevant to the claim or defense of any party." Fed. R. Civ. P.

26(b)(1). The First Circuit has interpreted Rule 26(b)(1) to permit "wide-ranging discovery to

the fullest possible extent." *Klonoski v. Mahlab*, 156 F.3d 255, 267 (1st Cir. 1998). The

materials themselves need not be admissible or unequivocally relevant, rather, "information is

discoverable if there is any possibility it might be relevant to the subject matter of the action."

*EEOC* v. *Electro-Term, Inc.*, 167 F.R.D. 344, 346 (D. Mass. 1996).

Documents concerning *Helmer* are relevant because the central issues in this case include

whether FICA A Fund's treatment of liabilities was proper, and whether FICA A Fund's tax

return position was reasonable. FICA A Fund relied on the position the Government asserted

and the court accepted in *Helmer* to determine the tax treatment of its liabilities. In *Jade*

*Trading, LLC v. United States*, the court found documents relating to the IRS's construction of

the term "liability" in 26 U.S.C. § 752 could "aid in determining the reasonableness of the

position adopted by Plaintiffs in their tax returns . . . . As such, these documents could be

---

[16] The Government also asserted that Request for Production No. 21 is "vague, ambiguous, and overly broad." (Ex. B at 12.) The request concerns a specific case to which the IRS was a party. The IRS should have in its possession, custody, or control pleadings and other documents related to *Helmer* and documents concerning the IRS's interpretation and application of the case, as evidenced by the fact that such material was previously provided by the IRS to another taxpayer. Accordingly, FICA A Fund's request is not vague, ambiguous, or overbroad.

15

relevant to determining the validity of Plaintiffs' challenge to the asserted penalties."  65 Fed. Cl. 487, 492-93 (2005).

Documents concerning the IRS's interpretation and application of the *Helmer* case in construing the term "liabilities" is also relevant "to the extent they embody the IRS' interpretations of this term at any point in time pertinent to this action."  *Id.* at 492.  In this case, the Government is taking a position with respect to the treatment of liabilities that is opposed to the one it took in *Helmer*.  As the *Jade Trading* court stated, "Plaintiffs are entitled to know how the IRS interpreted this term in assessing their tax liability, in asserting penalties and whether the IRS' interpretation was consistent over time."  *Id.*  Because documents relating to *Helmer* are relevant, the Government should be compelled to produce them.[17]

### III.    The Court Should Compel the Government to Produce Documents Regarding Whether KPMG was Required to Register Any Tax Strategy and the Tax Treatment, Economic Substance, or Reporting Requirements of Any Tax Strategy

Request for Production No. 31 requests communications and documents, "whether generated by the IRS or by third parties at the request of the IRS, concerning whether KPMG was required to register any Tax Strategy."[18]  (Ex. C at 3.)  Request for Production No. 32 requests communications and documents, "whether generated by the IRS or by third parties at

---

[17] Five months after responding to Request for Production No. 21, the Government stated that it "further object[s] to [FICA A Fund's] request to the extent that it seeks privileged information."  (Ex. J at 10.)  Because the Government did not object within the time provided by the Federal Rules, the Government's objection is deemed waived. Local Rule 34.1(c)(1); *see also, e.g., Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) ("If a party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.").  Additionally, it is unclear what privilege would apply to these documents, as they have previously been produced and admitted into evidence in other cases.  *See* Trial Tr. at 749-50, 786, *Jade Trading, LLC v. United States*, 65 Fed. Cl. 487 (Sep. 8, 2005) (No. 03-2164T) (admitting into evidence the "Helmer/Cram memo" as the plaintiff's exhibit 201).  The Government also stated that it would supplement its response to Request for Production No. 21 to assert its privilege objection (Ex. J at 10), but more than one month has passed and the Government has not yet done so.

[18] For the purpose of Requests for Production Nos. 31 and 32, "'Tax Strategy' means BLIPS (or Bond Linked Issue Premium Structure), FDIS [Financial Derivatives Investment Strategy], FOCUS [Family Office Customized Partnerships], and SOS [Short Option Strategy], either generally as a non-taxpayer specific strategy, or as a strategy engaged in by a specific taxpayer."

the request of the IRS, concerning the tax treatment, economic substance, or reporting requirements . . . of any Tax Strategy." (Ex. C at 4.)  In response to both of these requests, the Government objected, asserting that the documents are not relevant, are protected from disclosure by section 6103, 26 U.S.C. § 6103, and "are inherently deliberative in nature" and privileged under the deliberative process privilege.[19] (Ex. C at 3-4.)  Despite its assertions of privilege, the Government listed only one document responsive to Request for Production No. 31 and one document responsive to Request for Production No. 32 on its privilege log (*see* Ex. L, Bates Nos. 7IRS00810-15, last entry with no assigned Bates No.), even though other responsive documents exist.[20]  The Government stated that, because the documents are protected from disclosure by section 6103, "the IRS cannot produce the responsive documents to [the Department of Justice] and [the Department of Justice is] unable to prepare a privilege log identifying any responsive documents." (Ex. J at 4.)  The documents sought by FICA A Fund in Requests for Production Nos. 31 and 32 are relevant, should have been identified on a privilege log, can be produced under an exception to section 6103, and are not subject to the deliberative process privilege because it has not properly been asserted and has been waived.

A.    **Documents Concerning the Views of the IRS and Views Solicited by the IRS Regarding Tax Strategies Are Relevant**

The documents sought in Requests for Production Nos. 31 and 32 are relevant to FICA A Fund's claims.  At issue in this case is the tax treatment and reporting of the underlying investments, along with the application of penalties.  As with documents that evidence the IRS's

---

[19] The Government did identify sixty documents as responsive to Request for Production No. 32 in an index provided to FICA A Fund on February 21, 2007.  After review, however, most of those documents do not appear to be responsive to Request for Production No. 32 because, with the exception of a few documents, they do not appear to be "generated by the IRS or by third parties at the request of the IRS." (Ex. C at 4.)

[20] The one document listed on the Government's privilege log that it identified as responsive to Request for Production No. 31 is the specific document identified in that request.

17

interpretation and application of the term "liability," documents that evidence the IRS's treatment of any Tax Strategy, which the Government claims is the same as or substantially similar to FICA A Fund's transaction, are relevant because they could "aid in determining the reasonableness of the position adopted by Plaintiffs in their tax returns." *Jade Trading*, 65 Fed. Cl. at 492-93. Therefore, documents evidencing that the IRS, or professionals and experts advising the IRS, agreed that FICA A Fund's investments were reported correctly and had economic substance are relevant to the claims or defenses of the parties and may lead to the discovery of admissible evidence.

The Government has justified its far-ranging discovery based on the notion that other taxpayers' transactions, and planning by other law and accounting firms, is relevant to the treatment of FICA A Fund's transaction. While this position is tenuous, at best, the views of IRS experts regarding the proper reporting and treatment is directly relevant to both the underlying merits of the transaction as well as the IRS's assertion that penalties should apply. It is inconsistent for the Government to assert that the actions of other unrelated taxpayers, who are unknown to FICA A Fund, are relevant for discovery purposes while withholding documents evidencing that IRS experts agreed with FICA A Fund's position regarding the tax treatment of the transactions. For these reasons, the Government should be compelled to produce documents responsive to Requests for Production Nos. 31 and 32.

### B.    The Government Failed to Describe Privileged Documents with Sufficient Particularity to Comply with Federal Rule of Civil Procedure 26(b)(5)

In response to Requests for Production Nos. 31 and 32, the Government failed to meet its discovery obligations under the Federal Rules and common law by not describing privileged documents with sufficient particularity. The Federal Rules of Civil Procedure require that, when withholding documents due to a claim of privilege or other protection, "the party shall make the

claim expressly and shall describe the nature of the documents . . . not produced or disclosed in a manner that . . . will enable other parties to assess the applicability of the privilege or protection."  Fed. R. Civ. P. 26(b)(5); *see also Ardolino v. Metro. Life Ins. Co.*, No. 00-12115, 2001 U.S. Dist. LEXIS 14318, at *12 (D. Mass. July 2, 2001) (ordering a party to identify the privilege and describe the nature of documents subject to the privilege).  "[A] proper assertion of privilege must be more specific than a generalized, boiler-plate objection," *Burlington N. & Santa Fe Ry. Co. v. United States District Court*, 408 F.3d 1142, 1147 (9th Cir. 2005), and, in order to preserve its objections, "the United States must describe those documents to the best of its ability."  *Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005).  The Government's broad assertion that the documents responsive to Requests for Production Nos. 31 and 32 are protected from disclosure by section 6103 and the deliberative process privilege and its failure to list all but two of these documents on a privilege log is in contravention of the Federal Rules and judicial precedent.  Further, the Government's failure to log documents has deprived FICA A Fund of the ability to evaluate the validity of the Government's privilege claims.

The Government's argument that it cannot produce a privilege log because the IRS is barred from providing the documents to the Department of Justice is inadequate.  First, the IRS is permitted to produce documents to Government counsel under section 6103(h)(2), 26 U.S.C. § 6103(h)(2), which specifically allows the IRS to disclose documents to the Department of Justice in connection with any federal court proceeding.  (*See, e.g.*, Ex. C, Resp. to Requests for Production Nos. 33, 39, at 4-5, 6-7.)  Second, the Government's argument is contradicted by the fact that the Government's privilege log already lists documents protected by section 6103.  Third, Government counsel has produced privilege logs prepared by the IRS in this case in

19

response to Requests for Production Nos. 16, 17, 19, and 20. If Government counsel cannot obtain responsive documents from the IRS, the IRS should prepare a privilege log as it has done elsewhere. A failure to produce any log, however, is not proper. Accordingly, in response to Requests for Production Nos. 31 and 32, the Government's privilege assertion should be rejected, or in the alternative the Government should be compelled to produce a privilege log that complies with the Federal Rules of Civil Procedure and identifies the documents it is withholding on the basis of privilege or other protection.

### C. Responsive Documents Can Be Produced Under an Exception to Section 6103 or in Redacted Form

Although FICA A Fund is unable to evaluate the validity of the Government's assertion of section 6103 on a document-by-document basis because the Government has not produced a privilege log, under the Government's position some responsive documents can be produced under an exception to section 6103 or produced with identifying information redacted.[21]

### 1. Responsive Documents Can Be Produced Under an Exception to Section 6103

Section 6103 of the Internal Revenue Code extends confidentiality protections to tax "return information."[22] 26 U.S.C. § 6103(a). There are, however, exceptions to this general rule

---

[21] The Government, through its discovery and statements before the Court, has consistently taken the position that other taxpayer information is relevant. (*See, e.g.*, Def.'s Opp'n to Pl.'s Mot. to Quash Third-Party Subpoena Issued to KPMG 15; Status and Mot. Conference Tr. 22-24, May 11, 2006.) Should the Court determine that other taxpayer information is relevant, FICA A Fund should be allowed to discover information regarding those other taxpayers. *See infra* Sections V, VI.

[22] The term "return information" includes:

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

upon which the Government appears to rely.  Internal Revenue Code sections 6103(h)(4)(B) and

6103(h)(4)(C) allow government officials to disclose third-party tax return information in

judicial proceedings pertaining to tax administration "if the treatment of an item reflected on

such return is directly related to the resolution of an issue in the proceeding" or if the "return

information directly relates to a transactional relationship between a person who is a party to the

proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding."

26 U.S.C. § 6103(h)(4)(B), (C).  The IRS refers to these exceptions, respectively, as the "item

test" and the "transaction test," and the Office of Chief Counsel issued Notices providing

guidance regarding the disclosure of third-party tax information under these exceptions to section

6103 and examples that illustrate that guidance.  Chief Counsel Notice CC-2006-006 (Nov. 22,

2005); Chief Counsel Notice CC-2006-003 (Oct. 25, 2005).

       According to the Government's rationale, the documents sought by FICA A Fund in

Requests for Production Nos. 31 and 32 meet the "item test."  Chief Counsel Notice 2006-003

provides, "the disclosure of tax information of taxpayers who participated in substantially similar

transactions promoted by the same promoter is permitted, so long as the tax information directly

relates to the resolution of an issue in the proceeding."  Chief Counsel Notice CC-2006-003 (Oct.

25, 2005).  It is the Government's position, as evidenced by its discovery and statements on the

record, that FICA A Fund's investments can be described by the term "SOS" and that the Tax

Strategies are substantially similar to SOS.  (Scheduling Conference Tr., 20, Mar. 10, 2006.)

Thus, pursuant to the Government's allegations in conjunction with guidance issued by the IRS,

documents regarding the IRS's analyses of the tax treatment, economic substance, or reporting

---

26 U.S.C. § 6103(b)(2)(A).

requirements of any Tax Strategy are directly related to the resolution of whether FICA A Fund's tax treatment and reporting of its investments was proper and whether penalties should apply.

The documents sought by FICA A Fund also meet the "transaction test." Courts have consistently held that return information of a promoter may be disclosed to an investor under the transaction test because "the information is directly related to a transactional relationship between the investors and plaintiffs and directly affect[s] the resolution of an issue in the proceeding, that being the disallowance of deductions related to plaintiffs' tax shelters." *First W. Gov't Sec., Inc. v. United States*, 796 F.2d 356, 360 (10th Cir. 1986). Furthermore, the transaction test "does not require the disclosure to be 'necessary' to the resolution of the proceeding, it must only directly affect the resolution of an issue in the proceeding." *Id.* at 361. FICA A Fund engaged KPMG to develop and implement the transaction that is at issue in this case, and to provide advice regarding the proper tax treatment of that transaction. The Government has alleged that FICA A Fund engaged in a "tax shelter" and that KPMG acted as the "promoter." (Scheduling Conference Tr., 19-20, Mar. 10, 2006; Def.'s Opp'n to Pl.'s Mot. to Quash Third-Party Subpoena Issued to KPMG 20.) Therefore, documents discussing KPMG's status as a "promoter" and the tax treatment of KPMG strategies are directly related to the appropriate tax treatment of the transaction KPMG structured for FICA A Fund.

Accordingly, the Court should compel the Government to produce documents responsive to Requests for Production Nos. 31 and 32 under the section 6103(h)(4)(B) and section 6103(h)(4)(C) exceptions to section 6103.[23]

---

[23] In addition, courts have consistently viewed "return information" of a promoter to also be "return information" of the taxpayer when the tax treatment of the promoter's transaction is called into question by the IRS; thus, such information can be disclosed under 26 U.S.C. § 6103(e)(1) or (e)(7) (permitting disclosure of "tax return information of a taxpayer to the taxpayer himself unless such disclosure would seriously impair tax administration"). *Mid-South Music Corp. v. United States,* 818 F.2d 536, 540 (6th Cir. 1987); *see also Solargistics Corp. v. United States,* No. 87-9460, 1989 U.S. Dist. LEXIS 12227, at *8 (N.D. Ill. Oct. 6, 1989), *aff'd*, 921 F.2d 729 (7th Cir. 1991). Because

## 2. Responsive Documents Can Be Produced in Redacted Form

If the requested documents do not fall under an exception to section 6103, the Government should be compelled to redact those portions of the responsive documents that do not constitute "return information" and produce the documents.  Legal analyses contained within IRS documents are not "return information" and must be produced in redacted form.  *See Tax Analysts v. I.R.S.,* 117 F.3d 607, 616 (D.C. Cir. 1997) ("Legal analyses contained in [IRS Field Service Advice] are not 'return information' under § 6103 . . . .").  The Court of Federal Claims, relying on *Tax Analysts*, has held that internal IRS documents discussing the Internal Revenue Code's application to groups of taxpayers does not constitute return information.  *First Heights Bank v. United States*, 46 Fed. Cl. 312, 323 (2000).  The documents sought by FICA A Fund in Requests for Production Nos. 31 and 32 are general IRS analyses of Tax Strategies and, thus, the Court should compel the Government to produce documents responsive to these requests in redacted form to the extent that "return information" can be redacted and legal analyses and other non-"return information" can be disclosed.

## D. Responsive Documents Can Be Produced Because the Deliberative Process Has Not Been Properly Invoked and Has Been Waived

Although FICA A Fund is unable to evaluate the validity of the Government's assertion of the deliberative process privilege on a document-by-document basis because the Government has not produced a privilege log, it is clear that the deliberative process privilege has not properly been invoked and has been waived with respect to the documents responsive to Requests for Production Nos. 31 and 32.

---

the IRS looked to the elements of transactions developed and implemented by KPMG, including FICA A Fund's transaction, in its discussions regarding the tax treatment, economic substance, and reporting requirements of KPMG strategies, such information should be considered FICA A Fund's "return information" also.

Contrary to the requirements for invoking the deliberative process privilege, the privilege was not asserted by the appropriate individual and the Government did not timely provide a declaration. *See, e.g., Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 134 (2006). There is no evidence that an agency head or delegated official has asserted the privilege, *see, e.g., Walsky Constr. Co. v. United States*, 20 Cl. Ct. 317, 320 n.3 (1990), and the privilege was not asserted in a declaration or affidavit provided at the time the privilege was asserted. *See, e.g., Anderson v. Marion County Sheriff's Dep't*, 220 F.R.D. 555, 562 (S.D. Ind.).

The protections of the deliberative process privilege have been waived because responsive documents have already been produced to the defendants in *United States v. Stein*, No. 05-888 (S.D.N.Y. filed Aug. 24, 2005). In addition, many of those documents have been filed as exhibits in *Stein*.[24] The protections of the deliberative process privilege can be waived by their disclosure. *Melendez-Colon v. United States, Dep't of the Navy*, 56 F. Supp. 2d 142, 145 (D.P.R. 1999). Under First Circuit law, the privilege is waived regardless of whether the disclosure was intentional or inadvertent. *See Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F. 3d 867, 885 n.8 (1st Cir. 1995) (noting that waiver of attorney-client privilege resulting from an inadvertent disclosure "arguably applies to the deliberative process privilege as well"). Because the deliberative process privilege has been waived by the production of responsive documents in *Stein*, the Government should be compelled to produce the responsive documents over which it is claiming the deliberative process privilege in this case.

---

[24] *See, e.g.*, Decl. of Karli E. Sager in Supp. of Defs.' Mot. for Disc. of Docs., filed Dec. 8, 2006, Ex. A (May 17, 2004 email); Decl. of Kevin M. Downing in United States' Opp'n to Def's. Mot. for Disc. of Docs., filed Dec. 21, 2006, Ex. A (draft T.A.M.); Supplemental Decl. of Karli E. Sager in Supp. of Mot. for Disc. of Docs., filed Jan. 8, 2007, Ex. A (May 14, 2004 email), Ex. B (Dec. 19, 2002 email), Ex. C (May 21, 2003 email), Ex. D (Dec. 18, 2003 email).

**IV.    The Court Should Compel the Government to Provide Information and Produce Documents Supporting the Purported Factual Determinations Stated by the Government on the Record**

At the November 14, 2006 status conference, Government counsel stood before the Court and listed several purported factual determinations it had made in connection with this litigation. On November 21, 2006, FICA A Fund served the Government with Interrogatories Nos. 15-22 and Requests for Production Nos. 44-51 seeking the facts supporting those factual determinations.  The Government asserted that all such information and documents are protected by the work-product doctrine and directed FICA A Fund to search through the mass of documentation produced in this case to find the supporting facts.[25]  (Exs. D and E, respectively.) The Government's reliance on the work-product doctrine is misplaced.  Such information is not attorney work product and should be produced in response to FICA A Fund's discovery requests. Alternatively, the Government's statements on the record waive any protection that might have applied.  Finally, the Federal Rules do not permit the Government to direct FICA A Fund to produced documents in response to the interrogatories because FICA A Fund would face a greater burden in deriving the answers than the Government.

**A.    Facts Sought By Interrogatories Are Not Subject to the Work-Product Doctrine**

Federal Rule of Civil Procedure 26 protects from discovery "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative."  Fed. R. Civ. P. 26(b)(3).  The Advisory Committee Notes distinguish between documents drafted for purposes of litigation and facts contained within those documents, explaining that "one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable."

---

[25] To date, over 1.4 million pages have been produced to FICA A Fund in the course of discovery.

Fed. R. Civ. P. 26(b) advisory committee's note (1970 amendments). Courts within the First Circuit have consistently held that work-product protection "does not typically extend to the underlying facts contained within those materials." *In re Grand Jury Subpoena*, 220 F.R.D. 130, 141 (D. Mass. 2004); *see also, e.g.*, *Fleet Nat'l Bank v. Tonneson & Co.*, 150 F.R.D. 10, 15 n.6 (D. Mass. 1993) ("It is well established, of course, that facts do not become non-discoverable merely because they happen to be set forth in a document that qualifies as work product."). Moreover, interrogatories may be used to discover facts that an opposing party has learned. *See, e.g., Nishnic v. United States Dep't of Justice*, 671 F. Supp. 771, 773 n.2 (D.D.C. 1987) (stating that, although investigative reports prepared in anticipation of litigation were work product, "the work product doctrine does not protect against the disclosure of the facts contained in these documents through *other* discovery methods such as interrogatories"); *Fleet Nat'l Bank*, 150 F.R.D. at 15 n.6 (stating that parties may use interrogatories to discover facts that happen to be contained in documents that qualify as work product); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2023, at 330 (2d ed. 1994) ("[C]ourts [have] consistently held that the work product concept furnished no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned.").

The purported factual information sought in Interrogatories Nos. 15-22 is not protected by the work-product doctrine. FICA A Fund sought discovery of the facts underlying the Government's purported factual determinations. These types of requests for factual information are an appropriate means of discovery and do not violate the work-product doctrine. Accordingly, the Court should compel the Government to provide facts responsive to Interrogatories Nos. 15-22.

**B.     The Third-Party Documents Supporting the Government's Purported
        Factual Determinations Are Not Protected by the Work-Product Doctrine**

Documents that the Government has received from third parties that support the

Government's purported factual determinations do not constitute work product.  Third-party

documents are not "prepared in anticipation of litigation or for trial by or for another party or by

or for that other party's representative."  Fed. R. Civ. P. 26(b)(3).  Courts are generally hesitant

to extend work-product protection to "discovery materials in an attorney's possession that were

prepared neither by the attorney nor his agents."  *In re Grand Jury Subpoenas*, 318 F.3d 379, 384

(2d Cir. 2002).  Documents responsive to Requests for Production Nos. 44-51 fit this description

and are not protected by the work-product doctrine.

The Government's compilation of responsive, third-party documents also is not protected

by the work-product doctrine.  The work-product doctrine has been held to extend to third-party

documents "when an attorney has so specifically selected and compiled such documents in

anticipation of litigation that production would necessarily reveal the attorney's developing

strategy."  *Id.* at 385.  Under First Circuit law, the selection of documents is afforded ordinary

work-product protection because it "provides insight into opposing counsel's understanding of

his case."  *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1018 (1st. Cir. 1988).

The documents requested by FICA A Fund, however, are not compilations that "provide[]

insight into [the Government's] understanding of [the] case" *Id.* or "reveal [the Government's]

developing strategy."  *In re Grand Jury Subpoenas*, 318 F.3d385.  Rather, they provide the

underlying facts that support the purported factual determinations stated by the Government on

the record.  Further, to the extent that FICA A Fund has obtained insight into the Government's

understanding of this case, that insight came from the Government's own statements regarding

its purported factual determinations.  The documents that support those determinations will not

27

reveal any more about the Government's understanding of the case or strategy than the Government has already revealed itself.  Accordingly, because work-product protection does not extend to documents responsive to Requests for Production Nos. 44-51, the Government should be compelled to produce them.

### C.    The Government Has Waived Work-Product Protection for Documents Supporting the Government's Purported Factual Determinations

Even if this Court finds that the documents or information responsive to FICA A Fund's discovery requests are protected as trial-preparation materials, the Government has waived any such protection.  Under First Circuit law, work-product protection is waived when materials are disclosed "in a way inconsistent with keeping [them] from an adversary."  *United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 687 (1st Cir. 1997).  The First Circuit has not directly addressed the scope of waiver of the work-product protection.  *Id.* at 688.  The Supreme Court, however, has held that presenting testimony that would otherwise be protected as work product waives work-product protection as to all matters covered in that testimony.  *See United States v. Nobles*, 422 U.S. 225, 239-40, 240 n.14 (1975) (stating that when "counsel attempts to make a testimonial use of [work-product] materials the normal rules of evidence come into play with respect to cross examination and production of documents").  Furthermore, the Government "cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion."  *Frontier Refining Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 (10th Cir. 1998); *see also Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1098 (D.N.J. 1996).  By making statements on the record, the Government disclosed its mental processes to FICA A Fund, thus voiding the need for work-product protection.  Moreover, permitting the Government to make such statements and still retain protection over the underlying facts allows the Government to

manipulate the work-product doctrine to its benefit by selectively introducing work product into the record while depriving FICA A Fund of the ability to challenge the Government's assertions. Accordingly, the Government should be compelled to produce documents and information requested concerning its purported factual determinations stated on the record at the November 14, 2006 status conference.

> ### D.   The Government Cannot Direct FICA A Fund to Produced Documents in Response to FICA A Fund's Interrogatories

The Government's responses to Interrogatories Nos. 15-22, directing FICA A Fund to produced documents, is not appropriate under the Federal Rules.  The recipient of interrogatories may refer the propounding party to business records only if "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served."  Fed. R. Civ. P. 33(d).  If a party has already searched the records in reaching a determination, then it is not equally burdensome for both parties to search the records.  *See Petroleum Ins. Agency, Inc. v. Hartford Accident & Indem. Co*., 111 F.R.D. 318, 322 (D. Mass. 1983) (ordering responding party to provide answers because "it is not equally burdensome for the parties to search the records to come up with answers, since the defendants have already done so").  By virtue of the Government's statements of its factual determinations on the record, it is evident that the Government has the facts supporting its determinations readily available.  Thus, the burden of supporting the Government's factual determinations by searching through the produced documents is greater on FICA A Fund than on the Government.  Accordingly, the Government should be compelled to provide the facts underlying its factual determinations in response to Interrogatories Nos. 15-22.

## V.  The Government Should be Compelled to Produce Documents Relating to Over 200 Other Taxpayers Because the Documents Can Be Produced Under an Exception to Section 6103

Since discovery in this case began, the Government has consistently sought documents from third parties relating to other taxpayers who are not involved in this case.  The first subpoena the Government issued on March 31, 2006 sought documents from KPMG relating to forty-two other taxpayers.  The Government's most recent subpoena, issued on January 31, 2007, sought documents from a former KPMG employee relating to 247 other taxpayers.  It is clear that the Government intends to use other taxpayer information in this case as "pattern evidence."  In order to obtain a complete record of these taxpayers, in Requests for Production Nos. 10 and 43, FICA A Fund requested all documents "collected, created, or maintained" by the IRS relating to the individuals and entities about which the Government was seeking information.  In response to these requests, the Government invoked the protections of section 6103.[26]  (Exs. B at 6 and F, respectively.)  While the Government has produced some IRS documents relating to approximately seventy-five other taxpayers that are responsive to Requests for Production Nos. 10 and 43, its production is incomplete and includes no IRS administrative files relating to other taxpayers.[27]

---

[26] In addition, in response to Request for Production No. 43, the Government stated that the request is "overbroad" and "unduly burdensome."  (Ex. F.)  The Government further stated that the request is "not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks, without any limitation whatsoever, all of the IRS administrative files of the taxpayer for all years, as well all of the IRS administrative files for multiple other taxpayers for all years." (Ex. F.)  In spite of its overbreadth objection, the Government also said that, with the exception of filed tax returns, all relevant documents are "available directly from the third party promoters of these transactions."  (Ex. F.)  The fact that responsive documents are in the files of "promoters" does not alleviate the Government's responsibility to produce responsive documents in the government's possession, custody, or control.  Finally, the privilege logs produced to date do not provide FICA A Fund with sufficient information to "assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).  To the extent the Government continues to assert privileges in response to Request for Production No. 43, the Government should be compelled to produce a privilege log that complies with Federal Rule 26(b)(5).

[27] The Government has only identified forty-nine documents as responsive to Requests for Production Nos. 10 and 43.  FICA A Fund's assertion that the Government has produced documents relating to approximately seventy-five other taxpayers is based on a thorough review of the Government's production by FICA A Fund.

FICA A Fund maintains its position that other taxpayer information is not relevant to this case because taxpayers who were not involved in FICA A Fund's transaction are not relevant to whether the IRS's adjustments to FICA A Fund's partnership returns were erroneous. The Government's actions and statements evidence its position that this information is relevant. (*See, e.g.*, Def.'s Opp'n to Pl.'s Mot. to Quash Third-Party Subpoena Issued to KPMG 15; Status and Mot. Conference Tr., 22-24, May 11, 2006.) If the Court finds that this information is relevant, then FICA A Fund should be able to obtain this information to rebut the Government's proposed use of "pattern evidence," and the Government should be compelled to produce them.

Third-party tax return information may be disclosed in judicial proceedings if an exception to section 6103 applies. Chief Counsel Notice 2006-003, which provides guidance regarding the application of section 6103(h)(4) exceptions, states that third-party tax return information "may provide evidence of a pattern or practice, referred to as 'pattern evidence,' relevant to issues arising in judicial or administrative tax proceedings." Chief Counsel Notice CC-2006-003 (Oct. 25, 2005). The Notice specifically provides that "tax information of taxpayers who participated in substantially similar transactions promoted by the same promoter is permitted, so long as the tax information directly relates to the resolution of an issue in the proceeding." *Id*. Such information may be obtained from the examination files of individual third-party investors, or in the course of an investigation of a promoter. *Id.* Not only can pertinent portions of a third-party tax return be disclosed without violating section 6103, "*but also any extrinsic information* obtained by the IRS regarding the tax treatment of the reported transaction." *Id.* (emphasis added) (quotation omitted).

The documents sought by FICA A Fund in Requests for Production Nos. 10 and 43 fall squarely within the IRS's broad reading of the section 6103(h)(4) exception discussed above.

31

The Government has put the transactions of 247 other taxpayers at issue in this case by seeking discovery from third parties concerning those taxpayers and by making statements concerning other taxpayers on the record.  The Government has repeatedly alleged that FICA A Fund's transaction is substantially similar to those engaged in by many other taxpayers.  (Status and Mot. Conference Tr., 16-17, May 11, 2006; Status Conference Tr., 18-19, Nov. 14, 2006.)  It is clear that the Government is gathering information for the purposes of offering pattern evidence, and the fact that the Government is gathering this information demonstrates that the Government believes this information to be relevant to the resolution of an issue in this case.

Moreover, the Government is applying the section 6103(h)(4) exception inconsistently. The Government has produced documents responsive to Request for Production Nos. 10 and 43 relating to approximately 75 of the 247 other taxpayers.  Additionally, the Government has selectively produced documents maintained by the IRS relating to specific other taxpayers, as evidenced by the fact that the Government has produced no IRS administrative files relating to those taxpayers for whom it has produced documents from promoter examination files.  There can be no legal justification for applying the section 6103(h)(4) exception in such an inconsistent manner.  Accordingly, all documents maintained by the IRS relating to other taxpayers identified by the Government should be produced under section 6103(h)(4) and Chief Counsel Notice 2006-003.

Finally, the Government is using section 6103 as a sword to prevent FICA A Fund from obtaining information critical to rebutting the Government's pattern evidence argument. Recognizing that Congress allowed disclosure of tax returns in specified circumstances, courts have been skeptical when the government "seeks to use [section 6103] as a sword to avoid telling the taxpayer seeking a refund the information utilized in determining the tax."  *Beresford v.*

*United States*, 123 F.R.D. 232, 233 (E.D. Mich. 1988).  In *Beresford*, the government refused to disclose information regarding third-party taxpayers' treatment of the value of stock and the IRS's treatment of that valuation, even though the IRS had reviewed that information in determining the plaintiff's tax liability.  *Id.* at 232-33.  The court ordered the government to disclose the information because "[t]he IRS chose to rely on this information to determine value of the stock."[28]  *Id.* at 235.  The Government's actions in this case are no different than the Government's actions in *Beresford*.  The IRS's adjustment of FICA A Fund's tax liability was based, in large part, on its determination that FICA A Fund's transaction was "substantially similar" to the transactions described in Notice 2000-44 and the transactions of other taxpayers the IRS deemed to be described in Notice 2000-44.  These other taxpayers are the same taxpayers about whom the Government has sought discovery from numerous third parties, while at the same time refusing to produce documents from its own files concerning those other taxpayers.  Only by reviewing the complete record as to other taxpayers' transactions can the parties, and eventually the Court, evaluate whether there is in fact a pattern.  The Government appears to be using section 6103 to hide the truly crucial facts:  the nature of each taxpayer's underlying investments, how those investments fit into each taxpayer's portfolio of investments, and other related financial information.  The Government should not be permitted to use section 6103 in this way.  For the reasons stated above, the Court should compel the Government to produce IRS documents relating to other taxpayers, including their returns and administrative files.

