AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ **MASSACHUSETTS**

Fidelity International Currency Advisor A Fund, LLC

V.

United States of America

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-40151-FDS

TO:  RSM McGladrey, Inc.
     24 Federal Street
     Boston, MA 02110

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment to Subpoena to RSM McGladrey Inc. for the Production of Documents

| PLACE  United States Attorney's Office | DATE AND TIME |
|---|---|
| One Courthouse Way, John Joseph Moakley Courthouse, Boston, MA 02210 | 11/7/2006 10:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Defendant | DATE    10/23/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Barry E. Reiferson; US Department of Justice, Tax Division, P.O. Box 55, Ben Franklin Station, Washington, DC 20001 (202) 514-6058

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

GOVERNMENT
EXHIBIT
1

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 05-40151-FDS |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

### ATTACHMENT TO SUBPOENA TO RSM MCGLADREY INC. FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Custodian of Records for

RSM McGladrey, Inc. is hereby required to produce for inspection and copying the documents set

forth below, from whichever office or location these documents may exist.

The production of the requested documents may be effected by mailing the originals or

clear copies of each to Barry E. Reiferson, Trial Attorney, Tax Division, United States

Department of Justice, Post Office Box 55, Ben Franklin Station, Washington, DC 20044. If you

are unwilling or unable to transmit originals or copies in the manner described above, you are

requested to advise the undersigned counsel for the United States forthwith upon receipt hereof,

in which event the documents requested herein will be produced for inspection and copying at the

office of the United States Attorney, John Joseph Moakley United States Courthouse, Suite 9200,

1 Courthouse Way, Boston, MA 02210, on November 7, 2006, at 10:00 a.m., and continuing

from day to day thereafter for so long as is reasonably necessary to examine and copy them.

1986621.1

## DEFINITIONS

1. As used herein, (a) the singular shall include the plural, and vice versa, (b) masculine and feminine pronouns shall be deemed to be interchangeable, (c) the words "or" and "and" shall mean "and/or," and the word "or" shall not be interpreted to narrow the scope of any request and shall be interpreted in its broadest sense, as denoting "and/or," (d) the words "any" and "all" shall mean "any and all," and the word "any" shall not be interpreted to narrow the scope of any discovery or other request, and shall be interpreted in its broadest sense, as denoting "any and all."

2. The term "document," and derivatives and pluralizations of the same, is to be liberally construed to include all originals, copies, and nonidentical copies (whether by reason of handwritten notations thereon or otherwise) kept in any form including paper and electronic forms, including but not limited to the following: any letter, report, record, corporate minute, memorandum, contract, affidavit, agreement, appraisal, deed, lease, book, record, summary or record of personal conversation, routing slip, correspondence, communication of any nature, note, notebook of any character, ledger, financial statement, material, literature, brochure, publication, prospectus, offering, computation, check or other instrument, computer tape or disk, photograph, phonorecord, electronic transmission including but not limited to electronic mail, telegram, telex and telephone facsimile, and any other type of written or documentary or other tangible material on which information or data may be recorded, stored, or otherwise contained. As to any document that is written in another language, the term "document" also includes any translation of that document into English. As to any document in electronic form, the

1986621.1

term "document" includes all metadata associated with document, as well as all printed versions of the document.

3.   A document "relating to" a given subject matter means a document or statement that relates to, constitutes, embodies, compromises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to, that subject matter.

4.   The terms "possession," "custody," and "control" include actual and constructive possession, custody, or control.  These requests include any document or thing that you possess or have the right to obtain from a third party upon demand, or which otherwise may be secured from any other source for the purpose of fully responding to these requests, including attorneys, accountants or other agents.

5.   The term "person" shall be construed to mean and include an individual, trust, estate, partnership, company, corporation, governmental body, or other entity, whether domestic or foreign.

6.   The terms "The Diversified Group" and "DGI" refer to The Diversified Group, Incorporated, a Delaware corporation, and its affiliated companies, including, but not limited to, Diversified Financial Corp., Diversified Capital Corp., Diversified Capital Leasing Corp., and Diversified Capital International Inc., and to employees, officers, and/or shareholders thereof, including, but not limited to, James Haber, Orrin Tilevitz, and Steven F. Jacoby.

