UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, <br><br>   Plaintiff, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>   Defendant. | ) ) ) ) )   Civil Nos. 05-40151-FDS (D. Mass.) )       06-40130-FDS (D. Mass.) ) )   Judge Saylor ) ) ) |

**UNITED STATES OF AMERICA'S SURREPLY TO BDO SEIDMAN'S MOTION FOR ENTRY OF A SUPERSEDING PROTECTIVE ORDER**

BDO Seidman's ("BDO's") reply memorandum contains significant misstatements of law and fact, necessitating this brief surreply.

BDO's misstatements are largely based on its failure to recognize the procedural and legal requirements for obtaining a superseding protective order, and its steadfast refusal to acknowledge the insurmountable problems in, and unnecessariness of, the proposed order it drafted.

**I. The Existing Protective Order, Contrary to BDO's Erroneous Assertions, Already Precludes the Pre-Trial Dissemination of the Tax Returns.[1]**

If BDO's allegation that it is simply seeking to prevent pretrial dissemination of the tax returns is true, (BDO Reply Mem. at 3), then there is no need for a superseding order because that goal is achieved by the stipulated protective order already entered. BDO's assertion that the

---

[1] The United States does not need to rebut here the inapposite caselaw cited by BDO. That caselaw simply stands for the proposition that, if a party establishes specific facts and demonstrates good cause, a Court may enter a protective order. *See, e.g., Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Here, BDO makes no factual showing at all. Additionally, none of the cases BDO cites involve the treatment and disclosure of an item on the tax return at issue.

tax returns could be disseminated at any time "on the Internet," (BDO Reply Mem. at 3), is simply wrong. Pretrial dissemination is limited in the entered protective order to those persons identified in paragraph four. (Stip. Prot. Order at ¶¶ 2-4.) Paragraph 4 most certainly does not include the public at large.

With the tax returns already protected from pretrial public disclosure while the parties are in the middle of discovery, the consideration of a superseding order governing trial use is premature.

## II. The Superseding Order Would Severely Hamper Discovery and Prevent Evidence Presentation.

### A. The proposed superseding protective order would forbid the parties from using any tax return as an exhibit in a deposition.

In its reply memorandum, BDO incorrectly describes the effect of its own proposed superseding order on depositions.[2] The proposed superseding order would, in fact, forbid the parties from using any tax return as an exhibit in a deposition. While the proposed superseding order facially allows for the use of tax returns "in any and all discovery proceedings," it immediately thereafter severely restricts that use. (Prop. Superseding Ord. at ¶ 2.) The proposed order limits the discovery-use provision by limiting disclosure in the deposition context to the persons "identified in paragraph 4" of the order. (Prop. Superseding Ord. at ¶ 2.) Those persons identified in paragraph 4 include the deponent, but the deponent may only "review [the tax

---

[2]It is unclear what BDO means when it takes issue with the United States' description of the negative effects the proposed superseding order would have on depositions. In its reply, BDO states that "the proposed [superseding] Order merely requires that the parties treat any [deposition] . . . exhibit as confidential and **subject to the terms of the proposed order**." (Prop. Superseding Ord. at 3)(emphasis added). But it is the "terms" of that proposed order which would have the effect of improperly restricting the use of tax returns and return information in discovery and at trial.

2

return] in preparation for or during the . . . deposition or testimony." (Prop. Superseding Ord. at ¶ 4.) After the deposition, the deponent must return the tax return "to counsel for the party that supplied it." (Prop. Superseding Ord. at ¶ 4.) If the discovery-use provision is limited, and the deponent can only "review" the tax return and must return the tax return immediately after the deposition, then the tax return cannot possibly be made an exhibit at the deposition.

> **B.    The Proposed Superseding Order Would Add the Untenable Requirement of Marking as Confidential a Potentially Enormous Number of Pages or Documents.**

The proposed superseding order contains an impossible document-marking requirement. It initially requires that tax returns be conspicuously marked as confidential. It then adds the requirement that "all pages of any request for admission, deposition (sic), interrogatory, discovery motion, transcript and any related exhibits **concerning**" a tax return (which is defined in paragraph 1 to include any information included in a tax return) be conspicuously marked as confidential. (Prop. Superseding Ord. at ¶ 2)(emphasis added). The term "concerning," found in that requirement, "means referring to, describing, evidencing, or constituting."[3]  *See* L.R. 26.5(c)(7). As such, BDO's proposed requirement would force the parties to mark every page of every discovery paper, transcript, or exhibit that refers to, describes, evidences, or constitutes any tax return or piece of information found on a tax return. It would be virtually impossible to even locate all such pages and documents. Marking that untold number of pages as BDO wants would be an impossible burden.

---

[3]This definition is found in the Local Rules and applies to discovery requests. While not directly applicable to the protective order, this definition is consistent with the common usage of the term and is instructive.

