UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY | ) | |
| ADVISOR A FUND, L.L.C., by the Tax | ) | |
| Matters Partner, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-40151 |
| | ) | |
| v. | ) | Judge Saylor |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO STRIKE
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

The United States hereby moves, pursuant to the provisions of LR 1.3, that plaintiff's

Motion to Compel Production of Documents and Meaningful Answers to Interrogatories and

memorandum in support of that motion ("Motion to Compel" or "motion") be stricken or

summarily denied, or, alternatively, that the Court impose sanctions on the plaintiff as the Court

deems appropriate.  The instant motion is supported by the Declaration of John A. Lindquist.

The imposition of sanctions is warranted because the plaintiff failed to attempt in good faith to

resolve or narrow the issues, as required by LR 7.1(a)(2) and LR 37.1(a).  The plaintiff's failures

to follow the Local Rules created an unnecessary burden on the United States since it was forced

to respond to a motion that should not have been filed.  More importantly, the plaintiff has

created an unnecessary burden for the Court since plaintiff's premature motion does "not narrow

the areas of disagreement to the greatest possible extent."  L.R. 37.1(a).

2349942.1

**Discussion**

On March 2, 2007, plaintiff filed its Motion to Compel without first complying with the

requirements of LR 7.1(a)(2) and LR 37.1(a), which both generally require that the party seeking

to file a motion confer in good faith to narrow or resolve the issues to the extent possible.

Plaintiff's Motion to Compel should be denied because plaintiff inexcusably failed to comply

with LR 37.1, after being warned by the Court that the Local Rules of the United States District

Court for the District of Massachusetts required that the parties confer in good faith to narrow

discovery disputes before filing a discovery motion.[1]

Local Rule 37.1 of the Local Rules of the United States District Court for the District of

Massachusetts provides, in relevant part, as follows:

RULE 37.1 DISCOVERY DISPUTES

   (A) Before filing any discovery motion, including any motion for sanctions or
for a protective order, counsel for each of the parties shall confer in good faith to
narrow the areas of disagreement to the greatest possible extent. It shall be the
responsibility of counsel for the moving party to arrange for the conference.

---

   [1]Specifically, at a hearing on May 11, 2006, in the context of ruling on plaintiff's motion
to quash as subpoena duces tecum issued to KPMG by the United States, the Court stated the
following, on pages 5-6:

```
25      There is a related issue.  The government has
 1  contended that counsel for the plaintiff did not comply with
 2  the local rule requiring good faith discussions to narrow a
 3  subpoena, and there is a request for sanctions, albeit made in
 4  a footnote.
 5         What I'm going to do is I'm going to deny the request.
 6  I'm going to give both sides a freebie, or a mulligan, on that.
 7  I do expect that you will take the rule seriously in the future
 8  and that you will attempt to confer in good faith to narrow
 9  issues.  I think there's a strong likelihood that this is not
10  the only discovery dispute we're going to have, and I do expect
11  reasonable and good faith discussions.  Again, you don't have
12  to agree on anything, but you at least have to talk.
```

Conferences may be conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

   (B) If (I) opposing counsel has failed to respond to a request for a discovery conference within the seven day period set forth in subdivision (A), (II) opposing counsel has failed to attend a discovery conference within fourteen (14) calendar days of the request, or (III) if disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and supporting memorandum. The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with. The memorandum shall state with particularity the following:

      (1) If a discovery conference was not held, the reasons why it was not;

      (2) If a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; the matters on which the parties reached agreement; and the issues remaining to be decided by the court;

      (3) The nature of the case and the facts relevant to the discovery matters to be decided;

      (4) Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and

      (5) A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth immediately following each contested item.

One reason for LR 37.1 is to prevent parties from filing premature motions. *See Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, *8 (D. Mass. 1996). Another reason is so that the parties have a chance to ascertain whether they can narrow or resolve their disputes before involving the Court. *See See Hasbro, Inc.,* at *9.

   Plaintiff's Certificate of Compliance with Federal and Local Rules, which states in part that plaintiff's counsel has "in good faith conferred or attempted to confer with counsel for Defendant in an attempt to resolve the dispute without court action and to narrow the issues" is inaccurate. As set forth in the attached Declaration of John A. Lindquist, prior to a scheduled

deposition on February 27, 2007, plaintiffs did not communicate, either verbally or in writing, that they also wished to schedule a settlement conference, pursuant to Local Rule 37.1 on that same date.  It was after that deposition that counsel for plaintiff asked if counsel for the United States could speak with them briefly concerning discovery issues. Lead counsel for the United States, Dennis Donohue, was out of town on February 27, 2007 and plaintiffs were expressly informed that Mr. Donohue's presence would be required to address any possible settlement of pending discovery issues since he was the only one representing the United States that had the authority to bind the United States with respect to those issues.  Moreover, plaintiff's counsel never represented that they intended to treat that meeting as a conference under Local Rule 37.1.

Despite Mr. Dohonue's absence, counsel for the United States attempted to resolve certain discovery disputes with counsel for plaintiff.  Counsel for the United States also informed plaintiff's counsel that the United States would be filing motion papers shortly which would fully disclose the factual basis for the United States' representations to the Court concerning the cookie-cutter nature of the FDIS transactions, as well as the sham roles of Mahoney and Hawkes as purported foreign partners in each of these transactions.   Based upon this upcoming filing, counsel for the United States suggested that any dispute that might exist with regard to the United States' claim of work product privilege would be mooted.  On March 2, 2007, plaintiff's counsel notified the United States that it did not believe that any further meeting was required under Local Rule 37.1, asserting for the first time that the unscheduled discussions on February 27, 2007, satisfied the requirements of Local Rule 37.1.  In response, defense counsel immediately wrote a letter to plaintiff's counsel, attached as Exhibit 1, reminding counsel for plaintiff that under the local rules, the parties are required to confer in person or by telephone to attempt to avoid unnecessary imposition on the Court and suggesting several alternative meeting

times.  On March 12, 2007, after having requested that plaintiff voluntarily withdraw its motion, the United States sent another letter to counsel for plaintiff, attached as Exhibit 2, indicating that the United States intended to file a motion to strike plaintiff's motion to compel for failure to comply with Local Rule 37.1.

**Conclusion**

If plaintiff's counsel had complied with the local rules and conferred in good faith to narrow or resolve the issues to the extent possible, plaintiff might have been able to better understand why the arguments in its pending Motion to Compel are without merit. For all the above reasons, the Court should strike plaintiff's motion to compel.

DATED: March 26, 2007

<div style="margin-left:50%">

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION
COUNSEL
OFFICE OF CIVIL LITIGATION
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. RICHTARCSIK
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-6561
Facsimile:  (202) 514-5238
E-mail:  john.a.lindquist@usdoj.gov
          barry.e.reiferson@usdoj.gov
          heather.l.richtarcsik@usdoj.gov

</div>

Certificate of Service

I hereby certify that this document filed through the
ECF system will be sent electronically to the registered
participants identified on the Notice of Electronic
Filing and paper copies will be sent to those indicated
as non registered participants on March 26, 2007.


/s/ John A. Lindquist

Trial Attorney, US Department of Justice, Tax
Division

2349942.1