UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) |
| Plaintiff, | ) Civil No. 05-40151 ) |
| v. | ) Judge Saylor ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

DECLARATION OF JOHN A. LINDQUIST

I, John A. Lindquist, pursuant to the provisions of 28 U.S.C., §1746, certify that:

1.  I am a Trial Attorney with the U.S. Department of Justice, employed in the Tax Division, Northern Region, with a post of duty at Washington, D.C.

2.  I am one of the assigned trial attorneys for the petitioner United States in the above-referenced matter.

3.  I make this declaration based upon my personal knowledge in support of the United States' motion to strike plaintiff's motion to compel for failure to comply with Local Rule 37.1

4.  Plaintiff scheduled the deposition of Robert Prifti for February 27, 2007, at its offices.

5.  Lead counsel for the United States, Dennis M. Donohue, was unable to attend the scheduled deposition because of a scheduling conflict requiring him to be in Colorado and assigned me to represent the interests of the United States at the scheduled deposition.

6.  Prior to the scheduled deposition on February 27, 2007, plaintiffs did not communicate, either verbally or in writing, that they also wished to schedule a settlement conference, pursuant to Local Rule 37.1 on that same date.

7. After the deposition of Prifti, counsel for plaintiff asked if I could speak with them briefly concerning discovery issues. I represented that I was willing to do so insofar as it might facilitate the resolution of any misunderstandings, but expressly stated that Mr. Donohue's presence would be required to address any possible settlement of the pending discovery issues and that I did not have authority.

8. At no time during the brief discussion that followed did plaintiff's counsel represent that they nevertheless intended to treat our meeting as a conference under Local Rule 37.1.

9. During the course of these discussions I requested further clarification from counsel for plaintiff as to precisely what documents were being requested by plaintiff with respect to the *Helmer* litigation in plaintiff's Request for Production No. 21. I requested clarification because of the over broad and ambiguous scope of this request. For instance, I suggested that the request could be construed as limited to public filings. In response, plaintiff's counsel asserted that the government should therefore at least have produced copies of the filed pleadings and papers from the *Helmer* litigation. Plaintiff's counsel conceded that they had attempted to obtain these litigation files directly from the Tax Court, but that the Tax Court no longer had any of its *Helmer* files. I represented that I had also attempted to do so and had not been able to locate the public filings, but represented that I would again attempt to locate these documents. I have since determined that the IRS no longer has its litigation files from the *Helmer* litigation because the *Helmer* case is more than 30 years old and the IRS only retains its litigation files for 25 years.

10. Following the deposition of Robert Prifti, I also informed plaintiff's counsel that we would be filing motion papers shortly which would fully disclose the factual basis for the United States' representations to the Court concerning the cookie-cutter nature of the FDIS transactions,

as well as the sham roles of Mahoney and Hawkes as purported foreign partners in each of these transactions. Based upon this upcoming filing, I suggested that any dispute that might exist with regard to the United States' claim of work product privilege would be mooted.

11.     Prior to the filing of its Motion to Compel, plaintiff's failed to alert the United States that it planned to file such a motion and failed to disclose which documents were in issue. On February 27, 2007, government counsel again asked what, if any, documents were in issue and represented that a supporting declaration had now been prepared by Margo Stevens, the Commissioner's delegate, with respect to almost all of privilege logs which had been produced to plaintiff. Even then, plaintiff's counsel did not disclose that it planned to file a motion to compel, much less identify the documents which it planned to move to compel, or that it planned to treat this impromptu discussion as a settlement conference under Local Rule 37.1.

12.     On March 2, 2007, plaintiff's counsel notified the United States that it did not believe that any further meeting was required under Local Rule 37.1, asserting for the first time that the unscheduled discussions on February 27, 2007, satisfied the requirements of Local Rule 37.1. In response, defense counsel immediately wrote:

> It is both unfortunate and surprising to learn from your letter that you no longer wish to meet and confer in an attempt to resolve any remaining discovery disputes.
> We attempted in good faith to schedule a conference after you raised the existence of remaining issues of concern to you on February 27. As we stated then, it is essential that the United States' lead counsel, who was not present that day, take part in the discussions. We offered to conduct the conference between you and lead counsel for the United States as early as March 6, 2007, immediately after the status conference with the Court. When that offer was rejected, we offered to conduct the conference on March 7. We believed, until we received your letter today, that you were considering that date. We remain open to scheduling a conference and await your suggestion of a date and time, assuming that you do not insist on filing prematurely the motion to compel.

> Under the local rules, the parties are required to confer in person or by telephone to attempt to avoid unnecessary imposition on the Court. Compliance with this requirement is not optional. Since we have had multiple exchanges of letters and other communications on your discovery issues, our lead counsel does not genuinely know what are the issues that may be the subject of your proposed motion. Even if it is not possible to resolve those issues in an in-person meeting, we believe the parties are nevertheless required to comply with the local rules and still make every effort to resolve or narrow the dispute.
>
> In conclusion, whether or not we have reached an impasse, we believe the parties are required and should meet to discuss the issues you may raise in a motion to compel. Accordingly, we again suggest you reconsider your unavailability next Tuesday when both counsel teams will be in Boston. We could meet with you either before or after our conference with the Court or alternatively on the following morning in Washington.

