UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 05-40151-FDS |

**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE**

Plaintiff, the tax matters partner of Fidelity International Currency Advisor A Fund, L.L.C. ("FICA A Fund"), moves this Court, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to issue an order consolidating the above-captioned case and the cases of *Fidelity High Tech Advisor A Fund, L.L.C. v. United States*, Nos. 06-40243-FDS & 06-40244-FDS ("High Tech cases"), filed on November 13, 2006, which are now pending in this Court, into one action. On September 12, 2006, the Court consolidated *Fidelity International Currency Advisor A Fund, L.L.C. v. United States*, No. 06-40130-FDS, with the above-captioned case ("FICA A Fund cases"). Counsel for Plaintiff first raised the issue of consolidation at the November 14, 2006 status conference. At the Court's direction, the parties addressed consolidation in a Joint Proposed Schedule filed with the Court on December 19, 2006. At the December 22, 2006 status conference, the Court stated that the issue of consolidation would remain open (Tr. 8:16), but directed the parties to limit the burden on third parties by including the High Tech cases in

1

discovery in the FICA A Fund cases (*See, e.g.*, Tr. 9:1-5).  On April 4, 2007, counsel for Plaintiff consulted with counsel for Defendant on the issue of consolidation.  Defendant advised that it would not agree to consolidation unless Plaintiff would agree to an additional six months of discovery.  Defendant's demanded extension of the discovery deadline is not necessary.  Additionally, when the parties last discussed consolidation with the Court, at the December 22, 2007 status conference, the Court extended the discovery deadline six-and-a-half months, from March 10, 2007 to September 28, 2007.[1]  For the following reasons, the Motion to Consolidate should be granted.

Federal Rule 42(a) allows consolidation of actions "involving a common question of law or fact" in order to "avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a).  In deciding whether consolidation is appropriate, "[t]he threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."  *Seguro de Servicios de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989).  If a court decides that a common party and common issues of fact or law are involved, then "the trial court has broad discretion in weighing the costs and benefits of consolidation."  *Id.*  However, "[a] motion for consolidation will usually be granted unless the party opposing it can show demonstrable prejudice."  *Id.* (quotation omitted).  Because the FICA A Fund cases and the High Tech cases involve common parties, common issues of law and fact, and the benefits of consolidation outweigh the costs, the Motion to Consolidate should be granted.

---

[1] The FICA A Fund cases were docketed nineteen months and nine months ago.  The High Tech cases have been pending for almost five months.  Notwithstanding the fact that the Court encouraged Defendant to make efforts to answer the High Tech cases expeditiously (Status Conference Tr. 28:23-25, Dec. 22, 2006), Defendant moved to extend the time in which to answer the complaints by more than two months, and then did not file the answers until the last day possible.  The Court has expressed its interest in handling these cases efficiently.  (Status Conference Tr. 16:3-4, Nov. 14, 2006; Status Conference Tr. 8:21-22, Dec. 12, 2006; Status Conference Tr. 10:2-3, Mar. 6, 2007.) While Plaintiff has been attempting to do so, Defendant has not noticed a single deposition in the thirteen months that discovery has been proceeding.  Defendant's continual delays should not be rewarded with another six-month extension.

2

The FICA A Fund cases and the High Tech cases involve common parties. In all cases, Plaintiff is Richard J. Egan, the Tax Matters Partner of FICA A Fund and High Tech, and Defendant is the United States.

The FICA A Fund cases and the High Tech cases involve common issues of law and fact. The suits filed by Plaintiff are all petitions for readjustment of partnership items pursuant to section 6226 of the Internal Revenue Code of 1986, as amended (26 U.S.C. § 6226). At issue in all cases is whether the IRS erroneously adjusted certain partnership items, as defined by 26 U.S.C. § 6231(a)(3). The FICA A Fund cases and the High Tech cases involve the same tax years, 2001 and 2002, and the IRS proposes the adjustment of partnership items on nearly identical grounds.[2] Consequently, the legal claims in the complaints for FICA A Fund's and High Tech's 2001 tax years reflect these same FPAA adjustments. In addition, application of the "soft doctrines" requires a court to examine the underlying purposes of investments. *See, e.g.*, *Rice's Toyota World v. Comm'r*, 752 F.2d 89, 91-92 (4th Cir. 1985) ("To treat a transaction as a sham, the court must find that the taxpayer was motivated by no business purposes other than obtaining tax benefits in entering the transaction, and that the transaction has no economic substance because no reasonable possibility of a profit exists."). Both FICA A Fund and High Tech share common investment objectives. Additionally, the background facts for both the FICA A Fund cases and the High Tech cases are substantially the same. *Compare* FICA A Fund 2001 Compl. ¶¶ 16-32, *with* High Tech 2001 Compl. ¶¶ 19-32, *and* High Tech 2002 Compl. ¶¶ 19-32.

