UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>          Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Civil Nos. 05-40151<br>              06-40130<br><br>Judge Saylor |

**UNITED STATES OF AMERICA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

The plaintiff refuses to acknowledge its significant failings with respect to this motion. Its motion was premature and in contravention of the local rules. Furthermore, its statements in its motion papers and in its opposition to the motion to strike are in most case irrelevant, in some cases misleading, and in others false. The plaintiff's failings have created an unnecessary burden on the United States and on the Court, and its misleading and false statements must be addressed. The plaintiff's conduct in failing to comply with the local rules and disingenuously supporting its motions with misleading and false statements are cause for concern and are grounds for striking the motion.

## Introduction

Plaintiff devotes much of its opposition to recounting in great detail the tenor and content of numerous exchanges of correspondence by the parties regarding its discovery requests. None of this background, however, is relevant to the sole issue on this motion as to whether plaintiff complied with the local rules prior to filing its motion to compel. The only issue here is whether plaintiff's conferred with defendant's counsel in an attempt to resolve or narrow the issues in

dispute as is required by Local Rules 7.1. Plaintiff's makes only two arguments directly addressed to that fundamental issue. First, it argues that it complied with the local rules because it participated in two meetings with the counsel for the United States, one on September 20, 2006 and another on February 27, 2007, which were specifically held to resolve or narrow any outstanding discovery issues. Second, it alternatively argues that it could have even filed its motion to compel without the meeting of February 27 because counsel for the United States never responded to its request for a meeting of counsel made on February 15. But both of these arguments are specious.

**I       There Was No Conference on Most of the Issues in the Plaintiff's Motion.**

The plaintiff failed to follow the local rules and confer with the United States to attempt to resolve or narrow the issues. L.R. 7.1.

    **A.      Most of the Discovery Requests at Issue Postdate the Parties' Only Discovery Conference in September 2006.**

The chronology of events, attached to the plaintiff's motion to compel as Exhibit O, shows that most of the discovery requests to which it seeks to compel additional answers were served *after* the parties' last and only conference in September. (Mot. to Compel, Ex. O; Plaintiff's Opp. to Mot. to Strike at 2 ("The parties have met in person twice . . . ." The conference dates, according to the plaintiff, were September 20, 2006 and February 27, 2007.).) The issues arising after September have never been the subject of a discovery conference, and, under the local rules, letters do not substitute for the required conference.

    **B.      The February 27 Discussion Was Not a Discovery Conference.**

The February 27, 2007 post-deposition discussion, which was unplanned, unannounced, and unattended by lead counsel, was not a discovery conference. It is highly disingenuous for the

plaintiff to allege otherwise. As explained in detail in the United States' motion to strike and in the accompanying declaration of John Lindquist, plaintiff's counsel was informed at the outset of its surprise February 27 discussion that the presence of the United States' lead counsel, Dennis Donohue, would be required to address any possible settlement of the pending discovery issues. *See* Mot. to Strike at 4; Decl. of John Lindquist at ¶ 7. From that day until and even after the plaintiff filed its motion, the United States attempted to schedule a discovery conference.

II.     **The Plaintiff's New Assertion That a Conference Was Not Required Because the United States Never Responded to its Request for a Conference Made on February 15 Is Wrong.**

A 2007 discovery conference was required, and the plaintiff is simply wrong in its assertion that it acted appropriately because it purportedly made a telephonic request for a discovery conference. The plaintiff first made this assertion in its opposition to this motion to strike. If plaintiff had truly believed that this alleged conversation constituted a *bone fide* attempt to schedule a conference within the meaning of the local rules, it surely would have so stated in its original motion to compel. It clearly did not and its belated assertion now of this purported conversation is simply a transparent *post hoc* attempt to justify its actions.

Without a supporting declaration, the plaintiff now alleges that it made this request for a discovery conference during the course of a telephone conversation on February 15 to a member of our counsel team, further alleging that its counsel suggested February 22 as a possible date for the conference. (Opp. to Mot. to Compel at 4-5.) But plaintiff's version of this conversation is not totally accurate. On February 21, 2007, the United States sent to plaintiff a comprehensive letter addressing a broad array of discovery issues raised by plaintiff. *See* Lindquist Second Declaration. It was on or about February 20, 2007, just a day prior to its receipt of this letter, that plaintiff's counsel verbally requested a settlement conference. *See* Lindquist Second Declaration.

3

In response, government counsel advised that a comprehensive letter was in transit addressing the array of discovery concerns which had been raised by the plaintiff and suggested that plaintiff first read this letter so as to be able to evaluate whether a conference would even be needed. *See* Lindquist Second Declaration. Counsel for the United States further indicated that if a conference were still necessary, then a conference could be scheduled. *See* Lindquist Second Declaration. Plaintiff's counsel did not oppose this suggestion. *See* Lindquist Second Declaration.

