UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Civil Nos. 05-40151<br>　　　　　　06-40130<br><br>Judge Saylor |

**UNITED STATES OF AMERICA'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-SURREPLY**

The plaintiff committed serious rule violations by filing its motion to compel discovery without conferring in an attempt to narrow or resolve the issues in dispute.[1] The plaintiff's failures have already caused the unnecessary expenditure of judicial resources. The plaintiff now compounds the damage by seeking to file a sur-surreply, which the Court has already said it will not allow. The plaintiff makes the instant request without any factual support for its propriety. The plaintiff also uses its motion for leave to file a sur-surreply as an opportunity of making unfounded accusations at the United States. The United States, contrary to the plaintiff's baseless allegations, properly filed its surreply in accordance with the Court's orders. By this motion, the plaintiff simply seeks to get the last word on its motion to compel, which the Court has previously made clear belongs to the party opposing a motion.

---

[1] The plaintiff's rule violations are detailed in the United States' motion to strike and supporting papers. *See* Mot. to Strike and Reply Mem. (docket entries 81 and 95).

The plaintiff argues that it needs to file a sur-surreply for two reasons. Those reasons, according to the plaintiff, are that the surreply allegedly raised "new points," and that the surreply was allegedly inappropriately filed. The plaintiff is wrong on both counts.

The plaintiff incorrectly alleges that there are "new points" raised in the United States' surreply. There are not. The plaintiff fails to articulate any of those allegedly "new points," presumably because doing so would reveal the falsity of the allegation. The United States properly rebutted each argument made in the plaintiff's reply. It did no more. Specifically, the United States demonstrated as follows: (1) plaintiff's requests for documents concerning the reasons behind the FPAA are moot or exceed the scope of permitted discovery; (2) plaintiff's requests for internal, unpublished IRS documents cannot lead to admissible evidence; (3) plaintiff's request for internal IRS documents on whether KPMG was required to register any tax strategy cannot lead to admissible evidence; (4) information and documents supporting the representations of government counsel to this Court concerning the status of its discovery is not discoverable and the request for that information is moot; and (5) plaintiff's requests for the production of other taxpayer information from the IRS is at best premature. Each demonstration was made in rebuttal of one of the plaintiff's allegations in its motion to compel and/or its reply memorandum. There is no new issue raised.

The United States' filing of a rebuttal surreply was entirely proper and consistent with the Court's rulings. The Court stated on March 10, 2006 that surreplies would be "allowed in the ordinary course on a motion." (March 10, 2006 Tr. at 39:19-21.) The plaintiff acknowledges that ruling. (Mem. for sur-surreply at 2.) The Court also "waive[d]" page limitations "whenever" they "may exist." (March 10, 2006 Tr. at 39:18-19.) The March 22 standard scheduling order failed to take into account the Court's earlier rulings. On May 11, 2006, the

2

Court again ruled, or reiterated its earlier ruling, that a surreply on a motion is allowed.  On that date, the Court stated that it would "limit it to four briefs on each motion."  (May 11, 2006 Tr. at 44:9-10.)  Those four allowed briefs are, of course, the motion, a response, a reply, and a surreply.

In ruling that the parties would be allowed four briefs in support of a motion, the Court ruled specifically that the parties would not be allowed a sur-surreply.  (May 11, 2006 Tr. at 44:10.)  That ruling disallowing sur-surreplies was in response to the plaintiff's assertion that it did not have an opportunity to file a sur-surreply in that instance.  (May 11, 2006 Tr. at 44:5-8.)  The Court's ruling was clear, and plaintiff claimed to "understand" it then.  (May 11, 2006 Tr. at 44:11.)  The plaintiff's understanding seems to have vanished, as it now, without support, seeks to file a sur-surreply.  To justify its unsupportable position, plaintiff now characterizes the Court's clear and unequivocal ruling disallowing a fifth brief on a motion as a "reluctance" by the Court to accept such additional briefs.  Equally disconcerting is the plaintiff's false assertion accusing the United States of inappropriately filing a surreply.  (Mem. for sur-surreply at 2.)

As explained in the United States' motion to strike and supporting papers, the plaintiff has already forced the United States and, more importantly, the Court to expend unnecessarily substantial resources to review four briefs for an improperly filed motion to compel.  The plaintiff has also forced the review of at least three more briefs because it refused to withdraw its improperly filed motion, thereby forcing a motion to strike.  The plaintiff should not be allowed

to force additional unnecessary expenditure of resources. That is particularly so where it has failed to make any factual showing that a sur-surreply is appropriate or warranted here.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                              /s/ Dennis M. Donohue
                              DENNIS M. DONOHUE
                              CHIEF SENIOR LITIGATION COUNSEL
                              OFFICE OF CIVIL LITIGATION
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              P.O. Box 403, Ben Franklin Station
                              Washington, D.C. 20044
                              Telephone: (202) 307-6492
                              Facsimile: (202) 307-2504
                              E-mail: dennis.donohue@usdoj.gov

                              JOHN A. LINDQUIST
                              BARRY E. REIFERSON
                              HEATHER RICHTARCSIK
                              Trial Attorneys, Tax Division
                              U.S. Department of Justice
                              P.O. Box 55, Ben Franklin Station
                              Washington, D.C. 20044-0055
                              Telephone: (202) 307-6561
                              Facsimile: (202) 514-5238
                              E-mail: john.a.lindquist@usdoj.gov
                                          barry.e.reiferson@usdoj.gov
                                          heather.l.richtarcsik@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on April 17, 2007.

/s/ Barry E. Reiferson