UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)  Civil Nos. 05-40151 and 06-40130<br>)<br>)  Judge Saylor<br>)<br>)<br>)<br>) |

**UNITED STATES OF AMERICA'S REPORT ON THE STATUS OF THE ADDENDA TO THE BDO SEIDMAN AND RSM McGLADREY PROTECTIVE ORDERS**

In compliance with the Court's order of May 2, 2007, the United States submits this report on the status of its negotiations with BDO Seidman ("BDO") on the terms of an addendum to the stipulated protective order, and with RSM McGladrey on the terms of a protective order and addendum.[1] For the sake of efficiency, the United States has also recently included Grant Thornton in the negotiations.

The United States, BDO, and RSM have negotiated the terms of an addendum and have exchanged numerous drafts, but have not reached agreement. The United States circulated the latest proposed addendum on May 11, 2007 and resent it with a slight modification on May 14, 2007. BDO and RSM advise us that they are considering that proposal and will comment on it later this week. They also advise us that they expect negotiations to end this week, but cannot

---

[1] Unlike with BDO and Grant Thornton, the United States has not yet finalized a protective order with RSM. However, it believes that it will reach agreement with RSM this week on the terms of a protective order. If it does not, the United States will move for entry of a protective order for RSM substantially in the form of those entered by stipulation with BDO and Grant Thornton.

now guarantee agreement.

The United States' proposal takes into account the Court's stated goals with respect to the protection of tax returns from public disclosure. One area of concern to BDO and RSM appears to be the definition of "identifiers" which are to be redacted from tax returns. The United States has submitted a list of identifiers to be included in that definition, including social security numbers, taxpayer names, addresses, bank account numbers, and more. It has also offered to consider suggested additions to that list of identifiers, and has not yet received any such suggestions. Grant Thornton, recently involved in the negotiations, has not yet commented on the latest proposal.

If the United States, BDO, RSM, and/or Grant Thornton reach agreement, the United States expects to file a joint motion for entry of a stipulated addendum no later than May 18, 2007. If we cannot reach agreement, the United States will file a joint status report with those with whom agreement has not been reached by May 18, 2007. The United States will then also

move at that time for entry of the addendum as it stands now. For the Court's reference, the United States attaches hereto a copy of the latest proposed addendum circulated on May 14, 2007.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                        /s/ Dennis M. Donohue
                                        DENNIS M. DONOHUE
                                        CHIEF SENIOR LITIGATION COUNSEL
                                        OFFICE OF CIVIL LITIGATION
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 403, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6492
                                        Facsimile: (202) 307-2504
                                        E-mail: dennis.donohue@usdoj.gov

                                        JOHN A. LINDQUIST
                                        BARRY E. REIFERSON
                                        HEATHER RICHTARCSIK
                                        Trial Attorneys, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 55, Ben Franklin Station
                                        Washington, D.C. 20044-0055
                                        Telephone: (202) 307-6561
                                        Facsimile: (202) 514-5238
                                        E-mail: john.a.lindquist@usdoj.gov
                                                                barry.e.reiferson@usdoj.gov
                                                                heather.l.richtarcsik@usdoj.gov

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on May 15, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division

ADDENDUM TO PROTECTIVE ORDERS

This addendum is submitted by agreement of the parties, plaintiff Fidelity International Currency Advisor A Fund, L.L.C., by its tax matters partner, and defendant United States of America (together, "the Parties"), and BDO Seidman LLP ("BDO"), RSM McGladrey Inc. ("RSM"), and Grant Thornton LLP ("Grant Thornton").  This addendum is to the stipulated protective orders entered in this case on_____relating to documents produced or to be produced by BDO , RSM, and Grant Thornton (collectively, "the Protective Orders"). The addendum is intended to clarify the Protective Orders and to afford additional protections to Tax Returns (as defined below) produced by BDO, RSM, and Grant Thornton pursuant to subpoenas in this case.

1.      "Tax Returns," for purposes of this addendum and the Protective Orders, is defined as follows:  Any and all federal, state, or local tax returns (or portions thereof) of persons or entities that are produced by BDO, RSM, and/or Grant Thornton in connection with this matter, and any schedules and attachments thereto.  If information contained in Tax Returns is extracted and placed in a summary exhibit that does not identify any individual or entity by name, social security number, or otherwise, or if all identifiers (as defined in paragraph 2 herein) are redacted, such summary exhibit and/or such redacted Tax Returns will be treated as Protected Information as defined in the Protective Orders, but not as Tax Returns.

