UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY | ) | |
| ADVISOR A FUND, L.L.C., by the Tax | ) | |
| Matters Partner, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Nos. 05-40151 and 06-40130 |
| | ) | |
| v. | ) | Judge Saylor |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S REPORT ON THE STATUS OF THE ADDENDA TO THE BDO SEIDMAN, RSM McGLADREY, AND GRANT THORNTON PROTECTIVE ORDERS**

In compliance with the Court's order of May 16, 2007, the United States submits this report on the status of its negotiations with BDO Seidman ("BDO") and Grant Thornton on the terms of an addendum to the stipulated protective order, and with RSM McGladrey on the terms of a protective order and addendum.[1]

In its last status report, the United States informed the Court that it had negotiated with BDO and Grant Thornton regarding the terms of an addendum to the stipulated protective orders, and with RSM on the terms of a protective order and addendum. The United States also informed the Court that it had circulated a revised proposed addendum on May 11, 2007 and resent it with a slight modification on May 14, 2007.

_____

[1]Unlike with BDO and Grant Thornton, the United States has not yet finalized a protective order with RSM. However, it believes that it has reached a tentative agreement with RSM on the terms of a protective order. RSM will consider its position, and the United States will inform the Court if it does not reach agreement with RSM by May 21, 2007. If it does reach agreement, however, the United States will move for entry of a stipulated protective order.

On May 17, RSM circulated a proposed addendum with suggested changes to the United States' May 14 proposal. RSM's proposed addendum is attached hereto. The United States, BDO, RSM, and Grant Thornton discussed the matter on May 17 and were unable to reach an agreement. BDO concurs in large part, though not necessarily entirely, with RSM's latest proposal. Grant Thornton was involved later in the ongoing negotiations, but shares at least some of the concerns reflected in RSM's proposal. The main points of disagreement are found in paragraph 3 of the attached proposed addendum, and are as follows: (1) RSM's provision requiring the courtroom to be cleared if the United States wishes to use a Tax Return at trial in an unredacted form, and (2) RSM's deletion of a provision providing the Court with discretion to allow disclosure at trial of an unredacted tax return or portions thereof without notice to the producing entity if the Court determines that no notice is warranted under the circumstances.

These main issues were discussed at length during the May 17 conference call. The United States discussed during that conference call its policy against closing courtrooms. Nonetheless, no agreement was reached and, at least at this time, the others stand by their request for that provision of closing the courtroom. The United States' policy is based on 28 C.F.R. § 50.9, which provides in part as follows:

> Because of the vital public interest in open judicial proceedings, the Government has a general overriding affirmative duty to oppose their closure. There is, moreover, a strong presumption against closing proceedings or portions thereof, and the Department of Justice foresees very few cases in which closure would be warranted. The Government should take a position on any motion to close a judicial proceeding, and should ordinarily oppose closure; it should move for or consent to closed proceedings only when closure is plainly essential to the interests of justice.

That regulation provides guidelines for the rare instances in which closure may be appropriate, and those guidelines include notice to the public of the proposed closure. Moreover, the regulation

allows closure only when

> [f]ailure to close the proceedings will produce;
>
> (i) A substantial likelihood of denial of the right of any person to a fair trial; or
> (ii) A substantial likelihood of imminent danger to the safety of parties, witnesses, or other persons; or
> (iii) A substantial likelihood that ongoing investigations will be seriously jeopardized.

No circumstances exist here that would warrant closure and a decision on that need not be made now.

The parties also discussed during the May 17 conference call the United States' desire to allow the court to retain and exercise its discretion in the probably unlikely event that a party would wish to disclose an unredacted tax return or portions thereof at trial without notice to the producing entity. Under all standing proposals, the producing entity would receive notice of an intended disclosure of an unredacted tax return and an opportunity to object prior to or at trial. The United States' proposal also recognizes the possibility that a party may decide to disclose an unredacted tax return or portions thereof during the trial itself. If that should occur and if the party feels that it is not possible under the circumstances to notify the producing entity of its intended disclosure, under the United States' proposal, the Court would have the discretion to determine that notice is unwarranted. Under the RSM proposal, the Court would not have that discretion, and notice would be mandatory even during trial.

BDO, RSM, and Grant Thornton requested time to consult with their clients. We have scheduled a conference call for 11:30 a.m. on Monday, May 21. The United States will notify the Court  later on Monday as to whether an agreement has been reached. If an agreement is reached, the United States will file the stipulated Addenda on Monday, May 21. If an agreement

is not reached, the United States will request the Court to resolve the disputed issues.

