UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Case No. 05-40151 FDS<br><br>Honorable F. Dennis Saylor, IV |

### RSM MCGLADREY, INC.'S RESPONSE TO UNITED STATES OF AMERICA'S STATUS REPORT CONCERNING PROTECTIVE ORDER

RSM McGladrey, Inc. ("RSMM") submits this response to the Status Report filed May 18, 2007 by the United States herein.

### BACKGROUND

RSMM is not a party to this civil litigation, in which the United States is a civil defendant. RSMM, however, has received a subpoena seeking production of, among other things, confidential tax returns prepared for its clients. As the United States indicates in its Status Report, filed May 18, 2007, after lengthy negotiation, RSMM has reached agreement with the United States on all but two provisions in an Addendum to the protective orders covering non-parties,[1] which addresses special protections for discovery of tax returns.

---

[1] RSMM and the United States also have reached agreement on an underlying protective order protecting information produced by RSMM. The other nonparties previously agreed to such protective orders, which this Court has issued.

1

At issue are two clauses in paragraph 3 of the proposed Addendum relating to the introduction and use at trial of personally identifiable information in tax returns.[2] *See* Exhibit A, RSMM Proposed Addendum to Protective Orders ("RSMM Addendum"), ¶3.[3] Namely, in order to preserve the confidentiality of personally identifiable information in tax returns it will be producing, RSMM seeks:

> (1) A provision that the Court clear the courtroom of unauthorized persons in the unlikely event that a party seeks to offer testimony disclosing the financial information on a tax return, which testimony identifies the information with the nonparty tax payer; and
>
> (2) Prior written notice to a nonparty if during the course of trial, a party decides to offer unredacted tax returns into evidence or a party decides to offer testimony disclosing financial information on a tax return, which testimony identifies the information with the nonparty tax payer.

*Id.*

## ARGUMENT

**A.  Courts Must Safeguard the Privacy of Confidential Financial Information and May Close the Court to Unauthorized People for a Limited Time During Which Such Information is Disclosed**

The first provision disputed by the U.S., which RSMM seeks to incorporate into the Addendum, protects RSMM's nonparty clients from public disclosure of the financial information on their tax returns, which identifies them, unless the Court is closed to

---

[2] Subpoenaed nonparties BDO Seidman and Grant Thorton likewise have participated in the negotiations, during which they did not indicate disagreement with RSMM's proposal.

[3] This Addendum is the same as the Addendum submitted by the U.S. as Exhibit A to its Status Report filed May 18, 2007. Since then, the U.S. and RSMM agreed further to add the following sentence before the last sentence of paragraph 2, "The producing entity shall make such designation by producing first unredacted Tax Returns and producing second a copy of the Tax Returns, within 30 days of producing the unredacted Tax Returns, on which it redacts all identifiers and clearly marks all redacted portions as redacted."

2

unauthorized persons for the very limited time needed for such testimony.  In particular, the Addendum provides,

> If a party intends to introduce or otherwise use Tax Returns at trial, it shall redact any identifiers on such Tax Returns before offering them into evidence, <u>or if the Court will clear the courtroom of persons other than those persons other than those persons in paragraphs 4(a) through (i) of the Protective Orders who are allowed access to the identifiers</u>, shall offer such Tax Returns into evidence under seal and shall simultaneously move to seal any portion of the transcript referring to identifiers on the Tax Returns.

Exhibit A, RSMM Addendum ¶3 (emphasis added to highlight language proposed by RSMM but rejected by United States).

There is a strong private interest in protecting RSMM's clients from being publicly linked to highly sensitive financial information in a trial to which they are not even parties.  In affirming a district's courts refusal to grant public access to financial documents, the First Circuit recently emphasized the importance of safeguarding the privacy of a person's financial information.  *In re Boston Herald, Inc.*, 321 F.3d 174, 190-91 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance is universally presumed to be private, not public.").  The importance of this safeguard is "further intensified" where, as here, the information pertains to third parties to a litigation.  *Id.* at 191. For this reason, the local rules for this district mandate the redaction of "personal data identifiers" from all filings submitted to the court.  L.R. 5.3.A, Restrictions on Personal Identifiers in Filings.  Moreover, tax returns are made confidential by federal statute.  26 U.S.C. §6103.  *See also* 26 U.S.C. §7216 (prohibiting a tax preparer from disclosing a client's tax return information without consent and providing criminal sanctions for violations of same).

