UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, LLC,** by the Tax Matters Partner,  )<br>)<br>)<br>)<br>Plaintiff,        )<br>)<br>v.           )<br>)<br>**UNITED STATES of AMERICA,**      )<br>)<br>Defendant.      )<br>) | Civil No.<br>05-40151-FDS<br>06-40130-FDS |

ORDER ON MOTION OF UNITED
STATES TO COMPEL RSM MCGLADREY'S PRODUCTION OF DOCUMENTS

**SAYLOR, J.**

Defendant the United States of America has moved, pursuant to Fed. R. Civ. P. 45(c)(2)(B), to compel the production of documents from third-party witness RSM McGladrey Inc. On May 23, 2007, the parties submitted a stipulated Protective Order governing all aspects of that production other than the production of tax returns.

At the direction of the Court, the United States and RSM McGladrey (together with BDO Seidman LLP and Grant Thornton LLP, which have similar disputes with the United States arising out of separate subpoenas), have been engaged in negotiations concerning the scope of an addendum to the Protective Order with respect to the production and use of tax returns. A proposed addendum has been prepared and submitted by RSM McGladrey. According to the government, the principal remaining disputes concern (1) a proposed provision requiring the courtroom to be cleared if the United States wishes to use a tax return at trial in an unredacted

form, and (2) a proposed deletion of a provision providing the Court with discretion to allow disclosure at trial of an unredacted tax return or portions thereof without notice to the producing entity if the Court determines that no notice is warranted under the circumstances.

The Court declines to enter an order providing that the courtroom will be cleared if unredacted tax returns are offered into evidence. The closing of any portion of a civil proceeding is an exceedingly rare event and will be undertaken only under extraordinary circumstances. Rather, the Court will simply provide that unredacted tax returns may be submitted only with leave of Court, and will consider the admission of each item of evidence, and the need to protect any legitimate privacy interests, separately if and when the need arises.

The Court will further order, in substance, that the parties must provide reasonable notice of any intention to use unredacted tax returns at the trial, and where practicable shall provide such notice to RSM McGladrey. As a general matter, such notice must be given 60 days in advance of the trial. Trials, however, are notoriously fluid affairs, and it is possible that the need to use a tax return may arise quickly—for example, if a witness testifies falsely on cross-examination as to a particular point and opposing counsel wishes to impeach him. Whether any particular notice is practicable or reasonable will have to be determined under the specific circumstances presented, and cannot be delineated precisely in advance.

An addendum to the Protective Order in accordance with the foregoing is being filed herewith.

**So Ordered.**

Dated: May 29, 2007

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge