UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) |
| Plaintiff, | ) Civil No. 05-40151 ) |
| v. | ) Judge Saylor ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Plaintiff's motion for reconsideration is meritless. It ignores the fundamental standard for requesting a court to reconsider a decision and is also just plain wrong on the merits. The Court's decision was well reasoned, supported by numerous authorities, and contrary to plaintiff's baseless charge, clearly applies the same discovery standard to both parties in this litigation.

**Introduction**

Plaintiff's motion for reconsideration is addressed to only the first of the Court's five separate holdings in its Amended Memorandum and Order. Specifically, plaintiff asks the Court to reconsider its denial of its motion to compel discovery requests for information relating to the IRS' determination that the transaction in this case was the same as or substantially similar to a transaction in Chief Counsel Notice 2000-44. The Court denied plaintiff's motion to compel such information and documents on two separate grounds. First, the Court held that the "relevance" of such information is "dubious at best" because the IRS decision-making process

2506336.1

was apparently entirely non public. (Am. Dec. and Order 3-4.) Second, it held that in any event this information is protected by the deliberative process privilege. (Am. Dec. and Order 4-5.)

Plaintiff's motion for reconsideration is addressed to solely the first of these two grounds. In essence, plaintiff argues that by citing *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77, 79 (S.D.N.Y. 1970), the Court applied the wrong standard of discovery. Plaintiff reasons that *Detroit Screwmatic* relied upon a pre-1970 version of Rule 34, which required a party to demonstrate "good cause" when seeking production. Plaintiff emphasizes that the "old 'good cause'" standard of old Rule 34 is now supplanted by Rule 26(b)(1), which allows a much broader standard of discovery.[1] (Pltf's Mem. 4.) Under Rule 26(b)(1), plaintiff asserts that the discovery standard is now one of *relevance* and that information is discoverable if it is merely "reasonably calculated to lead to admissible evidence." (Pltf's. Mem. 4-5.)

The fundamental problem with this argument is that it totally distorts the Court's holding. The Court did apply the standard of relevance set forth in Rule 26(b)(1) in determining whether the IRS information and documents sought by plaintiff was discoverable. Plaintiff simply wants to rehash its old arguments and even raise a few new ones as to why the personal views of the IRS personal are relevant to the issue whether its transaction is the same as or substantial similar to those mentioned in Notice 2000-44. But, as next discussed, this is not the purpose of a motion for reconsideration and plaintiff's motion should be summarily denied. In any event, plaintiff's motion fails to even address the second basis of the Court's holding on this issue. Consequently, its motion is fatally flawed in that it can not possibly affect the Court's ultimate holding on this issue.

---

[1] In fact, Rule 26(b)(1) still has a "good cause" requirement. It reads in relevant part: "For *good cause*, the court may order discovery as to any matter relevant to the subject of the action." (Emphasis added.)

**A.      Plaintiff's Motion fails to demonstrate a manifest error of law or fact.**

Plaintiff's motion flagrantly ignores the well-established rule of law that a motion for reconsideration must demonstrate a manifest error of law or fact.  *See Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir.1994) (*citing F.D.I.C. Ins. Co. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir.1992)); *see also National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir.1990).  Plaintiff's reliance upon *Greene v. Union Mutual Life Ins. Co.*, 764 F.2d 19, 22-23 (1st Cir. 1985), is misplaced.  (Pltf's Mem. 1.)  While there is no doubt that this Court has the "inherent power" to afford relief from an interlocutory order "as justice requires," the established rule of law requires plaintiff to demonstrate a manifest error of law or fact.  Plaintiff cannot show, and indeed does not even contend, that this Court's decision is based upon a manifest error of law or fact.

