

United States Department of State

Washington, D.C. 20520

THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ) <br> ADVISER A FUND, L.L.C., by the Tax    ) <br> Matters Partner,                                          ) <br>                                                                    ) <br>       Plaintiff,                ) <br>                                                                    ) <br> v.                                                                ) <br>                                                                    ) <br> UNITED STATES OF AMERICA,       ) <br>                                                                    ) <br>       Defendant.             ) | Civil Nos. 05-40151-FDS (D. Mass.) <br>                06-40130-FDS (D. Mass.) |

DECLARATION OF EDWARD A. BETANCOURT

I, Edward A. Betancourt, hereby depose and say as follows:

1. I am Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs in the United States Department of State. I have been employed as an Attorney Adviser in the Bureau of Consular Affairs since 1974. I make this declaration, based on information available to me in my official capacity, to set out for the court the procedures by which requests are made to Ireland for international judicial assistance in civil matters.

2. OCS is responsible, inter alia, for receiving and transmitting requests for international judicial assistance under 28 U.S.C. 1781 (See 22 CFR Section 92.67), as well as for other legal assistance requests that foreign States may make via the

diplomatic channel to the United States, including those for which assistance may be available under 28 U.S.C. 1782.

3. Judicial assistance in civil matters between the United States and Ireland is governed by the Vienna Convention on Consular Relations (VCCR), 21 UST 77, TIAS 6820, 596 U.N.T.S. 261 and the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, 20 UST 361; to which the United States and Ireland are parties. It is also governed by the U.S. – Ireland Consular Convention, 5 U.S.T. 949 signed at Dublin May 1, 1950, which entered into force June 12, 1954, customary international law; and applicable U.S. and local Irish law, and regulations. Ireland is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, 23 UST 2555.

4. The procedures for obtaining judicial assistance in Ireland are summarized in general in OCS's information circular, "Judicial Assistance - Ireland" which is available via the Department of State's, Bureau of Consular Affairs' home page on the Internet at http://www.travel.state.gov/law/info/judicial/judicial_652.html. General information about preparation of letters rogatory is also available at http://www.travel.state.gov/law/info/judicial/judicial_683.html.

5. The Department understands that a question has arisen as to whether an Assistant United States Attorney, U.S. Department of Justice attorney, or local Irish legal counsel representing the United States might be permitted to participate in

2

proceedings before an Irish Court considering a letter rogatory from a court in the United States.

6. It has been the general practice in Ireland for Ireland's State Solicitor's office to pose questions in connection with a letter rogatory from a foreign tribunal for compulsion of testimony. On May 23, 2007, the U.S. Embassy in Dublin received a diplomatic note dated May 22, 2007 from the Irish Department of Foreign Affairs in connection with another matter regarding how letters rogatory are executed in Ireland. The note stated "The Department has the honour to inform the Embassy that the State's Law Office has advised that, in order to proceed with the request, either one of two courses of action be adopted. Were a written list of questions to be provided, such questions would be put to (the witness) by an Irish judge and a certified transcript of same would be transmitted to the Embassy. Alternatively, a U.S. attorney may travel to Ireland to put questions to (the witness) in court. Should it be preferred to adopt the latter course of action, the State's Law Office has advised that the letter rogatory should be amended so as to expressly request that the examination before the Irish court may be conducted by a named U.S. attorney. The letter rogatory should also set out the attorney's qualifications and memberships. Upon receipt of such an amended letter rogatory, the State's Law Office will make an ex parte application to the High Court seeking an order to the effect that the examination may be conducted by that Attorney. The details of the date and venue of the examination would be communicated to the Embassy."

7. The Department of State would be pleased to transmit the letter rogatory through the U.S. Embassy in Dublin to the appropriate Irish judicial authorities expeditiously and to assist the U.S. District Court in any further questions the Court may have regarding judicial assistance in Ireland.

I declare under penalty of perjury that the foregoing is true and correct (28 U.S.C. 1746).

*Edward A. Betancourt*
_____
Edward A. Betancourt

Executed in Washington, D.C.

June 1, 2007