UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151 06-40130 |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | Judge Saylor |
| Defendant. | ) | |

**UNITED STATES SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER**

The deliberations of IRS employees, apart from being protected from discovery by the deliberative process privilege, are wholly irrelevant to the legal determination of whether the plaintiff is subject to penalties in this litigation. The determination of the applicability of penalties is no different in that respect from the determination of the underlying tax issues. The imposition of penalties is a legal determination entirely in the Court's purview, and is governed by statute and regulation. This Court's *de novo* determination is not governed nor even guided by unofficial IRS-employee opinions. The plaintiff's position was spelled out in its comments to the Court when it stated that the determination of the substantial similarity of Richard Egan's tax shelter to a Notice 2000-44 tax shelter "is one that is unique to tax and is uniquely made by the Internal Revenue Service." (June 5, 2007 Tr. at 9:24.) That position is facially wrong. The Court, rather than the IRS, must decide this issue, which is purely legal, in a *de novo* proceeding. The plaintiff's insistence that it may use fact discovery to obtain the legal opinions of individual IRS employees to assist the Court in making this determination is meritless.

The facts upon which the IRS based its determination are known to the plaintiff and are not contained in the deliberative memoranda of the IRS. The facts are contained in the millions of pages of documents the United States has obtained from the plaintiff, its advisors, and the tax-shelter promoters, some even over the plaintiff's objections. The plaintiff's arguments that it is entitled to the nonfactual deliberative IRS documents demonstrate yet another attempt to shift the focus of this case from the plaintiff's actions and the actions of the tax-shelter promoters and participants to the post-tax-return-filing actions of the IRS. Such a shift would be wholly inappropriate and against the great weight of authority, as described in the United States' opposition and surreply to the plaintiff's motion to compel.

I.  **The Imposition of Penalties Here is a Purely Legal Determination to Be Made By the Court Based on all of the Facts and Circumstances.**

The plaintiff may be subject to penalties related to the inaccuracy of its tax returns for the years at issue. Those penalties include a penalty for gross valuation misstatement, one for substantial valuation understatement,[1] and one for negligence or disregard of rules or regulations. The applicable penalties are described in detail in, and governed by, 26 U.S.C. §§ 6662 and 6663.[2] The applicable penalties relate to the information on the tax returns. The defense to any applicable penalty in Sections 6662 and/or 6663 is found in 26 U.S.C. 6664(c).

The so-called reasonable cause defense in 26 U.S.C. 6664(c), like the applicability of penalties, is a legal determination unguided by the IRS's unofficial views. To qualify for the reasonable cause defense, the plaintiff must prove, at a bare minimum and subject to additional

---

[1] An "understatement" means the excess of the amount of tax required to be shown on the return over the amount actually shown on the return. 26 U.S.C. 6662(d)(2)(A).

[2] 26 U.S.C. 6662A imposes additional accuracy-related penalties on understatements with respect to reportable transactions like this one, but is effective only for tax years ending after October 22, 2004.

requirements, that there was "a reasonable cause for" a portion of an underpayment of tax and that "the taxpayer acted in good faith with respect to such portion" of the understatement. 26 U.S.C. 6664(c). Absolutely nothing individual IRS employees thought about the law has any bearing on the Court's determination as to reasonable cause.

"The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances." 26 C.F.R 1.6664-4 (b)(1). "Reliance on professional advice . . . or other facts . . . constitutes reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith."[3]  Id.; *Long Term Capital Holdings v. United States*, 330 F. Supp. 2d 122, 206 (D. Conn. 2004).[4]

> Before a taxpayer may be considered to have reasonably relied in good faith on advice, two threshold requirements must be satisfied: (1) the advice must be based upon all pertinent facts and circumstances and the law as it relates to those facts and circumstances, including taking into account the taxpayer's purpose for entering into a transaction and for structuring a transaction in a particular manner, and is not adequate if the taxpayer fails to disclose a fact that it knows, or should know, to be relevant to the proper tax treatment of an item; and (2) the advice must not be based on unreasonable factual and legal assumptions (including assumptions as to future events) and must not unreasonably rely on the representations, statements, findings, or agreements of the taxpayer or any other person, including a representation or assumption the taxpayer knows, or has reason to know, is unlikely to be true, such as, an inaccurate representation or assumption as to the taxpayer's purposes for entering into a transaction or for structuring a transaction in a particular manner.

*Long Term Capital Holdings v. United States*, 330 F. Supp. at 206 (citing 26 C.F.R. 1.6664-4(c)(1)).

