UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151<br>06-40130 |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**ADDENDUM TO PROTECTIVE
ORDER AS TO PRODUCTION OF TAX RETURNS -
GRANT THORNTON LLP**

**SAYLOR, J.**

This is an addendum to the stipulated protective order entered in this case on January 8, 2007, relating to documents produced or to be produced by Grant Thornton LLP ("Grant Thornton"). The addendum is intended to clarify the Protective Order and to afford additional protections to Tax Returns (as defined below) produced by Grant Thornton pursuant to subpoena in this case.

1. **Definitions.** The following definitions shall apply to this addendum:

a. **"Tax Returns."** "Tax Returns" shall mean any and all federal, state, or local tax returns (or portions thereof) of persons or entities that are produced by Grant Thornton in connection with this matter, and any schedules and attachments thereto, in draft or final form, other than returns of the plaintiff in this action.

b. **"Identifiers."** "Identifiers" shall mean the following information on any

Tax Returns that was entered thereon by the taxpayer or the tax return preparer:

(1) name of taxpayer;

(2) business and home addresses of taxpayer;

(3) names of children or other dependents;

(4) names of beneficiaries or trustees;

(5) names of trusts or estates;

(6) social security numbers;

(7) taxpayer identification numbers;

(8) account numbers (including, but not limited to, bank and mutual fund account numbers);

(9) insurance policy or annuity numbers;

(10) court docket numbers;

(11) names of taxpayer's employers;

(12) occupation of taxpayer, if sufficiently unique or unusual that it would reasonably tend to identify the taxpayer;

(13) names of outside consultants used by the taxpayer (excluding the name of any firm with more than 100 employees);

(14) names of authorized representatives used by the taxpayer (excluding the name of any firm with more than 100 employees);

(15) any brand names or names of product lines, or any description of or reference to patents, trademarks, copyrights, or trade secrets, that would reasonably tend to identify the taxpayer;

(16) any quotation from an opinion or searchable database (e.g., SEC filings), or reference to another case, that would reasonably tend to identify the taxpayer;

(17) any description of stock holdings;

(18) any charitable contributions; and

(19) any other information that would reasonably tend to identify the taxpayer.

c. **"Redacted Tax Returns."** "Redacted Tax Returns" shall mean Tax Returns that have been redacted to remove all Identifiers.

2. **Non-Disclosure of Tax Returns - Generally.** Tax Returns and the information contained therein may not be disclosed or described, either directly or indirectly, except as provided in this addendum.

3. **Production of Tax Returns.** To the extent that a subpoena calls for the production of Tax Returns, they shall be produced in unredacted form.

4. **Persons to Whom Tax Returns May Be Disclosed.** Unless this addendum provides otherwise, Tax Returns and the information contained therein may only be disclosed or described to the following persons:

a. The persons identified in paragraphs 4(a) through 4(c), 4(h), and 4(i) of the Protective Order.

b. The persons identified in paragraphs 4(d) through 4(g) of the Protective Order, provided that each such person first execute an acknowledgment stating in substance that they have read the Protective Order and this addendum and agree to be bound by their terms.

No person to whom disclosure has been made may make a further disclosure to any other person other than the persons listed above. For purposes of paragraph 4(c) of the Protective Order, the United States, as one of the "Parties" referred to in that paragraph, shall mean the employees and contractors of, and counsel to, the U.S. Department of Justice and the Internal Revenue Service to whom it is necessary to disclose Protected Information (as the term "Protected Information" is defined in the Protective Order) or Tax Returns in order to assist in their participation in this litigation.

5. **Use of Tax Returns - Generally.** Tax Returns and the information contained therein may only be used in connection with the prosecution or defense of this action and not for any other pending or threatened civil litigation or for any other purpose.

6. **Use of Redacted Tax Returns - Generally.** Redacted Tax Returns shall be treated as Protected Information within the meaning of the Protective Order. Subject to that limitation, Redacted Tax Returns may be used and referred to in depositions and other forms of discovery, in pleadings, and at the trial.

7. **Use of Tax Returns in Discovery.** Tax Returns may be used in depositions and other forms of discovery, subject to the following:

   a. Tax Returns may be used in a deposition of the subject taxpayer or its representative(s) and/or partners, provided that the deposition is attended only by the deponent and his/her/its counsel, and/or the persons identified in paragraphs 4(a) through 4(d), 4(h), or 4(i) of the Protective Order.

   b. Tax Returns may not otherwise be used in depositions or other forms of discovery without leave of Court. Any party seeking such leave shall first provide written

notice to Grant Thornton that produced the Tax Returns so that grant Thornton may have an opportunity to object to the request or otherwise seek relief from the Court.

c.  Any Tax Return used as an exhibit to a deposition shall be kept under seal so as to prevent public disclosure. To the extent that testimony at a deposition reveals any Identifiers, that portion of the testimony shall be subject to the protections provided to Tax Returns under the Protective Order and this addendum.

8.  **Use of Tax Returns in Connection with Pleadings.** Any Tax Returns that are used as exhibits to pleadings (or otherwise submitted to the Court) and any pleadings that reveal Identifiers shall be filed under seal.

9.  **Use of Tax Returns at Trial.** A party may introduce Tax Returns or disclose Identifiers at trial only with leave of Court. Any motion for leave to do so must be filed no later than sixty days before the start of the trial. A copy of the motion for leave shall be served on Grant Thornton at the same time, in order to afford it an opportunity to seek relief from the Court. If a party decides during the course of the trial itself to offer any Tax Returns into evidence or disclose any Identifiers at trial, it shall first provide reasonable notice to the Court and to the opposing party. Where practicable, it shall also provide reasonable notice to grant Thornton. Whether the notice is reasonable will be determined based on all of the facts and circumstances at the time, including whether any party has been the subject of unfair surprise.

10. **Use of Summary Exhibits.** Summary exhibits that do not contain Identifiers shall be treated the same as Redacted Tax Returns.

11. **Disputes over Redactions.** Grant Thornton shall, at or near the time that the

Tax Returns are produced in discovery, propose the redaction of Identifiers to the party that subpoenaed the documents. If disputes arise over redactions, or whether a particular item constitutes an Identifier, the affected party and Grant Thornton shall attempt in good faith to resolve or narrow the dispute prior to seeking relief from the Court.

12.   **Tax Returns as Protected Information.**   Tax Returns shall be treated as Protected Information within the meaning of paragraphs 6, 7, and 10 of the Protective Order.

13.   **Production of Materials in Response to Subpoena in Another Proceeding.**   If a party intends to produce Tax Returns, Identifiers, or Redacted Tax Returns in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction, that party shall give Grant Thornton notice of the intended production at least five business days before production to allow it an opportunity to object or otherwise protects its rights. Timely provision of the subpoena or other discovery demand shall be deemed adequate notice. Notice shall be deemed given upon confirmed delivery by electronic facsimile, or by confirmed delivery or attempted delivery by overnight delivery service (including Express Mail or Federal Express).

**So Ordered.**

_/s/ F. Dennis Saylor IV_
F. Dennis Saylor IV
United States District Judge

Dated: June 21, 2007