# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case Nos.: 05-40151-FDS <br> 06-40130-FDS |

## PLAINTIFF'S SUR-REPLY TO DEFENDANT'S MOTION AND MEMORANDUM OF LAW FOR ISSUANCE OF AN AMENDED LETTER ROGATORY REQUESTING INTERNATIONAL JUDICIAL ASSISTANCE FROM AUTHORITIES OF IRELAND

Plaintiff sought by its Response to accomplish two important objectives: (1) ensure that the letter rogatory issued by this Court is accurate in its characterization of current practices and procedures, and (2) ensure that the letter rogatory issued by this Court is fundamentally fair by providing both parties with equal rights.[1] Plaintiff seeks, and has sought, to accomplish its first objective by directing Defendant to the applicable Irish law, the practices and procedures under that law, and the entities in Ireland that would be charged with executing the letter rogatory. As a result of the clarifications in Plaintiff's Response,[2] Defendant has removed from what is now

---

[1] In the May 2, 2007 status conference, the Court reiterated that the parties are entitled to file replies and sur-replies without leave of the Court. (Status Conference Tr. 29:54-30:16; 51:38-40; *see also* Status Conference Tr. 39:19-23, Mar. 10, 2006). The deadline for filing this Sur-Reply is July 5, 2007 (Status Conference Tr. 39:19-23, Mar. 10, 2006.) Earlier today, the Court signed the letter rogatory. Plaintiff nonetheless files this Sur-Reply to complete the briefing on this subject.

[2] "Plaintiff's Response" means Pl.'s Resp. to Def.'s Mot. for Issuance of Amended Letter Rogatory Requesting Int'l Judicial Assistance from Authorities of Ireland.

its fourth draft proposed letter rogatory all references to the diplomatic note on which it relied so

heavily in its initial memorandum in support of its motion to amend the letter rogatory.  Plaintiff

seeks to accomplish its second objective by including questions and language in the letter

rogatory to make clear to the High Court of Ireland ("High Court") that both Plaintiff and

Defendant intend to ask questions of the witness, and to preserve Plaintiff's ability to ask

Defendant's listed questions should Defendant choose not to ask them.  Defendant's rhetoric

regarding Plaintiff's objections and proposed changes to its string of drafts submitted to this

Court is completely undercut by the fact that the Court is now reviewing another corrected

version of the letter rogatory.  To ensure that the letter rogatory this Court issues provides for

equal treatment of the parties, this Court should utilize the language and questions in Plaintiff's

proposed letter rogatory attached to Plaintiff's Response as Exhibit F ("Pl.'s Am. Letter

Rogatory").

## I.        The Letter Rogatory Must Treat Both Parties Equally

Letters rogatory is a procedural device that is available to courts, not parties.  This

procedure allows the court of one country to request judicial assistance from the court in another

country, as explained by the District of Massachusetts:

> A letter rogatory is defined as the medium, in effect, whereby one country,
> speaking through one of its courts, requests another country, acting through its
> own courts and by methods of court procedure peculiar thereto and entirely within
> the latter's control, to assist the administration of justice in the former country;
> such request being made, and being usually granted, by reason of the comity
> existing between nations in ordinary peaceful times.

*DBMS Consultants v. Computer Assocs. Int'l*, 131 F.R.D. 367, 369 (D. Mass. 1990) (quoting *The

Signe*, 37 F. Supp. 819, 820 (E.D. La. 1941)).  There is no law, and Defendant cites none, to

support Defendant's apparent belief that the party that initially requested the Court to invoke the

letter rogatory procedure be afforded special rights.  (*See, e.g.*, Def.'s Reply[3] at 2 (accusing Plaintiff of "demand[ing] additional rights")).  Plaintiff is seeking to be treated in the same manner as Defendant, rather than seeking any type of special rights, and fundamental fairness requires that Plaintiff be afforded this equal treatment.

