UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) |
| Plaintiff, | ) Civil Nos. 05-40151 ) 06-40130 ) |
| v. | ) Judge Saylor ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

By agreement of the parties, plaintiff Fidelity International Currency Advisor A Fund, L.L.C., by its tax matters partner, and defendant United States of America (together, "the Parties"), and The Diversified Group Inc. ("DGI"), by and through their attorneys, and in order to protect during the discovery phase of this litigation documents that DGI produces in resolution of the United States' motion to compel DGI's compliance with the United States' subpoena in this case, while recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, it is hereby ORDERED that:

1. All documents (whether in paper or electronic form) produced or furnished by DGI to either or both of the Parties in resolution of the United States' motion to compel DGI's compliance with the United States' subpoena in this case shall be deemed "Protected Information" and shall be so marked. The Parties and DGI understand and agree that documents produced by DGI that would otherwise be deemed "Protected Information," but that are otherwise publicly available, are not entitled to treatment as Protected Information pursuant to this Order.

2609238.11

2.      Protected Information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but otherwise shall not be publicly disclosed except as permitted by this Order. Protected Information may be used in connection with the prosecution or defense of this action but not for any other pending or threatened civil litigation, nor any business or other purpose except as otherwise provided for in this Order. This Order shall not restrict the transfer of Protected Information in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction. Either Party may use Protected Information in other civil litigation involving the same or similar issues, but only with the written authorization of DGI or its counsel.

3.      Except as described herein (or by subsequent order of this Court), the Parties and those persons identified in Paragraphs 4(b), 4(c), 4(d), 4(e), 4(f), and 4(g) shall not give, show, disclose, disseminate, or describe, either directly or indirectly, Protected Information to any person(s) other than those identified by this Order.

4.      Access to Protected Information shall be restricted to:

(a).    This Court and its personnel;

(b).    Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff, and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

(c).    The Plaintiff, the United States Department of Justice and its employees, and the Internal Revenue Service and its employees, to whom it is necessary to disclose Protected Information for purposes of this litigation;

2609238.11

(d).   Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

(e).   Any potential witness in this litigation identified in the Complaint, identified during discovery or by the Parties' witness lists, or planned to be called as a witness by a Party at deposition or during trial or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony. Individuals identified by this paragraph may be provided with a copy of any relevant Protected Information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation. Upon completion of their review, the Protected Information provided shall be returned to counsel for the Party that supplied it;

(f).   Any mediators, arbitrators, or other outside parties and their staff enlisted by all parties to assist in the resolution of this matter;

(g).   Outside or contracted litigation-support services, including commercial copying services;

(h).   Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition, provided they agree by a statement on the record before the witness begins his or her deposition testimony that no such Protected Information and testimony related thereto revealed shall be disclosed by such reporter, transcriber or videographer except to the attorneys for each Party and any other person who is present while such testimony is being given, except that upon use of a deposition exhibit at trial, the exhibit becomes public information and is no longer Protected Information;

2609238.11

(i). Employees of the Department of Justice and the Internal Revenue Service who are assigned to any pending criminal investigation or matter for their unrestricted use in such criminal investigation or matter.

5. No Party shall disclose Protected Information or copies of Protected Information to any of the persons identified in Paragraphs 4(d), 4(e), or 4(f) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto.

6. The Parties and DGI agree that the inadvertent or unintentional disclosure by a party of Protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status. This paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

7. Within ninety (90) days after the final conclusion of the Litigation, including all appeals, Plaintiffs will provide written certification to DGI that all originals and/or copies of all Protected Information (including both paper and electronic versions) in the possession of Plaintiffs, their counsel, or other agents, have been either returned to DGI or destroyed.

8. This Protective Order shall be effective immediately upon signature by counsel for either Party, and shall remain in effect after conclusion of this litigation, and the signing Parties agree that the Court may enforce the terms of this agreement and may disclose any Protected Information as part of a Court order or memorandum.

9. This Stipulation may be executed by each Party separately.

10. Promptly upon discovery, counsel for the Parties shall report any breach of the provisions of this Protective Order to counsel for DGI. Upon discovery of any breach of this Protective Order, counsel for the breaching Party shall immediately take appropriate action

2609238.11

to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Protective Order. The Parties shall reasonably cooperate in determining the existence of any such breach and whether there is reason to report the breach to the Court.

11. Nothing in this Protective Order is to be deemed a waiver of any protections provided by law.

IT IS SO ORDERED this *19th* day of *July*, *2007*.

                                                    F. Dennis Saylor, IV
                                                    U.S. District Court

FOR DEFENDANT, UNITED STATES OF AMERICA

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
U.S. Department of Justice, Tax Division
P.O. Box 403, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. RICHTARCSIK
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
Email:  john.a.lindquist@usdoj.gov
        barry.e.reiferson@usdoj.gov
        heather.l.richtarcsik@usdoj.gov

FOR PLAINTIFF, FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., BY ITS TAX MATTERS PARTNER

/s/ David J. Curtin
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 800
Washington, D.C. 20036
Telephone: (202) 775-1880
Facsimile: (202) 775-8586
Email:  dcurtin@mckeenelson.com
        rbuch@mckeenelson.com
        lamanti@mckeenelson.com

FOR THE DIVERSIFIED GROUP, INC.

/s/ William B. Wachtel
William B. Wachtel
Howard Kleinhendler
WACHTEL & MASYR, llp
110 East 59th Street
New York, NY 10022
Telephone: (212) 909-9500

## ACKNOWLEDGMENT REGARDING DGI

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *Fidelity International Currency Advisor A Fund, L.L.C., by the Tax Matters Partner v. United States of America*, Civ. Nos. 05-40151 and 06-40130 (D. Mass.), has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Signature: _____

Print name: _____

Address: _____

_____

_____

Date signed: _____

2609238.11