# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ————————————————— )<br>FIDELITY INTERNATIONAL CURRENCY )<br>ADVISOR A FUND, L.L.C., by the Tax Matters )<br>Partner, )<br> )<br>　　　　　　　Plaintiff, )<br> )<br>　　　v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>　　　　　　Defendant. )<br> )<br> )<br>————————————————— ) | Case Nos.:  05-40151-FDS<br>　　　　　　　　　06-40130-FDS |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION TO COMPEL PRODUCTION OF IRS REQUEST FOR ADVICE

Plaintiff moves this Court pursuant to Rules 26(b)(5), 34, and 37(a) of the Federal Rules

of Civil Procedure and Local Rule 37.1 to issue an order compelling Defendant to produce a

memorandum the contents of which were disclosed voluntarily to Plaintiff's representatives by

members of the IRS examination team who examined Fidelity International Currency Advisor A

Fund, L.L.C. (FICA A Fund).  Notwithstanding Defendant's privilege assertions, Defendant

should be compelled to produce this important and highly relevant memorandum because the

IRS examination team waived those privileges.

## BACKGROUND

The IRS examination team requested advice from IRS Counsel in September 2004

regarding whether FICA A Fund is "substantially similar" to Notice 2000-44 (Request for

Advice).  William Conway, the head of the examination team, noted in the September 13, 2004

entry in his Examining Officer's Activity Record that he prepared a memo to be sent to IRS

Counsel "to determine whether case is a son of boss case." (Ex. A.)  On September 14, 2004, Mr. Conway participated in a conference call with John Monaco, an outside representative of Plaintiff, in which Mr. Conway advised that a memo was going to be sent to IRS Counsel for the "substantially similar" determination. (Ex. A; Ex. B at ¶¶ 4-5.)  Mr. Monaco's affidavit is submitted in support of this motion. (Ex. B.)  At the relevant time, John Monaco was a Senior Managing Director at PricewaterhouseCoopers.  On September 15, 2004, Mr. Conway, Debra Morrill (Mr. Conway's manager), and Mr. Monaco participated in a conference call, as described in the IRS's own files, to "[d]iscuss[] memo that was prepared and sent up." (Ex. A.)  In this discussion Mr. Conway and Ms. Morrill informed Mr. Monaco of the contents of the Request for Advice.  They explained that the memorandum requested advice on three topics:  (1) Is FICA A Fund a listed transaction or substantially similar to a listed transaction? (2) What penalties, if any, should be assessed? and (3) What administrative appeal rights would FICA A Fund have? (Ex. B at ¶ 7.)  The Request for Advice did not recommend a specific decision with respect to the three issues raised.  (Ex. B at ¶ 8(d).)  Importantly, the Request for Advice also described what the author viewed as the five key factual aspects of FICA A Fund and attached relevant documents.  (Ex. B at ¶ 8(b)-(c).)  The Request for Advice is dated September 17, 2004 and Mr. Conway's Examining Officer's Activity Record indicates that it was emailed to John Aletta, IRS Counsel, on September 20, 2004.  (Ex. A.)

Defendant withheld from production the three-page Request for Advice, claiming the protection of the attorney-client and deliberative process privileges.  The Request for Advice first appeared on Defendant's May 15, 2006 privilege log in response to Plaintiff's First Set of

Requests for Production of Documents.[1]  (Ex. C, 1IRS1265-67, 1IRS1268-70, 1IRS1471-73.)

An additional copy of the Request for Advice appeared on an updated privilege log dated

February 20, 2007.[2]  (Ex. D, 13IRS00308-10.)  Defendant described the Request for Advice on

its privilege log as a memorandum sent from Debra Morrill to John Aletta "requesting advice

from IRS Counsel Aletta."  (Ex. D, 13IRS00308-10.)  On February 27, 2007, in Request for

Production No. 58, Plaintiff requested the production of the Request for Advice and the response

to the Request for Advice because both were referenced in a document Defendant had recently

produced.  Defendant responded on April 19, 2007, consistent with its May 15, 2006 and

February 20, 2007 privilege logs, that the Request for Advice was protected by the attorney-

client and deliberative process privileges.[3]  (Ex. E at 8-9.)  In response to Defendant's privilege

assertions, Plaintiff sent a letter dated April 23, 2007 to Defendant, noting that "any privilege

that may have attached to the 'Request for Advice' has been waived in light of the fact that an

IRS representative provided a summary of its substance to representatives of Plaintiff."  (Ex. F at

3.)

On May 8, 2007, counsel for the parties met and conferred pursuant to Local Rules 7.1

and 37.1 to discuss the Request for Advice.[4]  In that meeting, counsel for Defendant agreed to

---

[1] The Request for Advice was responsive to Request for Production No. 5:  "All records, documents, and materials created or maintained by the IRS in connection with its examination of the FICA A Fund transaction at issue in this case, including but not limited to notes and other writings or communications created by each examining agent or other IRS representatives who devoted time to the matter."

[2] In a letter dated February 21, 2007 that accompanied the updated privilege log, Defendant acknowledged that the Request for Advice is responsive to Request for Production No. 5.  (Ex. D at 5.)

[3] Additionally, for the first time and eleven months after the Request for Advice first appeared on a privilege log, Defendant asserted that the Request for Advice is protected by the work-product doctrine and that it is not relevant. Plaintiff does not address these assertions and views them as waived.  *See, e.g.*, Local Rule 34.1(c)(1).

[4] David Curtin, Ronald Buch, Lena Amanti, and Michelle Abroms represented Plaintiff.  Dennis Donohue, John Lindquist, Barry Reiferson, and Heather Vann represented Defendant.  The discovery conference took place at counsel for Defendant's offices, beginning at 2:00 p.m. and ending at approximately 4:00 p.m.  In the approximately two-hour meeting, the parties discussed issues in addition to the Request for Advice.

contact the IRS to confirm the content of the September 15, 2004 conversation between the IRS

examination team and Plaintiff's representatives.  (Ex. G at 2; Ex. H at 1.)  After consulting with

Mr. Conway, Defendant reported the following:

> Mr. Conway indicated that he recalled that during that conference call, the IRS
> employees notified plaintiff's representatives that they were requesting advice
> from counsel, that plaintiff's representatives requested a copy of what was
> submitted, and that the IRS employees advised them, at the direction of counsel,
> that the memo would not be provided to them.

(Ex. I at 1.)  Notably absent is any denial that the contents of the Request for Advice were

disclosed orally during this call, which was the essential point raised by Plaintiff's counsel

during the May 8 meeting.  Plaintiff raised this lack of denial with Defendant by letter dated

August 3, 2007.  (Ex. J.)  In response, and based on no additional facts or any explicit denial by

Mr. Conway, Defendant simply asserted that Mr. Conway "did not discuss the contents of the

memo with Mr. Egan's representatives."  (Ex. K at 1.)  Because the parties disagree regarding

whether the September 15, 2004 teleconference between the IRS examination team and

Plaintiff's representatives waived the attorney-client and deliberative process privileges with

respect to the Request for Advice, Plaintiff filed this Motion.[5]

## ARGUMENT

**I.      The IRS Waived the Attorney-Client Privilege for the Request for Advice by
        Voluntarily Disclosing the Contents of the Request for Advice to Plaintiff's
        Representatives**

The IRS waived the attorney-client privilege with respect to the Request for Advice by

voluntarily disclosing the contents of the Request for Advice to Plaintiff's representatives.  *See*

*Command Transp., Inc. v. Y.S. Line (USA) Corp.*, 116 F.R.D. 94, 97 n.11 (D. Mass. 1987)

---

[5] On July 12, 2007, the Court denied Plaintiff's Motion for Reconsideration of the Court's May 10, 2007 Amended
Memorandum and Order "on the grounds that the requested documents are protected by the deliberative process
privilege."  (Status Conference Tr. 5:3-5, July 12, 2007.)  Because the Court implicitly ruled in Plaintiff's favor on
the issue of relevance, relevance is not at issue and thus is not further discussed in the present motion.

(stating that when "the specific content of the privileged communication [is] disclosed," the attorney-client privilege is waived). "[T]he party who invokes the privilege bears the burden of establishing . . . that it has not been waived." *In re Keeper of Records*, 348 F.3d 16, 22 (1st Cir. 2003). Defendant has not met its burden of establishing that the attorney-client privilege has not been waived.

If a client chooses to share a communication outside the "magic circle, the courts have usually refused to extend the privilege." *United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 684 (1st Cir. 1997).[6] The First Circuit has been reluctant to depart from the general principal that anyone who chooses to disclose a privileged document to a third party forfeits the attorney-client privilege. *Id.* at 686. "'Patently, a voluntary disclosure of information which is inconsistent with the confidential nature of the attorney client relationship waives the privilege.'" *In re Grand Jury Subpoena*, 925 F. Supp. 849, 855 (D. Mass. 1995) (quoting *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993)).

In the present case, the IRS examination team voluntarily disclosed the contents of the Request for Advice to a third party—indeed its adversary—outside the "magic circle." The IRS examination team's actions are inconsistent with maintaining the confidentiality of the contents of the Request for Advice. The IRS examination team disclosed to Plaintiff's representatives the three questions about which the examination team sought advice in the Request for Advice, and explained that no recommendation was included regarding how to resolve the three questions. (Ex. B at ¶¶ 7, 8(d).) The examination team members also disclosed that the Request for Advice included what they viewed as the five key factual aspects of FICA A Fund. (Ex. B at ¶ 8(b).) While Defendant has stated that IRS Counsel advised the IRS examination team not to provide a

---

[6] *See also Colonial Gas Co. v. Aetna Cas. & Sur. Co.*, 144 F.R.D. 600, 604 (D. Mass. 1992) ("Voluntary disclosure to an outside party generally waives the privilege.").

copy of the Request for Advice to Plaintiff's representatives (Ex. I at 1; Ex. K at 1), the fact that the examination team disclosed the specific contents of the Request for Advice to Plaintiff's representatives is inconsistent with an intent to keep the communication between client and attorney confidential.  Accordingly, the IRS waived the attorney-client privilege and Defendant has failed to carry its burden of establishing that the attorney-client privilege has not been waived.

## II.    The IRS Waived the Deliberative Process Privilege by Voluntarily Disclosing the Contents of the Request for Advice to Plaintiff's Representatives

To the extent that the deliberative process privilege applies to the Request for Advice, it has been waived.[7]  The First Circuit noted that the waiver analysis applicable to the attorney-client privilege "arguably applies to the deliberative process privilege as well."  *Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 885 n.8 (1st Cir. 1995).  Decisions from the District Court of Massachusetts acknowledge that the deliberative process privilege can be waived.  One court held that "in those circumstances where an authorized disclosure is made to a non-federal party and such disclosure is not necessary to effect the purposes of the document," the deliberative process privilege is waived.  *Education/Instruccion, Inc. v. United States Dep't of Hous. & Urban Dev.*, 471 F. Supp. 1074, 1081 (D. Mass. 1979).  Disclosure would be necessary to effect the purpose of a document if, for example, a federal banking agency, in order to effectively supervise and regulate national banks, provided an agency report to bank directors.  *Id.* (citing *Overby v. United States Fid. & Guar. Co.*, 224 F.2d 158 (5th Cir. 1955)).  The

---

[7] As Plaintiff has previously explained, the deliberative process privilege does not apply to the application or explanation of agency policy.  (*See* Pl.'s Supplemental Mem. in Supp. of Pl.'s Mot. for Recons. of the Ct.'s May 10, 2007 Am. Mem. and Order 10-15 (June 8, 2007)).  In particular, the deliberative process privilege does not protect internal agency discussions regarding a particular case.  (*Id.* at 11-12.)  The deliberative process privilege also does not protect advice received by the IRS examination team from the IRS Office of Chief Counsel.  *See* 26 U.S.C. § 6110(i); *Tax Analysts v. IRS*, No. 06-5136, 2007 WL 2089708, at *4-5 (July 24, 2007 D.C. Cir.) (interpreting section 6110 broadly to require that any written advice, including the emails at issue in the case, sent from any attorney within the Office of Chief Counsel be open to public inspection).

*Education/Instruccion* court found that the U.S. Department of Housing and Urban Development had waived the deliberative process privilege by disclosing a document to a Master appointed by the Boston Housing Court or to the Boston Housing Authority, noting that there was "no contention . . . that the disclosure was unauthorized." *Id.* A later District of Massachusetts court noted that the deliberative process privilege is "waived under certain circumstances if the documents have been disclosed to a third party that is not an agency." *Gen. Elec. Co. v. United States EPA*, 18 F. Supp. 2d 138, 141 (D. Mass. 1998).[8]

Other courts have found that disclosure of information to a taxpayer can waive the deliberative process privilege. *See, e.g.*, *Brown v. Comm'r*, 67 T.C.M. (CCH) 3113, 3114 (1994) (finding that the IRS had waived the privilege for an internal memorandum because the relevant portions had been disclosed to the taxpayer in a special agent's report). One court found that the deliberative process privilege was waived when an IRS employee read a portion of a draft notice of proposed rulemaking at a public meeting of government and industry officials. *Shell Oil Co. v. IRS*, 772 F. Supp. 202, 211 (D. Del. 1991).[9] Thus, even where a document itself is not released to a non-federal party, disclosing the contents of the document waives the deliberative process privilege.

In the present case, just as the attorney-client privilege was waived by disclosing the contents of the Request for Advice to Plaintiff's representatives on September 15, 2004, the deliberative process privilege was waived as well. The authors of the Request for Advice voluntarily disclosed the contents of the Request for Advice, including the three specific

---

[8] *See also Chilivis v. SEC*, 673 F.2d 1205, 1212 (11th Cir. 1982) ("Waiver [of the deliberative process privilege] can occur when communications are disclosed to private individuals or nonfederal agencies.").

[9] While the court found that only the portion of the document that was read at the meeting should be released, *Shell Oil Co.*, 772 F. Supp. at 211, in the present case it appears that the entire contents of the Request for Advice were disclosed to Plaintiff's representatives.

questions on which the IRS examination team sought advice, to a non-federal party, Plaintiff's

representatives.  There is no evidence that disclosure of the contents of the Request for Advice

was unauthorized.  Additionally, disclosure of the contents of the Request for Advice to

Plaintiff's representatives was not necessary to effect the purpose of the Request for Advice,

which was to seek advice from IRS Counsel regarding the audit of FICA A Fund.  Accordingly,

the IRS waived the deliberative process privilege with respect to the Request for Advice and

Defendant should be compelled to produce the Request for Advice to Plaintiff.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's Motion to Compel

Production of the IRS Request for Advice and compel Defendant to produce the Request for

Advice.


Dated this 13th day of August 2007.



