UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY )
ADVISOR A FUND, L.L.C., by the Tax )
Matters Partner, )
                      )
           Plaintiff, )     Civil Nos. 05-40151-FDS (D. Mass.)
                      )              06-40130-FDS (D. Mass.)
    v. )
                      )     Judge Saylor
UNITED STATES OF AMERICA, )
                      )
           Defendant. )

**UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF IRS REQUEST FOR ADVICE**

**Introduction**

Plaintiff's Motion to Compel Production of IRS Request for Advice (plaintiff's Motion)

should be denied.  The Request for Advice is not relevant to the instant case – even under the

broad definition of relevance in discovery – and the document is protected by both the attorney-

client privilege and the deliberative process privilege.  Further, there has been no waiver of any

privilege by IRS employees with respect to the Request for Advice.

**A. The Request for Advice is Not Relevant**

In March 2007, plaintiff filed a Motion to Compel seeking, *inter alia*, to compel the

production of "documents relating to the Internal Revenue Service's ("IRS") determination that

the transaction in this case is the same as or substantially similar to a transaction described in

Notice 2000-44."  On May 4, 2007, the Court issued a Memorandum and Order denying that

motion and finding that the relevance of such documents was "dubious at best."  In making that

determination, the Court stated that:

2705367.1

> The internal decision-making process at the IRS that led to the FPAA was apparently entirely non-public.  There is no evidence, or suggestion, that plaintiff or any of its attorneys, accountants, or other advisors were aware of the internal deliberations of the IRS, or relied on them in any way.  Nor is there any claim of governmental misconduct or malfeasance.  And this Court is required to determine the legal issues in this case de novo; it is not reviewing the decision of the IRS for abuse of discretion or under an "arbitrary and capricious" standard.
> * * * Accordingly, discovery concerning the administrative process at the IRS that resulted in the challenged decision is not likely to lead to the production of admissible evidence.

After the Court's ruling, the parties met and conferred on May 8, 2007 with respect to the issues raised in plaintiff's instant Motion.  Two days later, on May 10, the Court issued an Amended Memorandum and Order which did not alter the substantive rulings.[1]  The plaintiff has made no showing that the document it seeks, which was not relevant days before and after the party's May 8 conference, is somehow relevant now.  It is not.

The instant document is not relevant for the same reasons stated in the Court's earlier orders on the broader category of IRS documents.  The Request for Advice was drafted by non-attorneys who were seeking legal advice relating to their examination of plaintiff.  As such, the specific contents of the Request for Advice could not lead plaintiff to relevant or admissible evidence.  As is more fully set forth in the United States' Supplemental Memorandum in Opposition to Plaintiff's Motion to Reconsider, filed on June 8, 2007, the deliberations of IRS employees are wholly irrelevant not only to the determination of the underlying tax issues, but

---

[1] On May 22, 2007, plaintiff filed a Motion to Reconsider the Court's May 10, 2007 Memorandum and Order.  During a status hearing on July 12, 2007, the Court orally denied plaintiff's Motion to Reconsider.  Contrary to plaintiff's suggestion in footnote 5 of plaintiff's Motion, the Court did not implicitly rule in plaintiff's favor with respect to the issue of relevance. In fact, as to relevance, without reaching an ultimate conclusion, the Court stated that the documents sought by plaintiff were merely conceivably or possibly relevant to the issue of penalties.  It remains the position of the United States that the documents sought in the Motion to Compel and the Request for Advice now sought are not relevant.

2705367.1

are also irrelevant to the legal determination of whether plaintiff is subject to penalties in this litigation. Consistent with its holding in the Memorandum and Order issued on May 4, 2007 and amended on May 10, and consistent with the denial of the plaintiff's motion to reconsider, the plaintiff's third motion on the subject should be denied. Again, the plaintiff has shown no need for this document, and the document has no relevance to the issues in this case and is well-protected by attorney-client and deliberative-process privileges.

