UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case Nos.: 05-40151-FDS<br>06-40130-FDS |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION TO
<u>COMPEL PRODUCTION OF IRS REQUEST FOR ADVICE</u>**

Defendant has failed to meet its burden of demonstrating that the attorney-client and deliberative process privileges have not been waived. The affidavit from Plaintiff's representative describes the specific contents of the Request for Advice as disclosed to him by the IRS examination team. Defendant provides no affidavit in support of its position or any facts to contradict the statements in Plaintiff's affidavit. That affidavit sets forth information regarding the contents of the Request for Advice that was voluntarily disclosed by the IRS examination team to Plaintiff's representative, which constitutes a waiver of the attorney-client and deliberative process privileges. Contrary to Defendant's assertion, the document is highly relevant, and moreover, Defendant has waived any relevance objection that it might have had with respect to the Request for Advice. Additionally, Defendant's Response to Plaintiff's Motion to Compel should not be considered by the Court because Defendant filed it late without

alerting the Court to its untimeliness or seeking permission to file late. Lastly, Defendant's suggested unconventional procedure is inefficient, unduly burdensome, and cannot save the Defendant from its failure to prove its privilege claims. To the extent more information is needed before ruling on this motion, an *in camera* review is the appropriate mechanism.

I.      **Defendant Has Failed to Meet Its Burden of Establishing That the Attorney-Client Privilege Has Not Been Waived**

It is Defendant's burden to establish that the attorney-client privilege has not been waived. *In re Keeper of Records*, 348 F.3d 16, 22 (1st Cir. 2003). It is not, as Defendant suggests, Plaintiff's burden to "show that the IRS employees disclosed the substantive contents of the Request for Advice to plaintiff's representatives." (Def.'s Resp. at 4.)[1] Defendant has failed to satisfy *its* burden to demonstrate that the contents of the Request for Advice *were not disclosed* to Plaintiff's representatives. Defendant provides no affidavits from the IRS examination team members who participated in the September 15, 2004 conversation regarding the Request for Advice (William Conway and Debra Morrill) or any other evidence to support its assertion that "the IRS did not disclose the contents of the Request for Advice to plaintiff's representatives." (Def.'s Resp. at 3.) In contrast, Plaintiff provided an affidavit from a participant in the phone call during which the contents of the Request for Advice were disclosed. (Pl.'s Mem. Ex. B.)[2]

Defendant argues that "even if everything that Mr. Monaco alleges in his affidavit were true, which the United States does not concede, the attorney-client privilege still would not be waived." (Def.'s Resp. at 5.) Defendant makes the unbelievable claim that the information

---

[1] "Def.'s Resp." refers to Defendant's Response in Opposition to Plaintiff's Motion to Compel Production of IRS Request for Advice.

[2] "Pl.'s Mem." refers to Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel Production of IRS Request for Advice.

2

communicated to Mr. Monaco regarding the Request for Advice is "no more detailed than information that is properly part of a privilege log" and asserts that if the information in Mr. Monaco's affidavit were listed on a privilege log, "such information would not be of a sufficient degree to waive any attorney-client privilege." (Def.'s Resp. at 5-6.) The specific, detailed information contained in Mr. Monaco's affidavit is far more information than Defendant has ever provided on a privilege log, and more importantly, Mr. Monaco's description of the contents of the Request for Advice evidence a waiver of the attorney-client privilege.[3]

The IRS examination team disclosed to Plaintiff's representative the three questions about which the examination team sought advice in the Request for Advice and explained that no recommendation was included regarding how to resolve the three questions. (Pl.'s Mem., Ex. B at ¶¶ 7, 8(d).) The examination team members also disclosed that the Request for Advice

---

[3] Defendant's own privilege log entries for the Request for Advice completely undercut this specious argument. The Request for Advice was logged on the May 15, 2006 privilege log as follows (Pl.'s Mem. Ex. C):

| Beginning Bates No. | Ending Bates No. | No. of Pages | Date | Description | Produced w/ Redactions Y/N | Privilege(s)/Statutory Protection(s) Claimed |
|---|---|---|---|---|---|---|
| 1IRS1265 | 1IRS1267 | 3 | 17-Sep-04 | IRS memorandum requesting legal advice | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1268 | 1IRS2170 | 3 | 17-Sep-04 | IRS memorandum requesting legal advice | N | Governmental Deliberative Process, Attorney-Client |
| 1IRS1471 | 1IRS1473 | 3 | 17-Sep-04 | IRS memo requesting advice from IRS Counsel Aletta | N | Governmental Deliberative Process, Attorney-Client |

