UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

MOTION FOR ISSUANCE OF LETTERS ROGATORY
REQUESTING INTERNATIONAL JUDICIAL ASSISTANCE

The United States of America, through undersigned counsel, moves this Court for the issuance of a second letter rogatory directed to the appropriate judicial authorities in the Isle of Man. This proposed second letter rogatory requests the Isle of Man judicial authorities to compel Simcocks Trust Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and Trilogy Investments Ltd. to produce the same documents previously requested from Messrs. Peck and Scott in the first Isle of Man letter rogatory. The proposed letter rogatory is attached and a memorandum of law is being filed contemporaneously with this motion.

2774796.1

## Certification

I certify that counsel for the United States conferred by telephone on October 1, 2007 with counsel for the plaintiff and attempted in good faith to resolve or narrow the issues raised in this motion. The plaintiff takes no position at this time with respect to this motion.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

        /s/ Dennis M. Donohue
        DENNIS M. DONOHUE
        CHIEF SENIOR LITIGATION COUNSEL
        OFFICE OF CIVIL LITIGATION
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 403, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-6492
        Facsimile: (202) 307-2504
        E-mail: dennis.donohue@usdoj.gov

        JOHN A. LINDQUIST
        BARRY E. REIFERSON
        HEATHER L. Vann
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 55, Ben Franklin Station
        Washington, D.C. 20044-0055
        Telephone: (202) 307-6561
        Facsimile: (202) 514-5238
        E-mail: john.a.lindquist@usdoj.gov
              barry.e.reiferson@usdoj.gov
              heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on October 1, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

The United States District Court for the District of Massachusetts presents its compliments to the appropriate judicial authority of the Isle of Man, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above-captioned matter.

This court requests the assistance described herein as necessary in the interests of justice. This court requests that the appropriate judicial authority of Isle of Man compel the production of documents by Simcocks Trust Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and Trilogy Investments Ltd.

**Witnesses to be Served**

1. Simcocks Trust Ltd.
   Top Floor
   14 Athol Street
   Douglas
   Isle of Man
   IM1 1JA

2. Kilsture Ltd.
   c/o Simcocks Advocates
   Ridgeway House

   Ridgeway Street
   Douglas
   Isle of Man
   IM99 1PY

3. Maddox Ltd.
   c/o Simcocks Advocates
   Ridgeway House
   Ridgeway Street
   Douglas
   Isle of Man
   IM99 1PY

4. Cumberdale Holdings Ltd.
   c/o Simcocks Advocates
   Ridgeway House
   Ridgeway Street
   Douglas
   Isle of Man
   IM99 1PY

5. Trilogy Investments Ltd.
   c/o Simcocks Advocates
   Ridgeway House
   Ridgeway Street
   Douglas
   Isle of Man
   IM99 1PY

**Facts**

This case involves a set of transactions occurring in 2001 and engaged in by a U.S. taxpayer in a purported partnership with, among others, an Irish citizen named Samuel Mahoney.[1] That purported partnership is called Fidelity International Currency Advisor A Fund ("Fidelity International"). Mr. Mahoney is alleged to have contributed $651,000 for a 93% share of the common interests in the "partnership." Shortly after making his alleged contribution, Mr.

---

[1] As discussed later, the United States alleges that identical sets of these marketed transactions were engaged in by 57 other U.S. taxpayers.

Mahoney sold 88% of his common interests in the "partnership" to the U.S. taxpayer for approximately half of what he had "contributed." Samuel Mahoney claims that his $651,000 contribution to Fidelity International was made on his behalf by Kilsture Ltd., an Isle of Man entity, of which he claims to be an employee.

