UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Defendant.  ) | Civil Nos. 05-40151-FDS (D. Mass.)<br>            06-40130-FDS (D. Mass.)<br><br>Judge Saylor |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF LETTERS ROGATORY REQUESTING INTERNATIONAL JUDICIAL ASSISTANCE**

The United States of America requests the Court to issue a second letter rogatory requesting assistance from the appropriate judicial authorities of the Isle of Man. The proposed letter rogatory is attached to the motion. The United States seeks this new letter rogatory in an effort to expedite the receipt of foreign evidence previously requested in the first Isle of Man letter rogatory.

In the first letter rogatory, this Court requested the judicial authorities of the Isle of Man to compel the appearance of Nigel Scott and Oliver Peck to produce documents and give testimony under oath. That information, for reasons detailed below, has not been produced. As detailed in our motion papers for the first Isle of Man letter rogatory, which was filed on April 4, 2007 and granted on May 22, 2007, Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., Trilogy Investments Ltd., Singer & Friedlander (managed at one time by Oliver Peck), and Nigel Scott (among others) were involved in the marketing and/or implementation and/or have knowledge of certain financial aspects of the Financial Derivatives Investment Strategy ("FDIS") tax-shelter product at issue, and this foreign discovery is essential to the United States' defense

of this case.[1]

This proposed second letter rogatory requests the Isle of Man judicial authorities to compel Simcocks Trust Ltd., Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and Trilogy Investments Ltd. (collectively, "the Isle of Man companies") to produce the same documents previously requested from Messrs. Peck and Scott in the first Isle of Man letter rogatory. Additionally, these Isle of Man companies appear to be preventing Mr. Scott from voluntarily producing the requested knowledge or information or, alternatively, are joining with Mr. Scott in an attempt to prevent the compelled production of the information.

The United States, because of the opposition from Mr. Scott and the Isle of Man companies, has not yet been able to obtain the information requested of Messrs. Scott and Peck by the first letter rogatory. After issuance of the first Isle of Man letter rogatory, Dickinson Cruickshank, on behalf of the United States, wrote to Messrs. Scott and Peck asking whether they would be prepared to provide the documentation and testimony on a voluntary basis, to avoid the need for judicial proceedings. On June 18, 2007 Mr. Peck contacted Dickinson Cruickshank. Thereafter, counsel for the United States spoke with Mr. Peck in lieu of, at least at this time, compelled testimony. During that conversation, Mr. Peck asserted that he does not currently have any relevant files. He further asserted that the relevant files were transferred, at least in part, to Simcock Trust Ltd., which, he said, purchased Singer & Friedlander's trust business in 2005.

After learning of the purported document transfer, the United States, through foreign counsel, wrote to Simcocks Trust Ltd. enclosing the list of questions put to Messrs. Scott and

---

[1] The United States incorporates by reference its motion for issuance of the first set of letters rogatory, and papers in support of that motion. (Docket Entry nos. 88, 89, 110, and 112).

2775617.1

Peck in the letter rogatory. The United States asked whether Simcocks Trust Ltd. and the directors of Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and Trilogy Investments Ltd. were prepared to provide the documentation sought. Simcocks Advocates, representing Kilsture, Maddox, Cumberdale, and Trilogy, first responded that it was reviewing the request. Since then, it recently informed us that it will not voluntarily provide information, and, furthermore, it will seek to prevent Mr. Scott from providing information. The basis of its objection to Mr. Scott's production of knowledge and information, as requested in the first letters rogatory, appears to be its assertion that such information Mr. Scott possesses relating to these companies is the companies' information and cannot be disclosed without their authorization. As such, it is apparent that the Isle of Man companies have possession, custody, or control of documents sought in the first Isle of Man letters rogatory. They also appear intent on preventing production of any of the requested foreign evidence absent compulsion.

     Simcocks Advocates filed a motion to intervene in the letter rogatory proceedings involving Messrs. Scott and Peck in the Isle of Man. On October 1, 2007, the Isle of Man court, informed of the United States' intention to make this motion for an additional letter rogatory, adjourned the hearing on Simcocks's motion to November 12, 2007.

     The proposed letter rogatory attached to this motion seeks essentially the same documents, but no testimony, from the Isle of Man companies as the first Isle of Man letter rogatory sought from Messrs. Scott and Peck. The "facts" relayed in the proposed letter rogatory is substantially identical to those relayed in the previously issued letter rogatory. It is the United States' belief that issuance of this letter rogatory will expedite the receipt of foreign evidence by requesting foreign judicial assistance in the compulsion of production from the Isle of Man companies who appear to or purport to possess and control it. The United States anticipates

service of the proposed letter rogatory immediately upon issuance by this Court, and, as such, anticipates no delay– but rather expedition– as a result of issuance.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                                          /s/ Dennis M. Donohue
                                          DENNIS M. DONOHUE
                                          CHIEF SENIOR LITIGATION COUNSEL
                                          OFFICE OF CIVIL LITIGATION
                                          Tax Division, U.S. Department of Justice
                                          P.O. Box 403, Ben Franklin Station
                                          Washington, D.C.  20044
                                          Telephone: (202) 307-6492
                                          Facsimile: (202) 307-2504
                                          E-mail: dennis.donohue@usdoj.gov

                                          JOHN A. LINDQUIST
                                          BARRY E. REIFERSON
                                          HEATHER L. VANN
                                          Trial Attorneys, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 55, Ben Franklin Station
                                          Washington, D.C.  20044-0055
                                          Telephone: (202) 307-6561
                                          Facsimile:  (202) 514-5238
                                          E-mail:   john.a.lindquist@usdoj.gov
                                                               barry.e.reiferson@usdoj.gov
                                                               heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on October 1, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division