UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Nos. 05-40151-FDS (D. Mass.)<br>06-40130-FDS (D. Mass.)<br><br>Judge Saylor |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO SERVE ADDITIONAL REQUESTS FOR ADMISSION**

The United States requests leave to serve 129 additional Requests for Admission. While there is no limit for Requests for Admission under the Federal Rules of Civil Procedure, absent a court order, the local rules do limit the Requests for Admission to twenty-five. Local Rule 26.1(c). The Court retained the *presumptive* limit on interrogatories and requests for admission, while holding that a party may move for relief from that limit. (March 10, 2006 Tr. at 30:14-16.) For good cause, the United States moves for leave to serve additional requests for admission.

The additional requests are designed, as the Federal Rules contemplate, "to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be" eliminated. Fed.R.Civ.P. 36, Adv. Comm. Note to 1970 Am. The Advisory Committee deemed these purposes "vital," and, as explained below, they are vital here. It is in that spirit that the United States seeks to serve additional requests for admission, and the proposed requests are attached to the motion.[1]

---

[1] The United States served upon the plaintiff on October 1 its third set of requests for admission, thereby exceeding the presumptive limit by 137 requests. The United States did so in
(continued...)

2802180.11

This case involves numerous complex and technical issues and is intensively factual in nature. Our formal and informal discovery has now produced an immense database of documents and other materials relating to the tax strategy at issue and to similar transactions. Much of this information sheds considerable light on the plaintiff's carefully-crafted allegations in the Complaint. For example, in the Complaint (the first Complaint, Case No. 05-40151), the plaintiff alleges, among other things, that it was "not interested . . . in a proposed investment that was mass-marketed or that had been identified as abusive by the IRS." (Compl. at ¶ 23.) The plaintiff also says that "to obtain favorable tax results from an investment, the investment had to have economic substance aside from taxes." (Compl. at ¶ 24.) Then, the plaintiff makes a series of allegations to the effect that it acted in good faith in entering into the FDIS tax-shelter transaction. (*See* Compl. at ¶¶ 25-29.)

The proposed requests for admission are designed to determine to what extent many of these allegations remain at issue in this case, and, if they remain at issue, to facilitate the proof with respect to these allegations. We believe that ample evidence now demonstrates that the plaintiff's primary objective for entering into this transaction was to generate a tax loss, and the alleged business and investment purposes were not driving factors at all and, if anything, were more of an afterthought. Thus, plaintiff's responses to these requests may be very helpful in limiting the evidence that is required to be offered at trial on these fundamental issues, thereby making the trial more efficient and less costly.

---

[1](...continued)
error and has requested the plaintiff to refrain from responding to these requests until the Court has ruled on this motion. The United States has removed eight of those requests from its proposed requests attached to this motion. At the same time as serving our third set of requests for admission, the United States served an interrogatory relating to these requests. The United States has withdrawn that interrogatory.

More specifically, these requests are designed to streamline the process of determining at trial whether the transaction employed here had economic substance– that is, whether it was invented solely to create tax deductions. The test for whether a transaction is an economic sham is "whether the transaction had any practicable economic effect other than the creation of income tax losses." *See, e.g.*, *Rose v. Commissioner*, 868 F.2d 851, 853 (6th Cir. 1989). This analysis is guided by the related factors of whether the transaction can produce economic benefits apart from the generation of tax losses (an objective analysis) and whether the taxpayer possessed a non-tax business purpose (a subjective analysis). *Id*. at 853; *accord*, *Sochin v. Commissioner*, 843 F.2d 351, 354 (9th Cir.), *cert. denied*, 488 U.S. 824 (1988). There must be a legitimate non-tax business purpose for forming the partnership in order to meet the intent test set forth in *Commissioner v. Culbertson*, 337 U.S. 733, 742 (1949) as stated above. See *Boca Investerings Partnership v. United States*, 314 F.3d 625 (D.C. Cir. 2003); *Saba Partnership v. Commissioner of Internal Revenue*, 273 F.3d 1135 (D.C. Cir. 2001); *ASA Investerings Partnership v. Commissioner of Internal Revenue*, 201 F.3d 505 (D.C. Cir. 2000). To this end, the requests are designed to determine what proof is necessary to be offered in determining the objective benefits of the transaction, if any, and the subjective purposes of the participants.

