# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case Nos.:  05-40151-FDS<br>　　　　　　　06-40130-FDS |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF DEADLINE TO FILE MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS FROM FOUR LAW FIRMS

Plaintiff objects to Defendant's Motion for 15-Day Extension of Deadline to File Motions to Compel Production of Documents from Four Law Firms.  Defendant's failure to meet the Court's deadline is Defendant's own doing.  Defendant's continued failure to meet deadlines set by the Court and the federal rules, for no apparent reason, should no longer be condoned because the cumulative effect of these failures is prejudicial to Plaintiff.

### Background

Defendant issued subpoenas to all the law firms in question almost one year ago.[1]  On September 4, 2007, the Court ordered that motions to compel against third parties[2] be filed by

---

[1] Defendant's subpoena to Proskauer Rose was served on October 19, 2006; Defendant's subpoena to Lord Bissell & Brook was served on October 23, 2006; Defendant's subpoena to Bryan Cave was served on October 24, 2006; and Defendant's subpoena to Brown Raysman Miller Felder & Steiner was served on October 25, 2006.

October 16, 2007, explaining that a hard deadline "will hold everyone's feet to the fire, including the responding entities, because I do think this needs to be wrapped up one way or the other." (Status Conference Tr. 14:7-9.)  The parties were reminded by the Court at the October 2, 2007 status conference that "the quicker you can get those motions on file the better."  (Status Conference Tr. 31:3-4.)

Defendant offered no evidence to show that it has taken steps to resolve privilege issues with the third parties in an effort to meet this deadline.  Defendant attaches no letters evidencing correspondence with third parties concerning their respective privilege claims, nor does it attach any affidavit of a third party confirming that Defendant has been working with the third parties to reach a resolution with respect to the privilege issues.  In contrast to diligently working to resolve privilege issues in a timely fashion, it was not until October 12, 2007 that Defendant contacted counsel for Carruth to raise questions with respect to Carruth's privilege claims, over a month after the Court imposed an October 16, 2007 deadline (which did not apply to Carruth), and over a year after Carruth and Plaintiff made their first productions.[3]  Accordingly, Defendant has not demonstrated that it has been diligently attempting to resolve these issues with the law firms, nor has it taken the steps necessary to warrant an extension of time.

### Argument

As an initial matter, Defendant fails to cite any legal authority concerning extensions of a court's previously imposed deadlines.  Plaintiff does not dispute this Court's authority to do so ,

---

[2] The third parties identified by the Court as being subject to that deadline are:  "Bryan Cave, BDO, RSM McGladrey, Brown Raysman, Lord Bissell, Grant Thornton, Refco, Alpha and Helios."  (Status Conference Tr. 58:15-17.)

[3] Defendant filed a motion to compel against Plaintiff and Carruth four days after filing this motion for an extension, without providing Carruth's counsel with an opportunity to review the privilege log entries identified by Defendant.  Defendant also failed to take any steps to meet with Carruth's counsel, though such a request was made by Carruth's counsel.  The filing of the Carruth motion to compel in such haste, with no impending deadline and without providing Carruth the opportunity to address the privilege issues raised by Defendant, calls into question whether Defendant is making bona fide efforts to resolve similar issues with the four law firms.

as is provided by Federal Rule of Civil Procedure 6(b) ("When . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion" order an extension of the deadline).  Defendant, however, has not shown cause as required by the federal rules, thus its motion for an enlargement of time should be denied.

In response to Defendant's first motion to extend this Court's deadlines, Plaintiff objected on the grounds that "[t]he judge, not counsel, must run the court and set the agenda. This entails establishing reasonable time parameters and ensuring compliance with them." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994).  Plaintiff also noted that the Court should take into consideration whether Defendant had adequately used the time provided.  *See United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir. 1995) (holding that in considering a Fed. R. Civ. P. 6(b) motion the Court should consider "the amount of time previously available for preparation and how assiduously the movant used that time.").  Here, the subpoenas have been outstanding for over eleven months, thus if all issues can be resolved in fifteen days, it is indisputable that Defendant has failed to assiduously use the time allotted by the Court.

