UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151 and 06-40130 |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**ASSENTED-TO MOTION AND MEMORANDUM
FOR ENTRY OF PROTECTIVE ORDER**

The defendant, the United States of America, with the Plaintiff's assent, hereby moves pursuant to Federal Rule of Civil Procedure 26(c) for the entry of a protective order with respect to Treaty Documents (as defined in the proposed protective order filed contemporaneously) produced and to be produced by the United States. A copy of the agreed-upon Protective Order is attached hereto.

The United States seeks the entry of a protective order to protect the privacy interests of foreign governments and in accordance with international treaties. While recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, the Parties have agreed to the proposed order to ensure that the Treaty Documents are kept confidential during the discovery phase of this litigation, and as appropriate thereafter.

2731838.21

      The United States, with the Plaintiff's assent, respectfully requests the entry of the Protective Order in the form proposed.

Dated: October 19, 2007.

                                                  Respectfully submitted,

                                                  MICHAEL J. SULLIVAN
                                                  United States Attorney

                                                  /s/ Dennis M. Donohue
                                                  DENNIS M. DONOHUE
                                                  CHIEF SENIOR LITIGATION COUNSEL
                                                  OFFICE OF CIVIL LITIGATION
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 403, Ben Franklin Station
                                                  Washington, D.C.  20044
                                                  Telephone: (202) 307-6492
                                                  Facsimile: (202) 307-2504
                                                  E-mail: dennis.donohue@usdoj.gov

                                                  JOHN A. LINDQUIST
                                                  BARRY E. REIFERSON
                                                  HEATHER L. VANN
                                                  Trial Attorneys, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 55, Ben Franklin Station
                                                  Washington, D.C.  20044-0055
                                                  Telephone: (202) 307-6561
                                                  Facsimile:  (202) 514-5238
                                                  E-mail: john.a.lindquist@usdoj.gov
                                                                  barry.e.reiferson@usdoj.gov
                                                                  heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on October 19, 2007.

/s/ Barry E. Reiferson
Barry E. Reiferson

                                                                                                2731838.21

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Civil Nos.  05-40151<br>                06-40130<br><br>Judge Saylor |

**PROTECTIVE ORDER AS TO TREATY INFORMATION**

**SAYLOR, J.**

This is a stipulated protective order relating to Treaty Documents (as defined below) the United States has produced or otherwise disclosed or will produce or otherwise disclose in this case.

**1.    Definitions.**  The following definitions shall apply to this addendum:

   **a.    "Treaty Documents."**  "Treaty Documents" shall mean any document produced by the United States and/or any of its agencies bearing a stamp or text indicating that information in the document was "furnished under the provisions of an income tax treaty with a foreign government" or "furnished under the provisions of a double taxation convention with a foreign government," and any document listed in this paragraph, or portions of such documents.  Treaty Documents include those documents or portions of documents identified by the following Bates numbers: 1IRS0207, 1IRS0208, 1IRS0209, 1IRS232-1IRS256,

        1IRS0257-1IRS0258, 1IRS0259-1IRS0328, 1IRS1590-1IRS1597, 1IRS1617-1IRS1618, 1IRS1619-1IRS1620, 4IRS0002-4IRS0025, 4IRS0026-4IRS0027, 4IRS0028, 4IRS0029-4IRS0040, 4IRS0041-4IRS0042, 4IRS0043-4IRS0089, 4IRS0090-4IRS0113, 4IRS0114-4IRS0136, 9IRS0002-9IRS0003, 12IRS00017, 12IRS00019, 12IRS00023, 12IRS00023-12IRS00024, 12IRS00033, 12IRS00038, 12IRS0058-12IRS00104, 12IRS00105-12IRS00106, 12IRS00107-12IRS00154, 12IRS00155-12IRS00156, 12IRS00157, 12IRS00158, 12IRS00160, 12IRS00161-12IRS00185, 12IRS00186, 12IRS00187-12IRS00189, 12IRS00190-12IRS00213, 12IRS00214, 12IRS00215, 12IRS00216-12IRS00285, 12IRS00286-12IRS00297, 12IRS00298-12IRS00302, and 12IRS00303-12IRS00307.

