UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, ) ) ) ) | |
| Plaintiff, ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

**EMERGENCY MOTION AND MEMORANDUM OF LAW FOR
9-DAY EXTENSION OF FACT-WITNESS-DEPOSITION DEADLINE**

The United States of America moves for a 9-day extension, to November 9, 2007, of the deadline to depose fact witnesses.

This motion is necessitated in part by information discovered late in the discovery period pertaining to additional witnesses. It is also necessitated in part by the plaintiff's noticing of almost half of its fact-witness depositions for the last two weeks of October despite its frequent complaints regarding the pace of discovery, and by the plaintiff's refusal to assent to rescheduling one deposition now scheduled for this Wednesday during the first week of November.[1]

Unlike plaintiff's discovery, our discovery in this litigation has been conducted so as not to interfere with an ongoing criminal investigation. With a discovery cut-off date fast approaching, the United States proceeded to notice most of its fact-witness depositions for

---

[1] All members of the United States' trial team have a personal, non-case-related commitment on October 24, 2007, and requested the plaintiff's assent to rescheduling one deposition now scheduled for that day to the first week of November. The plaintiff refused. The plaintiff also scheduled its own second deposition for that date.

October, intending to take one a day and, only if necessary, two in one day. During the September and early-October depositions, it became clear that it would be necessary to take the depositions of at least two additional fact witnesses– Gary Helene of Alpha and Carolyn Fiddy of Carruth. After the United States noticed or re-noticed most of its intended depositions, however, the plaintiff then proceeded to notice the depositions of Sidley Austin, Ronald Wainwright of RSM McGladrey[2], Janet Korins of Proskauer Rose, the Internal Revenue Service, and Ronald Buesinger of Alpha. The United States does not dispute plaintiff's right to take these depositions (except the IRS 30(b)(6) deposition to which the U.S. objects), but its late noticing of them has nevertheless imposed a severe burden on our ability to take all of the noticed depositions before the end of October.

Ordinarily, in these circumstances counsel for the parties are usually able to resolve their scheduling differences on their own without troubling the Court. However, despite our repeated requests, plaintiff has refused to move any of the depositions now scheduled in the last two weeks of October to the first nine days of November. If some of these depositions are not rescheduled, the United States would be required to take in some instances two and even three depositions a day during the last two weeks of October. Moreover, the burden on plaintiff is not nearly as severe since it typically does not examine any of the deponents noticed by the United States.

---

[2]RSM McGladrey was not listed on either party's initial disclosures. The United States served a subpoena on RSM McGladrey, but the plaintiff did not. The plaintiff also did not list either Wainwright or RSM McGladrey in response to the United States' first interrogatory asking for identification of individuals with knowledge of the formation of the relevant entities, the entities purpose, and the transaction described in the Complaint. The deposition notice was the first indication that the plaintiff wanted to depose Wainwright or RSM McGladrey.

Plaintiff's refusal to assent to the taking of any fact depositions in November seems to in fact be tactical, as the plaintiff will suffer no prejudice.  The parties have agreed to the taking of expert depositions in the second half of November.  As such, all fact-witness depositions would still be completed before the first expert-witness depositions.  Additionally, there would be no increased cost.  Furthermore, each party would have sufficient time to have counsel of its choosing take or defend the depositions.  Finally, some of the witnesses have also expressed a desire to schedule depositions in the first week of November rather than the last week of October.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court to grant this motion for a 9-day extension, to November 9, 2007, to take fact-witness depositions.

## Certification

I certify that counsel for the United States conferred by telephone in an attempt to resolve the issue(s) raised in this motion. The plaintiff opposes any extension of time to take fact-witness depositions.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                        /s/ Dennis M. Donohue
                                        DENNIS M. DONOHUE
                                        CHIEF SENIOR LITIGATION COUNSEL
                                        OFFICE OF CIVIL LITIGATION
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 403, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6492
                                        Facsimile: (202) 307-2504
                                        E-mail: dennis.donohue@usdoj.gov

                                        JOHN A. LINDQUIST
                                        BARRY E. REIFERSON
                                        HEATHER L. Vann
                                        Trial Attorneys, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 55, Ben Franklin Station
                                        Washington, D.C. 20044-0055
                                        Telephone: (202) 307-6561
                                        Facsimile: (202) 514-5238
                                        E-mail: john.a.lindquist@usdoj.gov
                                                        barry.e.reiferson@usdoj.gov
                                                        heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on October 22, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division