UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case Nos.: 05-40151-FDS<br>06-40130-FDS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
EMERGENCY MOTION AND MEMORANDUM OF LAW FOR
9-DAY EXTENSION OF FACT-WITNESS-DEPOSITION DEADLINE**

Defendant is before the Court seeking another deadline extension. Plaintiff objects to an extension of the October 31, 2007 discovery deadline, filed on the week within which multiple depositions are scheduled to be taken by Defendant in Chicago, New York, and Boston. This is not an "emergency" motion, but a belated attempt to change a schedule that Defendant put in place. Defendant's delayed attempt, once again, to extend the Court's deadlines should be denied.

**Background**

On June 7, 2007, the Court extended the discovery deadline for one month and ordered that "[f]or good cause shown, the court will consider a reasonable extension of that deadline for specific and discrete items." (Electronic Order.)

Defendant took its first deposition seventeen months after discovery began and two

months before the October 31, 2007 discovery deadline. Defendant waited another month before it took its next two depositions. On the eve of the October 2, 2007 status conference, Defendant issued a notice of deposition for seven depositions to occur in the last two weeks of discovery. (Ex. A.) The notice scheduled two depositions to occur on October 24, 2007. On October 19, 2007, Defendant issued an updated and superseding notice of deposition for eight depositions to occur in the last week of discovery. (Ex. B.) Thus, Defendant scheduled three quarters of its depositions to take place in October and over half to occur in the last week of October. In this new notice, only one deposition remained as scheduled and there are three days where Defendant scheduled two depositions per day. Under the current deposition schedule, there are eleven depositions scheduled in the last week of this month only three of which were noticed by Plaintiff. One of the depositions scheduled by Defendant is the October 24 deposition that Defendant now claims it needs to change to accommodate the schedules of Defendant's counsel.

**Argument**

The extension that Defendant seeks counters the Court's order that deadline extensions should be "[f]or good cause shown" and "for specific and discrete items." (Electronic Order (June 7, 2007).) Defendant's motion does not seek to extend discovery for a specific and discrete issue, but rather attacks the hard discovery deadline set by the Court. Moreover, Defendant was well aware of the numerous depositions that it would be taking in the last two weeks of October, having noticed or identified eight of them by October 1, 2007, and should have sought such relief earlier.

Defendant, not Plaintiff, has created the problems with the current deposition calendar.[1]

---

[1] Defendant's claim that Plaintiff has impeded Defendant's ability to take depositions by scheduling three in the same time period that Defendant has scheduled eight depositions improperly suggests that Defendant should have a monopoly over deposition discovery.

*See, e.g.*, *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994) (upholding denial of Rule 6(b) request for enlargement of time when requesting party "did not advert to any circumstances beyond their control"). Defendant waited until the eve of the October status conference before issuing a notice with respect to seven depositions on dates that, Plaintiff's counsel later learned, were not confirmed with the witnesses or their attorneys.[2] Notably, in that notice, Defendant scheduled two depositions for October 24, 2007 (Ex. A) and now inappropriately argues that Plaintiff is not being accommodating for moving an October 24 deposition due to Defendant's conflicts.[3]

Defendant's claim that Plaintiff has not been cooperative in unequivocally incorrect. To date, Plaintiff has been extremely accommodating to Defendant's deposition needs, including agreeing to reschedule the deposition of James Reiss on short notice and scheduling the depositions of Patrick Shea and Michael Egan on days that were convenient to Defendant, though not convenient to Plaintiff. (*See* Ex. C.) In addition, Plaintiff has agreed to the rescheduling of the following five depositions noticed by Defendant: John Huber, James Haber, Donald Dwight, Thomas Yorke, and Elizabeth Young. Conversely, Plaintiff has not *once* asked Defendant to reschedule a deposition, and has made every effort to accommodate Defendant's request to depose current and former Carruth employees within Defendant's requested schedule. Additionally, Plaintiff has agreed to schedule expert depositions in November to accommodate the numerous fact depositions that Defendant wanted to take in October. Finally, in scheduling

---

[2] In addition, Defendant verbally conveyed to Plaintiff's counsel that it intends to take two more depositions, bringing the total to nine. This total does not include the deposition of Gary Helene, which Defendant has not scheduled or noticed with just over a week left before the close of discovery. If Defendant would like to take Gary Helene's deposition, it should seek to do so through a motion.

