UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY | ) | |
| ADVISOR A FUND, L.L.C., by the Tax | ) | |
| Matters Partner, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Nos. 05-40151-FDS (D. Mass.) |
| | ) | 06-40130-FDS (D. Mass.) |
| v. | ) | |
| | ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR
9-DAY EXTENSION OF FACT-WITNESS-DEPOSITION DEADLINE**

The plaintiff's litigiousness on what is typically a simple request is bewildering.

In the typical case, the parties work out scheduling matters without involving the Court, and certainly without trading jabs. Indeed, the Federal Rules of Civil Procedure provide a formal mechanism by which the parties can agree to such a simple modification to deposition schedules. Fed. R. Civ. P. 29.[1] This was a simple request for a small extension to accommodate both parties' schedules, and those of the witnesses. Sufficient time, particularly when the extension

---

[1] The United States will shortly also be filing a motion to reopen the depositions of Ronald Buesinger of Alpha and Patrick Shea of Carruth (both of whom are highly knowledgeable regarding the transaction at issue and are associated with numerous documents). While Federal Rule of Civil Procedure ("Rule") 29 recognizes that the discovery limitations may be inappropriate for some types of litigation, and despite Rule 29's mechanism of allowing the parties on their own to modify discovery limitations, plaintiff has nevertheless refused to allow us any additional time with the depositions of these two highly-knowledgeable individuals. Mr. Buesinger's deposition was noticed by the plaintiff and the United States was given insufficient time to question him. Mr. Shea's deposition was halted by the plaintiff at exactly seven hours and no additional questions were allowed to be asked of this central witness. The reopening of these depositions, if permitted, is another reason for our need for additional time to take some fact depositions in November.

sought is only nine days, normally would benefit both parties.  Insufficient time would normally

harm both parties.  So, one is left to question the plaintiff's motives for so staunchly opposing.

Rather than continue to trade jabs, the United States will return this matter to a civil tone

and simply state the facts.

As discussed in the opening memorandum, the need for an extension is the result of a

number of factors. Those include a continuing attempt to avoid interference with the criminal

trial and the plaintiff's scheduling of depositions during the last two weeks of discovery,

including on days when the United States had long since scheduled other depositions.[2]  For

example, the United States and the plaintiff agreed in September that the United States would

take Richard Egan's deposition on October 26, 2007.[3]  One week before that scheduled

deposition, on October 19, the plaintiff informally told the United States that the plaintiff would

be noticing the deposition of Sidley Austin for that same date.  Similarly, the United States gave

notice on October 1 to take the deposition of Ivan Ross on October 24.  On October 16, the

plaintiff gave notice of its intent to take Janet Korins's deposition on that same date.  In a similar

vein, the plaintiff gave notice of its intention to take Ronald Wainwright's deposition on the

same date as the United States' deposition of Elizabeth Jung which had been noticed more than

---

[2]Also, as discussed in the opening memorandum, information learned during other depositions made clear that the depositions of Gary Helene and Carolyn Fiddy would be necessary.  Contrary to the implication in the opposition, the United States does not contend that it was unaware of these two individuals; the United States avers simply that the depositions only recently became necessary.

[3]As to Richard Egan's deposition, the plaintiff's opposition creates the false impression that the United States' October 19 notice created a scheduling issue.  In fact, the United States re-noticed Richard Egan's deposition at the plaintiff's request because he wished to be deposed in Boston rather than Florida as originally agreed.

two weeks earlier.[4]

The extension is also necessary because many of the non-party witnesses expressed a desire to be deposed on specific dates, many of which made scheduling difficult. For example, Mr. Dwight, an accountant, asked if his deposition could be scheduled on October 31, rather than October 24 as originally planned. In an effort to accommodate, the United States agreed. On the same date as that agreement, the plaintiff offered October 31 as the only date Carolyn Fiddy of Carruth could be deposed. As such, the United States again is forced to take two depositions simultaneously. Since then, the plaintiff also offered to make available David Henry also of Carruth and also only on October 31. The United States requested that Mr. Henry be made available on October 25. Indeed, the United States could have subpoenaed Mr. Henry for October 25, but chose to take the high road and try to accommodate the witness. A reciprocal accommodation would be the plaintiff's agreement to allow Mr. Henry's deposition to be taken on a mutually convenient date in early November.

The United States recognizes the plaintiff's occasional accommodations, and has made some of its own.[5] Nonetheless, there appears to be no good reason for the plaintiff to refuse this

---

[4]Here again, the plaintiff's opposition is somewhat misleading insofar as the United States' October 19 "superseding" deposition notice merely switched Ms. Jung's deposition originally scheduled for October 30 with Thomas Yorke's originally scheduled for October 29.

[5]The plaintiff's assertion that it accommodated the United States by agreeing to schedule expert-witness depositions in November is incorrect. The United States first asked the plaintiff in mid-September for proposed expert-witness-deposition dates. The United States repeated its request on September 24 in person. The plaintiff made no attempt until October 2 even to discuss the scheduling of expert-witness depositions. Then although stating that they wanted to take all expert depositions sometime during the month of October, its counsel failed to offer any specific October dates for these depositions. Only after the United States proposed that all expert-witness depositions be taken in November did plaintiff suggest specific dates, but those dates were all in November. Thus, the reality is that the parties mutually agreed to conduct all expert-witness depositions in November.

simple request and to fight so hard against it– other than to gain a tactical advantage.

The plaintiff will suffer no prejudice by continuing a few depositions to November. The plaintiff's preparation, to the extent there has been any, will not have to be redone simply because the United States wishes to depose a witness a week later than originally planned. The preparation does not become stale. The plaintiff's travel arrangements are alterable, as the plaintiff has many times commented that it does not purchase non-refundable travel tickets. Similarly, the court reporters for the United States' depositions are retained by the United States, so rescheduling their appearances is no burden to the plaintiff. Similarly, court reporters are often asked to reschedule and would not be surprised or atypically burdened by the plaintiff's request to do so here. Regardless, these inconveniences pale in comparison to the extreme burden to the United States if it is forced to take multiple simultaneous depositions. That prejudice to the United States would be particularly unnecessary because the means to avoid it is so simple and painless.

## CONCLUSION

As plaintiff has observed, at the status conference on June 7, 2007, the Court ordered that for good cause shown, it would consider extending the discovery cutoff date for specific and discrete items.  We submit that there are compelling reasons to take a discrete number of fact depositions during the first nine days of November.  Accordingly, the United States respectfully requests the Court to grant this motion to extend the discovery cut-off date to and including November 9, 2007.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. Vann
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-6561
Facsimile:  (202) 514-5238
E-mail:    john.a.lindquist@usdoj.gov
           barry.e.reiferson@usdoj.gov
           heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on October 23, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division