UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case Nos.: 05-40151-FDS<br>06-40130-FDS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO SERVE ADDITIONAL REQUESTS FOR ADMISSION**

The issue for the Court is whether Defendant should be allowed to increase the number of requests for admission six-fold after disregarding the Local Rules and this Court's order in the first instance. At the scheduling conference in this case, the Court expressly declined to increase the number of requests for admission beyond the 25 permitted by the Local Rules and the Court's scheduling order reaffirmed that the discovery limitations apply to requests for admission. Defendant disregarded the Local Rules and this Court's order by serving 156 requests for admission. Defendant now seeks to serve 148 requests for admission and to do so outside the bounds of the current discovery deadlines. The Court should deny Defendant's motion and protect Plaintiff from the unfairness and significant burden these untimely requests would impose on Plaintiff.

I.      **Defendant Does Not Have "Good Cause" for Violating the Local Rules and This Court's Order**

While Defendant labels the Local Rule's 25 requests for admission limit as a "*presumptive* limit" (Def.'s Mem. at 1),[1] it is a limit imposed by the Local Rules that must be complied with absent a court order. Fed. R. Civ. P. (26)(b)(2)(A); L.R. 26.1(c); *Advanced Sterilization Prods. v. Jacob*, 190 F.R.D. 284, 286 n.2 (D. Mass. 2000). At the first status conference the Court explicitly ordered that the discovery limitation as to requests for admission will be operative "because of [the Court's] prejudice that those are rarely useful devices in achieving anything at all." (Status Conference Tr. 30:14-16, Mar. 10, 2006.) The Court stated that "anyone can move for relief from that." (Status Conference Tr. 30:16-17, Mar. 10, 2006.) Following the status conference, the Court memorialized its oral order in a written scheduling order. (First Scheduling Order at 2 (filed Mar. 22, 2006).)

Despite the limits set in the Local Rules and this Court's order, Defendant served 156 requests for admission on the last day allowed for serving discovery requests on a party (October 1, 2007) without moving for relief from the 25-admissions limit, or even consulting with Plaintiff. Defendant is now in the position where it admittedly violated the Local Rules and this Court's order by serving 156 admissions and cannot serve a replacement set of admissions because the discovery deadline has passed. On October 12, 2007, Defendant, "[f]or good cause" (Def.'s Mem. at 1), sought this Court's permission to serve approximately six times the number of admissions allowed (for a total of 148). The "error" Defendant claims to have committed in serving the 156 requests for admission on October 1, 2007 (Def.'s Mem. at 1-2 n.1.) was, in fact, a failure to read and comply with the Local Rules or this Court's scheduling order. Defendant

---

[1] "Def.'s Mem." refers to United States' Memorandum of Law in Support of Its Motion for Leave to Serve Additional Requests for Admission, filed on October 12, 2007.

was apparently unaware of the 25-admissions limit until Plaintiff's counsel raised the issue in the October 2, 2007 status conference. "Good cause" cannot be premised on a failure to read the Local Rules. In another context, Judge Easterbrook stated that the "[f]ailure to read a rule is the antithesis of good cause." *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (applying the good cause standard to a failure to comply with Federal Rule of Civil Procedure 4). This Court should not sanction a violation of the Local Rules and this Court's order where Defendant has failed to show good cause by allowing Defendant to serve an additional 123 requests for admission.

## II.    The Burden of Answering 123 Additional Requests for Admission Outweighs the Minimal Benefit of This "Rarely Useful Device[]"

Defendant's assertion that its 148 proposed requests for admission "are not overly burdensome" and that Plaintiff "should experience little burden at all" in answering 148 requests for admission is absurd. (Def.'s Mem. at 4.) Answering approximately six times the number of admissions allowed imposes an inherent burden on Plaintiff. This burden is compounded by the fact that the parties are in the closing days of discovery, during which eleven depositions will be taken, and the parties have agreed to depose seven experts in November.[2] Plaintiff relied on the discovery limits prescribed by the Local Rules and this Court's order and carefully planed its discovery. Plaintiff should not have to bear the burden of Defendant's failure to adhere to the Court's limits. Defendant's cursory statements that Plaintiff will not be burdened by answering 123 additional requests for admission does not decrease or mitigate the six-fold burden it seeks to impose on Plaintiff.

