UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Nos. 05-40151-FDS (D. Mass.) |
| | )              06-40130-FDS (D. Mass.) |
| v. | ) |
| | ) Judge Saylor |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MOTION AND MEMORANDUM OF LAW TO
REOPEN DEPOSITION OF PATRICK SHEA**

The United States of America moves to reopen the deposition of Patrick Shea for an additional seven hours.

Mr. Shea is, and was when the Fidelity International transaction was entered into, the chief operating officer of Carruth.[1] That transaction was a highly-complex and carefully preplanned tax shelter known as FDIS. The promoters of the plaintiff's tax strategy included, *inter alia*, two boutique tax-shelter investment firms, two international accounting firms, and two nationwide law firms. According to the plaintiff, Carruth manages the Egan family's wealth, and was intimately involved in the purchase, implementation, operation and reporting of the FDIS transaction. Mr. Shea is the author or recipient of thousands of documents, including numerous handwritten notes, obtained during discovery relating to every phase of the marketing, purchase, implementation, operation, and reporting of plaintiff's FDIS transaction. Many of these documents are among the most critical of all documents in the multimillion-page database in this

---

[1]Carruth is the shorthand term used to describe the group of entities that includes Carruth Management, Carruth Associates, Carruth Capital, and Carruth Partners.

case.

The plaintiff had at least a hand, and probably more, in the witness's refusal to continue his deposition testimony. The United States began Mr. Shea's deposition on October 16, 2007. After precisely seven hours of testimony, Mr. Shea's counsel, who is also counsel for the plaintiff and for Carruth, halted the deposition and refused to allow additional examination. While Carruth is not owned in any part by Richard Egan or Fidelity International Currency Advisor A Fund, Carruth, Carruth's employees, and the plaintiff clearly have a close relationship. As such, the halting of the deposition benefits the plaintiff to the detriment of the United States, while having little or nothing to do with Mr. Shea's interests as a witness or the United States' rights as a party. A non-party witness with independent counsel may have been more inclined to cooperate and completely testify. Here however, prompted by the plaintiff and its interests, the witness simply refused to continue after the presumptive seven hours.

The plaintiff's halting of the deposition of such an important non-party witness after precisely seven hours is not in accordance with cooperative discovery, a search for the truth, or the Federal Rules of Civil Procedure. The Advisory Committee stated in regard to the presumptive seven-hour limit that it "expect[s] that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court." Fed.R.Civ.P. 30, Notes of Advisory Committee on 2000 Amendments. It also states that "[p]reoccupation with timing is to be avoided." *Id.* Here, the witness, prompted by plaintiff's counsel, did not make any reasonable accommodation, or any accommodation at all. Instead, in contravention of the Advisory Committee's expectations, the plaintiff's total preoccupation with precise timing up to seven hours, and not a minute more, governed the witnesses actions and necessitated motion practice.

There is good reason for Mr. Shea's deposition to be reopened. Indeed, the Federal Rules contemplate such a situation in which the presumptive seven-hour limitation is insufficient. In that regard, the Advisory Committee stated that "[p]arties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors." *Id*. Mr. Shea, a CPA and former owner of an accounting firm, joined Carruth in June 2000 as its chief operating officer. Almost immediately he was thrust into the search and review of so-called "tax advantaged" transactions for the benefit of Richard and Maureen Egan. As such, he is one of the central figures in this case. More specifically, he has intimate knowledge of the following: (1) the search for tax-elimination strategies prior to the plaintiff's entering into the FDIS transaction; (2) Carruth's and plaintiff's internal communications, and also their communication with the numerous tax-shelter promoters regarding the structuring and operation of the Fidelity International transaction; (3) the alleged "business purpose"(or lack thereof) for entering into this transaction; (4) coordination and review of the final versions of the promoters' legal opinions; (5) the preparation and filing of Fidelity International's and the plaintiff's tax returns reporting (or attempting to conceal) the tax benefits of the FDIS transaction; and more.

The United States has not had ample time to examine him on these critical and extensive topics. Additionally, as stated earlier, there are thousands of documents relating to Mr. Shea, and those prospective trial exhibits are some of the most critical in the case. Even culled, the essential documents relating to or known to Mr. Shea are still voluminous, and will require the United States to expend considerable additional time examining him on the fundamental matters reflected in these documents. .

## CONCLUSION

Because Mr. Shea is an important witness with substantial and likely unique knowledge of the transaction at issue, and because plaintiff's counsel, who also represents Mr. Shea,

3

abruptly halted the deposition before the United States had sufficient examination time, this motion to reopen his deposition should be allowed. There is a possibility that the continued examination of Mr. Shea will not take another seven hours (or another full day). Given plaintiff's wooden interpretation of the presumptive seven-hour limit, however, the United States feels compelled to request the Court to allow it to reopen Mr. Shea's deposition for another seven hours. This is our current best estimate of the amount of time we will require to cover all of the important subjects and critical documents about which Mr. Shea is knowledgeable.

## Certification

I certify that counsel for the United States conferred by telephone with counsel for the plaintiff in an attempt to resolve the issue(s) raised in this motion. The plaintiff opposes the relief sought.

                                                  Respectfully submitted,

                                                  MICHAEL J. SULLIVAN
                                                  United States Attorney

                                                  /s/ Dennis M. Donohue
                                                  DENNIS M. DONOHUE
                                                  CHIEF SENIOR LITIGATION COUNSEL
                                                  OFFICE OF CIVIL LITIGATION
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 403, Ben Franklin Station
                                                  Washington, D.C. 20044
                                                  Telephone: (202) 307-6492
                                                  Facsimile: (202) 307-2504
                                                  E-mail: dennis.donohue@usdoj.gov

                                                  JOHN A. LINDQUIST
                                                  BARRY E. REIFERSON
                                                  HEATHER L. VANN
                                                  Trial Attorneys, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 55, Ben Franklin Station
                                                  Washington, D.C. 20044-0055
                                                  Telephone: (202) 307-6561
                                                  Facsimile: (202) 514-5238
                                                  E-mail: john.a.lindquist@usdoj.gov
                                                                  barry.e.reiferson@usdoj.gov
                                                                  heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on November 5, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division