UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO SERVE ADDITIONAL REQUESTS FOR ADMISSION**

The plaintiff's opposition should not have been its vehicle to again argue– wrongly– that there are "two different standards for discovery." There has been one standard for discovery– and that is that the Court has given sufficient leeway for the parties to take necessary discovery while keeping the case moving towards trial. It should not go unsaid that the vast majority of the documents used by both parties has come as a result of the United States' discovery efforts.[1]

The opposition also should not have been an opportunity for the plaintiff to again argue that the United States needed leave to serve the additional requests for admission. Indeed, that is the reason for this motion. The United States also immediately remedied its error. At the October 2, 2007 status conference, where the United States first learned that it had erred, it informed the plaintiff that if it had in fact served the requests in error, it would withdraw them and the accompanying interrogatory. It did just that shortly thereafter. During the requisite conference to discuss the United States' intention to file this motion, the United States informed

---

[1] For example, to our knowledge, the plaintiff has not sought any documents from central figures in this case, including Refco, Brown Raysman, and DGI, among others, but has received documents produced by each to the United States.

2853457.1

the plaintiff that it was withdrawing the interrogatory served with the requests with no intention to re-serve, and was withdrawing the Third Set of Requests for Admission pending the Court's ruling on this motion.  Then, in the memorandum of law in support of this motion, the United States memorialized its request that the plaintiff refrain from responding to the Third Set of Requests for Admission until the Court has ruled on this motion.  The United States also attached to its motion papers a proposed set of requests for admission different from that served in error.  Accordingly, the withdrawal of the Third Set of Requests for Admission should have been clear.

With prior issues remedied, the remaining issue at the heart of the matter is whether the additional requests for admission would, as they were intended and as contemplated by the drafters of the Federal Rules of Civil Procedure, make trial more efficient and expedite the presentation of evidence.  As can be seen, the proposed requests attached to the motion are narrowly tailored to meet the intended goals.  The plaintiff's assertion that the final pretrial memorandum will serve the same purpose as requests for admission (Pl. Opp. Mem. at p. 4, ¶ 1) is simply wrong.  The pretrial memorandum outlines, among other things, established facts and contested issues, but is not a vehicle to establish facts.  That vehicle is the request for admission.

As one court aptly held when ruling on the appropriateness of requests for admission, "the parties will have to address these facts at some point in the trial of this case: either through requests for admission, responses to dispositive motions, or at trial."[2]  That court further held that with discovery over, (as it is almost over here), the "Defendant[], of course, seek[s] to establish as many facts as possible as early as possible, so as to prepare for the ultimate resolution of the case. [The] . . . objections to Defendant['s] requests for admission do little more

---

[2] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 U.S. Dist. LEXIS 80182 (D. Kan. 2007).

than unnecessarily delay the resolution of this case."[3]

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                                /s/ Dennis M. Donohue
                                DENNIS M. DONOHUE
                                CHIEF SENIOR LITIGATION COUNSEL
                                OFFICE OF CIVIL LITIGATION
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                P.O. Box 403, Ben Franklin Station
                                Washington, D.C.  20044
                                Telephone: (202) 307-6492
                                Facsimile: (202) 307-2504
                                E-mail: dennis.donohue@usdoj.gov

                                JOHN A. LINDQUIST
                                BARRY E. REIFERSON
                                HEATHER L. VANN
                                Trial Attorneys, Tax Division
                                U.S. Department of Justice
                                P.O. Box 55, Ben Franklin Station
                                Washington, D.C.  20044-0055
                                Telephone: (202) 307-6561
                                Facsimile:  (202) 514-5238
                                E-mail: john.a.lindquist@usdoj.gov
                                                barry.e.reiferson@usdoj.gov
                                                heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on November 5, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division

---

[3] *Id.*