UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Civil Nos. 05-40151-FDS (D. Mass.)<br>            06-40130-FDS (D. Mass.)<br><br>Judge Saylor |

## MOTION AND MEMORANDUM OF LAW TO REOPEN DEPOSITION OF RONALD BUESINGER

The United States of America moves to reopen the deposition of Ronald Buesinger. Mr. Buesinger, a principal of Alpha, one of the central figures in this case, was subpoenaed by the plaintiff, and he appeared for a deposition pursuant to that subpoena on October 11, 2007. The United States cross-examined Mr. Buesinger at that deposition, but has not had an opportunity to fully examine him regarding the Fidelity International transaction and many important documents out of the tens of thousands of documents relating to Mr. Buesinger and the transaction. As such, the United States seeks an additional six hours of deposition testimony from Mr. Buesinger.[1]

There is good reason for Mr. Buesinger's deposition to be reopened. The United States has not had ample time to examine him. Indeed, the Federal Rules contemplate such a situation

---

[1] Mr. Buesinger has informed us, through counsel, that he is unavailable for deposition until at least November 15, 2007. Discovery in this case ends on November 9, but for discrete matters. With the discovery deadline in mind, the United States issued a subpoena to Mr. Buesinger for deposition on November 8, and served it upon his counsel. Because Mr. Buesinger is unavailable then, the United States also seeks leave, by this motion, to continue Mr. Buesinger's deposition to a date after November 15 but before 2008, when he is available.

in which the presumptive seven-hour limitation is insufficient. In that regard, the Advisory Committee states that "Parties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors," including "the need for each party to examine the witness . . . ." Fed.R.Civ.P. 30, Notes of Advisory Committee on 2000 Amendments. Again, there are additional factors here weighing in favor of additional time, including Mr. Buesinger's importance as a witness and the volume of exhibits relating to him. As described earlier, Mr. Buesinger is a principal of Alpha, which was the plaintiffs' alleged principal investment advisor on the FDIS offsetting option transaction. Alpha, and specifically Mr. Buesinger, was also the principal contact with Fidelity International's counterparty (Refco) on the FDIS trades. At his October 30th deposition, Thomas Yorke of Refco confirmed Mr. Buesinger's critical role in and thorough knowledge of the structure and operation of the FDIS offsetting options transactions. (Yorke Dep. Tr., *passim*.)[2] Mr. Buesinger was also purportedly a business associate of James Haber of The Diversified Group, one of the primary promoters of the FDIS tax shelter. As such, Mr. Buesinger has substantial, crucial, and likely unique knowledge of this transaction. It is therefore unsurprising that his name appears on more than 20,000 documents obtained during discovery. Moreover, he has "hands-on" knowledge of numerous other highly-technical documents and materials that underlie the intricate working of these complicated transactions. Even culled, the essential documents are still voluminous, and will require the United States to expend considerable additional time examining him on the fundamental matters reflected in these documents.

The United States conducted a cross-examination of the witness, not a full direct examination. The United States began its cross-examination after 2:00 p.m., and shortly before

---

[2] Citation to "rough" Yorke-deposition transcript. Final transcript unavailable at this time.

7:00 p.m had discussions with counsel for both the witness and the plaintiff regarding the lateness of the hour. The plaintiff made its position on any continuing examination clear when it objected near the end of the day's testimony to the "late[ness] in the day." (Tr. at 333:18-21.) After the close of the plaintiff's direct examination, counsel for the United States said, inartfully, that he had "no further questions." (Tr. at 334:20-21.) As made clear shortly thereafter, however, counsel was referring to cross-examination questions at that late hour. (Tr. at 337:16). At 7:06 p.m, counsel simply thanked Mr. Buesinger for his time, and ended the deposition with significant additional topics left uncovered.

      Those additional topics are worthy of full examination. The plaintiff's insistence here, as in other depositions, on precisely seven hours of questioning regardless of the circumstances, should not preclude reopening this deposition.

## CONCLUSION

Because Mr. Buesinger is an important witness with substantial and likely unique knowledge of the transaction at issue, and because the United States has had insufficient time to examine him at the plaintiff's deposition, this motion to reopen the deposition should be allowed. Additionally, because Mr. Buesinger is unavailable to give additional testimony until at least the second half of November, leave should be granted to reopen his deposition on a date after November 15 and before the end of December 2007.

## Certification

I certify that counsel for the United States conferred by telephone with counsel for the plaintiff and for Mr. Buesinger in an attempt to resolve the issue(s) raised in this motion. The plaintiff opposes the relief sought. Despite repeated attempts to obtain Mr. Buesinger's assent, we have so far been unable to do so.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
         barry.e.reiferson@usdoj.gov
         heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on November 6, 2007.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division