UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Case Nos.:  05-40151-FDS<br>             06-40130-FDS |

**OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS FROM FOUR LAW FIRMS**[1]

Defendant's motions to compel, if granted, will add further heft to the already heavy burden that this irrelevant discovery has imposed on the litigation and Plaintiff. Defendant first stepped on this slippery slope when it sought information concerning other unrelated taxpayers from KPMG in March 2006. Since then, Defendant consistently pulled us down the slippery slope of "pattern evidence" by seeking discovery from and relating to individuals and entities that had no involvement in the transaction at issue in this case for the presumable purpose of creating conjectures and inferences about Plaintiff from those documents.[2] Defendant's latest

---

[1] On October 31, 2007, Defendant filed four separate motions to compel (collectively "Defendant's motions") as to four law firms: Lord Bissell [docket entry 192], Brown Raysman [193], Bryan Cave [194], and Proskauer Rose [195]. Rather than burden the Court with repetitive filings, Plaintiff submits this memorandum as a single response to all four motions to compel.

[2] For example, Defendant cites 31 BDO documents in the two memoranda accompanying its motions as a basis for needing documents from other firms that, like BDO, have never had any relationship to Plaintiff.

attempt to gather "fourth-party"[3] discovery comes in the form of motions to compel the production of documents from Bryan Cave, Lord Bissell, Brown Raysman, and Proskauer Rose (collectively, the "Four Law Firms").  The latest round of motions demonstrates the burden and prejudice created by Defendant's misguided and overbroad discovery.  The documents sought do not concern Plaintiff, nor do they serve Defendant's expressed limited purpose in seeking its voluminous "fourth-party" discovery.[4]  Moreover, these documents do not lead to admissible evidence.  The burden placed on Plaintiff, the Court, and the third and fourth parties whose privileged information is being sought far exceeds any benefit, and none has been identified by Defendant, gained by invading the attorney-client privilege to obtain these documents.  We do not need another push toward the bottom of the slippery slope; accordingly, Defendant's motions should be denied.

## BACKGROUND

Defendant first sought discovery concerning unrelated taxpayers from KPMG in March 2006.  At that time, Plaintiff cautioned that the "fourth-party" discovery would not only compromise the rights of the unrelated taxpayers, but would also force this Court to effectively conduct a separate trial for each of the unrelated taxpayers.[5]  This Court, recognizing the potential breadth of any "fourth-party discovery" advised the parties that "this isn't the Senate Permanent Subcommittee.  We aren't going to investigate the tax shelter industry."[6]  In May, Plaintiff noted that if the door is open to "fourth-party" discovery, "the risk is that we are on that

---

[3] *See Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1009-10 (D.C. Cir. 1997) (describing discovery sought from third parties concerning other unrelated parties as "fourth-party" discovery and holding that the trial court erred in finding such discovery to be relevant).

[4] (*See* Status Conference Tr. 32:25, Oct. 2, 2007 (Defendant agreeing that the other taxpayer information will be used for purposes of a summary exhibit).)

[5] (*See* Mem. in Supp. of Pl.'s Mot. to Quash Subpoena Duces Tecum at 6, 8 (filed Apr. 14, 2006).)

[6] (Status Conference Tr. 28:25-29:1, Mar. 10, 2006.)

2

slippery slope, and now we have to try multiple tax cases"[7] involving other taxpayers. Now, with discovery closed, Defendant is seeking to invade the attorney-client privilege of these other taxpayers to obtain documents that have no apparent benefit to Defendant's case. Accordingly, we have, as envisioned by the Court, approached the bottom of the slippery slope.[8]

### DEFENDANT'S CONTINUING PURSUIT OF IRRELEVANT DISCOVERY IMPOSES AN UNDUE BURDEN ON PLAINTIFF

The instruction that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"[9] is being tested. The continued intrusion into unrelated third and fourth parties will require Plaintiff to not only make a case for the tax treatment of its transaction, but also make a case supporting the acts of forty-six other taxpayers, Lord Bissell, and Bryan Cave, all of whom are complete strangers to Plaintiff. Defendant's latest round of motions further evidences the burden, time, expense, and prejudice this "other taxpayer information" has placed on Plaintiff by calling for voluminous last minute productions of documents that will not be admissible, will further confuse the issues in this case, and will serve no purpose in furthering Defendant's "defense" of Plaintiff's claims.

It is important to note what Defendant's motions do not seek. First, Defendant's motions do not seek documents concerning Plaintiff. Three of the law firms[10] from whom Defendant seeks documents never represented Plaintiff. To Plaintiff's knowledge, none of the privileged documents at issue even refer to Plaintiff or Plaintiff's transactions. As for Proskauer Rose, legal advice rendered to Plaintiff by Proskauer Rose was not intended to be confidential and was

---

[7] (Status Conference Tr. 26:7-8, May 11, 2006.)

