UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, ) ) ) ) ) | |
| Plaintiff, ) ) | Case Nos.: 05-40151-FDS |
| v. ) ) | 06-40130-FDS |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) ) ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
<u>REOPEN DEPOSITION OF PATRICK SHEA</u>**

The issue before the Court is whether Defendant should be allowed once again to exceed the discovery limitations that apply in this case.[1]  Defendant took a seven-hour deposition of Patrick Shea and now seeks an additional seven hours as a "current best estimate."  This is not a dispute over how the parties should share the seven hours allowed for depositions.  Defendant's counsel used the full seven hours permitted by the Federal Rules; Plaintiff used none.  The Court should deny Defendant's motion to depose this witness a second time.  Defendant has failed to demonstrate a basis for its demand for a second bite at the apple.  This Court should not subject Mr. Shea to another deposition.

---

[1] This is one of two motions in which Defendant seeks a second deposition of a non-party witness.  The other motion seeks a "do-over" of the deposition of Ronald Buesinger.

**Background**

Mr. Shea and Plaintiff's counsel arrived promptly for Mr. Shea's deposition at the time and place noticed by Defendant. Mr. Shea answered Defendant's questions on the record for seven hours and fifteen minutes. Plaintiff's counsel did not ask a single question or make inappropriate or lengthy objections. Defendant's counsel examined Mr. Shea on ninety exhibits[2] during the deposition, including a calendar of meetings from before Mr. Shea began working for Plaintiff[3] and internal KPMG emails of which Mr. Shea was neither an author nor a recipient.[4] In total, thirty-two of the exhibits on which Defendant's counsel examined Mr. Shea contain no indication that Mr. Shea received, authored, or read the documents.

Seven-and-a-half hours after the deposition started, Plaintiff's counsel noted that there is a seven-hour limitation on depositions and that, with time deducted for breaks, the deposition was close to the end of the seven-hour limit.[5] Defendant's counsel asked the videographer how much time remained and was informed that six hours and fifteen minutes of tape time had been used.[6] Defendant's counsel acknowledged on the record that he had another forty-five minutes.[7]

When the full seven hours of deposition time had elapsed, the videographer indicated that fact and Plaintiff's counsel "note[d] for the record that the videographer has indicated that he has

---

[2] Defendant used ninety-two exhibits, but two were protective orders on which Defendant's counsel did not examine Mr. Shea.

[3] (Patrick Shea Dep. 19:10-21, Oct. 16, 2007.)

[4] (*Id*. at 116:4-13.)

[5] (*Id*. at 206:5-14 ("This may be a good time to just state for the record that it's 5:45 and we have been together well over seven hours now. We actually started at 10:15 with the examination, so 5:15 would be seven hours. Half an hour for lunch, we're now at the seven-hour time period provided for in the rules. There were a few breaks and I understand that, so I hope counsel is getting close to the end. Because there is a seven-hour limitation that applies in this deposition.").)

[6] (*Id*. at 206:15-18.)

[7] (*Id*. at 206:19-21 ("So that's how long we've been going, six hours and 15 minutes. So we have another 45 minutes.").)

got to go off the record."[8] The videographer confirmed that seven hours had elapsed.[9] It was at this point, at 6:45 p.m., that Defendant's counsel indicated for the first time that he believed he needed additional time with Mr. Shea.[10] Defendant's counsel did not request on the record to extend the deposition for a reasonable amount of time that day, although Defendant's counsel was present at other depositions when Plaintiff's counsel had accommodated such requests.[11] To be clear, this is *not* a case where the examining lawyer made a reasonable estimate of the time needed to complete the deposition and requested that the witness continue for an additional thirty or even sixty minutes. As Defendant's motion shows, in this case the examining lawyer did not want a reasonable extension, he wanted another deposition.

The entire discussion of the seven-hour limit for the deposition and Defendant's perceived need for additional time consumed less than three pages of the transcript, and there was only dialogue between Plaintiff's counsel and Defendant's counsel. There is no evidence in the deposition transcript of "the witness, prompted by plaintiff's counsel," refusing to make "any reasonable accommodation, or any accommodation at all."[12] The transcript reveals that Mr. Shea answered Defendant's questions, did not seek to impede the deposition, and behaved in a cordial manner, even in the face of unjustified accusations of document destruction. In total, Mr. Shea spent eight-and-a-half hours of his day accommodating Defendant's deposition.

