# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Nos.:  05-40151-FDS 06-40130-FDS |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DEPOSITION OF RONALD BUESINGER

The issue before the Court is whether Defendant should be allowed to exceed the discovery and jurisdictional limitations provided for in the Federal Rules of Civil Procedure.[1] Plaintiff noticed the deposition of Ronald Buesinger and questioned him for approximately three hours in his counsel's office in New York City.  Defendant then questioned him for five additional hours before stating he had no further questions; thus, Mr. Buesinger's deposition has already exceeded the limit of seven hours provided for in the Federal Rules.  The witness in question is not a party and is beyond the subpoena power of this Court.  The Court should deny Defendant's motion because Defendant has failed to demonstrate good cause for subjecting this witness to another deposition.  Moreover, the Court is precluded from granting Defendant's

---

[1] This is one of two motions in which Defendant seeks a second deposition of a non-party witness.  The other motion seeks a "do-over" of the deposition of Patrick Shea.

requested relief insofar as Defendant is seeking an order from this Court compelling a witness not within this Court's jurisdiction to appear.

## Background

Plaintiff noticed the deposition of Ron Buesinger on September 17, 2007.  Because Mr. Buesinger resides outside the jurisdiction of this Court, Plaintiff served a subpoena on Mr. Buesinger from the District Court of the Southern District of New York pursuant to Federal Rule of Civil Procedure 45(a)(2)(B) commanding Mr. Buesinger to appear for a deposition on October 11, 2007.  Mr. Buesinger did not object to the subpoena and appeared in compliance with the subpoena.

As the noticing party, Plaintiff was entitled to exam Mr. Buesinger first, during which time Plaintiff inquired about Mr. Buesinger's background, Mr. Buesinger's role at Alpha, and Mr. Buesinger's role in the transaction at issue in this case.  Plaintiff's examination began at 10:24 a.m. and concluded at 1:35 p.m. when the parties broke for lunch.  In total, Plaintiff's examination lasted under three hours once various breaks are taken into account.  Defendant's examination of Mr. Buesinger began at 2:08 p.m.  At approximately 7:00 p.m., Defendant's counsel concluded his examination, stating on the record "I have no further questions."[2]  Following the close of Defendant's examination, Plaintiff's counsel asked four short questions.  Defendant's counsel then stated, "One cross," and asked an additional question.[3]  The deposition concluded at 7:06 p.m., over eight hours after it began.

_____

[2] (Ronald Buesinger Dep. 334:20-21, Oct. 11, 2007.)  Notably, contrary to Defendant's statement that "plaintiff made its position on any continuing examination clear when it objected . . . to the 'late[ness] in the day'" (Def.'s Mot. at 3), it was Defendant's counsel who stated, "[I]t's late in the day," (Ronald Buesinger Dep. 333:18-19, Oct. 11, 2007), and Plaintiff's counsel merely agreed with this observation.  (*Id*. at 338:20-21.)

[3] (*Id*. at 337:16-338:1.)

During his examination of Mr. Buesinger, Defendant's counsel used a total of forty-eight exhibits, in addition to asking questions about exhibits previously used by Plaintiff. Of those forty-eight exhibits, approximately thirty-three do not concern the transaction at issue in this case. In addition, twelve (one quarter) of Defendant's exhibits consisted of e-mails or documents that were neither sent to nor received by Mr. Buesinger.[4] Finally, Defendant used twelve exhibits that related to twenty-one other taxpayers, who had no role in or knowledge of the transactions at issue in this case.[5] At no time during or after the deposition did Defendant's counsel indicate that he was unprepared, lacked any exhibits, or was unable to use exhibits that he deemed significant to Mr. Buesinger or his deposition.

Though the deposition exceeded the seven-hour limit provided in the Federal Rules, neither Plaintiff's counsel nor Mr. Buesinger's counsel objected to continuing the deposition until completion. Instead, Mr. Buesinger and his counsel stated many times, off the record, that they were willing to stay to complete the deposition.[6] Defendant made no statement prior to or at the close of the deposition with respect to needing additional time, and the issue of reopening the Buesinger deposition was not raised until well after the deposition was closed.

## Argument

### I.    Defendant Has Failed to Show Good Cause for Reopening the Deposition

The Federal Rules explicitly limit depositions to seven hours.[7] "The rules do not allow for endless depositions, the modern form of trial by ordeal."[8] Thus, a party seeking more than

---

[4] (Gov't Exs. 300, 301, 308, 325, 327, 329, 336, 368, 375, 384, 385, 386.)

[5] (Gov't Exs. 309, 310, 311, 312, 314, 315, 316, 317, 318, 319, 320, 321.)

