UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)   Civil Nos. 05-40151-FDS (D. Mass.)<br>)                06-40130-FDS (D. Mass.)<br>)<br>)   Judge Saylor<br>)<br>)<br>) |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO REOPEN DEPOSITION OF PATRICK SHEA**

The plaintiff's opposition raises the volume, but does not address the real issue– whether Patrick Shea has enough critical information to warrant being one of only two witnesses in this case who the United States seeks to depose for more that the presumptive seven-hour limit. He absolutely does.

Many of the plaintiff's mischaracterizations in its opposition require a reply. This is not a case of the United States seeking to "exceed the discovery limitations in this case."[1] Indeed, as explained in the opening memorandum, the limitation is presumptive, and it is assumed that the parties will seek mutual accommodation.[2] Rather, this is an instance of the United States seeking

---

[1] (Pl. Opp. at 1.)

[2] In fact, despite the parties' occasional accommodations, the plaintiff has opposed every enlargement of every presumptive limitation that would have provided for greater– and adequate– discovery. The plaintiff opposed additional interrogatories, only to later serve them. Similarly, the plaintiff opposed additional requests for admission, only to later serve them. The plaintiff opposed the United States' request for a 7-day enlargement of the deposition deadline to November 9, only to notice the deposition of a Bryan Cave employee for December 6– approximately one month later.

adequate time to depose one of only two witnesses out of dozens which two witnesses require more than the presumptive seven hours.  The United States has not accused counsel or the witness of any wrongdoing here.  Instead, it merely observes that the witness and the plaintiff share the same counsel, and it is in the plaintiff's best interest to cut short discovery of Mr. Shea.  As such, the characterization of Mr. Shea as a non-party witness, though technically accurate, is misleading.  It is particularly misleading where the plaintiff has asserted that Pat Shea's employer, Carruth, and the plaintiff share a common interest in the litigation, and where Carruth has treated Rule 45[3] subpoenas served upon it as requests for production under Rule 34.  Mr. Shea is still employed by Carruth, which is wholly owned by Richard Egan's three sons.  There can be no doubt that Pat Shea's loyalties lie with the plaintiff, and he is swayed by what is best for the plaintiff.[4]  All things considered, it is certain that a truly independent witness represented by an independent attorney without any other interest in the matter would be more likely to accommodate a request for additional examination time.  Moreover, the plaintiff's assertion that the United States "used" seven hours and "the [p]laintiff used none"[5] hides the fact that the plaintiff undoubtedly has interviewed Mr. Shea for countless hours since this case began.  The plaintiff knows what Mr. Shea knows, whereas the United States has not had the luxury of numerous informal interviews.

---

[3] Rule 45 refers to Federal Rule of Civil Procedure 45, and Rule 34 refers to Federal Rule of Civil Procedure 34.

[4] We are not accusing Mr. Shea of dishonesty here.  We merely observe that his personal interests are aligned with the plaintiff's.

[5] (Pl. Opp. at 1.)

2

While the United States did indeed examine Mr. Shea on ninety exhibits, that represented a minuscule fraction of the total number of exhibits Mr. Shea is knowledgeable of.[6] In total, Mr. Shea's name appears in more than 3,900 documents in the current database of discovered documents. He is knowledgeable about potentially thousands more. It should come as no surprise that a reasonably thorough examination takes more than the presumptive seven hours.[7]

Mr. Shea was involved in nearly every aspect of the transactions at issue from the earliest stage of reviewing tax strategy proposals from an array of promoters to the ultimate stage of reporting the tax benefits of the transactions on the partnership and individual tax returns in 2001 and 2002. He was the principal liaison between Carruth and the promoters and also between Carruth and the taxpayer's other outside advisors on the transaction. It is in those capacities that he authored, received, or commented upon many hundreds of documents relating to these transactions. Thus far, however, he has only been examined on a relatively small percentage of those numerous documents. Good cause therefore unquestionably exists to examine this critical witness for a period longer than the examination time allowed in the most run-of-the-mill case.

## CONCLUSION

Mr. Shea's testimony is critical and should continue. The deposition has been, and would continue to be, conducted in the offices of Mr. Shea's attorney, with substantial breaks, and, obviously now, weeks between sessions. As such, while perhaps somewhat unpleasant, the

---

[6] It is unclear why the plaintiff finds it important that approximately one-third of the exhibits used so far with Mr. Shea bear "no indication that Mr. Shea received, authored, or read the documents." (Pl. Opp. at 6.) Deposition exhibits are certainly not limited to documents that show on their face that the deponent read them. In a real discovery deposition, it is not only common, but also essential, that a witness be asked about important documents about which he might be knowledgeable.

[7] When prudent, the United States has sent documents to witnesses before their depositions. In this instance, however, with the witness so closely aligned to the plaintiff, it would have been imprudent to provide exhibits and a roadmap to plaintiff's counsel for use in preparing its friendly witness.

deposition can hardly be called an "ordeal."[8]  Mr. Shea's central role in this case, evidenced by the thousands of documents bearing his name and potentially thousands more he may be knowledgeable about, warrants more time than the presumptive limit.

                                                                              Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-6561
Facsimile:  (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
        barry.e.reiferson@usdoj.gov
        heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on November 26, 2007.

/s/ Heather L. Vann
Trial Attorney, US Department of Justice, Tax Division

---

[8](Pl. Opp. at 7, 8.)