UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case Nos.: 05-40151-FDS<br>06-40130-FDS |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S
MOTION TO REOPEN DEPOSITION OF RONALD BUESINGER**

Defendant's Reply makes clear that, in seeking to reopen Mr. Buesinger's deposition, Defendant is, in reality, seeking to conduct additional discovery even though the discovery cut-off has passed. Conducting such discovery is both prejudicial and burdensome to Plaintiff and violates both the Court's order and the Federal Rules. Moreover, the second deposition of Ronald Buesinger contravenes the protections afforded by Federal Rule of Civil Procedure 26(b)(2) and exceeds the scope permitted by applicable case law. The fact that Defendant concluded after the first deposition that it had not taken a perfect deposition does not give this Defendant, nor any other litigant, the right to go back to try to make it perfect. Accordingly, Defendant's motion to depose Ronald Buesinger a second time should be denied.[1]

---

[1] The fact that Mr. Buesinger has not yet objected to being deposed a second time (Def.'s Reply at 2) does not negate the fact that such a deposition violates the principles of the Federal Rules and would be expensive and burdensome to all those involved.

The Federal Rules of Civil Procedure impose limitations on discovery to ensure that it is undertaken in a fair and efficient matter.  Here, Rule 30(a)(2)(B) and Rule 26(b)(2)(C) are the applicable limiting provisions, and together evidence a clear intent that witnesses should not be deposed twice.  "'The court will generally not require a deponent to appear for a second deposition' absent some showing of a need or good reason for doing so."[2]  Moreover, "[t]he court rarely grants the opportunity for a second deposition."[3]  This is because courts must be guided by the principles of Federal Rule of Civil Procedure 26(b)(2) when addressing a motion to reopen a deposition, which includes consideration of whether "the party seeking discovery 'has had ample opportunity by discovery in the action to obtain the information sought.'"[4]  Under those principles, depositions should only be reopened under special circumstances, as recently explained by one court:

> Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with respect to these new developments.  A re-deposition may also be ordered if the examining party was inhibited from conducting a full examination as a result of obstructive conduct at the first deposition.  However, the Court may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party taking the deposition either failed to request those documents in a timely fashion or chose to conduct the deposition prior to the completion of document discovery.[5]

None of those circumstances are present here.  No new information has come to light, no new parties have been added, no new allegations have been made, no new documents have been

---

[2] *Cuthbertson v. Excel Indus. Inc.*, 179 F.R.D. 599, 604-05 (D. Kan. 1998) (quoting *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

[3] *Id*. at 605.

[4] *Chevron U.S.A. Inc. v. Aker Maritime, Inc*., No. 03-2027, 2007 U.S. Dist. LEXIS 39148, at *5 (E.D. La. May 30, 2007) (quoting Fed. R. Civ. P. 26(b)(2)(C)(ii)).

[5] *Fresenius Medical Care Holdings, Inc. v. Roxane Labs. Inc.*, No. 05-0889, 2007 U.S. Dist. LEXIS 17834, at *5-6 (S.D. Ohio Mar. 9, 2007) (citing *Keck v. Union Bank of Switz.*, No. 94-4912, 1997 U.S. Dist. LEXIS 10578 (S.D.N.Y. July 22, 1997)) (internal citations omitted).

produced, and nothing inhibited Defendant from conducting a full examination of Mr. Buesinger during the original deposition. Indeed, Defendant's counsel concluded the deposition by stating that he had no further questions.

Plaintiff's opposition is based on the principles underlying Rule 26(b)(2), particularly the fact that Defendant had ample opportunity to depose Mr. Buesinger at the original deposition, not a "waiver" argument as suggested by Defendant. (Def.'s Reply at 2.) Reopening Mr. Buesinger's deposition violates the principles of Rule 26(b)(2) because it is unreasonably cumulative, Defendant has had ample opportunity to depose Mr. Buesinger, and the burden or expense of a second deposition outweighs any benefit. It comes as little surprise to this Court that lawyers always want to depose a witness a second time because the lawyers have learned more from the witness and have an advantage they did not have before. Recognizing this general appetite for a second round with a witness, the Federal Rules are designed to prevent precisely what Defendant seeks here.

Defendant's opportunity to fully examine Mr. Buesinger is evidenced by the fact that Mr. Buesinger's examination went beyond the seven-hour limit imposed by the Federal Rules, with no objections by Plaintiff's or Mr. Buesinger's counsel. While Defendant now makes post-hoc claims that the lateness of the hour precluded Defendant from completing its examination, Plaintiff's counsel was never given such an impression, nor did Defendant make any statements on the record to that effect. In addition, Defendant's reference to *Malec v. Trustees of Boston College*, 208 F.R.D. 23 (D. Mass. 2002), (Def.'s Reply at 7) to support Defendant's failure to clarify that it was not finished with its examination at the conclusion of the deposition is inapplicable because that case concerned a motion to extend the time for a deposition. In the case of Mr. Buesinger's deposition, the parties agreed to an extension of time by continuing the

examination after the seven hours had elapsed. Accordingly, Defendant has failed to show that it lacked ample opportunity to complete the deposition, and the principles underlying Rule 26(b)(2) do not support reopening the deposition.

