# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.:  05-40151-FDS 06-40130-FDS |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION RELATING TO HOMER, PICO, AND DAD

Internal Revenue Service ("IRS") documents concerning transactions known as Homer, Pico, and Dad are relevant and within the scope of permissible discovery in this case.  The few documents that are publicly available showed some similarity between the Homer, Pico, and Dad transactions and the FICA A Fund transaction, yet the IRS has publicly stated that Homer and Dad are not substantially similar to transactions described in Notice 2000-44.  In addition, the IRS has issued published guidance stating that Pico is substantially similar to another "listed transaction" while remaining silent about any similarity to transactions described in Notice 2000-44.  The evidence in hand supports the conclusion that the IRS's position on Homer, Pico, and Dad is inconsistent with the government's assertions that FICA A Fund is substantially similar to a transaction described in Notice 2000-44.  Therefore, documents relating to these types of transactions are most relevant to the "substantially similar" determination that will be made in

this case.  Plaintiff is entitled to discovery of that evidence in order to present his case

concerning the "substantially similar" claims made by Defendant.

## I.     The Requests At Issue

Plaintiff served Defendant with three groups of  requests for production, one each relating

to Homer, Pico, and Dad transactions.  More specifically those requests were as follows:[1]

April 9, 2007 – Requests Relating to Homer

74     All records, documents, and materials created, collected, or maintained by the
       Government describing, evaluating, categorizing or otherwise discussing HOMER,
       including but not limited to, all documents produced to the Government by Jenkens &
       Gilchrist, White & Case, or Deutsche Bank.

75     All records, documents, and materials reflecting the names of each taxpayer the
       Government has determined engaged in HOMER.

Facts regarding the Homer transaction are relevant to this case.  The IRS has publicly

stated that Homer is not a listed transaction, which by definition means that it is not substantially

similar to Notice 2000-44.[2]  The IRS, however, has not publicly described what it considers to be

a Homer transaction.  Publicly available documents indicate that Homer involves a transaction in

which a taxpayer generates gains and losses through the use of offsetting European-style digital

options.[3]  Plaintiff's discovery seeks documents that will shed light on the Homer transaction,

which should reveal its similarities to the FICA A Fund transaction, and undermine the

government's claim that FICA A Fund is substantially similar to Notice 2000-44.

May 17, 2007 – Requests Relating to Pico

---

[1] Defendant's responses to the three sets of requests for production containing the specific requests at issue have been attached as Exhibits A, B, and C, respectively.

[2] See IR-2007-71 (Mar. 29, 2007) (stating that Homer and its predecessor, Bart, are not listed transactions).

[3] See Compl. ¶ 67, *Wilson v. Deutsche Bank AG*, No. 05-CH-08002 (Ill. Cir. Ct. May 9, 2005) (describing steps of purported Homer transaction).

93      All records, documents, and materials created, collected, or maintained by the
        Government describing, evaluating, categorizing, or otherwise discussing PICO,
        including but not limited to, all documents produced to the Government by Ernst &
        Young; KPMG; BDO Seidman; Deutsche Bank; Bricolage Capital; Jenkens & Gilchrist;
        Arnold & Porter; and Sidley Austin Brown & Wood.

94      All records, documents, and materials reflecting the names of each taxpayer the
        Government has determined engaged in PICO.

95      All records, documents, and materials regarding the debate within the IRS regarding
        whether PICO should be a listed transaction.

96      All records, documents, and materials regarding IRS analyses of whether PICO is
        substantially similar to Notice 2000-44.

97      All records, documents, and materials concerning the issuance or interpretation of Notice
        2002-65.

        Facts regarding the Pico transaction are relevant to this case.  Notice 2002-65 described

the Pico transaction, in which an S corporation enters into a foreign currency straddle.  The

taxpayer holds only a small interest in the S corporation, which terminates the gain leg of the

straddle and only a small portion of the gain is allocated to the taxpayer.  The S corporation then

redeems the other shareholder, so that the taxpayer becomes the sole shareholder.  After the

redemption, the S corporation terminates the loss leg of the straddle and allocates the entire loss

to the taxpayer, who is the only remaining shareholder.  The IRS has identified Pico as being

substantially similar to Notice 2002-50, while making no reference to Notice 2000-44.  More

significantly, the IRS identified FICA A Fund as similar to PICO, suggesting that FICA A Fund

is not similar to Notice 2000-44.[4]

September 12, 2007 – Requests Relating to Dad

125     All records, documents, and materials created, collected, or maintained by the Defendant
        describing, evaluating, categorizing or otherwise discussing DAD.

---

[4] *See* Ex. D at 1CORRIGAN-000205 (Examining Officer's Activity Record) (entry dated Feb. 22, 2005 stating,
"The National Office determined that this case is 'substantially similar' to both the Son of Boss Transactions (Notice
2000-44) and the Eliminator 2 (Notice 2002-65).").

126    All records, documents, and materials reflecting the names of each taxpayer the
       Defendant has determined engaged in DAD.

Facts regarding the Dad transaction are relevant to this case.  On April 18, 2007, the IRS

issued a Coordinated Issue Paper on "distressed asset/debt" ("Dad") transactions.[5]  The IRS

sateted that Dad transactions are not substantially similar to Notice 2000-44.  Like the FICA A

Fund transaction, a Dad transaction may result in the allocation of a loss to a U.S. taxpayer that

can utilize the loss only to the extent of its basis in its partnership interest.  In order to create a

sufficiently high basis to absorb the entire loss, the IRS acknowledged that the U.S. taxpayer

"may purchase and sell economically offsetting option positions and contribute such positions to

the partnership."[6]  Plaintiff's discovery seeks information concerning the facts of the Dad

transaction, including those facts that make it substantially similar (or not) to FICA A Fund and

those facts that prevent it from being substantially similar to Notice 2000-44.

Defendant did not produce any documents in response to any of the foregoing requests.

Defendant responded to all of the above requests by objecting on the grounds of relevance and

privilege, and further asserted the taxpayer privacy protections of Internal Revenue Code section

6103 to the extent applicable.  Moreover, Defendant has not logged documents responsive to any

of these requests on a privilege log.  The parties met and conferred as required by Local Rule

---

[5] *See* LMSB-04-0407-031 (Apr. 18, 2007).  The IRS Large and Mid-Size Business Division issues Coordinated
Issue Papers to its field examiners to "coordinate and resolve complex and significant industry wide issues . . . and
[ensure] uniform application of the law."  Coordinated Issue Papers – LMSB,
http://www.irs.gov/businesses/article/0,,id=96445,00.html (last visited Dec. 20, 2007).

[6] LMSB-04-0407-031, at n.4 (Apr. 18, 2007).  In such a case, the contribution of offsetting option positions
implicates Treasury Regulation section 1.752-6.  Section 1.752-6 requires that a partner's outside basis be reduced
by the amount of any contingent liability assumed by the partnership, and the application of that rule is affected by
whether the Dad transaction is substantially similar to Notice 2000-44.

37.1 on December 21.[7]  Because the parties were unable to reach agreement, Plaintiff filed this

motion.

## II.     DISCUSSION

The relevance of the above requests is the same as is discussed in Plaintiff's

Memorandum in Support of Plaintiff's Motion to Compel Deposition Pursuant to Federal Rule of

Civivil Procedure 30(b)(6), filed on this same date.  Rather than repeat that discussion, Plaintiff

hereby incorporates that memorandum by reference.  Defendant should be compelled to respond

to the requests for production relating to Homer, Pico, and Dad and, to the extent responsive

documents are privileged, identify these documents on a privilege log.


