UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------------x
FIDELITY INTERNATIONAL CURRENCY        )
ADVISOR A FUND, L.L.C., by the Tax     )
Matters Partner,                       )
                                       )      Civil Nos. 05-40151-FDS (D. Mass.)
              Plaintiff,               )                 06-40130-FDS (D. Mass.)
      v.                               )
                                       )      Judge Saylor
UNITED STATES OF AMERICA               )
                                       )
              Defendant.               )
-----------------------------------------------------------------x
```

**PROSKAUER ROSE LLP'S SUR-REPLY TO THE UNITED STATES'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Proskauer Rose LLP ("Proskauer") respectfully submits this Sur-Reply, and the Affidavit of Robert J. Kafin dated December 26, 2007 ("Kafin Aff.") and the Affidavit of Mark D. Allison dated December 26, 2007 ("Allison Aff."), to the United States' ("U.S.") Motion to Compel Production of Documents from Proskauer.

**ARGUMENT**

The U.S. continues to rely on the utterly unsupported fiction that Proskauer did not have an attorney-client relationship with respect to the clients whose documents are the subject of the instant motion. This position is not only unfounded, but baffling because the basic requisites of the attorney-client relationship are unequivocally present and there is no evidence to the contrary. First, it is indisputable that Proskauer is a law firm whose sole professional activity involves the practice of law and the provision of legal services, client services that Proskauer has engaged in since 1875. (*See* Kafin Aff. ¶ 2). Proskauer has long provided legal advice to its clients involving the tax law, both through written and oral communications including legal opinions. (*See* Kafin Aff. ¶ 3). Second, it is indisputable that Proskauer entered into engagement

letters with its clients, a practice later required by New York rules of attorney professional conduct, that delineated the scope of the legal services to be rendered, the terms for payment of the fees, and the procedures for dispute resolution.[1]  (*See* Kafin Aff. ¶ 5 and Ex. 1; 22 NYCRR § 1215.1).  Third, it is indisputable that Proskauer provided legal advice to its clients at issue in the form of written legal opinions addressed to these clients.  Thus, all the indicia of an attorney-client relationship were present, consistent with the way in which Proskauer has practiced law and provided legal services to its clients for the past 132 years.  *See, e.g., DeVaux v. Am. Home Assurance Co.*, 444 N.E.2d 355, 357 (Mass. 1983).[2]

Additionally, the U.S.'s suggestion that the work product protection assertions on Proskauer's supplemental privilege log should be deemed waived is groundless.  As the U.S. notes, Proskauer submitted to the parties and the Court a supplemental privilege log as part of its response to the U.S.'s motion to compel that corrected certain omissions of work-product protection claims.  (*See* U.S. Reply Mem. at 10.)  The U.S. has not been prejudiced by the inadvertent omissions of such work product protection claims on Proskauer's original privilege log.  In discussions with counsel for the U.S. <u>prior</u> to the filing of the motion to compel,

---

[1] A further misconception that the U.S. continues to perpetuate is that Diversified was the "real" client of Proskauer because the engagement letters entered into with the relevant clients here make reference to Proskauer's representation of Diversified and seek a conflict waiver from the clients.  First, such language only proves that Proskauer viewed the recipients of the engagement letters as its clients -- otherwise there would be no need for a conflict waiver.  Second, the representation of Diversified as referenced in the engagement letters does not relate to the transactions upon which Proskauer was advising the clients at issue, but rather to other legal matters concerning Diversified.  (*See* Kafin Aff. ¶ 6).

[2] The U.S. suggests that the instant motion could be resolved if Proskauer consented to a "sneak peak" of the documents set forth on its privilege log.  First, such a proposal was only made just a few days before the U.S.'s reply brief was filed, thus not providing Proskauer with any meaningful opportunity to consider such an offer.  Second, the proposal is hopelessly unhelpful as the relevant privileges in dispute belong to Proskauer's clients, and not to Proskauer, and thus Proskauer is not in a position to accept such an offer.

Proskauer consistently asserted work product protection on behalf of its clients. (*See* Allison Aff. ¶ 5). Further, during those same discussions, counsel for the U.S. noted the omissions of work product protection claims with respect to certain documents on Proskauer's privilege log, (*see* U.S. Reply Mem. at 10), and requested that Proskauer submit a supplemental privilege log to correct any errors or omissions on the log -- which counsel for Proskauer agreed to do. (*See* Allison Aff. ¶ 6). Finally, all of the documents for which the work-product protection has been asserted were also withheld on grounds of attorney-client privilege, so the status quo remains unchanged.

