UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF MATERIALS RELATING TO EXPERT REPORTS AND OPINIONS OF GORDON RAUSSER**

Plaintiff's premature and misleading motion must be denied because it is moot in part and because the documents it seeks to compel do not exist or are not subject to discovery.

**I. OnPoint Materials Withheld by Defendant Are Protected From Disclosure by the Court's Tutorial Order**

It appears that plaintiff's argument is that two budget proposals prepared by OnPoint show that from the period of September 15, 2006 through February 15, 2007, OnPoint was to perform certain work that was not related to the tutorial and since only a small amount of documents from that time period were produced, the United States is withholding documents.[1] As the United States has explained to plaintiff, although the budget *proposals* may lead plaintiff to believe that a large bounty of undisclosed documents exist, the only documents withheld from that time period are (1) two non-discoverable e-mails that discuss the tutorial and that were not made a

---

[1] Plaintiff's accusation that "Defendant's delay [in presenting its tutorial] carried perceived discovery protections," see plaintiff's motion, n.4, is inaccurate. The United States did not "delay" its presentation of the tutorial but rather did not present its tutorial until it was satisfied that it was presenting a product that would aid the Court in understanding the issues in this case, as opposed to plaintiff's tutorial which was much more general in nature.

part of Rausser's expert report; (2) documents showing travel and hotel arrangements of United States' counsel, certain experts and others retained by the United States in connection with the tutorial production and viewing; (3) litigation in another case; (4) drafts of the script of the United States' tutorial, which plaintiff has not asked for; and (5) documents relating to OnPoint's, and not Rausser's, role as a consulting expert.  Plaintiff does not appear to be requesting the documents set forth above in categories (2)-(5).  Therefore, plaintiff's motion is really seeking only two documents which, according to the Tutorial Order, are not discoverable since they do not meet any exception in the Tutorial Order.

Plaintiff's argument that the United States "should not be afforded the protections of the Court's Tutorial Order and should be compelled to produce all of Rausser's and OnPoint's materials" (plaintiff's motion, p. 7) is unsupported by reason.[2]  Plaintiff asserts that since, "portions of Defendant's tutorial are 'part of' Defendant's expert report [,] [i]n accordance with the Court's Tutorial Order, [] Plaintiff would be entitled to discovery of all of the tutorial preparation materials."  No sensible reading of the Court's Tutorial Order leads to this conclusion.  The Tutorial Order simply provides that, as a general rule, tutorial materials and tutorial-preparation materials are not subject to discovery.   However, when an exception to the general rule applies to certain tutorial materials, such as the exception that if tutorial materials are made part of an expert witness report then they are subject to discovery, the general rule is not waived for *all* tutorial materials.  Plaintiff appears not to understand or to ignore the fact that

---

[2]Plaintiff's argument that the United States "should not be afforded the protections of the Court's Tutorial Order and should be compelled to produce all of Rausser's and OnPoint's materials" is also inconsistent with its statement made just two pages earlier that "the tutorial and possibly some limited materials prepared by Rausser or his team at OnPoint may *not* be discoverable under the Court's Tutorial Order." (Plaintiff's motion, p. 5)(emphasis added).

only two documents have been withheld and those documents are not discoverable since they were not made a part of Rausser's expert report. Furthermore, there is no requirement for the United States to put documents that are not subject to discovery on a privilege log. Plaintiff is seeking to compel something that does not exist or that are not subject to discovery and the discovery should be denied.

## II. Other Items

### A. Engagement Letter, Modifications and Invoices Have Been Produced

On January 8, 2008, the United States provided plaintiff with OnPoint's engagement letter and invoices relating to the instant cases. Thus, this issue is moot.[3]

### B. Notes From Phone Interview of Thomas Yorke Do Not Exist or are Protected by the Work Product Privilege

Plaintiff unnecessarily uses approximately six pages of its motion to argue that it is entitled to notes taken by any employee from OnPoint or by United States' counsel of Mr. Yorke's phone interview. As the United States has already informed plaintiff, no OnPoint employee took notes of the Yorke interview, thus, plaintiff is again seeking to compel something that does not exist.

