UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY | ) | |
| ADVISOR A FUND, L.L.C., by the Tax | ) | |
| Matters Partner, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Nos. 05-40151-FDS (D. Mass.) |
| | ) | 06-40130-FDS (D. Mass.) |
| v. | ) | |
| | ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS
MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM FIDELITY
INTERNATIONAL CURRENCY ADVISOR A FUND, CARRUTH MANAGEMENT,
CARRUTH ASSOCIATES, AND AFFILIATES**

The United States incorporates by reference the memorandum, reply memorandum, and
exhibits it filed on this matter. (*See* docket-entry nos. 175, 176, 177, 206, and 207).

The United States seeks the production of documents in unredacted form from the
plaintiff, Carruth Management, Carruth Associates, and affiliated entities. Each of the
documents was withheld or redacted in response to the United States' requests for production and
subpoenas issued in this case. Some of the documents were withheld entirely and others were
redacted, all under claims of attorney-client and/or work-product privilege.

The parties met on December 21, 2007 at 10:00 a.m., and on January 10, 2008 at 3:00
p.m., at the offices of McKee Nelson, LLP in Washington, DC. Representing the United States
at each meeting was John Lindquist, Heather Vann, and Barry Reiferson. Representing the
plaintiff at the December 21 meeting was David Curtin, Lena Amanti, Michelle Abroms, and

Kiara Rankin. Representing the plaintiff at the January 10 meeting was Ronald Buch, Jr. and Lena Amanti.

The parties narrowed the items in dispute from approximately 1,400 to seventy-five privilege-log items and fifty-nine redaction-log items.[1] The plaintiff did not agree to a "quick peek" of any documents under Rule 26 of the Federal Rules of Civil Procedure.

The issues before the Court are as follows:

1) Whether each of the withheld and/or redacted documents must be produced to the United States in unredacted form because the plaintiff put any privileged information at issue by claiming reasonable good-faith reliance on advice of counsel;

2) Whether each of the withheld documents must be produced to the United States in unredacted form because the documents are not privileged in the first instance, reflecting business and not legal advice; and

3) Whether each of the withheld documents must be produced to the United States in unredacted form because disclosure of the subject matter of the withheld documents was an explicit waiver of attorney-client privilege.

The documents the United States moves to compel production of, but which have been withheld in their entirety, are listed on the accompanying Contested Privilege Log Items list

---

[1]Through discussion, the parties initially reduced the number of disputed items to 294. Thereafter, the plaintiff produced, unredacted, thirty-three of those 294 documents. Additionally, the plaintiff reviewed the remaining 261 documents and removed from the contested-items lists documents it claims are part of email strings that are subsumed into other documents that remain in dispute. Then, the plaintiff removed from the contested-privilege-log-item list two documents it claims are duplicates. This process resulted in the 134 documents remaining in dispute. The United States has requested, and requests here, that the plaintiff verify on the record that it followed this process, as the parties agreed.

3012017.1

(Appendix 1). The Contested Privilege Log Items list contains an entry for each contested and withheld document. Each entry, numbered one through seventy-five, consists of a line provided by the plaintiff containing its privilege-log-entry number (for reference when producing for *in camera* review), the number of pages in the document, date of creation, document type, author(s), recipient(s), subject matter of the withheld document, the privilege asserted (whether attorney-client ("AC") and/or work product ("WP")), and the basis for that assertion. Following each document-description line, the United States provides a short synopsis of the bases for its claim that the document should be produced in unredacted form, as described at length in the motion papers (docket-entry nos. 174, 175, 176, 177, 206, and 207).

