UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S SUR-REPLY TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF MATERIALS RELATING
TO EXPERT REPORTS AND OPINIONS OF GORDON RAUSSER**

Based on supposition, if not rank speculation, plaintiff asserted in its 15-page opening memorandum that the United States was withholding numerous documents of Dr. Rausser's and On Point's relating to the six-month period of Dr. Rausser's initial engagement. Plaintiff's theory was that this treasure trove of documents was being withheld by us under the guise that they were tutorial-related. As we noted in our opposition, this allegation was patently false.[1] There simply was no such large body of Rausser and On Point documents being withheld by us. Moreover, to the extent we were withholding any documents in connection with our tutorial, these materials were indisputably related to our tutorial presentation.[2]

---

[1] *See* United States' Response, at 1-3.

[2] These few documents consisted of (1) two e-mails that discuss the tutorial and that were not made a part of Rausser's expert report; (2) documents showing travel and hotel arrangements of United States' counsel, certain experts and others retained by the United States in connection with the tutorial production and viewing; and (3) drafts of the script of the United States' tutorial. All of these materials are clearly protected by the Court's tutorial order.

Plaintiff also argues that we were required to list these documents on a log. Plaintiff cites
(continued...)

Apparently realizing its original allegation was meritless, plaintiff now claims in its 13-page rely memorandum that it is entitled to documents that Dr. Rausser prepared in his dual role as a testifying expert and consultant. As its original argument, this contention is also based on a false premise. Dr. Rausser did not prepare or even view any documents being withheld as consulting documents[3] and, thus, could not consider such documents. These materials are strictly On Point documents and were prepared at the United States' direction to assist us in our discovery. Such documents are *classic* consulting documents as even the case heavily relied upon by plaintiff expressly recognizes. *See B.C.F. Oil Refining Inc. v. Consolidated Edison Co.*, 171 F.R.D. 57, 61-62 (S.D.N.Y. 1997).

Finally, plaintiff's argument that he has a *substantial* need for notes taken by United States' counsel of the Yorke interview is equally meritless. These documents are quintessential attorney work product. And plaintiff has woefully failed to demonstrate that he is unable to obtain Yorke's testimony on the interview topics (or for that matter on any other subject within Yorke's knowledge) without violating the fundamental work product doctrine.

I. Gordon Rausser is Solely a Testifying Expert and Not a Consulting Expert

Without any factual basis, plaintiff asserts that "Rausser is claimed to be a dual-role expert."[4] It is perplexing that plaintiff would advance such an argument when the United States has been crystal clear that Rausser is a testifying expert, and has not performed any services on

---

[2](...continued)
no authority for this position and the Court's Tutorial Order of October 4, 2006 provides for no such requirement. (Pltf's. Reply at 13.) Equally important, plaintiff also did not list any tutorial documents it may have withheld on a log.

[3]*See* Rausser Declaration, Exhibit A, ¶ 3; Craft Declaration, Exhibit B, ¶2.

[4]Plaintiff's Reply, p. 4.

behalf of the United States as a consulting expert.[5]  As the United States has stated on more than one occasion: We have on occasion consulted with employees of OnPoint – not including Rausser – on issues related to this case, but that consulting work was not viewed by Dr. Rausser and had no relation to either of Dr. Rausser's expert witness reports.  More particularly, these documents exclusively relate to On Point assisting the United States in the preparation of discovery-related materials.[6]  Such documents fit the classic description of consulting materials and are clearly protected by the work product privilege. *See*, *B.C.F. Oil Refining Inc. v. Consolidated Edison Co.*, 171 F.R.D. at 61-62.

Significantly, even if Rausser was a dual role expert, which he is not, plaintiff would not automatically be entitled to any work he performed in his role as a testifying expert. *See e.g., Messier v. Southbury Training School*, 1998 WL 422858, *2 (D.Conn. 1998)("If an expert is retained as both a consultant and a testifying witness, the work-product doctrine may be invoked to protect work completed by the expert in her consultative capacity as long as there exists a clear distinction between the two roles")(citation omitted); *S.E.C. v. Reyes*, 2007 WL 963422 (N.D.Cal. 2007)("Every court to address this 'multiple hats' problem has concluded that an expert's proponent still may assert a privilege over such materials [consultant's work product], but only over those materials generated or considered uniquely in the expert's role as consultant")(citation omitted).  *See also RLI Ins. Co. v. Wood Recycling, Inc.*, 2006 WL 839514 (D.Mass. 2006).

---

[5]*See* Rausser Declaration, Exhibit A, ¶ 3.  Contrary to plaintiff's intimation, Plaintiff's Reply, p. 11, Dr. Rausser makes clear his declaration is in no way inconsistent with his deposition testimony.  *See* Rausser Declaration, Exhibit A, ¶ 4.

[6]Craft Declaration, Exhibit B, ¶3.

Plaintiff "seeks all documents that informed the opinions Rausser intends to offer at trial."[7] Plaintiff has those documents.

