# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, ) ) ) ) )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>)<br>) | Case No.: 05-40151-FDS<br>06-40130-FDS |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM FICA A FUND, <u>CARRUTH MANAGEMENT, CARRUTH ASSOCIATES, AND AFFILIATES</u>

Defendant has made no argument or offered any proof that counters Plaintiff's privilege claims. In its supplemental memorandum and attachments, Defendant continues to argue that legal advice concerning a business transaction is not privileged and that legal advice regarding any aspect of a transaction is waived by relying on non-privileged tax opinion letters in litigation. For the first time, Defendant challenges three of Plaintiff's work-product claims, arguing that documents that were prepared in anticipation of litigation are not protected by the work-product doctrine. All of the contested documents are protected from disclosure by the attorney-client privilege or the work-product doctrine.[1]

---

[1] Plaintiff's response to Defendant's challenges are addressed on an item-by-item basis in Exhibit A (Contested Privilege Log Items) and Exhibit B (Contested Redaction Log Items). To assist with the Court's *in camera* review, attached as Exhibit C is a list of individuals who appear on the contested documents logs and the organization with which each is affiliated. Plaintiff has previously provided Defendant with an individuals and affiliations list with each of the privilege and redaction logs produced to Defendant.

(footnote continues on next page)

## I.    The Contested Documents Are Protected from Disclosure by the Attorney-Client Privilege Because They Contain Legal, Not Business, Advice

In the attachments to its supplemental memorandum, Defendant ignores the basic principles of the attorney-client privilege, misunderstands the role of an attorney advising on a business transaction, and, once again, mischaracterizes Stephanie Denby's role. Defendant's argument appears to be that the FICA A Fund transactions are a tax shelter and that characterization somehow converts any legal advice provided by Ms. Denby into business advice.[2] No legal principle supports this proposition.

The communications Defendant seeks are ones that were confidential and made for the purpose of seeking or receiving legal advice.[3] There is a presumption that communications between a client and outside counsel are for the purpose of seeking legal advice.[4] Further, courts recognize that communications between client and counsel in which business considerations are discussed are privileged if those communications are for the purpose of seeking or providing legal advice.[5] It would be impossible for an attorney to provide legal advice regarding business

---

With respect to each of the contested documents, in the attachments to its supplemental memorandum, Defendant does not argue that Plaintiff waived the attorney-client privilege with respect to legal advice shared with his agents. For this reason, Plaintiff does not address this issue. To the extent Defendant continues to assert this argument, Plaintiff relies on the briefs already submitted in connection with Defendant's motion. Finally, in narrowing the number of contested documents for the Court's review, Plaintiff removed email strings that were subsumed within contested documents that remain in dispute, as described by Defendant in its supplemental memorandum. Def.'s Supp. Mem. at 2 n.1.

[2] Defendant challenges all but nine contested privilege log items and all but seven contested redaction log items on this basis. *See* Def.'s Supp. Mem. App. Contested Privilege Log Entry Nos. 271, 272, 288, 303, 307, 383, 526, 594, 665; Def.'s Supp. Mem. App. Contested Redaction Log Item Nos. 047865-66, 047867-68, 047869-70, 047871-72, 047977-85, 048435, 058493-94.

[3] *See XYZ Corp. v. United States (In re Keeper of the Records)*, 348 F.3d 16, 22 (1st Cir. 2003) ("The privilege protects only those communications that are confidential and are made for the purpose of seeking or receiving legal advice.").

[4] *See United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1073 (N.D. Cal. 2002) ("Communications between a client and its outside counsel are presumed to be made for the purpose of obtaining legal advice.").

[5] *Borase v. M/A COM, Inc.*, 171 F.R.D. 10, 14 (D. Mass. 1997) ("[C]lient communications intended to keep the attorney apprised of business matters may be privileged if they embody an implied request for legal advice based (footnote continues on next page)

transactions without knowing the relevant business facts and circumstances. Defendant's attempt to cast legal advice as business advice would vitiate the attorney-client privilege.

While it is presumed that Ms. Denby's communications with Plaintiff and his agents are for the purpose of seeking and providing legal advice, Plaintiff has amply demonstrated that Ms. Denby acted in a "'professional legal capacity'" when advising on the FICA A Fund transactions.[6] Many of the contested documents that Defendant has identified as business advice concern Ms. Denby's review of the legal aspects of FICA A Fund, including legal advice regarding organizational documents of FICA A Fund and Fidelity World,[7] legal advice regarding the transfer or acquisition of assets (other than options) by FICA A Fund,[8] and legal advice regarding the ownership and organizational structure of FICA A Fund and Fidelity World.[9] The remaining contested documents also reflect legal advice.[10]

---

thereon." (quotations omitted)); *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 359 (D. Mass. 1950) ("[T]he privilege of nondisclosure is not lost merely because relevant nonlegal considerations are expressly stated in a communication which also includes legal advice.").

[6] *Borase*, 171 F.R.D. at 14 (quoting *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984)).

[7] *See, e.g.,* Ex. A, Contested Privilege Log Entry Nos. 13, 14, 16, 19, 84, 85, 225, 226, 227, 231, 253, 258, 365, 366, 411, 429, 488, 498, 567, 1263; Ex. B, Contested Redaction Log Item Nos. 035913-14, 035918, 036053, 036059, 036065, 036066, 036070, 047860, 047861, 047863, 047886-047922, 048208-56, 048468, 048535-36.

[8] *See, e.g.,* Ex. A, Contested Privilege Log Entry Nos. 19, 20, 202, 204, 253, 264, 364, 365, 366, 405, 411, 623, 731; Ex. B, Contested Redaction Log Item Nos. 035912, 036069, 036070, 047858, 047860, 047861, 047862, 048467.

[9] *See, e.g.,* Ex. A, Contested Privilege Log Entry Nos. 202, 227, 231, 245, 395, 531; Ex. B, Contested Redaction Log Item No. 035910.

[10] Many of the contested documents concern Plaintiff's relationship with KPMG leading up to and following Plaintiff's termination of KPMG in the latter part of 2002 and Ms. Denby's legal advice regarding the circumstances and events relevant to KPMG's provision of services and Plaintiff's potential legal courses of action following KPMG's termination. (*See, e.g.,* Ex. A, Contested Privilege Log Entry Nos. 280, 283, 287, 300, 337, 355, 356, 432, 433, 435, 437, 438, 440, 632, 650, 651, 801, 802, 1269; Ex. B, Contested Redaction Log Item Nos. 036017, 036018-19, 048427, 048451, 064917.) Most of the remaining contested documents concern organizational documents or the ownership and organizational structure of entities other than FICA A Fund (*see, e.g.,* Ex. A, Contested Privilege Log Entry Nos. 481, 490, 494, 567, 717; Ex. B, Contested Redaction Log Item Nos. 035911, 036069, 048205, 048536-36); the acquisition of assets (other than options) (*see, e.g.,* Ex. A, Contested Privilege Log Entry Nos. 731, 734, 1235); legal obligations with which Plaintiff had to or might have had to comply (*see, e.g.,* Ex. A, Contested Privilege Log Entry Nos. 203, 270, 403; Ex. B, Contested Redaction Log Item No. 048205); and billing invoices that reveal the nature of the legal work performed by Plaintiff's outside counsel (*see, e.g.,* Ex. B, Contested (footnote continues on next page)

Defendant argues that Ms. Denby's advice was "heavily vetted through the promoters and was, in conjunction with the promoters' advice, used to ensure the completeness of the tax-shelter product" and that Ms. Denby's "primary role was to make sure all pieces of the package were present, and 'useable.'"[11]  First, Ms. Denby did not "vet" her advice through KPMG, Helios, or Alpha.  Ms. Denby provided independent, confidential advice to Plaintiff and his agents.  Ms. Denby's communications with non-clients KPMG, Helios, and Alpha were made in her capacity as Plaintiff's lawyer and for the purpose of rendering legal advice to her client.  Further, Ms. Denby's communications with these non-client entities have been produced.  Second, it is unclear what Defendant means by its claims that Ms. Denby's advice was "used to ensure the completeness of the tax-shelter product" and that Ms. Denby's "primary role was to make sure all pieces of the package were present, and 'useable.'"[12]  Moreover, it is unclear how these characterizations would convert her legal advice into business advice.  Ms. Denby, in protecting the interests of her client, addressed many aspects of the FICA A Fund transactions on which legal advice was needed.

