UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No.: 05-40151-FDS<br>06-40130-FDS |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR A PROTECTIVE ORDER</u>**

Defendant failed to appear on February 1, 2008 at the time and place set for the continuation of the October deposition of Patrick Shea. The witness and counsel appeared, as agreed. Defendant unilaterally "cancelled" the February 1 deposition the day before because a personal computer crashed. Defendant's failure to appear was unjustified and inappropriate. Moreover, Defendant's unilateral action, and subsequent actions, leaves Plaintiff no choice but to seek protection from Defendant's demonstrated view that it has the power to do whatever it wants in scheduling and conducting Mr. Shea's deposition regardless of the burden and expense imposed on Plaintiff and the witness. Plaintiff seeks the relief requested herein to reduce the burden and expense of Mr. Shea appearing a third time to be deposed.[1] Plaintiff, therefore, requests this Court to order that Defendant may not require Mr. Shea to appear a third time for this deposition unless: (1) Defendant provides copies of all exhibits it intends to use during the

---

[1] The dispute is not over appearance. Mr. Shea will appear for another deposition. Indeed, counsel have discussed possible dates.

deposition at least five business days in advance of the deposition; (2) Defendant refrains from questioning Mr. Shea about exhibits that were the subject of questioning in the first deposition; and (3) Defendant refrains from posing questions that were asked in the first deposition.

## I.   Background

Defendant deposed Mr. Shea for seven hours on October 16, 2007 and subsequently moved this Court to reopen Mr. Shea's deposition. Over Plaintiff's objection, the Court granted Defendant's request on December 10, 2007. Thereafter, the parties agreed that the witness would appear in Boston on Friday, February 1, 2008. At 4:30 p.m. on Wednesday, January 30, 2008—less than forty-eight hours before the deposition was to begin—government counsel called Plaintiff's counsel requesting a continuance of the deposition because government counsel's personal computer crashed. Plaintiff's counsel responded that he would discuss the matter with his team and call back within an hour, which he did. Plaintiff's counsel called government counsel thirty minutes later at 5:00 p.m. and, because government counsel had left the office for the day, left a voicemail message stating that Plaintiff did not agree to continue the deposition and that the witness and Plaintiff's counsel planned on the deposition going forward, as had been scheduled for about two weeks.

Government counsel did not respond to this message until noon on January 31, 2008, at which time Plaintiff's counsel had already traveled to Boston for the deposition. The witness, moreover, had already cancelled his business schedule for February 1, 2008. At noon on January 31, government counsel left a message stating that "this is my deposition" and "I am continuing the deposition." In the afternoon of January 31, Plaintiff replied to government counsel's message by letter stating that "[w]hile we understand that you had personal computer problems on Wednesday, that should not affect the deposition of Pat Shea on Friday" and that the witness

and counsel would appear as scheduled.[2] Plaintiff's counsel also noted that Defendant's motion to reopen Mr. Shea's deposition was "predicated on the notion that you were unable to complete your examination last October," and "[p]resumably you . . . had your proposed exhibits ready then, and the examination scheduled for Friday is simply a matter of picking up where you left off."[3]

In the evening of January 31, government counsel wrote to Plaintiff's counsel and made the troubling claim that this is not "simply a case of picking-up where we left off . . . a large number of significant documents have been produced since that time."[4] Government counsel also asserted that "I rely heavily upon an extensive set of advanced computer programs and databases to prepare for everyone [sic] of the depositions."[5]

Defendant's computer problem did not give it the unilateral power to cancel the deposition and fail to appear. The Court permitted this deposition as a continuation of the October 16, 2007 deposition.[6] Defendant's need for the deposition was predicated on having run out of time on October 16, not a need for a new deposition based on newly received documents.[7] Under these circumstances, counsel's personal computer problems on January 30 did not vest unilateral cancellation powers in Defendant or justify it not appearing. Interestingly, the deposing attorney's admitted practice during depositions throughout this case is not to use a

---

[2] *See* Ex. A at 2 (letter from Ronald Buch to John Lindquist (Jan. 31, 2008)).

[3] *Id.*

[4] *See* Ex. B at 2 (letter from John Lindquist to David Curtin (Jan. 31, 2008)).

