UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>) 　Civil Nos. 05-40151-FDS (D. Mass.)<br>) 　　　　　　06-40130-FDS (D. Mass.)<br>)<br>) 　Judge Saylor<br>)<br>)<br>) |

**NOTICE OF RECENT AUTHORITY**

In the spirit of Fed.R.App.P. 28(j), the United States wishes to inform the Court of an Order recently entered by the Court of Federal Claims in *Stobie Creek Invs. v. United States*, Nos. 05-748T & 07-520T (April 1, 2008)(Mem. and Order attached as Exhibit 1). That Court excluded the testimony of Stuart Smith, and discussed the United States' expert reports in this case. As such, the *Stobie Creek* Memorandum and Order is relevant to this Court's resolution of the United States' motion to exclude the testimony of Stuart Smith here, and to the plaintiff's

motions to exclude the testimony of the United States' experts A. Lawrence Kolbe and Gordon Rausser.

                                                Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
       barry.e.reiferson@usdoj.gov
       heather.vann@usdoj.gov

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on April 2, 2008.

/s/ Heather L. Vann
Trial Attorney, US Department of Justice, Tax Division

# In the United States Court of Federal Claims

Nos. 05-748T & 07-520T

(Filed April 1, 2008)

```
* * * * * * * * * * * * * * * * * * * * * *    *
                                               *    Pleading and practice; Fed. R.
STOBIE CREEK INVESTMENTS, LLC                  *    Evid. 702, 704; motion in limine
& JFW ENTERPRISES, INC.,                       *    to exclude expert testimony on
                                               *    legal issues.
            Plaintiffs,                        *
                                               *
       v.                                      *
                                               *
                                               *
THE UNITED STATES,                             *
                                               *
            Defendant.                         *
                                               *
* * * * * * * * * * * * * * * * * * * * * *    *
```

Robert E. Kolek, Chicago, IL, for plaintiffs. Thomas R. Wechter, Matthew C. Crowl, Colleen M. Fenney, and Ayad P. Jacob, Schiff Hardin, LLP, of counsel.

Stuart D. Gibson, Washington, DC, with whom was Assistant Attorney General Nathan J. Hochman, for defendant. Cory A. Johnson and Jacob E. Christensen, U.S. Department of Justice, of counsel.

### MEMORANDUM OPINION AND ORDER ON MOTION *IN LIMINE* TO EXCLUDE THE EXPERT REPORTS AND TESTIMONY OF IRA SHEPARD AND STUART SMITH

**MILLER**, Judge.

Defendant on February 19, 2008, filed its Motion *in Limine* To Exclude the Expert Reports and Testimony of Ira Shepard and Stuart Smith. Plaintiffs responded on March 19, 2008. See Order entered on Dec. 10, 2007, ¶ 2 (notifying parties that, pursuant to RCFC 7.2(a), motions *in limine* subject to ruling without reply briefs).

## BACKGROUND

Defendant objects to plaintiffs' offer of the expert reports and testimony of Professor Ira B. Shepard and Stuart A. Smith, Esq. Professor Shepard is a member of the faculty of the University of Houston Law Center, where he teaches federal income tax courses. Mr. Smith

is a tax attorney practicing in New York City and formerly worked at the United States Department of Justice as Tax Assistant to the Solicitor General. Defendant seeks exclusion of the reports and testimony of Professor Shepard and Mr. Smith because they intend "to testify about the law they want the Court to apply in this case, and how the Court should treat the plaintiffs' tax shelter under that law." Def.'s Br. filed Feb. 19, 2008, at 2. Defendant argues that expert testimony is not admissible when it "impinge[s] on the role of this Court" by testifying as to the law or the application of the law to facts. Id. at 5.

Defendant characterizes Professor Shepard's report as "nothing but legal analysis and application of his view of the law to his view of the facts of this case." Id. at 7. According to defendant, the report "contains lengthy descriptions of numerous cases and sets forth in detail the manner in which [Professor] Shepard would decide this case if he were the judge." Id. Similarly, defendant characterizes Mr. Smith's report as "legal argument dressed up as an opinion of an expert witness" that amounts to "[n]ot only . . . a legal conclusion, [but] a conclusion based on the wrong law." Id. at 10.

