UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | CIVIL ACTION<br>NOS. 05-40151-FDS<br>06-40130-FDS |

**ORDER**
May 9, 2008

**HILLMAN, M.J.**

Nature of the Proceeding

By Order of Reference dated November 8, 2007, this matter has been referred to me for a ruling on the United States of America's Motion To Compel Production Of Documents From Fidelity International Currency Advisor A Fund, Carruth Management, Carruth Associates, And Affiliates (Docket No. 174).

Nature of the Case

Fidelity International Currency Advisor A Fund ("Fidelity") has filed an action pursuant to 26 U.S.C. § 6226(b) against the United States of America seeking a refund of money held by the Secretary of Treasury. Specifically, Fidelity alleges that the Internal Revenue Service ("IRS") erroneously adjusted certain partnership items of Fidelity for 2001 and erroneously

asserted that any underpayment of taxes resulting from the adjustments are subject to accuracy-related penalties pursuant to 26 U.S.C. § 6662.

## Background

In its motion to compel, the United States requested that this Court order production of unredacted documents which were withheld by Fidelity, Carruth Management, Carruth Associates, and their affiliates on the grounds of attorney-client privilege and attorney work-product privilege. After the initial hearing on this motion on December 10, 2008, I issued an Interim Order On United States of America's Motion To Compel Production Of Documents From Fidelity International Currency Advisor A Fund, Carruth Management, Carruth Associates, And Affiliates (Docket No. 224)("Interim Order"), in which I ordered that the parties meet and confer to determine exactly which documents listed on the privilege log are in dispute. I further ordered that Fidelity provide the Court with copies of the disputed documents for *in camera* review. In accordance with my Interim Order, the parties conferred and the United States identified seventy-five documents (hereafter, the "Designated Documents") on Fidelity's privilege log which it maintains should be disclosed without any redactions. At a further hearing held on January 25, 2008, the parties agreed that this matter would be best served by my conducting an *in camera* review of the Designated Documents.

## Discussion

The Government argues that the Designated Documents are discoverable because the contrary to the Plaintiff's assertion, the documents are not protected by the attorney-client privilege and/or the work product doctrine. Specifically, the Government argues that the documents are not protected by the attorney-client privilege because counsel was providing

primarily business advice rather than legal advice. The Government further argues that if the documents are subject to the attorney-client privilege, such privilege has been waived because the Plaintiff has relied on the advice of counsel defense and because the documents were shared with third parties, thus destroying any privilege which may have attached.

Plaintiff argues that the Designated Documents are protected by the attorney-client privilege because they contain communications constituting legal advice from an attorney to the client or his agent or representative which was intended to remain confidential. Plaintiff also argues that the fact that counsel may have given legal advice concerning the structuring or other aspects of business transactions does not convert such advice into non-privileged business advice. Plaintiff further argues that his reliance on the Sidley Austin and Proskauer Rose legal opinions to establish good faith compliance does not result in a broad subject matter waiver of the privilege, and the fact that counsel communicated with or through Carruth Management, Carruth Associates and their affiliates does not constitute a waiver of the privilege because they are within the "magic circle" of participants eligible to obtain or have access to privileged communications.

### *The Attorney-Client Privilege*

Federal common law governs whether the documents sought by the United States are protected by the attorney-client and/or work product privileges. The Plaintiff, as the party seeking to invoke the privilege, bears the burden of establishing, by a preponderance of the evidence, that the privilege applies. *In re Grand Jury Subpoena*, 220 F.R.D. 130, 140 (D.Mass. 2004). The scope of the privilege is "governed by the principles of the common law as they may

be interpreted by the courts of the United States in the light of reason and experience".

*Fed.R.Evid.* 501.

> The attorney-client privilege is well-established and its rationale straightforward. By safeguarding communications between client and lawyer, the privilege encourages full and free discussion, better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if litigation ensues. Still, the privilege is not limitless, and courts must take care to apply it only to the extent necessary to achieve its underlying goals. In other words, the attorney-client privilege must be narrowly construed because it comes with substantial costs and stands as an obstacle of sorts to the search for truth.
> The dimensions of the privilege itself are reasonably well honed. The privilege protects only those communications that are confidential and are made for the purpose of seeking or receiving legal advice.

*In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003). The privilege protects "not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice", *Upjohn v. United States*, 449 U.S. 383, 390, 101 S.Ct. 677, 683 (1981), and covers both confidential communications made by the client and the attorney's responding advice.

