UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR WITHDRAWAL OF LETTERS ROGATORY REQUESTING INTERNATIONAL JUDICIAL ASSISTANCE FROM THE ISLE OF MAN

The United States of America moves the Court to withdraw its two pending letters rogatory requesting assistance from the judicial authorities of the Isle of Man.

The United States moved for issuance of the letters rogatory to the judicial authorities of Ireland *and* the Isle of Man primarily to "examine the foreign participants, their foreign associates, and their records in order to fully analyze and present evidence illuminating whether the purported foreign partners[, that is, Samuel Mahoney and Martin Hawkes,] were real or phony partners, and, accordingly, whether Fidelity International [Currency] Advisor A Fund . . . was an actual or sham partnership for federal income tax purposes."[1] That primary objective has been achieved through the enforcement of the Ireland letter rogatory.

The examination of the foreign participants, as sought through the letters-rogatory process, necessarily involved the examinations of Messrs. Mahoney and Hawkes. Messrs. Mahoney and Hawkes were the subject of the Ireland letter rogatory (along with their business associate John Hussey), and were the purported partners in each of the FDIS transactions,

---

[1] U.S. Mem. in Supp. of Issuance, Docket Entry No. 89, at p. 5.

including the plaintiff's. The Ireland letter rogatory was honored by the Irish authorities, as described in greater detail below.

Oliver Peck and Nigel Scott, employees of Singer & Friedlander merchant bank during the relevant periods, were the subject of the first Isle of Man letter rogatory. That letter rogatory has not yet been enforced, for a number of reasons. Mr. Peck's and Mr. Scott's former employer, Singer & Friedlander merchant bank, which the United States alleges "facilitated" the implementation of the Fidelity International transaction,[2] sold its trust business to Simcocks Trust Ltd.[3] At the same time, the companies used by Messrs. Mahoney and Hawkes to implement the FDIS transactions (Kilsture Ltd., Maddox Ltd., Cumberdale Holdings Ltd., and Trilogy Investments Ltd.) sought to intervene in the Isle of Man to prevent the dissemination of any information in response to the Court's first Isle of Man letter rogatory. Given those developments, the United States sought and the Court granted a second Isle of Man letter rogatory.

The primary purpose of the second Isle of Man letter rogatory was to obtain documents, principally account records, relating to the funding of the capital contributions of Messrs. Mahoney and Hawkes for their membership interests in the FDIS partnerships, and also relating to any fees that may have been paid to them for playing the role of purported partners in the FDIS transactions. This second request to the Isle of Man continues to be the subject of litigation in Isle of Man courts. Since the issuance of the second Isle of Man letter rogatory, the subject companies have sought to prevent the enforcement of both of the Court's requests to the Isle of

---

[2] U.S. Mem. in Supp. of Issuance, Docket Entry No. 89, at p. 4.

[3] That information was learned from Oliver Peck, who was a subject of the first Isle of Man letter rogatory.

Man. The Isle of Man court is holding in abeyance the first letter rogatory seeking testimony and documentary evidence of Messrs. Scott and Peck,[4] pending the outcome of the litigation on the second Isle of Man letter rogatory. Following two hearings, the Isle of Man court took under advisement the respective arguments on the enforceability of the second Isle of Man letter rogatory.[5]

In the meantime, the Court's letter rogatory to the judicial authorities of Ireland has been fully enforced. Pursuant to an agreement between the Irish witnesses and the United States, the Irish witnesses voluntarily appeared and gave testimony under oath in an Irish Court on May 13-14, 2008.[6] Both the United States and the plaintiff examined Messrs. Mahoney and Hawkes on the subject matter set forth in the Court's letter rogatory requests. Additionally, Messrs. Mahoney and Hawkes provided supporting documentation showing the source of their funding in the FDIS partnerships. On May 15, 2008, the Irish court presided over a formal signing

---

[4]Following Mr. Peck's voluntary interview with counsel for the United States, the United States has not sought to question him further.

[5]The United States received from the Isle of Man court on June 17, 2008 a ruling on the objections to the second Isle of Man letter rogatory. That ruling is not final, as judgment has not been entered. The ruling is undated, and we have been advised by local counsel that judgment would be entered at a hearing to be scheduled by the Isle of Man court. If entered, judgment would allow the first Isle of Man letter rogatory to proceed, but would dismiss the second. At that time, the United States would have the right to appeal the judgment. However, in light of a prior agreement described below, the United States and the witnesses are in the process of resolving this matter without additional involvement of the Isle of Man judiciary. Under the terms of the proposed resolution, the United States and the witnesses would ask the Isle of Man court to hold in abeyance the non-final ruling, allowing this Court the opportunity to rule on this withdrawal motion. If the withdrawal motion is granted, the United States and the witnesses would ask the Isle of Man court to withdraw as moot, or not enter judgment on, its ruling on the second Isle of Man letter rogatory, and the United States would not appeal that ruling nor, of course, pursue the enforcement of the first Isle of Man letter rogatory.

[6]It was agreed with the Irish witnesses that if they testified and provided relevant information in the Irish letter-rogatory proceedings, the United States would take steps to seek withdrawal of the Isle of Man letters rogatory.

ceremony of the transcripts of the testimony of Messrs. Mahoney and Hawkes.  Certified transcripts with attached exhibits are expected to be produced shortly, through diplomatic channels, which will thereafter be filed with the Court.

Because the Court and the United States have obtained the basic information sought by the Isle of Man letters rogatory through the Ireland letter-rogatory process– specifically, a roadmap of how the funds were paid by the promoters of the FDIS transactions– it is not essential that the Isle of Man letters rogatory be enforced.  That is particularly so where, as here, those letters rogatory continue to be the subject of significant expense to the United States and staunch opposition by the subject companies.  Because of the opposition and the recent ruling on the Isle of Man, it is likely that the evidence sought by those letters would not in any event be produced before the commencement of trial in this case on September 22, 2008.  Given that the primary purpose of the Isle of Man letters rogatory has been achieved, the expense to the United States in continuing to pursue the enforcement of these letter requests, and the uncertainty of the outcome, we respectfully believe that the withdrawal of the Isle of Man letters rogatory is now appropriate.

## Conclusion

The letters-rogatory process has produced highly relevant evidence relating to the FDIS transactions, including the Fidelity International transaction.  The Court will now have the benefit of testimonial and documentary evidence from Samuel Mahoney, who was a purported partner in Fidelity International Currency Advisor A Fund.  The Court will also have the benefit of evidence from Martin Hawkes, who, along with Mr. Mahoney, was a purported partner in dozens of other FDIS transactions.  As the United States said when moving for the letters rogatory, the evidence is important to the determination of the nature of the Fidelity International "partnership"– that is, whether it is a real partnership or a phony partnership that should not be

respected for tax purposes. Because we have received complete testimony and supporting documentary evidence from the primary focus of the letters rogatory– Messrs. Mahoney and Hawkes– the withdrawal of the Isle of Man letters rogatory is appropriate. The continued litigation of the Isle of Man letters rogatory would come at significant expense to the United States, and seem unlikely to bear additional fruit in time for trial of this case. As such, the United States moves the Court to withdraw its letters rogatory to the Isle of Man. A proposed withdrawal is attached to the motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Tax Division, U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-6561
Facsimile:  (202) 514-5238
E-mail:   john.a.lindquist@usdoj.gov
          barry.e.reiferson@usdoj.gov
          heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on June 17, 2008.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division