UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**EMERGENCY MOTION AND MEMORANDUM TO EXPEDITE BRIEFING ON THE MOTION FOR WITHDRAWAL OF LETTERS ROGATORY REQUESTING INTERNATIONAL JUDICIAL ASSISTANCE FROM THE ISLE OF MAN**

The United States of America moves the Court to expedite the briefing on the pending motion to withdraw the two letters rogatory requesting judicial assistance from the Isle of Man in order that these two letters rogatory might be resolved prior to a hearing scheduled by the Isle of Man court one week from today on June 30, 2008, and thereby avoid the further unnecessary expenditure of judicial time and resources by the Isle of Man court.

**Current Status of the Proceedings on the Isle of Man Letters Rogatory**

The Isle of Man court held today, June 23, 2008, a hearing on the two letters rogatory, and adjourned the matter to June 30, 2008.[1] One purpose of the hearing was to enter judgement on the court's recently-issued decision on the second letter rogatory. The United States applied

---

[1] As explained in the motion to withdraw the letters rogatory, the first letter rogatory on the Isle of Man relates to Nigel Scott and Oliver Peck, former employees of Singer & Friedlander merchant bank, which facilitated the transactions at issue in this case. That first letter rogatory is still pending and, as described below, it, and therefore the subject witnesses, will be affected by the outcome of the proceedings here and on the Isle of Man. The second Isle of Man letter rogatory is the subject of the scheduled hearing and relates to documents sought from Singer & Friedlander's successor-in-interest, Simcocks Trust, and four companies with which it worked and whose beneficial owners are Samuel Mahoney and Martin Hawkes– the subjects of the enforced Ireland letter rogatory.

for adjournment of the hearing so that it and the witnesses, including the beneficial owners of the subject Isle of Man corporate witnesses (Kilsture, Maddox, Cumberdale, and Trilogy), may continue to pursue settlement and withdrawal of *both* letters rogatory and thereby avoid unnecessary litigation.  Such a settlement is highly dependent on this Court's ruling on the United States' motion to withdraw the letters rogatory.  In adjourning the hearing, the Isle of Man court expressed a desire to learn more about the settlement, and stated that it was unlikely to grant an additional adjournment without a great deal of persuasion.  As such, absent a settlement of the two letters rogatory by June 30, 2008, it is likely that the Isle of Man court will be required to expend further unnecessary judicial time and resources, including the entry of an appropriate judgement on the second letter rogatory, entertaining the issue of costs on the second letter rogatory, and discussing the disposition of the remaining letter rogatory.  In requesting the adjournment, Isle of Man counsel for the United States noted the unfortunate timing of the Isle of Man court's recent decision given that the United States filed a motion to withdraw both letters rogatory on the following day, and had been planning to file it on the day it received the draft decision.

Given its request for additional information, we respectfully believe that the Isle of Man court should be informed to the extent possible in advance of the June 30 hearing as to whether the two letters rogatory are withdrawn.  With that information, the Isle of Man court can then determine how it wishes to proceed with respect its decision on the second letter rogatory and the need to further entertain the first letter rogatory.

## **ARGUMENT**

There are two letters rogatory pending on the Isle of Man.  To be of use to the Isle of Man court in deciding how to proceed on June 30, 2008, the United States' motion to withdraw would

have to be decided by the end of this week, so that this Court's determination could be transmitted to the Isle of Man court in advance of its hearing. Depending on the outcome and timing of the motion to withdraw, the Isle of Man court will be presented with one of two very different scenarios: (1) it has no letters rogatory to consider, as they have been withdrawn, thereby obviating the need for any additional judicial involvement insofar as the letters rogatory are concerned; or (2) it must, in the absence of withdrawal, enter judgement on the second letter rogatory and proceed to consider the enforcement of the first letter rogatory which seeks to compel Messrs. Scott and Peck[2] to give testimony and provide documents. At that time, Messrs. Scott and Peck may object or agree to testify and disclose documents. Also at that time, Kilsture, Maddox, Cumberdale, and Trilogy may continue to seek intervention in order to prevent the dissemination of information to which they claim a proprietary interest, and Simcocks Trust may join in that effort, as Messrs. Scott and Peck are former employees of Simcocks's predecessor in interest, Singer & Friedlander. If the letters-rogatory process continues, the Isle of Man court would have to consider the requests and objections, and take other appropriate steps. Additionally, if, in the absence of this Court's withdrawal of its letters rogatory, the Isle of Man court enters judgment on the second letter rogatory, then that judgment becomes appealable and could lead to additional litigation on the Isle of Man – in the immediate form of the filing of a protective notice of appeal of the second letter rogatory.

