UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Civil Nos. 05-40151-FDS (D. Mass.)<br>06-40130-FDS (D. Mass.)<br><br>Judge Saylor |

**CONSOLIDATED FOR TRIAL WITH**

| | |
|---|---|
| FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by the Tax Matters Partner )<br><br>Plaintiff, )<br><br>v.<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Civil Nos. 06-40243 & 06-40244<br><br>Judge Saylor |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION
FOR LEAVE TO USE TAX RETURNS PRODUCED BY GRANT THORNTON AT
TRIAL AND TO DISCLOSE ONE IDENTIFIER ON THOSE TAX RETURNS**

The United States has moved this Court for leave to file certain Tax Returns produced by Grant Thornton and to disclose Identifier (1), the Name of Taxpayer, set forth in the Addendum, at the trial in the above-captioned cases, which is scheduled to commence on September 22, 2008.

## BACKGROUND

On January 8, 2007, the Court issued a protective order between the parties and Grant Thornton regarding documents to be produced by Grant Thornton in response to a subpoena issued by the United States.[1] On June 14, 2007, the Court issued the Addendum to that protective order specifically relating to the use of Tax Returns to be produced by Grant Thornton in response to the United States' subpoena.[2] As set forth in that Addendum, a party can introduce Tax Returns or disclose Identifiers at trial only by filing a Motion for Leave no later than sixty days before the start of trial and serving the Motion for Leave on Grant Thornton.[3] The United States has so moved.

A.   **FIDELITY INTERNATIONAL**

### THE TAX RETURNS

The Tax Returns that the United States moves this Court for leave to use at trial in connection with the *Fidelity International* case are set forth in Government Exhibit 1,[4] that list being comprised of the Forms 1065 of other participants in FDIS transactions during 2001.[5] Exhibit 1 includes the Forms 1065 for the taxable years 2001 and 2002 since participants claimed

---

[1] Docket Item #54.

[2] Docket Item #151.

[3] See Addendum, ¶9. Other provisions in paragraph 9 apply when a party decided to introduce Tax Returns or disclose Identifiers during the course of the trial.

[4] Grant Thornton produced the Forms 1065 listed on Government Exhibit 1 with the Bates-stamp prefix of "GTFID." Before producing those documents to plaintiff, the United States added "2" or "3" to that prefix which identifies Grant Thornton's production number.

[5] For the sake of completeness, Richard Egan's Forms 1065 are included in Government Exhibit 1 even though those returns are not a subject of this motion because there is no question that those returns will be used at trial and there is no protection for those returns. *See e.g.*, Addendum, ¶1(a).

certain tax benefits relating to the FDIS transactions either or both in their 2001 and 2002 partnership tax returns.

## ARGUMENT

**I. The Partnership Tax Returns Are Highly Relevant to the United States' Case**

Each of the Tax Returns relates to the FDIS tax shelter at issue in *Fidelity International*. The United States plans to use the FDIS Partnership Tax Returns at trial to show the similarities and differences in the reporting of certain items on Fidelity International's Forms 1065 that was prepared by KPMG and that of the other partnerships returns used in FDIS transactions that were prepared by Grant Thornton. Evidence will be adduced to show that KPMG was made aware of how Grant Thornton was preparing the returns for the other FDIS transactions. This evidence is highly relevant as to whether attempts were made to conceal the transaction on the Fidelity International partnership returns and on the Egans' personal returns.

Moreover, this evidence will show that all the FDIS participants reported huge paper gains to the foreign partner and huge paper losses to the U.S. taxpayer on the partnerships' returns, which, in turn, is highly relevant to the issue of whether these transactions were meticulously scripted from the outset and also relates to whether the foreign partners could realistically have entered these transactions with the purpose (principal or otherwise) of realizing a profit on the option transactions.

