UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

### UNITED STATES OF AMERICA'S RESPONSE TO RSM McGLADREY'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO THE UNITED STATES OF AMERICA'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RSM McGLADREY

Counsel for RSM McGladrey informed the United States as well as the Court at the status conference on the morning of July 28, 2008 that it required a short continuance to file its response to the United States' Second Motion to Compel because its lead counsel had certain prescheduled commitments. We later informed RSM's counsel that while we could not assent to its motion for an extension because of the Court's desire, as expressed at the status conference, for an expedited ruling on the motion, we would not oppose the motion. Notwithstanding these representations to us (and the Court), RSM now principally blames the United States for various failings which it claims are the principal reasons for its need of additional time. But none of these asserted reasons are valid grounds for an extension of time.

The first of many misguided RSM arguments appears to be that the United States' motion is supported by so much evidence that RSM needs to first start looking into the matter now. Of course, RSM McGladrey should have been looking into the matter for the last seven months. It has repeatedly told the United States that it is under no obligation to conduct any research into

whether there was a waiver, and even if it had done research, it would not disclose it. That has been RSM's posture for the last seven months while the United States has repeatedly described its position on waiver. That position on waiver, as described for months to RSM, was that RSM, DGI, and others, including tax-shelter purchasers, were involved in a group effort to promote and implement tax shelters for the purpose of generating phony tax losses and huge fees for the promoters – and that an entire panoply of promoter documents clearly demonstrated that highly-coordinated effort. That position was again discussed with RSM after the Court issued its Memorandum and Order regarding Proskauer Rose, which clarified the relationship among the promoters and tax-shelter purchasers. RSM refused to acknowledge the importance of the Proskauer Rose decision, and refused to acknowledge that it had in fact waived privilege. Instead, RSM seems to have simply hoped that the United States would not press the matter. That is not good cause for an extension of time.

     RSM's second argument seems to be that it needs additional time to respond because the United States did not supply before filing the motion to compel the documents supporting the motion. The United States is under no obligation to conduct RSM's research, particularly when that research involved RSM's own documents and communications; the United States is also under no obligation to provide RSM with a preview of the documents supporting our motion to compel. RSM is simply wrong when it suggests that the United States agreed to supply documents, as the United States has repeatedly taken the position that RSM should conduct its own research on its own documents and those witnesses to which it has far greater access than the United States. What we made clear to RSM is that its own documents make it eminently clear that RSM was engaged in a coordinated and sophisticated effort to market tax shelters. It is unfortunate that RSM has seemingly failed to seize the opportunity to review its own documents.

But, RSM's failing here is not good cause.

RSM then seems to suggest that "a second deposition of an RSM[] witness" failed to alert it to a "serious[] challenge." That deposition was presumably that of Ronald Wainwright of RSM, and was in fact in connection with a second case– *Fidelity High Tech*, whereas the first deposition was in *Fidelity International*. At that "second deposition," Mr. Wainwright appeared in his personal capacity, as one who both promoted and entered into the FDIS tax shelter, and was represented by RSM's counsel. At all events, the deposition of Mr. Wainwright provided ample evidence of RSM's waiver of privilege, and the transcript is cited extensively in support of the United States' motion to compel. Under any set of circumstances, Mr. Wainwright's deposition does not supply good cause for RSM's extension request.

Finally, RSM was clearly on notice that the United States takes this matter quite seriously, given RSM's central position in this case. Apart from various conferences directly with RSM's counsel, the United States repeatedly notified the Court and RSM at numerous status conferences that, if necessary, it would move to compel RSM's production of the withheld documents, as to which privilege was waived. RSM's local counsel appeared at each status conference to hear that warning. Even the morning before filing the motion to compel, the United States notified RSM that filing was imminent. It gave RSM one more opportunity, during a fifteen-minute conference that afternoon, to produce the unprivileged documents. RSM refused. During the course of months, RSM failed to act. RSM instead simply stated over and over again that it had no evidence that privilege was waived. Given the 60 exhibits, deposition testimony of witnesses, and 30-page memorandum demonstrating waiver, it appears that, at best, RSM made no attempt to review critically the very documents it produced. Here again, there is no good cause shown for an extension.

## Conclusion

RSM had ample time to act before the motion to compel was filed, and two weeks is ample time for it to respond after filing. Its failures should not affect the timing of this trial and the resolution of important evidentiary issues.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. Vann
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-6561
Facsimile:  (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
         barry.e.reiferson@usdoj.gov
         heather.vann@usdoj.gov

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on July 29, 2008.

/s/ Barry E. Reiferson
Trial Attorney, US Department of Justice, Tax Division