## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>           Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Case Nos.:  05-40151-FDS<br>                    06-40130-FDS |
| FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>           Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Case Nos.:  06-40243-FDS<br>                    06-40244-FDS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO USE TAX RETURNS PRODUCED BY GRANT THORNTON AT TRIAL AND TO DISCLOSE ONE IDENTIFIER ON THOSE TAX RETURNS**

Defendant's Motion claims early on that it seeks "leave to file certain Tax Returns produced by Grant Thornton."[1] As written, however, Defendant's Motion goes beyond its represented purpose of compliance with the Grant Thornton Protective Order.[2] The motion papers express Defendant's "plans to use" this evidence at trial and advise the Court that Defendant is seeking "leave to file certain Tax Returns produced by Grant Thornton and to disclose Identifier."[3] Because Defendant's use of the term "leave to file" and its accompanying argument present the question of whether Defendant is really asking the Court to determine admissibility, Plaintiff files this opposition to preserve its long-standing position that "other taxpayer evidence" is not admissible.

I.  **Defendant's Motion Should Be Denied to the Extent It Seeks a Ruling on Admissibility of Other Taxpayer Returns and Names**

Plaintiff does not oppose Defendant's Motion insofar as it simply seeks to comply with the Grant Thornton Protective Order, which entitles Grant Thornton to notice of Defendant's intention to use other taxpayers' information that is subject to that order at trial. The Grant Thornton Protective Order contemplates that leave be sought for the "introdu[ction]" of tax returns.[4] However, by seeking leave "to use at trial" the specific returns identified, Defendant is seeking greater relief than necessary under the Grant Thornton Protective Order.

Defendant's Motion is not the proper vehicle for the Court to decide whether the tax returns and names of other taxpayers produced by Grant Thornton will be admitted into evidence at trial. As such, the Court should not enter an order granting all of the relief sought in

---

[1] Def.'s Mem. in Supp. of its Mot. for Leave to Use Tax Returns Produced by Grant Thornton at Trial and to Disclose One Identifier on Those Tax Returns ("Def.'s Mot.") at 1.

[2] "Grant Thornton Protective Order" refers to Addendum to Protective Order as to Production of Tax Returns – Grant Thornton LLP (entered June 21, 2007).

[3] Def.'s Mot. at 1, 3.

[4] Grant Thornton Protective Order ¶ 9.

2

Defendant's Motion. Certainly, the Court should consider and respond to any objections Grant Thornton may have to the public use of the returns and the names of other taxpayers, but Defendant's Motion should not be viewed as a motion *in limine* on the question of admissibility.[5] An order with respect to Defendant's Motion should provide only the relief contemplated by the Grant Thornton Protective Order, that is, leave to "introduce Tax Returns or disclose Identifiers at trial."[6]

Moreover, Defendant's Motion falls far short of presenting adequate grounds upon which this Court can make an ultimate determination of admissibility. Instead, without citing any case law or Federal Rules of Evidence, Defendant makes cursory assertions that the returns are "highly relevant."[7] Defendant's claims of relevance and its typical rhetoric fail to demonstrate that the other taxpayer information is relevant or could survive evidentiary obstacles, including hearsay. Indeed, while Defendant's Motion claims that this evidence is highly relevant and that the government would be seriously prejudiced by not being able to use it, we need only look at the courts' decisions in recently tried tax cases, including *Sala v. United States*, 552 F. Supp. 2d 1167 (D. Colo. 2008), *Klamath Strategic Investment Fund, LLC v. United States,* 472 F. Supp. 2d 885 (E.D. Tex. 2007), and *Jade Trading, LLC v. United States*, 80 Fed. Cl. 11 (2007), to see that this type of evidence is not essential, important, or relevant to the courts' ultimate findings of fact and law.

---

[5] In view of Defendant's insistence that it be allowed to identify by name a great many other taxpayers, as well as put in the public record their personal tax returns, the Court should consider directing Defendant to give notice to these taxpayers.

[6] Grant Thornton Protective Order ¶ 9. Plaintiff's concerns about Defendant's Motion were mentioned during the July 28, 2008 status conference. This short opposition explains those concerns with more particularity.

[7] Def.'s Mot. at 3. Defendant suggests that the returns are relevant to show how other taxpayers reported "certain items." (Def.'s Mot. at 2.) It is Plaintiff's position that the reporting of certain items by other taxpayers is not relevant to the facts or issues in this case.

