UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151 & 06-40130 |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |
| | | |
| FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by the Tax Matters Partner | ) ) ) | |
| | ) | Civil Nos. 06-40243 & 06-40244 |
| Plaintiff, | ) ) | Judge Saylor |
| | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR LEAVE TO ENLARGE THE TIME TO FILE ITS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INVALIDITY OF TREASURY REGULATION § 1.752-6**

The United States requests the Court to enter an Order allowing it to file its Response to Plaintiff's Motion for Partial Summary Judgment Regarding Invalidity of Treasury Regulation § 1.752-6 (plaintiff's Motion) until after the trial in the above-referenced cases is completed. Alternatively, if the Court does not grant that relief, the United States requests the Court to continue the trial date in this litigation until after the Court enters its decision on plaintiff's Motion.

# ARGUMENT

A. **Plaintiff's Motion Raises a Purely Legal Issue, the Resolution of Which Will Not Affect the Presentation of the Factual Evidence At Trial**

As plaintiff recognizes, the issue on which plaintiff moved for partial summary judgment, is a "purely legal issue."[1] However, plaintiff assertions that a determination by the Court that the Regulation is invalid "would greatly simplify the issues to be decided at trial"[2] and a determination by the Court that the Regulation is valid "would require the Court to resolve numerous ancillary issues"[3] are misguided. In fact, the validity or invalidity of Treasury Regulation § 1.752-6 is not dependent on any fact to be decided at trial. Moreover, there is at best only one issue that would need to be decided if the Court were to hold the Regulation valid – *viz.*, whether the transactions at issue are substantially similar to the transactions in Notice 2000-44, 2000-2 C.B. 255. *See* Treasury Regulation § 1.752-6 (b)(2). While it is the United States' position that this "substantially similar" issue is also a pure legal issue, in its ruling on July 8, 2008, the Court permitted plaintiff to present legal expert testimony on this issue.[4] Consequently, plaintiff is fully prepared to present opinion testimony on this discrete issue. And it is hard to fathom how the elimination of this exceedingly narrow opinion issue could possibly greatly simplify the many fact issues to be decided at trial.

The applicability of the Regulation is one of many alternative legal arguments advocated by the United States. The applicability of many of these arguments are fact dependent (*e.g.*, whether the transactions at issue have economic substance or whether the steps of transactions

---

[1] Plaintiff's Memorandum, p. 7.

[2] Plaintiff's Memorandum, p. 9.

[3] Plaintiff's Memorandum, p. 9.

[4] See July 8, 2008 Tr., p. 21, l.8-p.23, l.11.

2

were preplanned resulting in the application of the step transaction doctrine). The argument raised by plaintiff in his motion for partial summary judgment regarding the validity of the Regulation, however, is not fact dependent. Thus, the applicable law on the validity of the Regulation does not need to be identified until after the facts are found, *i.e.*, until after the conclusion of the trial.

**B.    Plaintiff Will Not Be Prejudiced If the Court Allows the United States to File Its Response After Trial Since the Court Will Likely Not Be Able to Issue an Opinion Until Well After the Commencement of Trial**

Since plaintiff filed his Motion only five weeks before trial, it is unlikely that the briefing will be concluded before the beginning of trial and that the Court will be able to issue an opinion before trial. Plaintiff filed his Motion on August 15. Assuming that both parties took the full time allocated to them for their respective filings, which both parties in this case have consistently done throughout this litigation, the United States' Response would be due on August 29, plaintiff's Reply would be due on September 15, and the United States' Sur-reply would be due on September 29. Even if plaintiff filed his Reply before the deadline thereby making the United States' Sur-reply due before September 29, the Court would have little time in which to issue an opinion on a motion for partial summary judgment.

The courts in *Sala*[5] and *Stobie Creek*[6] decided the issue as to the validity of Treasury Regulation § 1.752-6 after the conclusion of the trials in each of those cases. And while the *Klamath*[7] court ruled on the issue before trial, plaintiffs in that case filed their motion for partial

---

[5] *Sala v. United States*, 552 F. Supp. 2d 1167 (D. Colo. 2008).

[6] *Stobie Creek Invs. v. United States*, No. 05-748T, 2008 WL 2968170 (Fed. Cl. July 31, 2008).

