# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case Nos.: 05-40151-FDS <br> 06-40130-FDS |

|  |  |
|---|---|
| FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by the Tax Matters Partner, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case Nos.: 06-40243-FDS <br> 06-40244-FDS |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S THIRD EMERGENCY MOTION

Defendant's claim that it has insufficient time to file an opposition to Plaintiff's motion for partial summary judgment has no merit. Not only has Defendant filed at least six briefs in other cases on these same issues, but three of those were filed under the signature of lead counsel for Defendant in this case within the past few months.[1] In March 2008, the taxpayers in these

---

[1] *See* Ex. A (caption and table of contents for Def.'s Opp'n, *JZ Buckingham Invs. LLC v. United States*, No. 05-231T (Fed. Cl. Apr. 21, 2008)), Ex. B (caption and table of contents for Def.'s Sur-Reply, *JZ Buckingham Invs. LLC v. United States*, No. 05-231T (Fed. Cl. June 16, 2008)), Ex. C (caption and table of contents for Def.'s Opp'n, *In re*

three cases filed motions for partial summary judgment as to the validity of Treasury regulation 1.752-6.  On April 21, 2008, government counsel filed substantially identical briefs in opposition to the taxpayers' motions and then filed substantially identical sur-replies on June 16, 2008.[2]  The issues are well known, and the government's position, although erroneous, is well defined.  Defendant's standard position on this issue has not materially changed in two short months.

Defendant has thoroughly briefed its position.  In *Klamath*,[3] *Stobie Creek*,[4] and *Sala*,[5] Defendant filed—and lost—briefs arguing that regulation 1.752-6 is valid.  While Defendant's counsel here may wish to delay presenting the arguments made in these losing briefs, counsel has already written at least three briefs on the same issue (which are still pending before their respective courts) and hence can present those same arguments here with little difficulty.  The briefs filed by government counsel in the other cases address the same legal issues that Defendant must address here:  (1) whether regulation 1.752-6 was issued in violation of the Administrative Procedure Act; (2) whether regulation 1.752-6 is a legislative or interpretive regulation; and (3) whether the retroactive date of regulation 1.752-6 is valid.  As Defendant admits, the validity of regulation 1.752-6 is a pure issue of law.[6]  Defendant, therefore, has no

---

COBRA Tax Shelters Litig., No. 05-9727 (S.D. Ind. Apr. 21, 2008)), Ex. D (caption and table of contents for Def.'s Sur-Reply, *In re COBRA Tax Shelters Litig.*, No. 05-9727 (Fed. Cl. June 16, 2008)), Ex. E (caption and table of contents for Def.'s Opp'n, *Murfam Farms, LLC  v. United States*, No. 06-245T (Fed. Cl. Apr. 21, 2008)), Ex. F (caption and table of contents for Def.'s Sur-Reply, *Murfam Farms, LLC  v. United States*, No. 06-245T (Fed. Cl. June 16, 2008)).

[2] *See* Exs. A-F.

[3] United States' Resp. to Pl.'s Mot. for Partial Summ. J., *Klamath Strategic Inv. Fund, LLC v. United States*, No. 04-00278 (E.D. Tex. June 2, 2006).

[4] United States' Post-Trial Mem. Concerning Validity of Treas. Reg. § 1.752-6, *Stobie Creek Invs., LLC v. United States*, 05-748T (Fed. Cl. May 15, 2008).

[5] United States' Supplemental Br., *Sala v. United States*, 05-00636 (D. Colo. Apr. 2, 2008) (addressing validity of Treas. Reg. § 1.752-6).

[6] United States' Mem. in Supp. of Emergency Mot. for Leave to Enlarge Time to File Resp. to Pl.'s Mot. for Partial Summ. J. Regarding Invalidity of Treas. Reg. § 1.752-6 ("Def.'s Mem.") at 2, Aug. 20, 2008.

need to tailor its opposition to the facts of the High Tech and FICA A Fund cases. There is no reason Defendant cannot file a brief it has already written several times within the fourteen day period for filing oppositions allowed by Local Rule 7.1.

