UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Civil Nos. 05-40151 & 06-40130<br><br>Judge Saylor |
| FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by the Tax Matters Partner )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Civil Nos. 06-40243 & 06-40244<br><br>Judge Saylor |

**UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO THE UNITED STATES' EMERGENCY MOTION FOR LEAVE TO ENLARGE THE TIME TO FILE ITS RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INVALIDITY OF TREASURY REGULATION § 1.752-6**

As stated in our Motion, the United States moved for an enlargement of the time to brief plaintiff's Motion, which was filed only five weeks in advance of the currently-scheduled trial date of September 22, 2008, because (1) the Motion raises a purely legal issue regarding Treasury Regulation § 1.752-6, (2) it is unlikely the Court will have sufficient time to rule on the Motion prior to the start of trial, and (3) fully briefing the motion at this time would greatly interfere with the numerous other deadlines already imposed in this case. Plaintiff's Response reiterates his

position that the issue on which plaintiff moved for partial summary judgment, is a "pure issue of law"[1] and thus is not dependent on any fact to be decided at trial. However, plaintiff does not even attempt to rebut the United States' assertion that the elimination of the exceedingly narrow opinion issue of whether the transactions at issue are substantially similar to the transactions in Notice 2000-44 will not simplify the trial. Furthermore, the Response provides no answer as to why the Motion for Partial Summary Judgement must be briefed before trial. Nor does the Response take issue with our position that it is not likely that the issue could be decided before trial. In this connection, at the July 8 status conference in these cases, when asked by the Court if either of the parties were going to move for summary judgment, lead counsel for plaintiff stated: "I don't think so, your Honor"[2] and thereafter stated that "There may be an isolated issue, but there isn't -- this case is not going to go away on a motion."[3] At the status held on July 28, the same counsel stated that plaintiff was considering a Motion for Summary Judgment relating to Treasury Regulation § 1.752-6.[4] Thus, although it is not clear when plaintiff finally decided to file its Motion, plaintiff waited to file until a point in time which almost certainly will not allow the Court time to issue an opinion before trial.

Instead of addressing the numerous issues raised in the United States' Motion, plaintiff's Response is spent attempting to rebut the United States' third argument–that the United States would be prejudiced if the Court ordered the United States to respond to the plaintiff's Motion before trial. Plaintiff's primary argument appears to be that since the United States as a defendant has filed oppositions to motions for summary judgment on the same issues in other

---

[1] Plaintiff's Response, p. 2.
[2] July 8, 2008 Tr., p. 50, l.25.
[3] July 8, 2008 Tr., p. 51, l.2-3.
[4] July 8, 2008 Tr. P.24, l.1-18.

cases, the United States in this case should be able to file an opposition in this case. For the reasons stated below, plaintiff's weak argument should be rejected.

Plaintiff cited several oppositions filed by the United States to motions for summary relating to Treasury Regulation § 1.752-6. However, all of those oppositions were filed before the Court issued its opinion in *Stobie Creek*[5] on July 31, 2008. The United States would like adequate time to fully review that recent decision as well as to obtain the full views of the Internal Revenue Service on that decision, which is a process that can take some time. The United States in this case believes that this Court would benefit from post-trial briefing on the issue after the factual evidence has been presented at trial. In fact, the Court in *Sala*[6] entered its opinion on April 22, 2008 and the last day of trial in *Stobie Creek* was April 23, 2008.[7] Given that recent decision, the *Stobie Creek* Court ordered the parties in that case to file supplemental post-trial briefs addressing Treasury Regulation 1.752-6 and the recent opinion in *Sala* as well as certain other opinions.[8]

Finally, plaintiff's assertion that the United States' position is "erroneous" is premature. While three district courts have ruled that Treasury Regulation 1.752-6 is invalid, those decisions are in conflict with the United States Court of Appeals for the Seventh Circuit's decision in *Cemco Investors, LLC v. United States*, 515 F.3d 749 (7th Cir.2008). In addition, an appeal of the decision in *Klamath*[9] is pending in the United States Court of Appeals for the Fifth Circuit.

---

[5] *Stobie Creek Invs. v. United States*, No. 05-748T, 2008 WL 2968170 (Fed. Cl. July 31, 2008).

[6] *Sala v. United States*, 552 F. Supp. 2d 1167 (D. Colo. 2008).

[7] *See Stobie Creek Invs.* at *25.

[8] *See Stobie Creek Invs.* at *25.

[9] *Klamath Strategic Inv. Fund, LLC v. United States*, 440 F. Supp. 2d 608 (E.D. Tex. 2006).

3

## CONCLUSION

The validity of Treasury Regulation 1.752-6 is a pure legal issue and its resolution is not dependent on any fact to be decided at trial. Since a ruling on the issue of the validity of the Regulation is not essential and not likely to be made before trial due to the fact that Plaintiff's Motion was filed only five weeks before the scheduled trial, the Court should allow the United States to file its Response to plaintiff's Motion after the trial. Alternatively, if the United States is ordered to take the time to file a Response to plaintiff's Motion when there are currently numerous other deadlines in the few weeks before trial, the Court should continue the trial date in this case until after plaintiff's Motion is decided.

Dated: August 25, 2008

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
U.S. Department of Justice
P.O. Box 403, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

JOHN A. LINDQUIST
BARRY E. REIFERSON
HEATHER L. VANN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044-0055
Telephone: (202) 307-6561
Facsimile:  (202) 514-5238
E-mail: john.a.lindquist@usdoj.gov
        barry.e.reiferson@usdoj.gov
        heather.vann@usdoj.gov

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and copies will be sent to those indicated as non registered participants on August 25, 2008.

/s/ Heather L. Vann