---

[28] The court ordered the government to "code all information which would directly identify the taxpayers such as names and social security numbers and retain the master code."  *Beresford*, 123 F.R.D. at 235.  The plaintiff could file a motion for disclosure of the master code sheet if the plaintiff deemed it necessary.  *Id.*

VI.    **If the Court Does Not Compel the Government to Produce Documents Relating to Over 200 Other Taxpayers, the Court Should Preclude the Government from Introducing Evidence Concerning the Other Taxpayers Under Federal Rule of Evidence 403**

If the Government does not produce a complete record of the third-party taxpayers it has deemed should be included in the "pattern evidence," the evidence should be excluded under Federal Rule of Evidence 403.  In light of the Government's continued third-party discovery of information and documents concerning 247 unrelated taxpayers, in Requests for Production Nos. 10 and 43, FICA A Fund sought discovery from the Government concerning those same taxpayers to develop a more complete record of the Government's purported "pattern evidence." (Exs. B at 6 and F, respectively.)  The Government's production relating to those other taxpayers has been extremely limited; FICA A Fund estimates that the Government has produced documents from IRS files relating only to approximately 75 taxpayers.  In addition, the information produced by third parties in response to the Government's subpoenas has been incomplete.

Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.  As FICA A Fund has previously stated, information regarding the transactions of 247 unrelated taxpayers is not relevant.  Should the Court find that it is relevant, its probative value is substantially outweighed by the danger of unfair prejudice because the evidence is incomplete and using the actions of unrelated taxpayers to infer FICA A Fund's intent would be prejudicial.  Additionally, developing the facts of other taxpayers' transactions would constitute a waste of time.  Therefore, if the Government is allowed to present "pattern evidence" at trial, FICA A Fund will be at a great disadvantage because FICA A Fund lacks the

34

information and means to address or discover rebuttal pattern evidence.  Accordingly, the

Government should be precluded from introducing "pattern evidence" at trial under Rule 403.[29]

### A.     The Government's Pattern Evidence Is Not Relevant

FICA A Fund's position regarding the relevance of pattern evidence was previously set

forth in Plaintiff's Motion to Quash Subpoena Duces Tecum (Apr. 14, 2006).  While discovery is

permitted if it is "reasonably calculated to lead to the discovery of admissible evidence," Fed. R.

Civ. P. 26(b)(1), "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.

The Federal Rules of Evidence define "relevant evidence" as "evidence having any

tendency to make the existence of any fact that is of consequence to the determination of the

action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

This means that the evidence "tends to prove a fact that is of consequence to the determination of

the action" as opposed to tending to prove a fact that "*is not* of consequence to the action."  2

Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 401.07 (2d ed. 2006).

In some instances, the judge must rule on the relevance of evidence "without knowing how this

fragment will look as part of a larger pattern."  *United States v. Camuti*, 78 F.3d 738, 742 (1st

Cir. 1996).  When deciding admissibility, the Court has "considerable discretion," *United States

v. Saccoccia*, 58 F.3d 754, 773 (1st Cir. 1995), and must "strike a balance between probative

worth and likely prejudice."  *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

There are no issues or facts in this case the determination of which can be informed by

evidence concerning the actions of unrelated third parties.  At issue in this case is the appropriate

---

[29]  Furthermore, the collection of taxpayers listed in Requests for Production Nos. 10 and 43, *i.e.*, the "pattern evidence" taxpayers, was derived from attachments to the Government's subpoenas and may itself be incomplete and prejudicial.  The list of "pattern evidence" taxpayers was created by the Government and is based on documentation to which only the Government has access.  There may be other taxpayers whose transaction would not comport with the pattern the Government is seeking to create (*e.g.*, taxpayers who treated options in a manner similar to FICA A Fund for tax purposes and that treatment was not challenged by the IRS).

tax treatment of FICA A Fund's transaction. To the extent that issue requires consideration of the "economic substance" of FICA A Fund's transaction, which includes the objective profit potential of FICA A Fund's transaction and FICA A Fund's subjective intent, *see, e.g., Rose v. Comm'r*, 868 F.2d 851, 853 (6th Cir. 1989), evidence concerning the actions of unrelated third parties does not make either of these facts more or less probable. At best, that evidence will prove the objective profit potential or subjective intent of the third parties, which is not at issue in this case. Therefore, the Court does not need to see this evidence in the context of the case to determine its relevancy. To the extent the Court finds the pattern evidence meets the standard of relevance under Rule 401, such evidence should be still be excluded because the probative value is outweighed by the prejudicial nature of such evidence.

### B.    Pattern Evidence Should Be Excluded Because Its Probative Value Is Outweighed by the Danger of Unfair Prejudice

#### 1.    The Incomplete Production of Documents Regarding the Unrelated Taxpayers is Prejudicial

Courts have consistently excluded "pattern evidence" relating to third parties when the information concerning those third parties in incomplete. *See Fox v. Comm'r*, 80 T.C. 972, 1005 (1983) (precluding introduction of evidence related to other taxpayers because "the evidence respondent seeks to introduce with regard to these other entities is sketchy and incomplete"); *see also, e.g., United States v. Noske*, 117 F.3d 1053, 1058 (8th Cir. 1997) (holding trial court properly excluded IRS agent's testimony regarding his recommendation against prosecuting taxpayers under Fed. R. Evid. 403 because his opinion "was based on incomplete information" thus any probative value "is outweighed by the danger of unfair prejudice").[30]  It is clear that the

---

[30] *See also Cicero v. Borg-Warner Auto., Inc.*, 163 F. Supp. 2d 743, 755 (E.D. Mich. 2001) (holding that evidence concerning other terminated employees offered to show a pattern of discrimination should be excluded and observing that, "in the absence of evidence concerning the circumstances of those individuals, mere numbers cannot be 'pattern evidence'").

productions by the Government and subpoenaed third parties relating to the 247 unrelated taxpayers is incomplete.  First, FICA A Fund cannot determine how those taxpayers treated the transactions on their tax returns because their returns have not been produced.  Second, FICA A Fund has not received copies of legal opinions or other advice provided to a majority of the 247 unrelated taxpayers concerning the appropriate tax treatment of their transactions, nor can FICA A Fund be certain that the opinions received were the only opinions issued to those taxpayers. Third, FICA A Fund does not have any background information for these taxpayers which may shed light on their respective purposes for entering into the transactions.  Without such information, FICA A Fund will lack the information necessary to evaluate and rebut the Government's "pattern."[31]  Any probative value that the requested documents might have is outweighed by the unfair prejudice of having an incomplete record with respect to the transactions of 247 other taxpayers because FICA A Fund will be unable to examine, and defend as appropriate, those other transactions.  Because the Government is unable to provide a complete record, even after attempting to subpoena additional documents from third parties, the Court should preclude admission of the "pattern evidence."

**2.    Using Evidence Regarding Unrelated Taxpayers to Infer FICA A Fund's Intent Is Prejudicial**

Even if FICA A Fund had a complete record of each unrelated taxpayer, using that evidence to infer FICA A Fund's intent is prejudicial.  In the First Circuit, courts have excluded evidence concerning the acts of *related* third parties when offered to show the intent of a party to the case because of the prejudicial nature of such evidence.  *See United States v. St. Michael's Credit Union*, 880 F.2d 579, 602 (1st Cir. 1989) (holding that evidence concerning gambling

---

[31] Even if the Court finds that the section 6103(h)(4) exception allows disclosure of these documents, the evidence regarding the other taxpayers will never be complete.

activities of the defendant's father, offered to show defendant's motives, should not be admitted because the prejudicial effect outweighed the probative value when the government failed to show that the defendant was aware of his father's gambling); *see also United States v. Hill*, 629 F. Supp. 493, 497-98 (D. Del 1986) (holding that evidence of a third party's alleged bribery scheme was not admissible to show that the defendant, who had also received checks from the third party, received a bribe from that third party because the prejudice outweighed the probative value). If evidence of related third parties to show intent is prejudicial, then evidence of unrelated third parties who were unknown to FICA A Fund to show FICA A Fund's intent is unquestionably prejudicial.

Courts outside the First Circuit also consistently exclude third-party evidence offered to show the intent of a party because of the prejudicial effect of such evidence. In *United States v. DeCicco*, the Second Circuit observed, "Little discussion is needed to demonstrate that prior similar acts of misconduct performed by one person cannot be used to infer guilty intent of another person who is not shown to be in any way involved in the prior misconduct . . . ." 435 F.2d 478, 483 (2d Cir. 1970). The Tenth and D.C. Circuits have both explicitly found evidence relating to the prior bad acts of third parties is prejudicial and should not be admitted. *See Faison v. Nationwide Mortgage Corp.,* 839 F.2d 680, 689-90 (D.C. Cir. 1987) (holding that evidence that other members of an attorney's firm engaging in a loan fraud scheme to demonstrate that the defendant attorney had engaged in fraud was admitted in violation of Rule 403); *United States v. Hernandez*, 780 F.2d 113, 117-18 (D.C. Cir. 1986) (holding that the admission of evidence of an earlier fight against a co-defendant who did not participate in the fight, to show intent of the defendants, was prejudicial and violated Federal Rule of Evidence 404(b)); *United States v. Lightle*, 728 F.2d 468, 470-71 (10th Cir. 1984) (holding that the trial

38

court erred in admitting, against the defendant commissioners, evidence of kickbacks received by two other commissioners when no conspiracy was alleged because such evidence was prejudicial under Rule 403). Under the authorities cited above, use of evidence concerning the acts of third parties to show the intent of FICA A Fund is highly prejudicial and outweighs any probative value that evidence would yield; thus, the third-party "pattern evidence" should be excluded under Federal Rule of Evidence 403.

### C. Pattern Evidence Should Be Excluded Because Its Development Would Further Waste Time

Courts have applied Federal Rule of Evidence 403 to exclude "pattern evidence" because the probative value of such evidence is outweighed by the delay necessary to develop it. In *Fox*, the court stated:

> To consider fairly the profit history of these other partnerships, we would have to examine the underlying cause of the financial results in each partnership. This would greatly expand the scope of our inquiry and, in effect, require us to try the cases of all these other partnerships simultaneously with the case of the instant two partnerships. Principles of efficient judicial administration would not be served by such a course, especially since the evidence relating to these other . . . partnerships is only of collateral significance.

80 T.C. at 1005. The First Circuit has also recognized that exclusion of evidence relating to collateral issues is appropriate under Rule 403. *United States v. Foley,* 871 F.2d 235, 238 (1st Cir. 1989); *see also Stathos v. Bowden*, 728 F.2d 15, 19 (1st Cir. 1984) (excluding evidence of salaries paid at other plants to show discrimination of defendants because "[e]vidence of what happened at other plants, if relevant at all, is so tangential to the case as tried as to be excludable as a 'waste of time' under Fed. R. Evid. 403"); *Ofsharick v. GMAC Commercial Mortgage Corp*., No. 01-3427, 2003 U.S. Dist. LEXIS 15646, at *21 (E.D. Pa. July 17, 2003) (excluding evidence of an EEOC letter which was based on a "cursory investigation" because putting that letter into evidence "would result in both a waste of time and undue delay, and create essentially

a 'trial within a trial'").  In light of the inevitable delay that admission of pattern evidence will

create for a case that is currently on schedule to be tried more than two years after it was filed,

and the limited value such information will bring to the proceeding, the third-party evidence

should be excluded under Rule 403.

## CONCLUSION

For the reasons set forth above, FICA A Fund respectfully requests that its Motion to

Compel Production of Documents and Meaningful Answers to Interrogatories be granted and

that the Court order the Government to produce documents and a privilege log in response to

Requests for Production Nos. 10, 15, 21, 31, 32, 43, and 44-51 and provide meaningful responses

to Interrogatories Nos. 3 and 15-22.


Dated this 2nd day of March 2007.




PLAINTIFF
FIDELITY INTERNATIONAL CURRENCY ADVISOR
A FUND, L.L.C., by the Tax Matters Partner



/s/ Lena Amanti
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email:  dcurtin@mckeenelson.com
        rbuch@mckeenelson.com
        lamanti@mckeenelson.com

40

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone:  (508) 791-8500
Facsimile:  (508) 791-8502
Email:  jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 5, 2007.

/s/ Lena Amanti
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: lamanti@mckeenelson.com

41

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY )
ADVISOR A FUND, L.L.C., by the Tax )
Matters Partner, )
 )
    Plaintiff, ) Civil No. 05-40151
 )
  v. ) Judge Saylor
 )
UNITED STATES OF AMERICA, )
 )
    Defendant. )

UNITED STATES' RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

 The United States, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure

and Rule 33.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Second Set of Interrogatories as follows:

GENERAL OBJECTIONS

 1. The United States objects to these interrogatories on the ground that the

information requested is not relevant to this action and is also not reasonably calculated to lead to

the discovery of admissible evidence in this suit for adjustment of a final partnership

administrative adjustment (FPAA).  In a federal tax case, any challenge by a taxpayer to the

Commissioner's determination that taxes are owing must be resolved in a trial de novo, rather

than by review of an existing administrative record. *See e.g., Revell, Inc. v. Riddell*, 273 F.2d

649, 658-59 (9th Cir. 1959); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28

(1974).  An FPAA is the equivalent of a notice of deficiency in a refund action. *In re G-1*

*Holdings, Inc.*, Civ. No. 02-03082 (WGB) (D.N.J. July 16, 2004).  In an FPAA action, the

      1861316.1

partner must establish that the FPAA is incorrect, which, in turn, requires the court to apply the law to the facts of the case. The reasons for the Commissioner's determination are not relevant because the court does not review the administrative policy and procedure of that determination. *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28.

The United States also objects to the interrogatories that ask for information about the FPAA, because it seeks the opinions, interpretations, and deliberations of IRS and Treasury employees. Such documents have been repeatedly held to be neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in a federal tax suit, and thus not discoverable. *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987); *ISI Corporation v. United States*, 503 F.2d 558, 559 (9th Cir. 1974), aff'g, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Vienna Sausage Manufacturing Co. v. United States*, (Civil No. 81-C-6942, USDC N.D. Ill. June 9, 1983); *Garrity v. United States*, 46 A.F.T.R.2d 80-5145 (E.D. Mich. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Cf. Hernandez v. Commissioner*, 490 U.S. 703 n.13 (1989) ("[i]n ascertaining the IRS' justifications for its administrative practice, our practice is to rely on the agency's official rulings, not on the unofficial interpretations of particular IRS officials.")

2.    The United States also objects to the interrogatories seeking information that is protected from disclosure by the governmental deliberative process privilege. In federal tax cases the governmental deliberative process privilege has been held to preclude discovery of IRS employees' predecisional opinions and deliberations. *ISI Corporation v. United States*, 503 F.2d 558, 559 (9th Cir. 1974), aff'g, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Weir Foundation v. United States*, 508 F.2d 894, 895 n.2 (2d Cir. 1974), aff'g, 72-1 U.S.T.C. ¶8,435 (S.D.N.Y.

1972); *Piks Corp. v. United States*, 50 A.F.T.R.2d 82-5230 (N.D. Ohio 1982); *Rodgers v. Hyatt*, 91 F.R.D. 399, 404-06 (D. Colo. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77 (S.D.N.Y. 1970). *Cf. Green v. Internal Revenue Service*, 556 F. Supp. 79, 84-85 (N.D. Ind. 1982), *aff'd* 734 F.2d 18 (7th Cir. 1984)(FOIA action).

The governmental deliberative process privilege is a qualified privilege, which generally exempts from disclosure communications that are part of the decision-making process of a governmental agency. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-152; *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege is designed to encourage frank and uninhibited communication among governmental officials in the course of creating public policy. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 151-152; *Enviro Tech Intern., Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004).

Where the privilege applies to information requested, a court must balance the purpose of the privilege against the "objective" need (if any) for the information in the litigation. *United States v. Leggett and Platt, Inc.*, 542 F.2d 655, 658-59 (6th Cir. 1976). Where the information requested is "objectively" irrelevant to the resolution to any of the issues in the litigation, as that requested here, the party requesting the information cannot, as a matter of law, make a showing of need. *United States v. Leggett and Platt, Inc.*, 542 F.2d at 658-59.

3.    The United States also objects to the requests as overly burdensome. In determining whether information is predecisional and deliberative, and therefore, subject to the governmental deliberative process privilege, the agency first considers whether the information falls within the scope of the deliberative process privilege; that is, whether the information was

3                                                    1861316.1

generated before the adoption of an agency policy or position and whether the information

reflects the give-and-take of the consultation process leading up to the formulation of an agency

policy or position. The agency also considers whether the information is recommendatory in

nature or is a draft of what may become a final document; whether the material weighs the pros

and cons as to the agency's ultimate adoption of one viewpoint or another; and whether the

material is so candid or personal in nature that public disclosure is likely in the future to stifle

honest and frank communication within the agency. The United States has asked the IRS and

Treasury to review their files to identify any responsive materials and to determine whether to

assert a formal claim of privilege.

## RESPONSE TO INTERROGATORIES

> Interrogatory No. 1: At the March 10, 2006 status conference, Defendant
> stated that "Mr. Haber's entities had set up what was known as a consultant, or
> investment advising firm, which was known as Alpha." Please set forth all facts
> supporting the statement that Mr. Haber's entities set up Alpha.

Response:

The United States objects to this interrogatory as overly broad and unduly burdensome

because it asks for "all" facts supporting the allegation. *See IBP, Inc. v. Mercantile Bank of*

*Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or material

facts supporting an allegation, not all facts). Subject to this objection, and with the

understanding that discovery is ongoing, see our response in opposition to your petition to quash

our subpoena to KPMG, and Ex. 4 attached thereto, referencing Alpha and Helios as affiliates.

Also see paragraph 3 of the Confidential Settlement Agreement and Mutual General Releases

entered into by James Haber, individually and in his capacity as president of Diversified Group,

Inc., which provides, inter alia, for the release of Alpha, which is also attached. The United

<center>4</center>

States reserves the right to supplement as discovery proceeds.

> **Interrogatory No. 2**: In a letter dated May 24, 2006 to Plaintiff's counsel, Defendant referred to "fraudulent tax-shelter products known as FLIP, OPIS, BLIPS, and SOS (and its variants, including FDIS)." Please set forth all facts supporting the statement that "SOS (and its variants, including FDIS)" are fraudulent.

**Response**:

The United States objects to this interrogatory as overly broad and unduly burdensome

because it asks for "all" facts supporting the allegation. *See IBP, Inc. v. Mercantile Bank of*

*Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or material

facts supporting an allegation, not all facts). Subject to this objection, and with the

understanding that discovery is ongoing, the United States relies on KPMG's admission in the

deferred prosecution agreement that it developed, promoted, and implemented unregistered and

fraudulent tax shelters, including SOS and its variants. We are taking the same position as that

taken by the prosecution in the *Stein* case as set forth in their bill of particulars, which is

attached. The United States reserves the right to supplement as discovery proceeds.

> **Interrogatory No. 3**: The notices of final partnership administrative adjustment (FPAAs) dated April 6, 2005 and April 26, 2006, bear the notation "Notice 2000-44 Case." Please set forth the basis for the IRS's assertion that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44. Your answer should include all facts upon which this determination was made as well as the process for making this determination, including the name of each person involved in making this determination and the person who made the final determination.

**Response**:

The United States objects to this interrogatory because it seeks information that is not

relevant or likely to lead to the discovery of admissible evidence.

This is a *de novo* proceeding in which Richard Egan has the burden of proving that

<div align="center">5</div>

Fidelity International was correct in reporting, among other things, that he lost $158,630,921 in 2001. *See* 26 U.S.C. § 6226(f) (requiring court to "determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates . . . and the applicability of any penalty . . . which relates to an adjustment to a partnership item"); *United States v. Janis*, 428 U.S. 433, 440 (1976) (affirming that taxpayer in refund suit bears burden of proving amount he is entitled to recover); *Sealy Power, Ltd. v. Comm'r*, 46 F.3d 382, 385-86 (5th Cir. 1995) (holding that FPAA in § 6226 petition is functional equivalent to notice of deficiency in refund suit); *Meserve Drilling Partners v. Comm'r*, 152 F.3d 1181, 1183 (9th Cir. 1998) (same); *Production House Ltd. P'ship C-23 v. Comm'r*, T.C. Memo 1992-304 (holding that § 6226 petition of FPAA gives rise to a trial *de novo*); *Fidelity* Status Hr'g Tr. 15:22-23 (May 11, 2006) (counsel for Mr. Egan acknowledged that his client is "the party with the burden of proof").

Accordingly, Mr. Egan cannot take discovery on whether, why, or how the IRS asserted, or who was involved in deciding to assert, that the transaction in which he engaged was the same as or substantially similar to a transaction described in Notice 2000-44. *Greenberg's Express, Inc. v. Comm'r*, 62 T.C. 324, 327 (1974) ("As a general rule, this Court will not look behind a deficiency notice to examine the evidence used or the propriety of respondent's motives or of the administrative policy or procedure involved in making his determinations."); *Sealy Power*, 46 F.3d at 387 (5th Cir. 1995) (stating that "we apply the general rule of not looking behind the notice of deficiency to determine whether it is arbitrary"); *ISI Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974) ("the opinions, conclusions and reasoning of government officials are not subject to discovery" in federal tax cases). As the Tax Court has explained, "[the court's]

6                                      1861316.1

determination as to a petitioner's tax liability must be based on the merits of the case and not any previous record developed at the administrative level." *Greenberg's Express*, 62 T.C. at 328.

Mr. Egan may, of course, ask whether the United States contends that the transaction in which he engaged is the same as or substantially similar to a transaction described in Notice 2000-44, although it would be premature to do so at this stage of discovery. *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) (stating that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period"); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (holding that contention interrogatories are more appropriate after substantial discovery has been conducted).

In addition, the United States objects to this interrogatory as overly broad and unduly burdensome because it asks for "all" facts supporting the allegation. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or material facts supporting an allegation, not all facts).

Last, the United States objects to this interrogatory because it asks about a 2006 FPAA that is the subject of another suit.

7                                                           1861316.1

Interrogatory No. 4: In paragraph 2 of Exhibit A to its FPAAs dated April 6, 2005 and April 26, 2006, the IRS asserts that FICA A Fund "was formed and/or availed of solely for purposes of tax avoidance." Please set forth the basis for that assertion. Your answer should include all facts upon which this determination was made as well as the process for making this determination, including the name of each person involved in making this determination and the person who made the final determination.

Response:

The United States objects to this interrogatory because it seeks information that is not

relevant or likely to lead to the discovery of admissible evidence.

This is a *de novo* proceeding in which Richard Egan has the burden of proving that

Fidelity International was correct in reporting, among other things, that he lost $158,630,921 in

2001. *See* 26 U.S.C. § 6226(f) (requiring court to "determine all partnership items of the

partnership for the partnership taxable year to which the notice of final partnership administrative

adjustment relates . . . and the applicability of any penalty . . . which relates to an adjustment to a

partnership item"); *United States v. Janis*, 428 U.S. 433, 440 (1976) (affirming that taxpayer in

refund suit bears burden of proving amount he is entitled to recover); *Sealy Power, Ltd. v.

Comm'r*, 46 F.3d 382, 385-86 (5th Cir. 1995) (holding that FPAA in § 6226 petition is functional

equivalent to notice of deficiency in refund suit); *Meserve Drilling Partners v. Comm'r*, 152 F.3d

1181, 1183 (9th Cir. 1998) (same); *Production House Ltd. P'ship C-23 v. Comm'r*, T.C. Memo

1992-304 (holding that § 6226 petition of FPAA gives rise to a trial *de novo*); *Fidelity* Status

Hr'g Tr. 15:22-23 (May 11, 2006) (counsel for Mr. Egan acknowledged that his client is "the

party with the burden of proof").

Accordingly, Mr. Egan cannot take discovery on why or how the IRS asserted, or who

was involved in deciding to assert, that Fidelity International was formed and/or availed of solely

1861316.1

for purposes of tax avoidance. *Greenberg's Express, Inc. v. Comm'r*, 62 T.C. 324, 327 (1974) ("As a general rule, this Court will not look behind a deficiency notice to examine the evidence used or the propriety of respondent's motives or of the administrative policy or procedure involved in making his determinations."); *Sealy Power*, 46 F.3d at 387 (5th Cir. 1995) (stating that "we apply the general rule of not looking behind the notice of deficiency to determine whether it is arbitrary"); *ISI Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974) ("the opinions, conclusions and reasoning of government officials are not subject to discovery" in federal tax cases). As the Tax Court has explained, "[the court's] determination as to a petitioner's tax liability must be based on the merits of the case and not any previous record developed at the administrative level." *Greenberg's Express*, 62 T.C. at 328.

Mr. Egan may, of course, ask whether the United States contends that Fidelity International was formed and/or availed of solely for purposes of tax avoidance, although it would be premature to do so at this stage of discovery. *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) (stating that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period"); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (holding that contention interrogatories are more appropriate after substantial discovery has been conducted).

In addition, the United States objects to this interrogatory as overly broad and unduly burdensome because it asks for "all" facts supporting the allegation. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or material facts supporting an allegation, not all facts).

<div align="center">9</div>

Last, the United States objects to this interrogatory because it asks about a 2006 FPAA that is the subject of another suit.

> Interrogatory No. 5: In paragraph 3 of Exhibit A to its FPAAs dated April 6, 2005 and April 26, 2006, the IRS asserts that FICA A Fund "was a sham, lacked economic substance and, under § 1.701-2 of the Income Tax Regulations, was formed and/or availed of in connection with a transaction or transactions in taxable year 2001, a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code." Please set forth the basis for this assertion. Your answer should include all facts upon which this determination was made as well as the process for making this determination, including the name of each person involved in making this determination and the person who made the final determination.

Response:

The United States objects to this interrogatory because it seeks information that is not relevant or likely to lead to the discovery of admissible evidence.

This is a *de novo* proceeding in which Richard Egan has the burden of proving that Fidelity International was correct in reporting, among other things, that he lost $158,630,921 in 2001. *See* 26 U.S.C. § 6226(f) (requiring court to "determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates . . . and the applicability of any penalty . . . which relates to an adjustment to a partnership item"); *United States v. Janis*, 428 U.S. 433, 440 (1976) (affirming that taxpayer in refund suit bears burden of proving amount he is entitled to recover); *Sealy Power, Ltd. v. Comm'r*, 46 F.3d 382, 385-86 (5th Cir. 1995) (holding that FPAA in § 6226 petition is functional equivalent to notice of deficiency in refund suit); *Meserve Drilling Partners v. Comm'r*, 152 F.3d 1181, 1183 (9th Cir. 1998) (same); *Production House Ltd. P'ship C-23 v. Comm'r*, T.C. Memo 1992-304 (holding that § 6226 petition of FPAA gives rise to a trial *de novo*); *Fidelity* Status

10                                                        1861316.1

Hr'g Tr. 15:22-23 (May 11, 2006) (counsel for Mr. Egan acknowledged that his client is "the party with the burden of proof").

Accordingly, Mr. Egan cannot take discovery on why or how the IRS asserted, or who was involved in deciding to assert, that Fidelity International was a sham, lacked economic substance and, under § 1.701-2 of the Income Tax Regulations, was formed and/or availed of in connection with a transaction or transactions in taxable year 2001, a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. *Greenberg's Express, Inc. v. Comm'r*, 62 T.C. 324, 327 (1974) ("As a general rule, this Court will not look behind a deficiency notice to examine the evidence used or the propriety of respondent's motives or of the administrative policy or procedure involved in making his determinations."); *Sealy Power*, 46 F.3d at 387 (5th Cir. 1995) (stating that "we apply the general rule of not looking behind the notice of deficiency to determine whether it is arbitrary"); *ISI Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974) ("the opinions, conclusions and reasoning of government officials are not subject to discovery" in federal tax cases). As the Tax Court has explained, "[the court's] determination as to a petitioner's tax liability must be based on the merits of the case and not any previous record developed at the administrative level." *Greenberg's Express*, 62 T.C. at 328.

Mr. Egan may, of course, ask whether the United States contends that Fidelity International was a sham, lacked economic substance and, under § 1.701-2 of the Income Tax Regulations, was formed and/or availed of in connection with a transaction or transactions in taxable year 2001, a principal purpose of which was to reduce substantially the present value of

<div align="center">11</div>

<div align="right">1861316.1</div>

its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of

Subchapter K of the Internal Revenue Code, although it would be premature to do so at this stage

of discovery. *See, In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985)

(stating that "the wisest general policy is to defer propounding and answering contention

interrogatories until near the end of the discovery period"); *McCarthy v. Paine Webber Group,*

*Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (holding that contention interrogatories are more

appropriate after substantial discovery has been conducted).

In addition, the United States objects to this interrogatory as overly broad and unduly

burdensome because it asks for "all" facts supporting the allegation. *See IBP, Inc. v. Mercantile*

*Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or

material facts supporting an allegation, not all facts).

Last, the United States objects to this interrogatory because it asks about a 2006 FPAA

that is the subject of another suit.

>    Interrogatory No. 6: In paragraph 5 of Exhibit A to its FPAAs dated April 6,
> 2005 and April 26, 2006, the IRS asserts that "neither [FICA A Fund] nor its
> purported partners entered into the option(s) positions with a profit motive for
> purposes of § 165(c)(2)." Please set forth the basis for this assertion. Your answer
> should include all facts upon which this determination was made as well as the
> process for making this determination, including the name of each person involved
> in making this determination and the person who made the final determination.

Response:

The United States objects to this interrogatory because it seeks information that is not

relevant or likely to lead to the discovery of admissible evidence.

This is a *de novo* proceeding in which Richard Egan has the burden of proving that

Fidelity International was correct in reporting, among other things, that he lost $158,630,921 in

2001.  *See* 26 U.S.C. § 6226(f) (requiring court to "determine all partnership items of the

partnership for the partnership taxable year to which the notice of final partnership administrative

adjustment relates . . . and the applicability of any penalty . . . which relates to an adjustment to a

partnership item"); *United States v. Janis*, 428 U.S. 433, 440 (1976) (affirming that taxpayer in

refund suit bears burden of proving amount he is entitled to recover); *Sealy Power, Ltd. v.*

*Comm'r*, 46 F.3d 382, 385-86 (5th Cir. 1995) (holding that FPAA in § 6226 petition is functional

equivalent to notice of deficiency in refund suit); *Meserve Drilling Partners v. Comm'r*, 152 F.3d

1181, 1183 (9th Cir. 1998) (same); *Production House Ltd. P'ship C-23 v. Comm'r*, T.C. Memo

1992-304 (holding that § 6226 petition of FPAA gives rise to a trial *de novo*); *Fidelity* Status

Hr'g Tr. 15:22-23 (May 11, 2006) (counsel for Mr. Egan acknowledged that his client is "the

party with the burden of proof").

      Accordingly, Mr. Egan cannot take discovery on why or how the IRS asserted, or who

was involved in deciding to assert, that neither Fidelity International nor its purported partners

entered into the option(s) positions with a profit motive for purposes of § 165(c)(2).  *Greenberg's*

*Express, Inc. v. Comm'r*, 62 T.C. 324, 327 (1974) ("As a general rule, this Court will not look

behind a deficiency notice to examine the evidence used or the propriety of respondent's motives

or of the administrative policy or procedure involved in making his determinations."); *Sealy*

*Power*, 46 F.3d at 387 (5th Cir. 1995) (stating that "we apply the general rule of not looking

behind the notice of deficiency to determine whether it is arbitrary"); *ISI Corp. v. United States*,

503 F.2d 558, 559 (9th Cir. 1974) ("the opinions, conclusions and reasoning of government

officials are not subject to discovery" in federal tax cases).  As the Tax Court has explained, "[the

court's] determination as to a petitioner's tax liability must be based on the merits of the case and

1861316.1

not any previous record developed at the administrative level." *Greenberg's Express*, 62 T.C. at 328.

Mr. Egan may, of course, ask whether the United States contends that neither Fidelity International nor its purported partners entered into the option(s) positions with a profit motive for purposes of § 165(c)(2), although it would be premature to do so at this stage of discovery. *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) (stating that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period"); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (holding that contention interrogatories are more appropriate after substantial discovery has been conducted).

In addition, the United States objects to this interrogatory as overly broad and unduly burdensome because it asks for "all" facts supporting the allegation. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or material facts supporting an allegation, not all facts).

Last, the United States objects to this interrogatory because it asks about a 2006 FPAA that is the subject of another suit.