7.   The term "Helios" refers to Helios Financial LLC, Helios Group LLC, Helios Advisory LLC, and Helios Trading LLC, each located at 401 N. Michigan Avenue, Suite 2950,

1986621.1

Chicago, IL, or at 225 West Washington Street, Suite 2200, Chicago, IL, or at 950 Third

Avenue, 23rd Floor, NY, NY, and to Helios Group, Inc., a Delaware corporation, and all

employees, members, and/or partners of any of those entities, including, but not limited

to, Mox Tan, Phil Kampf, James Haber and Orrin Tilevitz.

8.     The term "Alpha" refers to Alpha Consultants, LLC, a Florida limited liability company;

Alpha Consultants, Inc., a Florida corporation; Alpha Strategic Management, Ltd., a

Florida limited partnership; and Alpha Strategic Management, LLC, a Florida limited

liability company; and all employees, members, and/or partners thereof, including, but not

limited to, Ivan J. Ross, Robert H. Fasulu, G. Felix Cua, Yoshiyuki Nobumoto, Ronald

Buesinger, Michael G. Leonard, and Donald S. Uderitz.

9.     The term "Refco" refers to Refco Capital Markets, Ltd., which has or had an office at 200

Liberty Street, 23rd Floor, New York, NY 10281, and to Refco Securities, LLC, which has

or had an office at One World Financial Center, 24th Floor, New York, NY 10281, and all

employees, members, and/or partners thereof, including, but not limited to, Thomas

Yorke, Elizabeth Jung, Cathleen Scappatura, Miriam, LaFuente, Jim Behrmann, Angie

Lee, Alex Vojvodich, Mathew Hoff, David Weaver, and Walter Peters.

10.    The term "Trilogy" refers to Trilogy Financial Products, Ltd.; Trilogy Investments, Ltd.;

and their related entities, including, but not limited to, any related entity which has or had

an office at 14 Athol Street, Douglas, Isle of Man, or at 5-11 St. Georges Street, Douglas,

Isle of Man; and all employees and/or partners thereof, including, but not limited to, Mox

Tan, Phil Kampf, James Haber, Orrin Tilevitz, and John Huber.

11.    The terms "Samuel Mahoney" and "Mahoney" refer to Samuel Mahoney, Martin

Hawkes, John Hussey, Biosphere Finance, and/or Biosphere Holdings.

12.    The term "Carruth" refers to Carruth Associates LLC and Carruth Management LLC, which have or had an office at 116 Flanders Rd., Westborough, MA 01581, and all employees, members, and/or partners thereof, including, but not limited to, Robin Calkins, Michael Egan, Carolyn Fiddy, David Henry, Judy Irvin, Jim Reiss, Melissa Seaver, and Pat Shea.

13.    The term "Tequesta" refers to Tequesta Capital Advisors LP, Tequesta Fund LP, and their related entities, which have or had an office at 4270 S Decatur Blvd., Las Vegas, NV 89103 and/or at 3801 PGA Blvd., Palm Beach Gardens, FL 33410, and all employees, members, and/or partners thereof, including, but not limited to, Ron Buesinger, Gary Helene, and Ivan Ross.

14.    The term "Proskauer Rose" refers to the law firm of Proskauer Rose, LLP, which has an office at One International Place, Boston, MA 02110-2600, and all employees and/or partners thereof, including, but not limited to, Ira Akselrad and Matthew Sabloff.

15.    The term "Brown & Wood" refers to the law firm of Brown & Wood and its successor in interest, Sidley Austin Brown & Wood (n/k/a Sidley Austin LLP), and all employees and/or partners thereof, including, but not limited to, R.J. Ruble, Jacob Amato, John Felkamp, Susan L. Sodano, Thomas Humphries, Paul Cringle, and Eric Haueter.