3

    **C.    The Proposed Superseding Order Would Require a Potentially Large Number of Documents to be Filed Under Seal.**

        **1.    Sealing Documents Would Be unduly Burdensome for the Parties and the Court**

BDO's proposed superseding order would impose a severe burden on the parties and on the Court by requiring the filing of a potentially large number of documents, including trial exhibits, under seal. There is no limitation placed on the circumstances demanding a sealed filing. (See Prop. Superseding Ord. at ¶ 2.) The seal order would apply to all filings including the filing of exhibits at trial.[4] It would also broadly encompass not only the tax returns as some may think of them, but also to "any information therein." (Prop. Superseding Ord. at ¶ 1.) Thus, any tax-return-related information placed in a summary exhibit would also cause that exhibit to have to be sealed. As this is a tax-related case involving tax shelters entered into by dozens of wealthy individuals who set up various tax-shelter entities, there may indeed be a very large number of documents that fall under any such seal order. The only means of avoiding the seal order would be to remove all identifying information, (Prop. Superseding Ord. at ¶ 1), which would negatively impact the usefulness of any such exhibit.

        **2.    Sealing Documents Would Inhibit Evidence Presentation.**

The proposed superseding order would severely inhibit the presentation of highly relevant evidence. In essence, BDO would seek to require us to use tax return information only in the form of a summary exhibit which would have no identifying information of the taxpayer. The problem with that requirement is that it would prevent us from demonstrating any link between

---

[4] While this proposed superseding order would apply to trial evidence, BDO demands advanced notice of a party's intent to use tax returns and return information as trial exhibits. (Prop. Superseding Ord. at ¶ 2.) It is unclear what additional protection BDO may seek.

such a summary presentation and third party taxpayers referred in other exhibits. We believe that such third-party-taxpayer evidence, when considered together with the tax-return data, will show, for example, that various third party taxpayers followed the exact same set of steps for their transactions as were followed here. Moreover, again for example, such evidence, when considered together, would also show that the promotion of this tax shelter was a coordinated effort between law firms, accounting firms, foreign entities, tax-shelter promoters, and tax-shelter participants. The United States would be severely prejudiced if it were to be precluded by this proposed superseding order from showing the linkage between the third-party tax-return data and other highly relevant evidence.

### 3. The Proposed Protective Order Would Preclude the Court from Mentioning Tax Return In Any Memorandum or Order.

BDO's proposed superseding order would first impose upon the Court a burden of maintaining tax returns, summary exhibits, and other documents under seal, and then would preclude the Court from mentioning any tax-return-related information in an order or memorandum. As described earlier, BDO's definition of tax returns includes "any information contained therein." BDO's proposed superseding order specifically precludes the Court from disclosing tax returns "as part of a Court order or memorandum." (Prop. Superseding Ord. at ¶ 8.) So, necessarily, the Court would be bound to maintain the secrecy of any tax return information.

**III.    BDO Has Not Presented Evidence That it May Represent the Purported Interests of its Clients in This Matter.**

BDO's assertions that it somehow represents here the interests of others is belied by the facts.  As described at length in the United States' opposition to BDO's motion, there is no privilege claim here, and Congress has made clear that there is not even an expectation of confidentiality with respect to the tax returns.  (U.S. Opp. To Mot. For Superseding Ord. at 14-15.)  Ignoring the law, BDO insists that none of its clients– including those suing BDO for its related actions– have "waived" that non-existent confidentiality.  (BDO Reply Mem. at 6.)  BDO even failed to support that legally incorrect statement with a declaration.  It appears that BDO's contact with the clients it purports to represent was an afterthought made only after the U.S. raised the issue.  BDO fails to say when it contacted the clients, what it said to the clients, how it described (if at all) the procedural posture of the case, whether the clients are even aware of the existing protective order and what it provides for, whether the clients have been provided with a copy of the proposed superseding order, and whether BDO or counsel has conferred with the clients to advise them of the law.  If BDO seeks to represent the purported interests of others, it

should at least be completely forthcoming in the form of a declaration about what it told those others.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

          /s/ Dennis M. Donohue
          DENNIS M. DONOHUE
          SENIOR LITIGATION COUNSEL
          OFFICE OF CIVIL LITIGATION
          Trial Attorney, Tax Division
          U.S. Department of Justice
          P.O. Box 403, Ben Franklin Station
          Washington, D.C. 20044
          Telephone: (202) 307-6492
          Facsimile: (202) 307-2504
          E-mail: dennis.donohue@usdoj.gov

          JOHN A. LINDQUIST
          BARRY E. REIFERSON
          HEATHER L. RICHTARCSIK
          Trial Attorneys, Tax Division
          U.S. Department of Justice
          P.O. Box 55, Ben Franklin Station
          Washington, D.C. 20044-0055
          Telephone: (202) 307-6561
          Facsimile: (202) 514-5238
          E-mail: john.a.lindquist@usdoj.gov
               barry.e.reiferson@usdoj.gov
               heather.l.richtarcsik@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on March 9, 2007

/s/ Barry E. Reiferson
Trial Attorney
US Department of Justice, Tax Division