See Letter dated March 2, 2007, attached hereto as Ex. 1.

13.     On March 12, 2007, we again wrote to plaintiff's counsel memorializing our notice to plaintiff's counsel on March 6, 2007, that the United States intended to file a motion to strike plaintiff's motion to compel for failure to comply with Local Rule 37.1, and plaintiff's refusal to voluntarily withdraw its motion. See Letter dated March 12, 2007, attached hereto as Ex. 2.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C., on March 26, 2007.

JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044

Certificate of Service
I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants identified
on the Notice of Electronic Filing and paper copies will be sent to
those indicated as non registered participants on March 26, 2007.

/s/ John A. Lindquist
Trial Attorney, US Department of Justice, Tax Division

2349912.1           4

# EXHIBIT 1

**U.S. Department of Justice**

**Tax Division**

*Facsimile No. (202) 514-5238*
*Trial Attorney: Barry E. Reiferson*
*Attorney's Direct Line: (202) 514-6058*
5-36-10254
CMN 2005106280

*Please reply to:* Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

March 2, 2007

**By Facsimile and Federal Express**

David J. Curtin, Esq.
McKee Nelson LLP
1919 M Street, NW
Washington, DC 20036

      Re:    *Fidelity Int'l v. United States*, Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Curtin:

      It is both unfortunate and surprising to learn from your letter that you no longer wish to meet and confer in an attempt to resolve any remaining discovery disputes.

      We attempted in good faith to schedule a conference after you raised the existence of remaining issues of concern to you on February 27. As we stated then, it is essential that the United States' lead counsel, who was not present that day, take part in the discussions. We offered to conduct the conference between you and lead counsel for the United States as early as March 6, 2007, immediately after the status conference with the Court. When that offer was rejected, we offered to conduct the conference on March 7. We believed, until we received your letter today, that you were considering that date. We remain open to scheduling a conference and await your suggestion of a date and time, assuming that you do not insist on filing prematurely the motion to compel.

      Under the local rules, the parties are required to confer in person or by telephone to attempt to avoid unnecessary imposition on the Court. Compliance with this requirement is not optional. Since we have had multiple exchanges of letters and other communications on your discovery issues, our lead counsel does not genuinely know what are the issues that may be the subject of your proposed motion. Even if it is not possible to resolve those issues in an in-person meeting, we believe the parties are nevertheless required to comply with the local rules and still make every effort to resolve or narrow the dispute.

- 2 -

In conclusion, whether or not we have reached an impasse, we believe the parties are required and should meet to discuss the issues you may raise in a motion to compel. Accordingly, we again suggest you reconsider your unavailability next Tuesday when both counsel teams will be in Boston. We could meet with you either before or after our conference with the Court or alternatively on the following morning in Washington.

                                                    Sincerely yours,

                                                    BARRY E. REIFERSON
                                                    Trial Attorney
                                       Civil Trial Section, Northern Region

2278743.1

# EXHIBIT 2



**U.S. Department of Justice**

**Tax Division**

*Facsimile No. (202) 514-5238*
*Trial Attorney: Barry E. Reiferson*
*Attorney's Direct Line: (202) 514-6058*
5-36-10254 CMN 2005106280

Please reply to:  Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

March 12, 2007

**By Facsimile and Federal Express**

David J. Curtin, Esq.
McKee Nelson LLP
1919 M Street, NW
Washington, DC 20036

     Re:    *Fidelity Int'l v. United States*, Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Curtin:

     We write to follow up on your March 6, 2006 discussion with Dennis Donohue during which he informed you that your motion to compel filed on March 2, 2007 violates Local Rule 37.1 and should be withdrawn. As Mr. Donohue stated on March 6, if you do not voluntarily withdraw the motion, we will move to strike it. We may also seek other appropriate sanction.

     Your motion to compel clearly violates the local rules.[1] Local Rule 37.1(a) requires that "counsel for each of the parties . . . confer in good faith to narrow the areas of disagreement to the greatest possible extent" before filing a motion to compel. The rule further states that it is "the responsibility of counsel for the moving party to arrange for the conference." You failed to confer and failed to arrange for the conference. In fact, you filed your motion while we were discussing a date and time for the conference.[2] The correspondence you refer to in your motion is not a substitute for the required conference. The required conference "may be conducted over

---

    [1]Presumably, your trial team was unaware of the local-rule violation when a team member signed a declaration of compliance.