The benefits of consolidating the FICA A Fund and High Tech cases outweigh any costs that may exist. "In considering the costs and benefits of consolidation, it is appropriate to

---

[2] The identical notices of final partnership administrative adjustment for High Tech's 2001 and 2002 tax years contain fifteen legal bases underlying the proposed adjustments. The legal bases for twelve of these adjustments are the same as those already at issue in the FICA A Fund cases.

3

consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and 'any confusion, delay or prejudice that might result from consolidation.'" *Gilliam v. Fid. Mgmt. & Research Co.*, No. 04-11600, 2005 WL 1288105, at *1 (D. Mass. May 3, 2005) (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487 (D. Mass. 1992)).

The consolidation of these matters will avoid unnecessary costs of duplicative discovery. The witnesses for both FICA A Fund and High Tech are largely the same because, in investing in these limited liability companies, Plaintiff relied on many of the same advisors. Additionally, discovery in the FICA A Fund cases already has encompassed documents relevant to the High Tech cases. For example, the High Tech investment has been the subject of interrogatories and requests for production, *see* United States' First Set of Interrogatories (May 24, 2006) (Nos. 24-26); United States' First Set of Requests for Production (May 24, 2006) (Nos. 24-26), and twenty-two of the twenty-nine subpoenas that Defendant has issued in this case specifically requested information regarding the High Tech investment.[3] Documents that would have been provided by Plaintiff as part of its initial disclosures in the High Tech cases were produced to Defendant nine months ago. Consolidating these cases avoids duplicative discovery, thus saving time and financial resources.

Consolidation will reflect the fact that the discovery and subsequent trial of the FICA A Fund cases will naturally and necessarily include the High Tech facts.

The costs of consolidating these cases, to the extent that they exist, are negligible. The consolidation of the High Tech cases should not cause delay because the witnesses overlap and discovery requests have encompassed High Tech. No extension of the discovery deadlines is

---

[3] The seven subpoenas that do not request information regarding the High Tech investment are subpoenas issued to banks for the banking records of Plaintiff's advisors.

4

necessary because, as noted previously, Defendant's subpoenas have consistently included High Tech within their scope and no depositions would need to be retaken because Defendant has not yet taken a single deposition. No confusion will occur because most of the legal issues are the same and the facts overlap. No prejudice will occur by consolidating the cases for these same reasons. Accordingly, the overall benefits of consolidating the High Tech cases with the FICA A Fund cases outweigh any costs that may exist.

Because common parties and common issues of fact and law are involved, the benefits of consolidation outweigh the costs, and Defendant cannot show any demonstrable prejudice, the FICA A Fund cases and the High Tech cases warrant consolidation.

For the foregoing reasons, Plaintiff respectfully requests that its Motion to Consolidate be granted.

Respectfully submitted this 9th day of April 2007.

> PLAINTIFF
> FIDELITY INTERNATIONAL CURRENCY ADVISOR
> A FUND, L.L.C., by the Tax Matters Partner
>
> /s/ Lena Amanti
> David J. Curtin, D.C. Bar #281220
> Ronald L. Buch, Jr., D.C. Bar #450903
> Lena Amanti, D.C. Bar #490791
> MCKEE NELSON LLP
> 1919 M Street, N.W., Suite 200
> Washington, D.C. 20036
> Telephone: (202) 775-1880
> Facsimile: (202) 775-8586
> Email: dcurtin@mckeenelson.com
>        rbuch@mckeenelson.com
>        lamanti@mckeenelson.com

5

>John O. Mirick, BBO #349240
>MIRICK, O'CONNELL, DEMALLIE
>& LOUGEE, LLP
>100 Front Street
>Worcester, MA 01608
>Telephone:  (508) 791-8500
>Facsimile:  (508) 791-8502
>Email:  jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 9, 2007.

>/s/ Lena Amanti
>Lena Amanti, D.C. Bar #490791
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 200
>Washington, D.C. 20036
>Telephone:  (202) 775-1880
>Facsimile:  (202) 775-8586
>Email:  lamanti@mckeenelson.com