That telephonic request, even if made on February 15, not on the 20th, and, even if not tacitly withdrawn in order to be able first to consider the United States' letter, would have had a response deadline of February 26. *See* L.R. 37.1; Fed.R.Civ.P. 6(a). Yet on the very next day, February 27, the day of Mr. Prifti's deposition, no mention of any earlier conference request was made, and plaintiff's counsel requested an immediate discovery conference. *See* Lindquist Second Declaration at ¶ 8. Plaintiff does not allege that it reminded counsel for the United States on February 27 of its alleged earlier request. And plaintiff also does not allege that it further stated then that the time for a conference had expired, and that, therefore, the United States had no choice but to agree to hold a conference with them on that very day.

The reason that plaintiff's counsel on February 27 failed to communicate the alleged expiration of its request for a conference is quite obvious. Counsel for plaintiff clearly did not believe that its alleged earlier request for a conference had expired or was about to expire under the local rules. Instead, it was fully aware that the United States had attempted to schedule a discovery conference on that date, February 27, for the following week, and was even still trying to negotiate a date for a conference when the plaintiff filed its motion. The plaintiff's suggestion

4

that its efforts complied with the letter and spirit of the rules is at odds with even its own version of the facts.

Local Rule 7.1 is based on sound policy to ensure that an opportunity to preserve judicial resources is not squandered. Under the local rules, if a discovery conference was not held, the plaintiff would be required to state the reasons a conference was not held. L.R. 37.1(b)(1). The plaintiff made no such statement in its motion to compel or even its opposition memorandum to this motion to strike. Presumably, no such statement was made because the plaintiff thought it a non-issue, knowing the United States had repeatedly attempted to schedule a conference. The discovery conference was not held because the plaintiff refused a negligible delay because it was intent on filing without a conference. Rather than make that accurate statement in its motion papers, the plaintiff made inaccurate statements regarding a nonexistent conference and phantom delay tactics.

**IV.     The United States Has Acted Diligently and in Good Faith to Resolve Any Discovery Dispute.**

Contrary to plaintiff's insinuation, the United States at no time attempted to delay the resolution of any discovery dispute. Acting diligently and with expediency, the United States informed plaintiff's counsel on February 27 that Mr. Donohue would be available for a discovery conference within one week. The United States continued its attempt to schedule a conference during repeated telephone discussions with counsel, and in its March 2 letter asking counsel to reconsider its conduct and agree to a conference. (Mot. to Strike, Ex. 1.) Any delay resulting from a discovery conference would have been negligible. In fact, the plaintiff's motion was filed on Friday, March 2, and its memorandum of law was filed on Monday, March 5. As the plaintiff acknowledges in its motion papers, Mr. Donohue was available on March 6, and Mr. Donohue's

availability on that date was confirmed in a letter sent to counsel before it filed the motion to compel. (Plaintiff's Mem. of Law at 4, FN 6; Mot. to Strike, Ex. 1 at 2.) The plaintiff would now have the Court believe that this 24-hour delay would have been the result of a deliberate stalling tactic. Any negligible delay would have instead been the result of the United States' good-faith attempt to resolve at least one of the issues[1] presented by the motion without consideration by and unnecessary imposition on the Court, as required by the local and federal rules.[2] The plaintiff, on the other hand, seems to have been intent on creating an impasse so that it could file its motion immediately, and only days before the Court-ordered status conference on March 6. It's motivations for doing so are unknown to the United States.

## V. The Plaintiff's Motion Has Created an Unnecessary Burden and Should Be Stricken.

The plaintiff's argument that, in its opinion, its premature filing created no unnecessary burden for the United States, (Opp. to Mot. to Strike at 10-11), is wrong and beside the point. The argument is wrong because the United States has again been forced to respond to at least one

---

[1] As further explained in our sur-reply to plaintiffs's motion to compel, one issue that certainly could have been resolved without the Court's intervention was plaintiff's request to compel responses to its discovery requests seeking facts supporting a statement made by defendant's lead counsel at an earlier status conference. (Sur-reply at 8-12.) Plaintiff's continuing arguments on this issue represent nothing more than a desperate attempt to keep a non-issue alive, apparently solely to justify its untenable positions in response to this motion to strike.