2.      "Identifiers," as used in this Addendum, shall mean the following  information on the Tax Returns that was entered thereon by the taxpayer or the tax return preparer: taxpayer name(s); taxpayer's business address and/or home address; social security numbers; taxpayer identification numbers; account numbers (including but not limited to bank account numbers); court docket numbers; policy numbers; outside consultants (excluding the name of any firm with more than

100 employees); authorized representatives (excluding the name of any firm with more than 100 employees); brand name product lines; references to another case involving the same taxpayer(s); beneficiaries; patents and trademarks; trade secrets; any quotation from an opinion or searchable database (i.e., sec filings), if they are associated with the taxpayer; and type of business or occupation, if unique or small industry.

3.  The Protective Orders do not restrict the use of Tax Returns at trial, except as follows: If a party intends to introduce or otherwise use Tax Returns at trial, it shall redact any identifiers on such Tax Returns before offering them into evidence or shall offer such Tax Returns into evidence under seal, and shall simultaneously move to seal any portion of the transcript referring to any identifiers on the Tax Returns.  If a party wishes to introduce Tax Returns at trial with any identifier unredacted and/or disclose any identifiers at trial, it may do so only with leave of Court.  The entity that produced those Tax Returns to the party (hereafter, "the Producing Entity") may request in writing from each party a list of the Tax Returns that appear on the party's trial-exhibit lists in this case after the parties file their respective final trial-exhibit lists.  Any such request will be honored no later than five business days after the request is received by the party.  If a party decides after the parties' exchange of their trial-exhibit lists to offer Tax Returns into evidence at trial, that party will notify the Producing Entity of that intent, either orally or in writing, at such later time.  If a party decides during the course of the trial itself to offer Tax Returns into evidence, it will still provide notice to the Producing Entity unless the Court decides that such notice is unwarranted under the circumstances.

4.  Tax Returns and the information contained therein may not be given, shown, disclosed, disseminated, or described, either directly or indirectly, except to those persons identified in

paragraphs 4(a) through 4(i) of the Protective Orders, notwithstanding any other provision of the Protective Orders, except as provided in paragraph 2 parts (c) and (d) of the Protective Orders as limited by this paragraph, and except as provided in paragraph 3 of this Addendum. If a party files with the Court, pretrial, any Tax Returns, the filed Tax Returns must be filed under seal or all identifiers must be redacted. If a party intends to produce Tax Returns or Protected Information in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction, that party shall give the entity that produced those Tax Returns or Protected Information to the party (the "producing entity") notice of the intended production at least 5 business days before production to allow the producing entity an opportunity to object. Timely provision of the subpoena or other discovery demand shall be deemed adequate notice. Notice shall be deemed given upon confirmed delivery by electronic facsimile, or by confirmed delivery or attempted delivery by overnight delivery service (including Express Mail or Federal Express).

5. For purposes of paragraph 4(c) of the Protective Orders, the United States, as one of the "Parties" referred to in that paragraph, shall mean the employees and contractors of, and counsel to, the U.S. Department of Justice and the Internal Revenue Service to whom it is necessary to disclose Protected Information (as the term "Protected Information" is defined in the Protective Orders) or Tax Returns in order to assist in their participation in this litigation.

6. All identifiers shall be redacted from Tax Returns used as an exhibit during pre-trial discovery (including at depositions) unless one of the following procedures in subparagraphs (a) through (c) is followed:

    A. The party seeking to use unredacted Tax Returns must obtain leave of Court upon

2456026.1

          prior notice to the entity that produced the Tax Returns to the party (the "Producing Entity") so that the Producing Entity may object to the request for leave of Court.

    B.    The Tax Returns are used in a deposition of the subject taxpayer or its representative(s) and/or partners; the deposition is attended only by the deponent and his/her/its counsel, and/or the persons identified in paragraphs 4(a), 4(b), 4(c), 4(d), 4(h), and/or 4(i) of the Protective Orders; and to the extent that any testimony at that deposition reveals any identifiers, that portion of the testimony shall be subject to the protections provided to Tax Returns under the Protective Orders and this Addendum.

    C.    The Tax Returns are used as an exhibit but are kept under seal so as to prevent public disclosure of identifiers, and to the extent that any testimony at that deposition reveals any identifiers, that portion of the testimony shall be subject to the protections provided to Tax Returns under the Protective Orders and this Addendum.

7.    To the extent that any pre-trial testimony (including at deposition) reveals any identifiers, that portion of the testimony shall be subject to the protections provided to Tax Returns under the Protective Orders and this Addendum.

8.    No party shall give, show, disclose, disseminate or describe, either directly or indirectly, Tax Returns to any of the persons identified in paragraphs 4(d), 4(e), 4(f), and/or 4(g) of the Protective Orders without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto.

9.  Except by subsequent order of this Court, those persons identified in Paragraphs 4(d), 4(e), 4(f), 4(g), and 4(h) of the Protective Orders may not give, show, disclose, disseminate, or describe, either directly or indirectly, Tax Returns to any person(s) other than those identified in Paragraph 4(a) through 4(i) of the Protective Orders.

IT IS SO ORDERED this      day of  ,

2456026.1