                                     Respectfully submitted,

                                     MICHAEL J. SULLIVAN
                                     United States Attorney

                                     /s/ Dennis M. Donohue
                                     DENNIS M. DONOHUE
                                     CHIEF SENIOR LITIGATION COUNSEL
                                     OFFICE OF CIVIL LITIGATION
                                     Trial Attorney, Tax Division
                                     U.S. Department of Justice
                                     P.O. Box 403, Ben Franklin Station
                                     Washington, D.C.  20044
                                     Telephone: (202) 307-6492
                                     Facsimile: (202) 307-2504
                                     E-mail: dennis.donohue@usdoj.gov

                                   JOHN A. LINDQUIST
                                   BARRY E. REIFERSON
                                   HEATHER RICHTARCSIK
                                   Trial Attorneys, Tax Division
                                   U.S. Department of Justice
                                   P.O. Box 55, Ben Franklin Station
                                   Washington, D.C.  20044-0055
                                   Telephone: (202) 307-6561
                                   Facsimile:  (202) 514-5238
                                   E-mail: john.a.lindquist@usdoj.gov
                                           barry.e.reiferson@usdoj.gov
                                           heather.l.richtarcsik@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on May 18, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division

ADDENDUM TO PROTECTIVE ORDERS

This addendum is submitted by agreement of the parties, plaintiff Fidelity International Currency Advisor A Fund, L.L.C., by its tax matters partner, and defendant United States of America (together, "the Parties"), and BDO Seidman LLP ("BDO"), RSM McGladrey Inc. ("RSM"), and Grant Thornton LLP ("Grant Thornton") (each hereafter a "producing entity"). This addendum is to the stipulated protective orders entered in this case on____ relating to documents produced or to be produced by BDO , RSM, and Grant Thornton (collectively, "the Protective Orders"). The addendum is intended to clarify the Protective Orders and to afford additional protections to Tax Returns (as defined below) produced by BDO, RSM, and Grant Thornton pursuant to subpoenas in this case.

1.      "Tax Returns," for purposes of this addendum and the Protective Orders, is defined as follows: Any and all federal, state, or local tax returns (or portions thereof) of persons or entities that are produced by BDO, RSM, and/or Grant Thornton in connection with this matter, and any schedules and attachments thereto. If information contained in Tax Returns is extracted and placed in a summary exhibit that does not identify any individual or entity by name, social security number, or otherwise, or if all identifiers (as defined in paragraph 2 herein) are redacted, such summary exhibit and/or such redacted Tax Returns will be treated as Protected Information as defined in the Protective Orders, but not as Tax Returns.

2.      "Identifiers," as used in this Addendum, shall mean the following information on the Tax Returns that was entered thereon by the taxpayer or the tax return preparer: taxpayer name(s); taxpayer's business address and/or home address; social security numbers; taxpayer identification numbers; account numbers (including but not limited to bank account numbers); court docket numbers; policy numbers; outside consultants (excluding the name of any firm with more than

2456026.1

100 employees); authorized representatives (excluding the name of any firm with more than 100

employees); brand name product lines; references to another case involving the same taxpayer(s);

beneficiaries; patents and trademarks; trade secrets; any quotation from an opinion or searchable

database (i.e., sec filings), if they are associated with the taxpayer; and type of business or

occupation, if unique or small industry, employer names, stock holdings, charitable contributions,

and names of children.  In addition, "identifiers" shall include any additional information, which

permits the identification of the tax payer and which the producing entity designates as an

identifier at the time the Tax Returns are produced.  A party may dispute such designation at any

time by moving to remove such designation after prior written notice to the producing entity.

3.          The Protective Orders do not restrict the use of Tax Returns at trial, except as

follows: If a party intends to introduce or otherwise use Tax Returns at trial, it shall redact any

identifiers on such Tax Returns before offering them into evidence or, if the Court will clear the

courtroom of persons other than those persons in paragraphs 4 (a) through (i) of the Protective

Orders who are allowed access to the identifiers, shall offer such Tax Returns into evidence under

seal, and shall simultaneously move to seal any portion of the transcript referring to any identifiers

on the Tax Returns. If a party wishes to introduce Tax Returns at trial with any identifier

unredacted and/or disclose any identifiers at trial, the party may do so only with leave of Court and,

after the parties file their respective final trial-exhibit lists, the party must also serve on the

producing entity a list of the Tax Returns that appear on the party's trial-exhibit lists in this case.  If

a party decides after the parties' exchange of their trial-exhibit lists to offer Tax Returns into

evidence at trial and/or disclose any identifiers at trial, that party will notify the producing entity

of that intent in writing, at such later time. If a party decides during the course of the trial itself to

offer Tax Returns into evidence and/or disclose any identifiers at trial, it will still provide prior

**Deleted:**

**Deleted:** it

**Deleted:** . The entity that produced those Tax Returns to the party (hereafter, "the Producing Entity") may request in writing from each party a

**Deleted:**  list of the Tax Returns that appear on the party's trial-exhibit lists in this case

**Deleted:** Any such request will be honored no later than five business days after the request is received by the party.