Where a party seeks to introduce confidential information during trial, a court has discretion to close the proceedings to the public. *See, e.g., Standard & Poor's Corp. v. Commodity Exchange, Inc.*, 541 F.Supp. 1273, 1274 (S.D.N.Y. 1982) (clearing courtroom of persons not connected with parties to protect disclosure of confidential testimony); *Publicker*

*Industries., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3rd Cir. 1984) (civil hearings may be closed to public if closure is "narrowly tailored"). In this case, RSMM's proposed language calls for closure only in the very narrow circumstance where a party wants to link tax returns to a particular individual. *See S&P*, 541 F.Supp. at 1278 ("the sealed portions have been kept to the minimum necessary"). The parties will be free to introduce and use redacted tax returns without restricting access to the courtroom.

Finally, there will be no prejudice to either party if RSMM's provision is incorporated into the addendum. Neither party has offered any argument as to why it would need to publicly connect tax return information with particular named individuals, as opposed to simply using the information without alluding to the particular filer.[4]

### B.    RSMM is Entitled to Notice Where a Party Intends to Introduce Unredacted Tax Returns

The second provision in dispute concerns providing notice to RSMM where a party intends to introduce or use an unredacted RSMM tax return at trial. The United States seeks an exception to the notice requirement where "notice is unwarranted under the circumstances." Exhibit A, RSMM Addendum ¶3 (deleted redlined language). Because RSMM believes it is always entitled to notice where a party intends to introduce an unredacted Tax Return, the RSMM Addendum omits this exception. Exhibit A, RSMM Addendum, ¶3.

---

[4] Rather than provide a substantive argument for why it would need to publicly link Tax Return information with particular individuals, the United States cites to 28 CFR §50.9 to support its position. That regulation, however, has no legal authority whatsoever. *See* §50.9(g) ("The principles set forth in this section are intended to provide guidance to attorneys for the Government and are not intended to create or recognize any legally enforceable right in any person."). Moreover, by its own terms, that regulation does not apply to "*In camera* inspection, consideration or sealing of documents, including documents provided to the Government under a promise of confidentiality, where permitted by statute, rule of evidence or privilege." §50.9(e)(2).

In an earlier motion hearing, this Court recognized RSMM's entitlement to advanced notice should a party seek to introduce an unredacted Tax Return into evidence or to use a Tax Return at trial:

> We could list a number of items that are presumptively identifiers, Social Security numbers, and so on, account numbers, and provide further that if any party intends to make public disclosure of any redacted information, they should do so only with leave of Court <u>and only after notice to the producing party so they can appear and protect their rights</u>; and my assumption is if we get to the -- to the trial, and you do want to introduce these individual documents, and you may or may not, who knows, my presumption would be that we will use pseudonyms, or numbers, or colors, or birds, or – and something to -- in order to avoid this issue. . . . Documents would be produced, returns shall not be disclosed at all without identifiers redacted, or under seal; and if you ever want to unredact anything, it's only with leave of Court, <u>and require notice to the producing party</u>.

March 15, 2007, Transcript, p. 20, ll. 2-18 (emphasis added).

Such a notice requirement makes sense, as the burden to the United States of providing written notice in this case (which could be as simple as an e-mail to counsel for RSMM) is surely outweighed by the benefit of notifying taxpayers that their personal information (social security numbers, children's names, etc.) may be introduced at a trial to which they are not even a party.

## CONCLUSION

For the foregoing reasons, RSM McGladrey, Inc. opposes the United States' position articulated in its May 18, 2007 Status Report, and respectfully requests that the Court adopt RSMM's Proposed Addendum to Protective Orders attached hereto as Exhibit A.

Dated: May 22, 2007

Respectfully Submitted,

RSM MCGLADREY, INC.