A motion for reconsideration is not a vehicle for merely rehashing arguments made and lost.  *See Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir.1994).  Nor is it a proper vehicle for raising new arguments, which could and should have been made before the judgment entered.  *Harley-Davidson Motor Co., Inc. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir.1990) (*citing White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982)).  Here, plaintiff seeks to do both.  As detailed herein, not only does plaintiff's motion for reconsideration fail to identify a manifest error of law or fact, but in any event this Court's decision is manifestly correct.

**B.      The Court's Reliance on *Detroit Screwmatic* was proper.**

Plaintiff contends that *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77, 79 (S.D.N.Y. 1970), as a pre-70's case, applies the "old 'good cause'" discovery standard of Rule 34 and that the Court's reliance upon *Detroit Screwmatic* is therefore misplaced.  (Pltf's Mem. 2-5.).  In the first place, the Court cited *Detroit Screwmatic* for the well settled pre-and post-1970

2506336.1                                                  3

proposition that discovery as to the administrative processes of the IRS is not likely to lead to relevant evidence.[2]  Moreover, in making this argument, plaintiff ignores the fact that *Detroit Screwmatic* was recently not only cited, but quoted, by this court in *Nordberg v. United States*, 1996 U.S. Dist. LEXIS 5259; 96-1 U.S. Tax Cas. (CCH) P50,295; 77 A.F.T.R.2d (RIA) 2158 (D.Mass. 1996).  Plaintiff attempts to ignore this court's decision in *Nordberg* by characterizing it as an "unpublished decision."  (Pltf.'s Mem. at 20.)  As discussed in our sur-reply, *Nordberg* is not only a published decision,[3] but well-reasoned.  As such, plaintiff cannot show a manifest error of law.

Nor does plaintiff explain why it has only belatedly made this argument now, or why it had itself cited this court to pre-70's cases in its opening brief, including: *Timkin Roler Bearing Co. v. United States*, 38 F.R.D., 57, 62-63 (N.D. Ohio 1964) and *Frazier v. Phinney*, 24 F.R.D. 406, 410 (S.D. Tex. 1959) (Pltf. Mem. at 9) and *Rheem Mfg. Co. v. Strato Tool Corp.*, 276 F. Supp. 106, 106 (D.N.J. 1967) (Pltf. Mem. at 8, fn8).  In our response, we cited and discussed *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77, 79 (S.D.N.Y. 1970) as the better reasoned decision.  Plaintiff had ample opportunity to raise these arguments in its reply brief and should not now be heard to make arguments which it could have, but failed to, raise.  In any event, plaintiff arguments, both new and old, are without merit.

---

[2] See cases cites on page 5 *infra*.

[3] As reflected in our citation to Nordberg, the decision has been published in both the U.S. Tax Reporter, at 96-1 U.S. Tax Cas. (CCH) P50,295, and the American Federal Tax Reporter, at 77 A.F.T.R.2d (RIA) 2158.

**C.    Plaintiff's Arguments are Baseless.**

First, the discovery standard employed by this Court, both in this case and in *Nordberg*, is in accord with Fed. R.Civ.P Rule 26(b)(1), that information sought to be discovered be relevant or "reasonably calculated to lead to the discovery of admissible evidence." *Nordberg v. United States*, 1996 U.S. Dist. LEXIS 5259; 96-1 U.S. Tax Cas. (CCH) P50,295; 77 A.F.T.R.2d (RIA) 2158 (D.Mass. 1996).  Nor is this Court alone in its holding that the opinions, conclusions, and reasoning of government officials are simply not reasonably calculated to lead to the discovery of admissible evidence:

> "The opinions, conclusions and reasoning of government officials are not subject to discovery."  *ISI Corp. v. United States,* 503 F.2d 558, 559 (9th Cir. 1974).  "The subjective analysis of the agent and technical advisor . . . and their respective opinions as to the proper method to be applied in determining whether taxes are due form no part of the plaintiffs' case."  *Detroit Screwmatic Co. v. United States,* 49 F.R.D. 77, 78 (S.D.N.Y. 1970).  "The opinions, impressions, conclusions and reasoning of IRS agents are irrelevant to the validity of the assessment against plaintiff. . . . Resolution of these issues depends solely on application of the pertinent law to the facts of this case; . . . the opinions of individual IRS agents regarding their propriety are immaterial."  *Garity v. United States*, 81-2 T.C. (CCH) P 9599 (E.D. Mich. 1980).

*Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).   Indeed, in *Siddell v Commissioner,* 225 F.3d 103, 111 (1st Cir. 2000), a case involving a dispute concerning the construction of a regulation, the First Circuit rejected as irrelevant the taxpayers' attempted reliance upon internal Service memoranda purportedly showing the Service's internal construction of a regulation, stating—

> Because these internal memoranda represent the personal views of the authors, not the official position of the agency, they do not figure in our decisional calculus.

*Accord*, *Connecticut General Life Insurance Co. v. Commissioner*, 177 F.3d 136, 145 (3rd Cir. 1999). *See also*, *Armco Corp. v. Commissioner*, 87 T.C. 865, 867-68 (1986) (statement of principal drafter not relevant in construing regulation).

Second, whether or not the FDIS transaction is substantially similar to Notice 2000-44 is a question of law which is to be determined by this Court *de novo*. As such, the views of individual IRS employees regarding this legal issue are entirely irrelevant. *See, e.g, United States v. Farley*, 11 F.3d 1385, 1389 (1993), where the Seventh Circuit stated in response to a similar argument:

> This defense requires only that the district court interpret the statutory exemption and determine whether Farley's purchases were within the scope of that exemption. The suppositions of FTC staff members expressed in internal memoranda as to requirements of the Act are not pertinent to this task. In its attempt to decipher the meaning of a statute a court may rely on various tools, including official agency interpretations.*** *"[V]iews of individual members of the [agency's] staff are not legally germane."*

(Emphasis added.) It is now obvious plaintiff's entire reason for pursuing this line of discovery is to show that individual agents of the IRS may have held a different view on the "substantial similar" issue than the national office of the IRS. Regardless, whatever the views of the IRS employees on this legal issue, their views are totally irrelevant.

Plaintiff's attempt to characterize the views of individual IRS employees as "working law" or giving rise to a factual issue is nonsense. The IRS' determination that the FDIS product is the same or substantially similar to a Notice 2000-44 transaction is not based on a body of agency "working law", which, in turn, would require its production. Agency working law has been defined as "interpretations of established policy on which the agency relies in discharging its regulatory responsibilities." *Tax Analysts v. Internal Revenue Service,* 294 F.3d 71, 81 (D.C.Cir.2002). In *Taxation With Representation Fund v. Internal Revenue Service* 646 F.2d

666, 682. (D.C. Cir. 1981), the D.C. Circuit held that General Counsel Memoranda (GCMs) constituted working law of the IRS because they were "used as case precedent by staff attorneys preparing subsequent GCMs" and also as "guidance as to the positions to take in negotiations ... with taxpayers." To facilitate their use for these purposes, the IRS extensively cross-indexed, digested, and routinely updated the GCMs. The Court of Appeals concluded that the agency had to disclose the documents because it was relying upon them "as accurate representations of agency policy not the ideas and theories which go into the making of the law but the law itself." *Id.* at 683 (internal quotation omitted). *See also, Tax Analysts v. Internal Revenue Service,* 17 F.3d 607, 617 (D.C. Cir. 1997) (Field Service Advice memoranda (FSAs) were ordered disclosed because they were routinely used and relied upon by IRS personnel).