---

[3]"Advice is any communication, including the opinion of a professional tax advisor, setting forth the analysis or conclusion of a person, other than the taxpayer, provided to (or for the benefit of) the taxpayer and on which the taxpayer relies, directly or indirectly, with respect to the imposition of the section 6662 accuracy-related penalty. Advice does not have to be in any particular form." 26 C.F.R. 1.6664-4(c)(2).

[4] *Aff'd*, 150 Fed. Appx. 40 (2d Cir. 2005).

The Court will determine, irrespective of what individual IRS employees might have thought after the filing of the partnership return, the truth, falsity, and/or legal implications of the plaintiff's allegations that it relied on the advice of an "Accounting Firm" and required the "independent opinion" of a "reputable law firm" before it would enter into the Fidelity International transaction. (Compl. at ¶¶ 27-28.) The facts and circumstances of plaintiff's reliance were known to it before the filing of the partnership return. Obviously, the plaintiff would not have relied upon, in filing the return, the internal discussions of the IRS occurring on the audit of the return.

The relevant facts will instead include the plaintiff's failure to report the transaction. Where, as here, an underpayment is attributable to a reportable transaction, "failure by the taxpayer to disclose the transaction in accordance with [26 C.F.R.] § 1.6011-4 (or § 1.6011-4T, as applicable) is a strong indication that the taxpayer did not act in good faith with respect to the portion of the underpayment attributable to the reportable transaction." 26 C.F.R. 1.6664-4(d). The Court will have to determine whether the plaintiff's firing of KPMG when KPMG wanted to disclose the transaction and the plaintiff's subsequent hiring of RSM McGladrey who would "play along" and not disclose the transaction, along with other facts and circumstances, demonstrates a lack of good faith. The relevant facts will also include the purportedly independent law-firm opinion Egan claims to have relied on in entering into the transaction. The relevant facts will not include the legal unofficial opinions of individual IRS employees. In short, the relevant facts as to penalties will include only the available facts as of the filing of the plaintiff's tax returns at issue.

Indeed, "the most important factor [in determining reasonable cause] is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." 26 C.F.R. 1.6664-4(b)(1); *Long Term Capital Holdings v. United States*, 330 F. Supp. at 205. The plaintiff's efforts to assess its proper tax liability all predated the filing of the tax return. The filing of the tax return, of course, predated the IRS examination of the return, and, as such, predated any IRS-employee opinions the plaintiff seeks to discover. As such, those opinions, if any exist, would have no relevance to the determination of the plaintiff's efforts to assess its proper tax liability.

II.     **Discovery into the Views of Individual IRS Employees as to the Meaning of the Phrase "Substantially Similar" Is Entirely Inappropriate.**

The plaintiff claims that the relevance of the IRS-employees' views of the law is due to the fact that the term "substantially similar" appears in the regulations under I.R.C. Section 752. Its claims here do not hold water.

First, it is difficult to see the alleged relationship between the issue of penalties, which the plaintiff now claims to be the crux of its motion to reconsider, and the issue of substantial similarity. The plaintiff describes the relationship as follows: ". . . during the course of the examination here, there was focus by the agency, by the IRS, on the question *** [of whether it was] substantially similar to 2000-44. The government benefits if it is, because then they can argue that the taxpayer, because of the retroactive impact, cannot take advantage of what I'll just call the Helmer case, to put it simply." (June 5, 2007 Tr. at 7:13.) The *Helmer* case is not about penalties, but rather about whether an option contract should be treated as a liability under 26 U.S.C. 752. The plaintiff however takes more steps in the circuitous route between the issues of penalties and substantial similarity by apparently claiming that it relied on the holding in *Helmer* in entering into the transactions, thereby ignoring Notice 2000-44 and the IRS's *official*

5

interpretations of the issue. To the extent any such reliance existed, it must be demonstrated by the facts available to the plaintiff at the times it entered into the transaction and filed its tax returns.

The plaintiff is entitled to the IRS's official interpretations, but not the unofficial views of individual IRS employees. The plaintiff's contrary argument that it is entitled to those unofficial views in defense of penalties was addressed in the United States opposition to the motion to compel (pp. 19-20.) There, the United States described the law rejecting the plaintiff's argument. As the Seventh Circuit states in response to a similar argument,

> This defense requires only that the district court interpret the statutory exemption and determine whether Farley's purchases were within the scope of that exemption. The suppositions of FTC staff members expressed in internal memoranda as to requirements of the Act are not pertinent to this task. In its attempt to decipher the meaning of a statute a court may rely on various tools, including official agency interpretations.*** "*[V]iews of individual members of the [agency's] staff are not legally germane.*"

*United States v. Farley*, 11 F.3d 1385, 1389 (1993)(emphasis added). After the parties here argued their respective positions as to relevance, this Court held that non-public IRS documents relating to IRS-employees' views on the substantial similarity issue were not relevant. (Mem. and Ord. at 3-4.) Nothing has changed to alter the Court's correct decision.