### A.    Plaintiff Does Not Need to Seek an Additional Letter Rogatory to Preserve Its Right to Examine the Witness

In both Ireland and the United States, Plaintiff is guaranteed the right to examine a witness.  In the United States, parties have a fundamental right to examine and cross-examine witnesses, as evidenced by the Federal Rules of Evidence and Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 30; Fed. R. Evid. 611(b), 804(b).  In Ireland, the Superior Court rules provide that "witnesses shall be subject to cross-examination."  Ireland Superior Court Rules, Order 39, Rule 10.  Thus, under the laws of either system, Plaintiff would be entitled to ask questions of the witness.[4]  Defendant, however, would like to deprive Plaintiff of its right to examine the witness.  For example, without citing any supporting case law or facts, Defendant asserts that "plaintiff is not entitled to conduct its own examination in chief" and that Plaintiff "cannot and should not seek such direct testimony through its own amendment to our requested letter rogatory."  (Def.'s Reply at 4.)  Again, this is the Court's letter rogatory, not Defendant's. Plaintiff's added questions are all within the appropriate scope of cross-examination, but even if

---

[3] "Defendant's Reply" means Reply Mem. in Supp. of Mot. for Issuance of an Am. Letter Rogatory Requesting Int'l Judicial Assistance from Authorities of Ireland.

[4] Because this is the Court's letter rogatory, it would be inappropriate to issue two letters rogatory to the same country and witnesses, as suggested by Defendant.  (*See* Def.'s Reply at 4.)  Moreover, such a suggestion is in direct conflict with the Court's statements on the record that the parties should strive to avoid deposing witnesses more than once, (Status Conference Tr. 9:3-5, Dec. 22, 2006) and the underlying principals of our civil legal system, which provide that controversies should be adjudicated in a speedy and efficient manner.  *See, e.g.,* Fed. R. Civ. P. 1.

they went beyond cross-examination, the Court should not accept Defendant's invitation to deny Plaintiff his fundamental right of examination and cross-examination.

The Federal Rules of Evidence provide that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Fed. R. Evid. 611(b).  Moreover, the limitation is not definitive, rather, "[t]he court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." *Id. See also Losacco v. F.D. Rich Constr. Co.*, 992 F.2d 382, 385 (1st Cir. 1993) ("[T]rial judges, within their discretion, may disregard Rule 611(b).").  In this instance, Plaintiff's proposed questions are within the scope of cross examination as defined by the Federal Rules because they concern the same subject matters as Defendant's "direct examination" questions, that is, the entities and purported payments identified in Defendant's "direct-examination" questions.  (Pl.'s Am. Letter Rogatory at Plaintiff's Questions to Samuel Mahoney, Martin Hawkes and John Hussey Nos. 1-14, Plaintiff's Questions to Samuel Mahoney Nos. 13-29.)  In addition, Plaintiff has incorporated questions that concern matters affecting the credibility of the witnesses.  (Pl.'s Am. Letter Rogatory at Plaintiff's Questions to Samuel Mahoney, Martin Hawkes and John Hussey Nos. 15-18, Plaintiff's Questions to Samuel Mahoney Nos. 1-12.)  Accordingly, Plaintiff' proposed questions are clearly within the bounds of Rule 611(b).

Defendant's first and second drafts of the proposed letter rogatory were silent as to who would be putting the questions to the witness.  Those drafts followed the normal practice, as laid out in the Irish Superior Court Rules – an Irish barrister would put forth both the direct questions of Defendant and cross-examination questions of Plaintiff.  In seeking to deviate from the norm, Defendant now urges this Court to consider recommending to the High Court an alternative procedure permitting Defendant's counsel to do both the direct and cross-examination.  Such an

alternative procedure is beyond the acceptable limits of fairness and should not be endorsed by this Court.  Plaintiff's added questions touch only on the same subject matters as Defendant's, thus, those questions do not have the "beyond-the-scope" quality Defendant attempts to suggest. There is no reason to remove these questions from the letter rogatory given that they reflect the rights that Plaintiff is already afforded under both the United States and Irish legal systems, and in light of the efficiencies derived from conducting a single deposition of each of the witnesses.

**B.    It Is Improper to Request That Only Defendant's Counsel Be Permitted to Examine the Witness**

A procedure whereby counsel for only one party conducts the examination of a witness on its own behalf and on behalf of its adversary is in contravention of both the United States and Irish law, fundamentally unfair, and, to Plaintiff's knowledge, unprecedented.  In its motion to amend the letter rogatory, Defendant noted certain advantages of live questioning.  (*See* Def.'s Mot. and Mem. of Law for Issuance of an Amended Letter Rogatory Requesting Int'l Judicial Assistance from Authorities of Ireland at 2.)  Defendant's fourth version of a proposed letter rogatory, however, includes a ***new*** special procedure (which is not discussed in Defendant's Reply) whereby Defendant would be the only party afforded those advantages.  (*See* Letter Rogatory[5] at 18).  This disparate treatment contravenes the principles underlying a party's right to cross-examination under U.S. law, and a United States court should not submit a request to the Irish High Court condoning such a procedure.