PLAINTIFF
FIDELITY INTERNATIONAL CURRENCY ADVISOR
A FUND, L.L.C., by the Tax Matters Partner


/s/ Ronald L. Buch, Jr.
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email:  dcurtin@mckeenelson.com
        rbuch@mckeenelson.com
        lamanti@mckeenelson.com

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone:  (508) 791-8500
Facsimile:  (508) 791-8502
Email:  jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 13, 2007.

/s/ Ronald L. Buch, Jr.
Ronald L. Buch, Jr., D.C. Bar #450903
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: rbuch @mckeenelson.com

# Exhibit A

# Examining Officer's Activity Record

| EXAMINING OFFICER'S ACTIVITY RECORD | Examining Officer William Conway | Date Assigned/Opened |
|---|---|---|
| **Taxpayer** (use preprinted label if possible)<br>Name  **Fidelity International Currency Advisor A Fund ,LLC**<br>Address  **C/O Michael J. Egan, Manager**<br>          **116 Flanders Road. Suite 3000**<br>          **Westboro, Ma. 01581**<br>**Business Name: Same**<br>**Address**<br><br><br>**Phone Business ( 508  )898-3800 ext 352**<br>          **Fax ( )** | **Taxpayer's Representative.**<br>**Patrick Shea CPA  See Form 2948 for additional POA/,**<br>**Name**<br>**Address**<br><br>          _____ **TP Auth/** | |

## Contacts and Activities

| Date | Loc. | Cont. | Time on Activity | Remarks, Notes, Actions Taken |
|---|---|---|---|---|
| 5/7/2004 | | | 8 | Case assigned. Referrals made by Team Mang for international and Financial Products. Read through information provided with case file. Call received from Chief Counsel Atty John Aletta. He will be assigned counsel on case. Copy of Partnership return faxed to  John Alet Discussed case with manager. Researched possible Son of Boss issues and transactions |
| 5/11/04 | | | | Case assigned to Mark Corrigan financial specialist.  Per discussion with manager Peter McIntyre will be international agent assigned t case. Appointment letter prepared. Appt to be scheduled for 6/21/04 Pub 1 and Noitce sent t taxapayer |
| 5/17/04 | | | 8 | Taxpayer (Egan) will be sent settlement offer. Not sure if what version Son of Boss Case but offer will be sent per direction Tax Rod Oakes. |
| 5/19/2004 | | | 4 | Started researching 988 losses. Son of Boss transactions. |
| 06/01/2004 | | | | Started preparing audit plan. Planning meetin will be held prior to initial interview.  Started preparing initial letters. NBAP will be delivered on first day of appointment. Appt Letter for TMP returned undeliverable Appt letter for Ptr. Returned undeliverable.<br><br>New address 116 Flanders Rd. Westboro, Ma. Appt. Letter prepared with current date and |

1IRS1129

# Examining Officer's Activity Record

| | | | | |
|---|---|---|---|---|
| | | | | hand delivered to 116 Flanders Rd.<br><br>Research Halt memo and effect on case. |
| 6/1/04 | | | 4 | Disk received from Tim Erickson. Copied and mailed to John Aletta. |
| | | | 7 | Telephone call from John Aletta. He received t disk. Discussed transaction. Transaction has some elements of Son of Boss.  Advised John Aletta that I would be sitting down with Mark Corrigan Financial Products Specialist on Jun 14. |
| 6/14/04 | | | 4 | Telephone call made to Pat Shea. Requested corrected address for TMP.  Appointment scheduled for June 21, 2004 will be cancelled. Mr. Shea stated that he is putting together Information. Agent will call on June 21, 2004 to get status of information.<br><br>Met with Revenue Agents Mark Corrigan and Berny Kaufman financial specialist agents. We through case with agents. Went through transactions. |
| 6/15/04 | | | 6 | Researching currency options. Went through information that Mark Corrigan  put together. Mark will analyze the specific option transactions and underlying currency transactions and brokerage statements. He wi put the information into program to address tr economic reality issue of the transaction. |
| 6/21/04 | | | | Related taxpayer will file settlement offer on tl transaction. Discussed case with Pat Shea taxpayers POA.  Requested that the examinati be scheduled in August  do to vacations and end of quarter reports.  Mr. Shea stated it will take some time to get all the information completed but wants it to be complete when I out. He suggested August 16th  but called bacl requestiung August 23rd. Advised POA that it will be expected that all information be provided. Appt will be August 16th |
| 7/21/04 | | | 8 | Pre-Planning meeting held with International, Financial Products , Counsel along with Group Manager Debra Morrill, International Manager Denis McSweeney and International Territory manager  Stan Locke. Case discusse along with  discussion on duties of each specialist.  Went through KPMG information |

# Examining Officer's Activity Record

| | | | | | |
|---|---|---|---|---|---|
| | | | | | received with Counsel John Aletta |
| 7/2204 | | | | 4 | Continued reading through information in case |
| 8/16 | | | | 8 | Interview held at Partnership address. Pat She Stephanie Denby and John Monaco of PWC. Started going through records presentede |
| 8/17 | | | | 8 | Audit continued at Patnership. A meeting will scheduled which financial products and International can discuss issues. |
| 8/30/04 | | | | 8 | Met with Mark Corrigan and Peter MacIntyre to plan for meeting on the 2nd. Went over case file and information received to date. |
| 9/2/ | | | | 6 | Appointment held at taxpayer with audit team along with Group Manager Debra Morrill and International Group Manager Denis McSweene Taxpayer were represented by Mox Tan of Helios Financial. Pat Shea, John Monacco, Stephine Denby. Along with Michael Egan. Discussion held on the transaction. |
| 9/3 | | | | 2 | Discussed case with Mark Corrigan and Questions which need to be developed. Questions will be sent to John Aletta. |
| 9/13 | | | | 8 | Prepared memo to be sent to counsel to determine whether case is a son of boss case. |
| 9/14 | | | | 2 | CONFERENCE CALL HELD WITH john MONACCO AND PAT SHEA TO GO OVER STATUS OF ISSUE. ADVISED THAT MEMO WA GOING TO BE SENT TO COUNCIL FOR DETERMINATION. |
| 9/15 | | | | | CONFERENCE CALL HELD WITH MONACO SHEA DEBRA MORRILL AND MYSELF. Discussing memo that was prepared and sent up. |
| 9/17 | | | | 4 | WORKED ON CASE FILE  Conference call with Group Manager Sidney Saewitz of Cincinnati. Group has a similar case. Went over basic fac of transactions. |
| 9/20 | | | | 4 | MEMO E-MAILED TO JOHN ALETTA DISCUSSED MEMO WITH JOHN. HE WILL FORWARD THE REQUEST UP THE CHAIN. Worked on IDR's which will need to be approved. |
| 9/22 | | | | | Corrected IDR's as directed by John Aletta. |
| 9/27 | | | | 4 | Went through case file. |
| 10/5 | | | | 1 | Discussed status of memo. |
| 10/6 | | | | 1 | Checked recent information on Son of Boss. |

# Examining Officer's Activity Record

| | | | | | |
|---|---|---|---|---|---|
| 10/18 | | | | 6 | Planning meeting held with Debra Morrill Deni McSweeney, Mark Corrigan and Peter McIntyre Meeting scheduled for 10/19 at taxpayers with Jim Fee. |
| 10/19/04 | | | | 8 | Meeting held at taxpayers . Discussion of fact to determine whether Fidelity is a Son of Bos Case or other type shelter/transaction and whether taxpayer will have appeal rights.Jim Fee of Chief Counsel attended the meeting in order to help in making determination as to whether this is a Son of Boss Case. See notes in history section. Determination should be made with a few weeks. |
| 10/26'04 | | | | 2 | Spoke with Pat Shea will be faxing letter letter received. Lists out taxpayers position on Son Boss. |
| 11/1/04 | | | | 8 | No determination made to date. Prepared Form 872 P and sent to partnership, TMP and the Power of attorneys. Read through letter sent previously. |
| 11/22/04 | | | | 4 | Determination as to whether taxpayer is Son o Boss has not been made. Prepared follow up letter for 872 P. Mailed on the 24th. Call to be made to Pat Shea. It is taxpayers intentions to sign an extension if it is detemined that they a not a son of boss transaction. If they are not going to be given appeal rights they will not sign statute extension. Decision may be made by Dec 1st. |
| 12/1/04 | | | | 1 | No determination made. Taxpayer reiterated that they would sign a statute extension when determination is made. |
| 12/2/04 | | | | 1 | Worked on case file. |
| 12/14/04 | | | | 8 | Worked on case file. Continued working throu information obtained through audit. |
| 12/16/04 | | | | 8 | Individual outside basis calculation has been provided. Went through corporate records to determine numbers are accuarately reflected. No determination made as to whether taxpaye will be apprised of there appeal rights. |
| 1/4/05 | | | | 2 | Called Pat Shea. Discussed that no decision was made and no decision is expected any tin soon. |
| 1/10/05 | | | | 8 | Worked on case. Researched closing of case and specific procedures relating to |

# Examining Officer's Activity Record

| | | | | Son of Boss |
|---|---|---|---|---|
| 1/14/05 | | | | Conference call with John Monaco. John was looking for information so he can convince his TEAM to sign extension. Advised John that no determination was made and probably will not be made before the FPAA is sent out. |
| 1/18/05 | | | 4 | Researched information on bonds  presented information to Patrick Shea. Discussed bond procedure with Shea. Met with Pat Shea |
| 1/25/04 | | | 8 | Met with Pat Shea and received copies of 2002 and 2003 1040 returns. Examination will be initiated. Advised Patrick Shea that FPAA will prepared and issued shortly. Pat Shea presented<br>Agent with letter that was faxed to Jim Fee and and Johnathan Zelnik. |
| 1/26 | | | 8 | Worked on FPAA. Received Mark Corrigans wwriteup  Worked on RGS, Required adjustments needed to be listed on RAR cann be done with RGS program.  Printed and Save RAR to adobe file. *DO NOT USE RAR DISK FC REPORTS"<br>USE ADOBE 4605a FOR ANY CHANGES" |
| 1/27 | | | 10 | WORKED on FPAA. Pat Shea called stating tha they will be making a payment in form of cash bond. Payment will be 30 Million dollars. Emailed preliminary FPAA and writeup to John Aletta and Rick Gannon.  Rick Gannon will review and make corrections and additions. A prepare argurment on case. |
| 1/28 | | | 9 | Picked up payment from Pat Shea. Discussed letter.  Went back to office processed check. Mailing documents checked.<br>Rick Gannon will work on case this weekend and should have draft maybe on Monday.. |
| 1/31 | | | 10 | Spoke to Rick Gannon.  Continue working on Writeup.  Continued working the case for closing. FPAA is being worked on by John Aletta<br>Discussed case with  Counsel. |
| 2/1 | | | 9 | Continued working case. Draft Form 886a sent by John Aletta. Started reviewing. Worked on penalty writeup for individual closing. Penalty applicable at investor level. |
| 2/2 | | | 9 | Continued working case file. Organized workpapers, Read through Form 886a |

# Examining Officer's Activity Record

| 2/3 | | | 9 | Continued preparing case for closing. |
|---|---|---|---|---|
| 2/4 | | | | CASE completed. |
| | | | | submitted to MGR - |
| | | | | cALLED Rm Douglas |
| | | | | No Return call. |

1IRS1134



# Examining Officer's Activity Record

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| 2/4 | | | | | Case given to manager Called Rod Douglas re tefra linkage. |
| 2/11 | | | | | Spoke to Ron Douglas tefra coordinator in Ogden. Case has been established and NBAP was sent out on Feb 7.\ |
| 2/22/05 | | | | | Decision received regarding request for advice whether it was determined that this case was substantially similar to notice 2000-44. It was determined that it was. Taxpayer will not be allowed to apprise themselves of appeal rights. Pat Shea was called and informed of the decision. |
| 2/24/05 | | | | | Penalty IDR prepared and sent to counsel for approval. Investor level |
| 3/1 | | | | | Emailed Richard Gannon requesting status of Penatly IDR along with status of FPAA and 886. |
| 3/3 | | | | | Met with Pat Shea and Michael Egan. Went over status of partnership. Letter presented requesting agent to give them a written analysi as to how decision was met. |
| 3/7/05 | | | | 8 | Updated files and closing documents. No response from taxpayer.Printed the last revised FPAA and 886A. |
| | | | | | |
| | | | | | |
| | | | | | |

# Exhibit B

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case Nos.:  05-40151-FDS<br>)              06-40130-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JOHN MONACO

I, John Monaco, certify the following:

1.      I am a Senior Managing Director at PricewaterhouseCoopers and National Practice Leader of the Practice & Procedure Group.

2.      I assisted in the representation of Fidelity International Currency Advisor A Fund, L.L.C. (FICA A Fund), during the Internal Revenue Service (IRS) examination of FICA A Fund.

3.      During the course of the examination, I discussed with members of the IRS examination team a memorandum that the IRS examination team intended to send to the IRS Office of Chief Counsel in September 2004.  The purpose of the memorandum was to request advice regarding whether FICA A Fund is substantially similar to a transaction described in Notice 2000-44 (Request for Advice).

4.      On September 14, 2004, I participated in a teleconference with William Conway, the IRS lead examiner.

5.    In the September 14, 2004 teleconference, Mr. Conway stated that the Request for Advice was going to be sent to the IRS Office of Chief Counsel.

6.    On September 15, 2004, I participated in a teleconference with Debra Morrill, Mr. Conway's manager, and Mr. Conway.

7.    In the September 15, 2004 teleconference, Ms. Morrill and Mr. Conway described substantial portions of the Request for Advice, including what specific advice was being sought, specifically:

      a.    Is FICA A Fund a listed transaction or substantially similar to a listed transaction?

      b.    What penalties, if any, should be assessed?

      c.    What administrative appeal rights would FICA A Fund have?

8.    Ms. Morrill and Mr. Conway further described the Request for Advice as follows:

      a.    The Request for Advice was addressed to the IRS Chief Counsel.

      b.    The Request for Advice described their view of the five key factual aspects of FICA A Fund.

      c.    Documents regarding FICA A Fund were attached to the Request for Advice.

      d.    The Request for Advice did not recommend a specific decision with respect to the three issues raised.

2



JOHN MONACO

SUBSCRIBED AND SWORN TO before me this 30ᵗʰ day of July , 2007.

DEBORA R. MEAD
Notary Public - State of Florida
My Commission Expires Sep 22, 2007
Commission # DD 252528
Bonded By National Notary Assn.