**B. The Attorney-Client Privilege Applies to the Request for Advice and that Privilege Was Not Waived**

As set forth by plaintiff, the Request for Advice is listed on a privilege log of the United States as a memorandum requesting legal advice sent from William Conway, an IRS Revenue Officer, and Debra Morrill, an IRS Team Manager, to John Aletta, an IRS attorney. Thus, the attorney-client privilege applies to the document. Plaintiff acknowledges the application of the privilege, absent a waiver. The plaintiff's factual allegations that there was a waiver boil down to an allegation that the IRS told the plaintiff that legal advice would be sought by way of a memorandum to counsel. That is not a waiver of any privilege. As set forth more fully below, the IRS did not disclose the contents of the Request for Advice to plaintiff's representatives and did not waive the attorney-client privilege with respect to the Request for Advice.

The attorney-client privilege is intended to protect communications that are confidential. *XYZ Corp. v. United States (In re Keeper of the Records)*, 348 F.3d 16, 19 (1st Cir. 2003). "A client does not waive his attorney-client privilege merely by disclosing a subject which he had discussed with his attorney." *United States v. O'Malley*, 786 F.2d 786, 793-94 (7th Cir. 1986)(internal citations omitted). Significantly, "[a] general assertion lacking substantive content that one's attorney has examined a certain matter is not sufficient to waive the

2705367.1

attorney-client privilege." *United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989).  In the

instant case, no confidential information was communicated to plaintiff's representatives.  In

fact, the carefully-crafted Monaco affidavit (Exhibit B to plaintiff's Motion) does not even imply

that the IRS employees disclosed confidential information to him.  As set out more fully below,

the mere fact that Mr. Conway and Ms. Morrill may have indicated to plaintiff's representatives

how the Request for Advice was organized and that its purpose was to seek legal advice does not

operate to vitiate the attorney-client privilege.[2]

Plaintiff misses the point by citing cases in which disclosure of the content of confidential

communications was deemed a waiver of the attorney-client privilege.  Before any waiver

analysis can be done, plaintiff must show that the IRS employees disclosed the substantive

contents of the Request for Advice to plaintiff's representatives.  The plaintiff's allegations of

waiver are supported only by Mr. Conway's notes showing that he said he was sending a

memorandum to counsel and Mr. Monaco's carefully-crafted affidavit skirting the issue of

whether the IRS disclosed any confidential information.  Neither Mr. Conway's notes nor the

Monaco affidavit establish that the IRS employees disclosed the substantive contents of the

Request for Advice.  Mr. Conway's notes do not set forth the level of discussion that he and/or

Ms. Morrill had with plaintiff's representatives.  Plaintiff deposed Mr. Conway and any

ambiguity in those notes was not cleared up at the deposition.  The fact that plaintiff was unable

to establish waiver at Mr. Conway's deposition can not be remedied by plaintiff's Motion.

---

[2] Indeed, one of the plaintiff's common assertions in this case is that it frequently sought the advice of various lawyers before entering into the FDIS tax shelter.  Those statements alone do not operate as a waiver.

2705367.1

By securing an affidavit from Mr. Monaco,[3] it appears that plaintiff realized that Mr.

Conway's notes were neutral and that his deposition testimony was not helpful to its case.

However, unfortunately for plaintiff, the Monaco affidavit does not support plaintiff's position

either.  That is because, even if everything that Mr. Monaco alleges in his affidavit were true,

which the United States does not concede, the attorney-client privilege still would not be waived.