The Request for Advice was logged on the February 20, 2007 privilege log as follows (Pl.'s Mem. Ex. D):

| BEGNO | ENDNO | NO. OF PAGES | DATE | AUTHOR | RECIPIENT | COPYEES | DESCRIPTION | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 13IRS00308 | 13IRS00310 | 3 | 9/17/04 | | | | Request for Advice | Attorney Client; Deliberative Process |

3

included what they viewed as the five key factual aspects of FICA A Fund. (Pl.'s Mem., Ex. B at ¶ 8(b).) In a three-page memorandum, it is likely that these contents constituted the entire Request for Advice. The disclosure of the contents of the Request for Advice by the IRS examination team to Mr. Monaco was more than the mere disclosure of a subject that the IRS examination team discussed with its attorney (*see* Def.'s Resp. at 3 (quoting *United States v. O'Malley*, 786 F.2d 786, 793-94 (7th Cir. 1986))), or a "'general assertion lacking substantive content'" (Def.'s Resp. at 3 (quoting *United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989))), or "how the Request for Advice was organized and that its purpose was to seek legal advice" (Def.'s Resp. at 4). Accordingly, Defendant has failed to carry its burden of establishing that the attorney-client privilege has not been waived and the Court should compel Defendant to produce the Request for Advice.

## II.  Defendant Has Failed to Meet Its Burden of Establishing That the Deliberative Process Privilege Has Not Been Waived

As with the attorney-client privilege, it is Defendant's burden to establish that the deliberative process privilege has not been waived.[4] *See In re Raytheon Sec. Litig.*, 218 F.R.D. 354, 357 (D. Mass. 2003) ("The party invoking a recognized privilege has the burden of establishing not only the existence of that privilege, but also that the privilege was not waived."); *Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 44 (D. Mass. 1989) (stating that the government bears the burden of proof to establish an executive privilege). Defendant has failed to meet this burden. Again, Defendant provides no support for its assertion that "no significant part of the Request for Advice was disclosed to plaintiff's representatives."

---

[4] Defendant is incorrect in its assertion that "[a]bsent waiver, plaintiff does not appear to dispute the application of this privilege." (Def.'s Resp. at 6.) Plaintiff specifically stated its position that the deliberative process privilege does not apply to internal agency discussions regarding a particular case. (Pl.'s Mem. at 6 n.7.) Moreover, Plaintiff has consistently taken the position that deliberative process protects "policy" deliberations, not case-specific communications concerning case-specific issues.

4

(Def.'s Resp. at 6.) As explained above, the authors of the Request for Advice voluntarily disclosed the contents of the Request for Advice, including the three specific questions on which the IRS examination team sought advice, to Plaintiff's representative, and Plaintiff has provided the affidavit of Plaintiff's representative to whom the information was disclosed. Accordingly, Defendant has failed to meet its burden of proving that the deliberative process privilege has not been waived. Defendant should be compelled to produce the Request for Advice.

## III.    Relevance Is Not At Issue

On July 12, 2007, the Court denied Plaintiff's Motion for Reconsideration of the Court's May 10, 2007 Amended Memorandum and Order "on the grounds that the requested documents are protected by the deliberative process privilege." (Status Conference Tr. 5:3-5, July 12, 2007.) In doing so, the Court implicitly ruled in Plaintiff's favor on the issue of "relevance."[5] The Request for Advice may lead to the discovery of admissible evidence, relating to, at a minimum, Plaintiff's penalty defenses. The Request for Advice demonstrates the IRS's own confusion regarding whether FICA A Fund is substantially similar to Notice 2000-44. Thus, the Request for Advice is relevant to determining whether Plaintiff acted reasonably and, therefore, whether the IRS's assertion of penalties was improper.