On its U.S. partnership tax return for 2001, Fidelity International allocated the purported gains on this set of transactions to Mr. Mahoney as the foreign "partner," and the purported losses to the U.S. taxpayer. Based on the partnership tax return, Samuel Mahoney made an alleged profit of approximately $163.8 million on the transactions. Because Mr. Mahoney was not a U.S. citizen or resident, he was not required to pay U.S. taxes on that alleged profit. From the same set of transactions, the U.S. taxpayer allegedly lost more than $158 million. The United States's taxing authority disallowed the claimed losses, adjusting the partnership items for U.S. tax purposes. The plaintiff seeks readjustment of the partnership items for tax purposes, pursuant to Title 26 of the United States Code, Section 6226.

One of the primary legal issues in this case is whether Samuel Mahoney is a real partner in Fidelity International. On this issue, the United States contends that Mr. Mahoney was not a real partner in Fidelity International because he did not fund his own investment in this company. The United States alleges that the U.S. promoters of this transaction, in addition to funding Mr. Mahoney's investment, also paid him a fee to allow his name and foreign residency to be misused on these transactions. The United States further alleges that the U.S. promoters paid these amounts to Mr. Mahoney by way of various joint-venture accounts which were in the name of Mahoney and his business partner, Martin Hawkes, also an Irish Citizen. The United States alleges that these accounts were held at the Singer & Friedlander merchant bank (n/k/a Kaupthing Singer & Friedlander) on the Isle of Man. According to the United States, the account

holder of these joint-venture accounts was an Irish company by the name of Biosphere Finance Ltd., of which Mahoney, Hawkes, and John Hussey, another Irish citizen, were directors.

Another primary legal issue in this case is whether Fidelity International, in which Samuel Mahoney was purportedly a partner, should be recognized as a partnership for U.S. tax purposes. A partnership will be respected for U.S. tax purposes only if the partners in good faith and acting with a business purpose intend to join together in the conduct of the enterprise. *Commissioner v. Culbertson*, 337 U.S. 733, 742 (1949). The United States alleges that Mr. Mahoney had no intent to join together in the conduct of Fidelity International, and further that Fidelity International had no non-tax business purpose. The determination of intent of the partners requires testimonial and documentary evidence from the purported partners and others. The testimony of Mr. Mahoney's alleged business associates, Messrs. Hawkes and Hussey, may also be relevant to the determination as to why Mr. Mahoney became a partner in Fidelity International.

Another of the primary issues in this litigation is whether the transactions employed here had economic substance. Under the economic substance doctrine, transactions that are invented solely to create tax deductions and otherwise have no economic substance, even though formally complying with the letter of the U.S. Internal Revenue Code, will not be recognized. *Knetsch v. United States*, 364 U.S. 361 (1960); *Dewees v. Commissioner*, 870 F2d 21, 32, 35 (1st Cir. 1989). There is a two-prong test for determining economic substance. The first prong examines whether the transaction has a reasonable possibility of a profit (an objective inquiry). *Compaq Computer Corp. v. Commissioner*, 277 F.3d 778, 781-82 (5th Cir. 2001) (internal citation omitted; emphasis added). The second prong looks to whether there existed a tax-independent business purpose for the transaction (a subjective inquiry). *Id.*

On this issue, the determination of whether Fidelity International had a reasonable possibility of profit and a tax-independent business purpose may focus on how the set of transactions at issue was designed, marketed, and implemented, and the purpose behind the formation of Fidelity International. The resolution of these issues will require testimonial and documentary evidence from the purported partners, including Mr Mahoney, as the alleged foreign partner of Fidelity International.

When it is determined that taxpayers have engaged in a generic tax-shelter, evidence regarding similar or identical transactions may be relevant to the determination of the deductibility of the U.S. taxpayer's losses. *Douglas v. United States*, 410 F. Supp. 2d 292, 297-98 (S.D.N.Y. 2006), appeal dismissed, 448 F.3d 507 (2d. Cir 2006). The United States alleges that Samuel Mahoney engaged in 32 similar or identical transactions through various entities, and that Martin Hawkes engaged in 24 such transactions. The United States alleges that Messrs. Mahoney and Hawkes were paid for their participation in each of these deals by the U.S. promoters. According to the United States, the U.S. promoters paid these fees to Mahoney and Hawkes through their joint-venture accounts at Singer & Friedlander on the Isle of Man, which accounts the United States alleges were held by their Irish company, Biosphere Finance Ltd.