In addition, another of the primary legal issues in this case is whether the Fidelity International Currency Advisor A Fund should be recognized as a partnership for tax purposes. On this issue, evidence of the participants' intent is vital. The Supreme Court held that a partnership should be respected for tax purposes only if --

> considering all the facts – the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent – the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise.

*Commissioner v. Culbertson*, 337 U.S. at 742. In this regard, these requests are designed to reduce the amount of time at trial that would otherwise be spent presenting evidence that the parties were not principally focused on joining together in a business enterprise.

The proposed requests for admission are also designed to establish what were the steps of the transaction, their pre-scripted nature, and the purpose for each step. We believe that much, if not all, of this evidence should be undisputed. In addition, some of the requests seek to show that each step had a basic relationship to the generation of the tax loss and that this relationship is also beyond dispute. Moreover, some of the requests seek to establish that while each step was carefully scripted and necessary to generate the tax loss sought, they were not necessary – and even counterproductive – in achieving any non-tax business purpose.

Additionally, some of the proposed requests are designed to establish how the individual steps, and the costs, expenses, and fees of the transaction were reported on the various partnership and individual tax returns. The United States contends that the transaction was reported in a manner to avoid or minimize its detection by the IRS. Thus, this evidence also relates to a critical issue. And it is certainly consistent with the fundamental purpose of requests for admission– to determine whether the facts relating to this issue can be established prior to trial.

These proposed requests are not overly burdensome. If the plaintiff answers in accordance with the Federal Rules and in good faith, it should experience little burden at all. The requests are aimed at the plaintiff's knowledge and that of his fellow participants, as it relates to the transaction at issue here. While creating little burden, the requests are designed to greatly reduce the time required for trial, or alternatively, to sharpen the focus of the issues to be litigated

at trial. The parties should not have to present a great deal of evidence to establish the fundamental and (what we believe to be the) undisputed features of these transactions. The parties should also not have to spend an inordinate amount of time presenting evidence as to what were the steps of the transaction and the purpose for these steps.[2]

With only a slight burden and a large benefit, the basis of the plaintiff's objection is unclear. It may be that it believes the requests will delay trial. They will not. Discovery closes, but for discrete matters, on October 31. These requests are not tied to any document requests or interrogatories. Depositions are going forward regardless of the outcome of this motion. Indeed, many courts have held that requests for admission are not discovery tools at all. *See, e.g.*, *Fox v. Poole*, 2007 U.S. Dist. LEXIS 64779 at *27 (D.N.Y. 2007); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Instead, requests for admission are in general, and these are in particular, designed to reduce the time necessary for trial and preliminary litigation by seeking concession on various points. The requests will not delay trial commencement, but should shorten trial duration.

---

[2]To be sure, the United States conferred with the plaintiff and offered to accept an equal number of requests for admission from the plaintiff. The plaintiff declined and noted its objection to any additional requests. As a conceptual matter, the United States does not oppose additional requests to be served by the plaintiff. But, the plaintiff has said it does not need or want any additional requests. In regard to contention interrogatories, the plaintiff previously argued against authorization to the extent they exceed the presumptive limit, only to serve a full set of such interrogatories after the Court granted our request for such interrogatories. (*See* September 4, 2007 Tr. at 56:15.) Before allowing those additional interrogatories for both parties, the Court warned that the plaintiff should not serve additional interrogatories "in a playground tit for tat type reaction. . . ." (*Id*. at 57:15.) But after arguing against additional interrogatories and calling them unnecessary and of low value, (*id*. at 56:16-20), the plaintiff deemed it necessary to reach the new limit and serve all 51 allowed interrogatories. At the same time, the plaintiff has served twelve separate requests for production of documents, requiring a vast amount of time and effort for document searches, document production, motion practice, and privilege claims by the United States during discovery. The United States, again, does not oppose– in concept– additional requests for admission by the plaintiff, but would oppose any served simply to create a burden or as a retaliatory strike.

As the Court has noted in other contexts, this case is atypically fact intensive and complex. As such, the presumptive limits do not fit well here. The trial will almost certainly be unnecessarily lengthy if the parties have to try each minute detail that may otherwise not be in dispute.

Because the proposed requests are narrowly tailored to meet the objectives of Rule 36 of the Federal Rules of Civil Procedure, while presenting only a minimal burden, the United States' motion should be allowed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Tax Division, U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
        barry.e.reiferson@usdoj.gov
        heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on October 12, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division