Moreover, the First Circuit requires that Defendant show that it has not created the circumstances requiring additional time.  *See, e.g*., *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994) (upholding denial of Rule 6(b) request for enlargement of time when requesting party "did not advert to any circumstances beyond their control").  As explained above, it appears as though Defendant has not taken steps to resolve privilege issues with third parties in a timely manner, nor has it provided any evidence showing that circumstances out of Defendant's control prevented Defendant from meeting the October 16, 2007 deadline.

Accordingly, First Circuit precedent does not allow Defendant to obtain an extension of time, because Defendant has caused or contributed to the circumstances requiring that extension of time, without providing evidence to the contrary.

Even had Defendant made the requisite showings that it had assiduously used the time allotted and that its failure to meet the deadline was due to circumstances outside its control, Defendant has not shown that fifteen additional days will enable it to secure any additional documents or resolve any privilege issues. *See, e.g., Higuera v. Pueblo Int'l, Inc.*, 585 F.2d 555, 557 (1st Cir. 1978) (upholding an order to dismiss when party failed to ask for an extension of time and inform Court "why, and on what basis, more time was needed").

Finally, although Defendant moved for an extension within hours of the close of the Court-imposed deadline, this was tantamount to seeking an extension after the close of the deadline because the motion could not be responded to until after the deadline passed. In *Crevier v. Town of Spencer*, this Court set forth four factors that must be considered when a party seeks an enlargement of time after the close of a deadline:

> (1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith.

No. 05-40184, 2007 U.S. Dist. LEXIS 2718, at *9-10 (D. Mass. Jan 12, 2007) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In *Crevier,* this Court held that the plaintiff failed to show excusable neglect for failing to serve a complaint three days after the close of the 120-day window provided by the federal rules. In so holding this Court explained that the First Circuit has placed a greater emphasis on the reason for the delay and noted that "plaintiff has supplied the Court with *no* reason why service was not at least *attempted* within the 120-day window . . . . Absent any evidence favorable to plaintiff with

regard to the other *Pioneer* factors, the Court cannot find that the delay was a result of 'excusable neglect.'" *Id.* at *11. Here, Defendant has not provided any reason for its delay, other than its continued averments, with no substantive evidence, that it is continuing to work with the third parties to resolve privilege issues. Absent any evidence supporting these averments, it cannot be said that Defendant has provided a reason that its request for an additional fifteen days is excusable in light of the fact that all the subpoenas have been outstanding for nearly one year.

### Conclusion

Defendant has consistently played by its own rules in this case, failing to meet the deadlines set forth by the Court and the applicable federal and local rules. Now, Defendant once again seeks to play by its own rules, asking the Court to extend a deadline to enable Defendant to file motions and obtain discovery on its own schedule, rather than the Court's. The cumulative effect of Defendant's multiple delays is prejudicial to Plaintiff, and the Court should deny Defendant's motion to further extend the discovery period of a case that was filed over two years ago.

Respectfully submitted this 18th day of October 2007.

PLAINTIFF
FIDELITY INTERNATIONAL CURRENCY ADVISOR
A FUND, L.L.C., by the Tax Matters Partner


/s/ Ronald L. Buch, Jr.
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036

Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email:  dcurtin@mckeenelson.com
          rbuch@mckeenelson.com
          lamanti@mckeenelson.com


John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone:  (508) 791-8500
Facsimile:  (508) 791-8502
Email:  jomirick@mirickoconnell.com

### Certificate of Service

I hereby certify that this document filed
through the ECF system will be sent
electronically to the registered participants as
identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those
indicated as non registered participants on
October 18, 2007.

/s/ Ronald L. Buch, Jr.
Ronald L. Buch, Jr., D.C. Bar #450903
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: rbuch@mckeenelson.com