    **b.**    **"Identifiers."**  "Identifiers" shall mean the following information on any Treaty Documents:

        (i)    name of any foreign representative;

        (ii)    business address of any foreign representative;

        (iii)    any foreign-authority case or matter number;

        (iv)    any foreign-authority case or matter name; and

        (v)    any other information that would reasonably tend to identify the foreign authority.

**2.**    **Non-Disclosure of Treaty Documents - Generally.**  Treaty Documents and Identifiers may not be disclosed or described, either directly or indirectly, except as provided in this Order.

3.  **Persons to Whom Treaty Documents and/or Identifiers May Be Disclosed.** Except as otherwise provided in this Order, Treaty Documents and/or Identifiers may only be disclosed to the following persons:

    a.  This Court and its personnel;

    b.  Counsel for the Parties, including outside and in-house lawyers; other lawyers regularly employed in their offices; and such supervising attorneys, lawyers' staff, and administrators, to whom it is necessary to disclose Treaty Documents and/or Identifiers for purposes of this litigation (including secretaries, paralegals, clerks, and other assistants);

    c.  The Plaintiff, the United States Department of Justice and its employees, and the Internal Revenue Service and its employees, to whom it is necessary to disclose Treaty Documents and/or Identifiers for purposes of this litigation;

    d.  Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition, provided they agree by a statement on the record before the witness begins his or her deposition testimony that no such Treaty Documents and/or Identifiers and testimony related thereto revealed shall be disclosed by such reporter, transcriber or videographer except to the attorneys for each Party and any other person who is present while such testimony is being given;

    e.  Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Treaty Documents and/or Identifiers in order to assist in their

participation in this litigation; and

f.  The following persons provided that each such person first execute an acknowledgment stating in substance that they have read the Protective Order and agree to be bound by its terms:

   i.  Any potential witness in this litigation identified in the Complaint, identified during discovery or by the Parties' witness lists, or planned to be called as a witness by a Party at deposition or during trial or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony. Individuals identified by this paragraph may be provided with a copy of any relevant Treaty Documents for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation. Upon completion of their review, and no later than the close of trial testimony, the Treaty Documents shall be returned to counsel for the Party that supplied it;

   ii.  Any mediators, arbitrators, or other outside parties and their staff enlisted by all parties to assist in the resolution of this matter; and

   iii.  Outside or contracted litigation-support services, including commercial copying services;

No person to whom disclosure has been made may make a further disclosure to any other person other than the persons listed above.

5.  **Use of Treaty Documents - Generally.**  Treaty Documents may only be used in

connection with the prosecution or defense of this action and not for any other pending or threatened civil litigation or for any other purpose.

6. **Use of Treaty Documents in Discovery.** Treaty Documents may be used in depositions and other forms of discovery, subject to the following:

   a. Identifiers shall be redacted and shall not be otherwise disclosed.

   b. Any Treaty Document used as an exhibit to a deposition shall be kept under seal so as to prevent public disclosure. To the extent that testimony at a deposition reveals any Identifiers, that portion of the testimony shall be subject to the protections provided to Treaty Documents under this Protective Order.

7. **Use of Treaty Documents in Connection with Pleadings.** Any Treaty Documents that are used as exhibits to pleadings (or otherwise submitted to the Court) and any pleadings that reveal Identifiers shall be filed under seal.

8. **Use of Treaty Documents at Trial.** A party may introduce Treaty Documents or disclose Identifiers at trial only with leave of Court, unless introduced under seal.

9. **Production of Materials in Response to Subpoena in Another Proceeding.** If the Plaintiff intends to produce Treaty Documents or Identifiers in response to a subpoena or other discovery demand in another proceeding in a court of competent jurisdiction, the Plaintiff shall give the United States notice of the intended production at least ten business days before production to allow it an opportunity to object or otherwise protects its rights. Timely provision to all counsel of record for the United States in this case of the subpoena or other discovery demand shall be

deemed adequate notice. Notice shall be deemed given upon confirmed delivery by electronic facsimile, or by confirmed delivery or attempted delivery by overnight delivery service (including Express Mail or Federal Express).

**So Ordered.**

                                                                                     F. Dennis Saylor IV
United States District Judge

Dated:                    , 2007