[3] Plaintiff scheduled Ms. Korins' deposition for October 24, 2007 after Defendant had informed Plaintiff that the deposition of Mr. Dwight would be moved to October 31, 2007, and had suggested that Mr. Ross's deposition would be moved. It is inappropriate for Defendant to blame Plaintiff for Defendant's conflicts on October 24, 2007 when it was Defendant who initially noticed two depositions for that date, including the now-confirmed deposition of Ivan Ross, and caused Plaintiff's counsel and the witnesses' counsel to arrange their schedules accordingly.

3

its three remaining depositions for the final weeks of October, Plaintiff's counsel worked around the dates noticed by Defendant to minimize the amount of overlap to the extent possible.

Defendant's claim that its motion is necessary because it discovered information late regarding additional witnesses is also incorrect. Of the eight witnesses that Defendant has currently scheduled for depositions in the last week of October, one is Plaintiff, five were listed in Defendant's initial disclosures, one is associated with Grant Thornton (with whom Plaintiff never consulted), and one was an outside accountant for Plaintiff who worked at RSM McGladrey and who was referenced in documents produced by Plaintiff almost fourteen months ago.[4]

Finally, granting this motion, filed on the Monday of a week in which six depositions have been scheduled, four of which were noticed by Defendant, would be extremely prejudicial to Plaintiff. Plaintiff's counsel prepared for all the depositions noticed by Defendant because, contrary to Defendant's assertion, Plaintiff's counsel must prepare to question those witnesses who are beyond the Court's subpoena range. Plaintiff's counsel has invested a great deal of time preparing for these depositions, an especially difficult task in light of the ever moving dates of the depositions noticed by Defendant, and the premature, strategic filing of Defendant's motion to compel documents from Plaintiff and Carruth. As of today, Plaintiff has arranged travel, accommodations, and court reporters for the depositions scheduled for this week, and has been required to shift other work and other responsibilities to later dates or other individuals in order to accommodate Defendant's deposition schedule and this Court's order.

---

[4] Defendant complains about Plaintiff noticing the deposition of an RSM McGladrey accountant and, yet, scheduled the deposition of an RSM McGladrey accountant who worked under the one Plaintiff noticed. In addition, this Court is well aware of Defendant's knowledge of, and interest in RSM McGladrey, as Defendant has previously subpoenaed RSM McGladrey and filed a motion to compel against that firm.

**Conclusion**

The Court has twice granted Defendant's motions to extend deadlines, but has continually stated on the record that it would like the parties to adhere to its deadlines. Plaintiff has made tremendous efforts to complete fact discovery by the end of October. It is manifestly prejudicial that Defendant is continually permitted to obtain extensions on, or close to, the dates of the deadlines set by the Court, especially when Plaintiff is making significant efforts to operate within those deadlines. Fairness to both parties requires that Defendant, not Plaintiff, bear the burden for failing to adhere to, or adequately plan to meet, deadlines. Defendant's motion undermines the importance of and incentives underlying this Court's deadlines by suggesting that a party who is dilatory and cannot meet deadlines should be rewarded.

Respectfully submitted this 22nd day of October 2007.

> PLAINTIFF
> FIDELITY INTERNATIONAL CURRENCY ADVISOR
> A FUND, L.L.C., by the Tax Matters Partner
>
> /s/ Lena Amanti
> David J. Curtin, D.C. Bar #281220
> Ronald L. Buch, Jr., D.C. Bar #450903
> Lena Amanti, D.C. Bar #490791
> MCKEE NELSON LLP
> 1919 M Street, N.W., Suite 200
> Washington, D.C. 20036
> Telephone: (202) 775-1880
> Facsimile: (202) 775-8586
> Email: dcurtin@mckeenelson.com
>     rbuch@mckeenelson.com
>     lamanti@mckeenelson.com

                John O. Mirick, BBO #349240
                MIRICK, O'CONNELL, DEMALLIE
                & LOUGEE, LLP
                100 Front Street
                Worcester, MA 01608
                Telephone:  (508) 791-8500
                Facsimile:  (508) 791-8502
                Email:  jomirick@mirickoconnell.com