---

[2] Throughout this litigation, Plaintiff has agreed to reasonable extensions of time and enlargements of discovery limits. For example, Plaintiff agreed to an enlargement of the number of interrogatories and has granted at least five extensions of Defendant's response dates. Here, Defendant's enlargement, and the inherent delay that accompanies it, is unduly burdensome. The Court's order enlarging fact deposition discovery to November 9, 2007, as requested by Defendant, should have no impact on the Court's review of this issue.

The burden that would be imposed on Plaintiff by answering 123 additional admissions greatly outweighs the minimal benefit that they might provide.  The Court stated at the first status conference that requests for admission "are rarely useful devices in achieving anything at all."  (Status Conference Tr. 30:15-16, Mar. 10, 2006.)  Defendant's primary argument for allowing the requests for admission is that they will make trial more efficient.  (Def.'s Mem. at 2-5.)  As the Court acknowledged, requests for admission rarely achieve anything at all, much less make trial more efficient.  The device that achieves the benefits outlined by Defendant is not requests for admission, but the pretrial memorandum, which must be jointly prepared and which must list all of the established facts and contested facts.  L.R. 16.5(d).

Defendant's statement that it would oppose any additional admissions served by Plaintiff "simply to create a burden or as a retaliatory strike" (Def.'s Mem. 5 n.2) suggests two things: first, that Defendant and Plaintiff should be subject to two different sets of discovery standards and limits, and that Plaintiff has used discovery as a "retaliatory strike" in the past.  The first should not be true, and the second is patently untrue.

It is fundamental to the discovery process that the parties be provided equal opportunity to use the discovery devices provided for in the Federal and Local Rules.  Both sets of rules embody this principle by allowing both parties an equal number of depositions, interrogatories, requests for admission, and requests for production.  *See* Fed. R. Civ. P. 30(a)(2) (depositions); Fed. R. Civ. P. 31(a)(2) (depositions); Fed. R. Civ. P. 33(a) (interrogatories); L.R. 26.1(c) (depositions, interrogatories, requests for a admission, and requests for production).  Parity in the discovery process permits each party the same opportunity to pursue the facts.  Without such parity, the presentation of the facts is more likely to be one sided, and the Court's decision-making ability is hampered accordingly.

Plaintiff has not used discovery as any kind of retaliatory strike.  In contrast, Plaintiff has carefully planned its discovery to fit within the limits initially imposed by the Court.  Having limits forces a party to prioritize and sometimes make hard choices, leaving some questions unasked.  When, in the waning days of discovery, the Court enlarged the number of interrogatories at Defendant's request, Plaintiff had the same right to explore what otherwise would have been its unanswered questions.  In two instances, Plaintiff merely reworded interrogatories that previously had been served, because Defendant had not meaningfully answered them.  Defendant's "retaliatory strike" rhetoric is an effort to shift the burden of its violation of the Local Rules and this Court's order to Plaintiff, and evidences a view that this Court should hold the parties to two different standards for discovery.  Neither should be countenanced.

## CONCLUSION

The Court should deny Defendant's Motion for Leave to Serve Additional Requests for Admission because Defendant has not shown good cause for violating the Local Rules and this Court's order and the burden imposed on Plaintiff would greatly outweigh the minimal benefit of this "rarely useful device[]."

Respectfully submitted this 25th day of October 2007.

        PLAINTIFF
        FIDELITY INTERNATIONAL CURRENCY ADVISOR
        A FUND, L.L.C., by the Tax Matters Partner


        /s/ Lena Amanti
        David J. Curtin, D.C. Bar #281220
        Ronald L. Buch, Jr., D.C. Bar #450903
        Lena Amanti, D.C. Bar #490791
        MCKEE NELSON LLP
        1919 M Street, N.W., Suite 200
        Washington, D.C. 20036
        Telephone:  (202) 775-1880
        Facsimile:  (202) 775-8586
        Email:  dcurtin@mckeenelson.com
             rbuch@mckeenelson.com
             lamanti@mckeenelson.com


        John O. Mirick, BBO #349240
        MIRICK, O'CONNELL, DEMALLIE
        & LOUGEE, LLP
        100 Front Street
        Worcester, MA 01608
        Telephone:  (508) 791-8500
        Facsimile:  (508) 791-8502
        Email:  jomirick@mirickoconnell.com

**Certificate of Service**

| I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 25, 2007. | /s/ Lena Amanti<br>Lena Amanti, D.C. Bar #490791<br>MCKEE NELSON LLP<br>1919 M Street, N.W., Suite 200<br>Washington, D.C. 20036<br>Telephone:  (202) 775-1880<br>Facsimile:  (202) 775-8586<br>Email: lamanti@mckeenelson.com |
|---|---|