[8] (*See* Status Conference Tr. 26:10-12, May 11, 2006 (Court stating, "the question is can we step on the slope without sliding to the bottom. . . .").)

[9] Fed. R. Civ. P. 1.

[10] Those three firms are Lord Bissell, Bryan Cave, and Brown Raysman.

3

disclosed early in this matter. Thus, the documents sought by Defendant do not relate to Plaintiff.

Second, Defendant's motions do not seek information regarding other purported FDIS transactions. Defendant claims that there are forty-seven FDIS transactions.[11] Complete closing binders laying out the details for each of the purported FDIS transactions identified by Defendant have been produced. Each closing binder contains outlines of the transactions, option confirmation statements identifying the option contracts purchased and sold, daily valuations of the option contracts, operating agreements, and other organization documents evidencing membership interest in and other activities conducted by each of the entities purportedly engaging in FDIS transactions. Moreover, multiple legal opinions have been produced for those transactions. While legal opinions have not been produced for all of those transactions, Defendant itself alleges that the opinions are "cookie-cutter." Thus, Defendant has all necessary (and irrelevant) information concerning its supposed pattern.

Finally, Defendant's motions do not seek documents that it intends to put into evidence. This Court previously stated that although it has "permitted the government to get into this other taxpayer evidence" it was "in the expectation and hope that we're not going to try those cases, but that you might have a summary chart," which Defendant has acknowledged as its purpose in seeking "fourth-party discovery."[12] Defendant's motion papers make clear, however, that it is not seeking the documents at issue for the purpose of creating a summary chart. Instead Defendant's motions seeks numerous communications between the Four Law Firms and other professional firms, which would not be part of Defendant's summary chart. This information,

---

[11] (Mem. of Law in Supp. of Pet.'s Mot. to Compel Production of Documents at 15, *United States v. The Diversified Group Inc.*, No. 07-40004 (D. Mass. filed June 15, 2007).)

[12] (Status Conference Tr. 32:20-25, Oct. 2, 2007.)

which does not provide Defendant with any evidence, increases the burden and prejudice such discovery has placed on Plaintiff by convoluting the issues in this case and putting these other taxpayers and professional firms on trial. This burden far exceeds the benefit of obtaining additional documents from unrelated law firms through invasion of their attorney-client privilege.

## CONCLUSION

The third-party and "fourth-party" discovery sought by Defendant has pushed us down the slippery slop envisioned by the Court. Now seeking to invade the privileges of these unrelated parties, Defendant is slipping yet further away from the facts of this case. This imposes an undue burden on the case and Plaintiff. No identified benefit will be derived from invading the attorney-client privilege to obtain these additional documents, but significant burden exists in connection with obtaining and reviewing these documents. This burden includes the time and expense required to respond to Defendant's discovery demands, the time and expense required to review new productions after the close of discovery, and the confusion of issues that will arise should the parties be required to defend and attack the actions of multiple other unrelated taxpayers and professional firms who are the subject of Defendant's motions. This Court has repeatedly stated that it does not wish to examine and try the transactions of other taxpayers. Production of these documents only furthers this purpose  Accordingly, Defendant's motions should be denied.

Respectfully submitted this 14th day of November 2007.

          PLAINTIFF
          FIDELITY INTERNATIONAL CURRENCY ADVISOR
          A FUND, L.L.C., by the Tax Matters Partner

          /s/ Lena Amanti
          David J. Curtin, D.C. Bar #281220
          Ronald L. Buch, Jr., D.C. Bar #450903
          Lena Amanti, D.C. Bar #490791
          MCKEE NELSON LLP
          1919 M Street, N.W., Suite 200
          Washington, D.C. 20036
          Telephone:  (202) 775-1880
          Facsimile:  (202) 775-8586
          Email:  dcurtin@mckeenelson.com
                  rbuch@mckeenelson.com
                  lamanti@mckeenelson.com

          John O. Mirick, BBO #349240
          MIRICK, O'CONNELL, DEMALLIE
          & LOUGEE, LLP
          100 Front Street
          Worcester, MA 01608
          Telephone:  (508) 791-8500
          Facsimile:  (508) 791-8502
          Email:  jomirick@mirickoconnell.com

**Certificate of Service**

| | |
|---|---|
| I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 14, 2007. | /s/ Lena Amanti<br>Lena Amanti, D.C. Bar #490791<br>MCKEE NELSON LLP<br>1919 M Street, N.W., Suite 200<br>Washington, D.C. 20036<br>Telephone:  (202) 775-1880<br>Facsimile:  (202) 775-8586<br>Email: lamanti@mckeenelson.com |