---

[8] (*Id.* at 228:23-25.)

[9] (*Id.* at 229:1-2.)

[10] (*Id.* at 229:3-14.)

[11] Plaintiff noticed the deposition of Ronald Buesinger and questioned him for approximately three hours. Defendant followed with an approximately five-hour examination of Mr. Buesinger. Both the witness's counsel and Plaintiff's counsel allowed Defendant's counsel to proceed with questioning one hour beyond the limit without objection. Defendant's counsel concluded his examination by clearly stating that he had no further questions. (Ronald Buesinger Dep. 334:20-21, Oct. 11, 2007.)

[12] (Def.'s Mot. at 2.)

Defendant's attempt to suggest to this Court that Mr. Shea was somehow uncooperative is misguided, most unfair to the witness, and clearly a continuation of Defendant's counsel's efforts to bully this witness (and others) with untrue allegations.

Almost three weeks after the deposition, Defendant filed a motion to "reopen" Mr. Shea's deposition. Defendant asked for "another seven hours" to depose Mr. Shea, while also noting that "[t]his is our current best estimate of the amount of time we will require."[13] Defendant suggested no other limitations for its re-deposition.

## Argument

Defendant treats the Federal Rule limiting depositions to seven hours as one that permits it to take depositions of unlimited duration and that does not allow Plaintiff to object. The Federal Rules explicitly limit depositions to seven hours.[14] "The rules do not allow for endless depositions, the modern form of trial by ordeal."[15] Thus, a party seeking more than seven hours to conduct a deposition is expected to show good cause.[16] Courts have tended to "disfavor second depositions, and absent a showing of need or good reason, a court generally will not require a deponent to appear for a second deposition"[17] In determining whether good cause exists, courts consider a variety of factors, including the duration of the events covered by the examination, the length and volume of documents on which the witness will be questioned, and

---

[13] (Def.'s Mot. at 4.)

[14] Fed. R. Civ. P. 30(d)(2).

[15] *In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 532 (N.D. Ill. 2005).

[16] Fed. R. Civ. P. 30(d)(2) advisory committee notes (2000 amendments).

[17] 7 James Wm. Moore et al., *Moore's Federal Practice* ¶ 30.05[1][c] (3d ed. 2007).

4

whether the lawyer for the witness wishes to examine the witness.[18]  Whether good cause can be shown is necessarily a fact-specific inquiry.

Defendant has failed to demonstrate good cause that would warrant a second deposition of Mr. Shea.  Defendant's argument for deposing Mr. Shea for an additional seven hours is premised on (1) Mr. Shea being one of the "central figures" in this case, (2) a list of five "critical" topics on which Defendant has not had "ample time" to examine Mr. Shea, and (3) the "voluminous" and "critical" documents on which Defendant wishes to examine Mr. Shea.[19]  Before the deposition started, Defendant knew who Mr. Shea was, what topics it wanted to cover, and had plenty of time to select the exhibits to use during a seven-hour deposition.  Rather than prepare to take a seven-hour deposition, Defendant obviously prepared and selected exhibits without any limitation in mind.  Defendant did not request an extension of the seven-hour limit before the deposition, but now seeks a second deposition after completing the first one.  Defendant has a responsibility to the witness and Plaintiff to prepare to take a deposition within the seven-hour limit.  While reasonable extensions of that limit are routinely agreed to in order to complete depositions, in this case Defendant completely failed to prepare for a seven-hour deposition.  Based on the pending motion, it is safe to say Defendant prepared for a fourteen hour deposition but, of course, failed to seek relief from the Federal Rules in advance.

The three reasons Defendant provides for wanting to take another deposition of Mr. Shea fall flat.  First, Defendant has been able to complete the depositions of other central figures in this case within the seven-hour limit.  The alleged centrality of Mr. Shea has no bearing on the way in which Defendant's counsel used the available seven hours.  Second, Defendant explored

---

[18] Fed. R. Civ. P. 30(d)(2) advisory committee notes (2000 amendments).

[19] (Def.'s Mot. at 3.)