[6] In fact, Mr. Buesinger cancelled another meeting he had planned in order to ensure that he was able to provide all necessary testimony at one time.

[7] Fed. R. Civ. P. 30(d)(2).

seven hours to conduct a deposition is expected to show good cause.[9]  Courts have tended to "disfavor second depositions, and absent a showing of need or good reason, a court generally will not require a deponent to appear for a second deposition"[10]  In determining whether good cause exists, courts consider a variety of factors, including the duration of the events covered by the examination, the length and volume of documents on which the witness will be questioned, and whether the lawyer for the witness wishes to examine the witness.[11]  Moreover, the Court must consider the request in the context of the principals set forth in Rule 26(b)(2), which requires consideration of the burden, the opportunity to obtain the discovery sought, and the alternative means for obtaining such discovery.[12]  To the extent courts have permitted deposition, the second deposition is limited to specific items that were unknown, and therefore not covered, in the prior deposition.[13]  Whether good cause can be shown is necessarily a fact-specific inquiry.

Defendant has failed to prove good cause that would warrant an extension or reopening of the deposition of Mr. Buesinger.  Defendant's argument for re-deposing Mr. Buesinger for an additional six hours is premised on the grounds that (1) Defendant did not have "an opportunity to fully examine him regarding the Fidelity International transaction,"[14] and (2) the

---

[8] *In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 532 (N.D. Ill. 2005).

[9] Fed. R. Civ. P. 30(d)(2) advisory committee notes (2000 amendments).

[10] 7 James Wm. Moore et al., *Moore's Federal Practice* ¶ 30.05[1][c] (3d ed. 2007).

[11] Fed. R. Civ. P. 30(d)(2) advisory committee notes (2000 amendments).

[12] Fed. R. Civ. P. 26(b)(2).

[13] *See Tri-Star Pictures Inc. v. Unger*, 171 F.R.D. 94, 102-03 (S.D.N.Y. 1997) (ordering that second deposition "be strictly confined to new claims and issues raised in Columbia's Amended Third-Party Answer" and further ordering that the moving party "may not re-question [the witness] regarding any of the topics covered in his previous testimony.")

[14] (Def.'s Mot at 1.)

"voluminous" and "essential" documents on which Defendant wishes to examine Mr.

Buesinger.[15]  Defendant's stated reasons for wanting to re-depose Mr. Buesinger hide the fact

that Defendant failed to conduct Mr. Buesinger's deposition efficiently,[16] and that Defendant

elected to use Mr. Buesinger's deposition to investigate several other unrelated taxpayers.

First, the Buesinger deposition transcript undermines Defendant's claim that it did not

have an "opportunity to fully examine him regarding the Fidelity International transaction."

Defendant had ample opportunity to examine the transaction at issue, and instead chose to focus

a significant portion of the day to questioning the witness about twenty-one other taxpayers who

were complete strangers to the Fidelity International transaction.  Moreover, at the conclusion of

his examination, Defendant's counsel stated that he had no further questions.  Only after

returning to Washington, D.C., did Defendant's counsel change his position from "no further

questions" to "I have six more hours of questions."

Second, Defendant's claim that the volume of documents necessitates reopening the

deposition is undermined by Defendant's failure to make Plaintiff or Mr. Buesinger aware of

Defendant's "need" for additional time, even though all of these documents were in the hands of

Defendant prior to Mr. Buesinger's deposition.[17]  At no time prior to, during, or at the close of

Mr. Buesinger's deposition did Defendant indicate that it needed additional time due to "the

volume of exhibits relating to [Mr. Buesinger]."[18]  The fact that Defendant did not raise this

---

[15] (Def.'s Mot. at 2.)

[16] The inefficient manner of deposing Mr. Buesinger is further evidenced by the fact that the parties were able to depose on the same day both Ivan Ross and Gary Helene, two individuals at Alpha whose names also appear on thousands of documents.  The parties also deposed other individuals who share Ron Buesinger's knowledge of the transaction, including Thomas Yorke at Refco Capital Markets, in under seven hours.

[17] While third parties have produced documents after Mr. Buesinger's deposition, there have been no productions by Alpha, the entity that would have all relevant documents relating to Mr. Buesinger, since July 2006.

[18] (Def.'s Mot at 2.)

issue suggests that, upon reflection (and after consultation), Defendant's counsel was unhappy

with Mr. Buesinger's answers, and therefore would like a "second bite at the apple."