Moreover, Defendant has failed to meet its burden of establishing a "good reason" why the deposition should be reopened. In its Reply, Defendant identifies four documents about which it would like to question Mr. Buesinger further. [6] None of these documents, however, provide a "good reason" to reopen the deposition both because Defendant had ample opportunity to question Mr. Buesinger about those documents at the original deposition, and because Defendant has not shown that Mr. Buesinger would be able to provide any additional information with respect to these documents.

Specifically, with respect to the "Outline of Proposed Transaction" and "Investor Fact Sheet,"[7] Defendant used twenty-one of the former and four of the latter as exhibits in Mr. Buesinger's original deposition, demonstrating that such documents were available and in fact explored. Simply questioning Mr. Buesinger about more of those documents would be "cumulative or duplicative."[8]

With respect to the "bank statements" relating to payments between DGI and Alpha (Def.'s Reply at 3-4), Defendant fails to note that all of DGI's bank records were produced by both DGI and various banks subpoenaed by Defendant, including Signature Bank and HSBC,

---

[6] The four documents are the "Outline of Proposed Transaction" (Def.'s Reply at 3), "Investor Fact Sheet" (Def.'s Reply at 3), "bank statements" (Def.'s Reply at 3-4), and "a checklist" used in another deposition (Def.'s Reply at 4).

[7] It is also notable that Defendant claims that the "Investor Fact Sheet" identifies certain tax aspects of the transactions. Regardless of whether this claim is correct, Mr. Buesinger has already made clear that he does not have any tax expertise, therefore, he would be unable to provide any additional information about the tax aspects identified in those documents. (*See* Ronald Buesinger Dep. 168:22, Oct. 11, 2007 (testifying that "I'm not a tax expert").)

[8] Fed. R. Civ. P. 26(b)(2)(C).

4

well over eight months ago. Those records evidence payments of over $11 million by DGI to Alpha.[9] In addition, Defendant had the opportunity to obtain information about the payments from DGI to Alpha "from some other source that is more convenient,"[10] namely, Ivan Ross. Mr. Ross was deposed nearly a month after Mr. Buesinger and, according to Mr. Buesinger's own testimony, Mr. Ross was the person at Alpha who negotiated the payments between DGI and Alpha.[11] Accordingly, there is no good reason to reopen the deposition of Mr. Buesinger to discuss bank statements, the substance of which were already in Defendant's possession, especially in light of Defendant's failure to inquire about these statements from a better, available, alternative source.

Finally, the "recently uncovered" purported checklist, which Defendant claims "appears that Ron Buesinger and/or his assistant, created," was actually produced by Grant Thornton. (Def.'s Reply at 4.) No such checklists are found in documents produced by Alpha, the firm with which Mr. Buesinger is associated, nor has Defendant offered any evidence that Mr. Buesinger would have any knowledge of or information to provide with respect to those checklists.

Unbelievably, after identifying additional documents about which it seeks to question Mr. Buesinger, Defendant claims that it is not seeking to take a second deposition of Mr. Buesinger, rather Defendant seeks to "complete the first deposition." (Def.'s Reply at 6.) While this case may eventually require that the Court construe ambiguous IRS pronouncements, there is no ambiguity here. The statement, "I have no further questions," indicates Defendant had concluded its examination, and it is not credible to assert otherwise. It is indisputable, therefore,

---

[9] If new bank statements have been produced by Alpha, Plaintiff has not received them.

[10] Fed. R. Civ. P. 26(b)(2)(C).

[11] Ronald Buesinger Dep. at 263:1-10, 283:19-22, Oct. 11, 2007.

that Defendant's motion, in fact, seeks a second deposition. The circumstances surrounding Defendant's request, and the scope of the intended second examination reflect the type of unnecessary burden, expense, and annoyance that the protections of the Federal Rules seek to avoid. Accordingly, Defendant's motion should be denied.

Respectfully submitted this 3rd day of December 2007.

PLAINTIFF
FIDELITY INTERNATIONAL CURRENCY
ADVISOR A FUND, L.L.C., by the Tax Matters
Partner

/s/ Lena Amanti
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone: (202) 775-1880
Facsimile: (202) 775-8586
Email: dcurtin@mckeenelson.com
       rbuch@mckeenelson.com
       lamanti@mckeenelson.com

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone: (508) 791-8500
Facsimile: (508) 791-8502
Email: jomirick@mirickoconnell.com

**Certificate of Service**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 3, 2007.

/s/ Lena Amanti
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone: (202) 775-1880
Facsimile: (202) 775-8586
Email: lamanti@mckeenelson.com