                              PLAINTIFF
                              FIDELITY INTERNATIONAL CURRENCY ADVISOR
                              A FUND, L.L.C., by the Tax Matters Partner


                              /s/ Lena Amanti
                              David J. Curtin, D.C. Bar #281220
                              Ronald L. Buch, Jr., D.C. Bar #450903
                              Lena Amanti, D.C. Bar #490791
                              MCKEE NELSON LLP
                              1919 M Street, N.W., Suite 200
                              Washington, D.C. 20036
                              Telephone:  (202) 775-1880
                              Facsimile:  (202) 775-8586
                              Email: dcurtin@mckeenelson.com
                                      rbuch@mckeenelson.com
                                      lamanti@mckeenelson.com

---

[7] The discovery conference was held beginning at 10 a.m. on December 21 in Plaintiff's counsel's office in
Washington, D.C. and lasted approximately 40 minutes.  David Curtin, Lena Amanti, Michelle Abroms, and Kiara
Rankin represented Plaintiff and John Lindquist, Barry Reiferson, and Heather Vann represented Defendant..

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone:  (508) 791-8500
Facsimile:  (508) 791-8502
Email: jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 21, 2007.

/s/ Lena Amanti
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: lamanti@mckeenelson.com

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY )
ADVISOR A FUND, L.L.C., by the Tax Matters )
Partner, )
                                     )
            Plaintiff, )
                                     )
      v. )           Civil No. 05-40151-FDS
                                     )               06-40130-FDS
UNITED STATES OF AMERICA, )
                                     )
            Defendant. )

## UNITED STATES' RESPONSE TO PLAINTIFF'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 72-75

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and Rule 34.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Eighth Set of Requests for Production of Documents Nos.

72-75 as follows:

### GENERAL OBJECTIONS

1.       The United States objects to these requests to produce on the ground that the

materials requested are not relevant to this action and are also not reasonably calculated to lead to

the discovery of admissible evidence.

2.       The United States objects to these requests to produce on the ground that they are

overbroad and unduly burdensome.

3.       The United States also objects to the requests to produce as they seek documents

subject to the work product privilege.  The work product privilege "protects work done by an

attorney in anticipation of, or during, litigation from disclosure to the opposing party." *State of*

2421537.1

- 2 -

*Maine v. U.S. Dept. of Interior*, 298 F.3d 60, 66 (1st Cir. 2002). *See also* Fed. R. Civ. Pro.

26(b)(3). The Court of Federal Claims recently held that documents prepared by the IRS during

the audit process can compromise work product when it is reasonably anticipated that litigation

would ensue at the time the audit began. *Deseret Mgmt. Corp. v. United States*, 2007 U.S.

Claims LEXIS 92 (Fed. Cl., Mar. 29, 2007).

 4. The United States further objects to the requests to the extent they seek information

that is protected by the government deliberative process privilege.

 5. The United States also objects to the requests to the extent they seek return

information that is protected under 26 U.S.C. § 6103.

## RESPONSE TO REQUESTS

<u>Request for Production No. 72</u>: All documents, records, and materials collected, created, or
maintained by the Government mentioning, referring, or relating to John Hussey, Oliver Peck, or
Nigel Glazier Scott. This requests includes all inter- and intra-governmental communications
regarding John Hussey, Oliver Peck, or Nigel Glazier Scott.

 <u>Response to Request No. 72</u>: The United States objects to this request to produce to the

extent that the materials requested are not relevant to the subject matter of this litigation and are

not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule

26(b)(1) of the Federal Rules of Civil Procedure. Further, the United States objects to this

request to produce to the extent it seeks documents that are protected by the deliberative process

privilege, the attorney-client privilege, and the attorney work product doctrine. The United

States also objects to this request on the ground that it is overbroad and unduly burdensome.

2421537.1

- 3 -

<u>Request for Production No. 73</u>:  All documents, records, and materials collected, created, or maintained by the Government mentioning, referring, or relating to Kilsture Ltd., Maddox Ltd., Cumberdale Investments Ltd., or Cumberdale Holdings Ltd.  This request includes all inter- and intra-governmental communications regarding Kilsture Ltd., Maddox Ltd., Cumberdale Investments Ltd., or Cumberdale Holdings Ltd.

<u>Response to Request No. 73</u>:  The United States objects to this request to produce to the extent that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Further, the United States objects to this request to produce to the extent it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine.  The United States also objects to this request on the ground that it is overbroad and unduly burdensome.

<u>Request for Production No. 74</u>:  All records, documents, and materials created, collected, or maintained by the Government describing, evaluating, categorizing or otherwise discussing HOMER, including but not limited to, all documents produced to the Government by Jenkens & Gilchrist, White & Case, or Deutsche Bank.

<u>Response to Request No. 74</u>:  The United States objects to this request to produce to the extent that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Further, the United States objects to this request to produce to the extent it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine.  The United States also objects to this request on the ground that it is overbroad and unduly burdensome.

2421537.1

- 4 -

The United States additionally objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.

Request for Production No. 75: All records, documents, and materials reflecting the names of each taxpayer the Government has determined engaged in HOMER.

Response to Request No. 75: The United States objects to this request to produce to the extent that the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the United States objects to this request to produce to the extent it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine. The United States also objects to this request on the ground that it is overbroad and unduly burdensome. The United States additionally objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.

Dated: May 14, 2007

*Heather L. Richtarcsik*
HEATHER L. RICHTARCSIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2822

2421537.1

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' PLAINTIFF'S

EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS NO. 72-75 has been made

upon the following by depositing a copy in the United States mail, postage prepaid, this 14th day of

May, 2007:

> Lena Amanti, Esquire
> McKee Nelson LLP
> 1919 M Street, NW
> Suite 200
> Washington, DC 20036

> *Heather L. Richtarcsik*
> HEATHER L. RICHTARCSIK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C.  20044
> Telephone: (202) 307-2822

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY )
ADVISOR A FUND, L.L.C., by the Tax Matters )
Partner, )
)
Plaintiff, )
)
v. )    Civil Nos.  05-40151-FDS
)                   06-40130-FDS
UNITED STATES OF AMERICA, )
)
Defendant. )

## UNITED STATES' RESPONSE TO PLAINTIFF'S TENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 93-97

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and Rule 34.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Tenth Set of Requests for Production of Documents Nos.

93-97 as follows:

### GENERAL OBJECTIONS

1.    The United States objects to these requests to produce on the ground that the

materials requested are not relevant to this action and are also not reasonably calculated to lead to

the discovery of admissible evidence.

2.    The United States objects to these requests to produce on the ground that they are

overbroad, unduly burdensome, and vague or ambiguous.

3.    The United States also objects to the requests to produce as they seek documents

subject to the work product privilege.  The work product privilege "protects work done by an

attorney in anticipation of, or during, litigation from disclosure to the opposing party." *State of*

2552586.1

*Maine v. U.S. Dept. of Interior*, 298 F.3d 60, 66 (1st Cir. 2002). *See also* Fed. R. Civ. Pro.

26(b)(3). The Court of Federal Claims recently held that documents prepared by the IRS during

the audit process can compromise work product when it is reasonably anticipated that litigation

would ensue at the time the audit began. *Deseret Mgmt. Corp. v. United States*, 2007 U.S.

Claims LEXIS 92 (Fed. Cl., Mar. 29, 2007).

    4.   The United States further objects to the requests to the extent they seek information

that is protected by the government deliberative process privilege.

    5.   The United States also objects to the requests to the extent they seek return

information that is protected under 26 U.S.C. § 6103.

## RESPONSE TO REQUESTS

<u>Request for Production No. 93</u>: All records, documents, and materials created, collected, or
maintained by the Government describing, evaluating, categorizing, or otherwise discussing
PICO, including but not limited to, all documents produced to the Government by Ernst &
Young; KPMG; BDO Seidman; Deutsche Bank; Bricolage Capital; Jenkens & Gilchrist; Arnold
& Porter; and Sidley Austin Brown & Wood.