Thus, the U.S.'s arguments for a waiver are entirely disingenuous. Waiver is a severe sanction and courts generally only find waiver for inaccuracies on a privilege log in cases of unjustifiable delay or bad faith, neither of which are present here. *See, e.g., United States v. British American Tobacco (Investments) Ltd.*, 387 F.3d 884, 890-91 (D.C. Cir. 2004) (the absence of a privileged document from a party's privilege log did not result in waiver because the party was not unreasonable in its failure to log the document) (citing *First Savings Bank v. First Bank System, Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995) ("waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith")); *In re In-Store Advertising Securities Litigation*, 163 F.R.D. 452, 457 (S.D.N.Y. 1995) (the complete failure to produce a privilege log, "though not to be condoned, is not flagrant enough to warrant full production of documents that likely contain some attorney opinion work product").[3]

---

[3] The First Circuit and this Court do not appear to have squarely addressed this issue previously.

**CONCLUSION**

For these reasons, among others, the U.S.'s motion to compel should be denied in its entirety.[4]

| | |
|---|---|
| Dated: December 26, 2007 | Respectfully submitted, |
| | PROSKAUER ROSE LLP |
| | /s/ Lawrence M. Hill<br>Lawrence M. Hill, NYS OCA #1965201<br>Mark D. Allison, NYS OCA #2739209<br>DEWEY & LEBOEUF LLP<br>1301 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 259-6866<br>Facsimile: (212) 259-6333 |
| Christopher L. DeMayo, BBO#653481<br>DEWEY & LEBOEUF LLP<br>260 Franklin Street<br>Boston, MA 02110<br>Telephone: (617) 748-6851<br>Facsimile: (617) 897-9051 | David M. Lederkramer, NYS OCA #1945765<br>PROSKAUER ROSE LLP<br>1585 Broadway<br>New York, New York 10036<br>Telephone: (212) 969-3995<br>Facsimile: (212) 969-2900 |

*Attorneys for Proskauer Rose LLP*

Certificate of Service

I hereby certify that this document, and the Affidavit of Robert J. Kafin, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on December 26, 2007.

/s/ Mark D. Allison

Mark D. Allison, NYS OCA #2739209
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-6866
Facsimile: (212) 259-6333
mallison@dl.com

---

[4] Proskauer will address all of the arguments raised in the U.S.'s reply memorandum, including those that are not discussed herein, at the hearing scheduled for January 14, 2008.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
FIDELITY INTERNATIONAL CURRENCY ) Civil Nos. 05-40151-FDS (D. Mass.)
ADVISOR A FUND, L.L.C., by the Tax ) 06-40130-FDS (D. Mass.)
Matters Partner, )
 ) Judge Saylor
        Plaintiff, )
    v. )
 ) **AFFIDAVIT OF**
UNITED STATES OF AMERICA ) **ROBERT J. KAFIN**
 )
        Defendant. )
---------------------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

ROBERT J. KAFIN, being duly sworn, states:

1.  I am a member and General Counsel of Proskauer Rose LLP ("Proskauer"). I submit this affidavit in support of Proskauer's Sur-Reply to the United States' Motion to Compel the Production of Documents from Proskauer. I have personal knowledge of all matters set forth herein.

2.  Proskauer was founded in 1875. Since that time, the firm's sole professional activity has been practicing law and providing legal services to clients.

3.  As part of its legal services to clients, Proskauer has provided legal advice regarding the tax law through both oral and written communications, including in the form of legal opinions.

4.  Proskauer was engaged to provide legal advice regarding the tax law to each of the clients at issue.

5.     As is Proskauer's general practice, Proskauer endeavored to enter into engagement letters with the clients at issue that delineated the scope of the legal services to be rendered, the terms for the payment of Proskauer's fees, and the procedures for dispute resolution. A sample of such engagement letters is annexed as Exhibit 1 hereto.

6.     Proskauer's representation of Diversified disclosed in the engagement letters with the clients at issue involved other legal matters concerning Diversified unrelated to the transactions for which the clients at issue were engaging Proskauer as their attorneys.

_____
ROBERT J. KAFIN

Sworn to before me this
26th day of December, 2007

_____
Notary Public

ANNE MARIE LUCCHESE
Notary Public, State of New York
No. 01LU4787554
... County
...

**Exhibit 1 to the Affidavit of Robert J. Kafin, sworn to on December 26, 2007**

**FILED UNDER SEAL PURSUANT TO JUDGE SAYLOR'S ORDER OF NOVEMBER 5, 2007**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
FIDELITY INTERNATIONAL CURRENCY ) Civil Nos. 05-40151-FDS (D. Mass.)