According to plaintiff, they are also entitled to any notes taken by counsel for the United States of the Yorke interview because "disclosure of a witness interview to a trial expert, or the expert's agent, results in waiver of work-product protection over counsel's interview notes." Plaintiff's memo., p. 10. However, as the United States has already represented to plaintiff, any

---

[3]On January 15, 2008, the United States received a letter from plaintiff stating that it had not received an OnPoint invoice from September 2006 or from April 2007. On January 16, 2008, the United States informed plaintiff that OnPoint's first invoice related to October 2006 and thus no invoice existed for September 2006 and further that the United States already produced OnPoint's invoice from April 2007 and provided plaintiff with a Bates-stamp reference for that invoice.

notes taken by counsel for the United States were not shared with anyone at OnPoint, including Rausser. Therefore, plaintiff's primary assumption for their argument that they are also entitled to any notes taken by counsel for the United States of the Yorke interview is not true and the argument fails.

Plaintiffs argument that its need for any notes taken by counsel for the United States of the Yorke interview are so substantial that work product over those notes should be waived also must fail. In support of plaintiff's position, plaintiff states that it "can not adequately cross examine Rausser as to his opinions unless Plaintiff knows what information Rausser was provided and what information Rausser (or Laura Craft) may have disregarded." Again, any notes taken by counsel for the United States were not shared with anyone at OnPoint, including Rausser. In addition, as plaintiff recognizes, Rule 26(b)(3)(A)(ii) of the Federal Rules of Civil Procedure permits discovery of work product "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case *and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means*." (Emphasis added.) Assuming arguendo that plaintiff has substantial need for any notes taken by counsel for the United States of the Yorke interview, which plaintiff has not established, plaintiff had a very easy way to obtain information about the interview. At Mr. Yorke's deposition on October 30, 2007, plaintiff's counsel learned that representatives of the United States interviewed Mr. Yorke by phone prior to his deposition. Yet, rather than inquire about the call, plaintiff's counsel stated that, "I'm not interested in going into the details of that call." See Plaintiff's Exhibit K (Thomas Yorke deposition), p. 142, l.2-3. Had plaintiff inquired further at Mr. Yorke's deposition about the interview, plaintiff could have determined exactly what Mr. Yorke remembered saying and then could have more effectively examined Rausser during his

4                                                                 2995894.1

deposition as to what he knew about that interview, if plaintiff thought that was necessary. Thus, even if plaintiff's arguments that it is prejudiced by not knowing the details of the phone interview with Mr. Yorke were valid, it is a problem that could have been remedied by plaintiff with an effective cross-examination of Mr. Yorke at his deposition. Plaintiff is seeking to compel something that does not exist (notes from an OnPoint employee) or that are comfortably protected by the work product privilege. Plaintiff is not entitled to any notes taken by counsel for the United States that may exist relating to the interview.

### III.   Plaintiff's Motion is Premature Since they Did Not Confer as Required by Local Rule 37.1

Plaintiff violated the spirit, if not the letter, of Local Rule 37.1. A meaningful conference under Rule 37.1 would have narrowed the issues before the Court and saved the Court and both parties time and resources.

### IV.   Conclusion

Plaintiff's motion is yet another example of a motion that should never have been filed. Not only was it premature in that it was filed without meaningfully attempting to narrow the issues and without giving the United States adequate time to produce documents that were not in dispute, such as OnPoint's engagement letter and invoices relating to the instant cases, it is also moot in part and seeks documents that never existed or are not subject to discovery. The Court

should deny plaintiff's motion in its entirety.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                                          /s/ Dennis M. Donohue
                                          DENNIS M. DONOHUE
                                          CHIEF SENIOR LITIGATION COUNSEL
                                          OFFICE OF CIVIL LITIGATION
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 403, Ben Franklin Station
                                          Washington, D.C.  20044
                                          Telephone: (202) 307-6492
                                          Facsimile: (202) 307-2504
                                          E-mail: dennis.donohue@usdoj.gov

                                          JOHN A. LINDQUIST
                                          BARRY E. REIFERSON
                                          HEATHER L. VANN
                                          Trial Attorneys, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 55, Ben Franklin Station
                                          Washington, D.C.  20044-0055
                                          Telephone: (202) 307-6561
                                          Facsimile:  (202) 514-5238
                                          E-mail: john.a.lindquist@usdoj.gov
                                                             barry.e.reiferson@usdoj.gov
                                                              heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on January 16, 2008.

/s/ Heather L. Vann
Trial Attorney, US Department of Justice, Tax Division