The documents the United States moves to compel production of in unredacted form, and which have been produced only in redacted form by the plaintiff, are listed on the accompanying Contested Redaction Log Items list (Appendix 2). The Contested Redaction Log Items list contains an entry for each contested redacted document. Each entry consists of a line provided by the plaintiff containing the beginning and ending Bates numbers of the redacted documents, the subject matter of the redacted communication, the privilege asserted (whether attorney-client ("AC") and/or work product ("WP")), and the basis for that assertion. Following each document-description line, the United States provides a short synopsis of the bases for its claim

3

3012017.1

that the document should be produced in unredacted form, as described at length in the motion

papers (docket-entry nos. 174, 175, 176, 177, 206, and 207).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Tax Division, U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-6561
Facsimile:  (202) 514-5238
E-mail:  john.a.lindquist@usdoj.gov
              barry.e.reiferson@usdoj.gov
              heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the
registered participants identified on the Notice of Electronic Filing and copies will be sent to
those indicated as non registered participants on January 24, 2008

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division

3012017.1

**FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C. v. UNITED STATES**
**Nos. 05-40151 and 06-40130 (D. Mass.)**

**Contested Privilege Log Items**

| Contested-Item Number | Priv. Log Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 13 | 1 | 12/27/2001 | E-mail String | Stephanie Denby Carolyn Fiddy | Patricia Carlson Stephanie Denby Patrick Shea James Reiss Carolyn Fiddy | Patrick Shea | Contributions to FICA A Fund | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |

The United States contends that this document contains, at most, business advice, but not legal advice.  As described in the motion papers, the "advice" of counsel was heavily vetted through the promoters and was, in conjunction with the promoters' advice, used to ensure the completeness of the tax-shelter product.  The product depended on a set of pre-arranged steps and the obtaining of opinion letters which the promoters used to market the product and which the participants used as penalty insurance.  In short, counsel's primary role was to make sure all pieces of the package were present, and "useable." (See Govt. Ex. 47).

Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.  The opinion letters, in turn, discuss the structure of Fidelity International Currency Advisor A Fund ("Fidelity International") and the adoption by the opining firms of Fidelity International's representations as to business purpose.  The United States contends, as the available evidence suggests, that Fidelity International's purpose was to generate a tax loss, and the "structure" of Fidelity International was carefully planned to create the appearance of a legitimate business purpose.

| Contested-Item Number | Priv. Log Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 14 | 1 | 12/21/2001 | E-mail String | Stephanie Denby Carolyn Fiddy | Patricia Carlson Stephanie Denby Patrick Shea James Reiss Carolyn Fiddy | Patrick Shea | Contributions to FICA A Fund | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| Contested-Item Number | Priv. Log Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 16 | 1 | 11/00/2001 | Chart | Stephanie Denby | | | Chart with counsel's handwritten notes regarding contributions to FICA A Fund | Confidential communication between client's counsel (or from counsel to the file) in connection with legal advice requested or provided | AC |

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 4 | 19 | 1 | 9/27/2001 | E-mail String | Stephanie Denby Patrick Shea | Patrick Shea Stephanie Denby | | Organizational structure of and assets to be held by FICA A Fund | Confidential communication from counsel to client reflecting legal advice Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 5 | 20 | 1 | 9/21/2001 | E-mail | Carolyn Fiddy | Stephanie Denby | Patrick Shea Robin Calkins | Potential assets to be held by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 6 | 75 | 1 | 8/26/2002 | E-mail String | James Reiss Stephanie Denby | Stephanie Denby James Reiss | | Filing requirements for Richard Egan's tax return | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 7 | 84 | 1 | 1/23/2002 | E-mail String | Carolyn Fiddy Patrick Shea | Judy Irvin Robin Calkins Stephanie Denby | James Reiss Carolyn Fiddy | Operations of FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal services Confidential exchange of information conveyed to counsel for purposes of seeking legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 8 | 85 | 1 | 12/10/2001 | E-mail String | Carolyn Fiddy Stephanie Denby | Judy Irvin Robin Calkins Patrick Shea Carolyn Fiddy Stephanie Denby | Patrick Shea | Contributions to FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication of legal advice received from counsel | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |

| 9 | 149 | 1 | 2/28/2002 | E-mail | Patrick Shea | Stephanie Denby James Reiss | | Terms and details of the FICA A Fund and Fidelity High Tech investment strategies | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
|---|-----|---|-----------|--------|--------------|------------------------------|--|-----------------------------------------------------------------------------------|------------------------------------------------------------------------------------|----|
| | | | | | | | | | |
| | The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. |||||||||||
| 10 | 152 | 1 | 1/2/2002 | E-mail String | Stephanie Denby James Reiss Patrick Shea | James Reiss Stephanie Denby Patrick Shea | Stephanie Denby | Services provided by KPMG and Helios | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
| | The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. |||||||||||
| 11 | 202 | 1 | 10/31/2001 | E-mail String | Carolyn Fiddy Stephanie Denby | Patrick Shea Carolyn Fiddy Stephanie Denby | Michael Egan James Reiss Patrick Shea | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
| | The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. |||||||||||
| 12 | 203 | 1 | 12/3/2001 | E-mail | Carolyn Fiddy | Stephanie Denby Patrick Shea | Michael Egan | Exercise of EMC stock options | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| | The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. |||||||||||
| 13 | 204 | 1 | 10/15/2001 | E-mail | Carolyn Fiddy | Michael Egan | David Henry Patrick Shea | Acquisition of assets by FICA A Fund | Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice | AC |
| | The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. |||||||||||

| 14 | 225 | 1 | 2/11/2002 | E-mail String | Patrick Shea Stephanie Denby | Elaine Baglione Patrick Shea | James Reiss | Operations of FICA A Fund and Fidelity High Tech; attachments produced | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them. <br><br> The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 15 | 226 | 1 | 10/14/2001 | E-mail String | Patrick Shea Carolyn Fiddy | Carolyn Fiddy Patrick Shea | | Organizational structure of and organizational documents for FICA A Fund | Confidential communication of legal advice received from counsel Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them. <br><br> The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 16 | 227 | 1 | 10/8/2001 | E-mail String | Patrick Shea Stephanie Denby | Stephanie Denby Patrick Shea | Carolyn Fiddy | Organizational structure of and organizational documents for FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them. <br><br> The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 17 | 231 | 1 | 9/27/2001 | E-mail String | Patrick Shea Stephanie Denby | Stephanie Denby Patrick Shea | James Reiss | Organizational structure of FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them. <br><br> The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |

| 18 | 242 | 1 | 3/1/2002 | E-mail String | Stephanie Denby Patrick Shea | Patrick Shea Stephanie Denby James Reiss | | Preparation for meetings with KPMG and James Haber | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.  The United States further contends that the advice contained in this document was disclosed to James Haber and possibly others, thereby waiving any privilege that may have existed.

| 19 | 245 | 2 | 10/10/2003 | E-mail String | Stephanie Denby James Reiss Robin Calkins Patrick Shea | Robin Calkins Stephanie Denby James Reiss Patrick Shea | Judy Irvin Patrick Shea Stephanie Denby David Henry | Potential distributions by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice<br>Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 20 | 253 | 1 | 10/31/2001 | E-mail String | Stephanie Denby Michael Egan | Michael Egan Stephanie Denby | | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 21 | 258 | 1 | 10/8/2001 | E-mail String | Stephanie Denby Patrick Shea Patricia Carlson | Patrick Shea Stephanie Denby | Carolyn Fiddy | Organizational documents for Fidelity World | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 22 | 264 | 1 | 11/28/2001 | E-mail String | Stephanie Denby Carolyn Fiddy | Carolyn Fiddy Stephanie Denby Michael Egan | Patrick Shea Carolyn Fiddy | Legal opinion to be provided in connection with assets to be held by FICA A Fund and contributions to FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 23 | 270 | 2 | 6/24/2002 | Letter | Stephanie Denby | Michael Egan John Egan | Patrick Shea | Disclosure regulations and tax legislation | Confidential communication from counsel to client reflecting legal advice | AC |