## II. Notes From Phone Interview of Thomas Yorke Do Not Exist or are Protected by the Work Product Privilege

Plaintiff similarly misses the mark with its argument that any notes of the Yorke interview that may have been taken by counsel for the United States are discoverable. Plaintiffs argument that its need for any such notes is so substantial to warrant the disclosure of work product information is without foundation.[8] Plaintiff's chance to learn more about the Yorke interview was at Yorke's deposition. Plaintiff did not adequately question Yorke about the interview during, if not before, Yorke's deposition. For example, plaintiff's counsel learned about the Yorke interview at that deposition but nevertheless failed to adequately inquire about the substance of that interview.[9] Indeed, plaintiff's counsel did not even ask who participated in the interview.[10]

Even more importantly, plaintiff makes its crystal clear in his own reply memorandum that the information conveyed by Yorke at his interview was absolutely no different than what he said at his deposition. As plaintiff emphasizes, at his deposition Yorke stated, in response to plaintiff's own questions, that the questions he was asked by United States' counsel were "very much like" the questions such counsel asked him during his interview. And, most critically,

---

[7] Plaintiff's Reply, p. 3.

[8] Plaintiff also argues that the work product protection is waived since Ms. Craft participated in the phone interview of Yorke. However, as previously indicated, any notes taken by counsel for the United States were not shared with anyone at OnPoint. See United States' Response, p. 3-4.

[9] Plaintiff's Exhibit K (Thomas Yorke interview), p. 142, l.2-3.

[10] Plaintiff's Exhibit K (Thomas Yorke interview), p. 142, l.2-3.

Yorke then said that the answers he gave to those questions at the deposition were "*essentially the same answers*" as he gave at his interview.[11] In these circumstances, plaintiff has hardly satisfied his burden that he could not without hardship learn about the United States' interview of Yorke.

In any event, Yorke is still available and can simply be interviewed by counsel for plaintiff if he wants to further inquire about Yorke's interview responses with the United States. Finally, if plaintiff still has reason to inquire about Yorke's responses at his interview with the United States, we have no objection to Yorke's deposition being reopened for this limited purpose. Thus, at all events, plaintiff has not demonstrated that he has such a substantial need for attorney work product that he is unable to obtain the information by any other means.

---

[11] Plaintiff's Reply, p. 12 (emphasis added.).

## IV. Conclusion

Plaintiff's motion must be denied because it is moot in part and because the remaining documents it seeks to compel do not exist or, to the extent they do, are manifestly not subject to discovery.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
         barry.e.reiferson@usdoj.gov
         heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on February 7, 2008.

/s/ Heather L. Vann
Trial Attorney, US Department of Justice, Tax Division

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case Nos.: 05-40151-FDS<br>　　　　　　06-40130-FDS<br><br>Judge Saylor |

**DECLARATION OF GORDON RAUSSER
IN SUPPORT OF THE UNITED STATES' OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I, Gordon Rausser, Ph.D., declare:

　　1.　　I have been retained as a testifying expert by the United States Government in the above-referenced matter. In that matter, I have submitted two written Reports, accompanied by 92 exhibits.

　　2.　　Aside from assisting in the preparation of a tutorial presentation for the Court, I have provided no consulting services on this case and have withheld nothing related to the work I did perform as a testifying expert. To the extent that any work performed in connection with the tutorial became part of either of the Reports I authored, I have produced those materials.

　　3.　　I am informed that OnPoint Analytics, Inc. separately provided counsel with consulting assistance relating to various discovery issues. I was not involved in that


GOVERNMENT EXHIBIT 4

work and have not prepared, viewed or discussed with the OnPoint staff or counsel any of the work product that may have been generated.

  4. I understand that Plaintiff refers to page 44, line 22, through page 45, line 7, of my deposition transcript as implying that I have performed consulting services and withheld the work product therefrom. This implication is incorrect. Reviewing the transcript of my deposition, I note that the language referred to is as follows:

> Q. Professor, with regard to materials, communications that Laura Craft or Ms. Wallace or others at OnPoint had with the government concerning what I'll call the first phase 1 in 2006 and, let's say, not work that was related to the tutorial, has that material, the nontutorial material, been produced by OnPoint in this case?
>
> A. It's been produced in my report.

I do not believe this language supports any inference that I performed consulting services or that I withheld any work product arising from consulting services. However, to the extent that Plaintiff has drawn such an inference from this language, that inference is false. As stated above in paragraph 1, I have provided no consulting services on this case and have withheld nothing related to the work I did perform as a testifying expert, with the sole exception of tutorial preparation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed in Emeryville, California, on February 6, 2008.

*Gordon Rausser*

Gordon Rausser, Ph.D.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case Nos.: 05-40151-FDS<br>　　　　　　06-40130-FDS<br><br>Judge Saylor |

**DECLARATION OF LAURA CRAFT
IN SUPPORT OF THE UNITED STATES' OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I, Laura Craft, declare:

1.  I am the President of OnPoint Analytics, Inc. ("OnPoint"), an economic and statistical analysis firm also providing database services.

2.  Aside from assisting in the preparation of a tutorial presentation for the Court, Dr. Gordon Rausser provided no consulting services on this case. To the extent that any work performed in connection with the tutorial became part of either of the Reports authored by Dr. Rausser, those materials have been produced. In addition to the two Reports and the 92 exhibits attached thereto, OnPoint has produced to the Plaintiff more than 8,000 pages of its work papers, internal correspondence and drafts.

3.  In its consulting capacity, OnPoint separately provided counsel with consulting assistance in preparing certain discovery requests and responses, and in deposition preparation. Dr. Rausser was not involved in that work and OnPoint did not


GOVERNMENT EXHIBIT B

discuss this work with Dr. Rausser or share any of the work product with him. It is my understanding that these documents and documents created in the tutorial preparation process are the only OnPoint records that have been withheld.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed in Emeryville, California, on February 6, 2008.

Laura Craft