Plaintiff sought the advice of counsel in undertaking a business transaction.  Ms. Denby provided legal advice and services and the contested communications were in furtherance of the legal advice and services sought.  When businessmen "shake hands on a deal, and say let's run some of these issues by the lawyers, such as the corporate structure," the advice provided by the

---

Redaction Log Item Nos. 048830-31, 048832-34, 048835-38, 048839-42, 048843-47, 048848-51, 048852-54, 048855-56, 048857-59, 048860-62, 048863-64, 048865-67, 048868-69, 048870-71, 048872-74, 048875-77, 048878-80, 048881-82).

[11] Def.'s Supp. Mem. App. Contested Privilege Log Entry No. 13; Def.'s Supp. Mem. App. Contested Redaction Log Item No. 035910.

[12] Def.'s Supp. Mem. App. Contested Privilege Log Entry No. 13; Def.'s Supp. Mem. App. Contested Redaction Log Item No. 035910.

attorney is legal advice.[13]  Accordingly, the contested documents are protected by the attorney-client privilege and constitute legal, not business, advice.[14]

## II.    Plaintiff Has Not Waived Privilege with Respect to the Contested Documents by Putting Them At Issue

Defendant's overly-expansive view of the implied waiver concept is unfounded. Defendant argues that, by relying on the non-privileged Sidley Austin and Proskauer Rose opinions, Plaintiff has put "at issue all documents relating in any way to the subject matter in the Sidley Austin and Proskauer Rose opinion letters."[15]  Because the opinions discuss the structure of the FICA A Fund transactions, Defendant argues, attorney-client privilege over any legal advice regarding any aspect of the FICA A Fund transactions has been waived.  Defendant claims that *every* contested document has been placed at issue, even documents that do not relate to FICA A Fund and, accordingly, subject matter waiver extends to *every* contested document. Implied (or at issue) waiver does not apply in the present context, and even if it did, Defendant's corresponding far-reaching application of subject matter waiver is not supported by caselaw.

The First Circuit advised that "courts should be cautious about finding implied waivers."[16]  In cases where courts have found waiver by implication, "'the party asserting the privilege placed protected information in issue for personal benefit through some affirmative act, and the court found that to allow the privilege to protect against disclosure of that information'

---

[13] Status Conference Tr. 6:2-8, Oct. 2, 2007.

[14] Contested Privilege Log Entry Nos. 405, 411, 463, and 717 and Contested Redaction Log Item Nos. 036070 and 048205 do not concern Ms. Denby's legal advice or the advice of any attorneys who work with Ms. Denby at Burke, Warren, MacKay & Serritella, P.C., but rather the advice of Steven Drew, Plaintiff's in-house counsel, and Joseph Jenkins, Plaintiff's outside counsel.  These documents constitute legal advice, as explained in Exhibits A and B.

[15] Def.'s Supp. Mem. App. Contested Privilege Log Entry No. 13; Def.'s Supp. Mem. App. Contested Redaction Log Item No. 035910.

[16] *XYZ Corp. v. United States (In re Keeper of Records)*, 348 F.3d 16, 23 (1st Cir. 2003).

would have been unfair to the opposing party."[17]  First, and foremost, Plaintiff did not place

*protected information* in issue.  The Sidley Austin and Proskauer Rose opinion letters are not

privileged.  Plaintiff did not consider the opinion letters to be confidential and disclosed the

opinions to his return preparers, to the IRS during its examination, and in the present litigation.

Accordingly, Plaintiff could not have waived privilege with respect to the contested documents,

and implied waiver, and correspondingly subject matter waiver, does not apply.[18]  Because

Plaintiff has demonstrated that the opinion letters are not privileged, Defendant has the burden of

proving that that privilege attached to the opinions and was waived.[19]  Defendant has failed to

meet this burden.

Defendant's far-reaching application of subject matter waiver is not supported by

caselaw.  Once an implied waiver has been found, the scope of the waiver extends only to

communications between the same attorney and the same client on the same subject matter.[20]

None of the contested documents involve communications with or advice from Sidley Austin or

Proskauer Rose attorneys, and none of the contested documents deal with the same subject

matter as the opinions.  The subject matter of the Sidley Austin opinion is the "federal income

---

[17] *Id.* at 24 (quoting 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 503.41[1] (Joseph M. McLaughlin ed. 1997)).

[18] *See Murata Mfg. Co. v. Bel Fuse, Inc.*, No. 03-2934, 2007 U.S. Dist. LEXIS 17224, at *9 (N.D. Ill Mar. 8, 2007) (stating that disclosure of "non-privileged communications cannot waive a privilege as to other communications that are protected by the attorney client privilege"); John William Gergacz, *Attorney-Corporate Client Privilege* § 5.18, 5-25 (3d ed. 2007) ("If the disclosed document was not privileged, then the 'subject matter' waiver doctrine could not apply.  Thus, the remaining documents, for which privilege is asserted, would not be affected.").

[19] *See GTE Directories Serv., Corp. v. Pac. Bell Directory*, 135 F.R.D. 187, 192 n.2 (N.D. Cal. 1991) ("In cases where the party seeking discovery is asserting that the privilege has attached, and then been waived, by the party resisting discovery, the burden of showing the existence of the privilege is, at best, apportioned between the parties.").

[20] *See Diotima Shipping Corp. v. Chase, Leavitt & Co.*, 102 F.R.D. 532, 537 (D. Me. 1984) ("[A]ny waiver of a privileged communication passing between a certain attorney and the client discussing a certain subject operates to waive the privilege only 'as to all communications between the same attorney and the same client on the same subject.'" (quoting *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1161 (D.S.C. 1974))).

tax consequences of various investment transactions [(*i.e.*, FICA A Fund)]."[21]  The subject matter of the Proskauer Rose opinion is "whether Richard J. Egan . . . would be subject to disclosure requirements under Section 6011 of the Internal Revenue Code [in connection with the filing of his 2001 tax return] . . . for [his] involvement in various investment transactions [(*i.e.*, FICA A Fund)]."[22]  Thus, communications that do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return are not within the scope of subject matter waiver.  With one exception, every contested document falls into these categories.[23]  The issues from these opinions being litigated involve options held by or contributed to FICA A Fund.  Thus, communications that address FICA A Fund's non-option assets are not within the scope of subject matter waiver.  Every contested document falls into this category.  Finally, communications that post-date the mailing of Plaintiff's 2002 tax return (October 15, 2003) are not within the scope of subject matter waiver because only the advice Plaintiff received prior to the filing of his 2001 and 2002 tax returns affected how he filed his returns and the issues in this case.  Five contested documents fall into this category.[24]

    Further, the scope of subject matter waiver is governed by fairness considerations,[25] and Defendant has not met its burden to show that it needs the information it seeks or that the

---

[21] Pl.'s Opp'n Ex. A at 004179.

[22] Pl.'s Opp'n Ex. B at 006264.

[23] The one exception is Contested Redaction Log Item No. 035919-52.  These slides present the tax consequences of what was to become Plaintiff's investment in the FICA A Fund transactions.  Ms. Denby's notes regarding the presentation have not been placed at issue, however, because they were never communicated to Plaintiff or his agents.

[24] *See* Ex. A, Contested Privilege Log Entry Nos. 395, 1333; Ex. B, Contested Redaction Log Item Nos. 047880-82, 047977-85, 048881-82.  With respect to Bates No. 048881-82, only some of the redacted portions post-date the mailing of Plaintiff's 2002 tax return.

[25] *XYZ Corp. v. United States (In re Keeper of Records)*, 348 F.3d 16, 24 (1st Cir. 2003).

information is essential to its defense.[26]  Placing the opinion letters at issue while withholding the advice of separate counsel on various aspects of the transaction and other unrelated topics does not result in manifest unfairness.  Plaintiff has disclosed all documents necessary to Defendant's defense.  Plaintiff has disclosed the opinions themselves (including all drafts), all communications to and from the authors of the opinions, and all comments provided to the authors during the drafting of the opinion letters.  This is not a "sword and shield" case, and Defendant's attempt to shoehorn it into this category is unsuccessful.  Subject matter waiver, to the extent it is even applicable, only extends to communications that relate to the tax issues of the FICA A Fund options transactions, and not to any and all matters related to FICA A Fund, and certainly not to unrelated matters.  Accordingly, subject matter waiver would not apply to any of the contested documents.