[5] *Id.*

[6] *See* Status Conf. Tr. 20:21-24, Dec. 10, 2007 ("I'm not going to limit the government to new topics . . . . It's a continuation of the deposition . . . .").

[7] *See* Mot. & Mem. of Law to Reopen the Dep. of Patrick Shea at 3-4 (Nov. 5, 2007) (asserting that the deposition was "abruptly halted . . . before the United States had sufficient examination time").

computer.[8] As for relying on databases to prepare for the deposition, Plaintiff can only observe that it is highly unlikely that such databases reside solely on one attorney's personal computer. When all circumstances are considered, the simple fact is that a personal computer crash on Wednesday did not provide justification for the cancellation of Mr. Shea's deposition on Friday.

On February 20, 2008—more than two weeks after Defendant cancelled the deposition—Defendant called to reschedule.[9] Plaintiff's counsel explained that if Mr. Shea's deposition were to be rescheduled, Plaintiff wanted Defendant to "streamline" the process by identifying its exhibits prior to the deposition and to agree not to cover ground that had been previously covered in the October 16 deposition.[10] Government counsel represented that he had to confer with Mr. Donohue before he could agree. On March 19, 2008, four full weeks later, Defendant again called Plaintiff's counsel to reschedule Mr. Shea's deposition, and Plaintiff's counsel again requested that Defendant agree to expedite the process by producing the exhibits and agreeing not to cover old ground. The next day, government counsel told Plaintiff's counsel that he would only agree to identify the exhibits that had been used in the October 16 deposition and that he intended to use again. Government counsel refused to identify new exhibits or to agree to refrain from covering old ground.[11] And as is obvious from Defendant's offer, counsel intends to question the witness about exhibits that were previously subject to examination. Clearly,

---

[8] *See* Ex. B at 2 ("I do not need a computer at the deposition other than to review the testimony.")

[9] It is Plaintiff's understanding that on February 4, 2008 (the Monday following the Friday on which Mr. Shea's deposition was scheduled), government counsel traveled to Ireland and the Isle of Man for a week.

[10] *See* Status Conf. Tr. 80:5-81:1, Feb. 29, 2008.

[11] Defendant's refusal to identify the deposition exhibits was confirmed in its letter received on March 27, 2008 (*see* Ex. C), to which Plaintiff responded (*see* Ex. D), ending the meet-and-confer process. David Curtin and Ronald Buch, representing Plaintiff, conferred with John Lindquist and Barry Reiferson, representing Defendant, through the exchange of phone calls and letters between February 20, 2008 and March 27, 2008.

Defendant is planning to redo in measurable part its deposition of Mr. Shea instead of addressing whatever topics and exhibits it did not have time to address on October 16.

## II. Defendant Should Not be Permitted to Reschedule the Deposition of Mr. Shea Without Conditions and Limitations

Defendant has routinely sought extensions from this Court and Plaintiff, even when it has negligently forgotten about Court-imposed deadlines and limitations imposed by the Local Rules. These extensions, at the very least, have been burdensome, expensive and inconvenient to Plaintiff, and they often have been prejudicial. In this instance, Defendant has gone too far in taking unilateral action, and Plaintiff cannot let this episode pass in light of Defendant's refusal to agree to reasonable steps that will lessen the burden of the witness's third appearance. Government counsel had inadequate grounds for cancelling the February 1 deposition.[12] This delay has burdened the witness and Plaintiff with the expense and time commitment of yet another exercise in scheduling and preparing for a deposition.

Federal Rule of Civil Procedure 30(g) provides that a "party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition."[13] This Court has said it "would be sympathetic, without knowing the other side of things, to some degree of relief, payment of costs or something." [14] Although Plaintiff may be entitled to reimbursement of costs, monetary compensation does not measurably ease the

---

[12] Indeed, this Court has observed that "it's not entirely clear to me why the crash of one laptop would cause a deposition to flounder or founder." Status Conf. Tr. 81:9-11, Feb. 29, 2008.