Plaintiffs rejoin that the reports and testimony of Professor Shepard and Mr. Smith "bear on ultimate issues of fact on which expert testimony is appropriate and will assist the Court in determining issues central to this action." Pls.' Br. filed Mar. 19, 2008, at 1. The reports and testimony of the two experts "satisf[y] the *liberal* requirements of Federal Rule of Evidence 702." Id. at 2. Plaintiffs proffer the expert opinion evidence not as addressing "pure questions of law," but, rather, mixed questions of fact and law "relevant to Defendant's assertion of penalties and the potential application of the reasonable cause exception to Plaintiffs." Id. at 6-7. The reasonable cause defense, recognized by 26 U.S.C. ("I.R.C.") § 6664(c) (2000), to imposition of penalties under I.R.C. §§ 6662 and 6663, does present mixed questions of fact and law, but the Supreme Court has held that "[w]hether the elements that constitute 'reasonable cause' are *present* in a given situation is a question of fact, but what elements *must* be present to constitute 'reasonable cause' is a question of law." United States v. Boyle, 469 U.S. 241, 249 n.8 (1985).

Professor Shepard's expert report, after describing his compensation rate and relevant qualifications, first recounts the historical background that led to this litigation and the primary positions that the Internal Revenue Service (the "IRS") takes with regard to the Stobie Creek partnership and the transactions at issue. The Shepard report then recounts the history of aggressive tax planning as a legitimate approach to minimizing taxes and over the next sixteen pages surveys cases in which courts have upheld taxpayers' aggressive tax planning strategies. Fifteen pages of the report examine cases in which taxpayers prevailed even where a situation was "too good to be true" and where the IRS prevailed even where a situation was "too bad to be true." See Def.'s Br. filed Feb. 19, 2008, Ex. 1, at 29-43. The remainder of the report, over sixty pages, discusses cases concerning the economic substance

doctrine, the imposition of penalties, and the reasonable cause defense. The report concludes that the transactions at issue in this case did not lack economic substance and that, in any event, plaintiffs fulfilled the requirements of the reasonable cause defense.

Mr. Smith's expert report is founded on his extensive experience as a tax lawyer for over forty years. The Smith report concludes that the opinion letter provided to Jeffrey Welles by Jenkens & Gilchrist, P.C., is of the quality and character upon which taxpayers such as Welles could reasonably rely in preparing their tax returns. The report includes an exhaustive analysis of Treasury Circular 230, 31 C.F.R. §§ 10.0-.93, and a recitation of how the Jenkens & Gilchrist opinion letter fulfills the requirements established by Treasury Circular 230. The Smith report also includes a thorough description of the transactions and opinion letters that were the subject of Klamath Strategic Investment Fund, LLC v. United States, 472 F. Supp. 2d 885 (E.D. Tex. 2007), a case in which he testified as an expert witness.

## DISCUSSION

Defendant has moved for a ruling *in limine*. Generally speaking, *in limine* rulings are preliminary in character because they determine the admissibility of evidence before the context of trial has actually been developed. Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1338 (Fed. Cir. 2007). The basic purpose of a motion *in limine* is "'to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters. Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996) (quoting Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983), aff'd, 790 F.2d 93 (Fed. Cir. 1986) (table)).

Fed. R. Evid. 702, governing testimony by experts, provides, in full:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

When a court is considering the admission of expert testimony, the court first must determine to what extent the underlying specialized knowledge "will assist the trier of fact" in

"understand[ing] the evidence" or "determin[ing] a fact in issue." Id. "A trial court's decision to admit or exclude expert testimony is reviewed for an abuse of discretion." Seaboard Lumber Co. v. United States, 308 F.3d 1283, 1292 (Fed. Cir. 2002) (citing Gen. Elec. Co. v. Joiner, 522 U.S. 136, 138-39 (1997)). Expert testimony that testifies about what the law is or directs the finder of fact how to apply law to facts does not "assist the trier of fact to understand the evidence or to determine a fact in issue" within the contemplation of Fed. R. Evid. 702. Expert testimony that amounts to an opinion of law is especially disfavored:

> A witness cannot be allowed to give an opinion on a question of law . . . . In order to justify having courts resolve disputes between litigants, it must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge . . . . To allow anyone other than the judge to state the law would violate the basic concept.

Specht v. Jensen, 853 F.2d 805, 807 (10th Cir. 1988) (omissions in original) (reversing trial court's admission of expert testimony on legal issues at trial). The United States Court of Appeals for the District of Columbia Circuit is even less receptive to allowing expert testimony on the law, observing that "[e]ach courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1213 (D.C. Cir. 1997) (reversing trial court's admission of expert testimony on legal issues at trial). This holds just as true when the finder of fact is the court, if not more so; the court is well equipped to instruct itself on the law. The United States Court of Appeals for the Federal Circuit holds the same view on expert testimony pertaining to questions of law. See Mola Dev. Corp. v. United States, 516 F.3d 1370, 1379 n.6 (2008) (affording no weight to affidavit of former government official interpreting thrift regulations); Rumsfeld v. United Techs. Corp., 315 F.3d 1361, 1369 (Fed. Cir. 2003) (reversing agency board's admission of expert testimony by professors, former employees of Cost Accounting Standards Board, and government contracts accounting consultant interpreting Cost Accounting Standards in federal procurement).