At times, lawyers are asked to give advice concerning the client's business affairs. "A client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs". *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996); *see also Borase v. M/A Com, Inc.* 171 F.R.D. 10 (D.Mass. 1997)(client communications intended to keep attorney apprised of business matters may be privileged if they embody implied request for legal advice based thereon). However, where a lawyer is consulted for business purposes "without reference to his knowledge and discretion in the law", communications between the lawyer and the client are not privileged. *Id.* In general, "'where the ... purpose [of the consultation] concerns rights

4

and obligations, a particular incidental transaction would receive protection, though in itself it were merely commercial in nature.'" *Id.,* at 1502 (quoting 8 John H. Wigmore, *Evidence, § 2296* at 566-67 (McNaughton rev.ed. 1961)). In this case, a substantial number of the communications concern the tax ramifications of certain transactions.  For purposes of determining whether such communications are protected by the privilege, the Court's focus is on whether such communications constitute legal as opposed to business advice:

> It is true that, generally, the mere preparation of a tax return is viewed as accounting work and a taxpayer may not cloak the documents generated in that process with a privilege simply 'by hiring a lawyer to do the work that an accountant, or other tax preparer, or the taxpayer himself ... normally would do'. On the other hand, it is equally true that communications containing legal advice provided by an attorney may be privileged even though they are made in connection with the preparation of a return.
>
> > Determining the tax consequences of a particular transaction is rooted entirely in the law ... [Therefore] [c]ommunications offering tax advice or discussing tax planning ... are 'legal' communications.

*United States v. Textron Inc.*, 507 F.Supp.2d 138, 146 (D.R.I.  2007)(internal citation and citation to quoted cases omitted)(alterations in original).

*Work Product Privilege*[1]

Plaintiff has also asserted that some of the Designated Documents are protected by the work product privilege. Generally, the work product privilege protects from discovery those materials prepared in anticipation of litigation.[2] A document is prepared in "anticipation of litigation" where "the primary motivating purpose underlying the preparation of [such document] was to aid in future litigation". Colonial Gas Co. v. Aetna Casualty and Surety Co., 144 F.R.D. 600, 605 (D.Mass. 1992). Work product may consist of both: (1) material prepared for trial created by or for a party or its representative in anticipation of litigation, or (2) documents which contain the mental impressions, opinions, or litigation theories generated by or for a party or its representative concerning the litigation. See Fed.R.Civ.P. 26(b)(3). "`[A]nticipation of litigation' requires both a reasonable anticipation of litigation as well as a causal connection between the work and the litigation. ... `[T]he lawyer must at least have a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable'". In re Polymedica Corp. Securities Litig., 235 F.R.D. 28, 30-31 (D.Mass. 2006).

*Waiver of the Attorney-Client /Work Product Privilege*

As noted above, the Government argues that even if this Court finds that the Designated Documents are subject to the attorney-client privilege and/or work product privilege, disclosure

---

[1] As with the attorney-client privilege, Plaintiff bears the burden of proving that the work product doctrine applies and the Government would bear the burden of establishing waiver. *In re Grand Jury Subpoena*, 220 F.R.D. at 140.

[2] A party seeking documents which are subject to the work product doctrine may obtain discovery of the same "upon a showing that ... [such party] has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means". Fed.R.Civ.P. 26(b)(3). The only issue before me is whether the Plaintiffs have properly invoked the work product doctrine with respect to documents listed on its privilege log; that is, the question of whether the Government can establish substantial need for any documents this Court finds subject to the work product doctrine remains open.

is warranted because Plaintiff has waived the privilege(s) as to communications made with third party representatives and as to the subject matter of the Sidley Austin and Proskauer Rose legal opinions. The Government bears the burden of establishing that there has been a waiver of the privilege(s). *In re Grand Jury Subpoena*, 220 F.R.D. at 140.

The privilege covers confidential communications made to persons acting as the attorney's or client's agent. *United States v. Kovel*, 296 F.2d 918, 921 ($2^d$ Cir. 1961). Where privileged communications are disclosed to someone other than the attorney or client, the privilege may be waived. However, disclosure to those other than the client "needed in the representation" or to those "closely related persons who are appropriate, even if not vital, to a consultation", *i.e.* the so-called "magic circle", does not destroy the privilege. *United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 684 (1st Cir. 1997). Carruth and its affiliates act as agents and representatives of the Plaintiff attending to a variety of his legal and financial concerns. I find that the employees (both legal and non-legal) of Carruth Management LLC and Carruth Associates LLC, which, as noted, are entities which have been engaged by the Plaintiff to manage his considerable investments, are within the "magic circle" and therefore, the fact that they sought and received legal advice on behalf of the Plaintiff does not destroy the privilege.