All of this additional and unnecessary litigation would come as the result of the plaintiff's opposition to withdrawal of the letters rogatory which it steadfastly opposed in the first instance.

---

[2] The United States has informed the Isle of Man court that it does not seek to enforce the letter rogatory against Mr. Peck, but it is unclear whether the letter can be modified to exclude him.

Since opposing the issuance of the letters rogatory in Ireland and the Isle of Man, the plaintiff has taken virtually no role in the enforcement of them. The plaintiff did question the Irish witnesses when the witnesses agreed to testify, but it did little else. It has been no more than an observer on the Isle of Man. As such, it is difficult to determine plaintiff's purpose in opposing withdrawal. If the purpose of the plaintiff's opposition is to point out that one court has agreed with it (in part) as to one of three pending letters rogatory – while the other Isle of Man letter rogatory remains pending and the Ireland letter rogatory has been enforced – it would hardly seem worth the effort and costs.

These costs would have to be borne by the Isle of Man court through the unnecessary expenditure of judicial time and resources. In addition, the failure to timely settle these letter requests would also greatly inconvenience the Isle of Man witnesses who would be forced to continue to litigate. Moreover, the Irish witnesses also wish to see these letters withdrawn immediately, which the United States so agreed upon their providing, voluntarily, testimony pursuant to this Court's Ireland's letter rogatory.

The United States avers that, if this motion to expedite is granted, it will not file a reply brief, thereby allowing the matter to be considered immediately by the Court. Nonetheless, the plaintiff's opposition would have to be filed in sufficient time for the Court to rule this week on the motion to withdraw. The plaintiff advised the Court on Wednesday, June 18, 2008, that it would oppose "expeditiously."[3] Given that the plaintiff by then already made up its mind to oppose, it would seem that it could file its opposition one week later, by June 25, 2008. If so, the United States would welcome the opportunity to discuss this matter when in front of the Court on June 25, so that the Court may be able to resolve the matter in time to notify the Isle of Man court in advance of its July first hearing.

---

[3] Notice of Intention filed June 18, 2008.

**Conclusion**

Because the outcome of the motion to withdraw will necessarily impact the proceedings on the Isle of Man, it would be best if that decision came in time for transmittal in advance of the June 30th hearing on the Isle of Man. If this motion is granted and the briefing schedule is expedited to allow for a timely ruling on the withdrawal motion, the United States will not file a reply brief. Given the plaintiff's June 18th notice that it would oppose "expeditiously," a truncated schedule whereby the plaintiff would file its opposition no later than Wednesday, June 25, 2008, is reasonable.

Certification

I certify that counsel for the United States conferred by telephone on June 23, 2008 with counsel for the plaintiff and attempted in good faith to determine when the plaintiff intended to file its opposition and if the plaintiff opposes the relief sought in this motion. The plaintiff did not provide its position as to this motion, which is being filed on an emergency basis.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    /s/ Dennis M. Donohue
    DENNIS M. DONOHUE
    CHIEF SENIOR LITIGATION COUNSEL
    OFFICE OF CIVIL LITIGATION
    Tax Division, U.S. Department of Justice
    P.O. Box 403, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-6492
    Facsimile: (202) 307-2504
    E-mail: dennis.donohue@usdoj.gov

    JOHN A. LINDQUIST
    BARRY E. REIFERSON
    HEATHER L. VANN
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    P.O. Box 55, Ben Franklin Station
    Washington, D.C. 20044-0055
    Telephone: (202) 307-6561
    Facsimile: (202) 514-5238
    E-mail:   john.a.lindquist@usdoj.gov
                barry.e.reiferson@usdoj.gov
                heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on June 23, 2008.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division