**II.     Names of Taxpayers Should Be Disclosed So as Not to Inhibit Evidence Presentation**

The problem with not disclosing the name of the partnership and the name of each partner is that it would prevent the United States from demonstrating the link between the Tax Returns and third-party taxpayers referred to in other exhibits that the United States plans to introduce at trial. We believe that such third-party-taxpayer evidence, when considered together with the data

on the Tax Returns, will show, for example, that various third-party taxpayers followed the exact same set of steps for their transactions as were followed here. Moreover, again for example, such evidence, when considered together, would also show the promotion of the FDIS tax shelter was a coordinated effort between law firms, accounting firms, foreign entities, tax-shelter promoters, and tax-shelter participants. The United States would be severely prejudiced if it were to be precluded from showing the linkage between the third-party tax-return data and other highly relevant evidence.

B.     FIDELITY INTERNATIONAL AND FIDELITY HIGH TECH

THE TAX RETURNS

The Tax Returns that the United States moves this Court for leave to use at trial in connection with the *Fidelity International* and the *Fidelity High Tech* cases are the 2001 Form 1040 of Phillip R. Bennett and the 2001 Form 1065 of Equity Trading 2001 Fund, LLC, a partnership through which Mr. Bennett engaged in an Short Option Strategy tax shelter, using Chester Investors, LLC. The transaction was implemented by The Diversified Group Inc., ("DGI") one of the co-promoters of the transactions at issue in this litigation. Mr. Bennett's Form 1040 is Bates-stamped pages 2GTFID021055-021119 and Chester Investor's Form 1065 is Bates-stamped pages 2GTFID021120-021135.[6]

ARGUMENT

I. The Tax Returns are Highly Relevant to the United States' Case

Phillip R. Bennett is the former Chief Executive Officer and fifty-percent owner of Refco,

---

[6] Grant Thornton produced the Form 1040 with the Bates-stamp of GTFID021055-021119 and Form 1065 with a Bates-stamp of GTFID021120-021135. The United States added the prefix "2" before producing the documents to plaintiff.

Inc. ("Refco").[7] On February 15, 2008, Mr. Bennett pleaded guilty to, inter alia, several counts of conspiracy as well as to securities fraud, wire fraud, material misstatements to auditors, bank fraud and money laundering in connection with certain transactions that he and others directed to occur during every year beginning at least as early as 1999 and continuing through 2005.[8] Those transactions hid hundreds of millions of dollars of losses that Refco sustained during those years.[9]

Refco Capital Markets, a subsidiary of Refco, was the counter-party to the options entered into by Fidelity High Tech Option A Fund (Maureen Egan's wholly-owned LLC) and Fidelity High Tech Index A Fund (Richard Egan's wholly-owned LLC) in the *Fidelity High Tech* litigation and the options entered into by Fidelity World Currency Advisor A Fund, LLC, (Richard Egan's wholly-owned LLC) in the *Fidelity International* litigation. These options resulted in the creation of the artificially high basis in the Fidelity High Tech and Fidelity International partnerships.

It is the United States' position that Refco Capital Markets was an active co-promoter of the FDIS and stock dribble transactions, and was realizing huge profits on these transactions by charging fees, through Refco Capital Markets, which were well above the normal market rates for option trades. The fact that Mr. Bennett reported losses on his partnership and personal returns which arose from a DGI-sponsored tax-shelter transaction is highly relevant to our position that Refco Capital Markets was aware that the real purpose of these transactions was to generate artificial tax losses. Accordingly, it is relevant to the United States' case that in 2001,

---

[7]See Government Exhibit 2, p. 1.

[8]See Government Exhibit 2, pp. 1, 3.

[9]See Government Exhibit 2, pp. 2-3.

the same year that the United States contends that plaintiff engaged in the tax shelter that is the subject of the above-referenced case and paid an extraordinarily high fee to Refco Capital Markets, Mr. Bennett personally engaged in a similar tax shelter.