3

**II.    Tax Return Information Relating to Mr. Bennett Is Not Relevant**

Defendant's motion papers strain to persuade the Court that the personal tax return and related information concerning Mr. Bennett is highly relevant to this case. Defendant has not asserted that Mr. Bennett is part of its purported pattern of "FDIS" transactions in the FICA A Fund case, or "Stock Dribble" transactions in the Fidelity High Tech case. Instead, Defendant claims that because Mr. Bennett claimed tax benefits from another transaction, which Defendant admits is not similar to the FICA A Fund or the Fidelity High Tech transactions, Refco Capital Markets must have known that the FICA A Fund transaction and the High Tech transaction had potential tax benefits.[8] Even if taken as true, this claim is irrelevant to any issue before the Court.

The sole document offered by Defendant to support its assertion that Mr. Bennett's return is relevant, a press release by the United States Attorney's office, fails to show any connection between Mr. Bennett and Plaintiff. There is no evidence that Mr. Bennett was aware of Plaintiff's transactions with Refco Capital Markets. Moreover, there is no deposition testimony or documents suggesting that any of the Refco employees who were involved with the Egans' transactions, Thomas Yorke in particular, had any knowledge of Mr. Bennett's personal financial or tax affairs. This is not surprising; when Plaintiff entered into the options transactions with Refco Capital Markets in 2001, Refco Group Limited (the parent of Refco Capital Markets) was a large commodities broker with over $18 billion in assets and over $5 billion in annual revenue, as evidenced by the documents produced in discovery. It strains credulity to suggest that Mr. Bennett's individual participation in an alleged tax-shelter transaction is evidence that Refco

---

[8] Def.'s Mot. at 5.

4


Group Limited, or its affiliates, was a counterparty to the Egan option trades for the purpose of facilitating a tax-shelter scheme.

Mr. Bennett's guilty plea to non-tax charges in February 2008 is wholly irrelevant to Plaintiff's transactions in 2001. Yet, Defendant shamelessly represents to this Court that Mr. Bennett's tax returns and subsequent problems are "highly relevant" to the government's defense in this case.[9]  While Plaintiff is accustomed to Defendant's endless appetite for rhetoric and accusations, its claim of relevance of the Bennett evidence stands out as remarkably far fetched.

## Conclusion

Plaintiff does not object to Defendant's adherence to the Grant Thornton Protective Order by seeking leave to list and offer as exhibits the tax returns produced by Grant Thornton 60 days in advance of trial. Admissibility, however, should be decided upon full briefing by both parties. Therefore, to the extent Defendant's Motion asks the Court to determine admissibility of the Grant Thornton returns, it should not be granted.

---

[9] Def.'s Mot. at 5.

Respectfully submitted this 31st day of July 2008.

    PLAINTIFF
    FIDELITY INTERNATIONAL CURRENCY ADVISOR
    A FUND, L.L.C. by the Tax Matters Partner, and
    FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by
    the Tax Matters Partner


    /s/ Lena Amanti
    David J. Curtin, D.C. Bar #281220
    Ronald L. Buch, Jr., D.C. Bar #450903
    Lena Amanti, D.C. Bar #490791
    MCKEE NELSON LLP
    1919 M Street, N.W., Suite 200
    Washington, D.C. 20036
    Telephone: (202) 775-1880
    Facsimile: (202) 775-8586
    Email: dcurtin@mckeenelson.com
           rbuch@mckeenelson.com
           lamanti@mckeenelson.com

    John O. Mirick, BBO #349240
    MIRICK, O'CONNELL, DEMALLIE
    & LOUGEE, LLP
    100 Front Street
    Worcester, MA 01608
    Telephone: (508) 791-8500
    Facsimile: (508) 791-8502
    Email: jomirick@mirickoconnell.com

**Certificate of Service**

| | |
|---|---|
| I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 31, 2008. | /s/ Lena Amanti<br>Lena Amanti, D.C. Bar #490791<br>MCKEE NELSON LLP<br>1919 M Street, N.W., Suite 200<br>Washington, D.C. 20036<br>Telephone: (202) 775-1880<br>Facsimile: (202) 775-8586<br>Email: lamanti@mckeenelson.com |