[7] *Klamath Strategic Inv. Fund, LLC v. United States*, 440 F. Supp. 2d 608 (E.D. Tex. 2006).

summary judgment regarding the validity of Treasury Regulation § 1.752-6 on April 26, 2006,[8] the Court ruled on that motion on July 20, 2006[9] and the trial in that case did not begin until October 16, 2006.[10]  The Court in this case does not have nearly the same amount of time as the *Klamath* court.  Since it will be difficult, if not impossible, for the Court to rule on plaintiff's Motion before trial even if the Court did alter the current briefing schedule, the Court should allow the United States to file its Response to Plaintiff's Motion after the trial is completed.

C.     **The United States Will Be Prejudiced If the Court Does Not Allow the United States to File Its Response After Trial Since There Are Numerous Motions Pending and Other Deadlines Related to Trial Preparation in the Weeks Leading Up to Trial**

The United States is currently working on briefing four other motions, two of which were filed by the United States and two of which were filed by the plaintiff.  On August 26, the United States' Reply relating to its Motion to Compel documents from RSM McGladrey is due; on August 27, the United States' Reply relating to its Motion to Compel documents from Burke Warren MacKay & Serritella and others is due; on August 29, the United States' Response to plaintiff's Motion to Exclude "Other Taxpayer" Evidence is due; and also on August 29, the United States' Response to plaintiff's Motion to Exclude Testimony of Irish Witnesses is due.  In addition, on August 29, the parties must submit counter-designations to the deposition designations that the parties disclosed on August 15, and on September 4, the parties' Joint Pretrial Memorandum is due, motions in limine are due, exhibit and witness lists must be filed and objections to witness lists, exhibits and deposition excerpts are due.  At the same time, the parties must prepare for the trial.  Adding a briefing schedule on a motion for partial summary

---

[8] See *Klamath* Docket Sheet, Case #: 5:04-cv-00278-TJW, D.I. #71.

[9] See *Klamath* Docket Sheet, Case #: 5:04-cv-00278-TJW, D.I. #99.

[10] See *Klamath* Docket Sheet, Case #: 5:04-cv-00278-TJW, D.I. #193.

judgment to the above-mentioned deadlines would make it impossible for every required action and filing to be diligently and completely accomplished.  Thus, if the Court does not permit the United States to file its Response to plaintiff's Motion after the trial, the United States requests the Court to continue the trial date in this case until after plaintiff's Motion is decided.

## CONCLUSION

The of validity of Treas. Reg. 1.752-6 is a pure legal issue and its resolution is not dependent on any fact to be decided at trial.  Since a ruling on the issue of the validity of the Regulation is not essential and not likely to be made before trial due to the fact that Plaintiff's Motion was filed only five weeks before the scheduled trial, the Court should allow the United States to file its Response to plaintiff's Motion after the trial.  Alternatively, if the United States

is ordered to take the time to file a Response to plaintiff's Motion when there are currently numerous other deadlines in the few weeks before trial, the Court should continue the trial date in this case until after plaintiff's Motion is decided.

Dated:  August 20, 2008

               Respectfully submitted,

               MICHAEL J. SULLIVAN
               United States Attorney

                /s/ Dennis M. Donohue
               DENNIS M. DONOHUE
               CHIEF SENIOR LITIGATION COUNSEL
               OFFICE OF CIVIL LITIGATION
               U.S. Department of Justice
               P.O. Box 403, Ben Franklin Station
               Washington, D.C.  20044
               Telephone: (202) 307-6492
               Facsimile: (202) 307-2504
               E-mail: dennis.donohue@usdoj.gov

               JOHN A. LINDQUIST
               BARRY E. REIFERSON
               HEATHER L. VANN
               Trial Attorneys, Tax Division
               U.S. Department of Justice
               P.O. Box 55, Ben Franklin Station
               Washington, D.C.  20044-0055
               Telephone: (202) 307-6561
               Facsimile:  (202) 514-5238
               E-mail: john.a.lindquist@usdoj.gov
                 barry.e.reiferson@usdoj.gov
                 heather.vann@usdoj.gov

<u>Certificate of Service</u>
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on August 20, 2008.

/s/ Heather L. Vann