This is the third "emergency" motion that Defendant has filed seeking an extended deadline.[7] Despite the Court's apt observation that "obviously no one can match the resources of the government,"[8] Defendant has routinely complained that it has too much to do and cannot meet deadlines. In February 2008, after missing the Court's deadline for the parties to exchange expert witness reports, Defendant lamented that "the immense discovery and deluge of motions . . . has made it difficult or impossible for the United States to adequately prepare this case for trial."[9] Defendant now blames the "numerous motions pending and other deadlines related to trial preparation."[10] In the face of "immense discovery," a "deluge of motions," and "other deadlines related to trial preparation," Plaintiff has expended considerable time and resources to comply with the deadlines imposed by the Court and the Federal and Local Rules. In contrast, Defendant has repeatedly asked this Court for what the Court has come to refer to as "ketchup packets" of relief.[11] Defendant is back for more, needlessly. Defendant could have prepared its opposition to Plaintiff's motion in the time it devoted to its emergency motion.

---

[7] The two previous motions were United States of America's Emergency Mot. & Mem. for Extension of Pretrial Deadlines ("Def.'s Feb. 2008 Emergency Mot."), *Fidelity High Tech Advisor A Fund, LLC v. United States*, Nos. 06-40243 & 06-40244, (D. Mass. Feb. 20, 2008), and Emergency Mot. & Mem. of Law for 9-Day Extension of Fact-Witness-Dep. Deadline, *Fidelity Int'l Advisor A Fund, LLC v. United States*, Nos. 05-40151 & 06-40130 (D. Mass. Oct. 22, 2007).

[8] Status Conference Tr. 8:3-4, Dec. 22, 2006.

[9] Def.'s Feb. 2008 Emergency Mot. at 2.

[10] Def.'s Mem. at 4. Plaintiff notes that the briefing schedule laid out by Defendant is incorrect. *See* Def.'s Mem. at 3. Defendant's sur-reply would be due on September 22, not September 29. *See* Status Conference Tr. 39:19-23, Mar. 10, 2006 (providing five business days for filing sur-replies).

[11] Status Conference Tr.45:12-24, July 8, 2008; Status Conference Tr. 39:8-40:10, Nov. 8, 2007.

Never shy about demanding special relief, regardless of its prejudicial impact, Defendant asks in the alternative that the Court simply continue the trial if it is "ordered to take the time to file a Response."[12]  To state the obvious, continuing the trial at this late date would be prejudicial in the extreme.  Plaintiff, therefore, respectfully requests that the Court stand by its current schedule and deny Defendant's motion.

Respectfully submitted this 22nd day of August 2008.

> PLAINTIFF
> FIDELITY INTERNATIONAL CURRENCY ADVISOR
> A FUND, L.L.C.
> by the Tax Matters Partner
>
> PLAINTIFF
> FIDELITY HIGH TECH ADVISOR A FUND, L.L.C.
> by the Tax Matters Partner
>
> /s/ Ronald L. Buch, Jr.
> David J. Curtin, D.C. Bar #281220
> Ronald L. Buch, Jr., D.C. Bar #450903
> Lena Amanti, D.C. Bar #490791
> MCKEE NELSON LLP
> 1919 M Street, N.W., Suite 200
> Washington, D.C. 20036
> Telephone:  (202) 775-1880
> Facsimile:  (202) 775-8586
> Email:  dcurtin@mckeenelson.com
>          rbuch@mckeenelson.com
>          lamanti@mckeenelson.com
>
> John O. Mirick, BBO #349240
> MIRICK, O'CONNELL, DEMALLIE
> & LOUGEE, LLP
> 100 Front Street
> Worcester, MA 01608
> Telephone:  (508) 791-8500
> Facsimile:  (508) 791-8502
> Email:  jomirick@mirickoconnell.com

---

[12] Def.'s Mem. at 6.

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 22, 2008.