> Interrogatory No. 7: In paragraph 13 of Exhibit A to its FPAA dated April 6, 2005 and in paragraph 12 of Exhibit A to its FPAA dated April 26, 2006, the IRS asserts accuracy-related penalties pursuant to Internal Revenue Code section 6662. Please set forth the basis for the IRS's assertion of accuracy-related penalties. Your answer should include all facts upon which this determination was made as well as the process for making this determination, including the name of each person involved in making this determination and the person who made the final determination.

Response:

The United States objects to this interrogatory because it seeks information that is not

1861316.1

relevant or likely to lead to the discovery of admissible evidence.

This is a *de novo* proceeding in which Richard Egan has the burden of proving that Fidelity International was correct in reporting, among other things, that he lost $158,630,921 in 2001. *See* 26 U.S.C. § 6226(f) (requiring court to "determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates . . . and the applicability of any penalty . . . which relates to an adjustment to a partnership item"); *United States v. Janis*, 428 U.S. 433, 440 (1976) (affirming that taxpayer in refund suit bears burden of proving amount he is entitled to recover); *Sealy Power, Ltd. v. Comm'r*, 46 F.3d 382, 385-86 (5th Cir. 1995) (holding that FPAA in § 6226 petition is functional equivalent to notice of deficiency in refund suit); *Meserve Drilling Partners v. Comm'r*, 152 F.3d 1181, 1183 (9th Cir. 1998) (same); *Production House Ltd. P'ship C-23 v. Comm'r*, T.C. Memo 1992-304 (holding that § 6226 petition of FPAA gives rise to a trial *de novo*); *Fidelity* Status Hr'g Tr. 15:22-23 (May 11, 2006) (counsel for Mr. Egan acknowledged that his client is "the party with the burden of proof").

Accordingly, Mr. Egan cannot take discovery on why or how the IRS asserted, or who was involved in deciding to assert, accuracy-related penalties pursuant to Internal Revenue Code section 6662. *Greenberg's Express, Inc. v. Comm'r*, 62 T.C. 324, 327 (1974) ("As a general rule, this Court will not look behind a deficiency notice to examine the evidence used or the propriety of respondent's motives or of the administrative policy or procedure involved in making his determinations."); *Sealy Power*, 46 F.3d at 387 (5th Cir. 1995) (stating that "we apply the general rule of not looking behind the notice of deficiency to determine whether it is arbitrary"); *ISI Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974) ("the opinions, conclusions and

1861316.1

reasoning of government officials are not subject to discovery" in federal tax cases).  As the Tax

Court has explained, "[the court's] determination as to a petitioner's tax liability must be based

on the merits of the case and not any previous record developed at the administrative level."

*Greenberg's Express*, 62 T.C. at 328.

Mr. Egan may, of course, ask whether the United States contends that accuracy-related

penalties pursuant to Internal Revenue Code section 6662 are appropriate in this case, although it

would be premature to do so at this stage of discovery.  *See, In re Convergent Techs. Sec. Litig.*,

108 F.R.D. 328, 336 (N.D. Cal. 1985) (stating that "the wisest general policy is to defer

propounding and answering contention interrogatories until near the end of the discovery

period"); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (holding

that contention interrogatories are more appropriate after substantial discovery has been

conducted).

In addition, the United States objects to this interrogatory as overly broad and unduly

burdensome because it asks for "all" facts supporting the allegation.  *See, IBP, Inc. v. Mercantile

Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or

material facts supporting an allegation, not all facts).

Last, the United States objects to this interrogatory because it asks about a 2006 FPAA

that is the subject of another suit.

Interrogatory No. 8: Please set forth all statements that Defendant claims were
made by Richard Egan or his agents or advisors, including, but not limited to,
Michael Egan, Patrick Shea, Jim Reiss, or Stephanie Denby, in the course of the
FICA A Fund Examination, including the content of the statement, the date the
statement was made, and in whose presence the statement was made.

Response:

16                                        1861316.1

The United States specifies the following documents, which are attached.

1IRS104-1IRS105
1IRS108-1IRS110
1IRS731-1IRS732
1IRS1303-1IRS1305
1IRS1306-1IRS1307

These documents were previously withheld in full for deliberative process. We produce them now in unredacted form. The United States reserves the right to supplement as discovery proceeds.

Interrogatory No. 9: Please set forth all bases upon which the Government relies in claiming that the March 8, 2002 opinion issued by Sidley Austin to Richard Egan was factually or legally incorrect as of the date of the opinion.

Response:

The United States objects to this contention interrogatory because it is premature at this stage of discovery. *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) (stating that "the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period"); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (holding that contention interrogatories are more appropriate after substantial discovery has been conducted). The United States is in the thick of document discovery and needs to gather and analyze more facts before it forms its contentions about those facts. Indeed, the United States has not yet even begun to take depositions. Moreover, there is a considerable possibility that once the United States does begin to take depositions, R. J. Ruble, the author of the Sidley Austin opinion that Richard Egan bought, will take the Fifth due to his indictment in the *Stein* case. As such, this contention interrogatory is especially premature.

17                                          1861316.1

The United States also objects to this interrogatory as overly broad and unduly burdensome because it asks for "all" bases, a request which presumably include all facts supporting the allegation. *See, IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or material facts supporting an allegation, not all facts).

Interrogatory No. 10: Please set forth all facts relating to Samuel Mahoney's investment in FICA A Fund.

Response:

The United States objects to this interrogatory as overly broad and unduly burdensome because it asks for "all" facts. *See, IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (interrogatories may ask for principal or material facts supporting an allegation, not all facts). The United States also objects to this interrogatory because it seeks information that is obtainable from Samuel Mahoney (with whom Richard Egan and his advisors have communicated regarding the Fidelity International transaction, the subsequent audit, and this litigation, and with whom Mr. Egan has personally met less than a year ago) with less burden, less expense, more convenience, and more accuracy. Subject to this objection, and with the understanding that discovery is ongoing, it appears that the principal facts relating to Samuel Mahoney's investment in Fidelity International are the following. Mr. Mahoney appears to have contributed $651,000 to Fidelity International in return for 93% of the common interests. Approximately one week later, Mr. Mahoney appears to have received a gain of over $150M. Approximately one week after that, Mr. Mahoney appears to have sold 88% of the common interests to Richard Egan for $325,500 and retained 5% of the common interests. Approximately one month after that, Mr. Egan appears to have received a loss of over $150M. At this stage of

1861316.1

discovery, the United States has not confirmed that any of these alleged events actually took

place. The United States reserves the right to supplement as discovery proceeds.

Interrogatory No. 11: Please state whether, under the terms of the Deferred Prosecution Agreement, KPMG has an obligation to cooperate fully and actively with your office and the IRS in this case, including using its reasonable best efforts to make available its present and former partners and employees to provide information or testimony supporting the Statement of Facts referenced in the Deferred Prosecution Agreement.

Response:

The United States objects to this interrogatory because it seeks information that is not

relevant or likely to lead to the discovery of admissible evidence. The terms of the deferred

prosecution agreement are as written, and the only way for counsel to accurately characterize

those terms is to present them verbatim. Therefore, a copy of the deferred prosecution agreement

with KPMG is attached.

Interrogatory No. 12: Please state the names of each member of KPMG's tax leadership who permitted tax professionals to market and implement SOS transactions. (See paragraph 20 of the Statement of Facts referenced in the KPMG Deferred Prosecution Agreement.)

Response:

The United States objects to this interrogatory to the extent it seeks information to which

we do not have access because that information is protected from disclosure by the law

enforcement privilege and/or Rule 6(e) of the Federal Rules of Criminal Procedure.

19                                    1861316.1

<u>Interrogatory No. 13</u>: Please state the names of all KPMG tax partners involved in the marketing and sale of SOS transactions and the members of the KPMG tax leadership who were aware of the marketing and sale of SOS transactions. (See paragraph 30 of the Statement of Facts referenced in the KPMG Deferred Prosecution Agreement.)

<u>Response</u>:

The United States objects to this interrogatory to the extent it seeks information to which we do not have access because that information is protected from disclosure by the law enforcement privilege and/or Rule 6(e) of the Federal Rules of Criminal Procedure.

<u>Interrogatory No. 14</u>: Please state the name and business association of each person who participated in the development or design of the SOS, FOCUS, or FDIS transactions.

<u>Response</u>:

The United States objects to this interrogatory to the extent it seeks information to which we do not have access because that information is protected from disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure. The United States also objects to this interrogatory because it seeks information that is obtainable by subpoena from KPMG, Diversified, Helios, Alpha, Sidley Austin, and others (all of whom have or are more likely to have first-hand knowledge of those who participated in the development or design of SOS, FOCUS, or FDIS) with less burden, less expense, more convenience, and more accuracy. Without waiving these objections, the United States responds that we have not, at this stage of discovery, learned the information sought. The United States reserves the right to supplement as discovery proceeds.

1861316.1

Dated August 10, 2006.

MICHAEL J. SULLIVAN
United States Attorney


JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
E-mail: John.A.Lindquist@usdoj.gov

21                                    1861316.1

## CERTIFICATE OF SERVICE

I hereby certify that the United States' Response to Plaintiff's Second Set of

Interrogatories was served upon the plaintiff by sending a copy to his attorneys at the following

address on the ___10___ day of August, 2006.

David J. Curtin
MCKEE NELSON LLP
1919 M Street, N.W., Suite 800
Washington, D.C. 20036

JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone:  (202) 307-6561
Facsimile: (202) 514-5238
E-mail: John.A.Lindquist@usdoj.gov

1861316.1

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY     )
ADVISOR A FUND, L.L.C., by the Tax  )
Matters Partner,                    )
                                    )
                    Plaintiff,      )        Civil No. 05-40151
                                    )
          v.                        )        Judge Saylor
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                    Defendant.      )

UNITED STATES' RESPONSE TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 6-30

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and Rule 34.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Second Set of Requests for Production of Documents,

Nos. 6-30, as follows:

**GENERAL OBJECTIONS**

1.      The United States objects to these requests to produce on the ground that the

materials requested are not relevant to this action and are also not reasonably calculated to lead to

the discovery of admissible evidence in this suit for adjustment of a final partnership

administrative adjustment (FPAA).  In a federal tax case, any challenge by a taxpayer to the

Commissioner's determination that taxes are owing must be resolved in a trial *de novo*, rather

than by review of an existing administrative record.  *See e.g., Revell, Inc. v. Riddell*, 273 F.2d

649, 658-59 (9th Cir. 1959); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28

(1974).  An FPAA is the equivalent of a notice of deficiency in a refund action.  *In re G-1*

1                                                1861365.1

*Holdings, Inc.*, Civ. No. 02-03082 (WGB) (D.N.J. July 16, 2004). In an FPAA action, the partner must establish that the FPAA is incorrect, which, in turn, requires the court to apply the law to the facts of the case. The reasons for the Commissioner's determination are not relevant because the court does not review the administrative policy and procedure of that determination. *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-2.

The United States also objects to those requests that ask for "records, documents, and materials" relating to certain IRS Notices and regulations, which would include internal IRS and Treasury memoranda and analyses, because it seeks internal documents containing opinions, interpretations, and deliberations of IRS and Treasury employees. Such documents have been repeatedly held to be neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in a federal tax suit, and thus not discoverable. *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987); *ISI Corporation v. United States*, 503 F.2d 558, 559 (9th Cir. 1974), *aff'g*, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Vienna Sausage Manufacturing Co. v. United States*, (Civil No. 81-C-6942, USDC N.D. Ill. June 9, 1983); *Garrity v. United States*, 46 A.F.T.R.2d 80-5145 (E.D. Mich. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Cf. Hernandez v. Commissioner*, 490 U.S. 703 n.13 (1989)("[i]n ascertaining the IRS' justifications for its administrative practice, our practice is to rely on the agency's official rulings, not on the unofficial interpretations of particular IRS officials.")

2.      The United States also objects to the production of many of the materials requested on the ground that they are protected from disclosure by the governmental deliberative process privilege. In federal tax cases the governmental deliberative process privilege has been held to preclude discovery of IRS employees' predecisional opinions and deliberations. *ISI*

2                              1861365.1

*Corporation v. United States*, 503 F.2d 558, 559 (9th Cir. 1974), *aff'g*, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Weir Foundation v. United States*, 508 F.2d 894, 895 n.2 (2d Cir. 1974), *aff'g*, 72-1 U.S.T.C. ¶8,435 (S.D.N.Y. 1972); *Piks Corp. v. United States*, 50 A.F.T.R.2d 82-5230 (N.D. Ohio 1982); *Rodgers v. Hyatt*, 91 F.R.D. 399, 404-06 (D. Colo. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77 (S.D.N.Y. 1970).  *Cf. Green v. Internal Revenue Service*, 556 F. Supp. 79, 84-85 (N.D. Ind. 1982), *aff'd* 734 F.2d 18 (7th Cir. 1984)(FOIA action).

      The governmental deliberative process privilege is a qualified privilege, which generally exempts from disclosure communications that are part of the decision-making process of a governmental agency. *NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-152; United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993).  The privilege is designed to encourage frank and uninhibited communication among governmental officials in the course of creating public policy. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 151-152; *Enviro Tech Intern., Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004).

      Where the privilege applies to materials requested to be produced, a court must balance the purpose of the privilege against the "objective" need (if any) for the information in the litigation. *United States v. Leggett and Platt, Inc.*, 542 F.2d 655, 658-59 (6th Cir. 1976).  Where the materials requested to be produced are "objectively" irrelevant to the resolution to any of the issues in the litigation, as those requested here, the party requesting the documents cannot, as a matter of law, make a showing of need. *United States v. Leggett and Platt, Inc.*, 542 F.2d at 658-59.

<div align="center">3</div>

<div align="right">1861365.1</div>

3.      The United States also objects to the requests as overly burdensome.  In

determining whether documents are predecisional and deliberative, and therefore, subject to the

governmental deliberative process privilege, the agency first considers whether the document

falls within the scope of the deliberative process privilege; that is, whether the document was

generated before the adoption of an agency policy or position and whether the document reflects

the give-and-take of the consultation process leading up to the formulation of an agency policy or

position.  The agency also considers whether the document is recommendatory in nature or is a

draft of what may become a final document; whether the document weighs the pros and cons as

to the agency's ultimate adoption of one viewpoint or another; and whether the material is so

candid or personal in nature that public disclosure is likely in the future to stifle honest and frank

communication within the agency.   The United States has asked the IRS and Treasury to review

their files to identify any responsive documents and to determine whether to assert a formal claim

of privilege to any of these documents.

## RESPONSE TO REQUESTS

Request No. 6: A copy of the CD, or all documents contained on the CD,
referenced in Bates-numbered document 1IRS1159, sent from Tim Erickson to Bill
Conway, which Mr. Erickson describes as "containing information [he] received
from other promoter cases regarding your investor, Richard Egan, for the 2001 tax
year."

Response:

The United States has attempted and is continuing to attempt to locate this CD and all the

documents contained on it.  We will timely supplement our response if we find either.

Request No. 7: All records, documents, and materials contained in the files
maintained by the following individuals regarding the FICA A Fund Examination:
•      James Fee
•      William Kahnke

4                                          1861365.1

- John Klotsche
- Heather Malloy
- Denis McSweeney
- Deborah Morrill
- Henry Singleton
- Jonathan Zelnik

Response:

The documents requested, if any, to the extent not privileged, were produced in the exchange of documents described in our initial disclosures or in response to the Plaintiff's First Set of Requests for Production of Documents.

Request No. 8: All records, documents, and materials collected, created, or maintained by the government regarding Samuel Mahoney, Martin Hawkes, or Biosphere Finance Ltd. This request includes all inter- and intra-governmental communications regarding Samuel Mahoney, Martin Hawkes, or Biosphere Finance Ltd., including, but not limited to, communications involving any of the following individuals:

- John Aletta
- William Conway
- Linda Garrard
- Peter MacIntyre
- John McNamara
- Denis McSweeny
- Carol Poindexter

Response:

The United States objects on the ground that the request is overly broad. The United States also objects to this request because it seeks documents that constitute return or return information protected from disclosure by 26 U.S.C. section 6103 and may seek documents to which we do not have access that are protected from disclosure by the law enforcement privilege and/or Rule 6(e) of the Federal Rules of Criminal Procedure. Responsive documents from the examination of Fidelity International's 2001 income tax return, if any, to the extent not

privileged, were produced in the exchange of documents described in our initial disclosures or in

response to the Plaintiff's First Set of Requests for Production of Documents.

> **Request No. 9**: All records, documents, and materials evidencing payments
> made to Samuel Mahoney in connection with his investment in FICA A Fund.

**Response:**

The documents requested, if any, to the extent not privileged, were produced in the

exchange of documents described in our initial disclosures or in response to the Plaintiff's First

Set of Requests for Production of Documents.

> **Request No. 10**: All records, documents, and materials collected, created, or
> maintained by the IRS in connection with the entities listed in Appendix A to
> Attachment to Subpoena to KPMG for Production of Documents, issued by the
> government to KPMG on March 31, 2006, a copy of which is attached as Exhibit A
> for reference.

**Response:**

The United States objects to this request to the extent it seeks documents that constitute

return or return information protected from disclosure by 26 U.S.C. section 6103.  Responsive

documents from the examination of Fidelity International's 2001 income tax return, if any, to the

extent not privileged, were produced in the exchange of documents described in our initial

disclosures or in response to the Plaintiff's First Set of Requests for Production of Documents.

> **Request No. 11**: All opinions prepared by any professional firm in the
> possession, custody, or control of the Government regarding the tax treatment of or
> reporting requirements for any SOS, FDIS, or FOCUS investment strategy.

**Response:**

The documents requested, to the extent not privileged, were produced in the exchange of

documents described in our initial disclosures or in response to the Plaintiff's First Set of

Requests for Production of Documents.  The United States otherwise objects to this request

6                                    1861365.1

because it seeks documents that constitute return or return information protected from disclosure

by 26 U.S.C. section 6103 and may seek documents to which we do not have access that are

protected from disclosure by the law enforcement privilege and/or Rule 6(e) of the Federal Rules

of Criminal Procedure or by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure.

> **Request No. 12**: All expert reports obtained by the Government in connection
> with its examination of any SOS, FDIS, or FOCUS investment strategy, regardless
> of whether the expert was engaged by the Government or any other person.  If the
> expert report is in the public record, all records, documents, and materials underlying
> the report.

**Response:**

The  United States objects to this request because it seeks documents that constitute

return or return information protected from disclosure by 26 U.S.C. section 6103 and may seek

documents to which we do not have access that are protected from disclosure by the law

enforcement privilege and/or Rule 6(e) of the Federal Rules of Criminal Procedure or by Rule

26(b)(4)(B) of the Federal Rules of Civil Procedure.

> **Request No. 13**: All expert reports obtained by the Government regarding the
> treatment of short positions in connection with the Government's examination of any
> SOS, FDIS, or FOCUS investment strategy, regardless of whether the expert was
> engaged by the Government or any other person.  If the expert report is in the public
> record, all records, documents, and materials underlying the report.

**Response:**

The  United States objects to this request because it seeks documents that constitute

return or return information protected from disclosure by 26 U.S.C. section 6103 and may seek

documents to which we do not have access that are protected from disclosure by the law

enforcement privilege and/or Rule 6(e) of the Federal Rules of Criminal Procedure or by Rule

26(b)(4)(B) of the Federal Rules of Civil Procedure.

1861365.1

Request No. 14: All analyses by the Government of SOS, FDIS, or FOCUS investment strategies, including, but not limited to, records, documents, and materials reflecting consideration by the IRS.

Response:

The United States objects to this request because it seeks documents that contain return or return information protected from disclosure by 26 U.S.C. section 6103 and that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine. Responsive documents from the examination of Fidelity International's 2001 income tax return, if any, to the extent not privileged, were produced in the exchange of documents described in our initial disclosures or in response to the Plaintiff's First Set of Requests for Production of Documents.

Request No. 15: All records, documents, and materials underlying the IRS's determination, if any, that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44.

Response:

The United States objects to this request because it seeks documents that are not relevant or likely to lead to the discovery of admissible evidence. This is a de novo proceeding in which Richard Egan has the burden of proving that Fidelity International was correct in reporting, among other things, that he lost $158,630,921 in 2001. Counsel for the United States has, in any case, attempted to produce everything in the administrative file to the extent not privileged. Accordingly, documents responsive to this request, if any, to the extent not privileged, were produced in the exchange of documents described in our initial disclosures or in response to the Plaintiff's First Set of Requests for Production of Documents.

1861365.1

<u>Request No. 16</u>: All records, documents, and materials concerning the issuance or interpretation of Notice 2000-44.

<u>Response</u>:

As explained in the general objections, the United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. As also explained in the general objections, the United States objects to the disclosure of many of the documents requested to be produced by this request (either in whole or part) on the ground that they are protected from disclosure by the governmental deliberative process privilege. Without waiving these objections, the United States is producing herewith a CD which contains a privilege log which details all of the documents generated by the Internal Revenue Service relating to this request which are being withheld by the United States as privileged. All other documents generated by the Internal Revenue Service related to this request are being produced on the CD. See attached CD and summary table detailing the contents of he CD.

<u>Request No. 17</u>: All records, documents, and materials concerning the issuance or interpretation of Chief Counsel Notice 2003-20.

<u>Response</u>:

As explained in the general objections, the United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. As also explained in the

9                                   1861365.1

general objections, the United States objects to the disclosure of many of the documents requested to be produced by this request (either in whole or part) on the ground that they are protected from disclosure by the governmental deliberative process privilege. Without waiving these objections, the United States is producing herewith a privilege log which details all of the documents generated by the Internal Revenue Service relating to this request which are being withheld by the United States as privileged. All other documents generated by the Internal Revenue Service related to this request are being produced on the CD. See attached CD and summary table detailing the contents of he CD.

Request No. 18: All records, documents, and materials concerning the issuance or interpretation of Announcement 2004-46.

Response:

The United States objects to this request for production upon the ground of relevancy and upon the ground that the requested information is other taxpayer information that is subject to protection from disclosure pursuant to 26 U.S.C. Section 6103. As to any internal documents concerning the interpretation of Announcement 2000-46, the United States additionally objects that they are protected by the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine.

Request No. 19: All records, documents, and materials concerning the issuance or interpretation of Treas. Reg. § 1.752-6.

Response:

As explained in the general objections, the United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is

10                                          1861365.1

required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. As also explained in the

general objections, the United States objects to the disclosure of many of the documents

requested to be produced by this request (either in whole or part) on the ground that they are

protected from disclosure by the governmental deliberative process privilege. Without waiving

these objections, the United States is producing herewith a privilege log which details all of the

documents generated by the Internal Revenue Service relating to this request which are being

withheld by the United States as privileged. In addition, without waiving these objections, the

United States is producing a draft privilege log which details the documents generated by the

Department of Treasury relating to this request which are being withheld by the United States as

privileged.   All other documents generated by the Internal Revenue Service related to this

request are being produced on the CD. See attached CD and summary table detailing the

contents of he CD.   All other documents generated by the Department of Treasury related to this

request have been requested and will be produced.

> **Request No. 20**: All records, documents, and materials concerning the
> issuance or interpretation of Revenue Ruling 88-77.

**Response:**

As explained in the general objections, the United States objects to this request to

produce on the ground that the materials requested are not relevant to the subject matter of this

litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is

required by  Rule 26(b)(1) of the Federal Rules of the Procedure. As also explained in the

general objections, the United States objects to the disclosure of many of the documents

requested to be produced by this request (either in whole or part) on the ground that they are

protected from disclosure by the governmental deliberative process privilege. Without waiving

these objections, the United States is producing herewith a privilege log which details all of the

documents generated by the Internal Revenue Service relating to this request which are being

withheld by the United States as privileged. All other documents generated by the Internal

Revenue Service related to this request are being produced.

Request No. 21: All pleadings, records, documents, and materials maintained by the IRS in connection with *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975), including, but not limited to, all documents previously produced by the Government in any other proceeding concerning this subject.

Response:

The United States objects to this request as vague, ambiguous, and overly broad. Further,

as explained in the general objections, the United States objects to this request to produce on the

ground that the materials requested are not relevant to the subject matter of this litigation and are

not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule

26(b)(1) of the Federal Rules of Civil Procedure.

Request No. 22: All records, documents, and materials in any promoter examination file that refer to FICA A Fund or Richard Egan.

Response:

The documents requested, if any, to the extent not privileged, were produced in the

exchange of documents described in our initial disclosures or in response to the Plaintiff's First

Set of Requests for Production of Documents.

Request No. 23: All records, documents, and materials in any promoter examination file that refer to SOS, FDIS, or FOCUS.

Response:

The United States objects to this request to the extent it seeks documents that constitute

1861365.1

return or return information protected from disclosure by 26 U.S.C. section 6103. Other

responsive documents, if any, to the extent not privileged, were produced in the exchange of

documents described in our initial disclosures or in response to the Plaintiff's First Set of

Requests for Production of Documents.

> **Request No. 24**: All transcripts, reports, video recordings, or notes of interviews or Q&As from the promoter examinations, whether prepared by or on behalf of the Government or the party under examination, of the following entities:
> - Alpha
> - Diversified Group Inc.
> - Helios
> - KPMG
> - Proskauer
> - Refco Capital Markets Ltd.
> - Sidley Austin

The United States objects to this request to the extent it seeks documents that constitute return or

return information protected from disclosure by 26 U.S.C. section 6103. The United States also

objects because notes of the IRS might be protected by the deliberative process privilege, the

attorney-client privilege, or the attorney work product doctrine.

> **Request No. 25**: All transcripts, video recordings, or notes of the IRS interviews of James Haber on February 27 and 28, 2003.

**Response:**

The United States objects because the interviews are not identified with sufficient

particularity to allow counsel for the United States to determine whether the government has any

responsive documents. The United States also objects to this request to the extent it seeks

documents that constitute return or return information protected from disclosure by 26 U.S.C.

section 6103. The United States also objects because notes of the IRS might be protected by the

deliberative process privilege, the attorney-client privilege, or the attorney work product doctrine.

1861365.1

Request No. 26: All transcripts, reports, video recordings, or notes of each of
the following depositions:
- Thomas Humphreys of Sidley Austin in *Eacho v. KPMG* and *Gaslow v. KPMG* (July 28, 2005)
- John MacKinnon of Sidley Austin in the McNair matter (October 28, 2004)
- John MacKinnon of Sidley Austin in *Eacho v. KPMG* and *Gaslow v. KPMG* (May 11, 2005)
- Thomas Smith, Jr., of Sidley Austin in the Jacoboni matter (December 16, 2003)
- Thomas Smith, Jr., of Sidley Austin in *Adams v. KPMG* and *Wilson v. KPMG* (May 12, 2005)

Response:

The United States objects because the cases are not identified with sufficient particularity

to allow counsel for the United States to determine whether the government has any responsive

documents. The United States also objects because the documents requested are presumably part

of the public record and, as such, are available to Richard Egan to the same extent that they are

available to the United States, which was not a party to these suits.

Request No. 27: All records, documents, and materials upon which the
Government relied in asserting accuracy-related penalties against FICA A Fund.

Response:

The United States objects to this request because it seeks documents that are not relevant

or likely to lead to the discovery of admissible evidence. This is a de novo proceeding in which

Richard Egan has the burden of proving that Fidelity International was correct in reporting,

among other things, that he lost $158,630,921 in 2001. Counsel for the United States has, in any

case, attempted to produce everything in the administrative file to the extent not privileged.

Accordingly, documents responsive to this request, if any, to the extent not privileged, were

produced in the exchange of documents described in our initial disclosures or in response to the

Plaintiff's First Set of Requests for Production of Documents.

<div align="center">14</div>

Request No. 28: All transcripts and video recordings of depositions and hearings that took place in the following cases: *Jenkens & Gilchrist v. Diversified Group*, 1:00-cv-06484-SAS (S.D.N.Y.); *Diversified Group v. Daugerdas*, No. 1:00-cv-00771-SAS-GWG (S.D.N.Y.).

Response:

The United States objects because the documents requested, to the extent available, are part of the public record and, as such, are available to Richard Egan to the same extent that they are available to the United States, which was not a party to these suits.

Request No. 29: All records, documents, and materials evidencing statements that were made by Richard Egan or his agents or advisors, including, but not limited to, Michael Egan, Patrick Shea, Jim Reiss, or Stephanie Denby, in the course of the FICA A Fund Examination.

Response:

The documents requested, if any, to the extent not privileged, were produced in the exchange of documents described in our initial disclosures or in response to the Plaintiff's First Set of Requests for Production of Documents.

1861365.1

Request No. 30: The following Bates-numbered documents, which are documents that the government did not produce in response to Plaintiff's First Set of Requests for Production of Documents and constitute gaps in the Bates-numbered documents produced in response to that request:

- 5IRS0001-5IRS0006
- 5IRS1244
- 5IRS1249-5IRS1250
- 5IRS1252-5IRS1275
- 5IRS1892-5IRS1903
- 5IRS1905-5IRS1925
- 5IRS2781-5IRS3112
- 5IRS3789

Response:

As noted in our response of June 23, 2006, to your letter of June 9, 2006, the documents listed in this request are protected from production by 26 U.S.C. section 6103 or other privileges. A supplemental privilege log is attached.

Dated August ___, 2006.

MICHAEL J. SULLIVAN
United States Attorney

JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
E-mail: John.A.Lindquist@usdoj.gov

16                                    1861365.1

## Privilege Log Supplement

August 10, 2006

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 5IRS00001 | 5IRS00006 | 6 | 2006 | Letter from IRS to Counsel for United States | N | AC, WP |
| 5IRS01244 | 5IRS01244 | 1 | 10/5/2001 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS01249 | 5IRS01250 | 2 | 10/4/2001 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS01252 | 5IRS01272 | 21 | | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS01273 | 5IRS01273 | 1 | 10/5/2001 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS01274 | 5IRS01274 | 1 | 10/5/2001 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS01275 | 5IRS01275 | 1 | 10/5/2001 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS01892 | 5IRS01903 | 12 | 6/8/2004 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS01905 | 5IRS01925 | 21 | 6/15/2004 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS02761 | 5IRS02946 | 166 | 1/29/2003 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS02947 | 5IRS03112 | 166 | 1/29/2003 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |
| 5IRS03789 | 5IRS03789 | 1 | 11/2/2001 | Documents concerning taxpayer other than Egan. | N | 26 U.S.C. 6103 |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the United States' Response to Plaintiff's Second Set of Requests for

Production of Documents Nos. 6-30 was served upon the plaintiff by sending a copy to his

attorneys at the following address on the _10th_ day of August, 2006.

> David J. Curtin
> MCKEE NELSON LLP
> 1919 M Street, N.W., Suite 800
> Washington, D.C. 20036
>
>
> JOHN A. LINDQUIST
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 55, Ben Franklin Station
> Washington, D.C. 20044-0055
> Telephone: (202) 307-6561
> Facsimile: (202) 514-5238
> E-mail: <u>John.A.Lindquist@usdoj.gov</u>

1861365.1

# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY | ) | |
| ADVISOR A FUND, L.L.C., by the Tax | ) | |
| Matters Partner, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-40151 |
| | ) | |
| v. | ) | Judge Saylor |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO PLAINTIFF'S
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, NOS. 31-42

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and Rule 34.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Third Set of Requests for Production of Documents, Nos.

31-42, as follows:

**GENERAL OBJECTIONS**

1.      The United States objects to these production requests as overbroad and unduly

burdensome insofar as they seek irrelevant information from the files of on other taxpayers.   In a

federal tax case, any challenge by a taxpayer to the Commissioner's determination that taxes are

owing must be resolved in a trial *de novo*, rather than by review of an existing administrative

record.  *See e.g., Revell, Inc. v. Riddell*, 273 F.2d 649, 658-59 (9th Cir. 1959); *Greenberg's

Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28 (1974).  An FPAA is the equivalent of a

notice of deficiency in a refund action.  *In re G-1 Holdings, Inc.*, Civ. No. 02-03082 (WGB)

(D.N.J. July 16, 2004).  In an FPAA action, the partner must establish that the FPAA is incorrect,

which, in turn, requires the court to apply the law to the facts of the case. The reasons for the
Commissioner's determination are not relevant because the court does not review the
administrative policy and procedure of that determination. *Greenberg's Express, Inc. v.
Commissioner*, 62 T.C. 324, 327-2. As such, the deliberative process of the Internal Revenue
Service in the issuance of the FPAA is irrelevant. Similarly, the IRS's determination as to
whether or not a tax shelter is a listed transaction and/or should have been registered, is irrelevant
to the issues in this case.