16.    The term "Lord Bissell" refers to the law firm of Lord Bissell & Brook, LLP, 111 South Wacker Drive, Chicago, IL 60606, and all employees and/or partners thereof, including, but not limited to, John Trustkowski, John Hughes, and Sergei Mytko.

17.    The term "BWM&S" refers to the law firm of Burke, Warren, McKay & Seritella, P.C.,

1986621.1

which has an office at 330 North Wabash Avenue, 22nd Floor, Chicago, Illinois 60611-3607, and all employees and/or partners thereof, including, but not limited to, Stephanie Denby.

18.   The term "Brown Raysman" refers to the law firm of Brown Raysman Millstein Felder & Steiner LLP, which has an office at 900 Third Avenue, New York, NY 10022-4728, and all employees and/or partners thereof, including, but not limited to, Thomas Levato.

19.   The term "Bryan Cave" refers to the law firm Bryan Cave, LLP, which has an office at 700 Thirteenth Street, N.W., Washington, DC 20005-3960, and all employees and/or partners thereof, including, but not limited to, John Barrie, Kathleen M. Gamcana, and Elizabeth Ann Smith.

20.   The term "Solomon and Weinberg" refers to the law firm of Solomon and Weinberg, located at 685 Third Avenue, New York, NY 10017, or at 900 Third Avenue, New York, NY 10022, and all employees and/or partners thereof, including, but not limited to, Craig H. Solomon and Mark Weinberg.

21.   The terms "BDO" and "BDO Seidman" refer to the accounting firm of BDO Seidman, LLP, and all employees and/or partners thereof, including, but not limited to, Charles Bee, Pam Packard, Larry Cohen, Michael Kerekes, Robert Greisman, Paul Shanbrom, Dennis Field, David Dimuzio, Dicker, Klausner, Dudzinsky, Luchs, Huntzinger, Puckett, Moorman, and Jones.

22.   The term "KPMG" includes both KPMG, LLP, a Delaware Limited Liability Partnership, and KPMG International, a Swiss association, and all employees and/or partners thereof, including, but not limited to, Timothy Patrick Speiss, Stephen J. Spruck, Brent S.

Lipschultz, Holly T. Belanger, Monica M. Odoy, Deborah A. Fields, Daniel J. Coburn, Rob Arthur, Robert Pritti, Leslie Kost, Steven Gremminger, Randall Bickham, Jeffrey Stein, John Lanning, Richard Smith, Jeffrey Eischeid, Philip Weisner, Mark Watson, Larry DeLap, David Greenberg, Carol Warley, Carl Hasting, Richard Rosenthal, and Brian Rivotto.

23.    The term "Grant Thornton" refers to the accounting firm of Grant Thornton, LLP, and all employees and/or partners thereof, including, but not limited to, Israel Press and Joseph Machara.

24.    The term "RSM McGladrey" refers to the accounting firm of RSM McGladrey, Inc., and all employees and/or partners thereof, including, but not limited to, Ronald G. Wainwright, Jr.

25.    The term "SOS" refers to the product known as "Short-Option Strategy" and all variants thereof, including, but not limited to, the Financial Derivatives Investment Strategy ("FDIS").

26.    The term "FDIS" refers to the product known as "Financial Derivatives Investment Strategy," also referred to as the "Diversified Strategy," the "Partnership Strategy," "Short-Option Strategy," and "Partnership Option Strategy."

27.    The term "Tax Shelter Products" refers to SOS, FDIS, and any other tax shelter product the same as or similar to those transactions identified in IRS Notice 2000-44.

28.    The term "FICA A Fund" refers to Fidelity International Currency Advisor A Fund LLC, EIN 36-4381795.

29.    The term "Fidelity World" refers to Fidelity World Currency Advisor A Fund, LLC.

1986621.1

30.     The term "Egan" refers to Richard Egan and/or Maureen Egan, and any of their consultants, advisors, agents, partners, or employees.

31.     The term "client-specific" means relating to a specific RSM McGladrey client or group of clients, or to any other person or entity, identifiable by name(s).

32.     The term "Tax Opinion Committee" means any committee assigned to review, or responsible for reviewing, tax products including SOS and/or FDIS.