    [2]Your Exhibit O attached to your motion to compel contains a glaring misrepresentation that you should correct immediately. The parties did not meet and confer on February 27, 2007 "to attempt to resolve areas of disagreement." (Mot. to Compel Ex. O.) The United States appeared pursuant to your notice of deposition of Robert Prifti. After Mr. Prifti's deposition, Mr. Buch asked counsel for the United States if they could stay to discuss some unidentified topics. U.S. counsel agreed. Mr. Buch said that it had appeared that we had reached an impasse on certain discovery issues. John Lindquist, counsel for the United States, immediately said that lead counsel for the U.S., Dennis Donohue, must be present for any discovery conference, and that the U.S. did not believe that we had necessarily reached an impasse. There was no discovery conference that day. The United States offered to conduct the conference shortly thereafter on March 6 or 7. Then, before you filed your motion, the United States wrote to you saying it awaited your suggestion of a date and time to hold the conference if our suggested dates were unacceptable. You ignored that letter and instead filed your motion-- without engaging in the required conference.

- 2 -

the telephone," (Local Rule 37.1(a)), or in person, but it may not be conducted by letter.

    The Court reiterated during our May 11, 2006 status and motion conference the requirement that the parties have discussions to attempt to resolve discovery disputes. The Court did so while discussing the United States' contention that you once before failed to confer in this case. As the Court stated in that instance, it gave "both sides a freebie, or a mulligan, on that [conference requirement]." (May 11, 2006 Tr. at 6:6.) The Court made clear that it "expect[s] that [the parties] will take the rule seriously... and... will attempt to confer in good faith to narrow issues." (May 11, 2006 Tr. at 6:7.) The Court made clear that, if another discovery dispute were to arise, the parties were to have "reasonable and good faith discussions," (May 11, 2006 Tr. at 6:11), which may not result in agreement, but would involve "talk[ing]." (May 11, 2006 Tr. at 6:12.)

    Your failure to confer on the issues raised in your motion to compel is made clear in your motion papers.[3] Your chronology of events, attached to your motion as Exhibit O, shows that most of the discovery requests to which you seek to compel additional answers were served after our last conference in September. The issues arising after September have never been the subject of a discovery conference. You seemed to acknowledge that when you told the Court on March 6 that "since September" you have "been dealing with issues," "talking with the government," and "communicating in letters." (March 6, 2006 Tr. at 7:1.) Again, you haven't discussed any issue after September, and letters do not substitute for the required conference.

    Had you agreed to confer before filing your motion, you would have learned that one issue raised in your motion to compel is moot and has been unnecessarily raised in your motion. As Mr. Donohue discussed with you on March 6, the basis for his statements to the Court at the status conference of November 16, 2006 that the Government has determined that the tax product at issue in this litigation has been sold to 63 separate taxpayers or taxpayer entities has now been publicly disclosed in a separate third-party discovery motion in this case. Specifically, that information is contained in the appendices to the Government's motion to compel The Diversified Group (DGI) to produce subpoenaed documents, which was filed in the Southern District of New York and which was served on you. While the appendices to our DGI motion refer to fewer than 63 separate purchasing taxpayers, the difference in number is only attributable to combining certain taxpayer-transactions as a single purchase rather than multiple purchases. Consequently, our work-product privilege as to that specific information, which was the basis of Mr. Donohue's report to the Court on November 16, 2006, has now been dissolved.

    Accordingly, this work-product issue was unnecessarily and improperly included in your motion to compel. To allow you the opportunity to correct this aspect of your motion papers, to rectify your prior violation of the local rules, and to avoid the need for the Court to address these local-rule-compliance issues, we again request you to withdraw your motion to compel. As Mr. Donohue informed you, after your withdrawal of your motion to compel and review of the papers associated with our DGI motion, we will then view your conference with him on March 6 as meeting your obligation under the local rules to confer with us in good faith to attempt to narrow

---

[3] That is so even if you stand by your erroneous assertion that a conference took place on February 27. There is no doubt that the United States sought to schedule a discovery conference while you refused to confer.

- 3 -

the issues in dispute. You can then immediately refile your motion to compel, although we hope that your refiled motion will reflect the actual issues in dispute. Please inform us immediately if you do not plan to withdraw your motion to compel. In that event, we will promptly file a motion to strike.

Please feel free to contact me at (202) 514-6058, or contact any other member of the United States' trial team, to discuss this matter.

Sincerely yours,

BARRY E. REIFERSON
Trial Attorney
Civil Trial Section, Northern Region

2297327.1

# United States Department of Justice

Tax Division
Civil Trial Section, Northern Region
P.O. Box 55 - Ben Franklin Station
Washington, D.C. 20044
Fax: (202) 514-5238/9649

| | |
|---|---|
| TO: | David J. Curtin |
| FAX NUMBER: | 202-775-8586 |
| SUBJECT: | Fidelity Int'l v. US, 05-40151 (D. Mass.) |
| DATE SENT: | March 12, 2007 |
| PAGES: (Including this cover sheet) | 4 |
| FAX FROM: | Barry Reiferson<br>202-514-6058 |

COMMENTS:

WARNING: The information contained in this facsimile is confidential and may be subject to disclosure limitations under Rule 6(e) of the Federal Rules of Criminal Procedure and Section 6103 of the Internal Revenue Code. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender identified above by telephone.

2278701.1