[2] The plaintiff cites incompletely the United States' offer to accept as the requisite discovery conference the March 6 discussion between the parties' lead counsel. The plaintiff uses its incomplete citation as purported evidence of its intentional-delay theory. The United States' offer was actually the acceptance as the requisite discovery conference the March 6 discussion *combined with* the plaintiff's review of the United States' motion to compel The Diversified Group's production of subpoenaed documents, and the associated papers, all filed in the Southern District of New York. (*See* Motion to Strike, Ex. 2 at 2.) The letter in which the United States made its offer went on to say that the United States hoped that the "refiled motion would reflect the actual issues in dispute." (Mot. to Strike at 3.) Unfortunately, the plaintiff has twisted into something else the United States' efforts to avoid delay while preserving judicial economy.

argument in a motion that should never have been made, at least not in its current form. More importantly, the Court now has to review unnecessary aspects of the plaintiff's motion and related papers. The argument is beside the point because the plaintiff cannot simply ignore the rules when it decides that no unnecessary burden may arise. Such a framework would force the United States to guess which rules the plaintiff chooses to comply with, and then prove the existence of a burden when the plaintiff decides not to comply. At the same time, it would force the Court to review and rule on motions, or portions thereof, that should never have been made. The plaintiff's actions are even more troubling because they are now becoming a pattern. When the plaintiff last made this same error, the Court advised the parties that they must "take the [local] rule[s] seriously. . . and . . . attempt to confer in good faith to narrow issues." (May 11, 2006 Tr. at 6:7.) The United States is troubled by the plaintiff's steadfast refusal to comply

## VI.    The Relief Requested by the United States Is Proper under the Local Rules.

The plaintiff mistakenly alleges that its motion may not be stricken and that its failure to comply with the local rules may only be raised in an opposition. (Opp. to Mot. to Strike at 11-12.) As an initial matter, the United States did oppose the underlying motion at the same time it moved to strike. Furthermore, the United States moved to strike the motion under Local Rule 1.3, which provides for "dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer." [3] An appropriate sanction in this instance, and the one sought, is the striking of the motion for plaintiff's failure to comply with the rules. That is

---

[3] The district court has the ability to enforce the local rules by striking noncompliant motion papers. When district courts have taken that step, the First Circuit has affirmed the decisions to do so. *See, e.g.*, *Dimmitt v. Ockenfels*, 407 F.3d 21 (1st Cir. 2005)(First Circuit affirmed the granting of a motion for summary judgment which was appealed "insofar as it rests upon the allowance of the defendants' motion to strike the counterstatement"); *Davila-Rivera v. Caribbean Refrescos, Inc.*, 150 Fed. Appx. 3, 5 (1st Cir. 2005) (Acknowledging deference in review of "a district court's refusal to forgive a local rule violation," the First Circuit affirmed on other grounds a district court's granting of a motion for summary judgment after striking the opposition for failure to comply with local rules).

particularly so because of the plaintiff's repeated refusal to follow Local Rule 7.1 and the Court's previous admonition. The motion to strike may also be viewed, in substance, as a request for the Court to summarily deny the motion to compel because of the plaintiff's failure to comply with the local rules.[4]

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER RICHTARCSIK
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-65461
Facsimile:  (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
          barry.e.reiferson@usdoj.gov
          heather.l.richtarcsik@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on April 11, 2007.

/s/ Barry E. Reiferson

---

[4] If the Court would prefer, in the interest of time and efficiency, to rule immediately on plaintiff's motion to compel, then the United States requests the Court to impose other appropriate sanctions on plaintiff, as, for example, our costs in filing this motion to strike.

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 05-40151 |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

SECOND DECLARATION OF JOHN A. LINDQUIST

I, John A. Lindquist, pursuant to the provisions of 28 U.S.C., §1746, certify that:

1.  I am a Trial Attorney with the U.S. Department of Justice, employed in the Tax Division, Northern Region, with a post of duty at Washington, D.C.

2.  I am one of the assigned trial attorneys for the defendant United States in the above-referenced matter.

3.  I make this declaration based upon my personal knowledge in support of the United States' motion to strike plaintiff's motion to compel for failure to comply with Local Rule 37.1.

4.  On February 21, 2007, I sent plaintiff's counsel a comprehensive letter addressing a broad array of discovery issues raised by plaintiff, along with about 450 pages of documents and an amended privilege log. A copy of this letter is attached as Plaintiff's Ex. K to Plaintiff's Memorandum (Dkt. No. 65).

5.  On or about February 20, 2007, just a day prior to its receipt of this letter, plaintiff's counsel had telephoned me to request a settlement conference.

6.  In response to the verbal request for a conference, I advised plaintiff's counsel that a

comprehensive letter was in transit addressing the array of discovery concerns which had been raised by the plaintiff and suggested that plaintiff first read this letter so as to be able to evaluate whether a conference would even be needed.

7.   I further stated that if a conference were still necessary, then a conference could be scheduled. Plaintiff's counsel did not indicate any opposition to this suggestion.

8.   On February 27, the day of Mr. Prifti's deposition, no mention of any earlier conference request was made, and plaintiff's counsel requested an immediate discovery conference.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C., on this April 11, 2007.

/s/ John A. Lindquist
JOHN A. LINDQUIST
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, DC 20044

Certificate of Service
I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants identified
on the Notice of Electronic Filing and paper copies will be sent to
those indicated as non registered participants on April 11, 2007.

/s/ John A. Lindquist
Trial Attorney, US Department of Justice, Tax Division