**Deleted:** P

**Deleted:** E

**Deleted:** , either orally or

2456026.1

written notice to the producing entity.

**Deleted:** P

**Deleted:** E

**Deleted:** unless the Court decides that such notice is unwarranted under the circumstances.

4.         Tax Returns and the information contained therein may not be given, shown,

disclosed, disseminated, or described, either directly or indirectly, except to those persons

identified in

paragraphs 4(a) through 4(i) of the Protective Orders, notwithstanding any other provision of the

Protective Orders, except as provided in paragraph 2 parts (c) and (d) of the Protective Orders as

limited by this paragraph, and except as provided in paragraph 3 of this Addendum. If a party files

with the Court, pretrial, any Tax Returns, the filed Tax Returns must be filed under seal or all

identifiers must be redacted. If a party intends to produce Tax Returns or Protected Information in

response to a subpoena or other discovery demand in another proceeding in a court of competent

jurisdiction, that party shall give the entity that produced those Tax Returns or Protected

Information to the party notice of the intended production at least 5 business days before production

to allow the producing entity an opportunity to object. Timely provision of the subpoena or other

discovery demand shall be deemed adequate notice. Notice shall be deemed given upon confirmed

delivery by electronic facsimile, or by confirmed delivery or attempted delivery by overnight

delivery service (including Express Mail or Federal Express).

5.        For purposes of paragraph 4(c) of the Protective Orders, the United States, as one of the

"Parties" referred to in that paragraph, shall mean the employees and contractors of, and counsel to,

the U.S. Department of Justice and the Internal Revenue Service to whom it is necessary to

disclose Protected Information (as the term "Protected Information" is defined in the Protective

Orders) or Tax Returns in order to assist in their participation in this litigation.

6.        All identifiers shall be redacted from Tax Returns used as an exhibit during pre-

trial discovery (including at depositions) unless one of the following procedures in subparagraphs

(a) and (b) is followed:

    A.        The party seeking to use unredacted Tax Returns must obtain leave of Court upon

**Deleted:** (the "producing entity")

**Deleted:** through (c)

2456026.1

prior written notice to the entity that produced the Tax Returns to the party, so

that the producing entity may object to the request for leave of Court.

B.    The Tax Returns are used in a deposition of the subject taxpayer or its

representative(s) and/or partners; the deposition is attended only by the deponent

and his/her/its counsel, and/or the persons identified in paragraphs 4(a), 4(b), 4(c),

4(d), 4(h), and/or 4(i) of the Protective Orders; and to the extent that any testimony

at that deposition reveals any identifiers, that portion of the testimony shall be

subject to the protections provided to Tax Returns under the Protective Orders and

this Addendum.

If Tax Returns are used as an exhibit, they shall be kept under seal so as to prevent public

disclosure of identifiers, and to the extent that any testimony at that deposition reveals any

identifiers, that portion of the testimony shall be subject to the protections provided to Tax

Returns under the Protective Orders and this Addendum.

7.    To the extent that any pre-trial testimony (including at deposition) reveals any identifiers,

that portion of the testimony shall be subject to the protections provided to Tax Returns under the

Protective Orders and this Addendum.

8.    No party shall give, show, disclose, disseminate or describe, either directly or

indirectly, Tax Returns to any of the persons identified in paragraphs 4(d), 4(e), 4(f), and/or 4(g)

of the Protective Orders without first having obtained an executed acknowledgment from such

person, substantially in the form attached hereto.

2456026.1

Deleted: (the "Producing Entity")

Deleted: P

Deleted: E

Formatted: Bullets and Numbering

Deleted: C.

Formatted: Indent: Left:  36 pt

Deleted: The

Deleted: but are

9.       Except by subsequent order of this Court, those persons identified in Paragraphs 4(d), 4(e), 4(f), 4(g), and 4(h) of the Protective Orders may not give, show, disclose, disseminate, or describe, either directly or indirectly, Tax Returns to any person(s) other than those identified in Paragraph 4(a) through 4(i) of the Protective Orders.

IT IS SO ORDERED this day of ,

667,962                                                                                                    2456026.1