By: /s/Peter J. Karol
Robert L. Kann (BBO# 258025)
Peter J. Karol (BBO # 660338)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Telephone: (617) 443-9292 x326
Facsimile: (617) 443-0004
rkann@bromsun.com
pkarol@bromsun.com

Appearing *Pro Hac Vice*:
Matthew M. Neumeier
Howrey LLP
321 North Clark St.
Suite 3400
Chicago, IL 60610
Telephone: (312) 846-5640
Fax: 312-595-2250
NeumeierM@howrey.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non-registered participants on May 22, 2007.

/s/Peter J. Karol

03243/00501 671662.1

# EXHIBIT A

ADDENDUM TO PROTECTIVE ORDERS

This addendum is submitted by agreement of the parties, plaintiff Fidelity International Currency Advisor A Fund, L.L.C., by its tax matters partner, and defendant United States of America (together, "the Parties"), and BDO Seidman LLP ("BDO"), RSM McGladrey Inc. ("RSM"), and Grant Thornton LLP ("Grant Thornton") (each hereafter a "producing entity"). This addendum is to the stipulated protective orders entered in this case on____relating to documents produced or to be produced by BDO, RSM, and Grant Thornton (collectively, "the Protective Orders"). The addendum is intended to clarify the Protective Orders and to afford additional protections to Tax Returns (as defined below) produced by BDO, RSM, and Grant Thornton pursuant to subpoenas in this case.

**Formatted:** Underline

1.      "Tax Returns," for purposes of this addendum and the Protective Orders, is defined as follows: Any and all federal, state, or local tax returns (or portions thereof) of persons or entities that are produced by BDO, RSM, and/or Grant Thornton in connection with this matter, and any schedules and attachments thereto. If information contained in Tax Returns is extracted and placed in a summary exhibit that does not identify any individual or entity by name, social security number, or otherwise, or if all identifiers (as defined in paragraph 2 herein) are redacted, such summary exhibit and/or such redacted Tax Returns will be treated as Protected Information as defined in the Protective Orders, but not as Tax Returns.

2.      "Identifiers," as used in this Addendum, shall mean the following information on the Tax Returns that was entered thereon by the taxpayer or the tax return preparer: taxpayer name(s); taxpayer's business address and/or home address; social security numbers; taxpayer identification numbers; account numbers (including but not limited to bank account numbers); court docket numbers; policy numbers; outside consultants (excluding the name of any firm with more than

2456026.1

100 employees); authorized representatives (excluding the name of any firm with more than 100 employees); brand name product lines; references to another case involving the same taxpayer(s); beneficiaries; patents and trademarks; trade secrets; any quotation from an opinion or searchable database (i.e., sec filings), if they are associated with the taxpayer; and type of business or occupation, if unique or small industry, employer names, stock holdings, charitable contributions, and names of children. In addition, "identifiers" shall include any additional information, which permits the identification of the tax payer and which the producing entity designates as an identifier at the time the Tax Returns are produced. A party may dispute such designation at any time by moving to remove such designation after prior written notice to the producing entity.

3. The Protective Orders do not restrict the use of Tax Returns at trial, except as follows: If a party intends to introduce or otherwise use Tax Returns at trial, it shall redact any identifiers on such Tax Returns before offering them into evidence or, if the Court will clear the courtroom of persons other than those persons in paragraphs 4 (a) through (i) of the Protective Orders who are allowed access to the identifiers, shall offer such Tax Returns into evidence under seal, and shall simultaneously move to seal any portion of the transcript referring to any identifiers on the Tax Returns. If a party wishes to introduce Tax Returns at trial with any identifier unredacted and/or disclose any identifiers at trial, the party may do so only with leave of Court and, after the parties file their respective final trial-exhibit lists, the party must also serve on the producing entity a list of the Tax Returns that appear on the party's trial-exhibit lists in this case. If a party decides after the parties' exchange of their trial-exhibit lists to offer Tax Returns into evidence at trial and/or disclose any identifiers at trial, that party will notify the producing entity of that intent in writing, at such later time. If a party decides during the course of the trial itself to offer Tax Returns into evidence and/or disclose any identifiers at trial, it will still provide prior

Deleted:
Deleted: it
Deleted: . The entity that produced those Tax Returns to the party (hereafter, "the Producing Entity") may request in writing from each party a
Deleted: list of the Tax Returns that appear on the party's trial-exhibit lists in this case
Deleted: Any such request will be honored no later than five business days after the request is received by the party.
Deleted: P
Deleted: E
Deleted: , either orally or

2456026.1

written notice to the producing entity.