The classification of the FDIS transaction as a Notice 2000-44 transaction is instead akin to *Arthur Andersen & Co. v. Internal Revenue Service,* 679 F.2d 254 (D.C. Cir. 1982), in which the D.C. Circuit permitted the IRS to withhold drafts of revenue rulings and accompanying background notes because "these documents could not and do not serve as agency 'working law,' providing substantive guidance in future decisions." *Id.* at 259. There was no evidence that the documents "were consulted as sources of agency law by IRS employees" and "[t]his contrast[ed] markedly with the documents ordered released in *Taxation With Representation* [ ] which ... were indexed, compiled, and consulted as sources of agency law by IRS employees." *Id.*

In fact, what plaintiff seeks is the "rationale" of any IRS employee who may have agreed with plaintiff's position that FDIS is not substantially similar to a Notice 2000-44 transaction. But even if someone at the IRS had agreed with plaintiff's view, his or her rationale would be just that -- their view; it would not be "facts." The "facts" on this issue are not going to be found in the IRS' files, but in the design, development, marketing and implementation of the

FDIS product itself. Here, the FDIS product was designed, developed, marketed and implemented, after the issuance of Notice 2000-44 in August, 2000, in an apparent attempt to design around the notice. Blinded by greed and haste, what the FDIS promoters failed to recognize was that the focus of Notice 2000-44 is on inflated basis transactions. This is the very glue that holds the FDIS transaction together.

Third, there is no support for plaintiff's suggestion that the IRS' internal discussions might somehow set a benchmark against which to evaluate whether plaintiff should have known that his FDIS transaction was a Notice 2000-44 transaction. The reasonable reliance defense has nothing to do with the internal conduct of the IRS. *See McMurray v. C.I.R.*, 985 F.2d 36 (1st Cir. 1993); *United States v. Boyle*, 469 U.S. 241, 250 (1985). It has to do with the conduct of the plaintiff, such as when its own "so called" trusted advisors, KPMG and Sidley Austin, no longer agreed that the FDIS transaction was outside the scope of Notice 2000-44. It has to do with Egan's decision to then fire and replace these "so called" trusted advisors. It has to do with Egan's direction to KPMG to destroy its files. It has to do with Richard and Maureen Egan's failure and/or refusal to sign their own tax return claiming the tax benefits in issue.[4]

### D.     The Court's Decision Does Not Apply a Double Standard

Finally, there is no merit to plaintiff's contention that this Court's decision reflects a double standard. The standard applied by the Court in its discovery decisions as to both parties has been unswervingly consistent, *viz.*, whether the sought discovery was relevant or reasonably calculated to lead to admissible evidence. As found by this Court, plaintiff has repeatedly failed to show how its discovery requests for the personal views of individual IRS agents and lawyers

---

[4] Instead of Richard and Maureen Egan signing their own 2001 Form 1040, Michael Egan signed the return as their purported agent under Treas. Reg. 1.6012-1(a)(5).

could lead the discovery of admissible evidence. Just as in *Nordberg*, "[w]hile no doubt disclosure of such information would be of interest to [taxpayer], it is not essential nor required for proper preparation." *Id*. In sharp contrast, the Court has repeatedly found that the United States' discovery requests with respect to the design, development, marketing and implementation of the FDIS product are potentially relevant to multiple issues in this case.

## Conclusion

For all the above reasons, the Court should deny plaintiff's motion for reconsideration.

DATED: June 4, 2007

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

        /s/ Dennis M. Donohue
        DENNIS M. DONOHUE
        CHIEF SENIOR LITIGATION COUNSEL
        OFFICE OF CIVIL LITIGATION
        U.S. Department of Justice
        P.O. Box 403, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-6492
        Facsimile: (202) 307-2504
        E-mail: dennis.donohue@usdoj.gov

        JOHN A. LINDQUIST
        BARRY E. REIFERSON
        HEATHER L. RICHTARCSIK
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 55, Ben Franklin Station
        Washington, D.C. 20044-0055
        Telephone: (202) 307-6561
        Facsimile: (202) 514-5238
        E-mail: john.a.lindquist@usdoj.gov
                barry.e.reiferson@usdoj.gov
                heather.l.richtarcsik@usdoj.gov

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on June 4, 2007.

/s/ John A. Lindquist
Trial Attorney, US Department of Justice, Tax Division

2506336.1