In urging reconsideration, the plaintiff rehashes its argument that the unofficial views of individual IRS employees may shed light on the meaning of term "substantially similar." Its arguments have no more weight now than they did before.

To give the appearance of more weight, however, the plaintiff adds now that individual IRS employees may be used for some legal expertise in determining the meaning of the term substantially similar. The plaintiff stated its argument, as it stands now, as follows:

> I think it's fair to say, Judge, substantially similar is a fact question. It has also got a legal aspect to it, as most things do; and I think, as we said, we cited a case I think it's called Duke Energy, where you have a substantially similar issue before a court in a different context. There the court is trying to decide is this substantially similar to that; and when a court is faced with that problem, the court has to look at, well, what did the Internal Revenue Service determine. The Court, I think, is going to be interested in hearing some expert testimony on the issue, because it is -- it is an issue that is factual, but we also have to be able to find out in this case what actually was put into this FPAA so the Court can decided [sic] it.

(June 5, 2007 Tr. at 10:11.) It is not clear why the plaintiff believes that expert testimony may be used to make this legal determination. *Duke Energy*[5] does not stand for the proposition that experts may make any legal determination. The experts there testified as to the facts of certain trades, which that court deemed relevant to its legal determination. There may be some discrete factual issues that might warrant expert testimony, but the plaintiff has failed to outline any. Instead, the plaintiff wants to use IRS employees as legal experts to make legal determinations. Furthermore, if the plaintiff desires to use a current or former IRS employee as its expert on any issue, such a desire does not warrant discovery upon the United States here. If such expert testimony is warranted, the plaintiff will no-doubt submit an expert report on the matter before the August 7, 2007 deadline. Even if that were to occur, the plaintiff of course would not be entitled to take discovery of other purported experts who might assist its own expert, even if those others work or worked for the IRS. In any event, the term "substantially similar" is a legal

---

[5]*Duke Energy Corp. v. United States*, 49 F. Supp. 2d 837 (D.N.C. 1999).

term,[6] and the Court is the sole arbiter of whether the Fidelity International transaction was substantially similar to a Notice 2000-44 transaction.

## Conclusion

For the reasons stated in the United States' opposition to the plaintiff's motion to compel, the surreply, the opposition to the motion to reconsider, in the supplemental brief, and in the Court's Memorandum and Order denying the plaintiff's motion to compel, the internal deliberative and post-tax-return-filing documents of the IRS are not relevant to any issue in this case nor are reasonably calculated to lead to the discovery of admissible evidence. The plaintiff's liability for penalties depends on the Court's legal determinations as to whether penalties apply and, if so, whether the plaintiff has a reasonable-reliance defense. Those

---

[6]The term "substantially similar" is found in 26 C.F.R. 1.752-6, which applies to assumptions of liabilities occurring after October 18, 1999 and before June 24, 2003. Under that regulation, a partner's basis in a partnership is, except in two circumstances, reduced by contingent liabilities. However, the exceptions "do not apply to an assumption of a liability (defined in section 358(h)(3)) by a partnership as part of a transaction described in, or a transaction that is *substantially similar* to the transactions described in, Notice 2000-44 (2000-2 C.B. 255)." 26 C.F.R. 1.752.6(b)(2) (emphasis added). Thus, the Court will be required to construe the meaning of this regulatory term in this case.

determinations will be based on the facts and circumstances of the plaintiff's conduct as of the time its partnership tax returns were filed. The post-return deliberations of the IRS have no bearing on those legal determinations.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    /s/ Dennis M. Donohue
    DENNIS M. DONOHUE
    CHIEF SENIOR LITIGATION COUNSEL
    OFFICE OF CIVIL LITIGATION
    U.S. Department of Justice
    P.O. Box 403, Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 307-6492
    Facsimile: (202) 307-2504
    E-mail: dennis.donohue@usdoj.gov

    JOHN A. LINDQUIST
    BARRY E. REIFERSON
    HEATHER L. RICHTARCSIK
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    P.O. Box 55, Ben Franklin Station
    Washington, D.C.  20044-0055
    Telephone: (202) 307-6561
    Facsimile:  (202) 514-5238
    E-mail:  john.a.lindquist@usdoj.gov
           barry.e.reiferson@usdoj.gov
           heather.l.richtarcsik@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on June 8, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division