The preferred procedure requested by this Court should recognize the rights of the parties, that is, the right of U.S. counsel for both parties to examine the witnesses.  Should the Irish High Court decide that it will not permit U.S. counsel for both parties to conduct the

---

[5] "Letter Rogatory" means Request for International Judicial Assistance (Letter Rogatory) filed as an exhibit to Defendant's Reply Mem. in Supp. of Mot. for Issuance of an Am. Letter Rogatory Requesting Int'l Judicial Assistance from Authorities of Ireland.

examination, this Court should ensure that the parties are treated equally by requesting, as an alternative, that a neutral entity conduct the examination. This Court should not, however, request an alternative procedure that puts Plaintiff at a disadvantage by allowing Defendant to conduct both the direct and cross-examination of the witnesses, effectively depriving Plaintiff of its right to be treated equally as a litigant. While the High Court is not obligated to order the procedures requested by this Court – though there is no reason why it would not – this Court should make clear that, under U.S. law, both parties are to be treated equally, and that neither litigant should be afforded special treatment or rights.

## II.    An Examination in the Courtroom Is Not Typical

Defendant is incorrect that it is the common practice in Ireland to take depositions in a courtroom. Depositions taken pursuant to letters rogatory are typically done in a solicitor's office and not in a courtroom. It is possible that Defendant has confused the common practice of taking depositions pursuant to letters rogatory with the common practice for taking depositions pursuant to the European Community Council Regulation (EC) No. 1206/2001 (May 28, 2001), which governs the taking of evidence abroad among member states. 2001 O.J. (l174). That procedure, however, is totally unrelated to the letter rogatory procedure and does not invoke the jurisdiction of the High Court, as is the case in the letter rogatory process. In any event, such an in-court examination imposes an unnecessary burden on the witnesses and the Irish courts, and is likely to result in confusion and delay.

A request to have the deposition in "court" will further delay the execution of the letter rogatory, which was initially issued over a month ago. Plaintiff has significant concerns that the recently extended cut-off date for discovery, October 28, 2007, will arrive and the parties will be no closer to deposing these foreign individuals than when Defendant first stated it would be seeking letters rogatory in November 2006. Defendant has needed to rewrite the letter rogatory

three times, calling into question whether this process is close to a resolution. Plaintiff has similar concerns that the letter rogatory submitted to the Isle of Man is not proceeding expeditiously and that it is very likely that those depositions will not take place prior to the discovery deadline.

Moreover, Defendant's claim that "an in-court examination in Ireland, as here, is more likely to elicit accurate and complete testimony" is also incorrect. (Def.'s Reply at 6.) In Ireland, as in the U.S., witnesses provide deposition testimony under oath, therefore, there is no reason to believe that the testimony will not be "accurate and complete." *See* Ireland Superior Court Rules Order 39, Rule 4. As for objections, Plaintiff understands that if the deposition were to occur in a court, it would take place in an Irish District Court, which does not have authority to rule on objections. Accordingly, there is no additional benefit derived from having the deposition in court. Therefore, Plaintiff suggests that the letter request the deposition take place in a place that is most convenient to ensure that the depositions are conducted in an expeditious manner.

Finally, Defendant's professed concerns that Plaintiff removed language concerning the assistance of an Irish barrister are baseless. The assistance of an Irish barrister is typical, and is therefore not a "special procedure" that must be requested by the Court. If inclusion of such language provides comfort to Defendant, Plaintiff does not object.

## Conclusion

The letter rogatory should contain procedures that treat the parties equally. To ensure equal treatment, the letters rogatory should be modified to request: (1) that both parties are permitted to put questions to the witnesses, (2) that counsel for both parties are permitted to conduct the examination, and if that is not acceptable, an appointed Irish lawyer would conduct

the examination, and (3) that the examination be conducted at a time and a place ordered by the High Court, not necessarily in the court.

Respectfully submitted this 2nd day of July 2007.

PLAINTIFF
FIDELITY INTERNATIONAL CURRENCY ADVISOR
A FUND, L.L.C., by the Tax Matters Partner


/s/ Lena Amanti
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: dcurtin@mckeenelson.com
        rbuch@mckeenelson.com
        lamanti@mckeenelson.com

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone:  (508) 791-8500
Facsimile:  (508) 791-8502
Email:  jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 2, 2007.

/s/ Lena Amanti
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email:  lamanti@mckeenelson.com