NOTARY PUBLIC

My Commission Expires: Sept. 22, 2007

3

# Exhibit C

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 1IRS0007 | 1IRS0020 | 14 | 15-Jul-04 | International Examiners Report on FICIA | N | Governmental Deliberative Process |
| 1IRS0021 | 1IRS0035 | 15 | 15-Jul-04 | International Examiners Report on FICIA (duplicate) | N | Governmental Deliberative Process |
| 1IRS0036 | 1IRS0048 | 13 | 15-Jul-04 | International Examiners Report on FICIA (duplicate) | N | Governmental Deliberative Process |
| 1IRS0059 | 1IRS0060 | 2 | 11-Jan-05 | Notes about Mahoney's involvement in Fidelity International. | N | Governmental Deliberative Process |
| 1IRS0061 | 1IRS0064 | 4 | 00/00/0000 | Questions about Mahoney's involvement in Fidelity International. | N | Governmental Deliberative Process |
| 1IRS0065 | 1IRS0067 | 3 | 9-Oct-01 | Summary of Fidelity International Transactions | N | Governmental Deliberative Process |
| 1IRS0068 | 1IRS0071 | 4 | 15-Jul-04 | Examing Officer's Activity Record | N | Governmental Deliberative Process |
| 1IRS0072 | 1IRS0076 | 5 | 00/00/0000 | Notes about Mahoney's involvement in Fidelity International. | N | Governmental Deliberative Process |
| 1IRS0096 | 1IRS0096 | 1 | 11-Jan-05 | Notes about Mahoney's involvement in Fidelity International entitled "Audit Day 1-11-2005." | N | Governmental Deliberative Process |
| 1IRS0097 | 1IRS0097 | 1 | 10-Jan-05 | Notes about Mahoney's involvement in Fidelity International entitled "Audit Telephone Conference 1/10." | N | Governmental Deliberative Process |
| 1IRS0098 | 1IRS0099 | 2 | 11-Jan-05 | Notes about Mahoney's involvement in Fidelity International | N | Governmental Deliberative Process |
| 1IRS0100 | 1IRS0100 | 1 | 1-Nov-04 | Notes entitled "Audit day 11-01 Meeting" reflecting advice of IRS Counsel Gannon and Alerta. | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS0101 | 1IRS0101 | 1 | 27-Oct-04 | Notes entitled "Conference Calls" reflecting advice of IRS Counsel Gannon. | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS0102 | 1IRS0103 | 2 | 18-Oct-04 | Notes entitled "Meeting 10-18-2004" reflecting advice of IRS Counsel Aletta. | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS0104 | 1IRS0105 | 2 | 2-Sep-05 | Notes entitled "Egan Interview 9-2." | N | Governmental Deliberative Process |
| 1IRS0106 | 1IRS0110 | 5 | 20-Jul-00 | Notes entitled "Executive Summary" and "Meeting 10-19-2004." | N | Governmental Deliberative Process |
| 1IRS0111 | 1IRS0117 | 7 | 20-Jul-00 | Notes on case actions and chronology of transactions. | N | Governmental Deliberative Process |
| 1IRS0131 | 1IRS0134 | 4 | 00/00/0000 | Summary of cash flows through partnership | Y | Governmental Deliberative Process |
| 1IRS0196 | 1IRS0195 | 1 | 00/00/0000 | Handwritten notes about Mahoney's involvement in Fidelity International. | N | Governmental Deliberative Process |
| 1IRS0199 | 1IRS0206 | 8 | 11-Aug-04 | IRS memorandum requesting information about Mahoney | Y | Governmental Deliberative Process |
| 1IRS0208 | 1IRS0203 | 1 | 9-Nov-04 | Email from Ireland Revenue to IRS | Y | 26 U.S.C. 6103(e)(7) |

May 15, 2006

1

# Privilege Log

May 15, 2006

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 1IRS0233 | 1IRS0234 | 2 | 22-Oct-01 | ATTACHMENT TO REQUEST FOR ADDITIONAL INFORMATION | N | Governmental Deliberative Process |
| 1IRS0257 | 1IRS0258 | 2 | 12/00/2004 | RESPONSE TO REQUEST FOR ADDITIONAL INFORMATION ON MAHONEY FROM IRELAND AUTHORITY | N | 26 U.S.C. 6103(e)(7) |
| 1IRS0259 | 1IRS0261 | 3 | 5-Nov-04 | PARTIAL REPLY TO REQUEST FOR INFORMATION - ATTACHED | Y | 26 U.S.C. 6103(e)(7) |
| 1IRS0548 | 1IRS0628 | 81 | 27-Aug-04 | Long Term Capital Holdings v. United States, 330 F.supp 2d 122 (D.Conn. 2004) (CC213 through CC-291); Handwritten Notes re opinion 1IRS0628 | Y | Governmental Deliberative Process |
| 1IRS0650 | 1IRS0655 | 6 | 12/00/1990 | Investing in U.S. Securities and Commodities through Partnerships, Richard J. Shapiro and Roger D. Lorence, 1 JITAX 246 (1990) | Y | Governmental Deliberative Process |
| 1IRS0656 | 1IRS0663 | 8 | 29-Mar-05 | Treas. Reg. Sec. 1.864-2 | Y | Governmental Deliberative Process |
| 1IRS0680 | 1IRS0685 | 6 | 16-Dec-04 | Distribution of Attached Memorandum dated December 16, 2004 relating to Restrictions on Investor and Promoter Examinations. | N | Governmental Privilege |
| 1IRS0692 | 1IRS0692 | 1 | 9-Aug-04 | KPMG's SOS Transaction Relating to Richard & Maureen Egan. | N | Governmental Privilege |
| 1IRS0717 | 1IRS0726 | 10 | 4-Jun-04 | Internal IRS emails about "Foreign Joint Ventures, Foreign Partnership." | N | Governmental Deliberative Process |
| 1IRS0731 | 1IRS0732 | 2 | 2-Sep-05 | Notes entitled "Egan interview 9-2." | N | Governmental Deliberative Process |
| 1IRS0738 | 1IRS0741 | 4 | 00/00/0000 | Questions about Mahoney's involvement in Fidelity International. | N | Governmental Deliberative Process |
| 1IRS0742 | 1IRS0743 | 2 | 00/00/0000 | Notes about Mahoney's involvement in partnership | N | Governmental Deliberative Process |
| 1IRS0756 | 1IRS0756 | 1 | 25-Oct-05 | IRS Internal E-mail from Holiday to Miller re Fidelity | Y | 26 U.S.C. 6103 |
| 1IRS0944 | 1IRS0945 | 2 | 4-Feb-05 | Form LMSB Quality Measurement System Administrative Procedures | N | Governmental Deliberative Process |
| 1IRS0954 | 1IRS0954 | 1 | 15-Mar-05 | IRS Internal e-mail from counsel re issuance of FPAA | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS0955 | 1IRS0995 | 41 | 00/00/0000 | Form 886A Explanation of Items for Fidelity International. | N | Governmental Deliberative Process |
| 1IRS0996 | 1IRS1023 | 28 | 00/00/0000 | Form 886A Explanation of Items for Fidelity International | N | Governmental Deliberative Process |

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 1IRS1076 | 1IRS1103 | 28 | 00/00/0000 | Form 886A Explanation of Items for Fidelity International | N | Governmental Deliberative Process |
| 1IRS1121 | 1IRS1127 | 7 | 00/00/0000 | IRS Form 4318, Examination Workpapers, for Fidelity International for 2001, prepared by Examiner William Conway | N | Governmental Deliberative Process |
| 1IRS1129 | 1IRS1135 | 7 | 7-May-04 | Examining Officer's Activity Record for Fidelity International, prepared by William Conway | N | Governmental Deliberative Process |
| 1IRS1154 | 1IRS1154 | 1 | 8-Apr-04 | Handwritten note reflecting discussion with IRS employees. | N | Governmental Deliberative Process |
| 1IRS1155 | 1IRS1155 | 1 | 26-Apr-04 | Handwritten notes about classification of case. | N | Governmental Deliberative Process |
| 1IRS1157 | 1IRS1157 | 1 | 25-May-04 | IRS internal e-mail re search of KPMG promoter records | N | Governmental Privilege |
| 1IRS1158 | 1IRS1158 | 1 | 20-May-04 | IRS internal e-mails between William Conway and John Aletta, IRS Counsel, re copy of Egan documents produced to Alpha promoter team | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1161 | 1IRS1166 | 6 | 6-Apr-04 | IRS e-mail dated 4/6/04 re "Fraudulent tax shelter transaction," describing apparent steps to conceal transaction | N | Governmental Deliberative Process |
| 1IRS1167 | 1IRS1169 | 3 | 8-Mar-04 | IRS Memo dated 3/8/4 from IRS counsel to all SBSE and LMSB personnel re "Direction to Halt Certain Activity on Notice 2000-44 (Son of Boss) Cases and Other Shelter Issues on Son of Boss Investors" | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1175 | 1IRS1175 | 1 | 19-May-04 | IRS internal e-mail | Y | 26 U.S.C. 6103 |
| 1IRS1176 | 1IRS1176 | 1 | 00/00/0000 | Conact Information for IRS employee | N | Governmental Privilege |
| 1IRS1179 | 1IRS1182 | 4 | 19-Jul-04 | Revised and Updated Direction to Halt Activity on Promoter Matters. | N | Governmental Privilege |
| 1IRS1204 | 1IRS1204 | 1 | 4-May-04 | Request for permission to initiate TEFRA case on Fidelity International with less than 12 month remaining on statute of limitations. | N | Governmental Deliberative Process |
| 1IRS1206 | 1IRS1214 | 9 | 00/00/0000 | IRS Form 8340, PCS TEFRA Establish or Add, for Fidelity International; K-1 Reconcillation | N | Governmental Deliberative Process |
| 1IRS1265 | 1IRS1267 | 3 | 17-Sep-04 | IRS memorandum requesting legal advice | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1268 | 1IRS1270 | 3 | 17-Sep-04 | IRS memorandum requesting legal advice. | N | Governmental Deliberative Process, Attorney-Client |

May 15, 2006

3

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 1IRS1294 | 1IRS1296 | 3 | 15-Jun-04 | IRS History for Fidelity International. | N | Governmental Deliberative Process |
| 1IRS1297 | 1IRS1298 | 2 | 00/00/0000 | Fidelity International member's outside basis calculation with handwritten notes reflecting that amounts tied | Y | Governmental Deliberative Process |
| 1IRS1299 | 1IRS1299 | 1 | 00/00/0000 | Customer Statements with examination notations | Y | Governmental Deliberative Process |
| 1IRS1300 | 1IRS1302 | 3 | 31-Dec-01 | IRS History for Fidelity International. | N | Governmental Deliberative Process |
| 1IRS1303 | 1IRS1305 | 3 | 15-Jun-04 | IRS History of Fidelity International, notes of 9/2/04 meeting | N | Governmental Deliberative Process |
| 1IRS1306 | 1IRS1307 | 2 | 19-Oct-04 | IRS History of Fidelity International, notes of 10/19/04 meeting with Mike Egan | N | Governmental Deliberative Process |
| 1IRS1432 | 1IRS1432 | 1 | 00/00/0000 | IRS Required Filing checks | N | Governmental Deliberative Process |
| 1IRS1435 | 1IRS1439 | 5 | 00/00/0000 | Fidelity International IRS Notice 2000-44 checklist ; penalty notes | N | Governmental Deliberative Process |
| 1IRS1442 | 1IRS1442 | 1 | 00/00/0000 | Fidelity International Miscellaneous 2000-44 transaction: Lead Sheet | N | Governmental Deliberative Process |
| 1IRS1443 | 1IRS1470 | 28 | 00/00/0000 | Form 886-A Explanation of Items for Fidelity International | N | Governmental Deliberative Process |
| 1IRS1471 | 1IRS1473 | 3 | 17-Sep-04 | IRS memo requesting advice from IRS Counsel Aletta | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1476 | 1IRS1476 | 1 | 17-Feb-05 | IRS internal e-mail reflecting legal advice of IRS Counsel Fee. | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1477 | 1IRS1477 | 1 | 21-Feb-05 | IRS internal e-mail reflecting advice of IRS Counsel Fee. | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1478 | 1IRS1478 | 1 | 15-Apr-05 | IRS internal email reflecting legal advice of IRS Counsel Gannon and Fee | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1479 | 1IRS1479 | 1 | 4-Mar-05 | IRS internal e-mail form IRS counsel Michele Gormley re "Privilege Case" | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1489 | 1IRS1491 | 3 | 13-Sep-04 | IRS internal e-mail chain dated 9/13/04 forwarding advice from counsel re SOS Version III | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1590 | 1IRS1597 | 8 | 00/00/0000 | Buy sell agreement for mahoney obtained through treaty | Y | 26 U.S.C. 6103(e)(7) |
| 1IRS1617 | 1IRS1618 | 2 | 12/00/2004 | Office of Revenue letter dated 12/22/04 re Samuel Mahoney | N | 26 U.S.C. 6103(e)(7). |
| 1IRS1619 | 1IRS1620 | 2 | 5-Nov-04 | IRS memo about Mahoney | Y | 26 U.S.C. 6103(e)(7). |

May 15, 2006

4

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 1IRS1863 | 1IRS1877 | 15 | 00/00/0000 | Drafts of IDRs that were not issued | N | Governmental Deliberative Process |
| 4IRS0002 | 4IRS0025 | 24 | 17-Nov-04 | Email from Ireland Revenue to IRS | Y | 26 U.S.C. 6103(e)(7) |
| 4IRS0026 | 4IRS0027 | 2 | 15-Jul-05 | Letter from Ireland Revenue about Mahoney | Y | 26 U.S.C. 6103(e)(7) |
| 4IRS0028 | 4IRS0028 | 1 | 22-Dec-04 | Letter from Ireland Revenue about Mahoney | N | 26 U.S.C. 6103(e)(7) |
| 4IRS0029 | 4IRS0040 | 12 | 5-Nov-04 | Letter from Ireland Revenue about Mahoney | Y | 26 U.S.C. 6103(e)(7), Governmental Deliberative Process. |
| 4IRS0041 | 4IRS0042 | 2 | 15-Mar-05 | Letter from Ireland Revenue about Mahoney | Y | 26 U.S.C. 6103(e)(7) |
| 4IRS0043 | 4IRS0089 | 47 | 20-Apr-05 | Letter from Ireland Revenue about Mahoney | Y | 26 U.S.C. 6103(e)(7) |
| 4IRS0090 | 4IRS0136 | 47 | 18-Apr-05 | Letter from Ireland Revenue about Mahoney | Y | 26 U.S.C. 6103(e)(7) |
| 5IRS0011 | 5IRS0012 | 2 | 00/00/0000 | Transactional documents from other taxpayer | Y | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS0013 | 5IRS00017 | 5 | 11/00/2000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS0018 | 5IRS00018 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS0019 | 5IRS00026 | 8 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00027 | 5IRS00027 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00028 | 5IRS00028 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |

May 15, 2006

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 5IRS00029 | 5IRS00039 | 11 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00040 | 5IRS00040 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00041 | 5IRS00062 | 22 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00063 | 5IRS00064 | 2 | 10-Sep-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00065 | 5IRS00074 | 10 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00075 | 5IRS00076 | 2 | 12-Sep-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00077 | 5IRS00088 | 12 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00089 | 5IRS00089 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |

May 15, 2006

6

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 5IRS00090 | 5IRS00092 | 3 | 30-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00093 | 5IRS00095 | 3 | 30-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00096 | 5IRS00098 | 3 | 23-Oct-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00099 | 5IRS00101 | 3 | 24-Oct-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00102 | 5IRS00102 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00103 | 5IRS00105 | 3 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00106 | 5IRS00108 | 3 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00109 | 5IRS00111 | 3 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |

May 15, 2006

7

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 5IRS00112 | 5IRS00114 | 3 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00115 | 5IRS00117 | 3 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00118 | 5IRS00120 | 3 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00121 | 5IRS00123 | 3 | 31-Aug-08 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00124 | 5IRS00126 | 3 | 8-Jan-02 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00127 | 5IRS00127 | 1 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00128 | 5IRS00128 | 1 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00129 | 5IRS00131 | 3 | 7-Sep-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |

May 15, 2006

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 5IRS00132 | 5IRS00132 | 1 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS.  We intend to subpoena this same document from BDO. |
| 5IRS00133 | 5IRS00133 | 1 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS.  We intend to subpoena this same document from BDO. |
| 5IRS00134 | 5IRS00136 | 3 | 10-Sep-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS.  We intend to subpoena this same document from BDO. |
| 5IRS00137 | 5IRS00137 | 1 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS.  We intend to subpoena this same document from BDO. |
| 5IRS00138 | 5IRS00138 | 1 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS.  We intend to subpoena this same document from BDO. |
| 5IRS00139 | 5IRS00139 | 1 | 21-Dec-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS.  We intend to subpoena this same document from BDO. |
| 5IRS00140 | 5IRS00140 | 1 | 10-Sep-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS.  We intend to subpoena this same document from BDO. |
| 5IRS00141 | 5IRS00141 | 1 | 31-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS.  We intend to subpoena this same document from BDO. |

May 15, 2006

9

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 5IRS00142 | 5IRS00142 | 1 | 9-Jan-02 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00143 | 5IRS00143 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00144 | 5IRS00185 | 42 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00187 | 5IRS00409 | 223 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00410 | 5IRS00415 | 6 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00416 | 5IRS00416 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00417 | 5IRS00444 | 28 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00445 | 5IRS00445 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |

May 15, 2006

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 5IRS00446 | 5IRS00490 | 45 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00491 | 5IRS00491 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00492 | 5IRS00506 | 15 | 29-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00507 | 5IRS00507 | 1 | 00/00/0000 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00508 | 5IRS00509 | 2 | 29-Aug-01 | Transactional documents from other taxpayer | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00510 | 5IRS00511 | 2 | 10-Apr-02 | Letter from Helios to BDO | N | This document is being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from BDO. |
| 5IRS00517 | 5IRS00519 | 3 | 00/00/0000 | List of clients | Y | The other names are being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from Proskauer Rose. |
| 5IRS00522 | 5IRS00526 | 5 | 00/00/0000 | List of clients | Y | The other names are being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from Proskauer Rose. |

May 15, 2006

11

# Privilege Log

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 5IRS00776 | 5IRS00776 | 1 | 00/00/0000 | List of clients | Y | The other names are being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from Proskauer Rose. |
| 5IRS00777 | 5IRS00779 | 3 | 00/00/0000 | List of clients | Y | The other names are being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from Proskauer Rose. |
| 5IRS00791 | 5IRS00793 | 3 | 00/00/0000 | List of clients | Y | The other names are being withheld under 26 U.S.C. s 6103 at the request of the IRS. We intend to subpoena this same document from Proskauer Rose. |
| 5IRS01216 | 5IRS01217 | 2 | 2-Jan-02 | Email from Haber to Ruble Listing Clients | Y | 26 U.S.C. 6103 |
| 5IRS02779 | 5IRS02780 | 2 | 6-Jan-01 | Helios Financial Document Production Index | Y | 26 U.S.C. 6103 |
| 5IRS03113 | 5IRS03115 | 3 | 9-May-00 | J&G deals in progress | Y | 26 U.S.C. 6103 |
| 5IRS03116 | 5IRS03118 | 3 | 9-May-00 | J&G deals in progress | Y | 26 U.S.C. 6103 |
| 5IRS03135 | 5IRS03149 | 15 | 00/00/0000 | Stratecon Federal Tax Practice Client List | Y | 26 U.S.C. 6103 |
| 5IRS04540 | 5IRS04574 | 35 | 00/00/0000 | KPMG List of Transactions | Y | 26 U.S.C. 6103 |

May 15, 2006

12

# Exhibit D



**U.S. Department of Justice**

**Tax Division**

Facsimile No. (202) 514-5238
Trial Attorney: John.A.Lindquist
Attorney's Direct Line: (202) 307-6561

Please reply to:  Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C.  20044

5-36-10254
CMN 2005106280

February 21, 2007

**Via Hand Delivery**

David J. Curtin, Esq.
McKee Nelson LLP
Suite 200
1919 M Street, NW
Washington, DC 20036

Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States,*
       <u>Case No. 05-40151 (D. Mass.)</u>

Dear Mr. Curtin:

By letter dated January 10, 2007, we responded to your letters dated November 29, 2006, December 15, 2006, and December 28, 2006 and represented that we would continue to address a number of issues that you had raised which had not been resolved and would supplement. By letters dated January 29, 2007, February 2, 2007, and February 8, 2007, you have expressed concern as to the amount of time that it has taken for us to follow up on our prior letter of January 10, 2007. We have been unavoidably delayed, and apologize for any inconvenience. This letter is to supplement our prior response to your letters dated November 29, 2006, December 15, 2006, and December 28, 2006.

A.    **Outstanding Issues raised in your letter of November 29, 2006**

      (1)    **Outstanding Discovery Concerns Treaty Provisions Invoking § 6103(e)(7)**

      You  asked for clarification as to the rationale for redactions under 26 U.S.C. §6103(e)(7). In our letter dated January 10, 2007, we provided you with clarification. Based upon our continuing discussions with the Service, the Service again reviewed its assertion of privilege under § 6103(e)(7) and agreed to withdraw its prior assertion of privilege under §6103(e)(7) as to the redacted information. Accordingly, these documents are being produced in unredacted form.

- 2 -

**(2)    Interview and Deposition Transcripts**

You asked that we produce copies of certain transcripts requested in your Second Set of Requests for Production, No. 26. In our letter dated January 10, 2007, we responded to this issue and our position is unchanged.

**(3)    Documents Responsive to Plaintiff's First and Second Set of Requests for Production of Documents**

You asked for clarification regarding whether the IRS has completed its search for documents responsive to Plaintiff's First Requests for Production of Documents and, if so, that we promptly produce any additional responsive documents. In our letter of October 3, 2006, we advised that due to problems with our computer systems, we were still in the process of reviewing the documents produced by the IRS for privilege and Section 6103. We further advised that we had since upgraded our computer system and would supplement our production. By letter dated November 6, 2006, we provided you with a revised and supplemental privilege log, along with a CD containing additional documents from the IRS. In our letter of January 10, 2006, we notified you that we were continuing this process and would be further supplementing our production. We are supplementing our production as detailed herein. We are also producing a hard copy of the privilege log for the Section 752 Reg. File 7 which you indicated that you could not print.

**i.    Identifying Request(s) to Which Documents Respond**

You asked that we supplement our production to include an index identifying the request to which each document responds. In our letter of January 10, 2006, we confirmed that we had agreed to do this on a go forward basis and that we would supplement our production to include this information.

Enclosed please find matrices in which we have identified which documents relate to document requests 7, 8, 9, 10, 15, 16, 18, 22, 23, 29, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41. Documents responsive to document request 6 are being produced with the bates 12IRS prefix. We are not producing a matrix for the remaining document requests, either because they predate our agreement to do so (document requests 1-5), the documents were produced by a third party (document request 28 re DGI litigation), or any responsive documents have otherwise already been identified (e.g. with respect to document requests Nos. 12 and 13, we are producing herewith hard copies of the expert reports filed by the United States in the *Jade* case; with respect to request Nos. 24 and 25 we have produced the partial transcript of the Q&A of James Haber [8IRS0076 - 88] ).

2256562.1

- 3 -

### ii.    Sidley Austin Documents

You raised questions about the fact that there are multiple gaps in the Bates ranges of the Sidley Austin documents that we have produced to you. In our letter dated January 10, 2006, we confirmed that we had not received documents from Sidley for these gaps in the Bates ranges and that we had been advised by Sidley that there were gaps because these particular documents were not within the scope of our production requests. We further notified you that we had received additional documents from Sidley through SIDL 0477174 and they are being produced on an enclosed CD.

### iii.    Invocation of the Deliberative Process Privilege

You indicated that you have concerns regarding our assertions of deliberative process and contend that our proposed procedure for the invocation of this privilege, as outlined in our letter of October 3, 2006, is too vague. In our letter of January 10, 2007, we noted that you had not indicated why you believed our proposal is too vague and invited further discussion. We remain open to further discussion.

### (4)    Concerns Regarding Defendant's Response to Plaintiff's Second and Third Set of Requests for Production

### i.    Response to Request for Production Nos. 31 and 32

In our letter of January 10, 2007, we addressed your concerns regarding the sufficiency of our responses to your Third Set of Requests for Production of Documents, Requests No. 31 and 32.

In your Third Set of Requests for Production of Documents, Request No. 31, you broadly requested all IRS documents concerning whether KPMG was required to register any Tax Strategy, including, but not limited to a certain e-mail dated May 17, 2004 described in *The New York Times* article dated September 15, 2006. We objected to this request both upon the ground of relevancy, 26 U.S.C. section 6103, and upon the ground that the documents requested are inherently deliberative in nature and privileged under the governmental deliberative process privilege. You have demanded that we immediately produce the requested email insofar as the article represents that it has been disclosed in the criminal litigation, as well as a privilege log for any other responsive documents. In addition to the fact that the requested documents are irrelevant, they also remain subject to 6103. The fact that the referenced email was improperly disclosed in another matter does not necessarily divest it or any other documents of protection under 6103. Without waiving these objections, we noted that on December 21, 2006, certain documents potentially responsive to this request were filed in the *Stein* litigation, copies of which were produced.

2256562.1

- 4 -

Our position remains unchanged.  Please note that we have supplemented our privilege log to include the referenced e-mail dated May 17, 2004.

      ii.      **Failure to Provide an Adequate Privilege Log**

You asked that we supplement our privilege log to indicate whether any documents being withheld upon a claim of privilege are responsive to Plaintiff's Second and Third Set of Requests for Production of Documents, Nos. 8, 10, 12, 13, 14, 18, 24 and 25.  In our letter of January 10, 2007, we represented that we would do so.  As noted above, we have enclosed matrices in which we have identified which documents relate to document requests 8 and 10.  With respect to document requests Nos. 12 and 13, we are also producing herewith hard copies of the expert reports filed by the United States in the *Jade* case.  With respect to request Nos. 24 and 25 we have produced the partial transcript of the Q&A of James Haber [8IRS0076 - 88].

      iii.      **Documents Removed from the Privilege Log**

In our letter of November 6, 2006, we noted that we had removed a number of our prior privilege claims from our privilege log and would be producing those documents shortly.  We have also now removed additional documents.  Enclosed is a CD which includes these documents.

    (5)      **Plaintiff's Letter Dated December 15, 2006**

      i.      **Interrogatory No. 3 (Basis for IRS Assertion that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44)**

In our letter of January 10, 2007, we reiterated our objections (both general and specific) to this interrogatory.

You contended that our response to Plaintiff's First Set of Interrogatories, No. 3, in which you asked that we set forth the basis for the IRS's notation "2000-44 Case" on the FPAAs dated April 6, 2005 and April 26, 2006, is inadequate.  As previously stated in our letter of October 3, 2006,  we remain convinced that our objections (both general and specific) to this interrogatory, as to the basis for an IRS notation, are amply supported by the case law cited in our objections.  As noted in our objections, however, we view those requests as essentially contention interrogatories, which should have been crafted to inquire as to the positions of the United States in this litigation.  Nonetheless, our objections even to these discovery requests likewise had no effect on our production of the entire non-privileged portions of the IRS administrative files.

Our position has not changed.

2256562.1

- 5 -

ii.    **Request for Production No. 5 (Materials Created or Maintained by the IRS Relating to Plaintiff's Transaction)**

In our letter of January 10, 2007, we addressed your contention that there should be additional documents responsive to Request for Production No. 5 beyond those produced. In this request you had asked for "All records, documents, and materials created or maintained by the IRS in connection with its examination of the FICA A Fund transaction at issue in this case, including but not limited to notes and other writings or communications created by each examining agent or other IRS representatives who devoted time to the matter."   In light of the fact that you have now joined the 2002 tax year and placed it at issue in this case, we are supplementing our prior production to include the 2002 Form 1065 administrative file for the FICA A Fund, bates stamped 13IRS00001 through 13IRS001030.  Enclosed is a CD with these documents, including load files to allow you to upload them into your electronic database, with the exception of those documents being withheld upon a claim of privilege.   Also enclosed is a revised privilege log which identifies the following documents within this range as privileged: 13IRS 00308-310; 13IRS00312; 13IRS00688; 13IRS00689-690; 13IRS00250-259; 13IRS00308-310; and 13IRS00548-551.

iii.    **Request for Production No. 6 (CD sent to Bill Conway)**

We have followed-up on your request for production No. 6 in which you requested a copy of the CD, or all documents contained on the CD, referenced in Bates-numbered document 1IRS1159, sent from Tim Erickson to Bill Conway, which Mr. Erickson describes as "containing information [he] received from other promoter cases regarding your investor, Richard Egan, for the 2001 tax year." We tracked down the original case file and located what appears to be the referenced CD and are supplementing our production to include the documents therein, which appear to be a copy of Richard Egan's closing binder.  A copy of these documents are being produced, marked as 14IRS00011 through 14IRS00524.  In addition we have located and printed the contents of two additional computer disks related to the issuance of the FPAAs.  Copies of these documents are being produced marked as 14IRS00525 through 14IRS00585.  Enclosed is a CD with these documents, including load files to allow you to upload them into your electronic database.  Also enclosed is a revised privilege log which identifies 14IRS00001 through 14IRS00010 as privileged.

iv.    **Request for Production No. 8 (Materials Relating to Samuel Mahoney)**

You contend that our search for documents responsive to Plaintiff's Second Set of Requests for Production, No. 8, is inadequate.  In this request, you asked for "[a]ll records, documents, and materials collected, created, or maintained by the government regarding Samuel Mahoney, Martin Hawkes, or Biosphere Finance Ltd." In response to your request for production #8, we are supplementing our production to include 12IRS00001 through 12IRS00351, with the

2256562.1

- 6 -

exception of those documents being withheld upon a claim of privilege. Enclosed is a CD with these documents, including load files to allow you to upload them into your electronic database. Also enclosed is a revised privilege log which identifies 12IRS00001 through 12IRS00005 as privileged.

    v.  **Request for Production No. 10 (Materials Collected, Created, or Maintained by the IRS in Connection with Entities Listed in Appendix A)**

  As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request. Our position has not changed.

    vi.  **Request for Production No. 11 (Opinions Prepared by Professional Firms Regarding the Tax Treatment or Reporting Requirements of SOS, FDIS, or FOCUS)**

  Our subpoenas to Bryan Cave and Lord Bissell are still outstanding. We have obtained from DGI and are producing herewith a copy of the opinion that Bryan Cave issued to Albert Cheris on the FDIS transaction. In addition, our production of documents from Sidley includes opinions issued by Sidley on the FDIS transactions.

    vii.  **Request for Production No. 14 (Analyses by the Government of SOS, FDIS, or FOCUS)**

  As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request. Our position has not changed.