The information that Mr. Monaco claims was conveyed to him is no more detailed than

information that is properly part of a privilege log.  As contemplated by Rule 26(b)(5) of Federal

Rules of Civil Procedure, a privilege log should contain "the nature of the documents  . . . not

produced . . . in a manner that . . . will enable other parties to assess the applicability of the

privilege."  Courts have consistently held that a proper privilege log should include the date, the

author and the recipients of the document as well as a description of the document.  *See e.g.,*

*United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) ("The

privilege log should: identify each document and the individuals who were parties to the

communications, providing sufficient detail to permit a judgment as to whether the document is

at least potentially protected from disclosure. Other required information, such as the relationship

between ... individuals not normally within the privileged relationship, is then typically supplied

by affidavit or deposition testimony.").  *See also In re Grand Jury Subpoena*, 274 F.3d 563 (1st

Cir. 2001), *citing Dorf & Stanton Communications, Inc. v. Molson Breweries*, 100 F.3d 919, 923

(Fed.Cir.1996), stating that "failing 'to provide a complete privilege log demonstrating sufficient

grounds for taking the privilege' waives the privilege."  If the information contained in the

---

[3] Plaintiff did not list John Monaco in its initial disclosures as an individual likely to have discoverable information.  Thus, if the Court disagrees with the United States and finds that the Monaco affidavit does aid plaintiff's argument here, the United States requests to take Mr. Monaco's deposition before the Court rules on plaintiff's Motion and before the briefing schedule is concluded.

Monaco affidavit, *i.e.*, the recipient of the Request for Advice and the general issues contained therein, were on a privilege log, such information would not be of a sufficient degree to waive any attorney-client privilege. Thus, the IRS employees did not waive the attorney-client privilege with respect to the Request for Advice and that document remains protected, as it always has been, by the attorney-client privilege.

### C. The Deliberative Process Privilege Applies to the Request for Advice and that Privilege Was Not Waived

As a document sent to and from IRS employees before the Notice of Final Partnership Administrative Adjustment was issued in this case, the Request for Advice is protected by the deliberative process privilege. Absent waiver, plaintiff does not appear to dispute the application of this privilege. All of the cases regarding the deliberative process privilege cited by the plaintiff are cases in which a document once protected by the deliberative process privilege was disclosed by government employees, either in whole or in part, either in writing or orally. In the instant case, no significant part of the Request for Advice was disclosed to plaintiff's representatives. Thus, just as plaintiff has failed to show that the IRS employees waived the attorney-client privilege, plaintiff has failed to show that the IRS employees waived the deliberative process privilege. As a result, any consequences that may flow from a wavier of the deliberative process privilege are not applicable here. The Request for Advice remains protected by the deliberative process privilege.

2705367.1

**Conclusion**

The Request for Advice is not relevant to the instant case.  There has been no wavier of

either the attorney-client privilege or the deliberative process privilege with respect to that

document.  Thus, the plaintiff's Motion should be denied.

Dated:   August 28, 2007

                                                       Respectfully submitted,

                                                       MICHAEL J. SULLIVAN
                                                       United States Attorney

                                                        /s/ Dennis M. Donohue
                                                       DENNIS M. DONOHUE
                                                       CHIEF SENIOR LITIGATION COUNSEL
                                                       OFFICE OF CIVIL LITIGATION
                                                       Tax Division, U.S. Department of Justice
                                                       P.O. Box 403, Ben Franklin Station
                                                       Washington, D.C.  20044
                                                       Telephone: (202) 307-6492
                                                       Facsimile: (202) 307-2504
                                                       E-mail: dennis.donohue@usdoj.gov

                                                       JOHN A. LINDQUIST
                                                       BARRY E. REIFERSON
                                                       HEATHER L. VANN
                                                       Trial Attorneys, Tax Division
                                                       U.S. Department of Justice
                                                       P.O. Box 55, Ben Franklin Station
                                                       Washington, D.C.  20044-0055
                                                       Telephone: (202) 307-6561
                                                       Facsimile:  (202) 514-5238
                                                       E-mail:  john.a.lindquist@usdoj.gov
                                                                barry.e.reiferson@usdoj.gov
                                                                heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed on August 28, 2007 through the ECF system will be sent
electronically to the registered participants identified on the Notice of Electronic Filing and
copies will be sent to those indicated as non registered participants.

/s/ Heather L. Vann
Trial Attorney, US Department of Justice, Tax Division

2705367.1