Furthermore, Defendant has waived its relevance objection. Under Local Rule 34.1, any ground for objection that is not stated within the time provided by the Federal Rules "shall be deemed waived." L.R. 34.1(c)(1). The Request for Advice first appeared on a privilege log on May 15, 2006 in response to Request for Production No. 5, contained in Plaintiff's first set of discovery requests served on March 28, 2006. When Defendant objected on June 27, 2006

---

[5] Under the Federal Rules, parties may obtain discovery that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated to lead to the discovery of admissible evidence*." Fed. R. Civ. P. 26(b)(1) (emphasis added).

(forty-three days late), those objections were untimely and contained no relevance objection to Request for Production No. 5. (Ex. A, Response to Request for Production No. 5.) It was not until eleven months after the Request for Advice first appeared on a privilege log that Defendant asserted that it is not relevant.[6] Because Defendant did not object on the basis of relevance to Request for Production No. 5 within the time provided by the Federal Rules, Defendant waived its relevance objection with respect to the Request for Advice.

Even if available, the relevance objection to the production of the Request for Advice is easily rejected. As this Court has observed in other discovery disputes, relevance for discovery purposes is a broad concept. The document in issue relates specifically to this case, and moreover, its contents were disclosed by the IRS to Plaintiff's representatives, demonstrating that the IRS thought the document's contents were relevant to the taxpayer. The significance of the "substantially similar" issue in this case underscores the relevance of the document and Plaintiff's need for it. Having once disclosed the document's contents, the IRS cannot now make a serious claim that its deliberative process privilege outweighs Plaintiff's discovery rights.

## IV.    The Court Should Not Consider Defendant's Response Because It Was Filed Untimely

Defendant filed its Response to Plaintiff's Motion to Compel late and, accordingly, the Court should not consider Defendant's Response in deciding Plaintiff's Motion to Compel. Local Rule 7.1 requires a party opposing a motion to file an opposition within fourteen days after service of the motion. L.R. 7.1(b)(2). Under Federal Rule of Civil Procedure 6(b), courts may grant enlargements of time "for cause shown." Fed. R. Civ. P. 6(b). Post-deadline extensions of

---

[6] On April 19, 2007, Defendant objected on the basis of relevance to Request for Production No. 58, which requested the production of the Request for Advice and the response to the Request for Advice because both were referenced in a document Defendant had recently produced.

6

deadlines can only be granted if a party has moved for an extension and demonstrated that the failure to meet the deadline was the result of "excusable neglect." Fed. R. Civ. P. 6(b).[7]

Plaintiff electronically filed its motion on August 13, 2007. Defendant's response was due to be filed on August 27, 2007. Defendant filed its response on August 28, 2007 without alerting the Court that its filing was untimely or seeking the Court's permission to file late.

An untimely response to a motion does not need to be considered by a district court in determining the appropriateness of granting the motion. *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 254 (1st Cir. 1994). Courts often strike documents as a remedy for the untimely filing of the document. *See, e.g.*, *Rodrigues v. Genlyte Thomas Group LLC*, 392 F. Supp. 2d 102, 107 n.3 (D. Mass. 2005) (addressing a motion to dismiss); *Cook v. McLaughlin*, 917 F.Supp. 79, 81 (D. Mass. 1996) (striking an opposition where the plaintiff did not request permission for an extension of time, did not provide an explanation for its tardiness, and did not file it within fourteen days of the motion). One court even noted that the fact that the plaintiffs did not file an opposition to the motion was "an independent ground for granting the request [for sanctions]." *Liberty Mut. Ins. Co. v. Diamante*, 194 F.R.D. 20, 21 n.1 (D. Mass. 2000).

In accordance with Federal Rule 6(b), in the present case, in order to consider Defendant's response, the Court

> would have . . . to regard the very filing of the late document as the "motion made" to file it; it would have . . . to interpret "cause shown" to mean merely "cause," since [Defendant] made no "showing" of cause at all; and finally, it would have . . . to find as a substantive matter that there was indeed "cause" for the late filing, and that the failure to file on time "was the result of excusable neglect."