The United States also alleges that Messrs. Mahoney and Hawkes were employees of two Isle of Man entities, Kilsture Ltd. (which, as stated above, purportedly made a $651,000 contribution to Fidelity International on Mahoney's behalf) and Maddox Ltd., which allegedly also received substantial payments from the U.S. promoters. The United States further alleges that the purported payments made directly and indirectly to Mahoney and Hawkes were for their respective participation in an abusive tax shelter. Kilsture and Maddox were shareholders of Cumberdale Holdings, also an Isle of Man entity. Nigel Scott, an Isle of Man resident, was,

according to the United States, a principal of Cumberdale Holdings, Kilsture, and Maddox, and was purportedly an employee of Singer & Friedlander where the Mahoney and Hawkes joint-venture accounts were allegedly held.  The United States also alleges that at least one of those joint-venture accounts referenced an account held by Trilogy Investments Ltd.  Oliver Peck, also an Isle of Man resident, was purportedly the Managing Director of Singer & Friedlander at that time, and allegedly corresponded with the U.S. promoters of this transaction.  As such, each has evidence that may be used to support the United States' contentions at trial.

**Documents to be Produced by Simcocks Trust Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and Trilogy Investments Ltd.**

1. Minutes of each meeting of the directors of Biosphere Finance Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Investments Ltd. (including all subsidiaries), Cumberdale Holdings Ltd., Trilogy Financial Products Ltd., Trilogy Financial Investments Ltd. and/or Trilogy Investments Ltd., referencing Fidelity International or its transactions, or any other FDIS "partnership" or any of their respective transactions.[2]

---

[2] The other 57 FDIS "partnerships" are as follows: Gupta Investments LLC, Kealakekua [a/k/a Kutler or JPK] Investments LLC, Cowan Investments LLC, Acajoux Trading LLC, Acajoux Investments LLC, Acajoux Equities LLC, AHG Investments LLC, Cliffside Investments LLC, GT Investments 2001 LLC, Geewax Terker & Company (721 Exchange), Anbar Investments LLC, WFT Investments LLC, RAS Investments 2001 LLC, JRF Investments LLC, JHT Investments LLC, JLS Investments LLC, RJP Investments LLC, TFT Investments 2001 LLC, AN Investments LLC, GN Investments LLC, RN Investments LLC, SN Investments LLC, FX Investments LLC, SJD Investments LLC, RJS Investments LLC, RT Investments LLC, NDC Investments LLC, TAB Investments 2001 LLC, AFFCO Investments 2001 LLC, DJR Investments LLC, CFPT Investments LLC, RC Investments LLC, RWC Investments LLC, DWT Investments LLC, RAG Investments LLC, RM Investments 2001 LLC, SM Investments LLC, CSH Investments LLC, Theis Investments LLC, RGC Investments LLC, EGC Trading LLC, RGW Investments LLC, Europa Investments LLC, Europa International Inc. (351 Contribution), Sheridan Investments LLC, Corporex Investments LLC, SEBFS Investments LLC, DWT Investments 2002 LLC, Provident Capital Partners LLC, E_P Investments LLC, CMC Investments LLC, Fund Investments LLC, Pettus Investments LLC, GAMA Investments LLC,

(continued...)

2.      Company resolutions for Singer & Friedlander (Isle of Man), Biosphere Finance Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Investments Ltd. (including all subsidiaries), Cumberdale Holdings Ltd., Trilogy Financial Products Ltd., Trilogy Financial Investments Ltd. and/or Trilogy Investments Ltd., referencing Fidelity International or its transactions, or any other FDIS "partnership" or any of their respective transactions.