**Certificate of Service**

| | |
|---|---|
| I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 22, 2007. | /s/ Lena Amanti<br>Ronald L. Buch, Jr., D.C. Bar #450903<br>MCKEE NELSON LLP<br>1919 M Street, N.W., Suite 200<br>Washington, D.C. 20036<br>Telephone:  (202) 775-1880<br>Facsimile:  (202) 775-8586<br>Email: rbuch@mckeenelson.com |

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY )
ADVISOR A FUND, L.L.C., by the Tax )
Matters Partner, )
 )
        Plaintiff, ) Civil Nos. 05-40151 & 06-40130
 )
v. ) Judge Saylor
 )
 )
UNITED STATES OF AMERICA, )
 )
        Defendant. )

## UNITED STATES' NOTICE OF DEPOSITIONS

Defendant, United States, pursuant to Fed. R. Civ. P. 30, hereby gives notice of its intent to take the following depositions to commence on the dates and times, and at the locations, indicated below.

| Witness | Date & Time | Location |
|---|---|---|
| John Huber | October 18, 2007<br>9:30 a.m. | Offices of Wachtel & Masyr LLP<br>110 East 59th Street<br>New York, NY 10022 |
| James Haber | October 19, 2007<br>9:30 a.m. | Offices of Wachtel & Masyr LLP<br>110 East 59th Street<br>New York, NY 10022 |
| Ivan Ross | October 24, 2007<br>9:30 a.m. | Office of the United States Attorney<br>500 Australian Ave., Fourth Floor<br>West Palm Beach, FL 33401 |
| Donald Dwight | October 24, 2007<br>9:00 a.m. | Office of the United States Attorney<br>816 Congress Avenue, Frost Bank Plaza<br>Austin, TX 78701 |
| Robert Fasulo | October 25, 2007<br>9:30 a.m. | Office of the United States Attorney<br>500 Australian Ave., Fourth Floor<br>West Palm Beach, FL 33401 |

2775788.1

| Thomas Yorke | October 29, 2007 9:30 a.m. | Office of the United States Attorney 147 Pierrepont Street Brooklyn, NY 11201 |
|---|---|---|
| Elizabeth Jung | October 30, 2007 9:30 a.m. | Office of the United States Attorney 147 Pierrepont Street Brooklyn, NY 11201 |

The foregoing depositions shall be taken before some disinterested person authorized by law to administer an oath. The depositions shall be recorded by stenographic means and by video. If any of the above-listed depositions is not commenced, or is commenced but not completed, then such deposition or examination shall be adjourned and continued until complete, but in no event shall the deposition of any designated person continue for more than 7 hours.

_____
BARRY E. REIFERSON
Trial Attorney
United States Department of Justice
Tax Division
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone No.: (202) 514-6058

## CERTIFICATE OF SERVICE

I certify that service of the foregoing **UNITED STATES' NOTICE OF DEPOSITIONS** has been made this 1st day of October, 2007, by sending a copy thereof via U.S. mail to the following address, and by electronic mail to rbuch@mckeenelson.com:

> Ronald L. Buch, Jr., Esq.
> McKee Nelson LLP
> 1919 M Street, N.W.
> Suite 200
> Washington, DC 20036

> /s/ Barry E. Reiferson
> BARRY E. REIFERSON
> Trial Attorney
> United States Department of Justice
> P.O. Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone No.: (202) 514-6058

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY )
ADVISOR A FUND, L.L.C., by the Tax )
Matters Partner, )
 )
              Plaintiff, ) Civil Nos. 05-40151 & 06-40130
 )
v. ) Judge Saylor
 )
UNITED STATES OF AMERICA, )
 )
              Defendant. )

**UNITED STATES' NOTICE OF DEPOSITIONS**

Defendant, United States, pursuant to Fed. R. Civ. P. 30, hereby gives notice of its intent to take the following depositions to commence on the dates and times, and at the locations, indicated below. This notice supersedes any prior notice as to those persons listed.