5

with Mr. Shea all of the "critical topics" listed in its motion.  Defendant may call Mr. Shea as a witness at trial to examine him on these topics because he is within the subpoena range of the Court.[20]  Third, with respect to the "voluminous" and "critical" documents relating to Mr. Shea, Defendant neither explains why the unidentified documents are of such importance nor why these documents were not presented to Mr. Shea during the seven-hour deposition.[21]  In the time that Defendant did have with Mr. Shea, Defendant's counsel examined Mr. Shea on thirty-two exhibits (of ninety total) that contain no indication that Mr. Shea received, authored, or read the documents.  Further, Defendant did not provide any of the exhibits to Mr. Shea in advance, as suggested by the advisory committee's notes to the Federal Rules.[22]  This would have allowed the deposition to be conducted more efficiently.  Defendant's three reasons for reopening Mr. Shea's deposition fall far short of demonstrating good cause.[23]

Defendant's boundless view of discovery in this case is dramatically underscored by its current motion in which it proposes no limitation on time, topics, or exhibits.  Defendant does not suggest that the deposition take place within a reasonable amount of time, but surprising

---

[20] *See* Fed. R. Civ. P. 45(c)(3)(B)(iii) (limiting the number of miles a trial witness must travel to 100).

[21] *See, e.g.*, *Jensen v. Astrazeneca LP*, No. 02-4844, 2004 U.S. Dist. LEXIS 19089, at *8-9 (D. Minn. Aug. 30, 2004) (criticizing a party for "allud[ing] to voluminous documents and multiple claims, but provid[ing] no detail showing that such documents and claims were not previously known").

[22] While relying on certain parts of the Federal Rules advisory committee notes in its motion, Defendant ignores the advisory committee's suggestion that if numerous documents are to be used, they should be provided to the witness prior to the deposition.  Fed. R. Civ. P. 30(d)(2) advisory committee note (2000 amendments).

[23] Defendant's suggestion that Plaintiff is not cooperating in the discovery process is simply untrue.  Plaintiff has made reasonable accommodations for Defendant.  Plaintiff did not object to extending Ronald Buesinger's deposition beyond the seven hours allotted by the Federal Rules.  That deposition, which was noticed by Plaintiff, lasted approximately eight hours.  Plaintiff's counsel asked questions for the first three hours and Defendant's counsel, without objection from Plaintiff's counsel, asked questions for five.  Additionally, when a court reporter did not arrive at a deposition Defendant noticed because Defendant had not arranged for one, Plaintiff assisted in arranging for a court reporter.  Both the witness, who Plaintiff's counsel represented, and Plaintiff's counsel agreed to wait the two hours it took for a court reporter to arrive and proceeded with the deposition.  Plaintiff has also accommodated reasonable requests to reschedule depositions of witnesses that Plaintiff represents based on the personal conflicts of Defendant's counsel.  Plaintiff has cooperated with Defendant in the discovery process, but cooperation does not entail acceding to all of Defendant's demands.

offers nothing more than a "current best estimate" of another seven hours.[24] This is hardly a meaningful estimate. In truth, it is an unfortunate and unfair demand that this Court permit Defendant to subject this witness to the ordeal of an endless deposition. Defendant does not limit its deposition topics to areas that have not yet been covered. In fact, Defendant's counsel covered every "critical" topic Defendant listed in its motion. This, however, is unimportant to Defendant because Defendant wants to ask more questions about the same topics. Just as was the case in the first deposition of Mr. Shea, Defendant does not identify the documents on which it wishes to examine Mr. Shea or represent that Defendant's counsel will not re-examine Mr. Shea on exhibits already used. The absence of these obvious and typical limitations make it very clear that Defendant's demand for a second deposition must be denied because it truly is a demand to allow Defendant to subject the witness to the ordeal of another seven or more hours in the hopes Defendant will get better answers than it got in the first deposition. Defendant wants a "do-over" of the Shea deposition. Nothing could be more unfair than to grant this motion.

## Conclusion

Defendant received a full, unimpeded seven hours within which to question Mr. Shea and has not shown good cause why it should be allowed, yet again, to exceed the discovery limitations. The Court should deny Defendant's "do-over" motion.

---

[24] (Def.'s Mot. at 4.)

Respectfully submitted this 19th day of November 2007.

PLAINTIFF
FIDELITY INTERNATIONAL CURRENCY
ADVISOR A FUND, L.L.C., by the Tax Matters
Partner

/s/  Lena Amanti
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: dcurtin@mckeenelson.com
          rbuch@mckeenelson.com
          lamanti@mckeenelson.com

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone:  (508) 791-8500
Facsimile:  (508) 791-8502
Email:  jomirick@mirickoconnell.com

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 19, 2007.

/s/ Lena Amanti
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: lamanti@mckeenelson.com