Depositions may not be reopened for that purpose.[19]

Finally, Defendant's motion should be denied because Defendant's request to re-depose

Mr. Buesinger contains no limitations (other than six hours), clearly demonstrating that this is a

meritless demand for another deposition.  Defendant fails to identify any new claims or

documents that could be addressed in the second deposition, nor does Defendant identify specific

topics that it would like to cover in the second deposition that were not covered in the first.  In

fact, Defendant is seeking to take a second bite at the apple, in direct contravention of the

express limitations in Federal Rule of Civil Procedure 37.  Once again, Defendant is asking this

Court to endorse its position that the local and Federal Rules should not be applicable to

Defendant.  Such a position is unfair to Plaintiff and the witnesses and should not be endorsed by

this Court.

## II.    This Court Lacks Jurisdiction to Order a Non-Party to Appear for Deposition[20]

Federal Rule of Civil Procedure 37(a)(1) provides that "[a]n application for an order to a

person who is not a party shall be made to the court in the district where the discovery is being,

or is to be, taken."[21]  This District explicitly held that this rule precluded it from making orders

---

[19] *See Alexander v. FBI*, 186 F.R.D. 170, 179 (D.D.C. 1999) (after ruling that certain questions not answered in deposition did not seek privileged information, Court granted follow-up deposition "but only on the questions the court compels testimony on today.  Plaintiffs will not be afforded a 'second bite at the apple' as if this further examination was an entirely new deposition."); *see also Johnston v. Brisco*, No. 06-3002, 2007 U.S. Dist LEXIS 19348, at *3 (W.D. Ark. Mar. 1, 2007) (denying Plaintiff's motion to compel more complete answers, which was "simply plaintiffs' attempt to take a second bite at the apple and follow up with questions they failed to ask during the deposition.")

[20] The Court could, however, order Mr. Buesinger to appear if he submitted to this Court's jurisdiction.

[21] Fed. R. Civ. P. 37(a)(1).

with respect to depositions of non-parties outside of its jurisdiction.[22]  In that case, the court was asked to compel a non-party deponent in New York to produce documents pursuant to a subpoena served on that deponent in New York.[23]  The court explained, "To the extent that the motion seeks an order compelling [the non-party] to comply with the subpoena, the motion is brought in the wrong court. . . .  In such circumstances, Rule 37(a)(1), F.R. Civ. P., is applicable."[24]  The court then instructed that "[a]ny motion to compel her to comply with the subpoena must be made in the U.S. District Court for the Southern District of New York.  *I have no power to issue any orders to her respecting her deposition.*"[25]

Mr. Buesinger is not a party to this litigation.  He was subpoenaed by Plaintiff to appear for deposition in the Southern District of New York.  He resides outside of this Court's jurisdiction, and his testimony was taken outside of this Court's jurisdiction.  Under Rule 37(a)(1) a motion or order to compel him to provide additional testimony must be made in the Southern District of New York.  Accordingly, Defendant's motion must be denied insofar as it seeks an order directing the witness' appearance.[26]

### Conclusion

Mr. Buesinger was already deposed for over seven hours.  At the close of the deposition Defendant's counsel did not indicate that his examination was incomplete, or that he would need additional time.  Defendant's motion, filed weeks after the conclusion of Mr. Buesinger's

---

[22] *Contardo v. Merrill Lynch*, 119 F.R.D. 622, 624 (D. Mass. 1988).

[23] *Id.*

[24] *Id.*

[25] *Id.* (emphasis added).

[26] Admittedly, this Court could grant Defendant's motion.  However, Mr. Buesinger is not required to appear until a subpoena has been served and any objections resolved in the court where that subpoena is issued.  *See Qualcomm Inc. v. Broadcom Corp.*, No. 05-1392, 2006 U.S. Dist. LEXIS 85644, at *13-14 (S.D. Cal. Nov. 20, 2006).  For the reasons set forth in Part II, Defendant's motion should not be granted.

deposition, suggests that reopening the deposition reflects afterthought by Defendant, rather than Defendant's inability to complete its examination during Mr. Buesinger's deposition. Defendant has not shown good cause for why it should be allowed to exceed the discovery limitations provided for in the Federal Rules yet again. The Court should deny Defendant's motion.

Respectfully submitted this 19th day of November 2007.

PLAINTIFF
FIDELITY INTERNATIONAL CURRENCY
ADVISOR A FUND, L.L.C., by the Tax Matters
Partner

/s/ Lena Amanti
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone: (202) 775-1880
Facsimile: (202) 775-8586
Email: dcurtin@mckeenelson.com
        rbuch@mckeenelson.com
        lamanti@mckeenelson.com

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone: (508) 791-8500
Facsimile: (508) 791-8502
Email: jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 19, 2007.

/s/ Lena Amanti
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: lamanti@mckeenelson.com