    <u>Response to Request No. 93</u>: The United States objects to this request to produce upon

the ground that the term PICO, which is defined by plaintiff as meaning "Personal Investment

Company," is vague and ambiguous. Further, to the extent plaintiff is seeking documents

related to the tax shelter strategy marketed under the name PICO, the United States objects that

the documents are not relevant to the subject matter of this litigation and are not reasonably

calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the

Federal Rules of Civil Procedure. Further, the United States objects to this request to produce to

the extent it seeks documents that are protected by the deliberative process privilege, the

attorney-client privilege, and the attorney work product doctrine. The United States also objects

to this request on the ground that it is overbroad and unduly burdensome. The United States

additionally objects to this request to the extent it seeks return information that is protected under

26 U.S.C. § 6103.


Request for Production No. 94: All records, documents, and materials reflecting the names of
each taxpayer the Government has determined engaged in PICO.

Response to Request No. 94: The United States objects to this request to produce upon

the ground that the term PICO, which is defined by plaintiff as meaning "Personal Investment

Company," is vague and ambiguous. Further, to the extent plaintiff is seeking documents

related to the tax shelter strategy marketed under the name PICO, the United States objects to this

request upon the ground the materials requested are not relevant to the subject matter of this

litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is

required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The United States

additionally objects to this request to the extent it seeks return information that is protected under

26 U.S.C. § 6103. Further, the United States objects to this request to produce to the extent it

seeks documents that are protected by the deliberative process privilege, the attorney-client

privilege, and the attorney work product doctrine. The United States also objects to this request

on the ground that it is overbroad and unduly burdensome.


Request for Production No. 95: All records, documents, and materials regarding the debate
within the IRS regarding whether PICO should be a listed transaction.

<u>Response to Request No. 95</u>: The United States objects to this request to produce upon the ground that the term PICO, which is defined by plaintiff as meaning "Personal Investment Company," is vague and ambiguous. Further, to the extent plaintiff is seeking documents related to the tax shelter strategy marketed under the name PICO, the United States objects to this request to produce upon the ground the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Further, the United States objects to this request to produce to the extent it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine. The United States also objects to this request on the ground that it is overbroad and unduly burdensome. The United States additionally objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.

<u>Request for Production No. 96</u>: All records, documents, and materials regarding IRS analyses of whether PICO is substantially similar to Notice 2000-44.

<u>Response to Request No. 96</u>: The United States objects to this request to produce upon the ground that the term PICO, which is defined by plaintiff as meaning "Personal Investment Company," is vague and ambiguous. The United States also objects to this request to produce on the ground that it is vague and ambiguous insofar as the plaintiff fails to specify which transaction(s) described in IRS Notice 2000-44 is(are) the subject of this request. Further, to the extent plaintiff is referencing the tax shelter strategy marketed under the name PICO, the United States objects to this request to produce upon the ground that the materials requested are not

2552586.1

relevant to the subject matter of this litigation and are not reasonably calculated to lead to the

discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil

Procedure.  Further, the United States objects to this request to produce to the extent it seeks

documents that are protected by the deliberative process privilege, the attorney-client privilege,

and the attorney work product doctrine.  The United States also objects to this request on the

ground that it is overbroad and unduly burdensome.   The United States additionally objects to

this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.


Request for Production No. 97:  All records, documents, and materials concerning the issuance
or interpretation of Notice 2002-65.

    Response to Request No. 97: Assuming plaintiff is referencing IRS Notice 2002-65, the

United States objects to this request upon the ground that records, documents, and materials

concerning the issuance or interpretation of IRS Notice 2002-65 are not relevant to the subject

matter of this litigation and are not reasonably calculated to lead to the discovery of admissible

evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Further, the

United States objects to this request to produce to the extent it seeks documents that are protected

by the deliberative process privilege, the attorney-client privilege, and the attorney work product

doctrine.  The United States also objects to this request on the ground that it is overbroad and

unduly burdensome.  The United States additionally objects to this request to the extent it seeks

return information that is protected under 26 U.S.C. § 6103.


Date: June 19, 2007

                                                    _____
                                                    BARRY E. REIFERSON
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    Post Office Box 55
                                                    Ben Franklin Station
                                                    Washington, D.C.  20044
                                                    Telephone: (202) 514-6058




## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' RESPONSE TO
PLAINTIFF'S TENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 93-97
has been made upon the following by depositing a copy in the United States mail, postage prepaid,
this 19th day of June, 2007:

                                David Curtin, Esquire
                                MCKEE NELSON LLP
                                1919 M Street, N.W., Suite 200
                                Washington, D.C.  20036

                                _____


                                                                                    2552586.1

# Exhibit C

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FIDELITY INTERNATIONAL CURRENCY )
ADVISOR A FUND, L.L.C., by the Tax )
Matters Partner, )
 )
    Plaintiffs, )
 )
   v. ) Civil No. 05-40151-FDS &
 )  06-40130-FDS
 )
UNITED STATES OF AMERICA, )
 )
    Defendant. )

**UNITED STATES' RESPONSE TO PLAINTIFF'S ELEVENTH SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 98-129**

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure

and Rule 34.1 of the Local Rules of the United States District Court for the District of

Massachusetts, responds to Plaintiff's Eleventh Set of Requests for Production of Documents

Nos. 98-129 as follows:

**GENERAL OBJECTIONS**

1. The United States objects to the requests to produce on the ground that the

materials requested are not relevant to this action and are also not reasonably calculated to lead to

the discovery of admissible evidence.

2. The United States objects to the requests on the ground that they are overbroad,

unduly burdensome, vague and/or ambiguous.

3. The United States also objects to the requests to produce as they seek documents

subject to the attorney work product privilege.

2795315.1

- 2 -

4.   The United States further objects to the requests to the extent they seek information that is protected by the deliberative process privilege.

5.   The United States further objects to the requests to the extent they seek information that is protected by the attorney-client privilege.

6.   The United States also objects to the requests to the extent they seek return information that is protected under 26 U.S.C. § 6103.

7.   The United States objects to the requests to the extent they seek information regarding *Fidelity High Tech Advisor A Fund, LLC v. United States*, Nos. 06-40243 and 06-40244 (D. Mass)("Fidelity High Tech cases").  Requests regarding the Fidelity High Tech cases are not only in violation of the Court's order denying the plaintiff's motion to consolidate those cases with the Fidelity International cases but are also contrary to Judge Saylor's admonition at the status conference held on September 4, 2007 that "....you can't have it both ways.  Either their separate transactions or they're not." Tr., p. 23, l.23-24.

8.   The United States objects to the requests to the extent they seek documents received from or provided to experts acting as consulting experts as opposed to as testifying experts.  See Fed. R. Civ. Pro. 26(b)(4)(B).

9.   The United States objects to the requests to the extent they request the drafts of the expert witness reports.  There is authority in the district where this litigation is filed holding that drafts are not discoverable. *See Nexxus Product. Co. v. CVS New York, Inc.*, 188 F.R.D. 7 (D. Mass. 1999).  *But cf., Suskind v. Home Depot Corp.*, 2001 U.S. Dist. LEXIS 1349 (D. Mass. Jan. 2, 2001).

2795315.1

- 3 -

10.   The United States objects to the requests to the extent they request information relating to the preparation, development and presentation of the United States' tutorial, since that information is protected from disclosure under the Court's order of October 4, 2006.

11.   The United States objects to the requests to the extent they request information that is not in the "possession, custody or control" of the United States.  See Fed. R. Civ. Pro. 34(a).

12.   The United States objects to the requests to the extent they request identical information subpoenaed from Gordon Rausser, On Point Analytics, A. Lawrence Kolbe, The Brattle Group and/or David Wayne LaRue and which is being produced pursuant to one or more of those subpoenas.