ADVISOR A FUND, L.L.C., by the Tax ) 06-40130-FDS (D. Mass.)
Matters Partner, )
 ) Judge Saylor
 )
         Plaintiff, )
     v. )
 ) **AFFIDAVIT OF**
UNITED STATES OF AMERICA ) **MARK D. ALLISON**
 )
         Defendant. )
------------------------------------------------------------x

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

MARK D. ALLISON, being duly sworn, states:

1. I am counsel to third party Proskauer Rose LLP ("Proskauer") and submit this affidavit in support of Proskauer's opposition to the United States' Motion to Compel the Production of Documents from Proskauer. I have personal knowledge of all matters set forth herein.

2. The United States served a subpoena on Proskauer dated October 19, 2006.

3. In response to the subpoena, on June 4, 2007 Proskauer submitted a privilege log to the United States identifying privileged communications between Proskauer Rose LLP and certain of its clients.

4. Prior to the filing of the motion to compel against Proskauer, counsel for Proskauer had several discussions with counsel for the United States about Proskauer's privilege claims.

1

5. During one such discussion, Barry E. Reiferson, Esq., counsel for the United States, noted the omission of work product protection claims with respect to certain documents on Proskauer's privilege log. During that discussion, Lawrence M. Hill and I, as counsel for Proskauer, indicated that Proskauer was asserting work product protection on behalf of its clients with respect to such documents.

6. Mr. Reiferson responded by requesting that counsel for Proskauer review the privilege assertions on the privilege log and submit a revised privilege log if any errors or omissions were found. Accordingly, Mr. Hill and I agreed to review the documents on Proskauer's privilege log and submit a supplemental privilege log with any corrections.

7. Annexed hereto as Exhibit A is a true and correct redacted copy of Mr. Hill's letter to Barry E. Reiferson, Esq., dated October 29, 2007 describing discussions between counsel for Proskauer and counsel for the United States regarding Proskauer's privilege assertions. Mr. Hill's letter indicates that counsel for Proskauer was "undertaking a further review again of each document on the privilege log to ascertain the accuracy of the claims made on that log."

8. Annexed hereto as Exhibit B is a true and correct copy of an e-mail from Barry E. Reiferson, Esq., to me and Mr. Hill dated October 29, 2007 responding to Mr. Hill's October 29, 2007 letter. In his e-mail, Mr. Reiferson summarizes our discussions regarding revisions to Proskauer's privilege log. Further, Mr. Reiferson states "You agreed to look at your log and see if you had in fact claimed the correct privilege. That is, you thought there may have been instances in which you should have claimed one privilege (a/c or wp) but incorrectly claimed the other."

_____
MARK D. ALLISON

Sworn to before me this
26th day of December, 2007

_____
Notary Public

RACHEL L. BENNETT
NOTARY PUBLIC, State of New York
No. 02BE6106131
Qualified in New York County
Commission Expires March 1, 2008

3

**Exhibit A to the Affidavit of Mark D. Allison, sworn to on December 26, 2007**

# Dewey & LeBoeuf LLP

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel +1 212 259 8000
fax +1 212 259 6333
lhill@dl.com

October 29, 2007

BY FEDERAL EXPRESS & E-MAIL

Barry Reiferson
U.S. Department of Justice, Tax Division
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

   Re: *Fidelity Int'l v. United States*, Civ. No. 05-40151 (D. Mass.)

Dear Mr. Reiferson:

   In light of your concern about the privilege claims made by Proskauer Rose LLP with respect to certain documents reflected on the privilege log submitted on June 4, 2007, in the above-captioned case, I thought it was prudent to confirm and clarify our prior discussions about the claims on the privilege log.

   At the outset, it is imperative to understand that the privilege claims in this case are those of Proskauer's clients and former clients, and not Proskauer. Absent explicit information or instructions from such individuals to the contrary, Proskauer has an ethical duty to its current and former clients to affirm their claims of attorney-client privilege or attorney work product protection, as the case may be.

   In this regard, we have stated on several occasions that Proskauer would be willing to produce the documents from its privilege log when and if you provided Proskauer with a list of those Proskauer current and former clients that had expressly waived their claims of attorney-client privilege and attorney work-product protection with respect to their documents.