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 24 | 271 | 1 | 6/19/2002 | E-mail | Terrence Stein | Stephanie Denby | | Disclosure regulations | Confidential communication between client's counsel in connection with legal advice requested or provided | AC |

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference pargraph 2 of the above entry for contested-item number 1.

| 25 | 272 | 1 | 6/14/2002 | E-mail | Terrence Stein | Stephanie Denby | | Tax legislation | Confidential communication between client's counsel in connection with legal advice requested or provided | AC |

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference pargraph 2 of the above entry for contested-item number 1.

| 26 | 280 | 2 | 10/28/2002 | Draft Letter | Stephanie Denby | | | Services provided by KPMG | Confidential communication from counsel to the file in connection with legal advice requested or provided<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 27 | 283 | 5 | 10/8/2002 | Draft Letter | Stephanie Denby | James Reiss<br>Patrick Shea | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 28 | 287 | 2 | 8/27/2002 | Draft Letter | Stephanie Denby | Patrick Shea<br>James Reiss | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 29 | 288 | 1 | 3/25/2002 | E-mail | Terrence Stein | Stephanie Denby | | Legal opinion for investment | Confidential communication between client's counsel in connection with legal advice requested or provided | AC |
| The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference paragraph 2 of the above entry for contested-item number 1. | | | | | | | | | | |
| 30 | 300 | 2 | 8/30/2002 | Draft Letter | Stephanie Denby | Patrick Shea | James Reiss | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |

| 31 | 303 | 2 | 6/25/2002 | Letter | Stephanie Denby | Michael Egan John Egan | Patrick Shea | Disclosure regulations and tax legislation | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference pargraph 2 of the above entry for contested-item number 1.

| 32 | 307 | 1 | 4/1/2002 | E-mail | Stephanie Denby | Patrick Shea | | Legal opinions for Fidelity High Tech and FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference pargraph 2 of the above entry for contested-item number 1.

| 33 | 337 | 2 | 5/21/2003 | Chronology | Stephanie Denby | | | Services provided by KPMG | Confidential communication from counsel to the file in connection with legal advice requested or provided<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 34 | 355 | 1 | 8/27/2002 | E-mail String | James Reiss Stephanie Denby | Stephanie Denby Patrick Shea James Reiss | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 35 | 356 | 1 | 8/27/2002 | E-mail String | James Reiss Stephanie Denby | Stephanie Denby Patrick Shea James Reiss | Patrick Shea | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 36 | 364 | 1 | 10/18/2001 | E-mail | Melody Dunn Stephanie Denby | Carolyn Fiddy | Patrick Shea | Contributions to and potential assets to be held by FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 37 | 365 | 1 | 10/17/2001 | E-mail String | Stephanie Denby Melody Dunn | Carolyn Fiddy Patrick Shea Stephanie Denby | | Contributions to FICA A Fund | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 38 | 366 | 1 | 9/26/2001 | E-mail String | Patrick Shea Carolyn Fiddy Stephanie Denby | Carolyn Fiddy Patrick Shea James Reiss | | Assets to be held by FICA A Fund | Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 39 | 383 | 2 | 6/21/2002 | Letter | Stephanie Denby | Michael Egan John Egan | Patrick Shea | Disclosure regulations and tax legislation | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference pargraph 2 of the above entry for contested-item number 1.