## III.    The Contested Documents Are Protected from Disclosure by the Work-Product Doctrine

Defendant has waived its work-product challenges because they were raised for the first time in its supplemental memorandum—the third brief Defendant wrote in connection with its motion.[27]  Even if the Court considers Defendant's arguments challenging three of Plaintiff's work-product claims, Defendant provides no citation to legal authority that would support its position.  With respect to two redacted documents, Defendant claims that there is no evidence or

---

[26] *See Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1579-80 (Fed. Cir. 1985).

[27] *See United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc.*, 498 F. Supp. 2d 389, 400 n.7 (D. Mass. 2007) (stating that "[n]ormally" the court does not consider arguments raised for the first time in a reply brief); *EnergyNorth Natural Gas, Inc. v. Century Indem. Co.*, No. 99-049, 2007 U.S. Dist. LEXIS 19445, at *5 n.4 (D.N.H. Mar. 15, 2007) ("Arguments raised for the first time in a reply brief . . . are waived."); *In re One Bankcorp Sec. Litig.*, 134 F.R.D. 4, 10 n.5 (D. Me. 1991) (refusing to address an argument raised for the first time in a reply memorandum because "it should have been raised in Plaintiffs' first memorandum in support of the motion").

indication that the redacted portions were prepared in anticipation of litigation.[28]  Defendant also challenges Plaintiff's work-product claim over an email Orrin Tilevitz, an employee of The Diversified Group, Inc., sent to Plaintiff's counsel on May 13, 2005 in anticipation of the present litigation.[29]

Federal Rule of Civil Procedure 26 protects from discovery documents "prepared in anticipation of litigation or for trial by or for another party or its representative."[30]  A party may discover work product only on a showing of "substantial need" and the inability to obtain the substantial equivalent without undue hardship.[31]

With respect to the first redacted document (Bates No. 048427), the redacted portion of the email clearly indicates that the email was prepared and sent "*because of* the prospect of litigation."[32]  The subject of the email string is accounting services provided by KPMG.  The redacted portion of the email string is dated December 19, 2002 and is from a Carruth employee to outside counsel, Stephanie Denby.  In the latter part of 2002, Plaintiff terminated the services of KPMG for a variety of reasons and contemplated taking legal action against KPMG in connection with the reasons for which Plaintiff terminated KPMG.  As such, the email was clearly prepared in anticipation of litigation for Plaintiff's attorney.

With respect to the second redacted document (Bates No. 064917), the context of the fax indicates that it was prepared in anticipation of litigation by Plaintiff's counsel.  The fax banner

---

[28] *See* Def.'s Supp. Mem. App. Contested Redaction Log Item Nos. 048427, 064917.

[29] *See* Def.'s Supp. Mem. App. Contested Privilege Log Entry No. 1333.

[30] Fed. R. Civ. P. 26(b)(3)(A); *see also Data Gen. Corp. v.  Grumman Sys. Support Corp.*, 139 F.R.D. 556, 558 (D. Mass. 1991), *aff'd*, 36 F.3d 1147 (1st Cir. 1994).

[31] Fed. R. Civ. P. 26(b)(3)(A).

[32] *State of Maine v. U.S. Dep't of Interior*, 298 F.3d 60, 68 (1st Cir.  2002) (quotation omitted).

indicates that a portion of the September 4, 2002 final Proskauer Rose opinion was faxed on January 13, 2003 from a Carruth fax number to Ms. Denby.[33]  Similar versions of the same fax were produced and do not contain Ms. Denby's handwritten note.[34]  Thus, Ms. Denby wrote the note on the Proskauer Rose opinion on or after January 13, 2003.  At this point in time, as described above, Plaintiff was considering filing suit against KPMG.  Ms. Denby's note on the Proskauer Rose opinion was in furtherance of this task.  As such, her note was made in anticipation of litigation.

With respect to the email from Mr. Tilevitz to Plaintiff's counsel, the email falls squarely within First Circuit work-product doctrine precedent.  In *Sprague*, the defendant's counsel wrote a letter to a physician who had examined the plaintiff to request the physician's opinion as to the cause of the plaintiff's medical condition.[35]  The physician wrote a letter to the defendant's counsel in response.[36]  The First Circuit found that the physician's letter was "unquestionably work-product protected under Rule 26(b)(3)."[37]  The court stated that, based on the letter from the defendant's attorney to the physician, it was clear that the physician's letter was prepared in anticipation of litigation.[38]  Further, the court stated that it was irrelevant that the doctor, and not the attorney, prepared the letter since Rule 26(b)(3) applies to material prepared for an attorney.[39]

---

[33] The document was produced from Ms. Denby's files.

[34] *See* Bates Nos. 036077, 013808.

[35] *Sprague v. Director, Office of Workers' Compensation Programs*, 688 F.2d 862, 868 (1st Cir. 1982).

[36] *Id.*

[37] *Id.* at 869.

[38] *Id.* at 869-70.

[39] *Id.* at 870.

Similarly, in the present case, the email from Mr. Tilevitz was prepared in anticipation of litigation and for Plaintiff's counsel. The email was prepared after the IRS sent the notice of final partnership administrative adjustment to Plaintiff and during the time in which Plaintiff's counsel was investigating the relevant facts with respect to the FICA A Fund transactions in anticipation of filing the present lawsuit. Additionally, Mr. Tilevitz sent the email to Plaintiff's counsel following a discussion Plaintiff's counsel had with Mr. Tilevitz regarding the FICA A Fund transactions. Thus, like the letter in *Sprague*, "it is beyond doubt that [the email from Mr. Tilevitz] is protected from discovery" under the work-product doctrine.[40]

Defendant's only recourse for obtaining discovery of the three documents for which Defendant challenges Plaintiff's work-product claims is to demonstrate "a substantial need for the [documents] and an inability to obtain [their] substantial equivalent without undue hardship."[41] Defendant has made no effort to make the required demonstration and, in fact, cannot do so. Accordingly, the three documents Defendant challenges are protected by the work-product doctrine.[42]

## CONCLUSION

Defendant's novel attempt to create a "tax shelter" exception to the attorney-client privilege should be rejected. The contested documents represent legal advice provided by Plaintiff's counsel and are protected by the attorney-client privilege. Defendant's attempt to force the square facts of this case into the round hole of "sword and shield" should be rejected.

---

[40] *Id.*

[41] *Id.*

[42] Defendant does not challenge Plaintiff's work-product claims with respect to Contested Privilege Log Entry Nos. 280, 283, 287, 300, 337, 355, 356, 432, 433, 435, 437, 438, 440, 632, 650, 651, 801, 802, and 1271 and Contested Redaction Log Item Nos. 047880-82, 048865-67, 048868-69, 048870-71, 048872-74, 048875-77, 048878-80, and 048881-82. Thus, if the Court finds that these documents are not protected from disclosure by the attorney-client privilege, they remain protected from disclosure by the work-product doctrine.

Reliance on the Sidley Austin and Proskauer Rose opinions in this litigation does not waive privilege because the opinions are not privileged in the first instance. Moreover, the subject matter waiver doctrine would not extend to all documents related to any aspect of the FICA A Fund transactions. Finally, Defendant's attempt to challenge three of Plaintiff's work-product claims for the first time in its supplemental memorandum should be rejected. The three documents were prepared in anticipation of litigation and, under First Circuit precedent, are protected from disclosure by the work-product doctrine. For these reasons, and the reasons explained in Plaintiff's Opposition and Sur-Reply, the Court should deny Defendant's motion.

Respectfully submitted this 8th day of February 2008.

PLAINTIFF
FIDELITY INTERNATIONAL CURRENCY ADVISOR
A FUND, L.L.C., by the Tax Matters Partner


/s/ Lena Amanti
David J. Curtin, D.C. Bar #281220
Ronald L. Buch, Jr., D.C. Bar #450903
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: dcurtin@mckeenelson.com
          rbuch@mckeenelson.com
          lamanti@mckeenelson.com

John O. Mirick, BBO #349240
MIRICK, O'CONNELL, DEMALLIE
& LOUGEE, LLP
100 Front Street
Worcester, MA 01608
Telephone:  (508) 791-8500
Facsimile:  (508) 791-8502
Email: jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 8, 2008.