[13] *See also Duenas v. Yama's Co.*, 999 F.2d 542, 1993 U.S. App. LEXIS 19776, at *12-14 (9th Cir. 1993) (table decision) (affirming lower court's award of costs against noticing attorney who cancelled a deposition the night before it was to take place, after the witness's counsel had traveled to deposition location); *Topp, Inc. v. Uniden Am. Corp.*, No. 05-21698, 2007 U.S. Dist. LEXIS 53750, at *3-14 (S.D. Fl. July 25, 2007) (ordering the plaintiff to pay the fees and expenses incurred by defendant when plaintiff unilaterally cancelled a deposition the day before it was to take place); *West v. West*, 126 F.R.D. 82, 83 (N.D. Ga. 1989) (same).

[14] Status Conf. Tr. 81:6-8, Feb. 29, 2008.

5

continuing burden and inconvenience caused by what will be Mr. Shea's third preparation and appearance for a deposition. Only by minimizing the actual burden of the deposition will Plaintiff and the witness receive any meaningful relief. Thus, Plaintiff seeks more practical and realistic relief in the form of reasonable conditions on Defendant's deposition. Specifically, Plaintiff requests that the Court order that Defendant may not take the deposition unless Defendant: (1) provides Mr. Shea all the exhibits it intends to use at his deposition not less than five business days in advance;[15] (2) refrains from asking Mr. Shea in form or substance the same questions that were asked in the first deposition;[16] and (3) refrains from using any exhibit that was used in the prior deposition. These conditions will expedite the deposition and protect the witness from having to respond to questions already asked.

### III. Conclusion

Defendant deposed Mr. Shea once, won the right to continue the deposition over Plaintiff's objections, and then failed to appear for the deposition. Defendant's cancellation of the February 1 deposition cost Mr. Shea and Plaintiff time and money, and they will have to spend more time and resources on this deposition if and when it is rescheduled. Moreover, Defendant has failed to accede to reasonable suggestions from both the Court and Plaintiff that would expedite the deposition process and reduce the burden on the witness and Plaintiff. Therefore, Plaintiff seeks relief from the Court as outlined in this Memorandum.

---

[15] While this Court has suggested that it might be prudent for Defendant to show the exhibits to Mr. Shea beforehand because "[p]robably the witness will respond with greater alacrity, and the deposition will move more quickly," Defendant has ignored the suggestion. Status Conf. Tr. 21:4-6, Dec. 10, 2007. The Court's suggestion should be elevated to an order.

[16] With respect to the continuation of Mr. Shea's deposition, the Court has observed that "the normal rules about going over a question that has been asked and answered already are going to apply, that is, if a witness has been asked a question, and an answer is given . . . the answer is the answer, and you move on." *Id.* at 20:17-21. This observation by the Court should be elevated to an order.

Respectfully submitted this 27th day of March 2008.

        PLAINTIFF
        FIDELITY INTERNATIONAL CURRENCY ADVISOR
        A FUND, L.L.C., by the Tax Matters Partner

        /s/ Lena Amanti
        David J. Curtin, D.C. Bar #281220
        Ronald L. Buch, Jr., D.C. Bar #450903
        Lena Amanti, D.C. Bar #490791
        MCKEE NELSON LLP
        1919 M Street, N.W., Suite 200
        Washington, D.C. 20036
        Telephone: (202) 775-1880
        Facsimile: (202) 775-8586
        Email: dcurtin@mckeenelson.com
               rbuch@mckeenelson.com
               lamanti@mckeenelson.com

        John O. Mirick, BBO #349240
        MIRICK, O'CONNELL, DEMALLIE
        & LOUGEE, LLP
        100 Front Street
        Worcester, MA 01608
        Telephone: (508) 791-8500
        Facsimile: (508) 791-8502
        Email: jomirick@mirickoconnell.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 27, 2008.