Plaintiffs charge defendant with mischaracterizing the expert reports and testimony. Plaintiffs assert that Professor Shepard "will address whether the opinion provided by Jenkens & Gilchrist to the Welles family was an appropriate 'more likely than not opinion' at the time that it was issued such that a taxpayer could reasonably rely on it." Pls.' Br. filed Mar. 19, 2008, at 1. "Mr. Smith will testify as to the quality of the Jenkens & Gilchrist opinion, which is relevant to the taxpayer's ability to rely in good faith on that opinion." Id.

4

Cases in which courts have upheld exclusion of expert testimony on legal issues are legion, and defendant cites one such case decided by every court of appeals save the Federal Circuit. */ See Def.'s Br. filed Feb. 19, 2008, at 6 n.4. Plaintiffs respond that "[w]hile it is true that 'matters of law' have been excluded as inappropriate subjects for expert testimony in some cases, no *per se* rule exists as Defendant would have this Court believe," Pls.' Br. filed Mar. 19, 2008, at 3, because "[c]ourts have permitted expert testimony as to governing

---

*/ The body of this opinion cites two decisions of the Federal Circuit that were not cited by the parties, yet are consistent with defendant's survey. Defendant cites cases concerning a variety of legal issues. The court substitutes its own assessment of the cases for defendant's: Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 100 (1st Cir. 1997) (ruling inadmissible expert testimony regarding holdings of cases on statutory categorization of public employees, but upholding trial verdict as product of harmless error); Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 509-10 (2d Cir. 1977) (reversing and remanding for trial court's admission of expert testimony concerning legal obligations of parties to contract); United States v. Leo, 941 F.2d 181, 196 (3d Cir. 1991) (upholding trial court's limiting of expert testimony regarding credibility and stating that "[w]hile it is not permissible for a witness to testify as to the governing law," trial court did not abuse discretion in allowing expert to testify on relevant industry practice); Adalman v. Baker, Watts & Co., 807 F.2d 359, 365-68 (4th Cir. 1986) (reversing and remanding trial court's admission of expert testimony on meaning and applicability of securities laws), abrogated on other grounds by Pinter v. Dahl, 486 U.S. 622, 650 (1988); Owen v. Kerr-McGee Corp., 698 F.2d 236, 240 (5th Cir. 1983) (affirming trial court for properly overruling objection to expert's testimony on factual cause of accident and admitting testimony which did not concern legal cause of accident); United States v. Curtis, 782 F.2d 593, 599 (6th Cir. 1986) (affirming lower court's grant of a motion *in limine* to exclude expert testimony on unsettled nature of tax law regarding willfulness); Loeb v. Hammond, 407 F.2d 779, 781 (7th Cir. 1969) (finding no error in trial court's exclusion of expert testimony on legal significance of documents, a matter of contract interpretation); Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995) (finding reversible error in trial court's admission of expert testimony on whether police conduct violated standards of fourth amendment); Ward v. Westland Plastics, Inc., 651 F.2d 1266, 1270 (9th Cir. 1980) (holding trial court judge correctly ruled inadmissible expert testimony that plaintiff was discriminated against on account of sex); United States v. Vreeken, 803 F.2d 1085, 1091 (10th Cir. 1986) (ruling trial court properly excluded expert testimony of complexity of tax and banking law); Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990) (finding abuse of discretion where trial court allowed expert testimony on legal duty to hire tax counsel); Burkhart, 112 F.3d at 1213 (reversing and remanding for error in trial court's admission of expert testimony on whether legal standards of Americans with Disabilities Act satisfied).

law and regulations in the areas of insurance, banking, and securities." Id. But see Rumsfeld, 315 F.3d at 1369 (reversing agency board's admission of expert testimony interpreting Cost Accounting Standards).