The privilege may also be waived where the client asserts an "advice of counsel" defense. Reliance on an opinion of counsel letter as part of an affirmative defense operates as a subject matter waiver with respect to the attorney-client privilege as to all communications on the same subject matter. *Saint-Gobain/ Norton Ind. Ceramics Corp. v. General Elec. Co.,* 884 F.Supp. 31 (D.Mass. 1995). In this case, the Plaintiff is relying on legal opinions issued by Sidley Austin and Proskauer Rose. The Sidely Austin opinion concerned the federal income tax

consequences of various investment transactions which the Plantiff made directly and through the use of options. The Proskauer Rose opinion concerned whether the Plaintiff would be subject to certain disclosure requirements under the Internal Revenue Code as a result of his involvement in such transactions. At issue in this case will be whether the Plaintiff reasonably relied on these opinions. The question then becomes the extent to which such reliance on these opinions constitutes a waiver with respect to otherwise privileged communications contained in the Designated Documents. At a minimum, the party against whom the advice of counsel defense is raised:

> '... should be entitled to discover the facts relating to when [the party invoking the privilege] sought the advice, what [such party] knew about [the opinion giver's] independence, skill and competence to provide the opinions, what [such party] knew about the nature and extent and analysis performed by [the opinion giver], and what [such party] know or had concluded about the credibility, value, and reasonableness of the opinion.'

*Micron Separations, Inc. v. Pall Corp.*, 159 F.R.D. 361, 363 (D.Mass. 1995)(quoting *Handgards, Inc. v. Johnson & Johnson,* 413 F.Supp. 926, 929-33 (N.D.Cal. 1976). The waiver is broad and includes "all communications on the subject matter" of the opinion and "would include all documents or information which [the party invoking the advice of counsel defense] received from any source on the subject matter" of the opinion. *Id.* Furthermore, "the party must produce no only other communications and opinions of the [attorney issuing the opinion], but also privileged information from other counsel involving the same subject". *Beneficial Franchise Co., Inc. v. Bank One, NA*, 205 F.R.D. 212, 217 (N.D.Ill. 2001). Furthermore, it is the Court and not the party asserting the advice of counsel defense which determines its parameters: "[t]here is an inherent risk in permitting the party asserting a defense to this reliance on the advice of counsel to define the parameters of the waiver of the attorney-client privilege as

to that advice. That party should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore, the scope of discovery. To do so would undermine the very purpose behind the exception to the attorney-client privilege at issue here-- fairness." *Glendmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3$^d$ Cir. 1995).

I find that Plaintiff will be required to turn over not only materials from Sidley Austin and Proskauer Rose[3], but any documents or materials from other counsel which go to the Plaintiff's reliance on the subject matters addressed in the Sidley Austin and Proskauer Rose opinions and conclusions by such other counsel which cast doubt on such opinions.

With this background, I will now address whether the Plaintiff has properly withheld the documents on the privilege log and redacted privilege log.[4]

---

[3] To my knowledge, Plaintiff is not contesting that he is required to turn over information relating to the subject matter of the opinions which is in the possession of Sidley Austin and Proskauer Rose.

[4] The attorney-client privilege will be deemed waived where the client raises an advice of counsel defense, or where the client "'affirmatively raises[s] a claim that can only be effectively disproven through discovery of attorney client-communications'". *Evergreen Trading, LLC v. United States*, 80 Fed.Cl. 122, 140 (Fed. Cl. 2007)(citation to quoted case omitted). Plaintiff asserts in his memorandum that as an affirmative defense he has asserted that he relied on the non-privileged legal opinions of Sidley Austin and Proskauer Rose and that he has not otherwise asserted any claims or defenses that would bring the contested documents into the case. Accordingly, I am assuming for purposes of this opinion that none of the claims or defenses which Plaintiff may raise during future proceedings would directly or indirectly rely on legal advice contained in the contested documents (other than Plaintiff's reliance on the Proskauer Rose and Sidley Austin opinions). If at some point during the proceedings it becomes apparent that Plaintiff will attempt to rely on other claims/defenses that would impliedly waive the privilege with respect to the Designated Documents, then it would be appropriate for the Government to file a motion requesting that the Court reconsider whether any documents that it has ordered withheld based on the attorney-client/work product privilege should be disclosed, or that the Plaintiff not be allowed to assert such claim/defense.