**II.  Names of Taxpayers Should Be Disclosed So as Not to Inhibit Evidence Presentation**

Due to Mr. Bennett's identity as the former Chief Executive Officer and fifty-percent owner of Refco and due to Refco Capital Markets' central role in the transactions at issue, it is essential that the United States be able to demonstrate the link between Mr. Bennett and the transaction at issue.  We believe, for example, that Mr. Bennett's 2001 Form 1040 and the 2001 Form 1065 of Equity Trading 2001 Fund, LLC is relevant to show that Refco was involved in facilitating tax shelters and Refco's involvement in tax shelters reached all the way up to its Chief Executive Officer.

## CONCLUSION

For the reasons stated above, the Court should allow the United States to introduce the Tax Returns set forth above at trial and to disclose the names of the taxpayers on those returns.

Dated: July 23, 2008

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-6561
Facsimile: (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
         barry.e.reiferson@usdoj.gov
         heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on July 23, 2008. Notice will also be sent via e-mail and via First Class Mail, postage prepaid to counsel for Grant Thornton, at jcohen@stroock.com and Joel Cohen, Strook & Strook & Lavan, LLP, 180 Maiden Lane, New York, NY 10038-4982.

/s/ Heather L. Vann

| No. | Deal Name | Deal Type | Name of Taxpayer | Name of LLC | Name of P'ship | 2001 Form 1065 | 2002 Form 1065 |
|---|---|---|---|---|---|---|---|
| 1 | Gupta | FDIS | DRG Irrev Trust | DRG Trading LLC | Gupta Investments LLC | 3GTFID-0023003-0023036 | 3GTFID-0026551-0026589 |
| | | FDIS | DSG Irrev Trust | DSG Trading LLC | Gupta Investments LLC | | |
| | | FDIS | Jai N. Gupta Rev Trust | JNG Trading LLC | Gupta Investments LLC | | |
| | | FDIS | Shashi A. Gupta Rev Trust | SAG Trading LLC | Gupta Investments LLC | | |
| 2 | Kutler | FDIS | Jon B. Kutler | JBK Trading LLC | Kealakekua Investments LLC | 3GTFID-0023595-0023611 | |
| 3 | Cowan | FDIS | David Cowan | DC Trading LLC | Cowan Investments LLC | 3GTFID-0023197-0023213 | 3GTFID-0029233-0029254 |
| 4 | Paley | FDIS | William Paley | WP Trading LLC | Acajoux Trading LLC | 2GTFID0016132-016148 | 3GTFID-0028851-0028877 |
| 5 | | FDIS | Douglas Paley | DP Trading LLC | Acajoux Investments LLC | 2GTFID0019968-019984 | 3GTFID-0026147-0026173 |
| 6 | | FDIS | Steven Paley | SP Trading LLC | Acajoux Equities LLC | 2GTFID0016405-016424 | 3GTFID-0026255-0026285 |
| 7 | Egan | FDIS | Janet Zaretsky Dynasty Trust Richard Egan | JZ Trading LLC | Fidelity World Currency Advisor A Fund, LLC | 2EGAN0167782-016819 (prepared by KPMG) | 2EGAN0139955-14011 (prepared by RSM) |
| 8 | Ginsberg | FDIS | Alan H. Ginsburg | AHG Trading LLC | AHG Investments LLC | 3GTFID-0021456-0021477 | 3GTFID-0029333-0029357 |
| 9 | Giesecke & Giffen | FDIS | John M. Giesecke Catherine K. Giffen | JMG Trading LLC CKG Trading 2001 LLC | Cliffside Investments LLC | 3GTFID-0024977-0025003 | 3GTFID-0028116-0028148 |
| 10 | Corporex (Bill Butler) | FDIS | Corporex Reality & Investment Co. Bill Butler | Corporex Trading LLC WPB Trading LLC | Corporex Investments LLC | 3GTFID-0025484-0025506 | 3GTFID-0027737-0027759 |
| 11 | Hoyt & Jarmel | FDIS | Anbar, Inc. Barry Hoyt Andrew Jarmel | Anbar Trading LLC BGH Trading LLC AMJ Trading LLC | Anbar Investments LLC Anbar Investments LLC Anbar Investments LLC | 3GTFID-0021893-0021915 | 3GTFID-0026506-00126531 |
| 12 | Wolff Family | FDIS | Wolff Family | WFT Trading LLC | WFT Investments LLC | 3GTFID-0023318-0023334 | |
| 13 | Scommegna | FDIS | Scommegna | RAS Trading 2001 LLC | RAS Investments 2001 LLC | 3GTFID-0024265-0023281 | 3GTFID-0027155-0027174 |
| 14 | Tschetter | FDIS | Tschetter | RT Trading LLC | RT Investments 2001 LLC | 3GTFID-0022796-0022829 | 3GTFID-0028593-0028654 |
| 15 | Civello | FDIS | Civello | NDC Trading LLC | NDC Investments LLC | 3GTFID-0027544-0027637 | 3GTFID-0027544-0027569 |
| 16 | J Francis (BDO) | FDIS | Joseph R. Francis | JRF Trading LLC | JRF Investments 2001 LLC | 3GTFID-0023821-0023842 | 3GTFID-0027681-0027706 |
| 17 | Geewax | FDIS | John J. Geewax | JJG Trading LLC | GT Investments 2001 LLC | 3GTFID-0026788-0026809 | 3GTFID-0028184-0028208 |