/s/ Ronald L. Buch, Jr.
Ronald L. Buch, Jr., D.C. Bar #450903
MCKEE NELSON LLP
1919 M Street, N.W., Suite 200
Washington, D.C. 20036
Telephone:  (202) 775-1880
Facsimile:  (202) 775-8586
Email: rbuch@mckeenelson.com

# Exhibit A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

———————————————

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

———————————————

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE VALIDITY OF
TREASURY REGULATION § 1.752-6**

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

## TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv- vii

APPENDIX.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

BACKGROUND.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    The COBRA Transaction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    The Transaction At Issue.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

THE RETROACTIVE APPLICATION OF
TREASURY REGULATION § 1.752-6 IS VALID . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    B.    Treas. Reg. § 1.752-6 Is A Legislative Regulation
        And Has The Force And Effect Of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    C.    The Retroactivity Of Treas. Reg. § 1.752-6 Is Valid . . . . . . . . . . . . . . . . . . . 18

    D.    Congress Was Clearly Aware Of Abusive Partnership
        Contingent Liability Transactions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    E.    Plaintiff's Assertion That The Real Purpose Of
        Treas. Reg. §1.752-6 Was To Buttress The Government's
        Litigation In Notice 2000-44 Transactions Is Belied
        By The Mandate In Section 309(c) Of The 2000 Act. . . . . . . . . . . . . . . . . . . . 24

    F.    COBRA Taxpayers Could Not Rely On *Helmer* And
        Similar Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

    G.    Plaintiff's Argument That Section 309 Is Limited
        To Corporate Transactions Is Contrary To The Plain
        Wording Of The Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

H.      The Regulation's Rules are Comparable to I.R.C § 358 . . . . . . . . . . . . . . . . . . . 29

I.      Plaintiff's Argument That The Regulation Fails
        The *Chevron* Test Is Meritless. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

J.      Adoption Of The Regulation Is Constitutional And
        Does Not Violate Due Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

K.      Plaintiff's Contention That The IRS Violated The Notice And
        Comment Requirements Of The Administrative Procedure Act
        (the "APA") Lacks Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

# Exhibit B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-231 T
(Chief Judge Damich)

———————————————

JZ Buckingham Investments LLC as Tax Matters Partner
of JBJZ Partners, a South Carolina general partnership,

Plaintiff,

v.

United States of America,

Defendant.

———————————————

**UNITED STATES' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE
VALIDITY OF TREASURY REGULATION § 1.752-6**

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

## TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-ivi

APPENDIX.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SALA'S REASONING IS FATALLY FLAWED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    *Sala* erred in holding that the rules in the Regulation and I.R.C.
        § 358(h) are not "comparable." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.    *Sala*'s Reasoning That the 2000 Act Did Not Authorize the Regulation
        Because It Is Not Addressed to "Accelerated" or "Duplicative" Losses
        Is Meritless . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    D.    *Sala*'s conclusion that Section 309(c) of the 2000 Act does not authorize the
        Regulation because Section 309(c) only directed the Secretary to issue rules
        regarding the assumption of liabilities by corporations is flawed . . . . . . . . . . . 6

    E.    *Sala* Wrongly Concludes That I.R.C. § 7805(b)(6) Does Not Authorize the
        Retroactivity of the Regulation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    F.    *Sala* Also Wrongly Concludes That I.R.C. § 7805(b)(3) Does Not Authorize
        the Retroactivity of the Regulation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    G.    *Sala* Also Applied the Wrong Standard of Review to Determine
        the Validity of Treas. Reg. § 1.752-6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    H.    Even if the Regulation were "interpretive" and even if the courts
        owed "interpretive" regulations less deference, the Regulation is
        still valid .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE COBRA TAX SHELTERS LITIGATION | § § § § § | Cause No. 1:05-ml-9727-LJM-WTL<br><br>M.D.L. Docket No. 1727 |
| _____ | § | |
| THIS DOCUMENT RELATES TO: | § § | |
| 1:06-cv-8000-LJM-WTL | § § | |

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE VALIDITY OF
TREASURY REGULATION § 1.752-6**