2.      The United States objects to these production requests to the extent that they seek
documents created by the government in its investigation of potentially abusive tax shelters. Not
only are these documents irrelevant to the issues in this case, but they are inherently privileged
under the governmental deliberative process privilege. In federal tax cases, the governmental
deliberative process privilege has been held to preclude discovery of IRS employees'
predecisional opinions and deliberations. *ISI Corporation v. United States*, 503 F.2d 558, 559
(9th Cir. 1974), *aff'g*, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Weir Foundation v. United States*,
508 F.2d 894, 895 n.2 (2d Cir. 1974), *aff'g*, 72-1 U.S.T.C. ¶8,435 (S.D.N.Y. 1972); *Piks Corp. v.
United States*, 50 A.F.T.R.2d 82-5230 (N.D. Ohio 1982); *Rodgers v. Hyatt*, 91 F.R.D. 399, 404-
06 (D. Colo. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Detroit
Screwmatic Co. v. United States*, 49 F.R.D. 77 (S.D.N.Y. 1970). *Cf. Green v. Internal Revenue
Service*, 556 F. Supp. 79, 84-85 (N.D. Ind. 1982), *aff'd* 734 F.2d 18 (7th Cir. 1984)(FOIA
action).

The governmental deliberative process privilege is a qualified privilege, which generally
exempts from disclosure communications that are part of the decision-making process of a

governmental agency. *NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-152; United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege is designed to encourage frank and uninhibited communication among governmental officials in the course of creating public policy. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 151-152; *Enviro Tech Intern., Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004).

Where the privilege applies to potentially relevant documents, a court must balance the purpose of the privilege against the "objective" need (if any) for the information in the litigation. *United States v. Leggett and Platt, Inc.*, 542 F.2d 655, 658-59 (6th Cir. 1976). However, where, as here, the materials requested to be produced are "objectively" irrelevant to the resolution of any of the issues in the litigation, the party requesting the documents cannot, as a matter of law, make a showing of need. *United States v. Leggett and Platt, Inc.*, 542 F.2d at 658-59.

## RESPONSE TO REQUESTS

<u>Request for Production No. 31</u>

All communications, records, documents, and materials, whether generated by the IRS or by third parties at the request of the IRS, concerning whether KPMG was required to register any Tax Strategy, including but not limited to the e-mail dated May 17, 2004 from Roland Barral to Deborah Nolan and Cono Namorato that is described in *The New York Times* article dated September 15, 2006, a copy of which is attached for reference.

<u>Response:</u> The United States objects to this request upon the ground of relevancy, 26 U.S.C. section 6103, and upon the ground that the documents requested are inherently deliberative in nature and privileged under the governmental deliberative process privilege.

<u>Request for Production No. 32</u>

All communications, records, documents, and materials, whether generated by the IRS or by third parties at the request of the IRS, concerning the tax treatment, economic substance, or reporting requirements, including reporting requirements under Internal Revenue Code sections 6011 or 6111, of any Tax Strategy.

<u>Response</u>: The United States objects to this request upon the ground of relevancy, 26 U.S.C. section 6103, and upon the ground that the documents requested are inherently deliberative in nature and privileged under the deliberative process privilege.

<u>Request for Production No. 33</u>

All documents, records, and materials obtained by the IRS from Proskauer relating to SOS, FDIS, or FOCUS.

<u>Response</u>: The United States has subpoenaed these documents from Proskauer and has agreed, upon plaintiff's request, to make a duplicate copy of Proskauer's production of documents available to plaintiff. The United States otherwise objects to this request because it seeks documents from the files of other taxpayers that are protected from disclosure by 26 U.S.C. section 6103.

Without waiving this objection, the United States is producing herewith all documents, records, and materials obtained by the IRS from Proskauer which the Internal Revenue Service has determined are subject to exception under 26 U.S.C. §6103(h)(2) and the United States has determined are subject to exception under 26 U.S.C. §6103(h)(4). Those Proskauer documents which the Internal Revenue Service determined to be subject to exception under 26 U.S.C. §6103(h)(2), but which do not appear to be subject to exception under 26 U.S.C. §6103(h)(4), are specifically identified on the attached privilege log as being withheld under 26 U.S.C. section

6103. All documents, records, and materials obtained by the IRS from Proskauer which are being produced herewith bear the Bates prefix "PR."

<u>Request for Production No. 34</u>

All documents, records, and materials obtained by the IRS from Proskauer in connection with the IRS's promoter examination of Proskauer.

<u>Response:</u>  The United States objects to this request upon the ground that it is overly broad, relevancy and 26 U.S.C. section 6103.  Without waving this objection, see the United States' response to request #33, above.

<u>Request for Production No. 35</u>

All documents, records, and materials obtained by the IRS from Helios relating to SOS, FDIS, or FOCUS.

<u>Response:</u>  The United States has subpoenaed these documents from Helios and has, upon plaintiff's request, provided plaintiff with a duplicate copy of Helios' production of documents, which Helios claims is a duplicate of all documents that it produced to the Internal Revenue Service.  The United States otherwise objects to this request because it seeks documents that constitute return or return information protected from disclosure by 26 U.S.C. section 6103.

<u>Request for Production No. 36</u>

All documents, records, and materials obtained by the IRS from Helios in connection with the IRS's promoter examination of Helios.

<u>Response:</u>  The United States objects to this request upon the ground that it is overly broad, relevancy and 26 U.S.C. section 6103.  Without waving this objection, see the United States' response to Request #35, above.

5                                                      2013246.1

Request for Production No. 37

All documents, records, and materials obtained by the IRS from Alpha relating to SOS, FDIS, or FOCUS.

Response:  The United States has subpoenaed these documents from Alpha and has, upon plaintiff's request, provided plaintiff with a duplicate copy of Alpha's production of documents.  The United States otherwise objects to this request because it seeks documents from the files of other taxpayers protected from disclosure by 26 U.S.C. section 6103.

Request for Production No. 38

All documents, records, and materials obtained by the IRS from Alpha in connection with the IRS's promoter examination of Alpha.

Response:  The United States objects to this request upon the grounds of overbreadth, relevancy, and 26 U.S.C. section 6103.  Without waving this objection, see the United States' response to Request #37, above.

Request for Production No. 39

All documents, records, and materials obtained by the IRS from Diversified relating to SOS, FDIS, or FOCUS.

Response:  The United States has subpoenaed these documents from Diversified and has, upon plaintiff's request, made available to plaintiff with a duplicate copy of Diversified's production of documents.  The United States otherwise objects to this request because it seeks documents from the files of other taxpayers protected from disclosure by 26 U.S.C. section 6103.

Without waiving this objection, the United States is producing herewith all documents, records, and materials obtained by the IRS from Diversified which the Internal Revenue Service has determined are subject to exception under 26 U.S.C. §6103(h)(2) and the United States has

6                                    2013246.1

determined are subject to exception under 26 U.S.C. §6103(h)(4), Bates numbered 8IRS0005 -

8IRS00026.

<u>Request for Production No. 40</u>

All documents, records, and materials obtained by the IRS from Diversified in connection with the IRS's promoter examination of Diversified.

<u>Response:</u> The United States objects to this request upon the ground that it is overly broad, relevancy and 26 U.S.C. section 6103. Without waving this objection, see the United States' response to Request #39, above.

<u>Request for Production No. 41</u>

All documents, records, and materials obtained by the IRS from James Haber relating to SOS, FDIS, or FOCUS.

<u>Response:</u> The United States otherwise objects to this request because it seeks

documents that from the files of other taxpayers protected from disclosure by 26 U.S.C. section

6103.

2013246.1

Request for Production No. 42

All documents, records, and materials obtained by the IRS from Haber in connection with the IRS's promoter examination of Haber.

Response:  The United States objects to this request upon the grounds of overbreadth, relevancy, and 26 U.S.C. section 6103.  Without waving these objections, see the United States' response to Requests #35, 37 and 39, above.

Dated November 6, 2006.

MICHAEL J. SULLIVAN
United States Attorney

JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone:  (202) 307-6561
Facsimile: (202) 514-5238
E-mail: John.A.Lindquist@usdoj.gov

8                                    2013246.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the United States' Response to Plaintiff's Second Set of Requests for

Production of Documents Nos. 31-42 was served upon the plaintiff by sending a copy to his

attorneys at the following address on the 6th day of November, 2006.

> David J. Curtin
> MCKEE NELSON LLP
> 1919 M Street, N.W., Suite 200
> Washington, D.C. 20036

> JOHN A. LINDQUIST
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 55, Ben Franklin Station
> Washington, D.C. 20044-0055
> Telephone:  (202) 307-6561
> Facsimile: (202) 514-5238
> E-mail: John.A.Lindquist@usdoj.gov

9                                    2013246.1

# Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Case Nos.: 05-40151-FDS<br>06-40130-FDS |

## UNITED STATES' RESPONSE TO
## PLAINTIFF'S SECOND SET OF INTERROGATORIES

The United States, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, responds to Plaintiff's Second Set of Interrogatories as follows:

INTERROGATORY NO. 15

At the November 14, 2006 status conference, Defendant stated that Defendant had "determined that the transaction that is at issue in this case is . . . a boilerplate standard tax product." Please set forth all facts supporting the statement that the transaction at issue in this case is a "boilerplate standard tax product."

RESPONSE: The United States objects to this interrogatory on the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials. "Under the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in

2114845.1

preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v.*

*Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted).  Notwithstanding and without

waiving the foregoing objection, the United States avers that evidence demonstrating "that the

transaction that is at issue in this case is . . . a boilerplate standard tax product" is in the

documents exchanged by the parties during discovery and in the documents produced by third

parties pursuant to the United States' subpoenas, copies of which have been produced to you.


INTERROGATORY NO. 16

     At the November 14, 2006 status conference, Defendant stated that Defendant had

"determined that this tax product [referenced in Interrogatory No. 15] has been, in fact, sold to 63

separate taxpayers, or taxpayer entities."  Please set forth all facts supporting the statement that

the tax product was "sold to 63 separate taxpayers, or taxpayer entities," including the identity of

the 63 taxpayers or entities.

     RESPONSE:  The United States objects to this interrogatory on the ground that it is

overbroad and unduly burdensome, and because it seeks attorney work-product and trial-

preparation materials.  "Under the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an

attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in

preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v.*

*Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted).  Notwithstanding and without

waiving the foregoing objection, the United States avers that evidence demonstrating "that this

tax product [referenced in Interrogatory No. 15] has been, in fact, sold to 63 separate taxpayers,

or taxpayer entities" is in the documents exchanged by the parties during discovery and in the

documents produced by third parties pursuant to the United States' subpoenas, copies of which have been produced to you.

## INTERROGATORY NO. 17

At the November 14, 2006 status conference, Defendant stated that Defendant had "determined that in each of these entities [referenced in Interrogatory No. 16] there was a foreign partner" and that "the foreign partner in these entities was either ... Samuel Mahoney; or alternatively, his partner in Ireland, a person by the name of Martin Hawkes." Please set forth all facts supporting the statement that the foreign partner in each of the entities referenced in Interrogatory No. 16 was either Samuel Mahoney or Martin Hawkes.

RESPONSE:  The United States objects to this interrogatory on the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials. "Under the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted).  Notwithstanding and without waiving the foregoing objection, the United States avers that evidence demonstrating "that in each of these entities [referenced in Interrogatory No. 16] there was a foreign partner" is in the documents exchanged by the parties during discovery and in the documents produced by third parties pursuant to the United States' subpoenas, copies of which have been produced to you.

2114845.1

INTERROGATORY NO. 18

At the November 14, 2006 status conference, Defendant stated that Samuel Mahoney and Martin Hawkes were "partners." Please set forth all facts supporting the statement that Samuel Mahoney and Martin Hawkes were "partners."

RESPONSE: The United States objects to this interrogatory on the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials. "Under the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted). Notwithstanding and without waiving the foregoing objection, the United States avers that evidence demonstrating that Samuel Mahoney and Martin Hawkes were "partners" in one or more ventures is in the documents exchanged by the parties during discovery and in the documents produced by third parties pursuant to the United States' subpoenas, copies of which have been produced to you.


INTERROGATORY NO. 19

At the November 14, 2006 status conference, Defendant stated that Defendant had "determined that [the transactions referenced in Interrogatory No. 16] were structured identically in terms of the steps of the transaction." Please set forth all facts supporting the statement that the referenced transactions were "structured identically in terms of the steps of the transaction."

RESPONSE: The United States objects to this interrogatory on the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-

2114845.1

preparation materials. "Under the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an

attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in

preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v.*

*Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted).  Notwithstanding and without

waiving the foregoing objection, the United States avers that evidence demonstrating "that [the

transactions referenced in Interrogatory No. 16] were structured identically in terms of the steps

of the transaction" is in the documents exchanged by the parties during discovery and in the

documents produced by third parties pursuant to the United States' subpoenas, copies of which

have been produced to you.


INTERROGATORY NO. 20

    At the November 14, 2006 status conference, Defendant stated that Defendant had

"determined that ... in each of these transactions [referenced in Interrogatory No. 16], the foreign

partner, in fact, was bought out ... after a so-called gain was recognized to this foreign partner."

Please set forth all facts supporting the statement that, in each of the referenced transactions, the

foreign partner was bought our following his recognition of gain.

    RESPONSE:  The United States objects to this interrogatory on the ground that it is

overbroad and unduly burdensome, and because it seeks attorney work-product and trial-

preparation materials. "Under the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an

attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in

preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v.*

*Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted).  Notwithstanding and without

2114845.1

waiving the foregoing objection, the United States avers that evidence demonstrating "that ... in each of these transactions [referenced in Interrogatory No. 16], the foreign partner, in fact, was bought out ... after a so-called gain was recognized to this foreign partner" is in the documents exchanged by the parties during discovery and in the documents produced by third parties pursuant to the United States' subpoenas, copies of which have been produced to you.

INTERROGATORY NO. 21

At the November 14, 2006 status conference, Defendant stated that, in each of the transactions referenced in Interrogatory No. 16 a gain was recognized by a foreign partner and that Defendant has "determined in each case [that the gain] was not a real economic gain." Please set forth all facts supporting the statement that the gain recognized by the foreign partner in each of the referenced transactions was "not a real economic gain."

RESPONSE: The United States objects to this interrogatory on the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials. "Under the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted). Notwithstanding and without waiving the foregoing objection, the United States avers that evidence demonstrating that "in each case [involving this boilerplate tax product, the so-called gain] was not a real economic gain" is in the documents exchanged by the parties during discovery and in the documents produced by third parties pursuant to the United States' subpoenas, copies of which have been

2114845.1

produced to you.

INTERROGATORY NO. 22

At the November 14, 2006 status conference, Defendant stated that Defendant had

"determined that it is, to say the least, strange as to the source of the foreign partners capital

contributions in each of these separate different transactions [referenced in Interrogatory No.

16]." Please set forth all facts concerning the source of the foreign partner's capital contribution

in each of the referenced transactions.

RESPONSE:  The United States objects to this interrogatory on the ground that it is

overbroad and unduly burdensome, and because it seeks attorney work-product and trial-

preparation materials and in the documents produced by third parties pursuant to the United

States' subpoenas, copies of which have been produced to you.  "Under the work product rule,

codified in Fed.R.Civ.P. 26(b)(3) 'an attorney is not required to divulge, by discovery or

2114845.1

otherwise, facts developed by his efforts in preparation of the case or opinions he has formed

about any phase of the litigation.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998)

(citations omitted).


Dated: December 22, 2006

<div style="text-align:right">

_(signature)_

BARRY E. REIFERSON,
Trial Attorney
U.S. Department of Justice, Tax Div.
P.O. Box 55, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 514-6058
Email: Barry.E.Reiferson@usdoj.gov

</div>


## CERTIFICATE OF SERVICE

I hereby certify that the UNITED STATES' RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES was served upon the plaintiff by sending a copy by first class mail, postage prepaid, to the following address on the 22nd day of December 2006.

David J. Curtin
MCKEE NELSON LLP
1919 M Street, N.W., Suite 800
Washington, D.C. 20036


_(signature)_

BARRY E. REIFERSON


2114845.1

# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY )
ADVISOR A FUND, L.L.C., by the Tax Matters )
Partner, )
                                          )
            Plaintiff,                    )        Case Nos.: 05-40151-FDS
                                          )                  06-40130-FDS
      v.                                  )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Defendant.                    )

**UNITED STATES' RESPONSE TO PLAINTIFF'S**
**FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 44-51**

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and Rule 34.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Fifth Set of Requests for Production of Documents Nos.

44-51 as follows:

Request No. 44: all records, documents, and materials concerning the information requested in
Interrogatory No. 15.

Response: The United States objects to this request on the ground that it is overbroad and

unduly burdensome, and because it seeks attorney work-product and trial-preparation materials.

Notwithstanding and without waiving the foregoing objection, the United States avers that the

plaintiff already possesses the responsive and non-privileged documents in the defendant's

possession, custody, and control.

Request No. 45: all records, documents, and materials concerning the information requested in
Interrogatory No. 16.

2114965.1

Response: The United States objects to this request on the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials. Notwithstanding and without waiving the foregoing objection, the United States avers that the plaintiff already possesses the responsive and non-privileged documents in the defendant's possession, custody, and control.

Request No. 46: all records, documents, and materials concerning the information requested in Interrogatory No. 17.

Response: The United States objects to this request on the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials. Notwithstanding and without waiving the foregoing objection, the United States avers that the plaintiff already possesses the responsive and non-privileged documents in the defendant's possession, custody, and control.

Request No. 47: all records, documents, and materials concerning the information requested in Interrogatory No. 18.

Response: The United States objects to this request on the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials. Notwithstanding and without waiving the foregoing objection, the United States avers that the plaintiff already possesses the responsive and non-privileged documents in the defendant's possession, custody, and control.

Request No. 48: all records, documents, and materials concerning the information requested in Interrogatory No. 19.

Response: The United States objects to this request on the ground that it is overbroad and

2114965.1

unduly burdensome, and because it seeks attorney work-product and trial-preparation materials.

Notwithstanding and without waiving the foregoing objection, the United States avers that the

plaintiff already possesses the responsive and non-privileged documents in the defendant's

possession, custody, and control.

Request No. 49: all records, documents, and materials concerning the information requested in
Interrogatory No. 20.

    Response:  The United States objects to this request on the ground that it is overbroad and

unduly burdensome, and because it seeks attorney work-product and trial-preparation materials.

Notwithstanding and without waiving the foregoing objection, the United States avers that the

plaintiff already possesses the responsive and non-privileged documents in the defendant's

possession, custody, and control.

Request No. 50: all records, documents, and materials concerning the information requested in
Interrogatory No. 21.

    Response:  The United States objects to this request on the ground that it is overbroad and

unduly burdensome, and because it seeks attorney work-product and trial-preparation materials.

Notwithstanding and without waiving the foregoing objection, the United States avers that the

plaintiff already possesses the responsive and non-privileged documents in the defendant's

possession, custody, and control.

Request No. 51: all records, documents, and materials concerning the information requested in
Interrogatory No. 22.

    Response:  The United States objects to this request on the ground that it is overbroad and

unduly burdensome, and because it seeks attorney work-product and trial-preparation materials.

2114965.1

Notwithstanding and without waiving the foregoing objection, the United States avers that the

plaintiff already possesses the responsive and non-privileged documents in the defendant's

possession, custody, and control.


Dated: December 22, 2006

                                                    _____
                                                    BARRY E. REIFERSON,
                                                    Trial Attorney
                                                    U.S. Department of Justice, Tax Div.
                                                    P.O. Box 55, Ben Franklin Station
                                                    Washington, DC 20044
                                                    Telephone: (202) 514-6058
                                                    Email: Barry.E.Reiferson@usdoj.gov


## CERTIFICATE OF SERVICE

    I hereby certify that the UNITED STATES' RESPONSE TO PLAINTIFF'S FIFTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 44-51 was served upon the plaintiff by
sending a copy by first class mail, postage prepaid, to the following address on the 22nd day of
December 2006.

                    David J. Curtin
                    MCKEE NELSON LLP
                    1919 M Street, N.W., Suite 800
                    Washington, D.C. 20036


                    _____
                    BARRY E. REIFERSON

                                                                        2114965.1

# Exhibit F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY | ) | |
| ADVISOR A FUND, L.L.C., by the Tax | ) | |
| Matters Partner, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-40151 |
| | ) | |
| v. | ) | Judge Saylor |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO PLAINTIFF'S
FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, NO. 43

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and Rule 34.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Fourth Set of Requests for Production of Documents, No.

43, as follows:

Request for Production No. 43

All records, documents, and materials collected, created, or maintained by the
Internal Revenue Service relating to any of the individuals or entities listed in
Appendix A of the attachment to subpoena issued by the Defendant to the following:
1) Carruth Management LLC and Carruth Associates on October 2, 2006; (2) BDO
Seidman LLP on October 3, 2006; (3) RSM McGladrey, Inc., on October 6, 2006,
October 20, 2006, and October 23, 2006; (4) Grant Thorton LLP on October 17,
2006; (5) Proskauer Rose LLP on October 19, 2006; (6) Lord Bissell & Brook LLP
on October 23, 2006; (7) Burke, Warren, MacKay & Seritella, P.C. on October 23,
2006; (8) Bryan Cave LLP on October 24, 2006; and (9) Brown Raysman Millstein
Felder & Steiner on October 25, 2006.  A copy of Appendix A is attached for
reference.

Response:  The United States objects to this production request as overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

insofar as it seeks, without any limitation whatsoever, all of the IRS administrative files of the

taxpayer for all years, as well all of the IRS administrative files for multiple other taxpayers for

all years.  The United States further objects to this production request to the extent that it seeks

other taxpayer information subject to 26 U.S.C. section 6103.  All relevant documents, with the

limited exception of the actual filed tax returns reporting the FDIS transactions, are available

directly from the third party promoters of these transactions.  The tax returns of other taxpayers

are subject to 26 U.S.C. section 6103.  As to the taxpayer's own IRS administrative files, the

United States has already produced all non-privileged documents for the tax years in issue, as

well as a privilege log for all documents within those files which have been withheld upon a

claim of privilege.  As to all subpoenaed documents, the United States has already agreed, upon

plaintiff's request, to provide plaintiff a duplicate copy of all subpoenaed documents.


Dated December 14, 2006.


                                  MICHAEL J. SULLIVAN
                                  United States Attorney



                                  JOHN A. LINDQUIST
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  P.O. Box 55, Ben Franklin Station
                                  Washington, D.C.  20044-0055
                                  Telephone:  (202) 307-6561
                                  Facsimile: (202) 514-5238
                                  E-mail: John.A.Lindquist@usdoj.gov


                                                      2090629.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the United States' Response to Plaintiff's Fourth Set of Requests for

Production of Documents No. 43 was served upon the plaintiff by sending a copy to his attorneys

at the following address on December 14, 2006.

David J. Curtin
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036

JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
E-mail: John.A.Lindquist@usdoj.gov

2090629.1

# Exhibit G

# McKee Nelson LLP

**DAVID J. CURTIN**
Direct Dial: (202) 775-8669
dcurtin@mckeenelson.com

*Correspondence from:*
➤ WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile* 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile* 917.777.4299

November 29, 2006

**<u>VIA FEDERAL EXPRESS</u>**

John A. Lindquist, III
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 7836
Washington, D.C. 20001

> Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States,*
> Nos. 05-40151 & 06-40130 (D. Mass.)

Dear John:

You recently informed us that Mr. Hicks will no longer be a part of the government's litigation team for this case. It has been our understanding that Mr. Hicks was primarily responsible for responding to discovery requests. In light of his departure, we would like to bring to your attention some of our continued concerns regarding discovery, which were previously addressed in our exchange of letters and in our meeting on September 20, 2006. In addition, we have concerns regarding Defendant's response to Plaintiff's Third Set of Requests for Production. This letter is not inclusive of all concerns we have with respect to your responses to Plaintiff's discovery requests to date, many of which have been raised in previous letters.

**Outstanding Discovery Concerns**

<u>Treaty Provisions Invoking § 6103(e)(7)</u>: During our meeting on September 20, 2006, we discussed your invocation of § 6103(e)(7) pursuant to a treaty between the United States and Ireland. Mr. Hicks offered to identify the specific treaty provisions that apply. We attempted to contact Mr. Hicks concerning those provisions in the week following our meeting, but received no response. We request that you, or another member of your litigation team, direct us to the specific treaty provisions that require the invocation of § 6103(e)(7) and the manner in which it must be invoked. We are particularly interested in these provisions because the newly redacted set of documents that you produced on September 29, 2006, in some instances, redact information that was

McKEE NELSON LLP
*Attorneys at Law*
**www.mckeenelson.com**

John A. Lindquist, III
November 29, 2006
Page 2

formerly unredacted in those same documents produced on May 23, 2006 in response to
Plaintiff's First Set of Requests for Production.

    <u>Interview and Deposition Transcripts</u>:  You state in your letter dated October 3,
2006 that the United States was not a party to the litigation referenced in Request for
Production No. 26 of Plaintiff's Second Set of Requests for Production and that you have
not yet located a copy of the requested depositions.  We are confident, however, that the
United States does possesses those depositions.  *See* Letter from Michael J. Garcia,
United States Attorney, Southern District of New York, to Counsel for Defendants (May
16, 2006) (filed as an exhibit by the plaintiff in *Klamath Strategic Investment Fund v.
United States*, No. 04-278 (E.D. Tex. Aug. 8, 2006)) (attached as Exhibit A).  This
additional information should assist you in locating the requested deposition transcripts.
We renew our request that you produce the requested transcripts.

    With respect to Request for Production No. 25, we have only received a partial
transcript of the February 28, 2003 IRS interview of James Haber.  Therefore, we renew
our request that you locate and produce complete copies of transcripts from the February
27 and 28, 2003 interviews of James Haber.

    <u>Documents Responsive to Plaintiff's First and Second Set of Requests for
Production</u>:  During our meeting on September 20, 2006, and in your letter dated October
3, 2006, you stated that you had recently received documents from promoter examination
files that are responsive to our requests.  You further stated that those documents would
be produced to us after your review, which had been delayed due to problems with your
computer system.  In the October 3, 2006 letter, you state, "We . . . anticipate
supplementing our production sometime next week."  We received no documents the
following week.  The only documents we have received since the receipt of that letter are
those accompanying your response to Plaintiff's Third Set of Requests for Production, on
November 6, 2006.  The letter accompanying your response states that "additional
documents" from the IRS are included.  It is unclear to us, however, whether these
"additional documents" are the ones referenced in your October 3, 2006 letter.  If they
are, please advise us of that fact.  If you still have documents that you are planning to
provide us in a supplemental production, please advise us of the status of those
documents, and when you expect to produce them.

    <u>Identifying Request(s) to Which Documents Respond</u>:  In your letter dated
October 3, 2006 you address this issue stating, "We will supplement our production to
include an index identifying the request to which each document responds in the same
manner that you have done."  To date, we have not received such an index.

    <u>Missing Sidley Austin Documents</u>:  There are multiple gaps in the Bates ranges of
the documents you apparently received from Sidley Austin pursuant to a letter agreement,
and subsequently provided to us.  On September 26, 2006, you stated that you were
working on filling those gaps.  However, we have received nothing from you, and the

John A. Lindquist, III
November 29, 2006
Page 3

gaps remain. Our review of the documents indicates that we do not have the depositions or interviews of R.J. Ruble in the following matters: IRS interview in the McNair (Tolt Ventures) matter (April 22, 2005); *Eacho v. KPMG* and *Gaslow v. KPMG* (June 22, 2005); and Jacobini matter (December 12, 2003). Please provide us with an update of your progress in obtaining additional Sidley Austin documents and any additional documents you have been able to obtain.

<u>Invocation of the Deliberative Process Privilege</u>: We have continued concerns that your assertions of deliberative process privilege, including in response to Plaintiff's Third Set of Requests for Production, are overbroad, unsupported, and inconsistent with First Circuit law. While your letter of October 3, 2006 suggests that we agree to a procedure for the invocation of the deliberative process privilege, the terms are vague and not typical in our experience.

With respect to waiver of the deliberative process privilege, you state in the October 3, 2006 letter, "[T]he process of asserting the deliberative process privilege is done on a document-by-document basis and our production of any specific document is not – and cannot be so treated – as a waiver of the privilege as to any other document." This is not consistent with the law on waiver of privileges.

**Concerns Regarding Defendant's Response to Plaintiff's Third Set of Requests for Production**

<u>E-mail Identified in *The New York Times* Article</u>: In Request for Production No. 31, we identified a specific e-mail that should have been produced in response to our request. This e-mail has already been produced by the government in another case (and read over the phone to reporters for *The New York Times* and *The Wall Street Journal*), thus, any claim of deliberative process privilege or § 6103 protection has been waived. Further, this document, and any documents like it, are relevant discovery materials in this case. We request that you produce the identified e-mail and produce or log any other documents responsive to Request for Production No. 31 promptly.

<u>Assertions of Deliberative Process Privilege in Response to Request for Production Nos. 31 and 32</u>: Your claim of deliberative process privilege in response to Request for Production Nos. 31 and 32 is overbroad and inconsistent with First Circuit law. The First Circuit has a specific test for identifying whether documents are protected by the deliberative process privilege. Under First Circuit law, a document will be protected by deliberative process privilege if it is both predecisional and deliberative. These two qualities have been further defined; for example, "a document will be considered 'predecisional' if the agency can (i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates." *Reilly v. EPA*, 419 F. Supp. 2d 335, 342 (D. Mass. 2006). While we are

3

John A. Lindquist, III
November 29, 2006
Page 4

skeptical that all documents responsive to these requests meet the First Circuit's strict
standard, your failure to include or meaningfully describe documents responsive to these
requests on your privilege log makes it impossible for us to assess the appropriateness of
this privilege claim.

Assertions of § 6103 Protection in Response to Request for Production Nos. 31
and 32:  The assertion of § 6103 protection is both overbroad and inconsistent with the
position taken by the government in Chief Counsel Notice 2006-003.

Assertions that Documents Responsive to Request for Production Nos. 31 and 32
Are Not Relevant:  The documents sought by Request for Production Nos. 31 and 32 are
directly relevant to Plaintiff's claims.  The tax treatment and reporting of the underlying
investments, along with the application of penalties, are at issue in this case.  Therefore,
documents evidencing that members of the Internal Revenue Service, or professionals
and experts advising the Internal Revenue Service, agreed that Plaintiff's investments, or
investments the Internal Revenue Service claims are similar to Plaintiff's, were reported
correctly and had economic substance may lead to the discovery admissible evidence and
are relevant to the claims or defenses of the parties.

Failure to Provide an Adequate Privilege Log:  Your updated privilege log fails to
include many documents that should have been responsive to Plaintiff's Second and
Third Sets of Requests for Production.  As mentioned in our letter dated September 7,
2006, there is no indication that privileged documents responsive to Request for
Production Nos. 8, 10, 12, 13, 14, 18, 24, and 25 of Plaintiff's Second Set of Requests for
Production have been included in any privilege log provided to date.  If those documents
have in fact been logged, please direct us to the appropriate log.  If they have not, we
request that you promptly produce a privilege log pursuant to Federal Rule of Civil
Procedure 26(b)(5) describing the nature of those documents and the privileges claimed.
In addition, as stated above, you have not provided us with a log of the documents
withheld in response to Request for Productions Nos. 31 and 32 of Plaintiff's Third Set of
Requests for Production.  We cannot ascertain whether these broad assertions of privilege
are appropriate without a log that provides us with basic information, including the date,
author/recipient, and type of document.

With respect to the new log entries on the updated privilege log, it is not clear
whether those entries (*i.e.*, the entries containing the Bates prefixes "7IRS," "8IRS,"
"9IRS," "10IRS," and "11IRS") reflect documents responsive to Plaintiff's First, Second,
or Third Set of Requests for Production.  Additionally, nearly all of these new privilege
log entries do not sufficiently describe the nature of the documents withheld as required
by Federal Rule of Civil Procedure 26(b)(5).  In particular, there are multiple entries for
which the description states "content unknown."  Irrespective of whether those
documents are protected under § 6103, a description of those documents and other
identifying information is required to be on the log.  In sum, please clarify the set of
Requests for Production to which the new log entries respond, revise these entries to

John A. Lindquist, III
November 29, 2006
Page 5

properly describe the documents withheld, and advise us of when you will be providing a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5). Finally, it is unclear why blank pages were included in the privilege log, and why a blank page would be privileged or responsive. Please explain why these blank pages were included on the privilege log.

       <u>Documents Removed From the Privilege Log</u>: In your letter of November 6, 2006, you state that you have removed a number of privilege claims from the privilege log and that you will be producing those documents shortly. Please advise us of when we should expect to receive those documents.

       Please contact me if you have any questions.