**INSTRUCTIONS**

1.     If a document was, but no longer is, in your possession, custody or control, state:

    a.     how the document was disposed of;

    b.     the name, current address, and telephone number of the person who currently has possession, custody or control over the document;

    c.     the date of disposition;

    d.     the name, current address, and telephone number of each person who authorized said disposition or who had or has knowledge of said disposition.

2.     If a document cannot be located, describe with particularity the efforts made to locate the document and the specific reason for its disappearance or unavailability.

3.     If a document has information on both sides, provide copies of both sides or make available the original document.

4.     To the extent that any document is written both in English and another language, provide a copy of the document written in English.

5.     If any document has been previously produced to the Internal Revenue Service ("IRS") in the course of any examination, the document should be produced with the same Bates number

1986621.1

used in the production to the IRS.

6.      If any document has been previously produced to the Senate Permanent Subcommittee on Investigations ("PSI"), the document should be produced with the same Bates number used in the production to the PSI.

7.      For documents that have not been produced to the IRS or the PSI, please number them consecutively with a Bates-stamp identifier that is distinguishable from those used in the prior productions to the IRS and the PSI. We suggest you use Bates-stamp numbers beginning with the prefix "RSM-F".

8.      We request that the custodian of records for RSM McGladrey certify the documents requested pursuant to Rule 902(11) of the Federal Rules of Evidence and Section 1746 of Title 28 of the United States Code. A proposed certification is enclosed. Please forward the certification as soon as possible, although its execution should in no way delay your production of the requested documents by the subpoena's return date.

9.      If any document is withheld under any claim of privilege or for any reason, list such documents by supplying separately as to each such document the following information:

      a.      the date of the document, the type of document (e.g. letter, notebook, etc.), and the number of pages of which it consists;

      b.      the date on which the document came into your possession or control, if different from the date appearing on the document itself;

      c.      the name and title of the signer of the document (and if it was not signed, the answer shall so state and shall give the name and title of the person who prepared it, if known, and if not known, shall so state);

1986621.1

d.  the name and title of each recipient or addressees of such document (whether specifically named therein or not);

e.  the present whereabouts of the document and the name and address of the custodian thereof;

f.  an indication that you claim privilege therefor with a citation to the statute, regulation or rule claimed to apply;

g.  a brief statement of the grounds on which the claim of privilege rests;

h.  a general statement of the subject matter; and

i.  the identity of each person (and his or her position) who received a copy of such document after the time of initial distribution.

All of the above is required so that the United States may have the factual basis to determine whether such documents are, in fact, privileged. If a claimed privilege applies to only a portion of any document, that portion only should be withheld and the remainder of the document should be produced. As used herein, "claim of privilege" includes, but is not limited to, any claim that a document either may or must be withheld from production pursuant to any statute or regulation.

10.  If a document in electronic form is password protected, the password protection is to be disabled and/or the password to overcome the password protection is also to be produced.

11.  The documents shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond with the separately-numbered request(s) to which they are responsive.

12.  Unless otherwise provided, these requests encompass any responsive document created at any time from January 1, 2000 to present.

1986621.1

## REQUESTS FOR PRODUCTION

The documents requested under this subpoena relate to RSM McGladrey's involvement in the design of, development of, marketing of, promotion of, implementation of, opining on, and/or reporting of certain transactions, including, but not limited to, the design, development, marketing, promotion, implementation, opining on, and/or reporting of SOS and/or FDIS. In connection with this request, please provide or make available for our review and copying the following specific categories of documents in your possession, custody, or control:

### Identification of Current and Former Personnel

1.  All documents identifying the current address or last known address of all persons who participated in any way in the design of, development of, marketing of, promotion of, implementation of, opining on, and/or reporting of SOS and/or FDIS.

### Documents Relating to any IRS Promoter Investigation and to Document Retention

2.  All documents that RSM McGladrey has produced to the Internal Revenue Service ("IRS") in the course of any IRS promoter investigation, to be produced in the same form in which they were produced to the IRS.