> Deleted: P
> Deleted: E
> Deleted: unless the Court decides that such notice is unwarranted under the circumstances.

4.      Tax Returns and the information contained therein may not be given, shown, disclosed, disseminated, or described, either directly or indirectly, except to those persons identified in

2456026.1

paragraphs 4(a) through 4(i) of the Protective Orders, notwithstanding any other provision of the Protective Orders, except as provided in paragraph 2 parts (c) and (d) of the Protective Orders as limited by this paragraph, and except as provided in paragraph 3 of this Addendum. If a party files with the Court, pretrial, any Tax Returns, the filed Tax Returns must be filed under seal or all identifiers must be redacted. If a party intends to produce Tax Returns or Protected Information in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction, that party shall give the entity that produced those Tax Returns or Protected Information to the party notice of the intended production at least 5 business days before production to allow the producing entity an opportunity to object. Timely provision of the subpoena or other discovery demand shall be deemed adequate notice. Notice shall be deemed given upon confirmed delivery by electronic facsimile, or by confirmed delivery or attempted delivery by overnight delivery service (including Express Mail or Federal Express).

**Deleted:** (the "producing entity")

5.   For purposes of paragraph 4(c) of the Protective Orders, the United States, as one of the "Parties" referred to in that paragraph, shall mean the employees and contractors of, and counsel to, the U.S. Department of Justice and the Internal Revenue Service to whom it is necessary to disclose Protected Information (as the term "Protected Information" is defined in the Protective Orders) or Tax Returns in order to assist in their participation in this litigation.

6.   All identifiers shall be redacted from Tax Returns used as an exhibit during pre-trial discovery (including at depositions) unless one of the following procedures in subparagraphs (a) and (b) is followed:

**Deleted:** through (c)

    A.   The party seeking to use unredacted Tax Returns must obtain leave of Court upon

2456026.1

prior written notice to the entity that produced the Tax Returns to the party, so that the producing entity may object to the request for leave of Court.

> Deleted: (the "Producing Entity")
> Deleted: P
> Deleted: E
> Formatted: Bullets and Numbering

B. The Tax Returns are used in a deposition of the subject taxpayer or its representative(s) and/or partners; the deposition is attended only by the deponent and his/her/its counsel, and/or the persons identified in paragraphs 4(a), 4(b), 4(c), 4(d), 4(h), and/or 4(i) of the Protective Orders; and to the extent that any testimony at that deposition reveals any identifiers, that portion of the testimony shall be subject to the protections provided to Tax Returns under the Protective Orders and this Addendum.

If, Tax Returns are used as an exhibit, they shall be kept under seal so as to prevent public disclosure of identifiers, and to the extent that any testimony at that deposition reveals any identifiers, that portion of the testimony shall be subject to the protections provided to Tax Returns under the Protective Orders and this Addendum.

> Deleted: C.
> Formatted: Indent: Left: 36 pt
> Deleted: The
> Deleted: but are

7. To the extent that any pre-trial testimony (including at deposition) reveals any identifiers, that portion of the testimony shall be subject to the protections provided to Tax Returns under the Protective Orders and this Addendum.

8. No party shall give, show, disclose, disseminate or describe, either directly or indirectly, Tax Returns to any of the persons identified in paragraphs 4(d), 4(e), 4(f), and/or 4(g) of the Protective Orders without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto.

2456026.1

9. Except by subsequent order of this Court, those persons identified in Paragraphs 4(d), 4(e), 4(f), 4(g), and 4(h) of the Protective Orders may not give, show, disclose, disseminate, or describe, either directly or indirectly, Tax Returns to any person(s) other than those identified in Paragraph 4(a) through 4(i) of the Protective Orders.

IT IS SO ORDERED this day of ,

667,962

2456026.1