  Plaintiff's Second Set of Requests for Production, No. 14, requests " [a]ll analyses by the Government of SOS, FDIS, or FOCUS investment strategies, including, but not limited to, records, documents, and materials reflecting consideration by the IRS." We objected to this request to the extent that it sought documents that contained return or return information protected from disclosure by 26 U.S.C. section 6103, the deliberative process privilege, the attorney-client privilege, or attorney work product doctrine, and produced all responsive documents from the taxpayer's administrative file that were not privileged.

  You contend that we have failed to provide you with a privilege log that identifies all documents being withheld upon a claim of privilege. We have provided you with an updated privilege log as to all those documents being withheld upon a claim of privilege, along with a matrix of all documents that we have identified as potentially responsive to this request. We are unable to provide you with a privilege log as to documents subject to 6103 which have not been released to us by the IRS. We note that we have provided you with a matrix with respect to your production request No. 23, identifying documents that are potentially responsive to your request

2256562.1

- 7 -

for "[a]ll records, documents, and materials in any promoter examination file that refer to SOS, FDIS, or FOCUS."

> viii.    **Request for Production No. 15 (Materials Related to IRS determination that FICA A Fund was the Same as or Substantially Similar to a Transaction Described in Notice 2000-44)**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request. Our position has not changed.

Plaintiff's Second Set of Requests for Production, No. 15, requests " [a]ll records, documents, and materials underlying the IRS's determination, if any, that this case involves a transaction that is the same as or substantially similar to a transaction described in Notice 2000-44." We objected to this request on relevancy grounds. Without waiving this objection, we nevertheless have sought to produce all responsive documents not subject to privilege. You contend that our relevancy objection is not consistent with our position concerning the "wide ranging" scope of discovery. Further you contend that it appears that the scope of our search was inadequate.

This contention mirrors your earlier contention that our response failed to reflect the fact that Plaintiff's representatives sent a letter to the IRS Office of Chief Counsel during the audit and the fact that IRS agent William Conway informed Plaintiff's representatives that he submitted a Request for Advise to the National Office. As noted above, you are incorrect. We produced a copy of the letter sent by Plaintiff's representatives to the IRS Office of Chief Counsel. [1IRS 1271- 1278]  As reflected in our privilege log, we withheld the Request of Advice submitted by William Conway upon a claim of privilege. [1IRS 1265-1267; 1IRS 1268-1271; 1IRS1471-1474].

Please note that we have supplemented our privilege log to include 13IRS00308 through 13IRS00310 and 13IRS00312 as privileged, both of which are responsive to this request. We note that we are also producing a matrix for production request 15.

> ix.    **Request for Production No. 18 (Documents concerning Announcement 2004-46)**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request, but represented that we would supplement.

Plaintiff's Second Set of Requests for Production, No. 18, requests " [a]ll records, documents, and materials concerning the issuance or interpretation of Announcement 2004-46." We objected to this request for production upon the ground of relevancy, 26 U.S.C. Section 6103, and the deliberative process privilege, the attorney-client privilege, and/or the work-

- 8 -

product doctrine. You contend that we have failed to provide you with a privilege log in response to this request. We have provided you with a privilege log as to those documents within the taxpayer's administrative file which were withheld upon a claim of privilege. We note that we are also producing a matrix for production request 18.

    x.    **Request for Production No. 21 (Pleadings, Documents, and Materials Maintained by the IRS in connection with *Helmer v. Comm'r*, 34 T.C.M. (CCH) 727 (1975)**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request.

Plaintiff's Second Set of Requests for Production, No. 21, requests "[a]ll pleadings, records, documents, and materials maintained by the IRS in connection with *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975), including, but not limited to, all documents previously produced by the Government in any other proceeding concerning this subject." We objected to this request as vague, ambiguous, and overly broad. Further, as explained in the general objections, we objected to this request on the ground that the materials requested were not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. You contend that your request is not vague, ambiguous and overbroad, that the all documents requested are relevant because your client relied upon the *Helmer* decision and that the IRS should have in its possession pleadings and other documents maintained by the IRS related to this case. Further, you contend that we have waived any privilege because we failed to assert any privileges and that an IRS document referencing the Helmer decision was recently introduced into evidence in the *Jade* litigation. We respectfully disagree on all accounts. Moreover, we did not previously understand your request to seek deliberative and/or privileged communications. To the extent that this was your intent, we further object to your request to the extent that it seeks privileged information.

    xi.    **Request for Production No. 24 (Transcripts of Interviews or Q&As from Promoter Examinations of Identified Entities)**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request.

Plaintiff's Second Set of Requests for Production, No. 24, requests "[a]ll transcripts, reports, video recordings, or notes of interviews or Q&As from the promoter examinations, whether prepared by or on behalf of the Government or the party under examination," of the following entities:

- **Alpha**
- **Diversified Group Inc.**
- **Helios**

2256562.1

- 9 -

- KPMG
- Proskauer
- Refco Capital Markets Ltd.
- Sidley Austin
-

We objected to this request to the extent it sought documents protected by 26 U.S.C. section 6103, the deliberative process privilege, the attorney-client privilege, or the attorney work product doctrine. You contend that our search was inadequate and, as above, again contend that this strongly suggests that the IRS is applying the exception to 26 U.S.C. 6103 inconsistently. We respectfully disagree. Portions of certain promoter files have been released to us by the IRS for possible production under 26 U.S.C. 6103(h)(4), including the partial transcript of James Haber from the promoter examination of DGI which we produced. We are continuing to review the documents that we have received from the IRS for possible release under 26 U.S.C. 6103(h)(4). Those documents which have not been released are identified in our privilege logs.

        xii.     **Request for Production No. 27 (Materials Relating to the IRS determination that accuracy-related penalties should be assessed against FICA A Fund)**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request, but represented that we would supplement.

Plaintiff's Second Set of Requests for Production, No. 27, requests "[a]ll records, documents, and materials upon which the Government relied in asserting accuracy-related penalties against FICA A Fund." We objected to this request on relevancy grounds. Without waiving this objection, we nevertheless have attempted to produce everything in the administrative file to the extent not privileged. You contend our relevancy objection is unfounded. Further, you contend that the scope of our search was inadequate. We respectfully disagree.

      (6)    **Plaintiff's Letter Dated December 28, 2006**

         **Plaintiff's Second Set of Interrogatories, Nos. 15-22, and Fifth Set of Requests for Production of Documents, Nos. 44-51**

As noted in our letter of January 10, 2007, we respectfully disagree on the issues related to this request.

In your Second Set of Interrogatories and Fifth Set of Requests for Production of Documents you have sought to conduct discovery upon defense counsel concerning our work product. You state that based upon our statements to the court at the status conference on November 14, 2006, "the government must know the underling facts (including the identities of the 63 other taxpayers whom the government has determined bought the same tax product)" such that "it is of no additional burden

- 10 -

to provide those facts in response to the interrogatories and the government is required to do so under the Federal Rules." We respectfully disagree. The information requested is protected under the work product doctrine.

As we pointed out in our letter of October 2, 2006, the United States was not involved in the design or development of SOS, FOCUS and FDIS or any other tax shelter products. Plaintiff has or will receive copies of all documents and materials obtained by the United States from third parties in this case. We are not required to review this material and provide you with information from these documents. Our review of these documents constitutes opinion work product which is afforded nearly absolute protection from discovery. Opinion work product includes an attorney's evaluation of his case based on review of documents and interviews of witnesses. Opinion work product is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases. Moreover, "[u]nder the work product rule, codified in Fed.R.Civ.P. 26(b)(3) 'an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation.'" *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1998) (citations omitted). While a claim of work product is not absolute, the relevant threshold is not the burden upon the party claiming the privilege, but the burden upon the party who is seeking to pierce the work product privilege.

If you have any further questions regarding these matters or any other concerns, please feel free to contact John Lindquist at 202/307-6561.

Sincerely,

John Lindquist
Trial Attorney
Civil Trial Section, Northern Region

Enclosures.

2256562.1

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS0100 | 1IRS0100 | 1 | 11/1/2004 | MacIntyre, Peter | File | | Notes entitled "Audit day 11-01 Meeting" reflecting advice of IRS Counsel Gannon and John Aletta. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS0101 | 1IRS0101 | 1 | 10/27/2004 | MacIntyre, Peter | File | | Notes entitled "Conference Calls" reflecting advice of IRS Counsel Gannon. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS0102 | 1IRS0103 | 2 | 10/18/2004 | MacIntyre, Peter | File | | Notes entitled "Meeting 10-18-2004" reflecting advice of IRS Counsel Aletta. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS0111 | 1IRS0117 | 7 | 07/00/2004 | MacIntyre, Peter | File | | Notes on case actions and chronology of transactions. | Deliberative Process Privilege |
| 1IRS0233 | 1IRS0234 | 2 | 1/13/2005 | McSeeney, Dennis P. | Garrard, Linda | | ATTACHMENT TO REQUEST FOR ADDITIONAL INFORMATION (BB-44 THROUGH BB-45) | Deliberative Process Privilege |
| 1IRS0680 | 1IRS0885 | 6 | 12/16/2004 | Spartlin, Dwight | Denard, Paul; Singleton, Henry; Rule, Peggy | Alvarado, Peter S; Jardini, Nancy J; John, H Imhoff, Speier, Richard; Thomas, Michael J; Tinagero, Margaret | Distribution of Attached Memorandum dated December 16, 2004 relating to Restrictions on Investor and Promoter Examinations. | Deliberative Process Privilege |
| 1IRS0892 | 1IRS0892 | 1 | 8/9/2004 | Halpert, Michael | Morrill, Debra | | KPMG's SOS Transaction Relating to Richard & Maureen Egan. | Deliberative Process Privilege |

PAGE 1 OF 9

UPDATED PRIVILEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS0717 | 1IRS0726 | 10 | 6/4/2004 | Adelberg, Dianne | Melon, Jesus | Russ, Cary; Connard, Stewart W; Oakes, Rodney E; Wilson, Bill; Calewarts, Ronald L | Internal chain of IRS emails about "Foreign Joint Ventures, Foreign Partnership." | Deliberative Process Privilege |
| 1IRS0954 | 1IRS0954 | 1 | 3/15/2005 | Letkewicz, Larry | Morrill, Debra | Aleta, John; Gannon, Richard H; Merkle, William G; Fee, James C | IRS Internal e-mail from counsel re issuance of FPAA | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1154 | 1IRS1154 | 1 | 4/8/2004 | Conway, William | File | | Handwritten note reflecting discussion with other IRS employees re classification of case. | Deliberative Process Privilege |
| 1IRS1155 | 1IRS1155 | 1 | 4/26/2004 | Morrill, Debra | File | | Handwritten notes about classification of case. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1157 | 1IRS1157 | 1 | 5/25/2004 | Morrill, Debra | Conway, William | | IRS Internal e-mail re search of KPMG promoter records | Deliberative Process Privilege |
| 1IRS1158 | 1IRS1158 | 1 | 5/20/2004 | Aleta, John | Conway, William | | IRS Internal e-mails between William Conway and John Aleta, IRS Counsel, re copy of Egan documents produced to Alpha promoter team | Deliberative Process Privilege |

PAGE 2 OF 9

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|-------|-------|--------------|------|--------|-----------|---------|-------------|-----------|
| 1IRS1161 | 1IRS1166 | 6 | 4/1/2004 | Howell, Woody | Chan, Mark | Chaback, Patricia; Shott, Barry | IRS e-mail last dated 4/6/04 with Egan content on 4/1/04 re "Fraudulent tax shelter transaction," describing apparent steps to conceal transaction | Deliberative Process Privilege |
| 1IRS1167 | 1IRS1169 | 3 | 3/8/2004 | Brazzil, Robert E; Rule, Peggy G | All SBSE and LMSB Personel | | IRS Memo dated 3/8/4 from IRS counsel to all SBSE and LMSB personnel re "Direction to Halt Certain Activity on Notice 2000-44 (Son of Boss) Cases and Other Shelter Issues on Son of Boss Investors" | Deliberative Process Privilege |
| 1IRS1176 | 1IRS1176 | 1 | 5/00/04 | Conway, William | File | | Conact information for IRS employee with handwritten notes | Deliberative Process Privilege |
| 1IRS1179 | 1IRS1182 | 4 | 7/19/2004 | Denard, Paul | All LMSB Personnel | Rule, Peggy; Gee, Robert; Whalin, Michael; Reed, Donna; Jaramilo, Mark; Thomas, Michael; Barral, Roland; Mattson, Cynthia | Revised and Updated Direction to Halt Activity on Promoter Matters. | Deliberative Process Privilege |
| 1IRS1206 | 1IRS1214 | 9 | 9/00/2004 | Conway, William | | | IRS Form 8340, PCS TEFRA Establish or Add, for Fidelity International; K-1 Reconciliation | Deliberative Process Privilege |