---

[7] While Rule 6(b) on its face applies to enlargements of time for deadlines imposed by the Federal Rules, a notice given under the Federal Rules, or a court order, the First Circuit has applied Rule 6(b) to deadlines imposed by local rules. *See Dimmitt v. Ockenfels*, 407 F.3d 21, 22-23 (1st Cir. 2005).

7

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 896-97 (1990) (footnote omitted). Just as the district court whose decision the Supreme Court was reviewing chose not to engage in such strained decision making, this Court should not do so either and should disregard Defendant's Response in deciding Plaintiff's Motion to Compel. *See id*. at 894 (finding that the district court did not abuse its discretion in declining to admit affidavits that were untimely filed). Even if the Court were to consider Defendant's Response, for the reasons explained below, Plaintiff's Motion to Compel should still be granted.

### V.    Defendant's Suggested Procedure and Schedule for Briefing This Motion Should be Rejected

Defendant demands that it be allowed to depose Mr. Monaco before the Court rules on Plaintiff's Motion to Compel.[8] (Def.'s Resp. at 5 n.3.) This demand should be rejected. Defendant has had plenty of time to produce its own evidence to carry its burden of proof. Unable to muster that evidence, Defendant wants to fish for evidence in a deposition of Mr. Monaco. With an October 31, 2007 impending discovery deadline, it is inefficient and unfair to delay a ruling on Plaintiff's Motion until Defendant deposes Mr. Monaco, especially in light of the fact that Defendant has failed to develop and present its own evidence to carry its burden of proof. While this deposition demand should be rejected out of hand, we certainly understand that the Court might want to review the Request for Advice *in camera* and compare it to Mr. Monaco's affidavit to determine whether enough information was disclosed to him by the IRS examination team to constitute a waiver of the attorney-client and deliberative process privileges.

---

[8] Defendant suggested that Plaintiff acted improperly in not listing Mr. Monaco in its "initial disclosures as an individual likely to have discoverable information." (Def.'s Resp. at 5 n.3.) Defendant misinterprets Federal Rule of Civil Procedure 26(a)(1). This Rule requires a party to disclose "each individual likely to have discoverable information that the disclosing party *may use to support its claims or defenses*." Fed. R. Civ. P. 26(a)(1)(A) (emphasis added).

**CONCLUSION**

For the foregoing reasons, the Court should not consider Defendant's Response in deciding Plaintiff's Motion to Compel, grant Plaintiff's Motion to Compel, and order Defendant to produce the Request for Advice.

Dated this 31st day of August 2007.

                PLAINTIFF
                FIDELITY INTERNATIONAL CURRENCY ADVISOR
                A FUND, L.L.C., by the Tax Matters Partner

                /s/ Lena Amanti
                David J. Curtin, D.C. Bar #281220
                Ronald L. Buch, Jr., D.C. Bar #450903
                Lena Amanti, D.C. Bar #490791
                MCKEE NELSON LLP
                1919 M Street, N.W., Suite 200
                Washington, D.C. 20036
                Telephone: (202) 775-1880
                Facsimile: (202) 775-8586
                Email: dcurtin@mckeenelson.com
                        rbuch@mckeenelson.com
                        lamanti@mckeenelson.com

                John O. Mirick, BBO #349240
                MIRICK, O'CONNELL, DEMALLIE
                & LOUGEE, LLP
                100 Front Street
                Worcester, MA 01608
                Telephone: (508) 791-8500
                Facsimile: (508) 791-8502
                Email: jomirick@mirickoconnell.com

**Certificate of Service**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 31, 2007.

      /s/ Lena Amanti
      Lena Amanti, D.C. Bar #490791
      MCKEE NELSON LLP
      1919 M Street, N.W., Suite 200
      Washington, D.C. 20036
      Telephone: (202) 775-1880
      Facsimile: (202) 775-8586
      Email: lamanti@mckeenelson.com

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES OF AMERICA, </br></br> Defendant. | Civil No. 05-40151 </br></br> Judge Saylor |

UNITED STATES' RESPONSE TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the United States District Court for the District of Massachusetts, responds to Plaintiff's First Set of Requests for Production of Documents as follows:

Request No. 1: All records, documents, and materials created or maintained by KPMG LLP during the years 2000 through 2002 in connection with the FICA A Fund transaction at issue in this case, including but not limited to records of KPMG's Boston, New York, and Washington, D.C. offices, and particularly including records and files created or maintained by Timothy Speiss, Brent Lipschultz, and Robert Prifti.