3.      Financial statements for Kilsture Ltd., Maddox Ltd., Cumberdale Investments Ltd. (including all subsidiaries), Cumberdale Holdings Ltd., Trilogy Financial Products Ltd., Trilogy Financial Investments Ltd. and/or Trilogy Investments Ltd.

4.      All outlines of proposed transaction concerning Fidelity International or any other FDIS "partnership."

5.      All account statements and/or communications referencing any of the following four accounts:

>       Sub Account:  Singer & Friedlander (Isle of Man) Limited
>       Account no: 30123012
>       Reference: 11270012 (Please ensure reference is quoted on payment).
>
>       Sub Account:  Singer & Friedlander Limited
>       Account no: 30123012
>       Reference: The H&M Joint Venture account number 20195700 (Please ensure reference is quoted on payment).
>
>       Sub Account:  Singer & Friedlander Limited
>       Account no: 30123012
>       Reference: S&F Client A/C No. 11270025  (Please ensure reference is quoted on payment).
>
>       Sub Account:  Singer & Friedlander (Isle of Man) Ltd.
>       Account no: 30123012

---

[2](...continued)
LF Investments 2002 LLC, WFTSR Investments 2002 LLC, JBEJW Investments LLC, Whiteside Investments LLC, and Whiteside Investments 2002 LLC.

      Reference: Trilogy Investments Limited - account No: 20282910 (Please ensure reference is quoted on payment).

6.    All email concerning Fidelity International or any other FDIS "partnership."

7.    All communications to or from The Diversified Group Inc. or its principals or employees including but not limited to James Haber and/or Orrin Tilevitz, concerning Fidelity International or any other FDIS "partnership."

8.    All communications to or from Helios Financial or its principals or employees including but not limited to Mox Tan and/or Phil Kampf, concerning Fidelity International or any other FDIS "partnership."

9.    All communications to or from Alpha Financial or its principals or employees including but not limited to Ron Buesinger, concerning Fidelity International or any other FDIS "partnership."

10.    All records of payments received by Simcocks Trust Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and/or Trilogy Investments Ltd. from The Diversified Group Inc. or its principals or employees including but not limited to James Haber and/or Orrin Tilevitz, relating to Fidelity International or any other FDIS "partnership."

11.    All records of payments received by Simcocks Trust Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and/or Trilogy Investments Ltd. from Helios Financial or its principals or employees including but not limited to Mox Tan and/or Phil Kampf, relating to Fidelity International or any other FDIS "partnership."

12.    All records of payments received by Simcocks Trust Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and/or Trilogy Investments Ltd. from Alpha Financial or its principals or employees including but not limited to Ron Buesinger, relating to Fidelity International or any other FDIS "partnership."

13. All communications concerning Fidelity International or any other FDIS "partnership," including communications with Samuel Mahoney, Martin Hawkes, and/or Biosphere Finance.

14. All communications concerning the funding of Biosphere Finance, Samuel Mahoney and/or Martin Hawkes for any person's or entity's participation in Fidelity International or any other FDIS "partnership."

15. All communications concerning the payment of $2 million to Biosphere Finance, Samuel Mahoney and/or Martin Hawkes.

16. All communications and/or other documents concerning any "reckoning on fees in relation to fund structures, Irish companies and Trilogy transactions."

17. All communications and/or other documents, including documents relating to payments, concerning the Collaboration Agreement between The Diversified Group Inc. and Trilogy Financial Products, Ltd.

18. All communications concerning any contracts between Singer & Friedlander, Nigel Scott, and/or Oliver Peck, and Samuel Mahoney, Martin Hawkes John Hussey, Helios Financial, The Diversified Group Inc., Kilsture Ltd., Maddox Ltd., Cumberdale Investments Ltd. (including all subsidiaries), Cumberdale Holdings Ltd., Biosphere Finance Ltd., Trilogy Financial Products Ltd., Trilogy Financial Investments Ltd. and/or Trilogy Investments Ltd.