| Witness | Date & Time | Location |
|---|---|---|
| Robert Fasulo | cancelled | |
| Ivan Ross | October 24, 2007 9:30 a.m. | White & Case LLP 1155 Avenue of the Americas New York, NY 10036 |
| Israel Press | October 26, 2007 10:00 a.m. | Office of the United States Attorney 147 Pierrepont Street Brooklyn, NY 11201 |
| Richard Egan | October 26, 2007 10:00 a.m. | Mirick, O'Connell, DeMallie & Lougee, LLP 18 Tremont Street, Boston, MA 02108 |
| John Huber | October 29, 2007 10:00 a.m. | Office of the United States Attorney 147 Pierrepont Street Brooklyn, NY 11201 |

2816714.1

| Elizabeth Jung | October 29, 2007<br>10:00 a.m. | McKee Nelson LLP<br>One Battery Park Plaza<br>34th Floor<br>New York, NY 10004 |
|---|---|---|
| Thomas Yorke | October 30, 2007<br>10:00 a.m. | Bingham McCutchen LLP<br>399 Park Avenue<br>New York, NY |
| Donald Dwight | October 31, 2007<br>9:00 a.m. | Office of the United States Attorney<br>816 Congress Avenue, Frost Bank Plaza<br>Austin, TX 78701 |
| Carolyn Fiddy | October 31, 2007<br>10 a.m. | Kilpatrick Stockton, LLP<br>214 N. Tryon Street<br>Charlotte, NC 28202 |

The foregoing depositions shall be taken before some disinterested person authorized by law to administer an oath. The depositions shall be recorded by stenographic means and by video, with real-time-transcript capability. If any of the above-listed depositions is not commenced, or is commenced but not completed, then such deposition or examination shall be adjourned and continued until complete, but in no event shall the deposition of any designated person continue for more than 7 hours.

BARRY E. REIFERSON
Trial Attorney
United States Department of Justice
Tax Division
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone No.: (202) 514-6058

## CERTIFICATE OF SERVICE

I certify that service of the foregoing **UNITED STATES' NOTICE OF DEPOSITIONS** has been made this 19th day of October, 2007, by sending a copy thereof via U.S. mail to the following address, and by electronic mail to rbuch@mckeenelson.com:

> Ronald L. Buch, Jr., Esq.
> McKee Nelson LLP
> 1919 M Street, N.W.
> Suite 200
> Washington, DC 20036

> _____
> BARRY E. REIFERSON
> Trial Attorney
> United States Department of Justice
> P.O. Box 55
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone No.: (202) 514-6058

# Exhibit C

**McKee Nelson LLP**

RONALD L. BUCH, JR.
Direct Dial: (202) 327-2078
rbuch@mckeenelson.com

Correspondence from:
› WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
Telephone 202.775.1880
Facsimile 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
Telephone 917.777.4200
Facsimile 917.777.4299

September 11, 2007

**VIA E-MAIL**

Barry E. Reiferson
U.S. Department of Justice, Tax Division
Civil Trial Section, Northern Region
555 Fourth Street, NW
Washington, DC 20001

Re:   *Fidelity International Currency Advisor A Fund, L.L.C. v. United States*,
Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Reiferson:

This responds to your letter of earlier today, in which you misstate the course of discussions regarding deposition dates. Over the past two weeks, I have spoken regularly with Ms. Vann regarding the scheduling of depositions, and these depositions likely would have been scheduled but for her inability to confirm dates in your absence. We have made every effort to accommodate the dates and the order that Defendant requested; however, the difficulty in scheduling is because your office has requested depositions on consecutive days and no one with the apparent authority to actually schedule the depositions has returned my calls.

Currently, we have proposed the following schedule:
September 20 - Elaine Connors
September 21 - Melissa Seaver
October 5 - Pat Shea
October 17 - Mike Egan

Your office has not responded to this proposal. If you prefer consecutive days for Pat Shea and Mike Egan, those can be arranged for the week of October 15. Because you have requested that Ms. Denby's deposition take place after all of the foregoing depositions have taken place, we are awaiting confirmation of those dates to schedule her deposition.

McKEE NELSON LLP
*Attorneys at Law*
www.mckeenelson.com

Barry E. Reiferson
September 11, 2007
Page 2

       Given our past flexibility in scheduling to accommodate Defendant's counsel, your letter is most inappropriate. The phone call I placed to you before your letter has not been returned, and matters of scheduling are best resolved through discussion. Because we wish to accommodate your schedule where possible, I suggest that you provide us a list of the dates Defendant is unavailable to take these depositions.

Sincerely,

Ronald L. Buch, Jr.