## RESPONSE TO REQUESTS

### Requests Relating to the Expert Report of Gordon Rausser

**Request for Production No. 98**:  All records, documents, and materials, received from or provided to Gordon Rausser in connection with the FICA A Fund cases or the Fidelity High Tech cases, including, but not limited to, communications, documents, and materials received from or provided to Gordon Rausser in connection with the Expert Report of Gordon Rausser.

**RESPONSE:**  The United States objects to Request #98 to the extent it seeks information regarding the Fidelity High Tech cases.  The United States also objects to Request #98 to the extent it seeks documents received from or provided to experts acting as consulting experts as opposed to as testifying experts.  See Fed. R. Civ. Pro. 26(b)(4)(B).  The United States further objects to Request #98 to the extent it seeks information relating to the preparation, development and presentation of the United States' tutorial, since that information is protected from disclosure under the Court's order of October 4, 2006.  The United States also objects to Request #98 as unduly burdensome.  The United States also objects to the production of any drafts of expert

2795315.1

- 4 -

witness reports and especially to any notes by counsel on drafts not seen by any expert or their

staff. Such notes are work product not subject to discovery. To the extent not objected to or

subject to any privilege, in response to Request #98, plaintiff is referred to Exhibit 4 "Material

Received or Relied Upon" attached to the Expert Report of Gordon Rausser and also to the

documents attached hereto.


Request for Production No. 99: All records, documents, and materials, received from or
provided to OnPoint Analytics in connection with the FICA A Fund cases or the Fidelity High
Tech cases, including, but not limited to, communications, documents, and materials received
from or provided to OnPoint Analytics in connection with the Expert Report of Gordon Rausser.

RESPONSE: The United States objects to Request #99 to the extent it seeks information

regarding the Fidelity High Tech cases. The United States also objects to Request #99 to the

extent it seeks documents received from or provided to experts acting as consulting experts as

opposed to as testifying experts. See Fed. R. Civ. Pro. 26(b)(4)(B). The United States further

objects to Request #99 to the extent it seeks information relating to the preparation, development

and presentation of the United States' tutorial, since that information is protected from disclosure

under the Court's order of October 4, 2006. The United States also objects to Request #99 as

unduly burdensome. The United States also objects to the production of any drafts of expert

witness reports and especially to any notes by counsel on drafts not seen by any expert or their

staff. Such notes are work product not subject to discovery. To the extent not objected to or

subject to any privilege, in partial response to Request #99, plaintiff is referred to Exhibit 4

"Material Received or Relied Upon" attached to the Expert Report of Gordon Rausser. To the

- 5 -

extent not objected to or subject to any privilege, documents responsive to this request were also

provided in response to Request #98.


Request for Production No. 100:  All records, documents, and materials, received from or
provided to any third party in connection with the Expert Report of Gordon Rausser.

**RESPONSE:**  The United States objects to Request #100 as overbroad, unduly burdensome,

vague and ambiguous.  The United States also objects to Request #100 to the extent it seeks

identical information subpoenaed from Gordon Rausser or On Point Analytics and which is being

produced pursuant to those subpoenas. To the extent not objected to or subject to any privilege,

documents responsive to this request were provided in response to Request #98.


Request for Production No. 101:  All communications between Defendant and Gordon Rausser,
OnPoint Analytics, or any other person concerning or relating to the Expert Report of Gordon
Rausser.

**RESPONSE:**  The United States also objects to Request #101 to the extent it seeks documents

received from or provided to experts acting as consulting experts as opposed to as testifying

experts.  See Fed. R. Civ. Pro. 26(b)(4)(B).  The United States further objects to Request #101 to

the extent it seeks information relating to the preparation, development and presentation of the

United States' tutorial, since that information is protected from disclosure under the Court's order

of October 4, 2006.  The United States also objects to Request #101 as unduly burdensome.  The

United States also objects to Request #101 to the extent it seeks identical information

subpoenaed from Gordon Rausser or On Point Analytics and which is being produced pursuant

to those subpoenas.  The United States objects to Request #101 to the extent it seeks documents

2795315.1

- 6 -

subject to the attorney-client privilege or constitutes work product. To the extent not objected to

or subject to any privilege, documents responsive to this request were provided in response to

Request #98.


Request for Production No. 102:  All drafts of the Expert Report of Gordon Rausser.

**RESPONSE:**  The United States objects to Request #102 since there is authority in the district

where this litigation is filed holding that drafts are not discoverable.  The United States also

objects to this request to the extent any draft contain notes by counsel and which were not seen

by any expert or their staff.  Such notes are work product not subject to discovery.  The United

States also objects to Request #102 to the extent it seeks documents subject to the attorney work

product privilege.


Request for Production No. 103:  All workpapers, ledgers, computations, notes, or other similar
materials pertaining to Gordon Rausser's, OnPoint Analytic's, or any third party's work on the
FICA A Fund cases or Fidelity High Tech cases in connection with the Expert Report of Gordon
Rausser.

**RESPONSE:**  The United States objects to Request #103 to the extent it seeks information

regarding the Fidelity High Tech cases.  The United States also objects to Request #103 to the

extent it seeks identical information subpoenaed from Gordon Rausser or On Point Analytics and

which is being produced pursuant to those subpoenas.


Request for Production No. 104:  All engagement letters, other documents reflecting the terms of
engagement, and invoices for the work done by Gordon Rausser or OnPoint Analytics in
connection with the FICA A Fund cases or the Fidelity High Tech cases.

2795315.1

- 7 -

**RESPONSE:**  The United States objects to Request #104 to the extent it seeks information

regarding the Fidelity High Tech cases.  The United States also objects to Request #104 to the

extent it relates to documents received from or provided to experts acting as consulting experts as

opposed to as testifying experts. See Fed. R. Civ. Pro. 26(b)(4)(B). The United States further

objects to Request #104 to the extent it seeks information relating to the preparation,

development and presentation of the United States' tutorial, since that information is protected

from disclosure under the Court's order of October 4, 2006. To the extent not objected to or

subject to any privilege, documents responsive to this request are attached hereto.

Request for Production No. 105:  Copies of each deposition transcript and trial transcript
reflecting the testimony of Gordon Rausser in other cases in which he was offered as an expert
from 1999 to the present.

**RESPONSE:**  The United States objects to Request #105 to the extent it seeks information that

is not in the "possession, custody or control" of the United States.  See Fed. R. Civ. Pro. 34(a).

The United States also objects to Request #105 to the extent it seeks identical information

subpoenaed from Gordon Rausser or On Point Analytics and which is being produced pursuant

to those subpoenas.

Request for Production No. 106:  Copies of each expert report produced by Gordon Rausser in
other cases in which he was offered as an expert from 1999 to the present.

**RESPONSE:**  The United States objects to Request #106 to the extent it seeks information that

is not in the "possession, custody or control" of the United States.  See Fed. R. Civ. Pro. 34(a).

The United States also objects to Request #105 to the extent it seeks identical information

2795315.1

- 8 -

subpoenaed from Gordon Rausser or On Point Analytics and which is being produced pursuant

to those subpoenas.

### Requests Relating to the Expert Report of A. Lawrence Kolbe

Request for production No. 107:  All records, documents, and materials, received from or
provided to A. Lawrence Kolbe in connection with the FICA A Fund cases or the Fidelity High
Tech cases, including, but not limited to, communications, documents, and materials received
from or provided to A. Lawrence Kolbe in connection with the Expert Report of A. Lawrence
Kolbe.