**REDACTED**

NEW YORK | LONDON MULTINATIONAL PARTNERSHIP | WASHINGTON, DC
ALBANY | ALMATY | AUSTIN | BEIJING | BOSTON | BRUSSELS | CHARLOTTE | CHICAGO | EAST PALO ALTO
FRANKFURT | HARTFORD | HONG KONG | HOUSTON | JACKSONVILLE | JOHANNESBURG (PTY) LTD. | LOS ANGELES
MILAN | MOSCOW | PARIS MULTINATIONAL PARTNERSHIP | RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | WARSAW

Barry Reiferson
October 29, 2007
Page 2

**REDACTED**

    Proskauer is certainly willing to cooperate in resolving any disputes as to the privilege claims on the privilege log submitted on June 4, 2007. Indeed, we are undertaking a further review again of each document on the privilege log to ascertain the accuracy of the claims made on that log. However, in order for Proskauer to make any material productions of documents from the privilege log, the previously-requested list of names of taxpayers who have waived their privilege claims is necessary. If in fact you cannot provide us with such a list, we would appreciate confirmation of such from you in writing.

Barry Reiferson
October 29, 2007
Page 3

      In any event, before any action is taken by the defendant in this case with respect to the privilege claims on Proskauer's privilege log of June 4, 2007, we would like to arrange for the requisite opportunity to meet and confer with you this week. Accordingly, please contact me at (212) 259-8330 to arrange for such a meeting or to discuss further.

                                    Very truly yours,

                                    Lawrence M. Hill / MDH

                                    Lawrence M. Hill

Cc: David M. Lederkramer, Proskauer Rose LLP

**Exhibit B to the Affidavit of Mark D. Allison, sworn to on December 26, 2007**



"Reiferson, Barry E . (TAX)" <Barry.E.Reiferson@usdoj.gov>

Sent: 10/29/2007 06:22 PM

To "Mark Allison" <mallison@DeweyLeBoeuf.com>
cc "Lawrence Hill" <lhill@DeweyLeBoeuf.com>
bcc
Subject RE: Fidelity v. U.S., No 05-40151 (D. Mass.) re: Proskauer Rose privilege log

History: 	This message has been forwarded.

I will address this letter more thoroughly in the near future. At the outset though, the letter is inaccurate in a number of respects. First, we said on October 12 that we would attempt to identify documents for which privilege had been explicitly waived, but that it appeared to us that the documents were not privileged in the first instance, or privilege had been waived at least by sharing with DGI. Along those lines, it appeared to us that DGI was in fact the client. You agreed to look at your log and see if you had in fact claimed the correct privilege. That is, you thought there may have been instances in which you should have claimed one privilege (a/c or wp) but incorrectly claimed the other. During our October 25 discussion, I raised the McNeills as a case in which I believe the privileges have been waived. You agreed to look into it. Additionally, I identified specific examples of documents that appeared to be sent to or from persons other than those you claim to have been your clients. To date, you have offered no means of resolution of this matter, and have agreed only to acknowledge instances in which we can demonstrate to your satisfaction that there's been an explicit waiver of privilege by your "clients."

We do not have the luxury of an additional conference later this week, as motions to compel are due October 31. Moreover, again, you have offered no means of resolution.

-----Original Message-----
From: Mark Allison [mailto:mallison@DeweyLeBoeuf.com]
Sent: Monday, October 29, 2007 6:04 PM
To: Reiferson, Barry E. (TAX)
Cc: Lawrence Hill
Subject: Fidelity v. U.S., No 05-40151 (D. Mass.) re: Proskauer Rose privilege log
Importance: High


Mr. Reiferson: Please find attached a letter addressing the status of the privilege log issue with respect to Proskauer Rose. An original of the letter will be forwarded to you for delivery tomorrow morning. If you have any questions or would like to discuss further, please do not hesitate to contact Larry Hill at 212/259-8330 or myself at 212/259-6866.

Best regards.

(See attached file: Fidelity.pdf)

Mark Allison
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019
Direct: +1 212 259 6866
General: +1 212 259 8000

Fax: +1 212 259 6333
mallison@dl.com
www.dl.com

Confidentiality:

This e-mail message, including attachments, is confidential, is intended only for the named recipient(s) above and may contain information that is privileged, attorney work product, proprietary or exempt from disclosure under applicable law.  The unauthorized use, dissemination, distribution or reproduction of this e-mail message, including attachments, is strictly prohibited.  If you have received this message in error, or are not an intended recipient, please immediately notify the sender and delete this e-mail message, including attachments, from your computer.  Thank you.

Circ 230:

To ensure compliance with the requirements of Treasury Department Circular 230, unless we expressly state otherwise herein, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or other tax related penalties or
(ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

*************