| 40 | 395 | 2 | 11/10/2003 | E-mail String | James Reiss Stephanie Denby | Stephanie Denby James Reiss Theresa Ryan | Patrick Shea Melissa Seaver Theresa Ryan | Distributions by FICA A Fund and Fidelity High Tech | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 41 | 403 | 1 | 4/8/2002 | E-mail String | James Reiss Stephanie Denby | Stephanie Denby James Reiss | Patrick Shea | Filing of FICA A Fund and Fidelity High Tech tax returns | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 42 | 405 | 1 | 11/21/2001 | E-mail | Judy Irvin | Steven Drew | Carolyn Fiddy Patrick Shea | Assets to be held by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 43 | 411 | 1 | 10/26/2001 | E-mail | Carolyn Fiddy | Steven Drew | Patrick Shea David Henry | Contributions to and potential assets to held by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 44 | 429 | 1 | 1/21/2002 | E-mail String | Stephanie Denby Patrick Shea | Stephanie Denby Patrick Shea | James Reiss Carolyn Fiddy | Operations of Fidelity High Tech and FICA A Fund | Confidential communication from counsel to client reflecting legal services provided or to be provided<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 45 | 432 | 1 | 10/8/2002 | E-mail | Stephanie Denby | James Reiss Patrick Shea | | Services provided by KPMG; transmitting log entries 433-434 | Confidential communication from counsel to client revealing information used in providing legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 46 | 433 | 2 | 10/8/2002 | Draft Letter | Stephanie Denby | James Reiss Patrick Shea | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 47 | 435 | 1 | 10/28/2002 | E-mail | Stephanie Denby | Patrick Shea | | Services provided by KPMG; transmitting log entry 436 | Confidential communication from counsel to client reflecting legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 48 | 437 | 1 | 8/30/2002 | E-mail | Stephanie Denby | Patrick Shea | James Reiss | Services provided by KPMG; transmitting log entry 438 | Confidential communication from counsel to client reflecting legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 49 | 438 | 2 | 8/30/2002 | Draft Letter | Stephanie Denby | Patrick Shea | James Reiss | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 50 | 440 | 2 | 8/27/2002 | Draft Letter | Stephanie Denby | Patrick Shea | James Reiss | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 51 | 463 | 1 | 10/22/2001 | E-mail String | Patrick Shea<br>Steven Drew | Patrick Shea<br>Steven Drew | Donna Kaufman | Legal opinions for FICA A Fund | Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 52 | 481 | 4 | 05/20/2003 | Draft Agreement | Stephanie Denby<br>Melody Dunn | James Reiss<br>Stephanie Denby | | Proposed changes to Cape Clear, LLC, management agreement | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 53 | 488 | 4 | 05/20/2003 | Draft Agreement | Stephanie Denby Melody Dunn | James Reiss Stephanie Denby | | Proposed changes to FICA A Fund management agreement | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|
| \ | \ | \ | \ | \ | \ | \ | \ | \ | \ | \ |

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 54 | 490 | 6 | 05/20/2003 | Draft Agreement | Stephanie Denby Melody Dunn | James Reiss Stephanie Denby | | Proposed changes to Cape Clear, LLC, management agreement | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 55 | 494 | 6 | 5/23/2003 | Draft Agreement | Melody Dunn | James Reiss | Stephanie Denby | Proposed changes to Cape Clear, LLC, management agreement | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 56 | 498 | 4 | 5/23/2003 | Draft Agreement | Melody Dunn | James Reiss | Stephanie Denby | Proposed changes to FICA A Fund management agreement | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 57 | 526 | 1 | 10/17/2001 | E-mail | Melody Dunn | Patrick Shea Carolyn Fiddy | Stephanie Denby | Legal opinion to be provided in connection with assets to be acquired by FICA A Fund; attachment produced | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference pargraph 2 of the above entry for contested-item number 1.

| 58 | 531 | 1 | 00/00/2001 | Chart | Stephanie Denby | | | Ownership of FICA A Fund | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 59 | 567 | 1 | 9/17/2001 | E-mail String | Stephanie Denby James Reiss | James Reiss Stephanie Denby | | Organizational documents for FICA A Fund and unrelated entities | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 60 | 594 | 3 | 00/00/2002 | Notice | Terrence Stein | | | Handwritten comments regarding Notice 2000-44 | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference paragraph 2 of the above entry for contested-item number 1.