/s/ Lena Amanti
Lena Amanti, D.C. Bar #490791
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: lamanti@mckeenelson.com

# Exhibit A

**FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C. v. UNITED STATES**
**Nos. 05-40151 and 06-40130 (D. Mass.)**

**Contested Privilege Log Items**

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 13 | 1 | 12/27/2001 | E-mail String | Stephanie Denby, Carolyn Fiddy | Patricia Carlson, Stephanie Denby, Patrick Shea, James Reiss, Carolyn Fiddy | Patrick Shea | Contributions to FICA A Fund | Confidential communication from counsel to client reflecting legal advice; Confidential communication from counsel to client seeking information for purposes of providing legal advice; Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| | | | | | | | This document communicates facts to counsel for the purpose of obtaining legal advice regarding contribution agreements for FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 14 | 1 | 12/21/2001 | E-mail String | Stephanie Denby, Carolyn Fiddy | Patricia Carlson, Stephanie Denby, Patrick Shea, James Reiss, Carolyn Fiddy | Patrick Shea | Contributions to FICA A Fund | Confidential communication from counsel to client reflecting legal advice; Confidential communication from counsel to client seeking information for purposes of providing legal advice; Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| | | | | | | | This document concerns a request for facts and facts sent to counsel that will impact legal advice regarding contribution agreements for FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 16 | 1 | 11/00/2001 | Chart | Stephanie Denby | | | Chart with counsel's handwritten notes regarding contributions to FICA A Fund. The final document was produced to Defendant. | Confidential communication between client's counsel (or from counsel to the file) in connection with legal advice requested or provided | AC |
| | | | | | | | This draft document concerns legal advice regarding contribution agreements for FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 19 | 1 | 9/27/2001 | E-mail String | Stephanie Denby, Patrick Shea | Patrick Shea, Stephanie Denby | | Organizational structure of and assets to be held by FICA A Fund | Confidential communication from counsel to client reflecting legal advice; Confidential communication from counsel to client for purposes of seeking legal advice; Confidential communication from client to counsel seeking information for purposes of providing legal advice | AC |
| | | | | | | | This document concerns legal advice regarding FICA A Fund operating agreements, including the potential acquisition of a non-option asset by FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 20 | 1 | 9/21/2001 | E-mail | Carolyn Fiddy | Stephanie Denby | Patrick Shea, Robin Calkins | Potential assets to be held by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| | | | | | | | This document concerns a request for legal advice and facts provided for the purpose of obtaining legal advice regarding the potential acquisition of a non-option asset by FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 75 | 1 | 8/26/2002 | E-mail String | James Reiss Stephanie Denby | Stephanie Denby James Reiss | | Filing requirements for Richard Egan's tax return | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice | AC |
| This document concerns legal advice regarding the legal standards applicable to individuals who practice before the IRS. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 84 | 1 | 1/23/2002 | E-mail String | Carolyn Fiddy Patrick Shea | Judy Irvin Robin Calkins Stephanie Denby | James Reiss Carolyn Fiddy | Operations of FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal services Confidential exchange of information conveyed to counsel for purposes of seeking legal advice | AC |
| This document concerns a request for legal advice and legal services regarding asset management agreements for FICA A Fund and High Tech. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 85 | 1 | 12/10/2001 | E-mail String | Carolyn Fiddy Stephanie Denby | Judy Irvin Robin Calkins Patrick Shea Carolyn Fiddy Stephanie Denby | Patrick Shea | Contributions to FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication of legal advice received from counsel | AC |
| This document concerns facts provided for the purpose of obtaining legal advice and legal advice regarding contribution agreements for FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 149 | 1 | 2/28/2002 | E-mail | Patrick Shea | Stephanie Denby James Reiss | | Terms and details of the FICA A Fund and Fidelity High Tech investment strategies | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| This document concerns a request for legal advice regarding issues to be discussed with outside advisors. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 152 | 1 | 1/2/2002 | E-mail String | Stephanie Denby James Reiss Patrick Shea | James Reiss Stephanie Denby Patrick Shea | Stephanie Denby | Services provided by KPMG and Helios | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
| This document concerns facts provided for the purpose of obtaining legal advice and legal advice regarding agreements with outside advisors. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 202 | 1 | 10/31/2001 | E-mail String | Carolyn Fiddy Stephanie Denby | Patrick Shea Carolyn Fiddy Stephanie Denby | Michael Egan James Reiss Patrick Shea | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
| This document concerns legal advice regarding the organizational structure of Plaintiff's assets and how FICA A Fund should acquire a non-option asset based on this structure. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 203 | 1 | 12/3/2001 | E-mail | Carolyn Fiddy | Stephanie Denby, Patrick Shea | Michael Egan | Exercise of EMC stock options | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| This document concerns a request for legal advice regarding SEC filing requirements in connection with the exercise of EMC stock options. | | | | | | | | | |
| 204 | 1 | 10/15/2001 | E-mail | Carolyn Fiddy | Michael Egan | David Henry, Patrick Shea | Acquisition of assets by FICA A Fund | Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice | AC |
| This document relays legal advice regarding a potential non-option asset to be held by FICA A Fund. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 225 | 1 | 2/11/2002 | E-mail String | Patrick Shea, Stephanie Denby | Elaine Baglione, Patrick Shea | James Reiss | Operations of FICA A Fund and Fidelity High Tech; attachments produced | Confidential communication from counsel to client reflecting legal advice | AC |
| This document contains legal advice regarding asset management agreements for FICA A Fund and High Tech. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 226 | 1 | 10/14/2001 | E-mail String | Patrick Shea, Carolyn Fiddy | Carolyn Fiddy, Patrick Shea | | Organizational structure of and organizational documents for FICA A Fund | Confidential communication of legal advice received from counsel / Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice | AC |
| This document relays facts and legal advice received from counsel and information conveyed to counsel regarding operational agreements for FICA A Fund. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 227 | 1 | 10/8/2001 | E-mail String | Patrick Shea, Stephanie Denby | Stephanie Denby, Patrick Shea | Carolyn Fiddy | Organizational structure of and organizational documents for FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice / Confidential communication from counsel to client reflecting legal advice | AC |
| This document concerns legal advice regarding the operational agreement and structure of Fidelity World. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 231 | 1 | 9/27/2001 | E-mail String | Patrick Shea, Stephanie Denby | Stephanie Denby, Patrick Shea | James Reiss | Organizational structure of FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice / Confidential communication from counsel to client reflecting legal advice | AC |
| This document concerns legal advice regarding the operational agreement and management structure of FICA A Fund and a request for legal advice and services regarding management agreements for other investments unrelated to FICA A Fund. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 242 | 1 | 3/1/2002 | E-mail String | Stephanie Denby Patrick Shea | Patrick Shea Stephanie Denby James Reiss | | Preparation for meetings with KPMG and James Haber | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| | | | | | | | This document concerns legal advice regarding issues to be discussed with outside advisors and documentation for the FICA A Fund transactions. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 245 | 2 | 10/10/2003 | E-mail String | Stephanie Denby James Reiss Robin Calkins Patrick Shea | Robin Calkins Stephanie Denby James Reiss Patrick Shea | Judy Irvin Patrick Shea Stephanie Denby David Henry | Potential distributions by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| | | | | | | | This document concerns legal advice regarding distributions from and the membership structure of FICA A Fund. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 253 | 1 | 10/31/2001 | E-mail String | Stephanie Denby Michael Egan | Michael Egan Stephanie Denby | | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| | | | | | | | This document concerns legal advice regarding how to transfer a non-option asset to FICA A Fund and contribution agreements for FICA A Fund. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 258 | 1 | 10/8/2001 | E-mail String | Stephanie Denby Patrick Shea Patricia Carlson | Patrick Shea Stephanie Denby | Carolyn Fiddy | Organizational documents for Fidelity World | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | | | | | | This document concerns legal advice regarding operating agreements for Fidelity World. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 264 | 1 | 11/28/2001 | E-mail String | Stephanie Denby Carolyn Fiddy | Carolyn Fiddy Stephanie Denby Michael Egan | Patrick Shea Carolyn Fiddy | Legal opinion to be provided in connection with assets to be held by FICA A Fund and contributions to FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | | | | | | This document concerns legal advice regarding a good standing opinion in connection with the potential acquisition of a non-option asset by FICA A Fund. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose whether FICA A Fund transactions on his 2001 tax return. | | |
| 270 | 2 | 6/24/2002 | Letter | Stephanie Denby | Michael Egan John Egan | Patrick Shea | Disclosure regulations and tax legislation | Confidential communication from counsel to client reflecting legal advice | AC |
| | | | | | | | This document concerns legal advice regarding newly-issued disclosure regulations and the status of tax legislation. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 271 | 1 | 6/19/2002 | E-mail | Terence Stein | Stephanie Denby | | Disclosure regulations | Confidential communication between client's counsel in connection with legal advice requested or provided | AC |
| | | | | | | | Defendant challenges this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions, does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents. | | |
| 272 | 1 | 6/14/2002 | E-mail | Terence Stein | Stephanie Denby | | Tax legislation | Confidential communication between client's counsel in connection with legal advice requested or provided | AC |
| | | | | | | | Defendant challenges this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions, does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents. | | |
| 280 | 2 | 10/28/2002 | Draft Letter | Stephanie Denby | | | Services provided by KPMG | Confidential communication from counsel to the file in connection with legal advice requested or provided Work product prepared in anticipation of litigation | AC & WP |