        /s/ Lena Amanti
        Lena Amanti, D.C. Bar #490791
        MCKEE NELSON LLP
        1919 M Street, N.W., Suite 200
        Washington, D.C. 20036
        Telephone: (202) 775-1880
        Facsimile: (202) 775-8586
        Email: lamanti@mckeenelson.com

# Exhibit A

# McKee Nelson LLP

**RONALD L. BUCH, JR.**
Direct Dial: (202) 327-2078
rbuch@mckeenelson.com

*Correspondence from:*
➤ WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
*Telephone* 202.775.1880
*Facsimile* 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
*Telephone* 917.777.4200
*Facsimile* 917.777.4299

January 31, 2008

**VIA FACSIMILE**

John A. Lindquist
U.S. Department of Justice, Tax Division
Civil Trial Section, Northern Region
555 Fourth Street, NW, Suite 7836
Washington, DC 20001

    Re:   *Fidelity International Currency Advisor A Fund, L.L.C. v. United States*,
           Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Lindquist:

    I am writing in response to your voicemail of noon today. In your voicemail, you informed us that you intend to unilaterally continue the deposition of Patrick Shea to a later date.

    By way of background, the original deposition of Mr. Shea occurred on October 16, 2007, and you were unable to complete your examination within a full day. At that time, you presumably were prepared to examine Mr. Shea on all topics about which you intended to inquire. On November 5, 2007, Defendant moved to reopen Mr. Shea's deposition alleging that you did not have adequate time to complete the deposition within the time constraints set forth in Fed. R. Civ. P. 30(d)(2). After the Court granted Defendant's motion, we worked with you to schedule the deposition at a time that was convenient for all involved. We agreed on Friday, February 1 commencing at 10:00 a.m., a date and time that we confirmed with you as recently as Tuesday of this week.

    Wednesday at 4:30 p.m., you requested that we continue the deposition of Mr. Shea due to problems with your personal computer. I agreed to return your call within an hour, and I left a responding message informing you that we do not agree to any further delay. That message was left within 30 minutes of ending our call. At noon today, you left a message stating that you intend to defer the deposition to a later date.

John A. Lindquist
January 31, 2008
Page 2

    While we understand that you had personal computer problems on Wednesday, that should not affect the deposition of Pat Shea on Friday. First, this was a reopening of a deposition originally held on October 16. Your motion to reopen Mr. Shea's deposition was predicated on the notion that you were unable to complete your examination last October. Presumably you were prepared to complete your examination and had your proposed exhibits ready then, and the examination scheduled for Friday is simply a matter of picking up where you left off. As for using your computer as a resource, you did not use a personal computer at the October 16 deposition nor did you appear to use a typed outline.

    As you know, schedules were rearranged so that the deposition could be taken on Friday. Plaintiff's counsel is already in Boston, and both Plaintiff's counsel and the witness will appear for the deposition as scheduled. They will expect you, as well.

Sincerely,

Ronald L. Buch, Jr.

Cc: Dennis M. Donohue (via e-mail)
      Barry E. Reiferson (via e-mail)
      Heather L. Vann (via e-mail)

# Exhibit B



**U.S. Department of Justice**

**Tax Division**

*Facsimile No. (202) 514-5238*
*Trial Attorney: John A. Lindquist*
*Attorney's Direct Line: (202) 307-6561*
5-36-10254
CMN 2005106280

*Please reply to:* Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

January 31, 2008

<u>Via Facsimile & Regular Mail</u>
[Fax 202/775-8586]

David Curtin, Esquire
McKee Nelson LLP
Suite 200
1919 M Street, NW
Washington, DC 20036

   Re: *Fidelity Int'l v. United States*, Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Curtin:

  This letter is to confirm my telephone conversation with you this afternoon in which I confirmed the phone message that I had left for Ron Buch, namely that I was continuing the deposition of Pat Shea because my computer had crashed. I notified Mr. Buch of this fact on Wednesday immediately after being informed that my computer's hard-drive would not be able to be restored in sufficient time for me to be able to be able to access the programs and files necessary for me to prepare for the deposition on Friday, February 1, 2008.