Plaintiffs marshal citations to an array of cases, but none addresses the type of expert reports and testimony that plaintiffs are proffering. Many of the cases that plaintiffs cite are criminal prosecutions where the trial court allowed a prosecution witness – often a government agent – to testify as to how the defendant violated certain regulations. The trial courts in these cases did not allow defendant to offer expert testimony to rebut prosecution witnesses, thereby raising concerns of equal treatment. See United States v. Riddle, 103 F.3d 423, 430 (5th Cir. 1997) (ruling abuse of discretion in trial court's disallowing defense witness from testifying as to whether certain conduct violated regulations, but allowing prosecution witness to do so); United States v. Van Dyke, 14 F.3d 415, 422 (8th Cir. 1994) (same). The appellate courts reversed the trial courts both in the interest of treating the parties equally, especially in a criminal prosecution, and in the interest of allowing expert testimony that would not have improperly invaded the province of the court. Although the explication that the experts would offer in those trials necessarily required a discussion of the relevant regulations, they did not present a comparably exhaustive legal analysis of case law, statute, regulation, or IRS documents that Professor Shephard or Mr. Smith propose to offer.

Other cases upon which plaintiffs rely similarly do not support admission of the particular legal opinions that plaintiffs proffer. In United States v. Mikutowicz, 365 F.3d 65, 72 (1st Cir. 2004), an IRS agent described in his testimony the IRS's audit of the defendant and the results of the audit, along with the rationale that led the IRS to reach its conclusions. The court observed, however, that the agent "offered no testimony concerning [defendant's] state of mind when claiming the challenged deductions," which was the legal standard to assess the taxpayer's conduct. Id. In United States v. Toushin, 899 F.2d 617, 620 & n.4 (7th Cir. 1990), an IRS agent testified about the tax consequences of money kept in a safe. The court ruled that this testimony was not an "improper legal opinion" because it did not address a question of law. Id. Instead, it helped the trier of fact understand how the IRS itself analyzed the transaction, "which necessarily precedes [its] evaluation of the tax consequences." Id.

Plaintiffs contend that "[c]ourts have routinely held that 'an expert should be permitted to testify to the substantive law applicable to the underlying proceeding, at least to the extent necessary to explain the expert's conclusions that the defendant did or did not exercise the appropriate standard of care.'" Pls.' Br. filed Mar. 19, 2008, at 7 (quoting Middle Mkt. Fin. Corp. v. D'Orazio, 2002 U.S. Dist. LEXIS 17817, at *26 (S.D.N.Y. Sept. 23, 2002)). This proposition actually is not as receptive to an application of the facts to the law as plaintiffs would suggest, and their reliance on this particular case is puzzling. Middle

Market concerned a legal malpractice action; a fuller quotation from that court's opinion provides relevant context:

> I conclude that the foregoing authorities and logic dictate that in a *legal malpractice action* an expert should be permitted to testify to the substantive law applicable to the underlying proceeding, at least to the extent necessary to explain the expert's conclusions that the defendant did or did not exercise the appropriate standard of care.

Id. at *25-26 (emphasis added). Significantly, the court prefaced its discussion of the law with the general observation that "[e]xpert witnesses are not ordinarily permitted to testify to matters of domestic law." Id. at *21 (footnote omitted). A legal malpractice action, however, involves the alleged deviation from acceptable legal practice; therefore, the court recognized, the finder of fact must be informed of those standards:

> [I]n a legal malpractice action, the law applicable in the underlying action and the state of that law at the time of the alleged malpractice is almost always a consideration relevant to determining whether the malpractice plaintiff would have prevailed in the underlying action but for the alleged malpractice and whether the alleged malpractice did, in fact, constitute a departure from acceptable professional standards.

Id. at *21-22; see also Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 100-01 (1st Cir. 1997) ("Further, there may be particular areas of law, such as legal malpractice, where expert testimony on legal matters is admissible where it would normally be excluded."). The case at bar does not involve legal malpractice.

Expert testimony is not prohibited merely because it "embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). Nonetheless, expert testimony that constitutes legal analysis or application of the law would not assist the court – the trier of fact – in understanding the evidence or determining a fact in issue. "[T]he admissibility of opinion testimony that may involve legal conclusions ultimately rests upon whether that testimony helps the jury resolve the fact issues in the case." 29 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6284 (2008) ("Wright & Gold"). The advisory committee's note to Rule 704 provides an illustrative example. Asking an expert witness whether someone "had the capacity to make a will" calls for a legal conclusion and would properly be excluded as not assisting the trier of fact in understanding the evidence or determining a fact in issue. Fed. R. Evid. 704 advisory committee's note. By contrast, asking an expert witness whether someone had "sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational

7

scheme of distribution" could be useful in assisting a trier of fact in understanding the relevance of some evidence and its application to the facts presented at trial. Id.