**Whether Documents on the Privilege Log (Unredacted) Must Be Disclosed**

*Documents Subject To Attorney-Client Privilege/Work Product Privilege*

I am satisfied that the following documents constitute communications from client to lawyer, lawyer to client or lawyer to lawyer for the purpose of obtaining/giving legal advice and which were intended to be confidential and therefore, are protected by the attorney-client privilege: Doc Nos. 19, 20, 75, 149, 152, 202-04, 225-27, 231, 242, 245, 253, 258, 264, 270-72, 280, 283, 287-88, 300, 303, 307, 355-56, 365-66, 383, 395, 403, 405, 411, 429, 432-33, 435, 437-38, 440, 463, 481, 488, 490, 494, 498, 526, 567, 594, 623, 632, 650-51, 665, 717, 731, 734, 801-02, 1235, 1263, 1269, 1271, and 1333. Additionally, I find that the last sentence of the original e-mail message from Carolyn Fiddy and Stephanie Denby's response in Doc. No. 85 and the second full paragraph in Doc. No. 364 are protected by the attorney-client privilege.

I am also satisfied that the following documents constitute (1) material prepared for trial created by or for the Plaintiff or its representative in anticipation of litigation (generally, against KPMG), or (2) documents which contain the mental impressions, opinions, or litigation theories generated by or for the Plaintiff or its representative concerning the litigation, and therefore, are protected by the Work Product Privilege: Doc. Nos. 280, 283, 287, 300, 337, 355-56, 432, 433, 435, 437-38, 440, 632, 650-51, and 801-02.

*Whether the Privilege has been Waived With Respect To any of these Documents*

As stated above, I do not find that either privilege was waived because the communications were between Plaintiff's legal advisors and third-parties, *i.e.,* Carruth Associates LLC, Carruth Management LLC and their employees. With the exception of Doc. No. 463, I do not find that there has been a waiver on the grounds that these documents

constitute information which Plaintiff received on the same subject matter as the Proskauer Rose and Sidley Austin Opinions. However, as to Doc. No. 463, I do find that the subject matter of this communication relates directly to the opinions and therefore, must be disclosed.

*Document Nos. 13, 14, 16 and portions of Doc Nos. 84, 85 and 364 are not privileged*

Documents 13, 14 constitute an internal communications from Carolyn Fiddy of Carruth Assoc. responding to an e-mail from Stephanie Denby, Esq. to Patrick Shea of Carruth Assoc. (Fiddy is a cc on the Denby original e-mail and Shea is a cc on the Fiddy response to Denby) and then a further response from Denby to Fiddy. These communications relate substantially to business matters; confidential legal advice is neither given, nor sought and therefore, this document shall be disclosed**.**

Document 16 is a draft exhibit which reflects amounts of cash contributions. This communication relates substantially to business matters, legal advice is neither given nor sought. The document shall be disclosed. Document No. 84 concerns primarily business matters (indeed, the e-mail reflects that the matter will be addressed by the accounting department). Legal advice is neither given, nor sought. Therefore, the document shall be disclosed. Document No. 85, is again, a document which relates substantially to business matters and therefore, must be disclosed, *except* for*,* the last sentence of the original e-mail from Carolyn Fiddy and Stephanie Denby's response. Document No. 364 relates substantially to business matters. With the exception of the second full paragraph of the e-mail, legal advice is neither given nor sought. The document shall be disclosed, however, the second full paragraph may be redacted.

### Whether Documents on the Privilege Log (Redacted) Must Be Disclosed[5]

*Redactions Subject To the Attorney-Client/Work Product Privilege*

I agree with Plaintiff that the following redactions are communications from client to lawyer, lawyer to client or lawyer to lawyer for the purpose of obtaining/giving legal advice and therefore, are protected under the attorney-client privilege: Nos. 035910, 035912, 035915-16, 035918, 035919-52, 03615, 03617, 03618-19, 036053, 036055, 036065, 036066, 047858-59 as to the first paragraph only, 047860 as to the top paragraph only, *i.e,* the paragraph which is authored by Stephanie Denby, 047861 as to the top paragraph only, *i.e.,* the paragraph which is authored by Stephanie Denby,047863, 047865-66, 047867-68, 047869-70, 047871-72, 047880-82, 047886-922, 047977-985, 048208-56, 048427, 048435, 048451, 048468, 048535-36, 051390-96, 058493-94 and 064917.