GOVERNMENT EXHIBIT 1

| No. | Deal Name | Deal Type | Name of Taxpayer | Name of LLC | Name of P'ship | 2001 Form 1065 | 2002 Form 1065 |
|---|---|---|---|---|---|---|---|
| 18 | Terker Nussdorf | FDIS | Geewax, Terker & Co. Bruce E. Terker | Chadds Peak Investments LLC BET Trading LLC | GT Investments 2001 LLC GT Investments 2001 LLC | 3GTFID-0022267-0022288 | 3GTFID-0025877-0025902 |
| 19 | | FDIS | | AN Investments LLC | AN Investments 2001 LLC | 3GTFID-0024127-0024148 | 3GTFID-0027457-0027481 |
| 20 | | FDIS | | GN Investments LLC | GN Investments 2001 LLC | | |
| 21 | | FDIS | | RN Investments LLC | RN Investments 2001 LLC | 3GTFID-0025256-0025277 | |
| 22 | James H. Taylor | FDIS | James H. Taylor | SN Investments LLC | SN Investments 2001 LLC | 3GTFID-0024832-0024853 | 3GTFID-0025980-0026005 |
| 23 | Jerome L. Schostak | FDIS | Jerome L. Schostak | JHT Trading LLC | JHT Investments LLC | 3GTFID-0025365-0025381 | 3GTFID-0026084-0026102 |
| 24 | Tafeen | FDIS | Tafeen | JLS Trading LLC | JLS Investments 2001 LLC | 2GTFID0020426-0020442 | 3GTFID-0028439-0028458 |
| 25 | Portillo | FDIS | Portillo | TFT Trading LLC | TFT Investments 2001 LLC | 3GTFID-0023708-0023730 | 3GTFID-0028558-0028577 |
| 26 | La Git 88 Trust | FDIS | La Git 88 Trust | RJP Trading LLC | RJP Investments LLC | 3GTFID-0022047-0022068 | 3GTFID-0022939-0022964 |
| 27 | Buske | FDIS | Buske | LG88 Trading LLC | Affco Investments 2001 LLC | 3GTFID-0025757-0025780 | 3GTFID-0025650-0025701 |
| 28 | Dan Reid | FDIS | Dan Reid | TAB Trading LLC | TAB Investments 2001 LLC | 3GTFID-0021643-0021668 | 3GTFID-0028380-0028405 |
| 29 | Robert Cole | FDIS | Robert Cole | DJR Trading LLC | DJR Investments LLC | 3GTFID-0026694-0026710 | 3GTFID-0028755-0028849 |
| 30 | Richard Sabello | FDIS | Richard Sabello | RWC Trading LLC | RWC Investments LLC | 3GTFID-0029715-0029736 | 3GTFID-0028493-0028518 |
| 31 | James E. Slevin | FDIS | James E. Slevin | RJS Trading LLC | RJS Investments LLC | 3GTFID-0024468-0024484 | 3GTFID-0022396-0022418 |
| | | | | JES Trading 2001 LLC | CSH Investments LLC | 3GTFID-0022146-0022165 | 3GTFID-0029288-0029310 |
| 32 | Reagan M. Crawford | FDIS | Reagan M. Crawford | RMC Trading LLC | CFPT Investments LLC | | |
| | Paul Thomas | FDIS | Paul Thomas | PT Trading LLC | CFPT Investments LLC | 3GTFID-0024564-0024583 | 3GTFID-0027032-0027053 |
| | Curtis Francois | FDIS | Curtis Francois | CF Trading LLC | | 3GTFID-0024564-0024583 | 3GTFID-0027032-0027053 |
| 33 | Rudy Ciccarello | FDIS | Rudy Ciccarello | RC Trading 2001 LLC | RC Investments 2001 LLC | 3GTFID-0021140-0021161 | |