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

## TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv- vii

APPENDIX.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.     The COBRA Transaction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.     The Transaction At Issue.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

THE RETROACTIVE APPLICATION OF
TREASURY REGULATION § 1.752-6 IS VALID . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    A.     Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    B.     Treas. Reg. § 1.752-6 Is A Legislative Regulation
            And Has The Force And Effect Of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    C.     The Retroactivity Of Treas. Reg. § 1.752-6 Is Valid . . . . . . . . . . . . . . . . . . . 20

    D.     Congress Was Clearly Aware Of Abusive Partnership
            Contingent Liability Transactions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    E.     Plaintiffs' Assertion That The Real Purpose Of
            Treas. Reg. §1.752-6 Was To Buttress The Government's
            Litigation In Notice 2000-44 Transactions Is Belied
            By The Mandate In Section 309(c) Of The 2000 Act. . . . . . . . . . . . . . . . . . . 26

    F.     COBRA Taxpayers Could Not Rely On *Helmer* And
            Similar Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

    G.     Plaintiffs' Argument That Section 309 Is Limited

To Corporate Transactions Is Contrary To The Plain
Wording Of The Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

H.  The Regulation's Rules Are Comparable To I.R.C § 358 . . . . . . . . . . . . . . . . . 31

I.  Plaintiffs' Argument That The Regulation Fails
The *Chevron* Test Is Meritless. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

J.  Adoption Of The Regulation Is Constitutional And
Does Not Violate Due Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

K.  Plaintiffs' Contention That The IRS Violated The Notice And
Comment Requirements Of The Administrative Procedure Act
(the "APA") Lacks Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE COBRA TAX SHELTERS LITIGATION | § § § § | Cause No. 1:05-ml-9727-LJM-WTL |
| | | M.D.L. Docket No. 1727 |
| _____ | § § | |
| THIS DOCUMENT RELATES TO: | § § | |
| 1:06-cv-8000-LJM-WTL | § § § | |

**UNITED STATES' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE
VALIDITY OF TREASURY REGULATION § 1.752-6**

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii- iv

APPENDIX.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

SALA'S REASONING IS FATALLY FLAWED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
2

    A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

    B.    *Sala* erred in holding that the rules in the Regulation and I.R.C.
        § 358(h) are not "comparable." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    C.    *Sala*'s Reasoning That the 2000 Act Did Not Authorize the Regulation
        Because It Is Not Addressed to "Accelerated" or "Duplicative" Losses
        Is Meritless . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    D.    *Sala*'s conclusion that Section 309(c) of the 2000 Act does not authorize the
        Regulation because Section 309(c) only directed the Secretary to issue rules
        regarding the assumption of liabilities by corporations is flawed . . . . . . . . . . .  6

    E.    *Sala* Wrongly Concludes That I.R.C. § 7805(b)(6) Does Not Authorize the
        Retroactivity of the Regulation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

    F.    *Sala* Also Wrongly Concludes That I.R.C. § 7805(b)(3) Does Not Authorize
        the Retroactivity of the Regulation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

    G.    *Sala* Also Applied the Wrong Standard of Review to Determine
        the Validity of Treas. Reg. § 1.752-6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

    H.    Even if the Regulation were "interpretive" and even if the courts
        owed "interpretive" regulations less deference, the Regulation is
        still valid .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

# Exhibit E

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
### (Consolidated)

MURFAM FARMS, LLC,　　　　　　　　§
By and Through Wendell H. Murphy, Jr.,　§
a Partner Other Than Tax Matters Partner,　§
　　　　　　　　　　　　　　　　　　§
PSM FARMS, LLC,　　　　　　　　　　§
By and Through Stratton K. Murphy,　　　§
a Partner Other Than Tax Matters Partner,　§
　　　　　　　　　　　　　　　　　　§
MURPHY PORK PARTNERS, LLC　　　　§
By and Through Wendell H. Murphy, Jr.　§
a Partner Other Than Tax Matters Partner,　§
　　　　　　　　　　　　　　　　　　§
　　　　Plaintiffs,　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
UNITED STATES OF AMERICA,　　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　Defendant.　　　　　　　　　　§