                    Sincerely,

                    David J. Curtin

cc:    Dennis M. Donohue
       Barry E. Reiferson

5

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 16, 2006

**By Email**
David Spears, Esq.                     John Kaley, Esq.
Michael J. Madigan, Esq.               Stuart E. Abrams, Esq.
Robert S. Fink, Esq.                   Christine C. Arguedas, Esq.
Joseph DiBlasi, Esq.                   George D. Niespolo, Esq.
Ronald E. DePetris, Esq.               Michael S. Kim, Esq.
Steven M. Bauer, Esq.                  James R. DeVita, Esq.
David C. Scheper, Esq.                 Russell Gioiella, Esq.
Gerald B. Lefcourt, Esq.               Susan R. Necheles, Esq.
John R. Wing, Esq.                     Richard M. Strassberg, Esq.

          Re:    **United States v. Stein et al., S1 05 Cr. 888 (LAK)**

Dear Counsel:

          This letter provides additional Rule 16 discovery. The enclosed Excel
spreadsheet details various documents and electronic media that are now available for
your inspection and copying at the vendors. Among the materials listed on this
spreadsheet, please take note of the following. One of the CDs produced contains
documents the civil side of the IRS has turned over in civil litigations in response to
requests for the IRS "reg files" regarding certain IRS notices or Treasury regulations.

          In addition, some of the materials made available are compilations prepared
by the Government to assist you in your trial preparation. Thus, there are four DVDs that
compile transcripts of depositions taken in various civil litigations. These transcripts
were previously produced in various formats, but have been compiled on DVDs for ease
of reference. We have also included with this letter an Excel index of these depositions.
In addition, there is a CD that contains tax returns that relate to the substantive counts of
evasion. Included herewith is an Excel spreadsheet detailing the individuals or entities
that are referred to in the substantive counts and certain information regarding the tax
returns. Another DVD contains a compilation of the filed copies of almost all of the
BLIPS-related tax returns. Included herewith is an Excel spreadsheet detailing certain
information from these BLIPS-related returns, including the client name, entity names,

Defense Counsel
May 16, 2006
Page 2

client social security number, year of the return, and a notation indicating where we have
not located the copy of the return filed with the IRS or where we have not located a
signed copy of the return.

<div style="margin-left: 40%;">

Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By:     ____/s/_____
JUSTIN S. WEDDLE
Assistant United States Attorney
(212) 637-2312

</div>

# Depositions to Date

| Deponent | Date | Litigation/Investigation | Videotaped? | Affiliation | Pleaded Fifth? |
|---|---|---|---|---|---|
| Balline, Richard | 3/8/2005 | Adams | yes | KPMG | No |
| Balline, Richard | 3/8/2005 | Wilson | yes | KPMG | No |
| Baumann, Dale | 8/29/2003 | Jacoboni v. KPMG | yes | KPMG | No |
| Baumann, Dale | 4/21/2005 | Jacoboni v. KPMG | yes | KPMG | No |
| Beer, Andrew | 4/4/2003 | IRS Summons Interview (Bricolage) (2 of 2) | no | | No |
| Bender, Elizabeth | 9/29/2005 | Cohen v. KPMG | no | KPMG | No |
| Bender, Elizabeth | 9/29/2005 | Midyette v. KPMG | no | KPMG | No |
| Bennet, Tom | 11/19/2001 | IRS Interview re: Perez Brothers partnership | no | Bank of America | No |
| Berlly, Joel | 7/28/2005 | Gaslow v. KPMG | no | plaintiff's advisor | No |
| Bickham, Randall | 7/19/2001 | Diversified | no | KPMG | No |
| Bickham, Randall | 6/24/2005 | McNair (Toll Ventures) | yes | KPMG | Yes |
| Bickham, Randall | 8/2/2005 | Cohen v. KPMG | yes | KPMG | Yes |
| Bickham, Randall | 8/2/2005 | Midyette v. KPMG | yes | KPMG | Yes |
| Bickham, Randall | 8/2/2005 | Eacho v. KPMG | yes | KPMG | Yes |
| Bickham, Randall | 8/2/2005 | Gaslow v. KPMG | yes | KPMG | Yes |
| Bickham, Randall | 8/2/2005 | Sullivan v. KPMG | yes | KPMG | Yes |
| Blackman, Clark | 1/5/2006 | McNair (Toll Ventures) | yes | KPMG | Yes |
| Blake, Philip | 10/9/2003 | Jacoboni v. KPMG | yes | Plaintiff's Advisor | No |
| Bloom, Gilbert | 1/26/2005 | Eacho/Gaslow/Jacoboni/Sullivan | yes | KPMG | No |
| Bontje, Norman | 12/16/2003 | Jacoboni | yes | Quadra | No |
| Bontje, Norman | 8/7/2001 | IRS Interview | no | Quadra | No |
| Bontje, Norman | 11/29/2001 | IRS Interview | "recorded"? | Quadra | No |
| Bontje, Norman | 11/20/2002 | Danmar Holdings v. US | yes | Quadra | No |
| Bontje, Norman | 11/21/2002 | Danmar Holdings v. US | yes | Quadra | No |
| Bontje, Norman | 7/20/2005 | Gaslow v. KPMG | yes | Quadra | No |
| Bontje, Norman | 7/20/2005 | Sullivan v. KPMG | yes | Quadra | No |
| Bontje, Norman | 7/21/2005 | Gaslow v. KPMG | yes | Quadra | No |
| Bontje, Norman | 7/21/2005 | Sullivan v. KPMG | yes | Quadra | No |
| Bontje, Norman | 8/2/2005 | Gaslow v. KPMG | yes | Quadra | No |
| Bontje, Norman | 8/2/2005 | Sullivan v. KPMG | yes | Quadra | No |
| Bonventre, Joseph | 9/25/2003 | Jacoboni | yes | plaintiff's advisor | No |
| Bowes, Thomas | 8/1/2005 | Gaslow v. KPMG | no | plaintiff's advisor | No |
| Branan, Carolyn | 7/22/2003 | Jacoboni v. KPMG | yes | KPMG | No |
| Branan, Carolyn | 6/10/2004 | Sullivan | yes | KPMG | No |

1

## Depositions to Date

| Name | Date | Case/Interview | | | |
|---|---|---|---|---|---|
| Brennan, James | 1/12/2005 | Eacho | yes | KPMG | No |
| Brennan, James | 9/30/2005 | Cohen v. KPMG | yes | KPMG | No |
| Brennan, James | 9/30/2005 | Midyette v. KPMG | yes | KPMG | No |
| Brudner, Alan | 5/1/2002 | IRS Summons Interview (Bobby G. Stevenson Revocable Trust) | no | | No |
| Brudner, Alan | 5/2/2002 | IRS Summons Interview (Bobby G. Stevenson Revocable Trust) | no | | No |
| Burgin, Sarah | 6/8/2005 | Coleman | no | plaintiff's in-house accounting advisor | No |
| Cahoon, Arthur | 8/1/2005 | Adams v. KPMG (Volumes 1 and 2) | yes | plaintiff | No |
| Cahoon, Arthur | 8/2/2005 | Adams v. KPMG (Volumes 3 and 4) | yes | plaintiff | No |
| Chai, Jason | 4/23/2003 | IRS Summons Interview (Bricolage) | no | | No |
| Cohan, John Christopher | 9/2/2004 | IRS Summons Interview | no | | No |
| Cohen, Ira | 12/9/2005 | Sullivan | yes | plaintiff | No |
| Cohen, Robert | 12/9/2005 | Cohen v. KPMG | yes | plaintiff | No |
| Coleman, Carolyn | 6/10/2005 | Coleman | no | plaintiff | No |
| Coleman, Jr., Richard | 6/10/2005 | Coleman | no | plaintiff | No |
| Coleman, Maureen | 6/9/2005 | Coleman | no | plaintiff | No |
| Coleman, Pamela | 6/9/2005 | Coleman | | plaintiff | No |
| Coleman, Richard Lee | 6/10/2005 | Coleman | no | plaintiff | No |
| Coleman, Stewart | 6/8/2005 | Coleman | | plaintiff | No |
| Coleman, Thomas | 6/6/2005 | Coleman | | plaintiff | No |
| Collins, Erin | 1/16/2004 | Bosack & Lerner Refund Action | no | KPMG | No |
| Comyns, John | 1/26/2004 | IRS Interview | no | | No |
| DeLap, Richard | 7/18/2003 | Jacoboni v. KPMG | yes | KPMG | No |
| DeLap, Richard | 8/28/2003 | Jacoboni/Perez | yes | KPMG | No |
| DeLap, Richard | 4/29/2005 | Eacho v. KPMG | yes | KPMG | No |
| DeLap, Richard | 4/29/2005 | Gaslow v. KPMG | yes | KPMG | No |
| DeLap, Richard | 4/29/2005 | Jacoboni v. KPMG | yes | KPMG | No |
| DeLap, Richard | 4/28/2005 | Sullivan v. KPMG | yes | KPMG | No |
| DeLap, Richard | 11/22/2005 | McNair (Toll Ventures) | yes | KPMG | Yes |
| DeLap, Richard | 11/22/2005 | Cohen v. KPMG | yes | KPMG | Yes |

2

## Depositions to Date

| Name | Date | Topic | | Affiliation | |
|---|---|---|---|---|---|
| DeLap, Richard | 11/2/2005 | Midyette v. KPMG | yes | KPMG | Yes |
| DePew, Joseph | 12/9/2003 | Jacoboni | yes | KPMG | No |
| DePew, Joseph | 6/11/2004 | Sullivan | yes | KPMG | No |
| DePew, Joseph | 6/28/2005 | Coleman | no | KPMG | No |
| DePew, Joseph | 8/13/2004 | Sullivan v. KPMG | yes | KPMG | No |
| DePew, Joseph | 5/19/2005 | Adams v. KPMG | yes | KPMG | No |
| DePew, Joseph | 5/19/2005 | Wilson | yes | KPMG | No |
| DePew, Joseph | 7/6/2005 | Cohen v. KPMG | yes | KPMG | No |
| DePew, Joseph | 7/6/2005 | Midyette v. KPMG | yes | KPMG | No |
| DesRoches, Rod L. | 1/21/2004 | IRS interview | no | KPMG | No |
| Dixon, Thomas | 9/25/2003 | Jacoboni | yes | plaintiff's advisor | No |
| Donahue, Anne | 11/21/2002 | IRS Interview re: Volatility Opportunity Fund | no | Deutsche Bank | No |
| Dubinsky, Bruce | 10/15/2003 | Jacoboni | yes | plaintiff's expert | No |
| Dubinsky, Bruce | 11/7/2003 | Perez | yes | plaintiff's expert | No |
| Dubinsky, Bruce | 5/4/2005 | Jacoboni v. KPMG | yes | plaintiff's expert | No |
| Dubinsky, Bruce | 6/30/2005 | Gaslow v. KPMG (Volume 1) | no | plaintiff's expert | No |
| Dubinsky, Bruce | 7/1/2005 | Gaslow v. KPMG (Volume 2) | yes | plaintiff's expert | No |
| Dubinsky, Bruce | 8/8/2005 | Gaslow v. KPMG (Volume 3) | no | plaintiff's expert | No |
| Dubinsky, Bruce | 11/29/2005 | Eacho v. KPMG (Volume 1) | no | plaintiff's expert | No |
| Dubinsky, Bruce | 12/1/2005 | Eacho v. KPMG (Volume 2) | yes | plaintiff's expert | No |
| Eacho III, William | 9/13/2005 | Eacho v. William (Volume 1) | yes | plaintiff's expert | No |
| Eacho III, William | 9/14/2005 | Eacho v. William (Volume 2) | yes | plaintiff | No |
| Eacho, Donna | 9/21/2005 | Eacho v. William | yes | plaintiff | No |
| Edlavitch, Susan | 12/19/2003 | Jacoboni | yes | plaintiff's advisor | No |
| Edlavitch, Susan | 4/19/2005 | Jacoboni v. KPMG (Volume 2) | no | plaintiff's advisor | No |
| Eischeid, Jeffrey | 2/12/2002 | IRS interview | no | KPMG | No |
| Eischeid, Jeffrey | 2/27/2002 | IRS interview | no | KPMG | No |
| Eischeid, Jeffrey | 4/1/2002 | IRS interview | no | KPMG | No |
| Eischeid, Jeffrey | 4/2/2002 | IRS interview | yes | KPMG | No |
| Eischeid, Jeffrey | 5/14/2003 | Jacoboni | yes | KPMG | No |
| Eischeid, Jeffrey | 9/25/2003 | Perez | no | KPMG | No |
| Eischeid, Jeffrey | 6/28/2005 | Coleman | yes | KPMG | Yes |
| Eischeid, Jeffrey | 3/25/2005 | Cohen v. KPMG | yes | KPMG | Yes |
| Eischeid, Jeffrey | 3/25/2005 | Midyette v. KPMG | yes | KPMG | Yes |
| Eischeid, Jeffrey | 4/27/2005 | Eacho v. KPMG | yes | KPMG | Yes |
| Eischeid, Jeffrey | 4/27/2005 | Gaslow v. KPMG | yes | KPMG | Yes |

## Depositions to Date

| Name | Date | | | | |
|---|---|---|---|---|---|
| Eischeid, Jeffrey | 4/27/2005 | Jacoboni v. KPMG | yes | KPMG | Yes |
| Eischeid, Jeffrey | 4/27/2005 | Sullivan v. KPMG | yes | KPMG | Yes |
| Eischeid, Jeffrey | 5/12/2005 | McNair (Toit Ventures) | yes | KPMG | Yes |
| Elgin, Evelyn | 3/8/2005 | Eacho, Gaslow, Jacoboni, Sullivan, Adams | yes | KPMG | No |
| Elgin, Evelyn | 3/9/2005 | Wilson | yes | KPMG | No |
| Elgin, Evelyn | 9/19/2005 | Cohen/Midyette | yes | KPMG | No |
| Embrescia, Thomas | 8/11/2006 | Wilson v. KPMG | yes | plaintiff | No |
| Engquist, John M., Moore, John Ashley, McDermott, John F. | 11/25/2003 | IRS Summons Interview | no | | No |
| Escobedo, Ruben | 11/19/2003 | Perez | yes | Plaintiff | No |
| Esselburn, Denise | 10/13/2005 | Eacho v. KPMG | yes | plaintiff's advisor | No |
| Falkenberry, Thomas | 11/8/2005 | Eacho v. KPMG | yes | plaintiff's advisor | No |
| Fechnay, John | 9/20/2005 | Eacho v. KPMG | yes | plaintiff's brother-in-law | No |
| Fechnay, Peggy Ann | 9/20/2005 | Eacho v. KPMG | yes | plaintiff's sister | No |
| Feldman, Sanford | 8/5/2005 | Gaslow | yes | plaintiff's advisor | No |
| Felsenthal, Steven | 11/20/2003 | Perez | yes | KPMG Expert | No |
| Flaa, Mickael | 3/24/2006 | Spilsbury v. KPMG | ? | | No |
| Fletcher, Lea | 2/25/2002 | IRS Interview | no | | No |
| Flynn, Timothy | 11/21/2005 | Eacho/Sullivan | yes | | No |
| Freda, Robert | 11/17/2005 | Eacho v. KPMG | yes | plaintiff's advisor | No |
| Fuller, Diane | 3/16/2005 | Adams/Wilson | yes | KPMG | No |
| Fuller, Diane | 7/28/2005 | Eacho/Gaslow/Sullivan | yes | KPMG | No |
| Fuller, Diane | 10/12/2005 | McNair | yes | KPMG | No |
| Garza, Ygnacio | 11/5/2003 | Perez | yes | plaintiff's expert | No |
| Gaslow, Lawrence | 7/19/2005 | Gaslow | yes | plaintiff | No |
| Gaslow, Lawrence | 7/20/2005 | Gaslow v. KPMG | yes | plaintiff | No |
| Gaslow, Lawrence | 7/26/2005 | Gaslow v. KPMG | yes | plaintiff | No |
| Gaslow, Peter | 7/12/2005 | Gaslow | yes | plaintiff | No |
| Gerachis, George | 11/24/2003 | Perez | yes | plaintiff's advisor | No |
| Goldsmith, Bernard | 7/20/2004 | Sullivan | yes | plaintiff's advisor | No |
| Goldstein, Harvey | 7/22/2005 | Gaslow v. KPMG | yes | plaintiff's advisor | No |
| Gonzales, Tom | 12/3/2003 | IRS Summons Interview | no | | No |
| Gray, Max | 9/29/2004 | IRS Re: John Christopher Cohan | no | | No |

4

## Depositions to Date

| Name | Date | Case | | | |
|---|---|---|---|---|---|
| Gray, Michael | 9/23/2005 | Cohen v. KPMG | ? | KPMG | Yes |
| Gray, Michael | 9/23/2005 | Midyette v. KPMG | ? | KPMG | Yes |
| Green, Doug | 12/9/2003 | Jacoboni v. KPMG | no | KPMG | No |
| Green, Doug | 5/4/2005 | Adams v. KPMG | yes | KPMG | No |
| Green, Robert | 12/9/2003 | Jacoboni | no | Former KPMG client | No |
| Greenberg, David | 5/31/2001 | Greenberg v. Deloitte & Touche | yes | | No |
| Greenstein, Jeffrey | 8/7/2001 | IRS Interview | no | Quadra | No |
| Greenstein, Jeffrey | 11/19/2002 | Danmar Holdings v. US | yes | Quadra | No |
| Greenstein, Jeffrey | 11/20/2002 | Danmar Holdings v. US | yes | Quadra | No |
| Greenstein, Jeffrey | 10/29/2003 | Perez, et. al v. KPMG | yes | Quadra | No |
| Greenstein, Jeffrey | 12/17/2003 | Jacoboni | yes | Quadra | No |
| Greenstein, Jeffrey | 7/22/2005 | Gastow v. KPMG | yes | Quadra | No |
| Greenstein, Jeffrey | 7/22/2005 | Sullivan v. KPMG | yes | Quadra | No |
| Gremminger, Steven | 10/18/2005 | Eacho v. KPMG | yes | KPMG | Yes |
| Gremminger, Steven | 10/18/2005 | Gastow v. KPMG | yes | KPMG | Yes |
| Gremminger, Steven | 10/18/2005 | Sullivan v. KPMG | yes | KPMG | Yes |
| Gremminger, Steven | 10/18/2005 | Cohen v. KPMG | yes | KPMG | Yes |
| Gremminger, Steven | 10/18/2005 | Midyette v. KPMG | yes | KPMG | Yes |
| Gremminger, Steven | 10/18/2005 | McNair (Tolt Ventures) | yes | KPMG | Yes |
| Haber, James | 2/27/2003 | IRS Interview re: Diversified | no | Diversified | No |
| Haber, James | 2/28/2003 | IRS Interview re: Diversified | no | Diversified | No |
| Hamersley, Michael | 3/18/2005 | Eacho v. KPMG | yes | KPMG | No |
| Hamersley, Michael | 3/18/2005 | Gastow v. KPMG | yes | KPMG | No |
| Hamersley, Michael | 3/18/2005 | Jacoboni v. KPMG | yes | KPMG | No |
| Hamersley, Michael | 3/18/2005 | Sullivan v. KPMG | yes | KPMG | No |
| Hasting, Carl | 12/22/2005 | Hasting | yes | KPMG | No |
| Henderson, Tracie | 2/23/2005 | Adams/Wilson (Vols. 1, 2) | yes | KPMG | No |
| Henderson, Tracie | 2/24/2005 | Adams/Wilson (Volume 3) | yes | KPMG | No |
| Hirata, Christopher | 7/20/2005 | Gastow v. KPMG | yes | Quadra | No |
| Hirata, Christopher | 7/20/2005 | Sullivan v. KPMG | yes | Quadra | No |
| Hoerner, Henry R. | 1/5/2006 | Eacho | yes | plaintiff's advisor | No |
| Holland, J. Walker | 12/12/2005 | McNair (Tolt Ventures) | yes | plaintiff's advisor | No |
| Holmes, Sven Erik | 12/16/2005 | Adler v. KPMG | yes | KPMG | No |
| Holmes, Sven Erik | 12/16/2005 | Cohen v. KPMG | yes | KPMG | No |
| Holmes, Sven Erik | 12/16/2005 | Eacho v. KPMG | yes | KPMG | No |
| Holmes, Sven Erik | 12/16/2005 | Gastow v. KPMG | yes | KPMG | No |

## Depositions to Date

| Name | Date | Matter | | Entity | |
|---|---|---|---|---|---|
| Holmes, Sven Erik | 12/16/2005 | Midyette v. KPMG | yes | KPMG | No |
| Holmes, Sven Erik | 12/16/2005 | Schneider | yes | KPMG | No |
| Holmes, Sven Erik | 12/16/2005 | Sullivan v. KPMG | yes | KPMG | No |
| Humphreys, Thomas | 7/28/2005 | Eacho v. KPMG | yes | Brown & Wood | No |
| Humphreys, Thomas | 7/28/2005 | Gaslow v. KPMG | yes | Brown & Wood | No |
| Hunter, Gerald | 11/9/2005 | Eacho v. KPMG | yes | KPMG | No |
| Jacoboni, Joseph | 7/29/2003 | Jacoboni v. KPMG | yes | plaintiff | No |
| Jacoboni, Joseph | 7/30/2003 | Jacoboni | yes | plaintiff | No |
| Jacoboni, Joseph | 9/3/2003 | Jacoboni | no | plaintiff | No |
| Jacoboni, Joseph | 8/5/2005 | Eacho v. KPMG | yes | plaintiff | No |
| Jacoboni, Joseph | 8/5/2005 | Gaslow v. KPMG | yes | plaintiff | No |
| Jacoboni, Joseph | 8/5/2006 | Sullivan v. KPMG | yes | plaintiff | No |
| Jones, Bobby Ray | 12/29/2005 | McNair (Toit Ventures) | yes | plaintiff's advisor | No |
| Jones, Jill Nora | 6/8/2005 | Coleman | no | plaintiff's in-house accounting advisor | No |
| Jones, Kenneth | 1/26/2004 | IRS Interview re: Kenneth Jones, et. Al | no | | No |
| Kearns, Paul | 3/2/2005 | Adams/Wilson | yes | KPMG | No |
| Kelin, Stephen J. | 2/26/2002 | IRS Interview | no | KPMG | No |
| Kelley, David | 11/19/2002 | IRS Interview re: Volatility Opportunity Fund | no | Deutsche Bank | No |
| Lacy, Terri | 12/7/2005 | McNair (Toit Ventures) | yes | Andrews & Kurth | No |
| Larson, John | 10/15/2002 | IRS Investigation of Presidio | no | Presidio | No |
| Larson, John | 12/5/2002 | IRS Investigation of Presidio | no | Presidio | No |
| Larson, John | 10/1/2003 | Perez v. KPMG | yes | Presidio | No |
| Larson, John | 11/10/2004 | McNair (Toit Ventures) | yes | Presidio | No |
| Larson, John | 4/29/2005 | Jacoboni v. KPMG | yes | Presidio | No |
| Larson, John | 4/29/2005 | Eacho v. KPMG | yes | Presidio | No |
| Larson, John | 4/28/2005 | Jacoboni | yes | Presidio | No |
| Larson, John | 5/26/2005 | Wilson | yes | Presidio | No |
| Larson, John | 5/26/2005 | Adams v. KPMG | yes | Presidio | No |
| Lewis, John | 5/30/2002 | Perez Refund Action | no | IRS Agent | No |
| Lovejoy, Ralph | 7/8/2004 | Sullivan | yes | Quadra | No |
| Lovejoy, Ralph | 6/17/2005 | Coleman | no | Quadra | No |
| Lovisolo, John | 11/22/2002 | IRS Interview re: Volatility Opportunity Fund | no | Deutsche Bank | No |

# Depositions to Date

| | | | | | |
|---|---|---|---|---|---|
| Lowry, Paul | 2/1/2005 | Eacho, Gaslow, Jacoboni, Sullivan | yes | KPMG | No |
| Mackay, Robert | 10/2/2003 | Jacoboni | yes | KPMG Expert | No |
| Mackey, Robert | 11/12/2003 | Perez | yes | KPMG Expert | No |
| MacKinnon, John | 10/28/2004 | McNair | yes | Brown & Wood | No |
| MacKinnon, John | 5/11/2005 | Eacho v. KPMG | yes | Brown & Wood | No |
| MacKinnon, John | 5/11/2005 | Gaslow v. KPMG | yes | Brown & Wood | No |
| Makov, Amir | 7/11/2005 | Shasta Strategic Investment and Presidio v. KPMG? | yes | | No |
| McCaffery, Edward | 10/27/2003 | Jacoboni | yes | KPMG Expert | No |
| McCaffery, Edward | 11/13/2003 | Perez | yes | KPMG Expert | No |
| McCall, Raymond D. | 5/19/2004 | IRS Summons Interview | no | | No |
| McNair, Cal | 11/17/2005 | McNair (Tolt Ventures) | yes | plaintiff | No |
| McNair, Cal | 11/18/2005 | McNair (Tolt Ventures) | yes | plaintiff | No |
| McNair, Cary | 11/15/2005 | McNair (Tolt Ventures) | yes | plaintiff | No |
| McNair, Cary | 11/16/2005 | McNair (Tolt Ventures) | yes | plaintiff | No |
| Moisen, Chandler Stuart | 10/29/2003 | Summons Interview re: Lewco Equipment Leasing, Inc. | no | | No |
| Moorehead, Donald | 12/10/2003 | IRS Interview Re: OPIS | no | | No |
| Morgan, Larry | 3/11/2003 | IRS Interview Re: Larry Morgan, et al | no | | No |
| Mueller, Robert | 11/20/2003 | Perez | yes | Morgan Stanley | No |
| Napier, Angie | 2/4/2005 | Eacho, Gaslow, Jacoboni, Sullivan | yes | KPMG | No |
| Napier, Angie | 5/20/2006 | Adams v. KPMG | yes | KPMG | No |
| Napier, Angie | 5/20/2006 | Wilson v. KPMG | yes | KPMG | No |
| Napier, Angie | 6/28/2005 | Coleman | no | KPMG | No |
| Napier, Angie | 7/7/2005 | Cohen v. KPMG | yes | KPMG | No |
| Napier, Angie | 7/7/2005 | Midyette v. KPMG | yes | KPMG | No |
| Napier, Angie | 8/2/2005 | Eacho v. KPMG | yes | KPMG | No |
| Napier, Angie | 8/2/2005 | Gaslow v. KPMG | yes | KPMG | No |
| Napier, Angie | 8/2/2005 | Sullivan v. KPMG | yes | KPMG | No |
| Newitt, Ron | 1/9/2006 | Cohen | yes | plaintiff | No |
| Nolan, Jennifer | 11/17/2005 | Eacho v. KPMG | yes | KPMG | No |
| Perez, Daniel | 6/19/2002 | Perez Refund Action | no | plaintiff | No |
| Perez, Daniel | 10/13/2003 | Perez v. KPMG | yes | plaintiff | No |
| Perez, Daniel | 10/13/2003 | Jacoboni | yes | plaintiff | No |

## Depositions to Date

| Name | Date | Matter | | Party | |
|---|---|---|---|---|---|
| Perez, David | 10/15/2003 | Perez | yes | plaintiff | No |
| Perez, David | 1/13/2003 | Perez Refund Action | yes | plaintiff | No |
| Perez, Ruben | 10/14/2003 | Perez | yes | plaintiff | No |
| Perez, Ruben | 1/9/2003 | Perez Refund Action | yes | plaintiff | No |
| Peters, Marsha | 2/24/2005 | Eacho v. KPMG | yes | KPMG | No |
| Peters, Marsha | 2/24/2005 | Gaslow v. KPMG | yes | KPMG | No |
| Pfaff, Robert | 6/12/2003 | IRS Interview re: Pfaff's and RP Investment's tax returns | no | KPMG | No |
| Pfaff, Robert | 6/13/2003 | IRS Interview re: Pfaff's and RP Investment's tax returns | no | KPMG | No |
| Pfaff, Robert | 10/7/2003 | Perez v. KPMG | yes | KPMG | No |
| Pfaff, Robert | 2/1/2005 | McNair (Toit Ventures) | yes | KPMG | No |
| Pfaff, Robert | 4/28/2005 | Eacho v. KPMG | yes | KPMG | No |
| Pfaff, Robert | 4/28/2005 | Jacoboni v. KPMG | yes | KPMG | No |
| Pfaff, Robert | 5/10/2005 | Adams v. KPMG | yes | KPMG | No |
| Pfaff, Robert | 5/10/2005 | Wilson v. KPMG | yes | KPMG | No |
| Philipson, Richard | 9/16/2005 | Eacho v. KPMG | | plaintiff's advisor | No |
| Piovanetti, Francesco | 11/20/2002 | IRS Interview re: Volatility Opportunity Fund | no | Deutsche Bank | No |
| Powell, Gary | 11/7/2001 | IRS Interview | no | KPMG | No |
| Powell, Gary | 1/7/2003 | Danmar Holdings v. US | no | KPMG | No |
| Powell, Gary | 1/17/2003 | Perez Refund Action | yes | KPMG | No |
| Powell, Gary | 2/28/2003 | IRS Interview | yes | KPMG | No |
| Powell, Gary | 9/5/2003 | Perez | yes | KPMG | No |
| Powell, Gary | 10/16/2003 | Perez | yes | KPMG | No |
| Powell, Gary | 4/25/2005 | Jacoboni v. KPMG | yes | KPMG | No |
| Prindle, Chris | 1/5/2006 | Eacho | yes | plaintiff's advisor | No |
| Ranck, Bruce | 1/22/2004 | IRS Interview | no | | No |
| Rauh, Margaret | 4/20/2005 | Jacoboni v. KPMG | yes | KPMG | No |
| Rauh, Margaret | 4/20/2005 | Sullivan v. KPMG | yes | KPMG | No |
| Rawls, Kaki | 11/21/2003 | Jacoboni v. KPMG | no | | No |
| Ritchie, Gregg | 8/16/2003 | Jacoboni v. KPMG | yes | KPMG | No |
| Ritchie, Gregg | 11/12/2003 | Jacoboni | yes | KPMG | Yes |
| Ritchie, Gregg | 4/7/2005 | McNair (Toit Ventures) | yes | KPMG | Yes |
| Ritchie, Gregg | 4/28/2005 | Eacho v. KPMG | yes | KPMG | Yes |
| Ritchie, Gregg | 4/28/2005 | Gaslow v. KPMG | yes | KPMG | Yes |
| Ritchie, Gregg | 4/28/2005 | Jacoboni v. KPMG | yes | KPMG | Yes |

## Depositions to Date

| Name | Date | Matter | Deposed | Represented by | |
|---|---|---|---|---|---|
| Ritchie, Gregg | 4/28/2005 | Sullivan v. KPMG | yes | KPMG | Yes |
| Ritchie, Gregg | 7/28/2005 | Cohen v. KPMG | yes | KPMG | Yes |
| Ritchie, Gregg | 7/28/2005 | Midyette v. KPMG | yes | KPMG | Yes |
| Rogers, William | 11/12/2003 | Jacoboni v. KPMG | ? | Former KPMG client | No |
| Rosenthal, Steven | 4/18/2005 | McNair (Toit Ventures) | yes | KPMG | No |
| Ruble, Raymond | 12/3/2002 | IRS Investigation | no | Sidley Austin B&W | Yes |
| Ruble, Raymond | 4/22/2005 | McNair (Toit Ventures) | yes | Sidley Austin B&W | Yes |
| Ruble, Raymond | 6/22/2005 | Eacho v. KPMG | yes | Sidley Austin B&W | Yes |
| Ruble, Raymond | 6/22/2005 | Gaslow v. KPMG | yes | Sidley Austin B&W | Yes |
| Ruble, Raymond | 12/12/2003 | Jacoboni | yes | Sidley Austin B&W | Yes |
| Schein, Marvin | 11/6/2005 | Gaslow v. KPMG | yes | plaintiff's business associate | No |
| Scheinfeld, Larry | 7/29/2005 | Gaslow v. KPMG | yes | Quadra | No |
| Scheinfeld, Larry | 7/29/2005 | Sullivan v. KPMG | yes | Quadra | No |
| Schiebelhut, Robert K.; Fryer, Mary Suzanne | 8/24/2004 | Summons Interviews | no | | No |
| Schmitz, Ann Marie | 4/27/2005 | Jacoboni v. KPMG | yes | KPMG | No |
| Schorr, Eugene | 4/19/2005 | Gaslow v. KPMG | yes | KPMG | No |
| Sherlock, Victoria | 10/9/2003 | Perez | yes | KPMG | No |
| Simon, Robert D. | 10/17/2003 | Perez, et. al v. KPMG | yes | KPMG | No |
| Simon, Robert D. | 1/9/2004 | Sullivan v. KPMG | yes | KPMG | No |
| Stitterson, Curtis | 7/22/2004 | Sullivan (2 Volumes) | yes | plaintiff's advisor | No |
| Slattery, Dan | 11/6/2001 | IRS Interview | no | KPMG | No |
| Slattery, Daniel | 1/15/2003 | Danmar Holdings v. US (Perez Refund Action) | yes | KPMG | No |
| Slattery, Daniel | 8/26/2003 | Perez | yes | KPMG | No |
| Smith, David Lippman | 2/26/2002 | Summons Interview | no | | |
| Smith, Richard | 1/19/2006 | U.S. v. Smith (Attorney Disqualification) | no | | No |
| Smith, Robin | 1/10/2003 | Danmar Holdings v. US | no | | No |
| Smith, Thomas, Jr. | 12/16/2003 | Jacoboni | yes | Brown & Wood | No |
| Smith, Thomas, Jr. | 5/12/2005 | Adams v. KPMG | yes | Brown & Wood | No |
| Smith, Thomas, Jr. | 5/12/2005 | Wilson v. KPMG | yes | Brown & Wood | No |