3.  All documents RSM McGladrey received from the IRS in the course of any IRS promoter investigation.

4.  All transcripts memorializing any interviews of RSM McGladrey personnel in the course of any IRS promoter investigation.

5.  All documents memorializing or relating to the document-retention policy of RSM McGladrey, Refco, DGI, Trilogy, Helios, and/or Alpha, including, but not limited to, documents directing the destruction or transfer of documents of RSM McGladrey, Refco,

DGI, Trilogy, Helios, and/or Alpha.

## Generic Documents Relating to Tax Shelter Products

6.    All electronic mail to or from RSM McGladrey relating to SOS and/or FDIS, including, but not limited to, electronic mail to or from DGI, Helios, Alpha, Refco, Brown & Wood, Proskauer Rose, Lord Bissell, Bryan Cave, BWM&S, Brown Raysman, and Solomon and Weinberg.

7.    All internal RSM McGladrey electronic mail relating to SOS, FDIS, Trilogy, Mahoney, Helios, Refco, Alpha, and/or DGI.

8.    All notes relating to any conference or conference call concerning SOS and/or FDIS.

9.    All documents relating to any FDIS PowerPoint presentation forwarded to RSM McGladrey, including but not limited to, RSM McGladrey's review of any such FDIS PowerPoint presentation.

10.   All documents relating to any draft opinion provided to RSM McGladrey and/or RSM McGladrey's comments on any such opinion, including, but not limited to, RSM McGladrey's questions and comments concerning any such opinion.

11.   All documents relating to RSM McGladrey's revision or modification, or suggested revision or modification, of FDIS, including, but not limited to, the role of preferred stock.

12.   All documents relating to RSM McGladrey's internal approval of FDIS by a Tax Opinion Committee.

13.   All documents relating to the development of SOS and/or FDIS, including, but not limited to, all form documents, standardized documents, templates, confidentiality

agreements, engagement letters, outlines, pro forma tax returns, closing binders, draft opinions, invoices, handwritten notes, and correspondence.

14. All documents relating to the promotion of SOS and/or FDIS, including, but not limited to, all form documents, standardized documents, templates, PowerPoint presentations, marketing opinions, listing agreements, confidentiality agreements, engagement letters, training materials, outlines, pro forma tax returns, handwritten notes, and correspondence.

15. All documents relating to the marketing of SOS and/or FDIS, including, but not limited to, all form documents, standardized documents, templates, PowerPoint presentations, marketing opinions, listing agreements, confidentiality agreements, engagement letters, training materials, outlines, pro forma tax returns, handwritten notes, and correspondence.

16. All documents relating to the implementation of SOS and/or FDIS, including, but not limited to, all form documents, standardized documents, templates, confidentiality agreements, engagement letters, outlines, pro forma tax returns, closing binders, draft opinions, invoices, handwritten notes, and correspondence.

17. All documents relating to the reporting of SOS and/or FDIS, including, but not limited to, all form documents, standardized documents, templates, confidentiality agreements, engagement letters, outlines, pro forma tax returns, closing binders, draft opinions, invoices, handwritten notes, and correspondence.

18. All documents generated by RSM McGladrey relating to the development, marketing, promotion, implementation, and/or reporting of SOS and/or FDIS.

19. All documents relating to the involvement of RSM McGladrey in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing,

Page 13 of 26                                                    1986621.1

promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

20.     All documents relating to the involvement of Helios in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, issuance of opinions regarding, implementation, and/or reporting of SOS and/or FDIS.

21.     All documents relating to the involvement of Alpha in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

22.     All documents relating to the involvement of Mahoney in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

23.     All documents relating to the involvement of DGI in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

24.     All documents relating to the involvement of Trilogy in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

25.     All documents relating to the involvement of Carruth in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

26.     All documents relating to the involvement of Tequesta in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion,

1986621.1

implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

27.    All documents relating to the involvement of Brown & Wood in SOS and/or FDIS,

including, but not limited to, all documents relating to the development, marketing,

promotion, implementation, issuance of opinions regarding, and/or reporting of SOS

and/or FDIS.