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS1265 | 1IRS1267 | 3 | 9/17/2004 | Morrill, Debra | Aletta, John | | IRS memo requesting advice from IRS Counsel Aletta | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1268 | 1IRS1270 | 3 | 9/17/2004 | Morrill, Debra | Aletta, John | | IRS memo requesting advice from IRS Counsel Aletta | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1435 | 1IRS1439 | 5 | 9/00/2004 | IRS Examiner | | | Fidelity International IRS Notice 2000-44 checklist ; penalty notes | Deliberative Process Privilege |
| 1IRS1442 | 1IRS1442 | 1 | 9/00/2004 | | | | Fidelity International Miscellaneous 2000-44 transaction: Lead Sheet | Deliberative Process Privilege |
| 1IRS1471 | 1IRS1473 | 3 | 9/17/2004 | Morrill, Debra | Aletta, John | | IRS memo requesting advice from IRS Counsel Aletta | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1476 | 1IRS1476 | 1 | 2/17/2005 | Fee, James | Maselli, Joseph; Lanning, James; Sterner, Christopher; Zamolo, Paul; Schmidt, Scott; Singleton, Henry; Zelnik, Jonathan | Merkle, William; Gannon, Richard; Woods, Jadie; Lin, Katy; Kiger Cheryl; Wilson, Bill; Ellison, Christine | IRS internal e-mail reflecting legal advice of IRS Counsel Fee. | Deliberative Process Privilege; Attorney Client Privilege |

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|-------|-------|--------------|------|--------|-----------|---------|-------------|-----------|
| 1IRS1477 | 1IRS1477 | 1 | 2/21/2005 | Fee, James | Morrill, Debra; Conway, William | Aleta, John; Gannon, Richard | IRS Internal e-mail reflecting advice of IRS Counsel Fee. | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1478 | 1IRS1478 | 1 | 2/18/2005 | Gannon, Richard | Fee, James | Garcia-Pages, Sergio; Aleta, John; Conway, William; Patterson, Donald; Baryza, Kathleen; Grote, Ronald; Smathers, Lenny; Estrada, Anamaria; Bellovary, Joan; Mueller, Leslie; Reinhard, Rose; Krueger, Grant; Tarras, William; Frost, Mark | IRS Internal email reflecting legal advice of IRS Counsel Gannon and Fee | Deliberative Process Privilege; Attorney Client Privilege |
| 1IRS1479 | 1IRS1479 | 1 | 3/4/2005 | Gormley Michele J | Conway, William | | IRS internal e-mail form IRS counsel Michele Gormley re "Privilege Case" | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 1IRS1489 | 1IRS1491 | 3 | 9/13/2004 | Morril, Debra | Conway, William; Corrigan, Mark; MacIntyre, Peter | | IRS Internal e-mail chain dated 9/13/04 forwarding advice from counsel re SOS Version III | Deliberative Process Privilege; Attorney Client Privilege |

UPDATED PRIVILEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1IRS1863 | 1IRS1877 | 15 | 09/00/2004 | MacIntyre, Peter; Conway, William | Egan, Michael; Shea, Pat | | Drafts of IDRs that were not issued | Deliberative Process Privilege |
| 5IRS00001 | 5IRS00006 | 6 | 4/6/2006 | Khatib, Firdosa | Hicks, Matt | | Letter from IRDS to USDOJ enclosing documents. | Deliberative Process Privilege; Attorney Client Privilege |
| 5IRS01892 | 5IRS01903 | 12 | 6/8/2004 | Heilprin, Joel | McKinney, Tom | Tan, Mox | Other taxpayer information | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 5IRS01905 | 5IRS01925 | 21 | 6/15/2004 | Heilprin, Joel | Tan, Mox | | Other taxpayer information | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 5IRS02781 | 5IRS02946 | 166 | 1/29/2003 | Highfinl, Mitch | Rolfes, John | | Documents concerning taxpayer other than Egan. Email and documents regarding Joseph C. Lewis, RISON INC, and Isleworth Foundation, Inc. | |
| 7IRS00001 | 7IRS000010 | 10 | 5/23/2006 | Holliday, Blaine C | Hicks, Matt | | Response to DOJ search requests | Attorney Client |
| 7IRS00014 | 7IRS00018 | 5 | 5/10/2006 | Carillo, Sally | Holliday, Blaine C | | Response to DOJ search requests | Attorney Client |
| 7IRS00806 | 7IRS00815 | 10 | 2/24/2006 | White & Case | Rosen, Daniel | | Letter from counsel for Alpha to IRS | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS01199 | 7IRS01206 | 8 | 9/29/1999 | | | | Copies of news articles produced by KPMG to IRS | 26 U.S.C. Sec. 6103 Other taxpayer Information |

## UPDATED PRIVILEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 7IRS01207 | 7IRS01258 | 52 | | | | | Bryan Cave opinion re Worldcom merger | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS01282 | 7IRS01308 | 27 | 9/12/2001 | Hubacher | Ahren, Jim | | Memo re Leverage Lease Portfolio | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS02560 | 7IRS02574 | 15 | 9/30/2001 | KPMG | | | List of clients and within Stratecon Federal Tax Practice as of 9/30/01 | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS03387 | 7IRS03421 | 35 | | KPMG | | | List of KPMG clients, address, transaction type, and company contact [KPMG/09-04/0001] | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS05017 | 7IRS05017 | 1 | | | | | Handwritten notation of the name GN Investments, LLC | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS07737 | 7IRS07737 | 1 | 11/28/2001 | Parson, Rachel | Rosenberg, Mark | | Fax transmittal | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 7IRS07738 | 7IRS07738 | 1 | 11/28/2001 | Parson, Rachel | Rosenberg, Mark | | Fax transmittal | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 8IRS00001 | 8IRS00001 | 1 | 6/15/2006 | Holiday, Blaine C | Hicks, Matt | | Response to DOJ search requests | Attorney Client |
| 8IRS00003 | 8IRS00004 | 2 | 6/29/2003 | | | | Other taxpayer information | 26 U.S.C. Sec. 6103 Other taxpayer Information |

UPDATED PRIVLEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 8IRS00162 | 8IRS00167 | 6 | 5/23/2006 | | | | Analysis of GT documents per DOJ doucment request | Attorney Client; Work Product |
| 8IRS277 | 8IRS3615 | 3339 | | | | | Other taxpayer information | 26 U.S.C. Sec. 6103 Other taxpayer Information |
| 9IRS00001 | 9IRS00001 | 1 | 6/23/2006 | | | | Response to request for information | Deliberative Process Privilege; Attorney Client Privilege |
| 10IRS00001 | 10IRS00001 | 1 | 7/11/2006 | Holliday, Blaine C | Hicks, Matt | | Response to request for information | Deliberative Process Privilege; Attorney Client Privilege |
| 11IRS00001 | 11IRS00003 | 1 | 7/19/2006 | Holliday, Blaine C | Hicks, Matt | | Three page facsimile response to request for information re Mahoney | Attorney Client Privilege; work product; 6103(h)(7) - redacted copy to be produced |
| 12IRS00002 | 12IRS00005 | 4 | 8/7/2006 | Hicks, matt | Mae, Lew | Denis, Mcsweeney; Hicks, Matthew C; Mark, Miller; michele.j.gormle y@irscounsel.tre as.gov | FW: Time-sensitive Request | Attorney Client; Work Product |
| 12IRS00343 | 12IRS0351 | 7 | 07/00/2004 | Macintyre, Peter | File | | Notes on case actions and chronology of transactions. | Deliberative Process Privilege |
| 13IRS00308 | 13IRS00310 | 3 | 09/17/04 | | | | Request for Advice | Attorney Client; Deliberative Process |

# UPDATED PRIVILEGE LOG OF THE UNITED STATES AS OF 2/20/07

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 13IRS00312 | 13IRS00312 | 1 | 02/21/05 | James, Fee | Debra, Morrill; William, Conway | John, Aletta; Richard, Gannon | Egan Case | Attorney Client; Deliberative Process |
| 13IRS00688 | 13IRS00688 | 1 | 12/13/05 | Debra, Morrill; Morrill, Debbie | William, Conway | | FW: Request for Assistance with Subsequent Year SoB-Hybrid case | Attorney Client; Deliberative Process |
| 13IRS00689 | 13IRS00690 | 2 | 12/13/05 | Debra, Morrill; James, Fee; Morrill, Debbie | Debra, Morrill; William, Conway | | FW: Request for Assistance with Subsequent Year SoB-Hybrid case | Attorney Client; Deliberative Process |
| 13IRS00250 | 13IRS00259 | 9 | 9/00/2004 | Conway, William | | | IRS Form 8340, PCS TEFRA Establish or Add, for Fidelity International; K-1 Reconciliation | Deliberative Process Privilege |
| 13IRS00308 | 13IRS00310 | 3 | 9/17/2004 | Morrill, Debra | Aletta, John | | IRS memo requesting advice from IRS Counsel Aletta | Deliberative Process Privilege; Attorney Client Privilege |
| 13IRS00548 | 13IRS00551 | 5 | 9/00/2004 | IRS Examiner | | | Fidelity International IRS Notice 2000-44 checklist ; penalty notes | Deliberative Process Privilege |
| 14IRS00001 | 14IRS00010 | 10 | 09/14/06 | Miller, Mark J., Associate Area Counsel | Hicks, Matt | | | Attorney Client; Work Product |
| [no assigned bates] | | | 5/17/2004 | | | | Internal IRS email described in The New York Times article dated 9/17/04 | Deliberative process; Other taxpayer information under 26 U.S.C. 6103 |

Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) ) |

Case No. 05-40151-FDS
06-40130-FDS

**UNITED STATES' RESPONSE TO PLAINTIFF'S SIXTH SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 52-66**

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and Rule 34.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Sixth Set of Requests for Production of Documents Nos.

52-66 as follows:

**GENERAL OBJECTIONS**

1.     The United States objects to these requests to produce on the ground that the

materials requested are not relevant to this action and are also not reasonably calculated to lead to

the discovery of admissible evidence in this suit for adjustment of a final partnership

administrative adjustment (FPAA).  In a federal tax case, any challenge by a taxpayer to the

Commissioner's determination that taxes are owing must be resolved in a trial *de novo*, rather

than by review of an existing administrative record.  *See e.g., Revell, Inc. v. Riddell*, 273 F.2d

649, 658-59 (9th Cir. 1959); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28

1

2413470.11

(1974). An FPAA is the equivalent of a notice of deficiency in a refund action. *In re G-1 Holdings, Inc.*, Civ. No. 02-03082 (WGB) (D.N.J. July 16, 2004). In a TEFRA proceeding, the partner must establish that the original return was correct, which, in turn, requires the court to apply the law to the facts of the case. The reasons for the Commissioner's determination are not relevant because the court does not review the administrative policy and procedure of that determination. *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-2.

The United States also objects to those requests that ask for documents relating to IRS Notice 2000-44 and other internal IRS documents, which would include internal IRS and Treasury memoranda and analyses, because they seek internal documents containing opinions, interpretations, and deliberations of IRS and Treasury employees. Such documents have been repeatedly held to be neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in a federal tax suit, and thus not discoverable. *Evergreen Trading, LLC v. United States*, ( No. 06-123, Fed. Cl.), *Stobie Creek Investments, LLC v. United States*, (05-748 T, Fed. Cl.); *Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987); *ISI Corporation v. United States*, 503 F.2d 558, 559 (9th Cir. 1974), *aff'g*, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Vienna Sausage Manufacturing Co. v. United States*, (Civil No. 81-C-6942, USDC N.D. Ill. June 9, 1983); *Garrity v. United States*, 46 A.F.T.R.2d 80-5145 (E.D. Mich. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Cf. Hernandez v. Commissioner*, 490 U.S. 703 n.13 (1989)("[i]n ascertaining the IRS' justifications for its administrative practice, our practice is to rely on the agency's official rulings, not on the unofficial interpretations of particular IRS officials.")

2

2413470.11

2.      The United States also objects to the production of many of the materials requested on the ground that they are protected from disclosure by the governmental deliberative process privilege.  In federal tax cases, the governmental deliberative process privilege has been held to preclude discovery of IRS employees' predecisional opinions and deliberations. *ISI Corporation v. United States*, 503 F.2d 558, 559 (9th Cir. 1974), *aff'g*, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Weir Foundation v. United States*, 508 F.2d 894, 895 n.2 (2d Cir. 1974), *aff'g*, 72-1 U.S.T.C. ¶8,435 (S.D.N.Y. 1972); *Piks Corp. v. United States*, 50 A.F.T.R.2d 82-5230 (N.D. Ohio 1982); *Rodgers v. Hyatt*, 91 F.R.D. 399, 404-06 (D. Colo. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77 (S.D.N.Y. 1970).  *Cf. Green v. Internal Revenue Service*, 556 F. Supp. 79, 84-85 (N.D. Ind. 1982), *aff'd* 734 F.2d 18 (7th Cir. 1984)(FOIA action).

The governmental deliberative process privilege is a qualified privilege, which generally exempts from disclosure communications that are part of the decision-making process of a governmental agency. *NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-152*; *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993).  The privilege is designed to encourage frank and uninhibited communication among governmental officials in the course of creating public policy. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 151-152; *Enviro Tech Intern., Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004).

Where the privilege applies to materials requested to be produced, a court must balance the purpose of the privilege against the "objective" need (if any) for the information in the litigation. *United States v. Leggett and Platt, Inc.*, 542 F.2d 655, 658-59 (6th Cir. 1976).  Where the materials requested to be produced are "objectively" irrelevant to the resolution of any of the

3

issues in the litigation, as those requested here, the party requesting the documents cannot, as a matter of law, make a showing of need. *United States v. Leggett and Platt, Inc.*, 542 F.2d at 658-59.

       3.     The United States also objects to the requests as overly burdensome. In determining whether documents are predecisional and deliberative, and therefore, subject to the governmental deliberative process privilege, the agency first considers whether the document falls within the scope of the deliberative process privilege; that is, whether the document was generated before the adoption of an agency policy or position and whether the document reflects the give-and-take of the consultation process leading up to the formulation of an agency policy or position. The agency also considers whether the document is recommendatory in nature or is a draft of what may become a final document whether the document weighs the pros and cons as to the agency's ultimate adoption of one viewpoint or another; and whether the material is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency.

       4.     The United States also objects to the requests as seeking documents subject to the work product privilege. The work product privilege "protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party." *State of Maine v. U.S. Dept. of Interior*, 298 F.3d 60, 66 (1st Cir. 2002). *See also* Fed. R. Civ. Pro. 26(b)(3). The Court of Federal Claims recently held that documents prepared by the IRS during the audit process can compromise work product when it is reasonably anticipated that litigation would ensue at the time the audit began. *Deseret Mgmt. Corp. v. United States*, 2007 U.S. Claims LEXIS 92 (Fed. Cl., Mar. 29, 2007).

2413470.11

5. The United States also objects to the requests to the extent they seek return information that is protected under 26 U.S.C. § 6103.