Response:

In its subpoena to KPMG, the United States included plaintiff's first request for production verbatim. See Def.'s KPMG Subpoena, ¶¶ 23, 57 (Mar. 31, 2006) (attached). And in response to that subpoena, KPMG provided plaintiff with documents responsive to his first request. See Letter from Gomez to Curtin of 4/14/06, at 1 (attached) (enclosing "three boxes containing hard copy documents . . . relating specifically to the Egans and Fidelity"). Should any

1780918.1

other documents responsive to plaintiff's first request be produced by KPMG, you have requested that KPMG provide those documents directly to you. See Letter from Curtin to Gomez of 4/14/06 (attached) ("To the extent that KPMG provides documents that relate to our clients to the Justice Department in response to the subpoena, I have requested that a duplicate set of documents be provided directly to our office in the form in which it is provided to the Justice Department. You have agreed to do so.").

If KPMG does not furnish you with such supplemental documents, we will provide them to you.

> Request No. 2: All records, documents, and materials that refer or relate to the FICA A Fund transaction at issue in this case that were obtained by the IRS from third-parties during the course of any IRS civil examination, including but not limited to materials obtained from KPMG LLP, Sidley Austin LLP (and its predecessors), Proskauer Rose LLP, Refco Capital Markets, Ltd., Helios Financial LLC, and Alpha Consultants LLC.

Response: The documents requested, if any, to the extent not privileged, were produced in the exchange of documents described in our initial disclosure or are produced on the enclosed disc.

> Request No. 3: All records, documents, and materials that refer or relate to the FICA A Fund transaction at issue in this case that were obtained from Diversified Group Incorporated during the course of any IRS civil examination.

Response: The documents requested, if any, to the extent not privileged, were produced in the exchange of documents described in our initial disclosure or are produced on the enclosed disc.

> Request No. 4: All records, documents, and materials that refer or relate to the FICA A Fund transaction at issue in this case that were obtained from any foreign entity or foreign government during the course of any IRS civil examination.

Response: The documents requested, if any, to the extent not privileged, were produced

1780918.1

in the exchange of documents described in our initial disclosure or are produced on the enclosed disc.

<u>Request No. 5</u>: All records, documents, and materials created or maintained by the IRS in connection with its examination of the FICA A Fund transaction at issue in this case, including but not limited to notes and other writings or communications created by each examining agent or other IRS representatives who devoted time to the matter.

<u>Response</u>: The documents requested, if any, to the extent not privileged, were produced in the exchange of documents described in our initial disclosure or are produced on the enclosed disc.

Dated June 27th, 2006.

                MICHAEL J. SULLIVAN
                United States Attorney

                /s/ M. Hicks
                MATTHEW C. HICKS
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 55, Ben Franklin Station
                Washington, D.C.  20044-0055
                Telephone:  (202) 307-6542
                Facsimile: (202) 514-5238
                E-mail: matthew.c.hicks@usdoj.gov

1780918.1

CERTIFICATE OF SERVICE

    I hereby certify that documents responsive to the Plaintiff's First Set of Requests for Production of Documents and an index of documents withheld for reasons of privilege were served upon the plaintiff by sending a compact disc of documents and a paper privilege log to his attorneys at the following address on the 15th day of May, 2006.

> David J. Curtin
> MCKEE NELSON LLP
> 1919 M Street, N.W., Suite 800
> Washington, D.C. 20036

    Because it appears that a copy of the United States' Response to Plaintiff's First Set of Requests for Production of Documents was not included in this mailing of May 15, I also hereby certify that a true copy of the United States' Response to Plaintiff's First Set of Requests for Production of Documents was served upon the plaintiff by sending a copy to his attorneys at the previously stated address on this 27th day of June, 2006.

MATTHEW C. HICKS

1780918.1