19. Marketing materials for all Helios and/or The Diversified Group Inc. transactions in which Simcocks Trust Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and/or Trilogy Investments Ltd. participated, including those relating to Fidelity International or any other FDIS "partnership."

20. Contribution agreements for each partnership in which Samuel Mahoney or Martin Hawkes was a purported partner and in which a U.S. taxpayer purchased sets of offsetting options and

then transferred the offsetting options to the partnership.

21.  Tax returns for each partnership in which Samuel Mahoney or Martin Hawkes was a purported partner and in which a U.S. taxpayer purchased sets of offsetting options and then transferred the offsetting options to the partnership.

22.  Contracts between Nigel Scott, Oliver Peck, Singer & Friedlander (n/k/a Kaupthing Singer & Friedlander), Samuel Mahoney, Martin Hawkes, and/or John Hussey, and Helios, The Diversified Group Inc., Kilsture Ltd., Maddox Limited, Cumberdale Investments Ltd. (including all subsidiaries), Cumberdale Holdings Ltd., Trilogy Financial Products Ltd., and/or Biosphere Finance Ltd.

23.  Loan documents for loans from Kilsture Ltd. to Samuel Mahoney.

24.  Proof of Samuel Mahoney's repayment of any loans from Kilsture Ltd.

25.  Bank records of Kilsture Ltd. showing trans-Atlantic payments to or from Kilsture Ltd.

## Special Procedures

This court requests testimony under oath, or the submission of a declaration by the custodian of records for each entity that produces documents in response to this request, attesting to the authenticity of documents produced.  Under the United States's Federal Rules of Evidence, which apply in this lawsuit and in all civil proceedings in the United States district courts, certain business records may be received into evidence only if a competent representative of the business appears at trial as a witness and testifies as to the authenticity of the records and the manner in which they are prepared and maintained at the business.  However, with respect to foreign business records, the appearance and testimony at trial of a representative of a foreign entity may not be required if a representative of the foreign entity gives testimony under oath as to the authenticity of the records (or true copies thereof) or if the records (or true copies thereof) are

accompanied by a written declaration certifying the authenticity of the business records. Therefore, this court considers it necessary in the interests of justice that testimonial evidence and/or written declarations certifying the authenticity of business records be obtained from the producing entities and/or their representatives. To be of value to this court, the written declaration(s) must comply with the requirements of Title 28 of the United States Code, section 1746. A proposed declaration is attached to this letter of request.

## Reciprocity

The courts of the United States are authorized by statute codified at Title 28 of the United States Code, Section 1782 to extend similar assistance to the tribunals of Isle of Man and will gladly reciprocate the courtesies shown by the judicial authorities of Isle of Man.

## Reimbursement of Costs

The United States District Court for the District of Massachusetts is prepared to reimburse your Court for all costs incurred in executing this request. The court extends to the judicial authorities of Isle of Man the assurances of its highest consideration.

DATE: _____

                                                    _____
                                                    HON. F. DENNIS SAYLOR, IV
                                                    U.S. District Judge
                                                    U.S. District Court for the District of Massachusetts
                                                    Worcester, Massachusetts

CERTIFICATION OF BUSINESS RECORDS

      I, the undersigned, _____, with the understanding that I am subject to criminal penalty under the laws of Isle of Man for an intentionally false declaration, declare that I am:

employed by/associated with _____ in the position of _____

_____ and by reason of my position am authorized and qualified to make this declaration.

      I further declare that the documents attached hereto are original records or true copies of records identified as Exhibit(s) _____ (list all exhibits as appropriate), and:

1.     were made at or near the time of the occurrence of the matters set forth therein, by (or from information transmitted by) a person with knowledge of those matters;

2.     were kept in the course of regularly conducted business activity;

3.     were made by the said business activity as a regular practice; and,

4.     if not original records, are duplicates of original records.

The originals or duplicates of these records are maintained in the country of _____

_____.

Date of execution:                       _____

Place of execution:                      _____

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____