**RESPONSE:**  The United States objects to Request #107 to the extent it seeks information

regarding the Fidelity High Tech cases.  The United States also objects to Request #107 to the

extent it seeks documents received from or provided to experts acting as consulting experts as

opposed to as testifying experts.  See Fed. R. Civ. Pro. 26(b)(4)(B).  The United States further

objects to Request #107 to the extent it seeks information relating to the preparation,

development and presentation of the United States' tutorial, since that information is protected

from disclosure under the Court's order of October 4, 2006.  The United States also objects to

Request #107 as unduly burdensome.  The United States also objects to the production of any

drafts of expert witness reports and especially to any notes by counsel on drafts not seen by any

expert or their staff,  Such notes are work product not subject to discovery.  To the extent not

objected to or subject to any privilege, in response to Request #107, plaintiff is referred to the

documents attached hereto.

Request for Production No. 108:  All records, documents, and materials, received from or
provided to the Brattle Group in connection with the FICA A Fund cases or the Fidelity High

- 9 -

Tech cases, including, but not limited to, communications, documents, and materials received from or provided to the Brattle Group in connection with the Expert Report of A. Lawrence Kolbe.

**RESPONSE:**  The United States objects to Request #108 to the extent it seeks information regarding the Fidelity High Tech cases.  The United States also objects to Request #108 to the extent it seeks documents received from or provided to experts acting as consulting experts as opposed to as testifying experts.  See Fed. R. Civ. Pro. 26(b)(4)(B).  The United States further objects to Request #108 to the extent it seeks information relating to the preparation, development and presentation of the United States' tutorial, since that information is protected from disclosure under the Court's order of October 4, 2006.  The United States also objects to Request #108 as unduly burdensome.  The United States also objects to the production of any drafts of expert witness reports and especially to any notes by counsel on drafts not seen by any expert or their staff.  Such notes are work product not subject to discovery.  To the extent not objected to or subject to any privilege, documents responsive to this request were provided in response to Request #107.


Request for Production No. 109:  All records, documents, and materials, received from or provided to any third party in connection with the Expert Report of A. Lawrence Kolbe.

**RESPONSE:**  The United States objects to Request #109 as overbroad, unduly burdensome, vague and ambiguous.  The United States also objects to Request #109 to the extent it seeks identical information subpoenaed from A. Lawrence Kolbe or The Brattle Group and which is being produced pursuant to those subpoenas.  To the extent not objected to or subject to any privilege, documents responsive to this request were provided in response to Request #107.

- 10 -

<u>Request for Production No. 110</u>: All communications between Defendant and A. Lawrence Kolbe, the Brattle Group, or any other person concerning or relating to the Expert Report of A. Lawrence Kolbe.

**RESPONSE:** The United States also objects to Request #110 to the extent it seeks documents received from or provided to experts acting as consulting experts as opposed to as testifying experts. See Fed. R. Civ. Pro. 26(b)(4)(B). The United States further objects to Request #110 to the extent it seeks information relating to the preparation, development and presentation of the United States' tutorial, since that information is protected from disclosure under the Court's order of October 4, 2006. The United States also objects to Request #110 as unduly burdensome. The United States also objects to Request #110 to the extent it seeks identical information subpoenaed from A. Lawrence Kolbe or The Brattle Group and which is being produced pursuant to those subpoenas. The United States objects to Request #110 to the extent it seeks documents subject to the attorney-client privilege or constitutes work product. To the extent not objected to or subject to any privilege, documents responsive to this request were provided in response to Request #107.

<u>Request for Production No. 111</u>: All drafts of the Expert Report of A. Lawrence Kolbe.

**RESPONSE:** The United States objects to Request #111 since there is authority in the district where this litigation is filed holding that drafts are not discoverable. The United States also objects to this request to the extent any draft contain notes by counsel and which were not seen by any expert or their staff. Such notes are work product not subject to discovery. The United

2795315.1

- 11 -

States also objects to Request #111 to the extent it seeks documents subject to the attorney work

product privilege.

Request for Production No. 112:  All workpapers, ledgers, computations, notes, or other similar
materials pertaining to A Lawrence Kolbe's, the Brattle Group's, or any third party's work on the
FICA A Fund cases or the Fidelity High Tech cases in connection with the Expert Report of A.
Lawrence Kolbe.

**RESPONSE:**  The United States objects to Request #112 to the extent it seeks information

regarding the Fidelity High Tech cases.  The United States also objects to Request #112 to the

extent it seeks identical information subpoenaed from A. Lawrence Kolbe or The Brattle Group

and which is being produced pursuant to those subpoenas.

Request for Production No. 113:  All engagement letters, other documents reflecting the terms of
engagement, and invoices for the work done by A. Lawrence Kolbe or the Brattle Group in
connection with the FICA A Fund cases or the Fidelity High Tech cases.

**RESPONSE:**  The United States objects to Request #113 to the extent it seeks information

regarding the Fidelity High Tech cases.  The United States also objects to Request #113 to the

extent it relates to documents received from or provided to experts acting as consulting experts as

opposed to as testifying experts. See Fed. R. Civ. Pro. 26(b)(4)(B). The United States further

objects to Request #113 to the extent it seeks information relating to the preparation,

development and presentation of the United States' tutorial, since that information is protected

from disclosure under the Court's order of October 4, 2006. To the extent not objected to or

subject to any privilege, documents responsive to this request are attached hereto.

2795315.1

- 12 -

<u>Request for Production No. 114</u>: Copies of each deposition transcript and trial transcript reflecting the testimony of A. Lawrence Kolbe in other cases in which he was offered as an expert from 1999 to the present.

**RESPONSE:** The United States objects to Request #114 to the extent it seeks information that

is not in the "possession, custody or control" of the United States. See Fed. R. Civ. Pro. 34(a).

The United States also objects to Request #114 to the extent it seeks identical information

subpoenaed from A. Lawrence Kolbe or The Brattle Group and which is being produced

pursuant to those subpoenas.


<u>Request for Production No. 115</u>: Copies of each expert report produced by A. Lawrence Kolbe in other cases in which he was offered as an expert from 1999 to the present.

**RESPONSE:** The United States objects to Request #115 to the extent it seeks information that

is not in the "possession, custody or control" of the United States. See Fed. R. Civ. Pro. 34(a).

The United States also objects to Request #115 to the extent it seeks identical information

subpoenaed from A. Lawrence Kolbe or The Brattle Group and which is being produced

pursuant to those subpoenas.


<u>Requests Relating to the Expert Report of David LaRue</u>

<u>Request for Production No. 116</u>:  All records, documents, materials, received from or provided to David LaRue in connection with the FICA A Fund cases or the Fidelity High Tech cases, including, but not limited to, communications, documents, and materials received from or provided to David LaRue in connection with the Expert Report of David LaRue.

**RESPONSE:** The United States objects to Request #116 to the extent it seeks information

regarding the Fidelity High Tech cases.  The United States also objects to Request #116 to the

- 13 -

extent it seeks documents received from or provided to experts acting as consulting experts as

opposed to as testifying experts. See Fed. R. Civ. Pro. 26(b)(4)(B). The United States further

objects to Request #116 to the extent it seeks information relating to the preparation,

development and presentation of the United States' tutorial, since that information is protected

from disclosure under the Court's order of October 4, 2006. The United States also objects to

Request #116 as unduly burdensome. The United States also objects to the production of any

drafts of expert witness reports and especially to any notes by counsel on drafts not seen by any

expert or their staff. Such notes are work product not subject to discovery. To the extent not

objected to or subject to any privilege, in response to Request #116, plaintiff is referred to the

documents attached hereto.


Request for Production No. 117: All records, documents, and materials, received from or provided to any person at the McIntire School of Commerce at the University of Virginia in connection with the FICA A Fund cases or the Fidelity High Tech cases, including, but not limited to, communications, documents, and materials received from or provided to any person at the McIntire School of Commerce at the University of Virginia in connection with the Expert Report of David LaRue.