| 61 | 623 | 1 | 11/26/2001 | E-mail String | Judy Irvin Stephanie Denby Carolyn Fiddy | Stephanie Denby Judy Irvin | Stephanie Denby | Assets to be held by FICA A Fund | Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 62 | 632 | 1 | 10/2/2002 | E-mail | James Reiss | Patrick Shea | Stephanie Denby James Reiss | Services provided by KPMG | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication of legal advice received from counsel Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 63 | 650 | 1 | 8/26/2002 | E-mail | Stephanie Denby | James Reiss Patrick Shea | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.  The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 64 | 651 | 2 | 8/29/2002 | E-mail String | Stephanie Denby Gregory Pocias James Reiss | James Reiss Stephanie Denby Gregory Pocias | Patrick Shea | Services provided by KPMG | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client revealing information used in providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice Work product prepared in anticipation of litigation | AC & WP |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.  The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 65 | 665 | 7 | 11/26/2001 | E-mail & Draft Legal Opinion | Patricia Carlson | Stephanie Denby | | Legal opinion to be provided in connection with the acquisition of an asset by FICA A Fund | Confidential communication between client's counsel in connection with legal advice requested or provided | AC |
| The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.  The United States incorporates by reference pargraph 2 of the above entry for contested-item number 1. | | | | | | | | | | |
| 66 | 717 | 1 | 6/19/2001 | Memo | Steven Drew | Richard Egan | Patrick Shea | Westship World Yachts loans | Confidential communication from counsel to client reflecting legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.  The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |
| 67 | 731 | 1 | 9/17/2001 | E-mail String | Stephanie Denby Judy Irvin | Judy Irvin Stephanie Denby | | Good standing certificate for new investment | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.  The United States incorporates by reference the above entry for contested-item number 1. | | | | | | | | | | |

| 68 | 734 | 1 | 9/12/2001 | Memo | Michael Egan | Stephanie Denby | | Structure of new investment | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 69 | 801 | 2 | 8/30/2002 | Draft Letter | Stephanie Denby | Thomas Cullinan N. Jerold Cohen | | Services provided by KPMG | Confidential communication between client's counsel in connection with legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 70 | 802 | 2 | 10/8/2002 | Draft Letter | Stephanie Denby | Thomas Cullinan N. Jerold Cohen | | Services provided by KPMG | Confidential communication between client's counsel in connection with legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 71 | 1235 | 1 | 9/17/2001 | Fax Cover Sheet | Judy Irvin | Stephanie Denby | | Good standing certificate for new investment | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 72 | 1263 | 1 | 10/3/2001 | E-mail | Stephanie Denby | Patricia Carlson | | FICA A Fund organizational documents | Confidential communication between client's counsel in connection with legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 73 | 1269 | 1 | 6/27/2002 | E-mail | Stephanie Denby | Patrick Shea | | Services provided by KPMG | Confidential communication from counsel to client revealing information used in providing legal advice | AC |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1.

| 74 | 1271 | 1 | 1/9/2002 | E-mail String | Patrick Shea Stephanie Denby | Stephanie Denby James Reiss Patrick Shea | | Outcomes of recently litigated cases | Confidential communication from counsel to client reflecting legal advice Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1. Additionally, there is no evidence that this document was prepared in anticipation of litigation.

| 75 | 1333 | 2 | 5/13/2005 | E-mail | Orrin Tilevitz | William Nelson | Stephanie Denby Ronald Buch | Tax treatment of short options | Work product prepared in anticipation of litigation | WP |
|---|---|---|---|---|---|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for contested-item number 1. Additionally, this document is not attorney work product that can be withheld. Orrin Tilevitz is an employee of The Diversified Group Inc., one of the principal promoters of this transaction. The United States believes that Mr. Tilevitz is a non-practicing lawyer and that he was not retained or paid in 2005 by the plaintiff or its agents for the provision of any legal services. Messrs. Nelson and Buch are counsel for the plaintiff in this case. To the extent they obtained information from Mr. Tilevitz in anticipation of this case (or other litigation), it is not privileged. To the extent they conveyed any otherwise privileged information to Mr. Tilevitz, privilege was waived. At most, counsel for the plaintiff received this correspondence from a fact witness (Mr. Tilevitz) for assistance in preparation for litigation. No privilege applies to such communications. The United States is not seeking trial counsel's notes, but instead this correspondence to trial counsel.

# FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C. v. UNITED STATES
## Nos. 05-40151 and 06-40130 (D. MASS.)

## Contested Redaction Log Items

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 035910 | 35910 | Item discussed with counsel regarding the organizational structure of FICA A Fund | Confidential communication of legal advice received from counsel | AC |

The United States contends that this document contains, at most, business advice, but not legal advice. As described in the motion papers, the "advice" of counsel was heavily vetted through the promoters and was, in conjunction with the promoters' advice, used to ensure the completeness of the tax-shelter product. The product depended on a set of pre-arranged steps and the obtaining of opinion letters which the promoters used to market the product and which the participants used as penalty insurance. In short, counsel's primary role was to make sure all pieces of the package were present, and "useable." (See Govt. Ex. 47).

Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them. The opinion letters, in turn, discuss the structure of Fidelity International Currency Advisor A Fund ("Fidelity International") and the adoption by the opining firms of Fidelity International's representations as to business purpose. The United States contends, as the available evidence suggests, that Fidelity International's purpose was to generate a tax loss, and the "structure" of Fidelity International was carefully planned to create the appearance of a legitimate business purpose.

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 35911 | 35911 | Transactions to be undertaken by Fidelity High Tech | Confidential communication from client to file reflecting legal services<br>Confidential communication from client to file reflecting legal advice | AC |

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

Additionally, the United States requested that the plaintiff identify the author of this document, but the plaintiff has not complied with that request. The author, whoever it is, appears to be transcribing the advice of James "Jimmy" Haber, as shown on the top of the document. Mr. Haber is a promoter of the transaction, and not a lawyer. The United States also is unable to verify that the redacted information relates to Fidelity High Tech, but not to Fidelity International.

| 35912 | 35912 | Issues associated with the acquisition of assets by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 35913 | 35914 | Organizational documents for FICA A Fund | Confidential communication between client's counsel (or from counsel to the file) in connection with legal advice requested or provided | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 35915 | 35916 | Legal opinion for FICA A Fund | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |

| 35918 | 35918 | Organizational documents for FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 35919 | 35952 | Counsel's handwritten notes regarding proposed investment strategy | Confidential communication between client's counsel (or from counsel to the file) in connection with legal advice requested or provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36015 | 36015 | Disclosure issues regarding FICA A Fund | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36017 | 36017 | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36018 | 36019 | Services provided by KPMG | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36050 | 36050 | Proposed investment strategies | Confidential communication of legal advice received from counsel | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36053 | 36053 | Organizational documents for FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36055 | 36055 | Representation letter for FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36059 | 36059 | Legal services provided by counsel in connection with FICA A Fund | Confidential communication from client to file reflecting legal services | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36065 | 36065 | Contribution agreements for FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36066 | 36066 | Organizational documents for FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36069 | 36069 | Potential assets to be held by FICA A Fund | Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice Confidential communication from client to file reflecting legal services | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 36070 | 36070 | Organizational documents for and organizational structure of FICA A Fund | Confidential communication from client to file reflecting legal services<br>Confidential communication from client to file reflecting legal advice | AC |
|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 47858 | 47859 | Assets to be held by FICA A Fund | Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 47860 | 47860 | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |

| 47861 | 47861 | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 47862 | 47862 | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |

| 47863 | 47863 | Contributions to FICA A Fund; attachments produced | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 47865 | 47866 | Legal opinion to be provided in connection with FICA A Fund's investment in Mariner Horizon 6A | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference paragraph 2 of the above entry for document Bates numbered 035910.

| 47867 | 47868 | Legal opinion to be provided in connection with FICA A Fund's investment in Mariner Horizon 6A | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication between client's counsel in connection with legal advice requested or provided | AC |
|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference paragraph 2 of the above entry for document Bates numbered 035910.