| | | | | | | | This document is a letter drafted by counsel that was never sent to the addressee. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 283 | 5 | 10/8/2002 | Draft Letter | Stephanie Denby | James Reiss Patrick Shea | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client revealing information used in providing legal advice Work product prepared in anticipation of litigation | AC & WP |
| | | | | | | | This document is a letter drafted by counsel that was never sent to the addressee. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 287 | 2 | 8/27/2002 | Draft Letter | Stephanie Denby | Patrick Shea James Reiss | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client revealing information used in providing legal advice Work product prepared in anticipation of litigation | AC & WP |
| | | | | | | | This document is a letter drafted by counsel that was never sent to the addressee. | | |
| | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 288 | 1 | 3/25/2002 | E-mail | Terrence Stein | Stephanie Denby | | Legal opinion for investment | Confidential communication between client's counsel in connection with legal advice requested or provided | AC |
| Defendant challenges this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions, does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents. | | | | | | | | | |
| 300 | 2 | 8/30/2002 | Draft Letter | Stephanie Denby | Patrick Shea | James Reiss | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice / Confidential communication from counsel to client revealing information used in providing legal advice / Work product prepared in anticipation of litigation | AC & WP |
| This document is a letter drafted by counsel that was never sent to the addressee. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 303 | 2 | 6/25/2002 | Letter | Stephanie Denby | Michael Egan / John Egan | Patrick Shea | Disclosure regulations and tax legislation | Confidential communication from counsel to client reflecting legal advice | AC |
| Defendant challenges this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 307 | 1 | 4/1/2002 | E-mail | Stephanie Denby | Patrick Shea | | Legal opinions for Fidelity High Tech and FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
| Defendant challenges this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 337 | 2 | 5/21/2003 | Chronology | Stephanie Denby | | | Services provided by KPMG | Confidential communication from counsel to the file in connection with legal advice requested or provided / Work product prepared in anticipation of litigation | AC & WP |
| This document contains facts gathered by counsel for the purpose of providing legal advice regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 355 | 1 | 8/27/2002 | E-mail String | James Reiss / Stephanie Denby | Stephanie Denby / Patrick Shea / James Reiss | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice / Confidential communication from client to counsel revealing information to be used in providing legal advice / Work product prepared in anticipation of litigation | AC & WP |
| This document contains legal advice and facts provided to counsel for the purpose of providing legal advice regarding the circumstances and events relevant to KPMG's provision of services and Plaintiff's potential legal courses of action with respect to KPMG's provision of services. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 356 | 1 | 8/27/2002 | E-mail String | James Reiss / Stephanie Denby | Stephanie Denby / Patrick Shea / James Reiss | Patrick Shea | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice / Confidential communication from client to counsel revealing information to be used in providing legal advice / Work product prepared in anticipation of litigation | AC & WP |
| This document contains legal advice and facts provided to counsel for the purpose of providing legal advice regarding the circumstances and events relevant to KPMG's provision of services and Plaintiff's potential legal courses of action with respect to KPMG's provision of services. | | | | | | | | | |
| Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 364 | 1 | 10/18/2001 | E-mail | Melody Dunn Stephanie Denby | Carolyn Fiddy | Patrick Shea | Contributions to and potential assets to be held by FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
| | | | | | | | | This document concerns legal advice regarding contributions to FICA A Fund and how to transfer a non-option asset to FICA A Fund based on the overall structure of Plaintiff's assets. | | |
| | | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 365 | 1 | 10/17/2001 | E-mail String | Stephanie Denby Melody Dunn | Carolyn Fiddy Patrick Shea Stephanie Denby | | Contributions to FICA A Fund | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | | | | | | | This document concerns legal advice and a request for information to assist in providing legal advice regarding contribution agreements for FICA A Fund and how to incorporate FICA A Fund's acquisition of a non-option asset into the operational agreement of FICA A Fund. | | |
| | | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 366 | 1 | 9/26/2001 | E-mail String | Patrick Shea Carolyn Fiddy Stephanie Denby | Carolyn Fiddy Patrick Shea James Reiss | | Assets to be held by FICA A Fund | Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
| | | | | | | | | This document concerns legal advice and a request for information to assist in providing legal advice regarding the acquisition of a non-option asset by FICA A Fund and how it should be incorporated into the operational agreement of FICA A Fund. | | |
| | | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 383 | 2 | 6/21/2002 | Letter | Stephanie Denby | Michael Egan John Egan | Patrick Shea | Disclosure regulations and tax legislation | Confidential communication from counsel to client reflecting legal advice | AC |
| | | | | | | | | Defendant challenges this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. Also note, the privilege log reflects the accurate date of this document, and the copy provided for *in camera* review bears an erroneous date. | | |
| 395 | 2 | 11/7/2003 | E-mail String | James Reiss Stephanie Denby | Stephanie Denby James Reiss Theresa Ryan | Patrick Shea Melissa Seaver Theresa Ryan | Distributions by FICA A Fund and Fidelity High Tech | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client seeking information for purposes of providing legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| | | | | | | | | This document concerns legal advice regarding the legal existence of FICA A Fund and High Tech entities. | | |
| | | | | | | | | Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. Moreover, at issue waiver does not apply because this document post-dates both the occurrence and reporting of the transactions at issue. | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 403 | 1 | 4/8/2002 | E-mail String | James Reiss Stephanie Denby | Stephanie Denby James Reiss | Patrick Shea | Filing of FICA A Fund and Fidelity High Tech tax returns | Confidential communication from counsel to client reflecting legal advice; Confidential communication from counsel to client seeking information for purposes of providing legal advice; Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| This document contains legal advice regarding the timing of the filing of FICA A Fund and High Tech tax returns. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 405 | 1 | 11/21/2001 | E-mail | Judy Irvin | Steven Drew | | Assets to be held by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| This document contains a request for legal advice regarding legal documentation of the transfer of a non-option asset to FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 411 | 1 | 10/26/2001 | E-mail | Carolyn Fiddy | Steven Drew | Patrick Shea David Henry | Contributions to and potential assets to held by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| This document contains a request for legal advice and legal services regarding a contribution agreement and the transfer of a non-option asset to FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 429 | 1 | 1/21/2002 | E-mail String | Stephanie Denby Patrick Shea | Stephanie Denby Patrick Shea | James Reiss Carolyn Fiddy | Operations of Fidelity High Tech and FICA A Fund | Confidential communication from counsel to client reflecting legal services provided or to be provided; Confidential communication from client to counsel for purposes of seeking legal services | AC |
| This document contains a request for legal advice and legal services regarding asset management agreements for FICA A Fund and High Tech. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 432 | 1 | 10/8/2002 | E-mail | Stephanie Denby | James Reiss Patrick Shea | | Services provided by KPMG; transmitting log entries 433-434 | Confidential communication from counsel to client revealing information used in providing legal advice; Confidential communication from counsel to client seeking information for purposes of providing legal advice; Work product prepared in anticipation of litigation | AC & WP |
| This document contains a request for facts that will impact legal advice regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 433 | 2 | 10/8/2002 | Draft Letter | Stephanie Denby | James Reiss Patrick Shea | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice; Confidential communication from counsel to client revealing information used in providing legal advice; Work product prepared in anticipation of litigation | AC & WP |
| This document is a letter drafted by counsel that was never sent to the addressee. | | | | | | | | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 435 | 1 | 10/28/2002 | E-mail | Stephanie Denby | Patrick Shea | | Services provided by KPMG; transmitting log entry 436 | Confidential communication from counsel to client reflecting legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| This document contains legal advice regarding the circumstances and events relevant to KPMG's provision of services and Plaintiff's potential legal courses of action with respect to KPMG's provision of services.<br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 437 | 1 | 8/30/2002 | E-mail | Stephanie Denby | Patrick Shea | James Reiss | Services provided by KPMG; transmitting log entry 438 | Confidential communication from counsel to client reflecting legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| This document contains legal advice regarding the circumstances and events relevant to KPMG's provision of services and Plaintiff's potential legal courses of action with respect to KPMG's provision of services.<br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 438 | 2 | 8/30/2002 | Draft Letter | Stephanie Denby | Patrick Shea | James Reiss | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| This document is a letter drafted by counsel that was never sent to the addressee. | | | | | | | | | |
| 440 | 2 | 8/27/2002 | Draft Letter | Stephanie Denby | Patrick Shea | James Reiss | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| This document is a letter drafted by counsel that was never sent to the addressee.<br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 463 | 1 | 10/22/2001 | E-mail String | Patrick Shea<br>Steven Drew | Patrick Shea<br>Steven Drew | Donna Kaufman | Legal opinions for FICA A Fund | Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| This document contains a request for information to be used in providing legal advice regarding the FICA A Fund transactions.<br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 481 | 4 | 05/20/2003 | Draft Agreement | Stephanie Denby<br>Melody Dunn | James Reiss<br>Stephanie Denby | | Proposed changes to Cape Clear, LLC, management agreement | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| This document contains legal advice regarding a draft management fee agreement for Cape Clear, LLC.<br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |

9 of 13

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 488 | 4 | 05/20/2003 | Draft Agreement | Stephanie Denby Melody Dunn | James Reiss Stephanie Denby | | Proposed changes to FICA A Fund management agreement | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | | This document contains legal advice regarding a draft management fee agreement for FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | |
| 490 | 6 | 05/20/2003 | Draft Agreement | Stephanie Denby Melody Dunn | James Reiss Stephanie Denby | | Proposed changes to Cape Clear, LLC, management agreement | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | | This document contains legal advice regarding a draft management fee agreement for Cape Clear, LLC. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | |
| 494 | 6 | 5/23/2003 | Draft Agreement | Melody Dunn | James Reiss | Stephanie Denby | Proposed changes to Cape Clear, LLC, management agreement | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | | This document contains legal advice regarding a draft management fee agreement for Cape Clear, LLC. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | |
| 498 | 4 | 5/23/2003 | Draft Agreement | Melody Dunn | James Reiss | Stephanie Denby | Proposed changes to FICA A Fund management agreement | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | | This document contains legal advice regarding a draft management fee agreement for FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | |
| 526 | 1 | 10/17/2001 | E-mail | Melody Dunn | Patrick Shea Carolyn Fiddy | Stephanie Denby | Legal opinion to be provided in connection with assets to be acquired by FICA A Fund; attachment produced | Confidential communication from counsel to client reflecting legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | | Defendant challenges this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | |
| 531 | 1 | 00/00/2001 | Chart | Stephanie Denby | | | Ownership of FICA A Fund | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
| | | | This document contains legal advice regarding the ownership and organizational structure of FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | |
| 567 | 1 | 9/17/2001 | E-mail String | Stephanie Denby James Reiss | James Reiss Stephanie Denby | | Organizational documents for FICA A Fund and unrelated entities | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal advice | AC |
| | | | This document contains a request for changes to and legal advice regarding operational agreements for unrelated entities and legal advice regarding operational agreements for FICA A Fund and unrelated entities. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 594 | 3 | 00/00/2002 | Notice | Terrence Stein | | | Handwritten comments regarding Notice 2000-44 | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
| Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions, it does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents. | | | | | | | | | |
| 623 | 1 | 11/26/2001 | E-mail String | Judy Irvin<br>Stephanie Denby<br>Carolyn Fiddy | Stephanie Denby<br>Judy Irvin | Stephanie Denby | Assets to be held by FICA A Fund | Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| This document contains facts that were gathered for purposes of providing legal advice regarding the acquisition of a non-option asset by FICA A Fund.<br><br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 632 | 1 | 10/2/2002 | E-mail | James Reiss | Patrick Shea | Stephanie Denby<br>James Reiss | Services provided by KPMG | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication of legal advice received from counsel<br>Work product prepared in anticipation of litigation | AC & WP |
| This document relays communications with counsel regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services.<br><br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 650 | 1 | 8/26/2002 | E-mail | Stephanie Denby | James Reiss<br>Patrick Shea | | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| This document reflects counsel's gathering of facts for purposes of providing legal advice regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services.<br><br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 651 | 2 | 8/29/2002 | E-mail String | Stephanie Denby<br>Gregory Pocias<br>James Reiss | James Reiss<br>Stephanie Denby<br>Gregory Pocias | Patrick Shea | Services provided by KPMG | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client revealing information used in providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Work product prepared in anticipation of litigation | AC & WP |
| This document contains facts sent to counsel for purposes of providing legal advice and analysis regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services.<br><br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 665 | 7 | 11/26/2001 | E-mail & Draft Legal Opinion | Patricia Carlson | Stephanie Denby | | Legal opinion to be provided in connection with the acquisition of an asset by FICA A Fund | Confidential communication between client's counsel in connection with legal advice requested or provided | AC |
| Defendant challenges this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |
| 717 | 1 | 6/19/2001 | Memo | Steven Drew | Richard Egan | Patrick Shea | Westship World Yachts loans | Confidential communication from counsel to client reflecting legal advice | AC |
| This document contains legal advice from Plaintiff's in-house counsel regarding loan documents.<br><br>Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | | | | | | | | |

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 731 | 1 | 9/17/2001 | E-mail String | Stephanie Denby Judy Irvin | Judy Irvin Stephanie Denby | | Good standing certificate for new investment | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| This document contains facts sent to counsel for the purpose of obtaining legal advice regarding a non-option investment. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. ||||||||||
| 734 | 1 | 9/12/2001 | Memo | Michael Egan | Stephanie Denby | | Structure of new investment | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| This document contains a request for legal advice regarding a new investment. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. ||||||||||
| 801 | 2 | 8/30/2002 | Draft Letter | Stephanie Denby | Thomas Cullinan N. Jerold Cohen | | Services provided by KPMG | Confidential communication between client's counsel in connection with legal advice Work product prepared in anticipation of litigation | AC & WP |
| This document is a letter drafted by and sent between counsel that was never sent to the addressee. ||||||||||
| 802 | 2 | 10/8/2002 | Draft Letter | Stephanie Denby | Thomas Cullinan N. Jerold Cohen | | Services provided by KPMG | Confidential communication between client's counsel in connection with legal advice Work product prepared in anticipation of litigation | AC & WP |
| This document is a letter drafted by and sent between counsel that was never sent to the addressee. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. ||||||||||
| 1235 | 1 | 9/17/2001 | Fax Cover Sheet | Judy Irvin | Stephanie Denby | | Good standing certificate for new investment | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from client to counsel for purposes of seeking legal services | AC |
| This document contains a request for legal advice and legal services regarding a non-option investment. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. ||||||||||
| 1263 | 1 | 10/3/2001 | E-mail | Stephanie Denby | Patricia Carlson | | FICA A Fund organizational documents | Confidential communication between client's counsel in connection with legal advice | AC |
| This document requests information for the purpose of providing legal advice regarding the operational agreements for FICA A Fund. Additionally, Plaintiff has not placed this document at issue because it does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents. ||||||||||
| 1269 | 1 | 6/27/2002 | E-mail | Stephanie Denby | Patrick Shea | | Services provided by KPMG | Confidential communication from counsel to client revealing information used in providing legal advice | AC |
| This document concerns facts obtained for the purpose of providing legal advice to Plaintiff regarding the IRS's investigation of KPMG. Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. ||||||||||

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 1271 | 1 | 1/9/2002 | E-mail String | Patrick Shea Stephanie Denby | Stephanie Denby James Reiss Patrick Shea | | Outcomes of recently litigated cases | Confidential communication from counsel to client reflecting legal advice Work product prepared in anticipation of litigation | AC & WP |

This document contains legal advice regarding recently litigated tax cases.

Additionally, Plaintiff has not placed this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return.

| Entry Number | Page Count | Date | Document Type | Author | Recipient | Additional Recipients | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|---|---|---|---|---|
| 1333 | 2 | 5/13/2005 | E-mail | Orrin Tilevitz | William Nelson | Stephanie Denby Ronald Buch | Tax treatment of short options | Work product prepared in anticipation of litigation | WP |

Plaintiff does not address Defendant's argument that this document is not protected by the attorney-client privilege because Plaintiff has not claimed that this document is subject to the attorney-client privilege.