  The date of Friday February 1, 2008, was set, by verbal agreement about two weeks ago as the date upon which to re-open and continue the deposition of Patrick Shea. You previously objected to our request to reopen and continue this deposition. Accordingly, we filed a motion for leave, which was granted over your objection. Two days ago, on January 29, 2008, Mr. Buch telephoned me to confirm that the planned deposition would indeed proceed on February 1, 2008. I told him that I was planning on it and asked if he required written confirmation. He stated that he did not. The following day, when my computer crashed, I immediately called him to notify him that I needed to continue the deposition date because my computer had crashed, rendering me unable to properly prepare for the deposition. Mr. Buch stated that plaintiff had already reserved a conference room in Boston at the offices of his local attorney. I stated that we would be willing to reimburse any costs for the conference room that had been incurred. Mr. Buch stated that he would have to check and would get back to me that afternoon. Mr. Buch left a return message stating that you were not willing to continue the deposition because the witness "had already geared-up for it" and that he did not see how a computer crash could impair my ability to prepare for the deposition. I called Mr. Buch back at noon today to reiterate that the deposition had to be continued due to the fact that my computer had crashed and that I had still

- 2 -

not been able to regain access to necessary computer files.

      Shortly thereafter, you called me from Boston, stating that you also did not believe that I had good cause for continuing the deposition and were not willing to agree a continuance because the witness had already begun to prepare. You further stated that you believed that you had every confidence that I could prepare for the deposition with or without my files. I told you in not uncertain terms that I had to continue the deposition because my computer was still in the process of being prepared and that as soon as I could regain access to a computer, I would send you written confirmation of this fact. I have since been informed that the restoration of hard drive will not be completed before Friday.

      After we spoke, Ron Buch sent me a letter by facsimile reiterating that you do not believe that I have good cause for unilaterally continuing the deposition and do not believe that a computer crash could impair my ability to prepare for the deposition. I heavily rely upon an extensive set of advanced computer programs and databases to prepare for everyone of the depositions that I have taken in this case. Once I have finished preparing, I do not need a written outline. I do not need a computer at the deposition other than to review the testimony. Nor is this simply a case of picking-up where we left off. As you well-known, a large number of significant documents have been produced since that time.

      I apologize for the late notice for the cancellation and will make every effort to reschedule the deposition at your and the witness' convenience. I would suggest that the deposition be rescheduled during the week of February 18, 2008. Please let me know if there is a date during that week that is acceptable. I am also hoping that we can reschedule Mr. Buesinger's deposition in New York during that same week. Please inform me as the dates that would be convenient for you for that deposition. Again, I offer my sincere apologies for the need to continue this deposition. Please let me know if any expenses were incurred for the reservation of the conference room.

      If you have any questions, please do not hesitate to call me at the number listed above.

Sincerely,

JOHN LINDQUIST
Trial Attorney
Civil Trial Section, Northern Region

3032608.1

# Exhibit C

# United States Department of Justice

Tax Division
Civil Trial Section, Northern Region
P.O. Box 55 - Ben Franklin Station
Washington, D.C. 20044
Fax: (202) 514-5238/9649

| | |
|---|---|
| **TO:** | David Curtin, Esquire<br>McKee Nelson LLP |
| **FAX NUMBER:** | (202) 775-8586 |
| **SUBJECT:** | Fidelity Int'l v. United States<br><u>Nos. 05-40151 & 06-40130 (D Mass.)</u> |
| **DATE SENT:** | January 31, 2008 |
| **PAGES: (Including this cover sheet)** | 3 |
| **FAX FROM:** | JOHN A. LINDQUIST<br>TRIAL ATTORNEY<br>(202) 307-6561 |

**COMMENTS:**

**WARNING:** The information contained in this facsimile is confidential and may be subject to disclosure limitations under Rule 6(e) of the Federal Rules of Criminal Procedure and Section 6103 of the Internal Revenue Code. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender identified above by telephone.



**U.S. Department of Justice**

Tax Division

*Facsimile No. (202) 514-5238*
*Trial Attorney: John A. Lindquist*
*Attorney's Direct Line: (202) 307-6561*
5-36-10254
CMN 2005106280

*Please reply to:* Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

March 26, 2008

**Via Regular Mail and Fax**
[FAX 202/775-8586]

David Curtin, Esquire
McKee Nelson LLP
Suite 200
1919 M Street, NW
Washington, DC 20036

Re: *Fidelity Int'l v. United States*, Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Curtin:

This letter is to respond to your refusal to make Mr. Shea available for the continuation of his deposition in the above-referenced matter unless I am willing to pre-identify all documents upon which I plan to question Mr. Shea. Despite being under no obligation to do so, I agreed to pre-identify any documents that I planned to review. I am planning to review with Pat Shea the handwriting on Government Exhibits 450, 454, 455, 469, 470 and 525.