As a general proposition, expert testimony "that merely tell[s] the trier of fact what result to reach or state[s] a legal conclusion in a way that says nothing about the facts [is] still objectionable." 29 Wright & Gold § 6284. Such testimony does not "assist" as required by Rule 702. See id. Plaintiffs attempt to counter defendant's characterization of the expert reports and testimony as pure legal analysis by arguing that their experts "will provide an expert evaluation of the contents of the Jenkens & Gilchrist opinion to standards and practices regarding tax opinions." Pls.' Br. filed Mar. 19, 2008, at 2. This characterization precisely encapsulates the problem. The expert reports are lengthy legal analyses of past precedent, complemented by arguments attempting to persuade the court that plaintiffs reasonably relied on the legal opinions in a law firm's tax opinion letter.

Plaintiffs suggest that "[d]efendant attempts to straddle both sides of this issue, depending on which position yields some marginal benefit." Id. at 5. Plaintiffs attached as Exhibit 1 to their brief a portion (two pages) of the Government's brief opposing the exclusion of certain expert testimony in Fidelity International Currency Advisor A Fund, L.L.C. v. United States, No. 05-40151 (D. Mass.). According to plaintiffs, that lawsuit is also an action seeking readjustment of partnership items pending before the United States District Court for the District of Massachusetts. In Fidelity the Government opposed the exclusion of experts that were offering "a legal opinion on the 'income tax consequences of each step' of the transaction at issue by applying applicable 'tax law to the facts of each transaction.'" Pls.' Br. filed Mar. 19, 2008, at 5 (quoting Pls.' Br. filed Mar. 19, 2008, Ex. 1, at 21). Yet, the brief portion of the Government's opposition that plaintiffs cite belies this assertion. The experts that the Government offered in Fidelity were non-attorney financial experts. Their testimony would involve the "application of complex tax or accounting *concepts*," id., Exhibit 1, at 21 (emphasis added) (footnote omitted), not tax law. By contrast, the experts that plaintiff offers in this case are lawyers by training. Their reports or testimony are not based on any such financial or accounting expertise. Their testimony embraces not a financial characterization of the underlying tax transactions, but a legal analysis. See Def.'s Br. filed Feb. 19, 2008, at 8 & n.7 ("Mr. Shepard candidly acknowledged during his deposition that he does not possess the requisite expertise in economics to otherwise support such an 'expert' opinion.").

The court is not swayed by plaintiffs' argument that Mr. Smith's expert report and testimony should be admitted because Mr. Smith offered similar expert testimony in Klamath, 472 F. Supp. 2d at 901, and the trial court deemed his testimony admissible and persuasive. It is also irrelevant that in Klamath the Government filed no motion to exclude Mr. Smith's testimony or that the Government was represented by the same counsel as in this

case. The Klamath court did not address any of the authorities that this court regards as dispositive, nor does defendant's later epiphany in this lawsuit to object to Mr. Smith's testimony detract from its right to seek exclusion.

It is unfortunate that the question of the admissibility of this expert testimony comes so late in the pre-trial process. Plaintiffs undoubtedly have expended substantial monetary resources in retaining Professor Shepard and Mr. Smith to produce their reports. Plaintiffs almost assuredly would have benefitted from confirming the admissibility of such legal opinion testimony earlier in the proceeding though an early motion *in limine* to introduce the contemplated expert opinions or oral proffer during a status conference. Fed. R. Evid. 104(a) (admissibility of evidence generally) and Fed. R. Evid 103(a)(2), (b) (offer of proof) can serve as the predicate for ascertaining at an early stage whether it would be worth requisitioning the type of expert legal testimony that plaintiffs now sponsor. Plaintiffs would have preserved their objection should the court have ruled against the proffer, and, if the testimony had not been excluded on the early motion, defendant still could have moved *in limine* to exclude after the reports had been submitted and depositions taken. The advantages of this prophylactic procedure would have been both to limit significant trial preparation efforts, as well as to remit plaintiffs to development of alternative avenues of proof.

Plaintiffs' legal experts are applying the law to the facts, rather than permissibly explaining law in a manner that could inform or assist the finder of fact. Their testimony therefore cannot be admitted under Fed. R. Evid. 702.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

Defendant's motion is granted, and plaintiffs may not introduce the expert reports and testimony of Professor Ira B. Shepard and Stuart A. Smith.

s/ Christine O.C. Miller

_____
**Christine Odell Cook Miller**
Judge