Document Nos. 048830-31, 048832-34, 048835-38, 048839-42, 048843-47, 048848-51, 048852-54, 048855-56, 048857-59, 048860-62, 048863-64, 048865-67, 048868-69, 048870-71, 048872-74, 048875-77, 048878-80, and 04881-82 are all bills for legal services provided by the law firm of Burke, Warren, Mackay & Serritella, P.C. to the Plaintiff. The redactions are descriptions of transactions for which the Plaintiff was billed and describe the subject matter relating to the work performed. The First Circuit has refused to adopt a *per se* rule regarding whether attorney invoices are protected by the attorney-client privilege. Instead, the focus must be on the content of the invoices, that is, whether the information contained in the invoices

---

[5]Plaintiff's contested redacted items privilege log is not as detailed as the privilege log for non-redacted items. For example, where the log indicates that a document is a memorandum prepared by the client for to file, it is not always apparent who authored the contested document or the context in which the document was authored (that is, where the information in the documents came from, *i.e.*, a discussion with counsel or a discussion with a third-party). Since Plaintiff seeks to protect these communications from disclosure and since Plaintiff bears the burden of establishing that the privilege applies, in some cases, this lack of information is fatal to Plaintiff's attempt to shield the information.

provides substantive information concerning the representation. *See In re: Grand Jury Subpoenas*, 123 F.3d 695, 699 (1st Cir. 1997). Specifically, the information is protected if it "relates to facts communicated for the purpose of securing a legal opinion, legal services, or assistance in a legal proceeding." *Id.*[6] As to these invoices, I find that the redacted information is privileged because the information indicates the nature of the legal services provided. *See Kiepler v. Nyman*, No. 98-CV-272, 1999 WL 33453075 (D.R.I. Mar. 8, 1999).

I am also satisfied that the following redactions constitute (1) material prepared for trial created by or for the Plaintiff or its representative in anticipation of litigation (generally, against KPMG), or (2) redactions which contain the mental impressions, opinions, or litigation theories generated by or for the Plaintiff or its representative concerning the litigation, and therefore, are protected by the Work Product Privilege: Nos. 048427, 048865-67, 048868-69, 048870-71, 048872-74, 048875-77, 048878-80, 048881-82 and 064917.

*Whether the Privilege has been Waived With Respect To any of these Redactions*

Again, I do not find that either privilege was waived because the communications were between Plaintiff's legal advisors and third-parties, *i.e.,* Carruth Associates LLC, Carruth Management LLC and their employees. However, I do find that there has been a waiver as to the following redactions on the grounds that they constitute communications concerning the Proskauer Rose and/or Sidley Austin Opinions: 035915-16, 036055, 064917 and 048881-82, as to the first redaction on 10/08/03 and the second redaction on 10/09/03 only. Therefore, these redactions shall be disclosed.

---

[6]The First Circuit listed three other factors: that "the client was, or sought to be, a client of the law firm", "that the lawyer acted as a lawyer I connection with the information at issue", and "the privilege has not been waived". *In Re: Grand Jury Subpoenas*, 123 F.3d at 699. There is no question that the first two of these factors are met; the issue of waive will be addressed later in this Order.

*Redactions Nos. 035911, 035913-14, 036050, 036059, 036069, 036070, 047862, 048205 and 048467, and portions of Nos. 047858-59, 047860, 047861 are not privileged*

I find that the Plaintiff has failed to establish that confidential *legal* advice was either given or solicited with respect to the following redactions: Nos. 035911, 035913-14, 036050[7], 036059, 036069, 036070, 047858-59 as to the second paragraph beginning with "also", 047860 as to the redaction which is authored by Carolyn, 047861 as to the second redaction which is authored by Carolyn, 047862, 048205 and 048467.  Therefore, these redactions shall be disclosed.

## Conclusion

The United States of America's Motion To Compel Production Of Documents From Fidelity International Currency Advisor A Fund, Carruth Management, Carruth Associates, And Affiliates (Docket No. 174) is <u>allowed</u> in part and <u>denied</u> in part, as provided in this Order.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE

---

[7] Even if I were to find that confidential legal advice was given or solicited with respect to Doc. No. 036050, I would find that the privilege has been waived since this e-mail was shared with at least one person outside the "magic circle".