Powers Children Trust / John H. Powers entries:
- Powers Children Trust FDIS — PCT Trading LLC — Affco Investments 2001 LLC
- 26 John H. Powers FDIS — JHP Trading LLC — Affco Investments 2001 LLC

| No. | Deal Name | Deal Type | Name of Taxpayer | Name of LLC | Name of P'ship | 2001 Form 1065 | 2002 Form 1065 |
|---|---|---|---|---|---|---|---|
| 34 | William F. Thies, Sr. | FDIS | William F. Thies, Sr. | WFTSR Trading LLC | Thies Investments LLC | 3GTFID-0021765-0021776 | 3GTFID-0027990-0028017 |
| | William F. Thies, Jr. | FDIS | William F. Thies, Jr. | WFTJR Trading LLC | Thies Investments LLC | | |
| | James H. Thies | FDIS | James H Thies | JHT Trading 2001 LLC | Thies Investments LLC | | |
| | Thomas J. Thies | FDIS | Thomas J. Thies | TJT Trading LLC | Thies Investments LLC | | |
| 35 | Dave Holland | FDIS | Dave Holland | DTH Trading LLC | Europa Investments LLC | 3GTFID-0024666-0024682 | 3GTFID-0026422-0026445 |
| | | FDIS | Europa International, Inc. | Europa Trading LLC | Europa Investments LLC | | |
| 36 | Dennis W. Thies | FDIS | Dennis W. Thies | DWT Trading LLC | DWT Investments LLC | 3GTFID-0022663-0022685 | 3GTFID-0027080-0027104 |
| | Christopher Thies Trust | FDIS | Christopher Thies Trust | CJT Trading LLC | DWT Investments LLC | | |
| | Dennis P Thies Trust | FDIS | Dennis P Thies Trust | DPT Trading LLC | DWT Investments LLC | | |
| 37 | Robert A. Garvy | FDIS | Robert A. Garvy | RAG Trading LLC | RAG Investments 2001 LLC | 3GTFID-0023921-0023942 | 3GTFID-0028281-0028303 |
| 38 | Tenex Corp. | FDIS | Tenex Corp. | Tenex Trading LLC | Sheridan Investments LLC | 3GTFID-0024751-0024757 | 3GTFID-0028331-0028353 |
| | Albert Cheris | FDIS | Albert Cheris | Sheridan Trading LLC | Sheridan Investments LLC | | |
| 39 | Robert G. Ciasulli | FDIS | Robert G. Ciasulli | RGC Trading LLC | RGC Investments LLC | 3GTFID-0024361-0024382 | 3GTFID-0027199-0027221 |
| 40 | Ronald J. Ciasulli | FDIS | Ronald J. Ciasulli | RJC Trading LLC | RJC Investments LLC | 3GTFID-0021231-0021252 | 3GTFID-0022448-0022470 |
| 41 | Caputo | FDIS | Caputo | EGC Trading LLC | EGC Investments 2001 LLC | 3GTFDI-0021560-0021576 | 3GTFID-0026608-0026630 |
| 42 | Ronnie McNeill | FDIS | Ronnie McNeill | RM Trading LLC | RM Investments 2001 LLC | 3GTFID-0023517-0023533 | 3GTFID-0028081-0028099 |
| 43 | Sandy McNeill | FDIS | Sandy McNeill | SM Trading LLC | SM Investments 2001 LLC | 3GTFID-0025187-0025138-0025156 | |
| 44 | Harold Akselrad | FDIS | Harold Akselrad | HEA Trading LLC | FX Investments LLC | 3GTFID-0024008-0023032 | 3GTFID-0026465-0026486 |
| 45 | Keith Stein | FDIS | Keith Stein | KBS Trading LLC | FX Investments LLC | | |
| | Stan Dziedzic | FDIS | Stan Dziedzic | SJD Trading LLC | SJD Investments LLC | 3GTFID-0023424-0023445 | 3GTFID-0027795-0027819 |
| 46 | Ronald Wainwright | FDIS | Wainwright | RGW Trading LLC | RGW Investments LLC | 3GTFID-0021342-0021363 | 3GTFID-0028228-0028253 |