---

# UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE VALIDITY OF TREASURY REGULATION § 1.752-6

---

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

## TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv- vii

APPENDIX.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

BACKGROUND.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    The COBRA Transaction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    The Transaction At Issue.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

THE RETROACTIVE APPLICATION OF
TREASURY REGULATION § 1.752-6 IS VALID . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    B.    Treas. Reg. § 1.752-6 Is A Legislative Regulation
          And Has The Force And Effect Of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    C.    The Retroactivity Of Treas. Reg. § 1.752-6 Is Valid . . . . . . . . . . . . . . . . . . 21

    D.    Congress Was Clearly Aware Of Abusive Partnership
          Contingent Liability Transactions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

    E.    Plaintiffs' Assertion That The Real Purpose Of
          Treas. Reg. §1.752-6 Was To Buttress The Government's
          Litigation In Notice 2000-44 Transactions Is Belied
          By The Mandate In Section 309(c) Of The 2000 Act. . . . . . . . . . . . . . . . . . . . 26

    F.    COBRA Taxpayers Could Not Rely On *Helmer* And
          Similar Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

G.    Plaintiffs' Argument That Section 309 Is Limited
      To Corporate Transactions Is Contrary To The Plain
      Wording Of The Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

H.    The Regulation's Rules Are Comparable To I.R.C § 358 . . . . . . . . . . . . . . . . . . 31

I.    Plaintiff's Argument That The Regulation Fails
      The *Chevron* Test Is Meritless. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

J.    Adoption Of The Regulation Is Constitutional And
      Does Not Violate Due Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

K.    Plaintiffs' Contention That The IRS Violated The Notice And
      Comment Requirements Of The Administrative Procedure Act
      (the "APA") Lacks Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Exhibit F

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
### (Consolidated)

|  |  |
|---|---|
| MURFAM FARMS, LLC, <br> By and Through Wendell H. Murphy, Jr., <br> a Partner Other Than Tax Matters Partner, | § <br> § <br> § <br> § |
| PSM FARMS, LLC, <br> By and Through Stratton K. Murphy, <br> a Partner Other Than Tax Matters Partner, | § <br> § <br> § <br> § |
| MURPHY PORK PARTNERS, LLC <br> By and Through Wendell H. Murphy, Jr. <br> a Partner Other Than Tax Matters Partner, | § <br> § <br> § <br> § |
| **Plaintiffs,** | § <br> § |
| v. | § <br> § |
| UNITED STATES OF AMERICA, | § <br> § |
| **Defendant.** | § |

---

## UNITED STATES' REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE VALIDITY OF TREASURY REGULATION § 1.752-6

---

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii- iv

APPENDIX.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SALA'S REASONING IS FATALLY FLAWED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    *Sala* erred in holding that the rules in the Regulation and I.R.C.
           § 358(h) are not "comparable." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.    *Sala*'s Reasoning That the 2000 Act Did Not Authorize the Regulation
           Because It Is Not Addressed to "Accelerated" or "Duplicative" Losses
           Is Meritless . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    D.    *Sala*'s conclusion that Section 309(c) of the 2000 Act does not authorize the
           Regulation because Section 309(c) only directed the Secretary to issue rules
           regarding the assumption of liabilities by corporations is flawed . . . . . . . . . . . 6

    E.    *Sala* Wrongly Concludes That I.R.C. § 7805(b)(6) Does Not Authorize the
           Retroactivity of the Regulation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    F.    *Sala* Also Wrongly Concludes That I.R.C. § 7805(b)(3) Does Not Authorize
           the Retroactivity of the Regulation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    G.    *Sala* Also Applied the Wrong Standard of Review to Determine
           the Validity of Treas. Reg. § 1.752-6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    H.    Even if the Regulation were "interpretive" and even if the courts
           owed "interpretive" regulations less deference, the Regulation is
           still valid .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16