## Depositions to Date

| Name | Date | Matter | | Party | |
|---|---|---|---|---|---|
| Sobol, Heidi | 3/6/2003 | Interview re: Volatility Opportunity Fund | no | | No |
| Solway, Richard | 2/23/2005 | Eacho v. KPMG | yes | KPMG | No |
| Solway, Richard | 2/23/2005 | Gaslow v. KPMG | yes | KPMG | No |
| Solway, Richard | 2/23/2005 | Jacoboni v. KPMG | yes | KPMG | No |
| Solway, Richard | 2/23/2005 | Sullivan v. KPMG | yes | KPMG | No |
| Solway, Richard | 3/3/2005 | Adams v. KPMG | yes | KPMG | No |
| Solway, Richard | 3/3/2005 | Wilson v. KPMG | yes | KPMG | No |
| Speiss, Timothy | 4/14/2005 | Gaslow v. KPMG | yes | KPMG | No |
| Spitz, William | 5/25/2005 | Coleman | no | KPMG | No |
| Stefano, Denise | 8/5/2005 | Gaslow v. KPMG | yes | plaintiff's assistant | No |
| Stein, Jeffrey | 7/25/2003 | Jacoboni v. KPMG | yes | KPMG | No |
| Stein, Jeffrey | 10/3/2003 | Perez | yes | KPMG | No |
| Stein, Jeffrey | 9/9/2005 | Cohen v. KPMG | yes | KPMG | Yes |
| Stein, Jeffrey | 9/9/2005 | Midyette v. KPMG | yes | KPMG | Yes |
| Stein, Jeffrey | 9/9/2005 | Eacho v. KPMG | yes | KPMG | Yes |
| Stein, Jeffrey | 9/9/2005 | Gaslow v. KPMG | yes | KPMG | Yes |
| Stein, Jeffrey | 9/9/2005 | Sullivan v. KPMG | yes | KPMG | Yes |
| Sullivan, Michael | 11/14/2003 | Jacoboni | yes | KPMG | No |
| Swartz, Theodore C. | 11/14/2003 | IRS Interview | no | | No |
| Thompson, James | 10/18/2005 | Eacho v. KPMG | yes | plaintiff's advisor | No |
| Tucker, Stefan | 9/27/2005 | Eacho v. KPMG | yes | plaintiff's advisor | No |
| Umberger, Steven | 8/3/2005 | Adams v. KPMG (Volumes 1 and 2) | yes | plaintiff | No |
| Umberger, Steven | 8/4/2005 | Adams v. KPMG (Volumes 3 and 4) | yes | plaintiff | No |
| Veera, Samyak | 4/22/2003 | IRS Summons Interview (Bricolage) (2 docs) | no | Bricolage | No |
| Walker, Steven C. | 8/20/2003 | Summons Interview re: Lewco Equipment Leasing, Inc. | no | | No |
| Warley, Carol | 1/19/2004 | McNair (2 Volumes) | yes | | No |
| Weisner, Phil | 4/4/2005 | McNair (Toll Ventures) | yes | KPMG | Yes |
| Westheimer, Alan | 11/21/2003 | Perez | yes | KPMG's expert | No |
| Westheimer, Alan | 12/4/2003 | Jacoboni | yes | KPMG's expert | No |
| Westheimer, Alan | 8/8/2005 | Gaslow v. KPMG | yes | KPMG's expert | No |
| Weston, Bradford | 8/12/2005 | Gaslow v. KPMG | no | plaintiff's advisor | No |
| Wolfman, Bernard | 11/10/2003 | Perez v. KPMG | yes | plaintiff's expert | No |

## Depositions to Date

| | | | | |
|---|---|---|---|---|
| Wolfman, Bernard | 11/10/2003 | Jacoboni | yes | plaintiff's expert | No |
| Wolfman, Bernard | 7/28/2005 | Gaslow v. KPMG | yes | plaintiff's expert | No |
| Wolfman, Bernard | 8/2/2005 | Gaslow v. KPMG | yes | plaintiff's expert | No |
| Wolfman, Bernard | 1/4/2006 | Eacho | yes | plaintiff's expert | No |
| Woodson, Michael | 6/7/2005 | Coleman | no | plaintiff's in-house accounting advisor | No |
| Zysik, Jeffrey | 4/19/2005 | Eacho v. KPMG | yes | KPMG | Yes |
| Zysik, Jeffrey | 4/19/2005 | Gaslow v. KPMG | yes | KPMG | Yes |
| Zysik, Jeffrey | 4/19/2005 | Jacoboni v. KPMG | yes | KPMG | Yes |
| Zysik, Jeffrey | 4/19/2005 | Sullivan v. KPMG | yes | KPMG | Yes |

11

# Exhibit H

# McKee Nelson LLP

**DAVID J. CURTIN**
Direct Dial: (202) 775-8669
dcurtin@mckeenelson.com

*Correspondence from:*
➤ WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile* 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile* 917.777.4299

December 15, 2006

**VIA FEDERAL EXPRESS**

Dennis M. Donohue
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 7836
Washington, D.C. 20001

>　Re:　*Fidelity International Currency Advisor A Fund, L.L.C. v. United States,*
>　　　 Nos. 05-40151 & 06-40130 (D. Mass.).

Dear Dennis:

　　　Defendant has failed to fully respond to Plaintiff's discovery requests, and unless these failures are cured, we anticipate filing a motion to compel production. We request a meeting with you to attempt to resolve or at least narrow the areas of disagreement prior to filing a motion.

　　　Generally, Defendant's responses are deficient for one or more of the following reasons:

　　　(1)　Inadequate Search: The response to nearly every discovery request identified below reflects an inadequate search of documents in government's possession, custody, or control. In some instances, the government has failed to produce documents that exist, are in the IRS's possession, and are responsive to a specific request. In other instances, the government has made broad assertions of privilege while failing to log any responsive documents.

　　　(2)　Inconsistent Assertions of Privileges: Your assertions of § 6103 and the deliberative process privilege have been inconsistent. On November 6, 2006, for example, you produced some documents that constitute "return or return information" of other taxpayers that you determined are excepted under § 6103(h)(4). That selection included documents relating to John Geewax and Geewax, Terker & Co., while documents relating to Nelson Civello and NDC Investments LLC were not produced. Because the government is placing the transactions of other taxpayers at issue in this case

McKEE NELSON LLP
*Attorneys at Law*
　　www.mckeenelson.com

Dennis M. Donohue
December 15, 2006
Page 2

as purported "pattern evidence," it is unclear why some documents concerning those other taxpayers are being produced, while others are being withheld. However, it is clear that the government's pattern evidence as to these other taxpayers is being selectively organized and incompletely disclosed to us.

    (3)   <u>Failure to Properly Assert Privilege</u>: In response to Request for Production Nos. 24 and 25, you failed to make an affirmative assertion of privilege, instead stating that responsive documents "might" be protected by certain privileges. Your tentative assertions of privilege are improper and suggest that you have not actually collected or reviewed documents and can only guess as to which privileges protect responsive documents.

    (4)   <u>Deficient Privilege Logs</u>: Your privilege logs are deficient both because you failed to log privileged, responsive documents and because you have provided insufficient document descriptions. Notably, some of the entries on the privilege logs fail to describe the documents in a way that allow Plaintiff to "assess the applicability of the privilege." Fed. R. Civ. P. 26(b)(5)(A).

    The following discusses the specific government responses that are inadequate:

    (1)   **<u>Interrogatory No. 3 (Basis for IRS Assertion That This Case Involves a Transaction That Is the Same As or Substantially Similar to a Transaction Described in Notice 2000-44)</u>**: You failed to provide a meaningful response to this interrogatory, claiming that the information sought is not relevant and that the request is overly broad and unduly burdensome. Your objection on the grounds of relevance is inconsistent with the broad reach of relevance under First Circuit law, which you have previously acknowledged to be "wide-ranging," *see* United States of America's Opp. to Pl.'s Mot. to Quash Third-Party Subpoena Issued to KPMG 13 (stating that "the First Circuit has recognized, 'the plain language of . . . Rule 26(b)(1) contemplates wide-ranging discovery to the fullest possible extent.' In the discovery context, 'the word "relevant" encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" (citations omitted)), and the case law concerning discovery into IRS determinations in individual cases. *See, e.g., Jade Trading v. United States*, 65 Fed. Cl. 487, 491 (2005) (holding that Plaintiff's administrative files "are clearly relevant" and that discovery of those files should be allowed).

    Your objection that the request is overly broad and unduly burdensome because it seeks "all" facts concerning the determination is untenable. The request relates to a single determination made by the IRS concerning a single taxpayer. It is paradoxical that Defendant has sought, information concerning 245 unrelated individuals and entities, while failing to provide information concerning the taxpayer at issue in this case. Moreover, your objection does not alleviate the government's obligation to provide an answer to the extent it is capable.

Dennis M. Donohue
December 15, 2006
Page 3

(2)    **Request for Production No. 5** (Materials Created or Maintained by the IRS Relating to Plaintiff's Transaction): You represented that, to the extent not privileged, you produced the documents responsive to this request. To date, we have received approximately 450 IRS documents (1990 pages) relating to Fidelity International currency Advisor A Fund ("FICA A Fund"). We believe that additional responsive documents have not been produced by the IRS. For example, during the audit of FICA A Fund, Plaintiff's representatives sent letters to the IRS Office of Chief Counsel. In addition, IRS agent William Conway informed Plaintiff's representatives that he submitted a Request for Advice to the National Office. These documents have not been produced or listed on a privilege log, even though they are within the scope Request for Production No. 5.

We believe that your failure to produce or log all responsive IRS documents is a result of your search being limited to the revenue agent's FICA A Fund administrative file. Request for Production No. 5, however, is not so limited nor is the government's duty to search.

We have attempted to remedy the inadequate search of IRS files by requesting materials from the files of specific IRS individuals (Request for Production No. 7); requesting materials relating to specific IRS determinations concerning FICA A Fund (Requests for Production Nos. 15 and 27); and by requesting specific documents that were identified by IRS employees as being in the IRS's possession and relating to FICA A Fund (Request for Production No. 6). None of these requests have resulted in the production of additional documents, though materials produced thus far indicate that they exist.

(3)    **Request for Production No. 8** (Materials Relating to Samuel Mahoney, Martin Hawkes, or Biosphere Finance Ltd.): The government's production of documents in response to this request was incomplete. The government specifically stated that it produced "[r]esponsive documents from the examination of Fidelity International's 2001 income tax return." The request, however, is not so limited. To the extent that you are limiting our request and not searching beyond FICA A Fund's examination file because you believe our request is "overly broad," we disagree. By attempting to inject "pattern evidence" into this case, you have placed the investments of Samuel Mahoney and Martin Hawkes in issue. Indeed, you referenced their investments in other partnerships at the November 14, 2006 status conference and have requested information from third parties about partnerships in which Messrs. Mahoney and Hawkes invested. Accordingly, your search for responsive IRS documents must extend beyond FICA A Fund's examination file.

Your assertion that the request "may seek documents" that are protected from disclosure suggests that the government has not performed a thorough search for all

Dennis M. Donohue
December 15, 2006
Page 4

responsive documents, reviewed all potentially responsive documents, made proper ultimate assertions of privilege, or logged privileged documents.

You objected to Request for Production No. 8 on the ground that it seeks information protected from disclosure by § 6103, but nonetheless you subsequently produced a limited number of responsive documents. You failed to produce a privilege log identifying the withheld documents and as a result, we cannot determine what you have selected to be withheld as privileged.

(4)    **Request for Production No. 10 (Materials Collected, Created, or Maintained by the IRS in Connection with Entities Listed in Appendix A):** In response to this request, you stated that you had produced responsive documents relating to FICA A Fund and asserted the protection of § 6103 with respect to all other responsive documents. You later produced documents concerning some of the taxpayers identified on Appendix A. Your privilege log, however, does not appear to identify all documents concerning the remaining Appendix A taxpayers.

It is unclear why documents relating to some of the taxpayers listed on Appendix A, a list created by Defendant and attached to subpoenas issued by Defendant in an effort to develop "pattern evidence", are excepted under § 6103(h)(4) while others are not. Your failure to produce documents relating to selected taxpayers on that list strongly suggests that you and the IRS are applying the exception to § 6103 inconsistently.

Furthermore, the government has failed to produce any documents from the IRS administrative files of the Appendix A entities.

(5)    **Request for Production No. 11 (Opinions Prepared by Professional Firms Regarding the Tax Treatment or Reporting Requirements of SOS, FDIS, or FOCUS):** In response to this request, you failed to produce a single opinion from IRS files, other than the one issued to Plaintiff. Instead, you broadly asserted § 6103 protection, but failed to produce a privilege log identifying the documents responsive to this request. In order to be able to assess the completeness of your response and the appropriateness of the asserted privilege, it is necessary for you to identify all responsive documents on a privilege log.

(6)    **Request for Production No. 14 (Analyses by the Government of SOS, FDIS, or FOCUS):** In response to this request you stated that the government has produced responsive documents relating to FICA A Fund and that all other documents are protected from disclosure by either § 6103, the deliberative process privilege, the attorney-client privilege, or the attorney-work product doctrine. You have failed, however, to produce a privilege log that identifies the documents over which you are claiming privilege. Without this log, Plaintiff is unable to evaluate the completeness of your response or the appropriateness of the asserted privileges.

Dennis M. Donohue
December 15, 2006
Page 5

(7)     **Request for Production No. 15 (Materials Related to IRS Determination that FICA A Fund was the Same As or Substantially Similar to a Transaction Described in Notice 2000-44)**: In response to this request, you asserted that the documents sought are not relevant, and that you have produced everything in FICA A Fund's "administrative file" to the extent not privileged.  Your relevancy objection, however, is not consistent with your position concerning the "wide ranging" scope of discovery.

Based on the lack of any significant identified materials relating to the IRS's determination either in your production or on your privilege log, it appears that your response to this request is incomplete.  You have produced approximately ten documents concerning the application of Notice 2000-44; however, half of them were authored by Plaintiff's representatives.  Similarly, your privilege logs identify only three documents concerning the application of Notice 2000-44 to FICA A Fund.   It is unlikely that this represents all responsive IRS documents, given that the substantially similar determination served as the basis for the adjustments in the FPAA and the application of a retroactive regulation.

(8)     **Request for Production No. 18 (Documents Concerning Announcement 2004-46)**: In response to this request, the government failed to produce any documents, claiming that all documents responsive to this request are protected by § 6103, the deliberative process privilege, the attorney-client privilege, or the work-product doctrine. The government failed, however, to provide a privilege log identifying the documents responsive to this request.

(9)     **Request for Production No. 21 (Pleadings, Documents, and Materials Maintained by the IRS in connection with *Helmer v. Comm'r*, 34 T.C.M. (CCH) 727 (1975))**: In response to this request, you again failed to produce any documents, claiming that the requested materials are not relevant and that the request is vague, ambiguous, and overly broad.

The information sought is relevant because the central issues in this case include whether Plaintiff's treatment of liabilities was proper, and whether Plaintiff's tax return position was reasonable.  Plaintiff relied on the position the government asserted and the court accepted in *Helmer* to determine the tax treatment of its liabilities; thus, pleadings and documents concerning *Helmer* are relevant.

The request is not vague, ambiguous, or overly broad.  It concerns a specific case to which the IRS was a party.  The IRS should have in its possession, custody, or control pleadings and other documents related to this case, as evidenced by the fact that such material was previously provided by the IRS to another taxpayer.

Finally, we note that you did not assert any privileges in response to this request. Accordingly, it is unnecessary to argue over whether inadvertently produced materials could retain privileged status.

Dennis M. Donohue
December 15, 2006
Page 6

     (10)  **Request for Production No. 24 (Transcripts of Interviews or Q&As from Promoter Examinations of Identified Entities)**: In response to this request, you failed to produce any documents or log privileged, responsive documents, claiming that the documents are protected by § 6103 and that notes of the IRS "might" be protected by the deliberative process privilege, attorney-client privilege, or the-work product doctrine.

     Your failure to log documents over which you are claiming a privilege is in contravention of Federal Rule of Civil Procedure 26(b)(5). Additionally, your conclusory assertion that notes taken by IRS personnel "might" be protected by a litany of privileges is inadequate.

     Furthermore, on November 6, 2006 you selectively produced materials from some promoter examination files under the § 6103(h)(4) exception. It is unclear why interviews or Q&As would not fall under this same exception. Moreover, your production of a partial transcript of a James Haber interview in response to Request for Production No. 25 suggests that not all interview transcripts warrant § 6103 protection and that interview transcripts can be produced in a form that does not violate § 6103. The production of the James Haber transcript, which was specifically identified by Plaintiffs, and your failure to log any other IRS interview transcripts, suggests that you and the IRS failed to search for transcripts in response to Request for Production No. 24.

     (11)  **Request for Production No. 27 (Materials Relating to the IRS Determination that Accuracy-Related Penalties Should be Assessed Against FICA A Fund)**: In response to this request, you asserted that the documents sought are not relevant, but that you had produced everything in FICA A Fund's "administrative file" to the extent not privileged.

     Based on the lack of any significant correspondence or notes relating to the IRS's assertion of accuracy-related penalties either in the production or on the privilege log, it appears that your response to this request is not complete.

     Finally, your relevancy objection is unfounded. The requested documents are relevant because an issue in this case is whether the IRS's assertion of penalties is correct.

     (12)  **Requests for Production Nos. 31 and 32 (Documents Relating to Tax Treatment, Economic Substance, or Reporting Requirements of Any Tax Strategy, Including an E-mail Discussed in *The New York Times*)**: In response to this request, you once again make broad assertions of § 6103 protection and deliberative process privilege and object on the basis of relevancy. Despite your broad privilege claims, you failed to identify any responsive documents on a privilege log. As previously noted, a privilege log is necessary for Plaintiff to evaluate the completeness of your response and the appropriateness of the privileges asserted.

Dennis M. Donohue
December 15, 2006
Page 7


        Your broad claims of privilege are inappropriate for two reasons.  First, your
assertion of § 6103 protection is inconsistent with your production of documents relating
to other taxpayers under an exception to § 6103 and the position taken by the government
in Chief Counsel Notice 2006-003.  Second, your claim of deliberative process privilege
is overbroad and inconsistent with First Circuit law.  Under First Circuit law, a document
will be protected by deliberative process privilege if it is both predecisional and
deliberative.  It does not follow that all documents responsive to these requests meet the
First Circuit's strict standard, however, this cannot be evaluated in the absence of an
appropriate privilege log.

        Finally, we disagree with your assertion that the requested documents are not
relevant.  The tax treatment, economic substance, and reporting requirements of
Plaintiff's investment are at issue in this case because of the IRS's FPAA determinations.

        I will contact you so that we may schedule a date and time to meet and confer
regarding the discovery issues outlined above.


                                Sincerely,

                                David J. Curtin


cc:     John A. Lindquist
        Barry E. Reiferson

# Exhibit I

# McKee Nelson LLP

**DAVID J. CURTIN**
Direct Dial: (202) 775-8669
dcurtin@mckeenelson.com

Correspondence from:
> **WASHINGTON, DC**

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile* 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile* 917.777.4299

December 28, 2006

## VIA FAX AND FEDERAL EXPRESS

John A. Lindquist, III
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 7836
Washington, D.C. 20001

     Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States*,
           Nos. 05-40151 & 06-40130 (D. Mass.)

Dear John:

     We received the government's response to Plaintiff's Fifth Set of Requests for Production of Documents and Plaintiff's Second Set of Interrogatories. As we advised in letters dated November 29, 2006 and December 15, 2006, the government's responses to Plaintiff's discovery requests have been deficient for several reasons. The government's most recent response is deficient for many of the same reasons outlined in those letters. Moreover, it is inappropriate for the government to refer us to a mass of documentation and instruct us to fish for information supporting the factual representations made by the government on the record to the Court. To make those factual representations, the government must know the underlying facts (including the identities of the 63 other taxpayers whom the government has determined bought the same tax product), thus it is of no additional burden to provide those facts in response to the interrogatories and the government is required to do so under the Federal Rules.

     You previously informed us that you would address the concerns we raised regarding your responses to our discovery requests on January 5, 2007. Please also address the deficiencies with respect to this most recent response at that time.

     Sincerely,

     *David Curtin*

     David J. Curtin

cc:    Dennis M. Donohue
       Barry E. Reiferson

McKee Nelson LLP
*Attorneys at Law*
   www.mckeenelson.com

# Exhibit J



**U.S. Department of Justice**

**Tax Division**

Facsimile No. (202) 514-5238
Trial Attorney: John.A.Lindquist
Attorney's Direct Line: (202) 307-6561

*Please reply to:*  Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C.  20044

5-36-10254
CMN 2005106280

January 10, 2007

**Via Facsimile & Regular Mail**
[FAX 202/775-8586]

David J. Curtin, Esq.
McKee Nelson LLP
Suite 200
1919 M Street, NW
Washington, DC 20036

Re:    ***Fidelity International Currency Advisor A Fund, L.L.C. v. United States,***
    **Case No. 05-40151 (D. Mass.)**

Dear Mr. Curtin:

This letter is to respond to your letters dated November 29, 2006, December 15, 2006, and December 28, 2006, in which you have raised a number of discovery issues.  By letter dated October 3, 2006, we responded to a number of discovery issues that you had previously raised, at least one of which appears to have been resolved.  As detailed herein, we are continuing to address a number of the issues that you have raised and will supplement.

A.    **Issue previously Raised and Resolved**

    (1)    **Defendant's Initial Disclosures**

In our letter of October 3, 2006, we previously responded to your request for clarification regarding the nature of the materials that fall within the scope of document categories 4 through 11 that we identified in our initial disclosures as documents in the public record, including, in particular, the documents related to the DGI litigation against Jenkens & Gilchrist.  You have since received a duplicate copy of DGI's production in response to our document subpoena, which included documents related to its litigation against Jenkens & Gilchrist and have not again raised this as an issue.

- 2 -

**B.    Issues raised in your letter of November 29, 2006**

    **(1)    Outstanding Discovery Concerns Treaty Provisions Invoking § 6103(e)(7)**

        You have asked for clarification as to the rationale for redactions under 26 U.S.C. §6103(e)(7). Section 6103(e)(7) provides that "[r]eturn information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this section to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal tax administration." As in *Aloe Vera of America, Inc. v. United States*, 2002 WL 1484463 (D.Ariz. 2002), the information at issue is information the United States received from a foreign country and that country has refused to consent to the production of the information. Thus, the disclosure of the redacted information could adversely effect the United States' ability to exchange tax information with that country in the future (and potentially with other countries). To administer the tax system it is necessary for the United States to be able to exchange tax information with other countries.

        You have further asked that we direct you to the specific treaty provision that applies. However, as recognized in *Aloe Vera,* the invocation of §6103(e)(7) is not tied to the language of the treaty. Section 6103(e)(7) "does not say that the Secretary's determination of serious impairment must be based on disclosure conflicting with another law. Indeed, the fact that the Secretary must make a determination (as opposed to the statute simply preventing disclosure when it conflicts with another law) implies that serious impairment could occur in situations that are less than an actual conflict among the laws." *Id.*

    **i.    Interview and Deposition Transcripts**

        You have again asked that we produce copies of certain transcripts requested in your Second Set of Requests for Production, No. 26, and state that you are confident that the United States possesses them because they are referenced in a letter by the criminal prosecutor in the *Stein* litigation. I have been advised that the copies secured by the criminal prosecutor are subject to Rule 6(e) as well as a protective order and that the referenced letter which was filed in the Stein criminal litigation appears to have been improperly released to the public. Of course, since it appears that all of the transcripts in issue were taken in litigation involving KPMG, you could issue another subpoena to KPMG. Alternatively, since it appears that all of the transcripts also involve Sidley Austin, you could also issue another subpoena to Sidley Austin. As to the IRS interview of James Haber, requested in your Second Set of Requests for Production, No. 25, the IRS has not released the balance of the interview under 26 U.S.C. §6103(h)(2).

- 3 -

ii.    **Documents Responsive to Plaintiff's First and Second Set of Requests for Production of Documents**

You have again asked for clarification regarding whether the IRS has completed its search for documents responsive to Plaintiff's First Requests for Production of Documents and, if so, that we promptly produce any additional responsive documents. In our letter of October 3, 2006, we previously advised that due to problems with our computer systems, we were still in the process of reviewing the documents produced by the IRS for privilege and Section 6103. We further advised that we had since upgraded our computer system and would supplement our production. By letter dated November 6, 2006, we provided you with a revised and supplemental privilege log, along with a CD containing additional documents from the IRS. We are continuing this process and will be further supplementing our production.

iii.    **Identifying Request(s) to Which Documents Respond**

You have again asked that we supplement our production to include an index identifying the request to which each document responds in the same manner that you have done. We agreed to do this on a go forward basis and will supplement our production to include this information.

iv.    **Sidley Austin Documents**

You have raised questions about the fact that there are multiple gaps in the Bates ranges of the Sidley Austin documents that we have produced to you. We have not received documents from Sidley for the gaps in the Bates ranges and have been advised by Sidley Austin that this is because they are not within the scope of our production requests. We have recently received additional Sidley Austin documents through SIDL 0477174 and will be producing copies of the additional documents that we have received from Sidley Austin.

v.    **Invocation of the Deliberative Process Privilege**

You have indicated that you have concerns regarding our assertions of deliberative process and contend that our proposed procedure for the invocation of this privilege, as outlined in our letter of October 3, 2006, is too vague. However, you have not indicated why you believe our proposal is too vague. To the extent you have specific concerns which might be addressed by providing more specificity to our proposed procedure, we would like to discuss them to see whether we might be able to reach some mutual accommodation.

2150177.1

- 4 -

**(2)     Concerns Regarding Defendant's Response to Plaintiff's Second and Third Set of Requests for Production**

      **i.     Email Identified in *The New York Times Article***

      In your Third Set of Requests for Production of Documents, Request No. 31, you broadly requested all IRS documents concerning whether KPMG was required to register any Tax Strategy, including, but not limited to a certain e-mail dated May 17, 2004 described in *The New York Times* article dated September 15, 2006. We objected to this request both upon the ground of relevancy, 26 U.S.C. section 6103, and upon the ground that the documents requested are inherently deliberative in nature and privileged under the governmental deliberative process privilege. You have demanded that we immediately produce the requested email insofar as the article represents that it has been disclosed in the criminal litigation, as well as a privilege log for any other responsive documents. In addition to the fact that the requested documents are irrelevant, they also remain subject to 6103. The fact that the referenced email was improperly disclosed in another matter does not necessarily divest it or any other documents of protection under 6103. We will supplement our privilege log to include the referenced e-mail dated May 17, 2004. Without waiving these objections, we note that on December 21, 2006, certain documents potentially responsive to this request were filed in the *Stein* litigation, copies of which are attached.

      **ii.     Assertions of Deliberative Process Privilege in Response to Request for Production Nos. 31 and 32 for Internal IRS Interpretative Documents.**

      As we noted in our response, we objected to Plaintiff's Third Set of Requests for Production of Documents, No. 31, on multiple grounds including "the ground that the documents requested are inherently deliberative in nature and privileged under the deliberative process privilege." We asserted the same objections to Plaintiff's Third Set of Requests for Production of Documents, No. 32, in which you broadly requested all IRS documents concerning the tax treatment, economic substance, or reporting requirements, including reporting requirements under Sections 6011 or 6111, of any Tax Strategy. In light of the application of Section 6103, the IRS cannot produce the responsive documents to us and we are unable to prepare a privilege log identifying any responsive documents. As such, our assertion of the deliberative process privilege is protective in nature, based upon the plain fact that such documents are inherently deliberative in nature.

- 5 -

      iii.     **Assertion of §6103 Protection in Response to Requests for Production Nos. 31 and 32.**

You contend that our assertion of 26 U.S.C. 6103 in response to Plaintiff's Third Set of Requests for Production of Documents, Nos. 31 and 32 is both overbroad and inconsistent with the position taken by the IRS in Notice 2006-003. We respectfully disagree.

      iv.     **Assertion that Documents Responsive to Request for Production Nos. 31 and 32 are Not Relevant**

You also contend that our relevancy objection is misplaced because the documents requested in Plaintiff's Third Set of Requests for Production of Documents, Nos. 31 and 32 are relevant to whether Plaintiff's tax shelters had economic substance and hence were reported correctly. As we noted in our letter of October 2, 2006, it is fundamental that the views of individual members of an agency as to how a statute or regulation should be construed is legally irrelevant. *See. e.g. United States  v Farley*, 11 F.3d 1385, 1389 (1993), where the Seventh Circuit stated:

> In its attempt to decipher the meaning of a statute a court may rely on various tools, including official agency interpretations.\*\*\* *"[V]iews of individual members of the [agency's] staff are not legally germane."*

[Internal citations omitted and emphasis added]. Thus, the views of the IRS are irrelevant to whether Plaintiff's tax shelters had economic substance.

Indeed, in a federal tax case, any challenge by a taxpayer to the Commissioner's determination that taxes are owing must be resolved in a trial *de novo*, rather than by review of an existing administrative record. *See e.g., Revell, Inc. v. Riddell*, 273 F.2d 649, 658-59 (9th Cir. 1959); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28 (1974). Documents relating to the views of IRS officials have been repeatedly held to be neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in a federal tax suit, and thus not discoverable. *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987); *ISI Corporation v. United States*, 503 F.2d 558, 559 (9th Cir. 1974), *aff'g*, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Vienna Sausage Manufacturing Co. v. United States*, (Civil No. 81-C-6942, USDC N.D. Ill. June 9, 1983); *Garrity v. United States*, 46 A.F.T.R.2d 80-5145 (E.D. Mich. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Cf. Hernandez v. Commissioner*, 490 U.S. 703 n.13 (1989)("[i]n ascertaining the IRS' justifications for its administrative practice, our practice is to rely on the agency's official rulings, not on the unofficial interpretations of particular IRS officials.")

2150177.1

- 6 -

v.      **Failure to Provide an Adequate Privilege Log**

You contend that our updated privilege log fails to include many documents that should have been identified in our response to Plaintiff's Second and Third Set of Requests for Production of Documents, Nos. 8, 10, 12, 13, 14, 18, 24 and 25 and have asked that we supplement our privilege logs to identify whether any of the withheld documents are responsive to these requests.  We will do so.

You have also objected to our failure to describe the content of certain documents on our privilege log, such as where the description states "content unknown."  This description references the fact that the page as we received it was blank.  Insofar is the blank page could reflect that the information was being withheld by the IRS under 26 USC 6103, we have protectively asserted § 6103.   As such, we are not able to provide you with a more detailed description of these pages.

vi.      **Documents Removed from the Privilege Log**

In our letter of November 6, 2006, we noted that we had removed a number of our prior privilege claims from our privilege log and would be producing those documents shortly.  The CD that we produced to you on November 6, 2006, included some of those documents.  We are still in the process of supplementing.

(3)      **Plaintiff's Letter Dated December 15, 2006**

i.      **Interrogatory No. 3 (Basis for IRS Assertion that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44)**

You continue to contend that our response to Plaintiff's First Set of Interrogatories, No. 3, in which you asked that we set forth the basis for the IRS's notation "2000-44 Case" on the FPAAs dated April 6, 2005 and April 26, 2006, is inadequate.  As previously stated in our letter of October 3, 2006,  we remain convinced that our objections (both general and specific) to this interrogatory, as to the basis for an IRS notation, are amply supported by the case law cited in our objections.  As noted in our objections, however, we view those requests as essentially contention interrogatories, which should have been crafted to inquire as to the positions of the United States in this litigation.  Nonetheless, our objections even to these discovery requests likewise had no effect on our production of the entire non-privileged portions of the IRS administrative files.