28.    All documents relating to the involvement of Bryan Cave in SOS and/or FDIS, including,

but not limited to, all documents relating to the development, marketing, promotion,

implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

29.    All documents relating to the involvement of Lord Bissell in SOS and/or FDIS, including,

but not limited to, all documents relating to the development, marketing, promotion,

implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

30.    All documents relating to the involvement of BWM&S in SOS and/or FDIS, including,

but not limited to, all documents relating to the development, marketing, promotion,

implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

31.    All documents relating to the involvement of Brown Raysman in SOS and/or FDIS,

including, but not limited to, all documents relating to the development, marketing,

promotion, implementation, issuance of opinions regarding, and/or reporting of SOS

and/or FDIS.

32.    All documents relating to the involvement of Solomon and Weinberg in SOS and/or

FDIS, including, but not limited to, all documents relating to the development, marketing,

promotion, implementation, issuance of opinions regarding, and/or reporting of SOS

and/or FDIS.

1986621.1

33.    All documents relating to the involvement of Proskauer Rose in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

34.    All documents relating to the involvement of KPMG in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

35.    All documents relating to the involvement of BDO in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

36.    All documents relating to the involvement of Grant Thornton in SOS and/or FDIS, including, but not limited to, all documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

37.    All documents relating to the involvement of Refco in SOS and/or FDIS, including, but not limited to, all documents relating the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS.

38.    To the extent not provided in response to requests 1 through 37, all documents relating to how SOS and/or FDIS were developed.

39.    To the extent not provided in response to requests 1 through 37, all documents relating to how SOS and/or FDIS were to be promoted, including all draft documents.

40.    To the extent not provided in response to requests 1 through 37, all documents relating to

1986621.1

how SOS and/or FDIS were to be marketed, including all draft documents.

41.    To the extent not provided in response to requests 1 through 37, all documents relating to how SOS and/or FDIS were to be implemented, including all draft documents.

42.    To the extent not provided in response to requests 1 through 37, all documents relating to how opinions were to be issued for SOS and/or FDIS by Proskauer Rose, Brown & Wood, Lord Bissell, BWM&S, Brown Raysman, Bryan Cave, and/or any other entity.

43.    All documents discussing or referencing IRS Notice 99-59, Notice 2000-44, and/or the list maintenance requirements under 26 U.S.C. §6112.

44.    All documents relating to the potential or actual availability and/or willingness of any law firm and/or lawyer to write an opinion for the SOS and/or FDIS transactions, including, but not limited to, documents relating to the decision to have more than one law firm write an opinion.

45.    All documents relating to the proposed language of the opinions to be issued by Proskauer Rose, Brown & Wood, Lord Bissell, BWM&S, Brown Raysman, Bryan Cave, Solomon and Weinberg, and/or any other entity, for SOS and/or FDIS, including all drafts of the opinions.

46.    All documents relating to how client-representation letters were to be prepared for SOS and/or FDIS, including, but not limited to, any documents relating to the representations that were to be made by participants and drafts of the form representation letter(s).

47.    All documents relating to how SOS and/or FDIS were to be reported for federal and/or state tax purposes, including, but not limited to, the use of pro forma tax returns.

48.    All documents relating to the steps for implementation of SOS and/or FDIS.

1986621.1

49. . All documents, including draft documents, relating to the fees for SOS and/or FDIS, including documents relating to fee calculation and invoicing.

50. All documents, including all draft documents, relating to how Mahoney was to be paid, or to Mahoney's payment, with respect to SOS and/or FDIS, including, but not limited to, wire transfers, checks, account statements, employment contracts, loan agreements, and/or documents concerning forgiveness of debt.

51. To the extent not provided in response to requests 49 through 50 , all documents indicating how any person or other entity, including RSM McGladrey, was to be compensated, directly and/or indirectly, with respect to the development, promotion, marketing, implementation, opining on, and/or reporting of the SOS and/or FDIS transactions, including, but not limited to, any royalties, kickbacks, or any other form of compensation.