## RESPONSE TO REQUESTS

<u>Request No. 52</u>: All records, documents, and materials collected, created, or maintained by or on behalf of the following individuals in the performance of their duties, including correspondence to or from those individuals, that relate to or reference Samuel Mahoney:

- David N. Brodsky
- Linda M. Garrad
- Michelle J. Gormley
- Robert H. Green
- James D. Hill
- Blaine Holiday
- Cheryl Keiger
- Stanley P. Locke
- Denis P. McSweeney
- Carol Poindexter
- Sidney S. Saewitz
- Michael M. Whalin

<u>Response to Request No. 52</u>: The United States objects to this request to produce on the ground that the materials requested from IRS personnel, including IRS attorneys, are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The United States further objects upon the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials or documents protected by the deliberative process privilege or the attorney-client privilege. Further, the United States states that some of the names listed appear to have been misspelled and objects to this request upon the ground that it is also vague and ambiguous. The United States also objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.

5

<u>Request for Production No. 53</u>:  All records, documents, notes, and materials collected, created, or maintained by the Internal Revenue Service in connection with the Irish Revenue Authority's investigation of Samuel Mahoney.

   <u>Response to Request No. 53</u>:  The United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  The United States further objects upon the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials or documents protected by the deliberative process privilege or the attorney-client privilege.  Notwithstanding and without waiving the foregoing objection, the United States avers that the plaintiff already possesses the responsive and non-privileged documents in the defendant's possession, custody, and control.

<u>Request No. 54</u>: All records, documents, and materials collected, created, or maintained by the Internal Revenue Service identifying Samuel Mahoney's tax advisors referenced in Bates-numbered document 12IRS00057.

   <u>Response to Request No. 54</u>:  The United States objects  to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  The United States further objects upon the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials or documents protected by the deliberative process privilege or the attorney-client privilege.   Notwithstanding and without waiving the foregoing objections, the United States avers that it has not located any such documents, but that it will supplement in the

6

2413470.11

event it locates documents responsive to this request.

Request No. 55: The "Penalty Approval Form" for FICA A Fund's 2001 tax year, and any other penalty approval forms created in connection with the audits of FICA A Fund or Fidelity High Tech.

Response to Request No. 55: The United States objects to this request to produce because it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine. Further, the United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the United States objects to this request on the ground that it is overbroad and unduly burdensome. The United States also objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.

Request No. 56: All documents created, prepared, or collected by Mark Corrigan in connection with the audit of FICA A Fund including, but not limited to the following: the information referenced on Bates-numbered pages 1IRS1130 in the 6/15/04 entry ("Went through information that Mark Corrigan put together."); the write up referenced on Bates-numbered page 1IRS1133 in the 1/26/05 entry ("Received Mark Corrigans [sic] wwitup [sic]"); and the analysis of transactions referenced on Bates-numbered page 13IRS00225 in the 8/29/05 entry ("Mark Corrigan has provided analysis of transactions.").

Response to Request No. 56: The United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The United States also objects to this request to

7

the extent it seeks return information that is protected under 26 U.S.C. § 6103. Without waiving

these objections, the United States is producing non-privileged documents or portions of

documents received from Mark Corrigan, along with a supplemental privilege log identifying

those documents being withheld upon a claim of privilege.

Request No. 57: All documents, postings, and other materials contained on the "SOB website" referenced on Bates-numbered page 13IRS00226 in the 12/7/05 entry ("Researched SOB website for any updates.").

    Response to Request No. 57: The United States objects to this request to produce because

it seeks documents that are protected by the deliberative process privilege, the attorney-client

privilege, and the attorney work product doctrine. Further, the United States objects to this

request to produce on the ground that the materials requested are not relevant to the subject

matter of this litigation and are not reasonably calculated to lead to the discovery of admissible

evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the

United States objects to this request on the ground that it is overbroad and unduly burdensome.

The United States also objects to this request to the extent it seeks return information that is

protected under 26 U.S.C. § 6103.

Request No. 58: Copies of the Request for Advice and the response from Counsel regarding whether the transaction under audit was substantially similar to transactions described in Notice 2000-44 referenced in Bates-numbered document 13IRS00269.

    Response to Request No. 58: The United States objects to this request to produce because

it seeks documents that are protected by the deliberative process privilege, the attorney-client

privilege, and the attorney work product doctrine. Further, the United States objects to this

request to produce on the ground that the materials requested are not relevant to the subject

matter of this litigation and are not reasonably calculated to lead to the discovery of admissible

evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Further, the

United States objects to this request on the ground that it is overbroad and unduly burdensome.

The United States also objects to this request to the extent it seeks return information that is

protected under 26 U.S.C. § 6103.


Request No. 59: All records, documents, and materials collected, created, or maintained by the
Internal Revenue Service relating to "Son of Boss Structure: Scenario III," which is illustrated in
Bates-numbered documents 1IRS1481.

    Response to Request No. 59: The United States objects to this request to produce because

it seeks documents that are protected by the deliberative process privilege, the attorney-client

privilege, and the attorney work product doctrine.  Further, the United States objects to this

request to produce on the ground that the materials requested are not relevant to the subject

matter of this litigation and are not reasonably calculated to lead to the discovery of admissible

evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Further, the

United States objects to this request on the ground that it is overbroad and unduly burdensome.

The United States also objects to this request to the extent it seeks return information that is

protected under 26 U.S.C. § 6103.


Request No. 60: All records, documents, and materials collected, created, or maintained by the
Internal Revenue Service relating to Son of Boss Structure: Scenario I and Son of Boss Structure:
Scenario II.

    Response to Request No. 60: The United States objects to this request to produce because

2413470.11

it seeks documents that are protected by the deliberative process privilege, the attorney-client

privilege, and the attorney work product doctrine. Further, the United States objects to this

request to produce on the ground that the materials requested are not relevant to the subject

matter of this litigation and are not reasonably calculated to lead to the discovery of admissible

evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the

United States objects to this request on the ground that it is overbroad and unduly burdensome.

The United States also objects to this request to the extent it seeks return information that is

protected under 26 U.S.C. § 6103.


Request No. 61: All records, documents, and materials collected, created, or maintained by the
Internal Revenue Service relating to Hybrid SOB, referenced in Bates-numbered document
1IRS0686.

   Response to Request No. 61: The United States objects to this request to produce because

it seeks documents that are protected by the deliberative process privilege, the attorney-client

privilege, and the attorney work product doctrine. Further, the United States objects to this

request to produce on the ground that the materials requested are not relevant to the subject

matter of this litigation and are not reasonably calculated to lead to the discovery of admissible

evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the

United States objects to this request on the ground that it is overbroad and unduly burdensome.

The United States also objects to this request to the extent it seeks return information that is

protected under 26 U.S.C. § 6103.

2413470.11

Request No. 62: All records, documents, and materials collected, created, or maintained by the Internal Revenue Service relating to any Scenario of the Son of Boss Structure, including hybrids of the Son of Boss structure, not identified in the three prior requests.

Response to Request No. 62: The United States objects to this request to produce because it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine. Further, the United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the United States objects to this request on the ground that it is overbroad and unduly burdensome. The United States also objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.

Request No. 63: All records, documents, and materials collected, created, or maintained by the Internal Revenue Service relating to SOS Version III, referenced in the description of Bates-numbered privilege-log entry 1IRS1489-1IRS1491.

Response to Request No. 63: The United States objects to this request to produce because it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine. Further, the United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the United States objects to this request on the ground that it is overbroad and unduly burdensome. The United States also objects to this request to the extent it seeks return information that is

11

protected under 26 U.S.C. § 6103.

Request No. 64: All records, documents, and materials collected, created, or maintained by the Internal Revenue Service relating to SOS Version I and SOS Version II.

Response to Request No. 64: The United States objects to this request to produce because

it seeks documents that are protected by the deliberative process privilege, the attorney-client

privilege, and the attorney work product doctrine. Further, the United States objects to this

request to produce on the ground that the materials requested are not relevant to the subject

matter of this litigation and are not reasonably calculated to lead to the discovery of admissible

evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the

United States objects to this request on the ground that it is overbroad and unduly burdensome.

The United States also objects to this request to the extent it seeks return information that

is protected under 26 U.S.C. § 6103.

Request No. 65: All records, documents and materials collected, created, or maintained by the Internal Revenue Service relating to any SOS Version not identified in the two prior requests.

Response to Request No. 65: The United States objects to this request to produce because

it seeks documents that are protected by the deliberative process privilege, the attorney-client

privilege, and the attorney work product doctrine. Further, the United States objects to this

request to produce on the ground that the materials requested are not relevant to the subject

matter of this litigation and are not reasonably calculated to lead to the discovery of admissible

evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the

United States objects to this request on the ground that it is overbroad and unduly burdensome.

12

2413470.11

The United States also objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.

Request No. 66: The following Bates-numbered documents:

- 2IRS0001-2IRS0002
- 3IRS0001-3IRS0002
- 4IRS0001
- 6IRS0001-6IRS0002
- 8IRS0002
- 13IRS00250-13IRS00259

Response to Request No. 66: The United States objects to this request to produce because it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine and/or are listed on the United States' updated privilege log. Further, the United States objects to this request to produce on the ground that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Dated: April 19, 2007

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

*Heather L. Richtarcsik*

HEATHER L. RICHTARCSIK
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2822
E-mail: heather.l.richtarcsik@usdoj.gov

13

2413470.11

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing **UNITED STATES'**

**RESPONSE TO THE PLAINTIFF'S SIXTH SET OF REQUESTS FOR PRODUCTION**

**OF DOCUMENTS NOS. 52-66** has been made upon the following by depositing a copy in the

United States mail, postage prepaid, this 19th day of April, 2007 and by sending it via Federal

Express, Overnight Mail:

> David J. Curtin, Esquire
> MCKEE NELSON LLP
> 1919 M Street, N.W., Suite 200
> Washington, D.C.  20036

*Heather L. Richtarcsik*
HEATHER L. RICHTARCSIK
Trial Attorney, Tax Division

14

2413470.11

# Exhibit F

# McKee Nelson LLP

Ronald L. Buch
Direct Dial: (202) 327-2078
rbuch@mckeenelson.com

Correspondence from:
> WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile* 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile* 917.777.4299

April 23, 2007

**FEDERAL EXPRESS**

John A. Lindquist, III
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 7836
Washington, D.C. 20001

> Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States,*
>        Nos. 05-40151 & 06-40130 (D. Mass.).

Dear John:

On Friday, we received your response to our Sixth Set of Requests for Production of Documents, which was originally due on April 2, 2007. We agreed to extend the deadline to April 13, 2007, and when the production was not ready on that date, we once again agreed to extend the deadline to April 19, 2007. In light of the two extensions we granted you, we expected to receive a complete response. To the contrary, your production of documents and a privilege log responded to only one of the fifteen requests. After reviewing that limited production, it is clear that it is deficient in several respects.

Assertions of Burdensomeness: In response to every request for production, you object on the grounds that the request "is overbroad and unduly burdensome." Many of the requests, however, are very specific and seek documents that are clearly missing from previous productions. For example, Request for Production No. 55 seeks the "Penalty Approval Form" for FICA A Fund's 2001 audit year and for Fidelity High Tech. This same form was produced for the 2002 audit year of FICA A Fund (also undercutting any claim of relevance or privilege). Similarly, Request for Production No. 58 seeks the "Request for Advice" issued in connection with the audit of FICA A Fund and identifies a produced document that references the "Request for Advice." Finally, Requests for Production Nos. 57, 58, 59, 61, and 63 all identify specific documents produced by the Government referencing the documents sought by those requests. Where documents are identified with such specificity, any objections on the grounds that the requests are *overbroad* and *unduly burdensome* are inappropriate.

John A. Lindquist, III
April 23, 2007
Page 2

Documents Concerning Samuel Mahoney: Failing to produce or identify documents in response to Requests for Production Nos. 52, 53, and 54 is inconsistent with the positions you previously asserted in this same case. These requests all seek documents relating to Samuel Mahoney. You have moved the Court to issue letters rogatory to the judicial authority in Ireland for purposes of seeking documents and depositions from Samuel Mahoney, Martin Hawkes, and John Hussey relating to a wide variety of topics. In your motion papers, you state the reasons why Samuel Mahoney and documents relating to Samuel Mahoney are "highly relevant" to this case. With this being your stated position, it is paradoxical that you would now claim that documents in your own possession relating to Samuel Mahoney are not relevant.

Files of Mark Corrigan: The production of documents in response to Request For Production No. 56, which sought documents from the files of Mark Corrigan relating to FICA A Fund, causes concern both because those documents should have been produced in response to previous discovery requests and because this production reinforces our belief that the files of other IRS representatives who worked on the FICA A Fund audit have not been adequately searched or produced. The documents from Mark Corrigan's files, as well as documents from the files of individuals identified in Requests for Production Nos. 7, 8, and 52, should have been produced in response to Request for Production No. 5, which was served more than a year ago on March 28, 2006, and which sought:

> [a]ll records, documents, and materials created or maintained by the IRS in connection with its examination of the FICA A Fund transaction at issue in this case, including but not limited to notes and other writings or communications created by each examining agent or other IRS representative who devoted time to the matter.

"SOB Website" Documents: In response to Request for Production No. 57, you assert that you are not producing any documents from the "SOB website" on the grounds that such documents are privileged or irrelevant. Your objections on the grounds of relevancy are belied by the fact that you have, in fact, produced some documents from the SOB website that were located in Mark Corrigan's files. Moreover, such documents are not privileged as is evidenced by the fact that the IRS has produced numerous documents from the SOB website in response to a FOIA request made prior to the filing of this case.

Inadequate Privilege Log: The privilege log you produced in response to Request for Production No. 56 is inadequate and fails to comply with Federal Rule 26(b)(5) because it lacks essential elements, including the subject matter, for multiple items. *See* United States' Privilege Log for Corrigan Documents, Doc. Nos. 1, 13, 14, 15, and 45.

John A. Lindquist, III
April 23, 2007
Page 3

Moreover, you have included on your privilege log documents that you have produced.[1] A review of those documents does not reveal any viable privilege. However, if it is your positions that these documents were inadvertently produced, please advise us of that fact.

    <u>Request for Advice Regarding Classification of FICA A Fund</u>  The "Request for Advice" sought by Request for Production No. 58 was previously identified on a privilege log. Thus, your assertion that it is not relevant is inconsistent with your identification of its existence in response to previous discovery requests. Moreover, any privilege that may have attached to the "Request for Advice" has been waived in light of the fact that an IRS representative provided a summary of its substance to representatives of Plaintiff. This is documented in the IRS's own files. *See* Bates No. 1IRS1131 (9/15: "CONFERENCE CALL HELD WITH MONACO SHEA DEBRA MORRILL AND MYSELF. Discussing memo that was prepared and sent up.").

    <u>SOB Structures:</u>  Requests for Production Nos. 59-65 all seek documents concerning structures identified in documents previously produced in response to Plaintiff's discovery requests. These documents are relevant to whether FICA A Fund is substantially similar to a transaction described in Notice 2000-44, which both parties acknowledge is an issue in this case. Non-privileged documents responsive to this request exist, as evidenced by the production of documents that are responsive to these requests by the IRS in response to a FOIA request.