RESPONSE: The United States objects to Request #117 to the extent it seeks information

regarding the Fidelity High Tech cases. The United States also objects to Request #117 to the

extent it seeks documents received from or provided to experts acting as consulting experts as

opposed to as testifying experts. See Fed. R. Civ. Pro. 26(b)(4)(B). The United States further

objects to Request #117 to the extent it seeks information relating to the preparation,

development and presentation of the United States' tutorial, since that information is protected

from disclosure under the Court's order of October 4, 2006. The United States also objects to

2795315.1

- 14 -

Request #117 as unduly burdensome. The United States also objects to the production of any drafts of expert witness reports and especially to any notes by counsel on drafts not seen by any expert or their staff. Such notes are work product not subject to discovery. To the extent not objected to or subject to any privilege, documents responsive to this request were provided in response to Request #116.

Request for Production No. 118: All records, documents, and materials, received from or provided to any third party in connection with the Expert Report of David LaRue.

**RESPONSE:** The United States objects to Request #118 as overbroad, unduly burdensome, vague and ambiguous. The United States also objects to Request #118 to the extent it seeks identical information subpoenaed from David Wayne LaRue and which is being produced pursuant to that subpoena. To the extent not objected to or subject to any privilege, documents responsive to this request were provided in response to Request #116.

Request for Production No. 119: All communications between Defendant and David LaRue or any other person concerning or relating to the Expert Report of David LaRue.

**RESPONSE:** The United States also objects to Request #119 to the extent it seeks documents received from or provided to experts acting as consulting experts as opposed to as testifying experts. See Fed. R. Civ. Pro. 26(b)(4)(B). The United States further objects to Request #119 to the extent it seeks information relating to the preparation, development and presentation of the United States' tutorial, since that information is protected from disclosure under the Court's order of October 4, 2006. The United States also objects to Request #119 as unduly burdensome. The

2795315.1

- 15 -

United States also objects to Request #119 to the extent it seeks identical information subpoenaed from David Wayne LaRue and which is being produced pursuant to that subpoena. The United States objects to Request #119 to the extent it seeks documents subject to the attorney-client privilege or constitutes work product. To the extent not objected to or subject to any privilege, documents responsive to this request were provided in response to Request #116.

Request for Production No. 120: All drafts of the Expert Report of David LaRue.

**RESPONSE:** The United States objects to Request #120 since there is authority in the district where this litigation is filed holding that drafts are not discoverable. The United States also objects to this request to the extent any draft contain notes by counsel and which were not seen by any expert or their staff. Such notes are work product not subject to discovery. The United States also objects to Request #120 to the extent it seeks documents subject to the attorney work product privilege.

Request for Production No. 121: All workpapers, ledgers, computations, notes, or other similar materials pertaining to David LaRue's or any third party's work on the FICA A Fund cases or the Fidelity High Tech cases in connection with the Expert Report of David LaRue.

**RESPONSE:** The United States objects to Request #121 to the extent it seeks information regarding the Fidelity High Tech cases. The United States also objects to Request #121 to the extent it seeks identical information subpoenaed from David Wayne LaRue and which is being produced pursuant to that subpoena.

2795315.1

- 16 -

<u>Request for Production No. 122</u>:  All engagement letters, other documents reflecting the terms of engagement, and invoices for the work done by David LaRue in connection with the FICA A Fund cases or the Fidelity High Tech cases.

**RESPONSE:**  The United States objects to Request #122 to the extent it seeks information regarding the Fidelity High Tech cases.  To the extent not objected to or subject to any privilege, documents responsive to this request are attached hereto.

<u>Request for Production No. 123</u>:  Copies of each deposition transcript and trial transcript reflecting the testimony of David LaRue in other cases in which he was offered as an expert from 1999 to the present.

**RESPONSE:**  The United States objects to Request #123 to the extent it seeks information that is not in the "possession, custody or control" of the United States.  See Fed. R. Civ. Pro. 34(a).

The United States also objects to Request #123 to the extent it seeks identical information subpoenaed from David Wayne LaRue and which is being produced pursuant to that subpoena.

<u>Request for Production No. 124</u>:  Copies of each expert report produced by David LaRue in other cases in which he was offered as an expert from 1999 to the present.

**RESPONSE:**  The United States objects to Request #124 to the extent it seeks information that is not in the "possession, custody or control" of the United States.  See Fed. R. Civ. Pro. 34(a).

The United States also objects to Request #124 to the extent it seeks identical information subpoenaed from David Wayne LaRue and which is being produced pursuant to that subpoena.

2795315.1

- 17 -

Requests Relating to Other Matters

Request for Production No. 125: All records, documents, and materials created, collected, or maintained by the Defendant describing, evaluating, categorizing or otherwise discussing DAD.

**RESPONSE:**  The United States objects to this request upon the ground the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  The United States additionally objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.  Further, the United States objects to this request to produce to the extent it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege and the attorney work product privilege.  The United States also objects to this request on the ground that it is overbroad and unduly burdensome.

Request for Production No. 126: All records, documents, and materials reflecting the names of each taxpayer the Defendant has determined engaged in DAD.

**RESPONSE:**  The United States objects to this request upon the ground the materials requested are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.  The United States additionally objects to this request to the extent it seeks return information that is protected under 26 U.S.C. § 6103.  Further, the United States objects to this request to produce to the extent it seeks documents that are protected by the deliberative process privilege, the attorney-client privilege and the attorney work product privilege.  The United States also objects to this request on the ground that it is overbroad and unduly burdensome.

2795315.1

- 18 -

Request for Production No. 127: All communications between Defendant and Oliver Peck or any person acting on behalf of Oliver Peck.

**RESPONSE:** The United States objects to this request to the extent the materials requested are

not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the

discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil

Procedure. The United States additionally objects to this request to the extent it seeks return

information that is protected under 26 U.S.C. § 6103. The United States also objects to this

request on the ground that it is overbroad and unduly burdensome. The United States objects to

this request to the extent it seeks documents subject to the attorney-client privilege or constitutes

work product. The United States further objects to the extent the information sought has been

furnished under the provisions of an income tax treaty with a foreign government and its use and

disclosure is governed by provisions of such treaties. The United States avers that there exists no

non-privileged written communications between Defendant and Oliver Peck or any person acting

on behalf of Oliver Peck with respect to the FICA A cases.


Request for Production No. 128: All communications between Defendant and Martin Hawkes or any person acting on behalf of Martin Hawkes.

**RESPONSE:** The United States objects to this request to the extent the materials requested are

not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the

discovery of admissible evidence as is required by Rule 26(b)(1) of the Federal Rules of Civil

Procedure. The United States additionally objects to this request to the extent it seeks return

information that is protected under 26 U.S.C. § 6103. The United States also objects to this

request on the ground that it is overbroad and unduly burdensome.  The United States objects to

this request to the extent it seeks documents subject to the attorney-client privilege or constitutes

work product.  The United States further objects to the extent the information sought has been

furnished under the provisions of an income tax treaty with a foreign government and its use and

disclosure is governed by provisions of such treaties. The United States avers that there exists no

written communications between Defendant and Martin Hawkes or any person acting on behalf

of Martin Hawkes with respect to the FICA A cases.


Request for Production No. 129:  All filings in any foreign court or correspondence relating to
the treaty requests submitted by Defendant in connection with the FICA A Fund cases or the
Fidelity High Tech cases.

**RESPONSE:**  The United States also objects to this request on the ground that it is overbroad

and unduly burdensome since the United States has previously provided all such filings and

correspondence requested in Request #129.