| 47869 | 47870 | Legal opinion to be provided in connection with FICA A Fund's investment in Mariner Horizon 6A | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice | AC |
|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference paragraph 2 of the above entry for document Bates numbered 035910.

| 47871 | 47872 | Legal opinion to be provided in connection with FICA A Fund's investment in Mariner Horizon 6A | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice to be provided | AC |
|---|---|---|---|---|
| The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference paragraph 2 of the above entry for document Bates numbered 035910. | | | | |
| 47880 | 47882 | Counsel's handwritten notes regarding Notice 2000-44 | Confidential communication from counsel to the file in connection with legal advice requested or provided<br>Work product prepared in anticipation of litigation | AC & WP |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 47886 | 47922 | Counsel's suggested changes to operating agreement | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 47977 | 47985 | Tax treatment of FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference paragraph 2 of the above entry for document Bates numbered 035910. | | | | |

| 48205 | 48205 | Services to be provided by counsel | Confidential communication from client to file reflecting legal services | AC |
|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 48208 | 48256 | Draft operating agreement | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 48427 | 48427 | Services provided by KPMG; attachment previously produced | Confidential communication from client to counsel for purposes of seeking legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them. There is also no evidence that the redacted portion was prepared in anticipation of litigation.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. | | | | |
| 48435 | 48435 | Reporting requirements | Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
| The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference paragraph 2 of the above entry for document Bates numbered 035910. | | | | |

| 48451 | 48451 | Services provided by KPMG | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
|---|---|---|---|---|
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. ||||| 
| 48467 | 48467 | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. |||||
| 48468 | 48468 | Organizational documents for FICA A Fund; attachments previously produced | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. |||||
| 48535 | 48536 | Proposed changes to management agreements; transmitting privilege log entries 477-492 | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.<br><br>The United States incorporates by reference the above entry for document Bates numbered 035910. |||||

| 48830 | 48831 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48832 | 48834 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48835 | 48838 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48839 | 48842 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48843 | 48847 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48848 | 48851 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48852 | 48854 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48855 | 48856 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48857 | 48859 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|-------|-------|-----------------------------------|--------------------------------------------------------------------------------------|-----|

The United States contends that this document contains, at most, a description of business services, but not legal services.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48860 | 48862 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|-------|-------|-----------------------------------|--------------------------------------------------------------------------------------|-----|

The United States contends that this document contains, at most, a description of business services, but not legal services.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48863 | 48864 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
|-------|-------|-----------------------------------|--------------------------------------------------------------------------------------|-----|

The United States contends that this document contains, at most, a description of business services, but not legal services.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48865 | 48867 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC & WP |
|-------|-------|-----------------------------------|--------------------------------------------------------------------------------------|---------|

The United States contends that this document contains, at most, a description of business services, but not legal services.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48868 | 48869 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48870 | 48871 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48872 | 48874 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48875 | 48877 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48878 | 48880 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 48881 | 48882 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|

The United States contends that this document contains, at most, a description of business services, but not legal services. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 051390 | 051396 | Notes regarding application of Treasury Decision | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice. Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference the above entry for document Bates numbered 035910.

| 58493 | 58494 | Counsel's handwritten comments regarding Notice 2000-44 | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
|---|---|---|---|---|

The United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.

The United States incorporates by reference paragraph 2 of the above entry for document Bates numbered 035910.

| 64917 | 64917 | Counsel's notes regarding legal opinion | Confidential communication from counsel to the file in connection with legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
|---|---|---|---|---|

The United States contends that this document contains, at most, business advice, but not legal advice.  Additionally, the United States contends that this document must be disclosed because the plaintiff put at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters by claiming reasonable and good faith reliance on them.  There is also no indication that the redacted attorney notes were made in anticipation of litigation.

The United States incorporates by reference the above entry for document Bates numbered 035910.