This document is protected by the work-product doctrine because Mr. Tilevitz prepared this email in anticipation of litigation for Plaintiff's counsel following a conversation Plaintiff's counsel had with Mr. Tilevitz.   *See* Fed. R. Civ. P. 26(b)(3)(A).  This type of correspondence to trial counsel is protected under First Circuit precedent.   *See Sprague v. Director, Office of Workers' Compensation Programs*, 688 F.2d 862, 868-70 (1st Cir. 1982).

# Exhibit B

# FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C. v. UNITED STATES
## Nos. 05-40151 and 06-40130 (D. Mass.)

## Contested Redaction Log Items

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 035910 | 35910 | Item discussed with counsel regarding the organizational structure of FICA A Fund | Confidential communication of legal advice received from counsel | AC |
| | | The redacted portion of this document concerns legal advice relayed by counsel regarding the structure of FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 035911 | 035911 | Transactions to be undertaken by Fidelity High Tech | Confidential communication from client to file reflecting legal services Confidential communication from client to file reflecting legal advice | AC |
| | | The redacted portion of this document concerns legal advice relayed by counsel regarding the termination of High Tech. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 035912 | 035912 | Issues associated with the acquisition of assets by FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| | | The redacted portion of this document concerns facts provided to counsel for the purpose of providing legal advice and a request for legal advice regarding the legal status and organization of FICA A Fund in connection with the acquisition of a non-option asset by FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 035913 | 035914 | Organizational documents for FICA A Fund | Confidential communication between client's counsel (or from counsel to the file) in connection with legal advice requested or provided | AC |
| | | The redacted portion of this document concerns counsel's request for legal advice from another attorney at her law firm regarding the operational agreement for FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 035915 | 035916 | Legal opinion for FICA A Fund | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| | | The redacted portions of this document concern a request for legal advice and legal advice regarding the law firm to provide a tax opinion for FICA A Fund.<br><br>Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 035918 | 035918 | Organizational documents for FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice | AC |
| | | The redacted portion of this document concerns a request for legal advice regarding the operational agreements and contribution agreements for FICA A Fund and Fidelity World and the appropriate entities for Plaintiff's investment in the FICA A Fund transactions.<br><br>Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 035919 | 035952 | Counsel's handwritten notes regarding proposed investment strategy | Confidential communication between client's counsel (or from counsel to the file) in connection with legal advice requested or provided | AC |
| | | The redacted portions of this document concern counsel's notes regarding Plaintiff's potential investment in the FICA A Fund transactions.<br><br>Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and were not communicated to Plaintiff or his agents. | | |
| 036015 | 036015 | Disclosure issues regarding FICA A Fund | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
| | | The redacted portion of this document contains counsel's request for facts for the purpose of providing legal advice and legal advice regarding the timing of filing of Plaintiff's tax return.<br><br>Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return.<br><br>Also, note that the redactions marked on this document as provided to the Court on January 25, 2008 are erroneous. In the redacted document produced to Defendant, all of the text beginning after the word "issues" to the word "Stephanie" was redacted. This portion of the document is privileged for the reasons stated above. | | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 036017 | 036017 | Services provided by KPMG | Confidential communication from counsel to client reflecting legal advice | AC |
| | | The redacted portion of this document concerns facts provided to counsel for the purpose of providing legal advice regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services. Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 036018 | 036019 | Services provided by KPMG | Confidential communication from client to counsel for purposes of seeking legal advice. Confidential communication from counsel to client reflecting legal advice | AC |
| | | The redacted portions of this document concern a request for legal advice, facts gathered by counsel for the purpose of providing legal advice, and legal advice regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services. Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 036050 | 036050 | Proposed investment strategies | Confidential communication of legal advice received from counsel. | AC |
| | | The redacted portion of this document concerns legal advice regarding an investment strategy that had been proposed to Plaintiff. Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 036053 | 036053 | Organizational documents for FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
| | | The redacted portion of this document concerns legal advice regarding the operational agreements for FICA A Fund and Fidelity World. Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 036055 | 036055 | Representation letter for FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
| | | The redacted portion of this document concerns legal advice regarding the representation letter Plaintiff was to sign in connection with the Sidley Austin opinion letter. Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 036059 | 036059 | Legal services provided by counsel in connection with FICA A Fund | Confidential communication from client to file reflecting legal services | AC |
| | | The redacted portion of this document concerns legal services regarding the operational agreement for FICA A Fund. Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 036065 | 036065 | Contribution agreements for FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
| | | The redacted portion of this document concerns legal advice regarding a contribution agreement and the operational agreement for FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 036066 | 036066 | Organizational documents for FICA A Fund | Confidential communication from counsel to client reflecting legal advice | AC |
| | | The redacted portion of this document concerns legal advice regarding the operational agreement for Fidelity World and FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 036069 | 036069 | Potential assets to be held by FICA A Fund | Confidential exchange of information intended to be conveyed to counsel for purposes of seeking legal advice or assisting counsel in providing legal advice<br>Confidential communication from client to file reflecting legal services | AC |
| | | The redacted portions of this document concern legal advice to be requested regarding the potential acquisition of a non-option asset by FICA A Fund and legal services regarding agreements for an investment unrelated to FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 036070 | 036070 | Organizational documents for and organizational structure of FICA A Fund | Confidential communication from client to file reflecting legal services<br>Confidential communication from client to file reflecting legal advice | AC |
| | | The redacted portion of this document concerns legal advice and services requested regarding the operational agreement for FICA A Fund and the acquisition of a non-option asset by FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047858 | 047859 | Assets to be held by FICA A Fund | Confidential communication from client to counsel revealing information to be used in providing legal advice | AC |
| | | The redacted portion of this document contains facts provided to counsel for the purpose of providing legal advice regarding the acquisition of a non-option asset by FICA A Fund and the contribution of non-option assets to FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 047860 | 047860 | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
| | | The redacted portions of this document contain facts provided to counsel and counsel's request for facts for the purpose of providing legal advice regarding the acquisition of non-option assets by FICA A Fund. The redacted portions of this document also contain legal advice regarding a contribution agreement for FICA A Fund.<br>Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047861 | 047861 | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from counsel to client seeking information for purposes of providing legal advice<br>Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
| | | The redacted portions of this document contain facts provided to counsel and counsel's request for facts for the purpose of providing legal advice regarding the acquisition of non-option assets by FICA A Fund. The redacted portions of this document also contain legal advice regarding a contribution agreement for FICA A Fund.<br>Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047862 | 047862 | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
| | | The redacted portion of this document contains facts provided to counsel for the purpose of providing legal advice regarding the acquisition of non-option assets by FICA A Fund.<br>Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047863 | 047863 | Contributions to FICA A Fund; attachments produced | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | The redacted portion of this document concerns legal advice regarding the operational agreement for FICA A Fund.<br>Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 047865 | 047866 | Legal opinion to be provided in connection with FICA A Fund's investment in Mariner Horizon 6A | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice | AC |
| | | Defendant challenges the redacted portions of this document only on the basis that Plaintiff has put them at issue.  Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047867 | 047868 | Legal opinion to be provided in connection with FICA A Fund's investment in Mariner Horizon 6A | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication between client's counsel in connection with legal advice requested or provided | AC |
| | | Defendant challenges the redacted portions of this document only on the basis that Plaintiff has put them at issue.  Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047869 | 047870 | Legal opinion to be provided in connection with FICA A Fund's investment in Mariner Horizon 6A | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice | AC |
| | | Defendant challenges the redacted portions of this document only on the basis that Plaintiff has put them at issue.  Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047871 | 047872 | Legal opinion to be provided in connection with FICA A Fund's investment in Mariner Horizon 6A | Confidential communication from client to counsel for purposes of seeking legal advice<br>Confidential communication from counsel to client reflecting legal advice to be provided | AC |
| | | Defendant challenges the redacted portions of this document only on the basis that Plaintiff has put them at issue.  Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047880 | 047882 | Counsel's handwritten notes regarding Notice 2000-44 | Confidential communication from counsel to the file in connection with legal advice requested or provided<br>Work product prepared in anticipation of litigation | AC & WP |
| | | The redacted portion of this document concerns facts to be gathered by counsel for the purpose of providing legal advice regarding the application of Notice 2000-44. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions, it does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents.  Moreover, at issue waiver does not apply because this document post-dates both the occurrence and reporting of the transactions at issue. | | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 047886 | 047922 | Counsel's suggested changes to operating agreement | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
| | | The redacted portions of this document concern legal advice regarding the operational agreement of FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 047977 | 047985 | Tax treatment of FICA A Fund | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| | | Defendant challenges the redacted portion of this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. Moreover, at issue waiver does not apply because this document post-dates both the occurrence and reporting of the transactions at issue. | | |
| 048205 | 048205 | Services to be provided by counsel | Confidential communication from client to file reflecting legal services | AC |
| | | The first redacted portion of this document relays legal advice received from Joseph Jenkins, Esq., regarding the ownership structure of an investment unrelated to FICA A Fund.  The second redacted portion of this document concerns legal advice requested from Wayne Cooper, Esq., regarding compliance with SEC filing rules. | | |
| | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 048208 | 048256 | Draft operating agreement | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |
| | | The redacted portion of this document concerns an issue identified by counsel when reviewing the operational agreement of FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 048427 | 048427 | Services provided by KPMG; attachment previously produced | Confidential communication from client to counsel for purposes of seeking legal advice