I agreed to this part of your request as a courtesy, and because it would be useful to have Mr. Shea re-examine the handwriting on these documents. Pat Shea previously testified that he could not identify this handwriting. It appears that some of this handwriting is the handwriting of Elaine Baglione or Deborah Doherty, Pat Shea's personal assistants. A sample of the handwriting of Deborah Doherty appears on a fax dated April 2, 2001 at 12CARRUTH063584. Please advise as to whether any of the handwriting on these documents is the handwriting of Ms. Doherty or Ms. Baglione. If not, please identify the author of the handwriting on each of these documents.

Further, based upon my review of documents, it is now clear that Ms. Baglione, acting as Mr. Shea's personal assistant, was also involved in the implementation of the FDIS transaction. As such, she should have been identified by the plaintiff in its answers to our interrogatories. In Interrogatory No. 1 we asked plaintiff to identify "every person having knowledge of the formation of the entities, the purpose for such entities and the series of transactions described in paragraphs 33 through 43 of the Complaint, regardless as to whether or not the person has information supporting the plaintiff's claims." She was not identified. I therefore request that plaintiff immediately supplement its answer to Interrogatory No. 1 by providing the following information regarding Ms. Baglione:

- 2 -

- the person's full name;
- the person's present or last known address and telephone number;
- the person's present or last known place of employment, when referring to a natural person;
- the person's occupation, employer, and title at that employer during the period of 2000-2001, when referring to a natural person;
- and the subject matter and a brief summary of the person's knowledge.

I would further ask that you consent to our taking the deposition of Ms. Baglione beyond the close of discovery. To the extent any of the handwriting is that of Ms. Doherty, I would similarly ask that you identify Ms. Doherty and consent to our taking her deposition beyond the close of discovery.

I can see no justifiable reason whatsoever for otherwise pre-disclosing the documents upon which I plan to question Mr. Shea. Nor have you been able to provide me with a justifiable reason for your demand that I do so as a pre-condition to your making the witness available.

If you have any questions, please do not hesitate to call me at the number listed above.

Sincerely,

JOHN A. LINDQUIST
Trial Attorney
Civil Trial Section, Northern Region

3160206.1

# Exhibit D

**McKee Nelson LLP**

DAVID J. CURTIN
Direct Dial: (202) 775-8669
dcurtin@mckeenelson.com

Correspondence from:
WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
Telephone 202.775.1880
Facsimile 202.775.8586

NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
Telephone 917.777.4200
Facsimile 917.777.4299

March 27, 2008

**VIA E-MAIL**

John A. Lindquist, III
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 7836
Washington, D.C. 20001

    Re:    *Fidelity International Currency Advisor A Fund, L.L.C. v. United States*,
             Nos. 05-40151 & 06-40130 (D. Mass.)

Dear Mr. Lindquist:

      I am writing in response to your letter dated March 26, 2008 but faxed to me this morning under a fax cover page stating that the "Date Sent" was January 31, 2008. In our conversation earlier this week, you told me that you would provide me on Tuesday or Wednesday with a list of exhibits that you previously used in examining Mr. Shea and that you intend to use again. I assume the letter (dated yesterday) that was faxed this morning is your promised "list of exhibits" that you intend to revisit.

      Your letter dated yesterday fails to mention that Mr. Shea did appear on February 1, 2008 in Boston for the continuation of his deposition. Your letter also fails to mention that you unilaterally cancelled that deposition for your own reasons relating to your personal computer. Finally, let me be clear that Mr. Shea will appear again – indeed, for a third time – to answer your questions. However, because you have refused to agree to take reasonable steps to help reduce the burden and expense of this process, it is most appropriate for me to seek the Court's help. We have now discussed the matter, reached an impasse, and hence, we will file our motion for relief.

John A. Lindquist, III
March 27, 2008
Page 2

    Finally, your March 26 letter for the first time claims that you have a new-found interest in taking the depositions of Ms. Baglione and potentially Ms. Doherty. The time for discovery in this case has closed. I do not consent to reopening it.

                          Sincerely,

                          David J. Curtin