**United States Attorney**
**Southern District of New York**

---

**FOR IMMEDIATE RELEASE**　　**CONTACT:** **U.S. ATTORNEY'S OFFICE**
**July 3, 2008**　　　　　　　　　　　　　　**YUSILL SCRIBNER,**
　　　　　　　　　　　　　　　　　　　　　　　**REBEKAH CARMICHAEL,**
　　　　　　　　　　　　　　　　　　　　　　　**JANICE OH**
　　　　　　　　　　　　　　　　　　　　　　　**PUBLIC INFORMATION OFFICE**
　　　　　　　　　　　　　　　　　　　　　　　**(212) 637-2600**

## FORMER CEO AND OWNER OF REFCO SENTENCED TO 16 YEARS IN PRISON FOR $2.4 BILLION FRAUD

　　　　MICHAEL J. GARCIA, the United States Attorney for the Southern District of New York, announced today that PHILLIP R. BENNETT, the former Chief Executive Officer and 50% owner of Refco, was sentenced to 16 years in prison for his role in executing a $2.4 billion fraud. BENNETT pleaded guilty on February 15, 2008 -- one month before his scheduled trial -- to all twenty counts in the superseding Indictment (the "Indictment") against him. In addition to the prison sentence, United States District Judge NAOMI REICE BUCHWALD, who imposed the sentence, also ordered BENNETT to forfeit $2.4 billion in assets. According to the Indictment, other documents filed in the case, and statements made during sentencing:

　　　　Refco was a large, Manhattan-based financial services company that offered securities, derivatives and commodities brokerage services to investors. From as early as the mid-1990s, Refco, which was then privately held and controlled in part by BENNETT, sustained hundreds of millions of dollars of losses through its own and its customers' trading. In order to hide the existence of those losses, BENNETT transferred many of them to appear as a debt owed to Refco by Refco Group Holdings, Inc. ("RGHI"), the holding company that controlled Refco and was in turn controlled by BENNETT.

　　　　BENNETT and others directed a series of transactions every year from at least 1999 through 2005 to hide the RGHI receivable from, among others, Refco's auditors, by temporarily paying down the receivable from RGHI over Refco's fiscal year-end and replacing it with a receivable from one or more other entities not related to BENNETT. Thus, at every fiscal year-end and, later, at every fiscal quarter-end, BENNETT directed transactions that made the debt owed to Refco from RGHI appear to

**GOVERNMENT EXHIBIT 2**

be a debt owed to Refco by a Refco customer.  Shortly after each fiscal year- or quarter-end, these transactions were unwound, returning the debt to RGHI.