2150177.1

- 7 -

    ii.    **Request for Production No. 5 (Materials Created or Maintained by the IRS Relating to Plaintiff's Transaction)**

        You contend that there should be additional responsive documents beyond those produced because our response failed to reflect the fact that Plaintiff's representatives sent a letter to the IRS Office of Chief Counsel during the audit and the fact that IRS agent William Conway informed Plaintiff's representatives that he submitted a Request for Advice to the National Office. You contend that these documents have not been produced or identified on our privilege log. We produced a copy of the letter sent by Plaintiff's representatives to the IRS Office of Chief Counsel. [1IRS 1271- 1278] As reflected in our privilege log, we withheld the Request of Advice submitted by William Conway upon a claim of privilege. [1IRS 1265-1267; 1IRS 1268-1271; 1IRS1471-1474]. Nevertheless, as noted above, we are continuing to process additional documents that we have received from the IRS and will be supplementing our production.

    iii.    **Request for Production No. 8 (Materials Relating to Samuel Mahoney)**

        You contend that our search for documents responsive to Plaintiff's Second Set of Requests for Production, No. 8, is inadequate. In this request, you asked for "[a]ll records, documents, and materials collected, created, or maintained by the government regarding Samuel Mahoney, Martin Hawkes, or Biosphere Finance Ltd." In our response we objected on the ground that the request is overly broad, seeks documents that constitute return or return information protected from disclosure by 26 U.S.C. section 6103, and may seek documents to which we do not have access that are protected from disclosure by the law enforcement privilege and/or Rule 6(e) of the Federal Rules of Criminal Procedure. We disagree with your contention that our response reflects that we have performed an inadequate search. The mere fact that we do not have access to other taxpayer information protected under 6103 or grand jury information protected under Rule 6(e) does not evidence that we have performed an inadequate search.

        As to those documents which we have already produced and/or identified on our privilege logs, you ask that we specifically identify those documents that are responsive. As already noted above, we will do so.

    iv.    **Request for Production No. 10 (Materials Collected, Created, or Maintained by the IRS in Connection with Entities Listed in Appendix A)**

        Plaintiff's Second Set of Requests for Production, No. 10, requests " [a]ll records, documents, and materials collected, created, or maintained by the IRS in connection with the entities listed in Appendix A . . . ." We objected to this request to the extent it sought

2150177.1

- 8 -

documents that constitute return or return information protected from disclosure by 26 U.S.C. section 6103. You have noted that we have failed to produce any documents from the IRS administrative files of any of the taxpayers identified in Appendix A. You have further noted that while we have produced some of the promoter files that we have received from the IRS, we have not released all of the promoter files and contend that this strongly suggests that the IRS is applying the exception to 26 U.S.C. 6103 inconsistently. We respectfully disagree. As we have previously informed you, we have been subpoenaing the promoters directly for all relevant documents, including all relevant documents previously produced to the IRS, in order to avoid any possible violation of 26 U.S.C. 6103. While portions of certain promoter files have been released to us by the IRS for possible production under 26 U.S.C. 6103(h)(4), this is a time consuming review process and not all promoter documents necessarily meet this test. To avoid any possible prejudice to you, we agreed early on in this case to provide you with duplicate copies of all subpoenaed documents.

     v.    **Request for Production No. 11 (Opinions Prepared by Professional Firms Regarding the Tax Treatment or Reporting Requirements of SOS, FDIS, or FOCUS)**

      Plaintiff's Second Set of Requests for Production, No. 11, requests " [a]ll opinions prepared by any professional firm in the possession, custody, or control of the Government regarding the tax treatment of or reporting requirements for any SOS, FDIS, or FOCUS investment strategy." We objected to this request to the extent it sought documents that constitute return or return information protected from disclosure by 26 U.S.C. section 6103 and may seek documents to which we do not have access that are protected from disclosure by the law enforcement privilege and/or Rule 6(e) of the Federal Rules of Criminal Procedure or by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure. You have asked that we provide you with a privilege log for all documents being withheld under 6103. We have already produced to you all such opinions which have been released to us by the IRS and are unable to provide you with a privilege log as to documents subject to 6103 which have not been released to us by the IRS. In an attempt to circumvent this limitation, we have directly requested the law firms that appear to have issued the opinions in issue to produce copies of those opinions. You have already received copies of the document productions that we have received from Sidley Austin and Proskauer. Our subpoenas to Bryan Cave and Lord Bissel are still outstanding.

     vi.    **Request for Production No. 14 (Analyses by the Government of SOS, FDIS, or FOCUS)**

      Plaintiff's Second Set of Requests for Production, No. 14, requests " [a]ll analyses by the Government of SOS, FDIS, or FOCUS investment strategies, including, but not limited to, records, documents, and materials reflecting consideration by the IRS." We objected to this request to the extent that it sought documents that contained return or return information

- 9 -

protected from disclosure by 26 U.S.C. section 6103, the deliberative process privilege, the attorney-client privilege, or attorney work product doctrine, and produced all responsive documents from the taxpayer's administrative file that were not privileged. You contend that we have failed to provide you with a privilege log that identifies all documents being withheld upon a claim of privilege. We provided you with a privilege log as to all those documents being withheld upon a claim of privilege. We are unable to provide you with a privilege log as to documents subject to 6103 which have not been released to us by the IRS.

vii.    **Request for Production No. 15 (Materials Related to IRS determination that FICA A Fund was the Same as or Substantially Similar to a Transaction Described in Notice 2000-44)**

Plaintiff's Second Set of Requests for Production, No. 15, requests " [a]ll records, documents, and materials underlying the IRS's determination, if any, that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44." We objected to this request on relevancy grounds. Without waiving this objection, we nevertheless have sought to produce all responsive documents not subject to privilege. You contend that our relevancy objection is not consistent with our position concerning the "wide ranging" scope of discovery. Further you contend that it appears that the scope of our search was inadequate.

This contention mirrors your earlier contention that our response failed to reflect the fact that Plaintiff's representatives sent a letter to the IRS Office of Chief Counsel during the audit and the fact that IRS agent William Conway informed Plaintiff's representatives that he submitted a Request for Advise to the National Office. As noted above, you are incorrect. We produced a copy of the letter sent by Plaintiff's representatives to the IRS Office of Chief Counsel. [1IRS 1271- 1278]  As reflected in our privilege log, we withheld the Request of Advice submitted by William Conway upon a claim of privilege. [1IRS 1265-1267; 1IRS 1268-1271; 1IRS1471-1474]. Nevertheless, as noted above, we are continuing to process additional documents that we have received from the IRS and will be supplementing our production.

**Request for Production No. 18 (Documents concerning Announcement 2004-46)**

Plaintiff's Second Set of Requests for Production, No. 18, requests " [a]ll records, documents, and materials concerning the issuance or interpretation of Announcement 2004-46." We objected to this request for production upon the ground of relevancy, 26 U.S.C. Section 6103, and the deliberative process privilege, the attorney-client privilege, and/or the work-product doctrine. You contend that we have failed to provide you with a privilege log in response to the is request. We have provided you with a privilege log as to those documents within the taxpayer's administrative file which were withheld upon a claim of privilege. Some of the documents listed therein are responsive to this request and we will supplement our privilege log to identify these documents.

2150177.1

- 10 -

viii.    **Request for Production No. 21 (Pleadings, Documents, and Materials Maintained by the IRS in connection with *Helmer v. Comm'r*, 34 T.C.M. (CCH) 727 (1975)**

Plaintiff's Second Set of Requests for Production, No. 21, requests "[a]ll pleadings, records, documents, and materials maintained by the IRS in connection with *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975), including, but not limited to, all documents previously produced by the Government in any other proceeding concerning this subject." We objected to this request as vague, ambiguous, and overly broad. Further, as explained in the general objections, we objected to this request on the ground that the materials requested were not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. You contend that your request is not vague, ambiguous and overbroad, that the all documents requested are relevant because your client relied upon the *Helmer* decision and that the IRS should have in its possession pleadings and other documents maintained by the IRS related to this case. Further, you contend that we have waived any privilege because we failed to assert any privileges and that an IRS document referencing the Helmer decision was recently introduced into evidence in the *Jade* litigation. We respectfully disagree on all accounts. Moreover, we did not previously understand your request to seek deliberative and/or privileged communications. To the extent that this was your intent, we further object to your request to the extent that it seeks privileged information and will supplement our response to your discovery to make this clear.

ix.    **Request for Production No. 24 (Transcripts of Interviews or Q&As from Promoter Examinations of Identified Entities)**

Plaintiff's Second Set of Requests for Production, No. 24, requests "[a]ll transcripts, reports, video recordings, or notes of interviews or Q&As from the promoter examinations, whether prepared by or on behalf of the Government or the party under examination," of the following entities:

- Alpha
- Diversified Group Inc.
- Helios
- KPMG
- Proskauer
- Refco Capital Markets Ltd.
- Sidley Austin

We objected to this request to the extent it sought documents protected by 26 U.S.C. section 6103, the deliberative process privilege, the attorney-client privilege, or the attorney work product doctrine. You contend that our search was inadequate and, as above, again contend that this strongly suggests that the IRS is applying the exception to 26 U.S.C. 6103 inconsistently. We respectfully disagree. Portions of certain promoter files have been released to us by the IRS for possible production under

2150177.1

- 11 -

26 U.S.C. 6103(h)(4), including the partial transcript of James Haber from the promoter examination of DGI which we produced. We are continuing to review the documents that we have received from the IRS for possible release under 26 U.S.C. 6103(h)(4). Those documents which have not been released are identified in our privilege logs. To avoid any possible prejudice, we have requested these same documents in the document subpoenas that we have issued to these promoters.

          x.     **Request for Production No. 27 (Materials Relating to the IRS determination that accuracy-related penalties should be assessed against FICA A Fund)**

Plaintiff's Second Set of Requests for Production, No. 27, requests "[a]ll records, documents, and materials upon which the Government relied in asserting accuracy-related penalties against FICA A Fund." We objected to this request on relevancy grounds. Without waving this objection, we nevertheless have attempted to produce everything in the administrative file to the extent not privileged. You contend our relevancy objection is unfounded. Further, you contend that the scope of our search was inadequate. We respectfully disagree. However, as noted above, we are continuing to process additional documents that we have received from the IRS and will supplement our production.

          xi.     **Request for Production No. 31 and 32**

Your concerns appear to duplicate those raised in your letter of November 29, 2006, and are addressed above.

          (4)     **Plaintiff's Letter Dated December 28, 2006**

**Plaintiff's Second Set of Interrogatories, Nos. 15-22, and Fifth Set of Requests for Production of Documents, Nos. 44-51**

In your Second Set of Interrogatories and Fifth Set of Requests for Production of Documents you have sought to conduct discovery upon defense counsel concerning our work product. You state that based upon our statements to the court at the status conference on November 14, 2006, "the government must know the underling facts (including the identities of the 63 other taxpayers whom the government has determined bought the same tax product)" such that "it is of no additional burden to provide those facts in response to the interrogatories and the government is required to do so under the Federal Rules." We respectfully disagree. The information requested is protected under the work product doctrine.

As we pointed out in our letter of October 2, 2006, the United States was not involved in the design or development of SOS, FOCUS and FDIS or any other tax shelter products. Plaintiff has or will receive copies of all documents and materials obtained by the United States from third parties in this case. We are not required to review this material and provide you with information from

- 12 -

these documents. Our review of these documents constitutes opinion work product which is afforded nearly absolute protection from discovery. Opinion work product includes an attorney's evaluation of his case based on review of documents and interviews of witnesses. Opinion work product is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases. Moreover, "[u]nder the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted). While a claim of work product is not absolute, the relevant threshold is not the burden upon the party claiming the privilege, but the burden upon the party who is seeking to pierce the work product privilege.

If you have any further questions regarding these matters or any other concerns, please feel free contact John Lindquist at 202/307-6561.

Sincerely,

John Lindquist
Trial Attorney
Civil Trial Section, Northern Region

Enclosure

# Exhibit K



**U.S. Department of Justice**

**Tax Division**

Facsimile No. (202) 514-5238
Trial Attorney: John.A.Lindquist
Attorney's Direct Line: (202) 307-6561

Please reply to:  Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

5-36-10254
CMN 2005106280

February 21, 2007

**Via Hand Delivery**

David J. Curtin, Esq.
McKee Nelson LLP
Suite 200
1919 M Street, NW
Washington, DC 20036

Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States,*
       *Case No. 05-40151 (D. Mass.)*

Dear Mr. Curtin:

By letter dated January 10, 2007, we responded to your letters dated November 29, 2006, December 15, 2006, and December 28, 2006 and represented that we would continue to address a number of issues that you had raised which had not been resolved and would supplement. By letters dated January 29, 2007, February 2, 2007, and February 8, 2007, you have expressed concern as to the amount of time that it has taken for us to follow up on our prior letter of January 10, 2007. We have been unavoidably delayed, and apologize for any inconvenience. This letter is to supplement our prior response to your letters dated November 29, 2006, December 15, 2006, and December 28, 2006.

A.    **Outstanding Issues raised in your letter of November 29, 2006**

(1)    **Outstanding Discovery Concerns Treaty Provisions Invoking § 6103(e)(7)**

You asked for clarification as to the rationale for redactions under 26 U.S.C. §6103(e)(7). In our letter dated January 10, 2007, we provided you with clarification. Based upon our continuing discussions with the Service, the Service again reviewed its assertion of privilege under § 6103(e)(7) and agreed to withdraw its prior assertion of privilege under §6103(e)(7) as to the redacted information. Accordingly, these documents are being produced in unredacted form.

- 2 -

**(2)    Interview and Deposition Transcripts**

You asked that we produce copies of certain transcripts requested in your Second Set of Requests for Production, No. 26. In our letter dated January 10, 2007, we responded to this issue and our position is unchanged.

**(3)    Documents Responsive to Plaintiff's First and Second Set of Requests for Production of Documents**

You asked for clarification regarding whether the IRS has completed its search for documents responsive to Plaintiff's First Requests for Production of Documents and, if so, that we promptly produce any additional responsive documents. In our letter of October 3, 2006, we advised that due to problems with our computer systems, we were still in the process of reviewing the documents produced by the IRS for privilege and Section 6103. We further advised that we had since upgraded our computer system and would supplement our production. By letter dated November 6, 2006, we provided you with a revised and supplemental privilege log, along with a CD containing additional documents from the IRS. In our letter of January 10, 2006, we notified you that we were continuing this process and would be further supplementing our production. We are supplementing our production as detailed herein. We are also producing a hard copy of the privilege log for the Section 752 Reg. File 7 which you indicated that you could not print.

      **i.    Identifying Request(s) to Which Documents Respond**

You asked that we supplement our production to include an index identifying the request to which each document responds. In our letter of January 10, 2006, we confirmed that we had agreed to do this on a go forward basis and that we would supplement our production to include this information.

Enclosed please find matrices in which we have identified which documents relate to document requests 7, 8, 9, 10, 15, 16, 18, 22, 23, 29, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41. Documents responsive to document request 6 are being produced with the bates 12IRS prefix. We are not producing a matrix for the remaining document requests, either because they predate our agreement to do so (document requests 1-5), the documents were produced by a third party (document request 28 re DGI litigation), or any responsive documents have otherwise already been identified (e.g. with respect to document requests Nos. 12 and 13, we are producing herewith hard copies of the expert reports filed by the United States in the *Jade* case; with respect to request Nos. 24 and 25 we have produced the partial transcript of the Q&A of James Haber [8IRS0076 - 88] ).

2256562.1

- 3 -

### ii.    Sidley Austin Documents

You raised questions about the fact that there are multiple gaps in the Bates ranges of the Sidley Austin documents that we have produced to you. In our letter dated January 10, 2006, we confirmed that we had not received documents from Sidley for these gaps in the Bates ranges and that we had been advised by Sidley that there were gaps because these particular documents were not within the scope of our production requests. We further notified you that we had received additional documents from Sidley through SIDL 0477174 and they are being produced on an enclosed CD.

### iii.    Invocation of the Deliberative Process Privilege

You indicated that you have concerns regarding our assertions of deliberative process and contend that our proposed procedure for the invocation of this privilege, as outlined in our letter of October 3, 2006, is too vague. In our letter of January 10, 2007, we noted that you had not indicated why you believed our proposal is too vague and invited further discussion. We remain open to further discussion.

### (4)    Concerns Regarding Defendant's Response to Plaintiff's Second and Third Set of Requests for Production

### i.    Response to Request for Production Nos. 31 and 32

In our letter of January 10, 2007, we addressed your concerns regarding the sufficiency of our responses to your Third Set of Requests for Production of Documents, Requests No. 31 and 32.

In your Third Set of Requests for Production of Documents, Request No. 31, you broadly requested all IRS documents concerning whether KPMG was required to register any Tax Strategy, including, but not limited to a certain e-mail dated May 17, 2004 described in *The New York Times* article dated September 15, 2006. We objected to this request both upon the ground of relevancy, 26 U.S.C. section 6103, and upon the ground that the documents requested are inherently deliberative in nature and privileged under the governmental deliberative process privilege. You have demanded that we immediately produce the requested email insofar as the article represents that it has been disclosed in the criminal litigation, as well as a privilege log for any other responsive documents. In addition to the fact that the requested documents are irrelevant, they also remain subject to 6103. The fact that the referenced email was improperly disclosed in another matter does not necessarily divest it or any other documents of protection under 6103. Without waiving these objections, we noted that on December 21, 2006, certain documents potentially responsive to this request were filed in the *Stein* litigation, copies of which were produced.

2256562.1

- 4 -

Our position remains unchanged.  Please note that we have supplemented our privilege log to include the referenced e-mail dated May 17, 2004.

      **ii.**    **Failure to Provide an Adequate Privilege Log**

You asked that we supplement our privilege log to indicate whether any documents being withheld upon a claim of privilege are responsive to Plaintiff's Second and Third Set of Requests for Production of Documents, Nos. 8, 10, 12, 13, 14, 18, 24 and 25.  In our letter of January 10, 2007, we represented that we would do so.  As noted above, we have enclosed matrices in which we have identified which documents relate to document requests 8 and 10.  With respect to document requests Nos. 12 and 13, we are also producing herewith hard copies of the expert reports filed by the United States in the *Jade* case.  With respect to request Nos. 24 and 25 we have produced the partial transcript of the Q&A of James Haber [8IRS0076 - 88].

      **iii.**    **Documents Removed from the Privilege Log**

In our letter of November 6, 2006, we noted that we had removed a number of our prior privilege claims from our privilege log and would be producing those documents shortly.  We have also now removed additional documents.  Enclosed is a CD which includes these documents.

    **(5)**    **Plaintiff's Letter Dated December 15, 2006**

      **i.**    **Interrogatory No. 3 (Basis for IRS Assertion that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44)**

In our letter of January 10, 2007, we reiterated our objections (both general and specific) to this interrogatory.

You contended that our response to Plaintiff's First Set of Interrogatories, No. 3, in which you asked that we set forth the basis for the IRS's notation "2000-44 Case" on the FPAAs dated April 6, 2005 and April 26, 2006, is inadequate.  As previously stated in our letter of October 3, 2006,  we remain convinced that our objections (both general and specific) to this interrogatory, as to the basis for an IRS notation, are amply supported by the case law cited in our objections.  As noted in our objections, however, we view those requests as essentially contention interrogatories, which should have been crafted to inquire as to the positions of the United States in this litigation.  Nonetheless, our objections even to these discovery requests likewise had no effect on our production of the entire non-privileged portions of the IRS administrative files.

Our position has not changed.

2256562.1

- 5 -

ii.    **Request for Production No. 5 (Materials Created or Maintained by the IRS Relating to Plaintiff's Transaction)**

In our letter of January 10, 2007, we addressed your contention that there should be additional documents responsive to Request for Production No. 5 beyond those produced. In this request you had asked for "All records, documents, and materials created or maintained by the IRS in connection with its examination of the FICA A Fund transaction at issue in this case, including but not limited to notes and other writings or communications created by each examining agent or other IRS representatives who devoted time to the matter." In light of the fact that you have now joined the 2002 tax year and placed it at issue in this case, we are supplementing our prior production to include the 2002 Form 1065 administrative file for the FICA A Fund, bates stamped 13IRS00001 through 13IRS001030. Enclosed is a CD with these documents, including load files to allow you to upload them into your electronic database, with the exception of those documents being withheld upon a claim of privilege. Also enclosed is a revised privilege log which identifies the following documents within this range as privileged: 13IRS 00308-310; 13IRS00312; 13IRS00688; 13IRS00689-690; 13IRS00250-259; 13IRS00308-310; and 13IRS00548-551.

iii.    **Request for Production No. 6 (CD sent to Bill Conway)**

We have followed-up on your request for production No. 6 in which you requested a copy of the CD, or all documents contained on the CD, referenced in Bates-numbered document 1IRS1159, sent from Tim Erickson to Bill Conway, which Mr. Erickson describes as "containing information [he] received from other promoter cases regarding your investor, Richard Egan, for the 2001 tax year." We tracked down the original case file and located what appears to be the referenced CD and are supplementing our production to include the documents therein, which appear to be a copy of Richard Egan's closing binder. A copy of these documents are being produced, marked as 14IRS00011 through 14IRS00524. In addition we have located and printed the contents of two additional computer disks related to the issuance of the FPAAs. Copies of these documents are being produced marked as 14IRS00525 through 14IRS00585. Enclosed is a CD with these documents, including load files to allow you to upload them into your electronic database. Also enclosed is a revised privilege log which identifies 14IRS00001 through 14IRS00010 as privileged.

iv.    **Request for Production No. 8 (Materials Relating to Samuel Mahoney)**

You contend that our search for documents responsive to Plaintiff's Second Set of Requests for Production, No. 8, is inadequate. In this request, you asked for "[a]ll records, documents, and materials collected, created, or maintained by the government regarding Samuel Mahoney, Martin Hawkes, or Biosphere Finance Ltd." In response to your request for production #8, we are supplementing our production to include 12IRS00001 through 12IRS00351, with the

2256562.1

- 6 -

exception of those documents being withheld upon a claim of privilege. Enclosed is a CD with these documents, including load files to allow you to upload them into your electronic database. Also enclosed is a revised privilege log which identifies 12IRS00001 through 12IRS00005 as privileged.

> v.    **Request for Production No. 10 (Materials Collected, Created, or Maintained by the IRS in Connection with Entities Listed in Appendix A)**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request. Our position has not changed.

> vi.    **Request for Production No. 11 (Opinions Prepared by Professional Firms Regarding the Tax Treatment or Reporting Requirements of SOS, FDIS, or FOCUS)**

Our subpoenas to Bryan Cave and Lord Bissell are still outstanding. We have obtained from DGI and are producing herewith a copy of the opinion that Bryan Cave issued to Albert Cheris on the FDIS transaction. In addition, our production of documents from Sidley includes opinions issued by Sidley on the FDIS transactions.

> vii.    **Request for Production No. 14 (Analyses by the Government of SOS, FDIS, or FOCUS)**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request. Our position has not changed.

Plaintiff's Second Set of Requests for Production, No. 14, requests " [a]ll analyses by the Government of SOS, FDIS, or FOCUS investment strategies, including, but not limited to, records, documents, and materials reflecting consideration by the IRS." We objected to this request to the extent that it sought documents that contained return or return information protected from disclosure by 26 U.S.C. section 6103, the deliberative process privilege, the attorney-client privilege, or attorney work product doctrine, and produced all responsive documents from the taxpayer's administrative file that were not privileged.

You contend that we have failed to provide you with a privilege log that identifies all documents being withheld upon a claim of privilege. We have provided you with an updated privilege log as to all those documents being withheld upon a claim of privilege, along with a matrix of all documents that we have identified as potentially responsive to this request. We are unable to provide you with a privilege log as to documents subject to 6103 which have not been released to us by the IRS. We note that we have provided you with a matrix with respect to your production request No. 23, identifying documents that are potentially responsive to your request

2256562.1

- 7 -

for "[a]ll records, documents, and materials in any promoter examination file that refer to SOS,
FDIS, or FOCUS."

    viii.    **Request for Production No. 15 (Materials Related to IRS
    determination that FICA A Fund was the Same as or Substantially
    Similar to a Transaction Described in Notice 2000-44)**

    As noted in our letter of January 10, 2007, we respectfully disagree on the issues related
to this request. Our position has not changed.

    Plaintiff's Second Set of Requests for Production, No. 15, requests " [a]ll records,
documents, and materials underlying the IRS's determination, if any, that this case involves a
transaction that is the same as or substantially similar to a transaction described in Notice 2000-
44." We objected to this request on relevancy grounds. Without waiving this objection, we
nevertheless have sought to produce all responsive documents not subject to privilege. You
contend that our relevancy objection is not consistent with our position concerning the "wide
ranging" scope of discovery. Further you contend that it appears that the scope of our search was
inadequate.

    This contention mirrors your earlier contention that our response failed to reflect the fact
that Plaintiff's representatives sent a letter to the IRS Office of Chief Counsel during the audit
and the fact that IRS agent William Conway informed Plaintiff's representatives that he
submitted a Request for Advise to the National Office. As noted above, you are incorrect. We
produced a copy of the letter sent by Plaintiff's representatives to the IRS Office of Chief
Counsel. [1IRS 1271- 1278] As reflected in our privilege log, we withheld the Request of
Advice submitted by William Conway upon a claim of privilege. [1IRS 1265-1267; 1IRS 1268-
1271; 1IRS1471-1474].

    Please note that we have supplemented our privilege log to include 13IRS00308 through
13IRS00310 and 13IRS00312 as privileged, both of which are responsive to this request. We
note that we are also producing a matrix for production request 15.

    ix.    **Request for Production No. 18 (Documents concerning
    Announcement 2004-46)**

    As noted in our letter of January 10, 2007, we respectfully disagree on the issues related
to this request, but represented that we would supplement.

    Plaintiff's Second Set of Requests for Production, No. 18, requests " [a]ll records,
documents, and materials concerning the issuance or interpretation of Announcement 2004-46."
We objected to this request for production upon the ground of relevancy, 26 U.S.C. Section
6103, and the deliberative process privilege, the attorney-client privilege, and/or the work-

2256562.1

- 8 -

product doctrine. You contend that we have failed to provide you with a privilege log in response to this request. We have provided you with a privilege log as to those documents within the taxpayer's administrative file which were withheld upon a claim of privilege. We note that we are also producing a matrix for production request 18.

        x.       **Request for Production No. 21 (Pleadings, Documents, and Materials Maintained by the IRS in connection with *Helmer v. Comm'r*, 34 T.C.M. (CCH) 727 (1975)**

       As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request.

       Plaintiff's Second Set of Requests for Production, No. 21, requests "[a]ll pleadings, records, documents, and materials maintained by the IRS in connection with *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975), including, but not limited to, all documents previously produced by the Government in any other proceeding concerning this subject." We objected to this request as vague, ambiguous, and overly broad. Further, as explained in the general objections, we objected to this request on the ground that the materials requested were not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. You contend that your request is not vague, ambiguous and overbroad, that the all documents requested are relevant because your client relied upon the *Helmer* decision and that the IRS should have in its possession pleadings and other documents maintained by the IRS related to this case. Further, you contend that we have waived any privilege because we failed to assert any privileges and that an IRS document referencing the Helmer decision was recently introduced into evidence in the *Jade* litigation. We respectfully disagree on all accounts. Moreover, we did not previously understand your request to seek deliberative and/or privileged communications. To the extent that this was your intent, we further object to your request to the extent that it seeks privileged information.

        xi.      **Request for Production No. 24 (Transcripts of Interviews or Q&As from Promoter Examinations of Identified Entities)**

       As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request.

       Plaintiff's Second Set of Requests for Production, No. 24, requests "[a]ll transcripts, reports, video recordings, or notes of interviews or Q&As from the promoter examinations, whether prepared by or on behalf of the Government or the party under examination," of the following entities:

-     Alpha
-     Diversified Group Inc.
-     Helios

2256562.1

- 9 -

- KPMG
- Proskauer
- Refco Capital Markets Ltd.
- Sidley Austin
-

We objected to this request to the extent it sought documents protected by 26 U.S.C. section 6103, the deliberative process privilege, the attorney-client privilege, or the attorney work product doctrine. You contend that our search was inadequate and, as above, again contend that this strongly suggests that the IRS is applying the exception to 26 U.S.C. 6103 inconsistently. We respectfully disagree. Portions of certain promoter files have been released to us by the IRS for possible production under 26 U.S.C. 6103(h)(4), including the partial transcript of James Haber from the promoter examination of DGI which we produced. We are continuing to review the documents that we have received from the IRS for possible release under 26 U.S.C. 6103(h)(4). Those documents which have not been released are identified in our privilege logs.

> xii. **Request for Production No. 27 (Materials Relating to the IRS determination that accuracy-related penalties should be assessed against FICA A Fund)**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request, but represented that we would supplement.

Plaintiff's Second Set of Requests for Production, No. 27, requests "[a]ll records, documents, and materials upon which the Government relied in asserting accuracy-related penalties against FICA A Fund." We objected to this request on relevancy grounds. Without waving this objection, we nevertheless have attempted to produce everything in the administrative file to the extent not privileged. You contend our relevancy objection is unfounded. Further, you contend that the scope of our search was inadequate. We respectfully disagree.

> (6) **Plaintiff's Letter Dated December 28, 2006**
>
> **Plaintiff's Second Set of Interrogatories, Nos. 15-22, and Fifth Set of Requests for Production of Documents, Nos. 44-51**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request.

In your Second Set of Interrogatories and Fifth Set of Requests for Production of Documents you have sought to conduct discovery upon defense counsel concerning our work product. You state that based upon our statements to the court at the status conference on November 14, 2006, "the government must know the underling facts (including the identities of the 63 other taxpayers whom the government has determined bought the same tax product)" such that "it is of no additional burden

2256562.1

- 10 -

to provide those facts in response to the interrogatories and the government is required to do so under the Federal Rules." We respectfully disagree. The information requested is protected under the work product doctrine.

As we pointed out in our letter of October 2, 2006, the United States was not involved in the design or development of SOS, FOCUS and FDIS or any other tax shelter products. Plaintiff has or will receive copies of all documents and materials obtained by the United States from third parties in this case. We are not required to review this material and provide you with information from these documents. Our review of these documents constitutes opinion work product which is afforded nearly absolute protection from discovery. Opinion work product includes an attorney's evaluation of his case based on review of documents and interviews of witnesses. Opinion work product is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases. Moreover, "[u]nder the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v. Gallerizo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted). While a claim of work product is not absolute, the relevant threshold is not the burden upon the party claiming the privilege, but the burden upon the party who is seeking to pierce the work product privilege.

If you have any further questions regarding these matters or any other concerns, please feel free to contact John Lindquist at 202/307-6561.

Sincerely,

John Lindquist
Trial Attorney
Civil Trial Section, Northern Region

Enclosures.