52. To the extent not provided in response to requests 49 through 51, all documents, including draft documents, relating to the fees and other compensation relating to SOS and/or FDIS, including, but not limited to, documents relating to RSM McGladrey's fees and other compensation, allocable bonuses to RSM McGladrey personnel, fee calculation, and invoicing.

### Client-Specific and Other Documents Relating to SOS and/or FDIS

53. All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of the SOS and/or FDIS transactions, including, but not limited to, RSM McGladrey's consulting agreements, engagement letters, and documents relating thereto.

1986621.1

54.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions that were promoted, sold, marketed, and/or implemented through Grant Thornton, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

55.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions that were promoted, sold, marketed, and/or implemented through KPMG, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

56.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions that were promoted, sold, marketed, and/or implemented through BDO, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

57.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions for which Proskauer Rose issued an opinion, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

58.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions for which Brown & Wood issued an opinion, including, but not limited to,

those transactions which involved the individuals and entities identified in Appendix A.

59.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions for which Bryan Cave issued an opinion, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

60.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions for which Lord Bissell issued an opinion, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

61.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions for which Solomon and Weinberg issued an opinion, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

62.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions for which BWM&S issued an opinion, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

63.    All client-specific documents relating to the development, marketing, promotion, implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS transactions for which Brown Raysman issued an opinion, including, but not limited to, transactions involving the individuals and entities identified in Appendix A.

64.    All client-specific documents relating to the development, marketing, promotion,

1986621.1

implementation, issuance of opinions regarding, and/or reporting of SOS and/or FDIS

transactions for which RSM McGladrey issued an opinion, including, but not limited to,

transactions involving the individuals and entities identified in Appendix A.

65.    To the extent not provided in response to requests 53 through 64 all client-specific

documents relating to the development, marketing, promotion, implementation, issuance

of opinions regarding, and/or reporting of all SOS and/or FDIS transactions, including,

but not limited to, those transactions involving Trilogy, Mahoney, Egan, Carruth,

Tequesta, and the individuals and entities identified in Appendix A.

66.    All opinions, including draft opinions, relating to the SOS and/or FDIS transactions,

including, but not limited to, those relating to transactions involving the individuals and

entities identified in Appendix A.

67.    All federal and state tax returns reporting any SOS and/or FDIS transaction, including,

but not limited to, the returns for the transactions involving the individuals and entities

identified in Appendix A.

68.    All notes taken by RSM McGladrey, including by its employees, officers, partners,

members, and/or shareholders, or by third parties, at sales or promotional meetings for

SOS and/or FDIS, including, but not limited to, those taken at meetings relating to

transactions involving the individuals and entities identified in Appendix A.

69.    All outlines of proposed SOS and/or FDIS transactions, including, but not limited to, all

documents entitled "Outline of Proposed Transaction."

70.    All documents relating to the signing of any confidentiality agreements for the SOS

and/or FDIS transactions, including, but not limited to, those relating to transactions

1986621.1

involving the individuals and entities identified in Appendix A.

71.    All documents relating to any engagement agreements for the SOS and/or FDIS

transactions, including, but not limited to, those relating to transactions involving the

individuals and entities identified in Appendix A.

72.    All documents relating to any representation letters for the SOS and/or FDIS transactions,

including, but not limited to, those relating to transactions involving the individuals and

entities identified in Appendix A.

73.    All closing binders for the SOS and/or FDIS transactions, including, but not limited to,

those relating to transactions involving the individuals and entities identified in Appendix

A.

74.    All Operating Agreements for the SOS and/or FDIS transactions, including, but not

limited to, those relating to transactions involving the individuals and entities identified

in Appendix A.

75.    All Contribution Agreements for the SOS and/or FDIS transactions, including, but not

limited to, those relating to transactions involving the individuals and entities identified

in Appendix A.

76.    All master agreements for the SOS and/or FDIS transactions, including, but not limited

to, those relating to the transactions involving the individuals and entities identified in

Appendix A.