    <u>Bates Gaps:</u>  The Bates-numbered documents identified in Request for Production No. 66 are not identified on a privilege log and are conspicuously absent from prior productions. Conclusory assertions that the documents are privileged and not relevant are not sufficient.

    Please inform us of your position with respect to these issues as soon as possible. We would like to meet and confer to discuss these issues following the status conference with the Court on May 1, 2007. If that date is not suitable, we would like to meet no later than May 4, 2007.

                                    Sincerely,

                                    Ronald L. Buch, Jr.

---

[1] For example, the document identified on United States' Privilege Log for Corrigan Documents at Doc. No. 41 appears to be the same document that was produced at Bates No. 1IRS1481 and is explicitly referenced in Request for Production No. 59. *See also* Doc. Nos. 24, 36, and 44, which appear to have been produced at Bates Nos. 1CORRIGAN-000052, 1CORRIGAN-000337, and 13IRS00584, respectively.

# Exhibit G

# McKee Nelson LLP

*Correspondence from:*
> WASHINGTON, DC

RONALD L. BUCH, JR.
Direct Dial: (202) 327-2078
rbuch@mckeenelson.com

NEW YORK, NY

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile* 202.775.8586

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile* 917.777.4299

May 11, 2007

**VIA FEDERAL EXPRESS**

Dennis M. Donohue
U.S. Department of Justice
555 Fourth Street, N.W., Suite 7204
Washington, DC 20001

> Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States,*
> Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Donohue:

On May 8, 2007, we held a conference pursuant to LR 37.1 concerning the discovery disputes that were outlined in my letter of April 23, 2007. During that meeting, you agreed to search for additional documents that are responsive to certain of our discovery requests. This letter provides you with more specific information to assist you in this regard.

In our meeting, we discussed specific examples illustrating the inadequacy of the IRS's search for documents responsive to our requests. In particular, Request for Production No. 5 requested all documents created or maintained by the IRS in connection with the examination of FICA A Fund. Based on the documents produced to date and the deposition testimony of Messrs. Corrigan and Conway, it is clear that the agency has not adequately searched its records, but merely produced the exam file. We understand that the Department of Justice merely forwarded our request to the IRS, and that you do not know the scope of the agency's search. You agreed to ask the IRS to search the paper and electronic files of specific individuals we list for you. Our list is attached.

Similarly, we discussed the inadequacy of the search for documents relating to Samuel Mahoney. In particular, Request for Production No. 52 requested documents collected, created, or maintained by specified individuals that relate to or reference Samuel Mahoney. You agreed to resubmit the list of individuals to the IRS so that the IRS may ask each individual for information in their possession regarding Mr. Mahoney. We have once again identified those individuals on the attached list for your convenience.

McKEE NELSON LLP
*Attorneys at Law*
**www.mckeenelson.com**

Dennis M. Donohue
May 11, 2007
Page 2

We further request that the agency perform a more complete search, generally. The lists we have attached are based on the information we have received to date, and we cannot know whether these lists are exhaustive. The burden of identifying the files to be searched does not, and should not, fall on the party making the request. Our obligation is to sufficiently describe the documents sought, which we have done in our original and our follow-up requests.

In addition to the adequacy of your searches, we also discussed the IRS's waiver of any privilege that may have once applied to the Request for Advice sought by Request for Production No. 58. Waiver is evidenced by a phone call documented in the Examining Officer's Activity Record. You agreed to contact the IRS to confirm that this conversation occurred and its content. Please let us know whether you will produce this document.

The other significant discovery-related issue we discussed was our request for the IRS examination files relating to the other taxpayers who you identified in your subpoenas to third parties. You informed us that the IRS is reviewing the files of the fifty-seven taxpayers, who you contend to be part of a pattern, to determine whether those files may be released to the Department of Justice. You agreed to ask the IRS when it expects to complete the review and to inform us of the date. In order to keep discovery moving in this case, we believe the IRS should complete its review and we should be provided with all documents your client is willing to disclose no later that June 10, 2007.

Please feel free to contact me if you have any questions.

Sincerely,

Ronald L. Buch, Jr.

Attachment

cc:    John A. Lindquist, III
       Barry E. Reiferson
       Heather L. Richtarcsik

*Attachment to Letter from Ronald L. Buch Jr. to Dennis M. Donohue dated May 11, 2007*

<u>IRS Representatives Having Information Relating to the FICA A Fund Audit</u>

- John Aletta
- David N. Brodsky
- Mark Chan
- Mark A. Corrigan
- William K. Conway
- Christine E. Ellison
- James C. Fee
- Richard H. Gannon
- Linda M. Garrard
- Michele J. Gormley
- Robert H. Green
- Walter F. Heinemann
- James ("Jim") D. Hill
- Blaine C. Holiday
- William Kahnke
- Cheryl R. Kiger
- John C. Klotsche
- Larry C. Letkewicz
- Stanley P. Locke
- Peter D. MacIntyre
- Heather Malloy
- Joseph F. Maselli
- Denis P. McSweeney
- William G. Merkle
- Cheryl J. Miller
- Debra ("Debbie") E. Morrill
- Carol Poindexter
- Sidney S. Saewitz
- Henry V. Singleton
- Tara P. Volungis
- Michael M. Whalin
- Bill Wilson
- Jadie T. Woods
- Donna Marie Young
- Jonathan R. Zelnik

## IRS Representatives Having Information Regarding Samuel Mahoney

- David N. Brodsky
- Linda M. Garrard
- Michele J. Gormley
- Robert H. Green
- James ("Jim") D. Hill
- Blaine C. Holiday
- Cheryl R. Kiger
- Stanley P. Locke
- Peter D. MacIntyre
- Denis P. McSweeney
- Carol Poindexter
- Sidney S. Saewitz
- Michael M. Whalin

# Exhibit H

# McKee Nelson LLP

**Ronald L. Buch, Jr.**
Direct Dial: (202) 327-2078
rbuch@mckeenelson.com

*Correspondence from:*
> WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile* 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile* 917.777.4299

May 17, 2007

<u>**VIA FEDERAL EXPRESS**</u>

Dennis M. Donohue
U.S. Department of Justice
555 Fourth Street, N.W., Suite 7204
Washington, DC 20001

      Re:   *Fidelity International Currency Advisor A Fund, L.L.C. v. United States*,
             Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Donohue:

      On May 11, 2007, I sent you a letter concerning our May 8, 2007 conference, held pursuant to Local Rule 37.1, providing you with more specific information to assist you in responding to our discovery concerns. One of the issues we discussed on May 8, 2007 was the IRS's waiver of any privilege that may have once applied to the Request for Advice sought by Request for Production No. 58. Waiver is evidenced by a phone call documented in the Examining Officer's Activity Record. You agreed to contact the IRS to confirm that this conversation occurred and its content. Please let us know whether you will produce this document. If we do not hear from you by May 24, 2007, we will proceed by motion if we deem it to be necessary.

      Please feel free to contact me if you have any questions.

      Sincerely,

      Ronald L. Buch, Jr.

cc:   John A. Lindquist, III
      Barry E. Reiferson
      Heather L. Richtarcsik

# Exhibit I



**U.S. Department of Justice**

**Tax Division**

*Please reply to:* *Civil Trial Section, Northern Region*
*P.O. Box 55*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-5238*
*Trial Attorney: Heather L. Richtarcsik*
*Attorney's Direct Line: (202) 307-2822*
5-36-10254
CMN 2005106280

May 18, 2007

**Via Email and Federal Express**

Ronald Buch, Esquire
McKee Nelson LLP
Suite 200
1919 M Street, NW
Washington, DC 20036

Re:    ***Fidelity International Currency Advisor A Fund, L.L.C. v. United States,***
       ***Case No. 05-40151 (D. Mass.)***

Dear Mr. Buch:

       This letter is to respond to your letter of May 11, 2007, which follows up our May 8,
2007 meeting.

       Request for Production number 5: You requested that we ask the IRS to search its files
for documents created or maintained by specific individuals listed on an attachment to your
letter. We have forwarded a copy of the attachment along with your request. We will inform you
if additional documents are produced to us by the IRS in response to the request.

       Request for Production number 52, documents concerning Samuel Mahoney: You
requested that we ask the IRS to search its files for documents in the files of specific individuals
listed on a second attachment to your letter that relate to or reference Samuel Mahoney. We have
forwarded a copy of the attachment along with your request. We will inform you if additional
documents are produced to us by the IRS in response to the request.

       Request for Advice Regarding Classification of FICA A Fund: Pursuant to your request,
we have asked William Conway about the content of the conversation referenced in his activity
record on September 15, 2004, which states: "CONFERENCE CALL HELD WITH MONACO
SHEA DEBRA MORRILL AND MYSELF. Discussing memo that was prepared and sent up."
Mr. Conway indicated that he recalled that during that conference call, the IRS employees
notified plaintiff's representatives that they were requesting advice from counsel, that plaintiff's
representatives requested a copy of what was submitted, and that the IRS employees advised
them, at the direction of counsel, that the memo would not be provided to them.

       Pattern Evidence: Pursuant to your request, we asked the IRS to give us an estimate as to
when they expect to be able to complete the review of the files of other taxpayers who have
participated in an FDIS transaction. We have been informed that the IRS would try to get a first

- 2 -

installment of pattern evidence to us as soon as possible. Upon receipt, we shall review those documents for information that is protected by 26 U.S.C. § 6103 and for any other objections we may have to their production and we will produce to you the relevant and non-privileged documents. Our contact at the IRS further indicated that he would be receiving the next installment of information within the next six to eight weeks at which time it would be reviewed and subsequently provided to our office. Thus, your request that we provide all pattern evidence to you no later than June 10, 2007 is unworkable.

        <u>Production of Documents on Privilege Log</u>: During our meeting, you raised questions with regard to documents 41, 24, 26, and 44 of the Corrigan privilege log. Those questions are addressed below.

<u>Document 41</u>:  Document 41, which is on the Corrigan privilege log as 1CORRIGAN-000506 is listed in the declaration submitted by Margo Stevens as covered by the deliberative process privilege. Thus, our production of the document to you on April 28, 2006 as 1IRS1481 was an inadvertent disclosure and we request that you return that document to us immediately.

<u>Document 24</u>:  Document 24, which is on Corrigan privilege log as 1CORRIGAN-000262 was inadvertently disclosed as 1CORRIGAN-000052. Please return that document to us immediately.

<u>Document 36</u>:  Contrary to your suggestion, document 36 on the Corrigan privilege log (1CORRIGAN-00309-000311) is not the same document as 1CORRIGAN000337-338.

<u>Document 44</u>:  Document 44, which is listed on the Corrigan privilege log as 1CORRIGAN-000626-1CORRIGAN-000659 appears to be the same document that we produced to you on February 21, 2007 as 13IRS00584-13IRS00617. We have removed that document from the Corrigan privilege log and enclose a copy of that document herewith along with a revised privilege log.

        If you have any questions, please feel free to contact me.

                                Sincerely,

                                *Heather L. Richtarcsik*
                                Heather L. Richtarcsik

                                Trial Attorney

                                Tax Division

cc:    (via email)
        David Curtin

        Lena Amanti

2458382.1

# Exhibit J

## McKee Nelson LLP

RONALD L. BUCH, JR.
Direct Dial:  (202) 327-2078
rbuch@mckeenelson.com

*Correspondence from:*
> WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile*  202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile*  917.777.4299

August 3, 2007

**VIA FEDERAL EXPRESS**

Heather L. Vann
U.S. Department of Justice
555 Fourth Street, N.W., Suite 7834
Washington, DC  20001

> Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States,*
>           Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Ms. Vann:

I am writing concerning our Request for Production No. 58.  That request sought copies of a request for advice regarding whether the FICA A Fund transaction was substantially similar to the transactions described in Notice 2000-44.  This document is referenced in Bates-numbered document 13IRS00269.

In response to Request for Production 58, your office initially offered several objections. Since that time, you have asserted that the requested documents are privileged.  We believe that any such privilege was waived when Mr. Conway discussed the content of the request for advice with Mr. Egan's representatives.  Your letter of May 18, 2007 does not refute this essential point.

We previously met and conferred on this topic and exchanged several letters.  In light of the passage of time, please confirm whether your office continues assert that this document is privileged.

Sincerely,

Ronald L. Buch, Jr.

MCKEE NELSON LLP
*Attorneys at Law*
www.mckeenelson.com

# Exhibit K



**U.S. Department of Justice**

**Tax Division**

*Please reply to:*  Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C.  20044

Facsimile No. (202) 514-5238
Trial Attorney: Heather L. Vann
Attorney's Direct Line: (202) 307-2822

5-36-10254
CMN 2005106280

August 10, 2007

**Via Email and Federal Express**

Ronald Buch, Esquire
McKee Nelson LLP
Suite 200
1919 M Street, NW
Washington, DC 20036

      Re:    ***Fidelity International Currency Advisor A Fund, L.L.C. v. United States,***
                <u>**Case No. 05-40151 (D. Mass.)**</u>

Dear Mr. Buch:

      This letter is in response to your letter dated August 3, 2007 concerning plaintiff's Request for Production No. 58, which requested "Copies of the Request for Advice and the response from Counsel regarding whether the transaction under audit was substantially similar to transactions described in Notice 2000-44 referenced in Bates-numbered document 13IRS00269." In your letter, you state that my letter of May 18, 2007 does not refute the point that any privilege for the Request for Advice was waived when Mr. Conway "discussed the content of the request for advice with Mr. Egan's representatives." Although there is no evidence that Mr. Conway discussed the "content" of the advice with Mr. Egan's representatives, we presume that your claim of waiver is based on the entry in Mr. Conway's activity record which states: "CONFERENCE CALL HELD WITH MONACO SHEA DEBRA MORRILL AND MYSELF. Discussing memo that was prepared and sent up."

      However, my letter of May 18, 2007 stated that we asked Mr. Conway about that entry and he indicated that he recalled that during that conference call, the IRS employees notified plaintiff's representatives that they were requesting advice from counsel, that plaintiff's representatives requested a copy of what was submitted, and that the IRS employees advised them, at the direction of counsel, that the memo would not be provided to them. Thus, since Mr. Conway did not discuss the contents of the memo with Mr. Egan's representatives, there was no waiver of privilege. Moreover, nothing in Mr. Conway's deposition testimony indicates that he discussed in any way the contents of the memo with plaintiff's representatives. See e.g., p. 94, l.14-24 and p. 95, l.1-7.

      Based upon all of the above, we fail to see the basis for your argument that any privilege was waived with respect to the Request for Advice.

- 2 -

If you have any questions, please feel free to contact me.

Sincerely,

Heather L. Vann
Trial Attorney
Tax Division

2669085.1