Date: October 12, 2007

*Heather L. Vann*
HEATHER L. VANN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-2822

- 20 -

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' RESPONSE

TO PLAINTIFF'S ELEVENTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS has

been made upon the following by depositing a copy in the United States mail, postage prepaid, this

12th day of October, 2007:

        Ronald L. Buch, Jr.
        1919 M. Street, NW
        Suite 200
        Washington, DC 20036

        *Heather L. Vann*
        HEATHER L. VANN
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-2822

2795315.1

# Exhibit D

| EXAMINING OFFICER'S ACTIVITY RECORD | Examining Officer Mark A. Corrigan | Date Assigned/Opened |
|---|---|---|

**Taxpayer (use preprinted label if possible)**
Name   Fidelity International Currency Advisor

Address:

Business Name:
Address

Phone Business (  )
            Fax (  )

**Taxpayer's Representative.**

Name
Address

Phone:
FAX:
Does this case meet PRP Criteria?
            Yes _____  No _____

Representative has: _____ POA
                   _____ TP Auth/

### Contacts and Activities

| Date | Loc | Cont. | Time On Activity | Remarks, Notes, Actions Taken |
|---|---|---|---|---|
| March 23, 2004 | O | 1 | | **FPS was assigned this Son of Boss Tax Shelter/ PICO / SOS Case.**<br><br>**Case Agent – Bill Conway (508)481-3387**<br>**Group Manager – Debbie Morrill (508)481-3387**<br><br>**FPS spoke with Case Agent.  He will be setting up a Strategy Meeting on this case.  Case Agent will keep FPS posted.** |
| June 14, 2004 | O | 5 | 8 hours | **FPS met with Case Agent at the Southboro POD (new FPS Bernie Kaufman also participated).**<br><br>**We discussed the case and the information that the Case Agent has received from the Taxpayer.  The Case Agent believes that this case qualifies for the Son of Boss Tax Shelter and has sent out the appropriate letters.**<br><br>**FPS won't perform too much work on this case until it is determined whether or not the Taxpayer requests the Son of Boss Tax Shelter Settlement.  However, Case Agent would like to better understand these transactions and has requested FPS to explain them, so FPS began making photocopies and going over the transactions.** |

LOC= Location of activity: T=Taxpayer          R=Representative          O=Other
CONT=Contact Codes  1. Telephone       2. T/P's office       3. Representative's Office
                    4. Correspondence                     5. Other (explain)

Form 9984 (7-96)                    Department of the Treasury - Internal Revenue Service
                                                        PAGE 1

1CORRIGAN-000199

| EXAMINING OFFICER'S ACTIVITY RECORD | Examining Officer Mark A. Corrigan | Date Assigned/Opened |
|---|---|---|
| **Taxpayer (use preprinted label if possible)** Name: Fidelity International Currency Advisor<br><br>**Address:**<br><br>**Business Name:**<br>**Address**<br><br>**Phone Business ( )**<br>Fax ( ) | **Taxpayer's Representative.**<br><br>**Name**<br>**Address**<br><br><br>**Phone:**<br>**FAX:**<br>**Does this case meet PRP Criteria?**<br>Yes ____  No ____<br><br>**Representative has:** ____ POA<br>____ TP Auth/ | |

| June 15, 2004 | O | 5 | .8 hours | FPS finished the initial review of the available records pertaining to the 2 Tax Shelter Transactions in question.<br><br>FPS prepared a sheet with some definitions of terms for the Case Agent.<br><br>FPS prepared a couple of sheets with various questions and comments regarding the 2 Tax Shelter Transactions.<br><br>FPS sat down with the Case Agent and went over the "economics" of the Digital Options, etc.. FPS discussed what additional information will be needed to analyze these transactions (i.e. Brokerage Statements).<br><br>FPS and Case Agent discussed the case with the Case Manager, set up a Strategy Meeting for 6/30. |
|---|---|---|---|---|
| July 21, 2004 | O | 5 | 9 hours | Strategy Meeting was rescheduled from 6/30 to 7/21.<br><br>FPS participated in Strategy Meeting with the Audit Team. Also present (John Alletta – SB/SE Case Counsel; Stan Locke – IE Territory Manager; Dennis McSweeney – IE Manager; Peter McIntyre – IE (via the telephone); Debbie Morrill – Case Manager and Bill Conway – TC).<br><br>FPS sent an e-mail to FPS Team Manager with case update.<br><br>FPS began reviewing some additional information on this case, recently received from KPMG. |

LOC= Location of activity: T=Taxpayer        R=Representative        O=Other
CONT=Contact Codes  1. Telephone      2. T/P's office        3. Representative's Office
                    4. Correspondence                      5. Other (explain)

Form 9984 (7-96)                    Department of the Treasury - Internal Revenue Service
                                                              PAGE 2

1CORRIGAN-000200

| EXAMINING OFFICER'S ACTIVITY RECORD | Examining Officer<br>Mark A. Corrigan | Date<br>Assigned/Opened |
|---|---|---|
| Taxpayer (use preprinted label if possible)<br>Name  Fidelity International Currency Advisor<br><br>Address:<br><br>Business Name:<br>Address<br><br>Phone Business (  )<br>         Fax (  ) | Taxpayer's Representative.<br><br>Name<br>Address<br><br><br>Phone:<br>FAX:<br>Does this case meet PRP Criteria?<br>         Yes ____  No ____<br><br>Representative has: ____ POA<br>         ____ TP Auth/ | |

| | | | | |
|---|---|---|---|---|
| August 18, 2004 | O | 5 | 3 hours | FPS returned Case Agent's call.  An interview with the Taxpayer is set up for 9/2 at 116 Flanders Road, Westboro, MA (Carruth Management Company – owned by the Taxpayer).<br><br>FPS, Case Agent and IE will meet on 8/30 and 8/31 to prepare for this meeting with the Taxpayer.<br><br>FPS reviewed some of the case information in anticipation of the upcoming meetings. |
| August 30, 2004 | O | 5 | 9 hours | FPS went to Southboro POD, met with TC, IE and IE Manager.  We reviewed the case and discussed upcoming meeting with Taxpayer, scheduled for 9/2.<br><br>FPS reviewed and analyzed documentation and prepared for upcoming meeting. |
| August 31, 2004 | O | 5 | 4 hours | FPS continued preparing for upcoming meeting. |
| September 2, 2004 | T | 2 | 5 hours | FPS participated in a meeting with the Taxpayer at the Taxpayer's place of business. |
| September 3, 2004 | O | 5 | 9 hours | FPS met with Audit Team at the Southboro POD for a Strategy Meeting.<br><br>FPS prepared a summary of yesterday's meeting.  FPS e-mailed Case Agent some additional questions to be incorporated with his IDR to the Taxpayer. |

LOC= Location of activity: T=Taxpayer          R=Representative          O=Other
CONT=Contact Codes  1. Telephone      2. T/P's office          3. Representative's Office
                    4. Correspondence                          5. Other (explain)

Form 9984 (7-96)                    Department of the Treasury - Internal Revenue Service
                                                            PAGE 3