Work product prepared in anticipation of litigation | AC & WP |
| | | The redacted portion of this document contains facts provided to counsel for the purpose of seeking legal advice and a request for legal advice regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| | | Finally, the redacted portion of this document is protected by the work-product doctrine because it was prepared by Plaintiff's agent and sent to Plaintiff's counsel in anticipation of litigation in connection with services provided by KPMG.    See Fed. R. Civ. P. 26(b)(3)(A). | | |

7 of 12

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 048435 | 048435 | Reporting requirements | Confidential communication from counsel to client seeking information for purposes of providing legal advice | AC |
| | | Defendant challenges the redacted portion of this document only on the basis that Plaintiff has put it at issue.  Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 048451 | 048451 | Services provided by KPMG | Confidential communication from client to counsel for purposes of seeking legal advice | AC |
| | | The redacted portion of this document concerns a request for legal advice regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 048467 | 048467 | Acquisition of assets by and contributions to FICA A Fund | Confidential communication from client to counsel revealing information to be used in providing legal advice<br>Confidential communication from client to counsel for purposes of seeking legal services | AC |
| | | The redacted portion of this document contains facts provided to counsel for the purpose of providing legal advice regarding the acquisition of non-option assets by FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 048468 | 048468 | Organizational documents for FICA A Fund; attachments previously produced | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | The redacted portion of this document concerns legal advice regarding the operating agreement for FICA A Fund. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |
| 048535 | 048536 | Proposed changes to management agreements; transmitting privilege log entries 477-492 | Confidential communication from counsel to client reflecting legal advice<br>Confidential communication from counsel to client reflecting legal services provided or to be provided | AC |
| | | The redacted portion of this document concerns legal advice regarding a revision to management agreements. | | |
| | | Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 048830 | 048831 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. *See In re Witnesses Before Special March 1980 Grand Jury*, 729 F.2d 489, 495 (7th Cir. 1984) ("[B]illing sheets or time tickets which indicate the nature of documents prepared, issues researched or matters discussed could reveal the substance of confidential discussions between attorney and client"); *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982) ("[B]ills, ledgers, statements, time records and the like which also reveal the nature of the services provided, such as researching particular areas of law, also should fall within the privilege"); *Gonzalez Crespo v. Wella Corp.*, 774 F. Supp. 688, 690 (D.P.R. 1991) ("[C]ourts have routinely rejected demands to produce bills for legal services that revealed the nature of the work performed."); *see also In re Grand Jury Subpoenas*, 123 F.3d 695, 699 (1st Cir. 1997) ("[D]ocuments are not per se non-privileged merely because they were intended primarily for billing purposes. What matters is not the form of the information, but its content."). | |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| 048832 | 048834 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| 048835 | 048838 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| 048839 | 048842 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| 048843 | 048847 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 048848 | 048851 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| 048852 | 048854 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| 048855 | 048856 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| 048857 | 048859 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| 048860 | 048862 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |
| 048863 | 048864 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC |
| | | | Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31. | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 048865 | 048867 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided | AC & WP |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel.  Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31.

Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| 048868 | 048869 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided
Work product prepared in anticipation of litigation | AC & WP |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel.  Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31.

Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| 048870 | 048871 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided
Work product prepared in anticipation of litigation | AC & WP |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel.  Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31.

Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| 048872 | 048874 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided
Work product prepared in anticipation of litigation | AC & WP |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel.  Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31.

Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |
| 048875 | 048877 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided
Work product prepared in anticipation of litigation | AC & WP |
| | | | The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel.  Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31.

Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. | |

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 048878 | 048880 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided / Work product prepared in anticipation of litigation | AC & WP |

The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31.

Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return.

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 048881 | 048882 | Legal services provided to client | Confidential communication from counsel to client reflecting legal services provided / Work product prepared in anticipation of litigation | AC & WP |

The redacted portions of this document reveal the nature of legal work performed by Plaintiff's outside counsel. Plaintiff incorporates by reference the legal authority cited in Contested Redaction Log Item 048830-31.

Additionally, Plaintiff has not placed the redacted portions of this document at issue because they do not address the tax consequences of the FICA A Fund transactions or analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return. Moreover, at issue waiver does not apply to the redacted portions of this document that post-date both the occurrence and reporting of the transactions at issue.

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 051390 | 051396 | Notes regarding application of Treasury Decision | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |

The redacted portion of this document concerns legal issues identified by counsel regarding the application of the Treasury Decision.

Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions, it does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents.

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 058493 | 058494 | Counsel's handwritten comments regarding Notice 2000-44 | Confidential communication from counsel to the file in connection with legal advice requested or provided | AC |

Defendant challenges the redacted portion of this document only on the basis that Plaintiff has put it at issue. Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions, it does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents.

| Begin Bates | End Bates | Subject Matter | Privilege Basis | Privilege Status |
|---|---|---|---|---|
| 064917 | 064917 | Counsel's notes regarding legal opinion | Confidential communication from counsel to the file in connection with legal advice / Work product prepared in anticipation of litigation | AC & WP |

The redacted portion of this document contains facts gathered by counsel for the purpose of providing legal advice regarding Plaintiff's potential legal courses of action with respect to KPMG's provision of services.

Additionally, Plaintiff has not placed the redacted portion of this document at issue because it does not address the tax consequences of the FICA A Fund transactions, it does not analyze whether Plaintiff was required to disclose the FICA A Fund transactions on his 2001 tax return, and it was not communicated to Plaintiff or his agents.

Finally, the redacted portion of this document is protected by the work-product doctrine because it was prepared by Plaintiff's counsel in anticipation of litigation in connection with services provided by KPMG.    See Fed. R. Civ. P. 26(b)(3)(A).

# Exhibit C

**FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C. v. UNITED STATES**
**Nos. 05-40151 and 06-40130 (D. Mass.)**

**Individuals and Affiliations**

| Individual | Affiliation | Attorney |
|---|---|---|
| Baglione, Elaine | Carruth Associates LLC | No |
| Buch, Ronald | McKee Nelson LLP | Yes |
| Calkins, Robin | Carruth Associates LLC | No |
| Carlson, Patricia | Burke, Warren, MacKay & Serritella, P.C. | Yes |
| Cohen, N. Jerold | Sutherland Asbill & Brennan LLP | Yes |
| Cooper, Wayne | Burke, Warren, MacKay & Serritella, P.C. | Yes |
| Cullinan, Thomas | Sutherland Asbill & Brennan LLP | Yes |
| Denby, Stephanie | Burke, Warren, MacKay & Serritella, P.C. | Yes |
| Drew, Steven | Carruth Associates LLC | Yes |
| Dunn, Melody | Burke, Warren, MacKay & Serritella, P.C. | No |
| Egan, Michael | Carruth Management LLC | No |
| Egan, John | Carruth Management LLC | No |
| Egan, Richard | | No |
| Fiddy, Carolyn | Carruth Associates LLC | No |
| Henry, David | Carruth Associates LLC | No |
| Irvin, Judy | Carruth Associates LLC | No |
| Jenkins, Joseph | | Yes |
| Kaufman, Donna | Carruth Associates LLC | No |
| Nelson, William | McKee Nelson LLP | Yes |
| Pocias, Gregory | Burke, Warren, MacKay & Serritella, P.C. | No |
| Reiss, James | Carruth Associates LLC | No |
| Ryan, Theresa | Carruth Associates LLC | No |
| Sancomb, Eileen | Carruth Associates LLC | No |
| Seaver, Melissa | Carruth Associates LLC | No |
| Shea, Patrick | Carruth Associates LLC | No |
| Stein, Terrence | Burke, Warren, MacKay & Serritella, P.C. | Yes |
| Tilevitz, Orrin | The Diversified Group, Inc. | Yes |