The massive debt owed by BENNETT's holding company to Refco was increased not only by losses sustained through its customers' trading but also through proprietary trading losses accumulated over several years, operating expenses shifted out of Refco Group and into RGHI, fake foreign exchange and U.S. Treasury security trades, and other fraudulent activities that caused more than $1 billion in income padding from fiscal year 1998 until Refco's collapse in October 2005.

In particular, BENNETT hid from others, and contributed to the RGHI debt to Refco, the following losses, among others:

- At least $71 million in losses sustained by a customer in trading on the Chicago Mercantile Exchange in 1997;

- At least $160 million in losses sustained by a group of customers trading in Asian markets in 1997;

- At least $40 million in losses from Refco's own trading in Russian bonds in 1998.

In addition, BENNETT caused the following expense-shifting and revenue-padding transactions, among others:

- Approximately $43 million of computer expenses moved out of Refco and into BENNETT's holding company;

- Approximately $492 million in interest income charged on the debt owed by BENNETT's holding company to Refco;

- Approximately $68 million in litigation settlements moved out of Refco and into BENNETT's holding company;

- Approximately $40 million in profits from fake U.S. Treasury notes and foreign exchange trading between Refco and BENNETT's holding company; and

- Approximately $109 million in wage and salary expenses moved out of Refco and into BENNETT's holding company.

In August 2004, Thomas H. Lee Partners, L.P., purchased a majority interest in Refco, financed by $1.9 billion leveraged buyout transaction.  In connection with that transaction, Refco sold approximately $600 million of notes to the public and

borrowed approximately $800 million from a syndicate of banks. In August 2005, Refco conducted an initial public offering of approximately $583 million of Refco's common stock.

On October 10, 2005, Refco issued a press release announcing, in substance, that it had discovered that it was owed a debt of approximately $430 million by an entity controlled by BENNETT. Following release of this information, the market price of Refco stock plummeted, and Refco's stock was subsequently delisted by the New York Stock Exchange. Refco Inc. and many of its subsidiaries filed petitions in bankruptcy on October 17, 2005.

The following chart summarizes the charges to which BENNETT pleaded guilty:

| Count | Charge |
| --- | --- |
| 1 | Conspiracy To Commit Securities Fraud, Wire Fraud, Bank Fraud, To Make Material Misstatements To Auditors, And To Make False Filings With The SEC |
| 2, 3 | Securities Fraud |
| 4 | False Filing with the SEC - Securities Exchange Act of 1934 |
| 5, 6 | False Filing with the SEC -- Securities Act of 1933 |
| 7, 8, 9, 10, 11, 12, 13 | Wire Fraud |
| 14 | Material Misstatements to Auditors |
| 15 | Bank Fraud |
| 16, 17, 18, 19, 20 | Money Laundering |

At sentencing, Judge BUCHWALD held BENNETT responsible for stealing approximately $2.4 billion from Refco's banks and investors, and ordered him to pay $2.4 billion in asset forfeiture.

BENNETT, 59, resides in Gladstone, New Jersey.

BENNETT was is scheduled to surrender to a designated facility on September 4, 2008.

      Mr. GARCIA, a member of the President's Corporate Fraud Task Force, praised the efforts of the United States Postal Inspection Service, and thanked the Securities and Exchange Commission and the Commodity Futures Trading Commission for their assistance in the investigation of this case. The Criminal Investigators of the United States Attorney's Office also investigated the case.

      Assistant United States Attorneys NEIL M. BAROFSKY, CHRISTOPHER L. GARCIA and RUA KELLY are in charge of the prosecution.

08-168                                    ###