# Exhibit L

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|-------|-------|--------------|------|--------|-----------|---------|-------------|-----------|
| 1IRS0100 | 1IRS0100 | 1 | 11/1/2004 | MacIntyre, Peter File | | | Notes entitled "Audit day 11-01 Meeting" reflecting advice of IRS Counsel Gannon and John Aletta. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS0101 | 1IRS0101 | 1 | 10/27/2004 | MacIntyre, Peter File | | | Notes entitled "Conference Calls" reflecting advice of IRS Counsel Gannon. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS0102 | 1IRS0103 | 2 | 10/18/2004 | MacIntyre, Peter File | | | Notes entitled "Meeting 10-18-2004" reflecting advice of IRS Counsel Aletta. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS0111 | 1IRS0117 | 7 | 07/00/2004 | MacIntyre, Peter File | | | Notes on case actions and chronology of transactions. | Deliberative Process Privilege |
| 1IRS0233 | 1IRS0234 | 2 | 1/13/2005 | McSeeney, Dennis P. | Garrard, Linda | | ATTACHMENT TO REQUEST FOR ADDITIONAL INFORMATION (BB-44 THROUGH BB-45) | Deliberative Process Privilege |
| 1IRS0680 | 1IRS0685 | 6 | 12/16/2004 | Sparlin, Dwight | Denard, Paul; Singleton, Henry; Rule, Peggy | Alvarado, Peter S; Jardini, Nancy J; John, H Imhoff; Speier, Richard; Thomas, Michael J; Tinagero, Margaret | Distribution of Attached Memorandum dated December 16, 2004 relating to Restrictions on Investor and Promoter Examinations. | Deliberative Process Privilege |
| 1IRS0692 | 1IRS0692 | 1 | 8/9/2004 | Halpert, Michael | Morrill, Debra | | KPMG's SOS Transaction Relating to Richard & Maureen Egan. | Deliberative Process Privilege |

PAGE 1 OF 9

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS0717 | 1IRS0726 | 10 | 6/4/2004 | Adelberg, Dianne | Melon, Jesus | Russ, Cary; Connard, Stewart W; Oakes, Rodney E; Wilson, Bill; Calewarts, Ronald L | Internal chain of IRS emails about "Foreign Joint Ventures, Foreign Partnership." | Deliberative Process Privilege |
| 1IRS0954 | 1IRS0954 | 1 | 3/15/2005 | Letkewicz, Larry | Morril, Debra | Aletta, John; Gannon, Richard H; Merkle, William G; Fee, James C | IRS Internal e-mail from counsel re issuance of FPAA | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1154 | 1IRS1154 | 1 | 4/8/2004 | Conway, William | File | | Handwritten note reflecting discussion with other IRS employees re classification of case. | Deliberative Process Privilege |
| 1IRS1155 | 1IRS1155 | 1 | 4/26/2004 | Morill, Debra | File | | Handwritten notes about classification of case. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1157 | 1IRS1157 | 1 | 5/25/2004 | Morill, Debra | Conway, William | | IRS internal e-mail re search of KPMG promoter records | Deliberative Process Privilege |
| 1IRS1158 | 1IRS1158 | 1 | 5/20/2004 | Aletta, John | Conway, William | | IRS internal e-mails between William Conway and John Aletta, IRS Counsel, re copy of Egan documents produced to Alpha promoter team | Deliberative Process Privilege |

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS1161 | 1IRS1166 | 6 | 4/1/2004 | Howell, Woody | Chan, Mark | Chaback, Patricia; Shott, Barry | IRS e-mail last dated 4/6/04 with Egan content on 4/1/04 re "Fraudulent tax shelter transaction," describing apparent steps to conceal transaction | Deliberative Process Privilege |
| 1IRS1167 | 1IRS1169 | 3 | 3/8/2004 | Brazzil, Robert E; Rule, Peggy C | All SBSE and LMSB Personel | | IRS Memo dated 3/8/4 from IRS counsel to all SBSE and LMSB personnel re "Direction to Halt Certain Activity on Notice 2000-44 (Son of Boss) Cases and Other Shelter Issues on Son of Boss Investors" | Deliberative Process Privilege |
| 1IRS1176 | 1IRS1176 | 1 | 5/00/04 | Conway, William | File | | Conact information for IRS employee with handwritten notes | Deliberative Process Privilege |
| 1IRS1179 | 1IRS1182 | 4 | 7/19/2004 | Denard, Paul | All LMSB Personnel | Rule, Peggy; Gee, Robert; Whalin, Michael; Reed, Donna; Jaramilo, Mark; Thomas, Michael; Barral, Roland; Mattson, Cynthia | Revised and Updated Direction to Halt Activity on Promoter Matters. | Deliberative Process Privilege |
| 1IRS1206 | 1IRS1214 | 9 | 9/00/2004 | Conway, William | | | IRS Form 8340, PCS TEFRA Establish or Add, for Fidelity International; K-1 Reconciliation | Deliberative Process Privilege |

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS1265 | 1IRS1267 | 3 | 9/17/2004 | Morrill, Debra | Aletta, John | | IRS memo requesting advice from IRS Counsel Aletta | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1268 | 1IRS1270 | 3 | 9/17/2004 | Morrill, Debra | Aletta, John | | IRS memo requesting advice from IRS Counsel Aletta | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1435 | 1IRS1439 | 5 | 9/00/2004 | IRS Examiner | | | Fidelity International IRS Notice 2000-44 checklist ; penalty notes | Deliberative Process Privilege |
| 1IRS1442 | 1IRS1442 | 1 | 9/00/2004 | | | | Fidelity International Miscellaneous 2000-44 transaction: Lead Sheet | Deliberative Process Privilege |
| 1IRS1471 | 1IRS1473 | 3 | 9/17/2004 | Morrill, Debra | Aletta, John | | IRS memo requesting advice from IRS Counsel Aletta | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1476 | 1IRS1476 | 1 | 2/17/2005 | Fee, James | Maselli, Joseph; Lanning, James; Sterner, Christopher; Zamolo, Paul; Schmidt, Scott; Singleton, Henry; Zelnik, Jonathan | Merkle, William; Gannon, Richard; Woods, Jadie; Lin, Katy; Kiger Cheryl; Wilson, Bill; Ellison, Christine | IRS internal e-mail reflecting legal advice of IRS Counsel Fee. | Deliberative Process Privilege; Attorney Client Privilege |

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS1477 | 1IRS1477 | 1 | 2/21/2005 | Fee, James | Morrill, Debra; Conway, William | Aletta, John; Gannon, Richard | IRS internal e-mail reflecting advice of IRS Counsel Fee. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1478 | 1IRS1478 | 1 | 2/18/2005 | Gannon, Richard | Fee, James | Garcia-Pages, Sergio; Aletta, John; Conway, William; Patterson, Donald; Baryza, Kathleen; Grote, Ronald; Smathers, Lenny; Estrada, Anamaria; Bellovary, Joan; Mueller, Leslie; Reinhard, Rose; Krueger, Grant; Tarras, William; Frost, Mark | IRS internal email reflecting legal advice of IRS Counsel Gannon and Fee | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1479 | 1IRS1479 | 1 | 3/4/2005 | Gormley Michele J | Conway, William | | IRS internal e-mail form IRS counsel Michele Gormley re "Privilege Case" | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 1IRS1489 | 1IRS1491 | 3 | 9/13/2004 | Morril, Debra | Conway, William; Corrigan, Mark; MacIntyre, Peter | | IRS internal e-mail chain dated 9/13/04 forwarding advice from counsel re SOS Version III | Deliberative Process Privilege; Attorney Client Privilege |

# UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS1863 | 1IRS1877 | 15 | 09/00/2004 | MacIntyre, Peter; Conway, William | Egan, Michael; Shea, Pat | | Drafts of IDRs that were not issued | Deliberative Process Privilege |
| 5IRS00001 | 5IRS00006 | 6 | 4/6/2006 | Khatib, Firdosa | Hicks, Matt | | Letter from IRDS to USDOJ enclosing documents. | Deliberative Process Privilege; Attorney Client Privilege |
| 5IRS01892 | 5IRS01903 | 12 | 6/8/2004 | Heilprin, Joel | McKinney, Tom | Tan, Mox | Other taxpayer information | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 5IRS01905 | 5IRS01925 | 21 | 6/15/2004 | Heilprin, Joel | Tan, Mox | | Other taxpayer information | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 5IRS02781 | 5IRS02946 | 166 | 1/29/2003 | Highfinl, Mitch | Rolfes, John | | Documents concerning taxpayer other than Egan. Email and documents regarding Joseph C. Lewis, RISON INC, and Isleworth Foundation, Inc. | |
| 7IRS00001 | 7IRS000010 | 10 | 5/23/2006 | Holiday, Blaine C | Hicks, Matt | | Response to DOJ search requests | Attorney Client |
| 7IRS00014 | 7IRS00018 | 5 | 5/10/2006 | Carillo, Sally | Holiday, Blaine C | | Response to DOJ search requests | Attorney Client |
| 7IRS00806 | 7IRS00815 | 10 | 2/24/2006 | White & Case | Rosen, Daniel | | Letter from counsel for Alpha to IRS | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS01199 | 7IRS01206 | 8 | 9/29/1999 | | | | Copies of news articles produced by KPMG to IRS | 26 U.S.C. Sec. 6103 Other taxpayer Information |

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|-------|-------|--------------|------|--------|-----------|---------|-------------|-----------|
| 7IRS01207 | 7IRS01258 | 52 | | | | | Bryan Cave opinion re Worldcom merger | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS01282 | 7IRS01308 | 27 | 9/12/2001 | Hubacher | Ahren, Jim | | Memo re Leverage Lease Portfolio | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS02560 | 7IRS02574 | 15 | 9/30/2001 | KPMG | | | List of clients and within Stratecon Federal Tax Practice as of 9/30/01 | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS03387 | 7IRS03421 | 35 | | KPMG | | | List of KPMG clients, address, transaction type, and company contact [KPMG/09-04/0001] | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS05017 | 7IRS05017 | 1 | | | | | Handwritten notation of the name GN Investments, LLC | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS07737 | 7IRS07737 | 1 | 11/28/2001 | Parson, Rachel | Rosenberg, Mark | | Fax transmittal | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS07738 | 7IRS07738 | 1 | 11/28/2001 | Parson, Rachel | Rosenberg, Mark | | Fax transmittal | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 8IRS00001 | | 1 | 6/15/2006 | Holiday, Blaine C | Hicks, Matt | | Response to DOJ search requests | Attorney Client |
| 8IRS00003 | 8IRS00004 | 2 | 6/29/2003 | | | | Other taxpayer information | 26 U.S.C. Sec. 6103 Other taxpayer Information |

UPDATED PRIVILEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 8IRS00162 | 8IRS00167 | 6 | 5/23/2006 | | | | Analysis of GT documents per DOJ doucment request | Attorney Client; Work Product |
| 8IRS277 | 8IRS3615 | 3339 | | | | | Other taxpayer information | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 9IRS00001 | 9IRS00001 | 1 | 6/23/2006 | | | | Response to request for information | Deliberative Process Privilege; Attorney Client Privilege |
| 10IRS00001 | 10IRS00001 | 1 | 7/11/2006 | Holiday, Blaine C | Hicks, Matt | | Response to request for information | Deliberative Process Privilege; Attorney Client Privilege |
| 11IRS00001 | 11IRS00003 | 1 | 7/19/2006 | Holiday, Blaine C | Hicks, Matt | | Three page facsimile response to request for information re Mahoney | Attorney Client Privilege; work product; 6103(h)(7) - redacted copy to be produced |
| 12IRS00002 | 12IRS00005 | 4 | 8/7/2006 | Hicks, matt | Mae, Lew | Denis, Mcsweeney; Hicks, Matthew C; Mark, Miller; michele.j.gormley@irscounsel.treas.gov | FW: Time-sensitive Request | Attorney Client; Work Product |
| 12IRS00343 | 12IRS0351 | 7 | 07/00/2004 | MacIntyre, Peter | File | | Notes on case actions and chronology of transactions. | Deliberative Process Privilege |
| 13IRS0308 | 13IRS00310 | 3 | 09/17/04 | | | | Request for Advice | Attorney Client; Deliberative Process |

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 13IRS00312 | 13IRS00312 | 1 | 02/21/05 | James, Fee | Debra, Morrill; William, Conway | John, Aletta; Richard, Gannon | Egan Case | Attorney Client; Deliberative Process |
| 13IRS00688 | 13IRS00688 | 1 | 12/13/05 | Debra, Morrill; Morrill, Debbie | William, Conway | | FW: Request for Assistance with Subsequent Year SoB-Hybrid case | Attorney Client; Deliberative Process |
| 13IRS00689 | 13IRS00690 | 2 | 12/13/05 | Debra, Morrifi; James, Fee; Morrill, Debbie | Debra, Morrifi; William, Conway | | FW: Request for Assistance with Subsequent Year SoB-Hybrid case | Attorney Client; Deliberative Process |
| 13IRS00250 | 13IRS00259 | 9 | 9/00/2004 | Conway, William | | | IRS Form 8340, PCS TEFRA Establish or Add, for Fidelity International; K-1 Reconciliation | Deliberative Process Privilege |
| 13IRS00308 | 13IRS00310 | 3 | 9/17/2004 | Morrill, Debra | Aletta, John | | IRS memo requesting advice from IRS Counsel Aletta | Deliberative Process Privilege; Attorney Client Privilege |
| 13IRS00548 | 13IRS00551 | 5 | 9/00/2004 | IRS Examiner | | | Fidelity International IRS Notice 2000-44 checklist ; penalty notes | Deliberative Process Privilege |
| 14IRS00001 | 14IRS00010 | 10 | 09/14/06 | Miller, Mark J., Associate Area Counsel | Hicks, Matt | | | Attorney Client; Work Product |
| [no assigned bates] | | | 5/17/2004 | | | | Internal IRS email described in The New York Times article dated 9/17/04 | Deliberative process; Other taxpayer information under 26 U.S.C. 6103 |

# Exhibit M

# McKee Nelson LLP

**DAVID J. CURTIN**
Direct Dial: (202) 775-8669
dcurtin@mckeenelson.com

> *Correspondence from:*
> WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile* 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile* 917.777.4299

March 2, 2007

**VIA E-MAIL AND COURIER**

Dennis M. Donohue
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 7836
Washington, D.C. 20001

      Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States,*
                Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Dennis:

      We understand that you will personally be unavailable to meet and confer to discuss discovery deficiencies until sometime next week and that you want to personally attend an additional meeting. We first met to resolve discovery concerns on September 20, 2006. We requested to arrange another conference to discuss these issues in our letter of December 15, 2006. Due to your office's continued assurances that it would be producing additional documents, we agreed to postpone the conference until after we received those documents. We were initially informed that you would be producing those documents on January 26, 2007. No documents arrived on that day. We followed up with letters dated January 29, 2007 and February 8, 2007, and via telephone on January 31, 2007. Lena Amanti spoke with John Lindquist on February 15, 2007, at which time he informed us that we would receive the documents on February 20, 2007. During that conversation, Ms. Amanti again requested a date on which we can meet and confer.

      We received the documents on February 21, 2007. The transmittal letter accompanying the documents set forth your position with respect to the specific discovery requests that we had identified as needing resolution prior to filing a motion to compel. That letter, along with your letter dated January 10, 2007 in which you initially set forth your position regarding those requests, made clear that we were at an impasse with respect to certain discovery requests. In the spirit of cooperative discovery, however, we once again attempted to resolve these issues in a meeting between John

Dennis M. Donohue
March 2, 2007
Page 2


Lindquist, Barry Reiferson, Heather Richtarcsik, Ron Buch, Lena Amanti, and Michelle
Abroms on February 27, 2007.

We are at an impasse. We have more than fulfilled our obligations under Local
Rule 37.1(a). Accordingly, we will file our motion to compel by the end of the day
today.

Please call me if you have any questions.

Sincerely,

David J. Curtin

cc:    John A. Lindquist
       Barry E. Reiferson
       Heather Richtarcsik

# Exhibit N

## Discovery Requests in Dispute

In accordance with Local Rule 37.1(b), each discovery request raising an issue to be decided by the Court, FICA A Fund's position with respect to each contested issue, and the Government's response to each contested issue, is set forth below.

### Requests for Production

| Request No. | Disputed Request | FICA A Fund's Position | Government's Position |
|---|---|---|---|
| 10 | All records, documents, and materials collected, created, or maintained by the IRS in connection with the entities listed in Appendix A to Attachment to Subpoena to KPMG for Production of Documents, issued by the government to KPMG on March 31, 2006, a copy of which is attached as Exhibit A for reference. | The IRS administrative files of those taxpayers are relevant. The requested materials can be produced under the Government's reading of 26 U.S.C. § 6103. | Responsive documents are protected by 26 U.S.C. § 6103. Responsive documents from FICA A Fund's administrative file have been produced. |
| 15 | All records, documents, and materials underlying the IRS's determination, if any, that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44. | The documents sought are relevant. The deliberative process privilege has not been properly asserted. To the extent the deliberative process privilege has been asserted on the privilege log, it does not apply to those documents. | The documents sought are not relevant. The deliberative process privilege applies to certain documents. |
| 21 | All pleadings, records, documents, and materials maintained by the IRS in connection with *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975), including, but not limited to, all documents previously produced by the Government in any other proceeding concerning this subject. | Materials maintained by the IRS in connection with *Helmer* are relevant. The request is not vague, ambiguous, or overbroad because it concerns a specific case to which the IRS was a party. The Government untimely asserted its privilege objection. | Materials maintained by the IRS in connection with *Helmer* are not relevant. The request is vague, ambiguous, and overbroad. The Government, five months after its response was due, objected on the basis of privilege. |

1

| Request No. | Disputed Request | FICA A Fund's Position | Government's Position |
|---|---|---|---|
| 31 | All communications, records, documents, and materials, whether generated by the IRS or by third parties at the request of the IRS, concerning whether KPMG was required to register any Tax Strategy, including but not limited to the e-mail dated May 17, 2004 from Roland Barral to Deborah Nolan and Cono Namorato that is described in *The New York Times* article dated September 15, 2006, a copy of which is attached for reference. | All requested materials are relevant and are not protected by the deliberative process privilege (or to the extent they are, the privilege has been waived because documents were produced to defendants in *United States v. Stein*). In addition, the materials can be produced under an exception to § 6103, or they can be produced with identifying information redacted. | All requested materials are not relevant, are protected by § 6103, and are protected by the deliberative process privilege. The IRS will not give the Department of Justice access to the documents, thus the assertion of deliberative process privilege is protective. Without waiving its objections, the Government produced some documents filed in *United States v. Stein* that are potentially responsive to this request on January 10, 2007, and listed the document identified in the request on its privilege log. |
| 32 | All communications, records, documents, and materials, whether generated by the IRS or by third parties at the request of the IRS, concerning the tax treatment, economic substance, or reporting requirements, including reporting requirements under Internal Revenue Code sections 6011 or 6111, of any Tax Strategy. | All requested materials are relevant and are not protected by deliberative process privilege (or to the extent they are, the privilege has been waived because documents were produced to defendants in *United States v. Stein*). In addition, the materials can be produced under an exception to § 6103, or they can be produced with identifying information redacted. | All requested materials are not relevant, are protected by § 6103, and are protected by the deliberative process privilege. The IRS will not give Department of Justice access to the documents, thus the assertion of deliberative process privilege is protective. The Government identified one responsive document on its privilege log. |

2

| Request No. | Disputed Request | FICA A Fund's Position | Government's Position |
|---|---|---|---|
| 43 | All records, documents, and materials collected, created, or maintained by the Internal Revenue Service relating to any of the individuals or entities listed in Appendix A of the attachment to subpoenas issued by the Government to the following: (1) Carruth Management LLC and Carruth Associates LLC on October 2, 2006; (2) BDO Seidman LLP on October 3, 2006; (3) RSM McGladrey, Inc. on October 6, 2006, October 20, 2006, and October 23, 2006; (4) Grant Thornton LLP on October 17, 2006; (5) Proskauer Rose LLP on October 19, 2006; (6) Lord Bissell & Brook LLP on October 23, 2006; (7) Burke, Warren, MacKay & Seritella, P.C. on October 24, 2006; (8) Bryan Cave LLP on October 24, 2006; and (9) Brown Raysman Millstein Felder & Steiner LLP on October 25, 2006. A copy of Appendix A is attached for reference. | The IRS administrative files of those taxpayers are relevant. The requested materials can be produced under the Government's reading of 26 U.S.C. § 6103. | The request is overbroad, unduly burdensome and does not seek relevant information to the extent it seeks all IRS administrative files of the taxpayers for all years. Responsive documents are protected by 26 U.S.C. § 6103. All relevant documents, with the exception of the actual tax returns, are available directly from third-party "promoters," who have been subpoenaed by the United States in this litigation. |
| 44 | All records, documents, and materials concerning the Government's statement at the November 14, 2006 status conference that it had "determined that the transaction that is at issue in this case is . . . a boilerplate standard tax product." | Materials sought by this request are not protected as work product or trial preparation materials. To the extent they are, such protections have been waived by virtue of the Government's statements on the record. | The request is overbroad and unduly burdensome. All materials sought by the request are protected as work product and trial preparation materials. FICA A Fund already possesses all the responsive and non-privileged documents in the Government's possession, custody, and control. |

3

| Request No. | Disputed Request | FICA A Fund's Position | Government's Position |
|---|---|---|---|
| 45 | All records, documents, and materials concerning the Government's statement at the November 14, 2006 status conference that it had "determined that this tax product [referenced In Interrogatory No. 15] has been, in fact, sold to 63 separate taxpayers, or taxpayer entities." | Materials sought by this request are not protected as work product or trial preparation materials. To the extent they are, such protections have been waived by virtue of the Government's statements on the record. | The request is overbroad and unduly burdensome. All materials sought by the request are protected as work product and trial preparation materials. FICA A Fund already possesses all the responsive and non-privileged documents in the Government's possession, custody, and control. |
| 46 | All records, documents, and materials concerning the Government's statement at the November 14, 2006 status conference that it had "determined that in each of these entities [referenced in Interrogatory No. 16] there was a foreign partner" and that "the foreign partner in these entities was either . . . Samuel Mahoney; or alternatively, his partner in Ireland, a person by the name of Martin Hawkes." | Materials sought by this request are not protected as work product or trial preparation materials. To the extent they are, such protections have been waived by virtue of the Government's statements on the record. | The request is overbroad and unduly burdensome. All materials sought by the request are protected as work product and trial preparation materials. FICA A Fund already possesses all the responsive and non-privileged documents in the Government's possession, custody, and control. |
| 47 | All records, documents, and materials concerning the Government's statement at the November 14, 2006 status conference that Samuel Mahoney and Martin Hawkes were "partners." | Materials sought by this request are not protected as work product or trial preparation materials. To the extent they are, such protections have been waived by virtue of the Government's statements on the record. | The request is overbroad and unduly burdensome. All materials sought by the request are protected as work product and trial preparation materials. FICA A Fund already possesses all the responsive and non-privileged documents in the Government's possession, custody, and control. |

4

| Request No. | Disputed Request | FICA A Fund's Position | Government's Position |
|---|---|---|---|
| 48 | All records, documents, and materials concerning the Government's statement at the November 14, 2006 status conference that it had "determined that [the transactions referenced in Interrogatory No. 16] were structured identically in terms of the steps of the transaction." | Materials sought by this request are not protected as work product or trial preparation materials. To the extent they are, such protections have been waived by virtue of the Government's statements on the record. | The request is overbroad and unduly burdensome. All materials sought by the request are protected as work product and trial preparation materials. FICA A Fund already possesses all the responsive and non-privileged documents in the Government's possession, custody, and control. |
| 49 | All records, documents, and materials concerning the Government's statement at the November 14, 2006 status conference that it had "determined that...in each of these transactions [referenced in Interrogatory No. 16], the foreign partner, in fact, was bought out . . . after a so-called gain was recognized to this foreign partner." | Materials sought by this request are not protected as work product or trial preparation materials. To the extent they are, such protections have been waived by virtue of the Government's statements on the record. | The request is overbroad and unduly burdensome. All materials sought by the request are protected as work product and trial preparation materials. FICA A Fund already possesses all the responsive and non-privileged documents in the Government's possession, custody, and control. |
| 50 | All records, documents, and materials concerning the Government's statement at the November 14, 2006 status conference that in each of the transactions referenced in Interrogatory No. 16 a gain was recognized by a foreign partner and that the Government had "determined in each case [that the gain] was not a real economic gain." | Materials sought by this request are not protected as work product or trial preparation materials. To the extent they are, such protections have been waived by virtue of the Government's statements on the record. | The request is overbroad and unduly burdensome. All materials sought by the request are protected as work product and trial preparation materials. FICA A Fund already possesses all the responsive and non-privileged documents in the Government's possession, custody, and control. |

5

| Request No. | Disputed Request | FICA A Fund's Position | Government's Position |
|---|---|---|---|
| 51 | All records, documents, and materials concerning the Government's statement at the November 14, 2006 status conference that it had "determined that it is, to say the least, strange as to the source of the foreign partners capital contributions in each of these separate different transactions [referenced in Interrogatory No. 16]". | Materials sought by this request are not protected as work product or trial preparation materials. To the extent they are, such protections have been waived by virtue of the Government's statements on the record. | The request is overbroad and unduly burdensome. All materials sought by the request are protected as work product and trial preparation materials. FICA A Fund already possesses all the responsive and non-privileged documents in the Government's possession, custody, and control. |

## Interrogatories

| Interrog. No. | Disputed Interrogatory | FICA A Fund's Position | Government's Response |
|---|---|---|---|
| 3 | The notices of final partnership administrative adjustment (FPAAs) dated April 6, 2005 and April 26, 2006, bear the notation "Notice 2000-44 Case." Please set forth the basis for the IRS's assertion that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44. Your answer should include all facts upon which this determination was made as well as the process for making this determination, including the name of each person involved in making this determination and the person who made the final determination. | The Government failed to provide any facts in response to the interrogatory. The information sought by the interrogatory is relevant and discoverable under the Federal Rules. The Government's overbreadth objection is inconsistent with case law. | The information sought is not relevant. The interrogatory is overly broad and unduly burdensome because it asks for "all" facts. |

6

| Interrog. No. | Disputed Interrogatory | FICA A Fund's Position | Government's Response |
|---|---|---|---|
| 15 | At the November 14, 2006 status conference, the Government stated that the Government had "determined that the transaction that is at issue in this case is . . . a boilerplate standard tax product." | The Government failed to provide any facts in response to this interrogatory. Facts are not subject to work-product protection. Directing FICA A Fund to documents is not permitted under the Federal Rules. | The interrogatory is overbroad and unduly burdensome and seeks attorney work product and trial preparation materials. Evidence supporting the determination can be found in documents produced by third parties pursuant to the Government's subpoenas. |
| 16 | At the November 14, 2006 status conference, the Government stated that the Government had "determined that this tax product [referenced in Interrogatory No. 15] has been, in fact, sold to 63 separate taxpayers, or taxpayer entities." | The Government failed to provide any facts in response to this interrogatory. Facts are not subject to work-product protection. Directing FICA A Fund to documents is not permitted under the Federal Rules. | The interrogatory is overbroad and unduly burdensome and seeks attorney work product and trial preparation materials. Evidence supporting the determination can be found in documents produced by third parties pursuant to the Government's subpoenas. |
| 17 | At the November 14, 2006 status conference, the Government stated that the Government had "determined that in each of these entities [referenced in Interrogatory No. 16] there was a foreign partner" and that "the foreign partner in these entities was either....Samuel Mahoney; or alternatively, his partner in Ireland, a person by the name of Martin Hawkes." | The Government failed to provide any facts in response to this interrogatory. Facts are not subject to work-product protection. Directing FICA A Fund to documents is not permitted under the Federal Rules. | The interrogatory is overbroad and unduly burdensome and seeks attorney work product and trial preparation materials. Evidence supporting the determination can be found in documents produced by third parties pursuant to the Government's subpoenas. |
| 18 | At the November 14, 2006 status conference, the Government stated that Samuel Mahoney and Martin Hawkes were "partners." | The Government failed to provide any facts in response to this interrogatory. Facts are not subject to work-product protection. Directing FICA A Fund to documents is not permitted under the Federal Rules. | The interrogatory is overbroad and unduly burdensome and seeks attorney work product and trial preparation materials. Evidence supporting the determination can be found in documents produced by third parties pursuant to the Government's subpoenas. |

7

| Interrog. No. | Disputed Interrogatory | FICA A Fund's Position | Government's Response |
|---|---|---|---|
| 19 | At the November 14, 2006 status conference, the Government stated that the Government had "determined that [the transactions referenced in Interrogatory No. 16] were structured identically in terms of the steps of the transaction." | The Government failed to provide any facts in response to this interrogatory. Facts are not subject to work-product protection. Directing FICA A Fund to documents is not permitted under the Federal Rules. | The interrogatory is overbroad and unduly burdensome and seeks attorney work product and trial preparation materials. Evidence supporting the determination can be found in documents produced by third parties pursuant to the Government's subpoenas. |
| 20 | At the November 14, 2006 status conference, the Government stated that the Government had "determined that…in each of these transactions [referenced in Interrogatory No. 16], the foreign partner, in fact, was bought out . . . after a so-called gain was recognized to this foreign partner." | The Government failed to provide any facts in response to this interrogatory. Facts are not subject to work-product protection. Directing FICA A Fund to documents is not permitted under the Federal Rules. | The interrogatory is overbroad and unduly burdensome and seeks attorney work product and trial preparation materials. Evidence supporting the determination can be found in documents produced by third parties pursuant to the Government's subpoenas. |
| 21 | At the November 14, 2006 status conference, the Government stated that, in each of the transactions referenced in Interrogatory No. 16 a gain was recognized by a foreign partner and that the Government had "determined in each case [that the gain] was not a real economic gain." | The Government failed to provide any facts in response to this interrogatory. Facts are not subject to work-product protection. Directing FICA A Funds to documents is not permitted under the Federal Rules. | The interrogatory is overbroad and unduly burdensome and seeks attorney work product and trial preparation materials. Evidence supporting the determination can be found in documents produced by third parties pursuant to the Government's subpoenas. |

8

# Exhibit O

## Chronology of Events Identified in Memorandum in Support of Plaintiff's Motion to Compel Production of Documents and Meaningful Answers to Interrogatories

| | |
|---|---|
| July 6, 2006 | FICA A Fund served its first set of interrogatories and second set of requests for production, which included Interrogatory No. 3 and Requests for Production Nos. 10, 15, and 21. (Exs. A and B.) |
| August 10, 2006 | The Government responded to FICA A Fund's first set of interrogatories and second set of requests for production. The Government objected to Interrogatory No. 3 and did not produce any new documents in response to Requests for Production Nos. 10, 15, and 21. (Exs. A and B.) |
| September 20, 2006 | FICA A Fund and the Government met and conferred to discuss, *inter alia*, FICA A Fund's concerns with the Government's responses to FICA A Fund's discovery requests. |
| September 29, 2006 | The Government supplemented its prior production with approximately 275 IRS documents, nearly all of which were responsive to Request for Production No. 19, a request which is not at issue in this Motion. |
| September 29, 2006 | FICA A Fund served its third set of requests for production, which included Requests for Production Nos. 31 and 32. (Ex. C.) |
| November 6, 2006 | The Government responded to FICA A Fund's third set of requests for production by producing documents, most of which were responsive to FICA A Fund's prior requests for production. (Ex. C.) |
| November 8, 2006 | FICA A Fund served its fourth set of requests for production, which consisted of Request for Production No. 43. (Ex. F.) |
| November 21, 2006 | FICA A Fund served its second set of interrogatories and fifth set of requests for production, which included Interrogatories Nos. 15-22 and Requests for Production Nos. 44-51. (Exs. D and E.) |
| November 29, 2006 | FICA A Fund sent the Government a letter outlining its continued concerns with the Government's responses to FICA A Fund's discovery requests, and raising additional concerns with the Government's response to FICA A Fund's September 29, 2006 third set of requests for production. (Ex. G.) |
| December 14, 2006 | The Government responded to FICA A Fund's fourth set of requests for production, which consisted of Request for Production No. 43. The Government did not produce any documents or identify any documents on a privilege log with respect to that request. (Ex. F.) |
| December 15, 2006 | FICA A Fund sent the Government a letter setting forth FICA A Fund's position with respect to specific discovery requests for which FICA A Fund deemed the Government's response to be deficient in anticipation of filing a motion to compel. (Ex. H.) |

1

| | |
|---|---|
| December 22, 2006 | The Government responded to FICA A Fund's second set of interrogatories and fifth set of discovery requests, which included Interrogatories Nos. 15-22 and Requests for Production Nos. 44-51. The Government did not produce any documents or identify any documents on a privilege log with respect to those interrogatories and requests. The Government also objected to all interrogatories. (Exs. D and E.) |
| December 28, 2006 | FICA A Fund sent the Government a letter raising concerns with the Government's response to FICA A Fund's second set of interrogatories and fifth set of requests for production. (Ex. I.) |
| January 10, 2007 | The Government sent FICA A Fund a letter outlining its position with respect to the discovery issues raised and the specific discovery requests addressed in FICA A Fund's letters dated November 29, 2006, December 15, 2006, and December 28, 2006. The Government also stated it would be producing additional documents. (Ex. J.) |
| January 29, 2007 | FICA A Fund sent the Government a letter inquiring as to the status of the Government's supplemental production. |
| February 8, 2007 | FICA A Fund sent the Government a letter inquiring as to the status of the Government's supplemental production. |
| February 21, 2007 | The Government sent FICA A Fund a letter (Ex. K) with its supplemental production and an updated privilege log (Ex. L). The Government's letter accompanying the production reiterated its position with respect to specific discovery requests. |
| February 27, 2007 | The parties met and conferred to attempt to resolve areas of disagreement. |
| March 2, 2007 | FICA A Fund sent the Government a letter informing the Government that FICA A Fund would file a motion to compel by the end of the day. FICA A Fund also stated that it had satisfied its obligation under Local Rule 37.1(a) because the parties had met twice to discuss discovery issues and exchanged numerous letters and it was clear that the parties were at an impasse. (Ex. M.) |