77.    All due diligence documentation for the SOS and/or FDIS  transactions, including, but

not limited to, those relating to the transactions involving the individuals and entities

identified in Appendix A.

1986621.1

78.   All credit support agreements for the SOS and/or FDIS transactions, including, but not limited to, those relating to the FDIS transactions involving the individuals and entities identified in Appendix A, and including any third-party guarantees relating to any of the individuals and entities identified in Appendix A.

79.   All documents concerning, opining on, discussing, or addressing in any way, financial risk to participants in the SOS and/or FDIS transactions, including, but not limited to, those relating to the SOS and/or FDIS transactions involving the individuals and entities identified in Appendix A.

80.   All documents concerning, opining on, discussing, or addressing in any way, the probability of profit and actual profitability of the SOS and/or FDIS transactions, including, but not limited to, those relating to the SOS and/or FDIS transactions involving the individuals and entities identified in Appendix A.

81.   All documents concerning, opining on, discussing, or addressing in any way, the business purpose of the SOS and/or FDIS transactions, including, but not limited to, those relating to the SOS and/or FDIS transactions involving the individuals and entities identified in Appendix A.

82.   All documents relating to any exit interviews or feedback from any of the SOS and/or FDIS participants regarding the SOS and/or FDIS transactions, including, but not limited to, those relating to the SOS and/or FDIS transactions involving the individuals and entities identified in Appendix A.

83.   All documents concerning, opining on, discussing, or addressing in any way, the application of the step transaction doctrine to the SOS and/or FDIS transactions,

1986621.1

including, but not limited to, those relating to the SOS and/or FDIS transactions involving the individuals and entities identified in Appendix A.

84.  All LLC agreements for Alpha, Helios, and the entities identified in Appendix A.

85.  All documents relating to the disposition of assets by any SOS and/or FDIS participant relating to any SOS and/or FDIS transaction, including, but not limited to, dispositions by Mahoney, Alpha, Helios, Refco, RSM McGladrey, and the individuals and entities identified in Appendix A.

86.  All documents relating to the initial investment of any partner in any entity identified in Appendix A.

87.  To the extent not provided in response to requests 1 through 86, all correspondence to or from RSM McGladrey that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS, including, but not limited to, recommendations and referrals.

88.  To the extent not provided in response to requests 1 through 86, all correspondence to or from Brown & Wood that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

89.  To the extent not provided in response to requests 1 through 86, all correspondence to or from Lord Bissell that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

90.  To the extent not provided in response to requests 1 through 86, all correspondence to or from Bryan Cave that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

1986621.1

91.    To the extent not provided in response to requests 1 through 86, all correspondence to or from Solomon and Weinberg that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

92.    To the extent not provided in response to requests 1 through 86, all correspondence to or from BWM&S that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

93.    To the extent not provided in response to requests 1 through 86, all correspondence to or from Brown Raysman that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

94.    To the extent not provided in response to requests 1 through 86, all correspondence to or from Proskauer Rose that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

95.    To the extent not provided in response to requests 1 through 86, all correspondence to or from KPMG that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

96.    To the extent not provided in response to requests 1 through 86, all correspondence to or from BDO that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

97.    To the extent not provided in response to requests 1 through 86, all correspondence to or from Grant Thornton that relates to any person or entity identified in Appendix A, and/or relates to SOS and/or FDIS.

98.    All complaints or petitions against RSM McGladrey, BDO, KPMG, Grant Thornton,

1986621.1

Brown & Wood, Proskauer Rose, Lord Bissell, Bryan Cave, DGI, Helios, Alpha,

Mahoney (see definition above), including amended complaints or petitions relating to

SOS, FDIS, or other Tax Shelter Products, filed by any person or entity identified in

Appendix A.

99.    To the extent not provided in response to requests 1 through 98, all records, documents,

and materials created or maintained by RSM McGladrey during the years 2000 through

2002 relating to the FICA A Fund transactions at issue in this case.


Dated: October 23, 2006


BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 514-6058
Facsimile: (202) 514-5238
E-mail: barry.e.reiferson@usdoj.gov


1986621.1