1CORRIGAN-000201

| EXAMINING OFFICER'S ACTIVITY RECORD | | Examining Officer<br>Mark A. Corrigan | Date<br>Assigned/Opened |
|---|---|---|---|
| Taxpayer (use preprinted label if possible)<br>Name   Fidelity International Currency Advisor<br><br>Address:<br><br>Business Name:<br>Address<br><br><br>Phone Business ( )<br>           Fax ( ) | | Taxpayer's Representative.<br><br>Name<br>Address<br><br><br><br>Phone:<br>FAX:<br>Does this case meet PRP Criteria?<br>           Yes ____  No ____<br><br>Representative has: ____ POA<br>                               ____ TP Auth/ | |

| Date | LOC | CONT | Hours | Activity |
|---|---|---|---|---|
| September 7, 2004 | O | 1 | | FPS spoke with FPS Team Manager, discussed the status of this case. |
| October 18, 2004 | O | 5 | 9 hours | FPS went to Southboro POD to meet with the Audit Team.<br><br>The Taxpayer recently contacted the National Office and has requested to give a presentation to the National Office Attorneys explaining why they believe that this Taxpayer should not be considered a "Son of Boss Tax Shelter". National Office Attorney (James Fee) has agreed to listen to the Taxpayer's presentation.   Meeting is scheduled for October 19th at the Taxpayer's place of business.  The Audit Team has been invited to participate.<br><br>FPS and the Audit Team discussed the upcoming meeting and various facts that we want brought out.  FPS spoke with Case Counsel (John Ailetta), who requested a summary of the option transactions from FPS.  FPS prepared and e-mailed this summary to Case Counsel.<br><br>FPS continued preparing notes for the upcoming meeting. |
| October 19, 2004 | T | 2 | 9 hours | FPS went to case site to participate in meeting with the Taxpayer, National Office Attorney – James Fee, and the rest of the Audit Team.<br><br>FPS prepared some additional IDR questions and e-mailed them to the Case Agent, who will put them in an IDR format and issue it to the Taxpayer (after getting approval from John Ailetta). |

LOC: Location of activity: T=Taxpayer          R=Representative          O=Other
CONT=Contact Codes  1. Telephone          2. T/P's office          3. Representative's Office
                                   4. Correspondence          5. Other (explain)

Form 9984 (7-96)                    Department of the Treasury - Internal Revenue Service
                                                                       PAGE  4

| EXAMINING OFFICER'S ACTIVITY RECORD | Examining Officer Mark A. Corrigan | Date Assigned/Opened |
|---|---|---|

Taxpayer (use preprinted label if possible)
Name   Fidelity International Currency Advisor

Address:

Business Name:
Address

Phone Business (  )
            Fax (  )

Taxpayer's Representative.

Name
Address

Phone:
FAX:
Does this case meet PRP Criteria?
        Yes _____ No _____

Representative has: _____ POA
                    _____ TP Auth/

| November 1, 2004 | O | 5 | 6 hours | FPS went to Southboro POD. Met with TC, Case Manager, IE and IE Manager. We discussed the case and the process of getting IDR questions approved and issued to the Taxpayer, etc.. <br><br> We held a conference call with Case Counsel (John Alietta) and new Case Counsel (Richard Gannon – from Boca Raton Florida – who was assigned to assist the Audit Team by Jim Fee) |
|---|---|---|---|---|
| November 18, 2004 | O | 5 | 5 hours | FPS worked on case. FPS reviewed and analyzed e-mail from Richard Gannon, which has several questions related to the option contracts, etc.. FPS performed some additional research on some of the terminology (i.e. CMS option, 10 year swap yield, etc..) |
| November 19, 2004 | O | 5 | 4 hours | FPS discussed case with TC, discussed various strategies, administrative roadblocks, etc.. <br><br> FPS spoke with Richard Gannon, discussed the case, various ways to attack the option contracts, partnerships, etc.. We also discussed the current roadblocks (i.e. HALT memo, determination as to whether or not this is Son of Boss, etc..). Richard will be on a conference call with the Son of Boss Cadre next Tuesday and will raise some of our concerns and see if they can be addressed. <br><br> FPS continued reviewing and analyzing the case documents. |

LOC= Location of activity: T=Taxpayer          R=Representative          O=Other
CONT=Contact Codes  1. Telephone          2. T/P's office          3. Representative's Office
                4. Correspondence          5. Other (explain)

Form 9984 (7-96)          Department of the Treasury - Internal Revenue Service
                                        PAGE 5

1CORRIGAN-000203

| EXAMINING OFFICER'S ACTIVITY RECORD | Examining Officer<br>Mark A. Corrigan | Date<br>Assigned/Opened |
|---|---|---|
| Taxpayer (use preprinted label if possible)<br>Name   Fidelity International Currency Advisor<br><br>Address:<br><br>Business Name:<br>Address<br><br><br>Phone Business (  )<br>               Fax (  ) | Taxpayer's Representative.<br><br>Name<br>Address<br><br><br>Phone:<br>FAX:<br>Does this case meet PRP Criteria?<br>               Yes _____ No _____<br><br>Representative has: _____ POA<br>                   _____ TP Auth/ | |

| | LOC | CONT | | |
|---|---|---|---|---|
| January 7, 2005 | O | 1 | | **FPS spoke with Case Agent and Case Manager.  The Taxpayer has refused to sign the Statute Extension and the statute expires on 4/15/05.**<br><br>**FPS set aside the week of January 24 thru 28 to work with Case Agent at preparing the Stat Notice.** |
| January 12, 2005 | O | 5 | 4 hours | **FPS continued analyzing and summarizing digital option transactions in anticipation of preparing the Stat Notice.** |
| January 24, 2005 | O | 5 | 8 hours | **FPS met with Case Agent at the Southboro POD.  FPS worked on preparing a write-up of the economics of the option transactions that the Case Agent will include in his Stat Notice.** |
| January 25, 2005 | O | 5 | 9 hours | **FPS met with Case Agent at the Southboro POD.  FPS continued working on preparing a write-up of the economics of the option transactions that the Case Agent will include in his Stat Notice.** |
| January 26, 2005 | O | 5 | 3 hours | **FPS finished write-up of the economics of the option transactions that the Case Agent will include in his Stat Notice.**<br><br>**FPS discussed with Case Agent and e-mailed write-up.**<br><br>**Case Agent will keep FPS posted as to when the Stat Notice will be sent out so FPS can close out this referral.** |

LOC= Location of activity: T=Taxpayer          R=Representative          O=Other
CONT=Contact Codes  1. Telephone     2. T/P's office     3. Representative's Office
                    4. Correspondence                   5. Other (explain)

Form 9984 (7-96)                    Department of the Treasury - Internal Revenue Service
                                                                PAGE 6

1CORRIGAN-000204

| EXAMINING OFFICER'S ACTIVITY RECORD | Examining Officer<br>Mark A. Corrigan | Date<br>Assigned/Opened |
|---|---|---|

**Taxpayer (use preprinted label if possible)**
Name   Fidelity International Currency Advisor

Address:

Business Name:
Address

Phone Business ( )
          Fax ( )

**Taxpayer's Representative.**

Name
Address

Phone:
FAX:
Does this case meet PRP Criteria?
          Yes _____ No _____

Representative has: _____ POA
                                    _____ TP Auth/

| February 10, 2005 | O | 1 | | Both John Aietta and Rich Gannon called FPS yesterday wanting to discuss the FPAA that is going to be issued on this case, both left a voice mail.<br><br>FPS returned both calls today and left voice mails.<br><br>FPS later spoke with John Aletta and discussed various aspects of the FPAA. |
|---|---|---|---|---|
| February 22, 2005 | O | 1 | | FPS spoke with TC.  The National Office determined that this case is "substantially similar" to both the Son of Boss Transactions (Notice 2000-44) and the Eliminator 2 (Notice 2002-65).<br><br>Based on this determination, the Taxpayer will not be offered Appeal Rights and therefore will not sign a statute extension.<br><br>The case will be stat noticed very shortly, using the Fact write-up prepared by FPS and the law write-up prepared by Counsel.<br><br>No additional work is required by FPS. FPS prepared case closing memo and e-mailed to FPS Team Manager for his review and approval. |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

LOC= Location of activity: T=Taxpayer          R=Representative          O=Other
CONT=Contact Codes  1. Telephone          2. T/P's office          3. Representative's Office
                              4. Correspondence          5. Other (explain)

Form 9984 (7-96)                    Department of the Treasury - Internal Revenue Service

1CORRIGAN-000205