UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, LLC, by the Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Nos. 05-40151           06-40130 |
| v. | ) ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) ) | Magistrate Judge Hillman |
| Defendant | ) | |

**RSM MCGLADREY, INC.'S SUR-REPLY IN OPPOSITION TO UNITED STATES' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

      The Government continues to assert that no privilege attached to the legal advice that RSM McGladrey ("RSMM") requested and received from Bryan Cave, or that RSMM waived the privilege by disclosing its confidential communications with Bryan Cave to third parties. The Government ratchets up its rhetoric in its reply brief, but the stark fact remains: despite submitting more than 40 pages of briefing and scores of exhibits that it contends demonstrate such a waiver, the Government fails to point to a single instance in which RSMM revealed its own confidential communications with Bryan Cave to a third party. The Government's motion to compel should be denied.[1]

---

[1] Contrary to the Government's assertion, RSMM does not contend that it was "blindsided" by the Government's motion to compel. On the contrary, beginning in January, RSMM's counsel and the Government had a series of telephone conferences. The Government consistently maintained that RSMM waived its attorney-client privilege by revealing its communications with Bryan Cave to third parties, and that the documents RSMM and other parties produced to the Government supported this contention. RSMM disagreed with the Government, and asked the Government to refer it to documents that purportedly supported this argument so that RSMM could evaluate the Government's waiver claim. The Government never did so. Months after last raising the subject with RSMM, the Government went ahead with its motion, having never shared with RSMM the dozens of exhibits that the Government now contends support this so-called waiver, despite RSMM's reasonable requests that it do so. RSMM was not

1

The withheld or redacted materials at issue in this motion consist of approximately 40 documents representing confidential communications between RSMM and its retained outside counsel, Bryan Cave, made for the purpose of requesting and/or providing legal advice. Among the more than 74,000 other pages of documents that RSMM has produced in response to the Government's subpoenas are all relevant communications between RSMM, Bryan Cave, and any third party, including employees of the Diversified Group ("DGI"). RSMM has not claimed that those communications are privileged. It seeks to protect only its own confidential communications with its retained outside counsel involving legal advice.

The Government does not dispute that RSMM engaged Bryan Cave as its outside counsel on tax issues, such that an attorney-client relationship was established. Instead, in its reply brief, the Government seeks to hold RSMM to an impossible standard of demonstrating non-waiver of its privileged communications without reliance on the uncontradicted RSMM testimony on this issue. The Government essentially complains that RSMM "fails to introduce any genuine documentary evidence" supporting its claims of non-waiver.[2] Of course, it is difficult to imagine what "documentary evidence" RSMM (or any litigant) could proffer to prove the negative proposition that it did not waive its attorney-client privilege, beyond the actual privileged documents submitted for in camera review, which demonstrate that these communications did not involve third parties.

---

blindsided by the Government's motion, but it was disappointed by the Government's refusal to provide the specific basis for its argument to RSMM before filing its motion.

[2] Govt. Reply at 2 n.2.

In addition to those documents, RSMM has provided exactly what is to be expected in a motion like this: testimony from the Government's own discovery in this case, and an affidavit from the individual at RSMM who was the point person for communicating with Bryan Cave in these matters. This uncontradicted testimony demonstrates that RSMM's communications with Bryan Cave for the purpose of obtaining legal advice were intended to remain, and did remain, confidential. At the same time, the Government has not submitted any evidence (whether documentary or testimonial) even suggesting that any document on RSMM's privilege log, or any of the legal advice provided by Bryan Cave that is set forth in those documents, was ever shared with or revealed to any third party at any time.

Not surprisingly, the Government suggests that Mr. Wainwright's declaration should be discounted because he participated in a personal transaction that is allegedly similar to one of the transactions at issue in these cases.[3] While the Government contends that these transactions are invalid (and, apparently, that anyone connected to them in any way is not credible), that issue is far from settled: in fact, it is the centerpiece of the upcoming trial in these cases. In any event, Mr. Wainwright's transaction is completely irrelevant to his declaration, which focuses not on his own transaction but on his personal knowledge of RSMM's extensive corporate attorney-client relationship with Bryan Cave.

Other than casting unfounded aspersions, the Government offers no reason why Mr. Wainwright's declaration should be discounted. Indeed, the Government fails to identify any evidentiary flaw in Mr. Wainwright's declaration testimony, let alone moves to strike it on any proper grounds. Instead, the Government says only that there is no

---

[3] Govt. Reply at 1-2.

3

support for Mr. Wainwright's testimony, but sworn testimony does not require documentary support to be admissible. Moreover, Mr. Wainwright's declaration is entirely consistent with the testimony elicited by the Government in two separate depositions of Mr. Wainwright (the latter of which took place well after this privilege dispute arose.)[4] In those depositions, the Government failed to even attempt to pursue its attack on RSMM's privilege claims after Mr. Wainwright made clear that RSMM did not share Bryan Cave's legal advice with anyone else. In contrast, the Government has failed to submit any sworn testimony from any RSMM, Bryan Cave, or DGI employee that contradicts Mr. Wainwright's declaration or his testimony in two depositions. Indeed, the absence of testimony from DGI supporting the Government's claims is remarkable, given its claim that RSMM "waived" any privilege by "expressly" disclosing Bryan Cave's legal advice to DGI on multiple occasions.

**I.    Privilege Attached To RSMM's Communications With Bryan Cave In The First Instance.**

The Government argues erroneously that no privilege attached to the withheld communications, because "RSM could in no way have intended or expected that its communications with Bryan Cave would be confidential." (Gov. Reply at 8). The Government cites the invoices RSMM provided as exhibits to its opposition.[5] These invoices demonstrate that the work Bryan Cave did for RSMM was classic legal work: interpretation of the tax law, application of regulations to particular fact patterns, and communication through telephone calls, e-mails, and meetings. The Government points out that on a few occasions, the invoices show that Bryan Cave billed RSMM for

---

[4]  *See* RSMM Opp. Exs. 10-11, 13.

[5]  *See* Wainwright Decl. Exs. A-D.

4

meetings or telephone calls that included both RSMM and DGI personnel.[6] The Government mistakenly claims that Bryan Cave's October 2001 invoice suggests that RSMM routinely shared confidential information with DGI "from the very outset" of its attorney-client relationship with RSMM. In fact, that invoice reflects a single meeting at which representatives of DGI were present, which occurred after Bryan Cave began providing legal advice to RSMM. More importantly, RSMM has not claimed privilege for these communications (or any of its simultaneous communications with Bryan Cave and DGI), and the Government has provided nothing but insinuation to overcome the evidence RSMM provided in its response demonstrating that RSMM's confidential communications with Bryan Cave (*i.e.*, communications in which no third party was involved) were made for the purpose of receiving legal advice and were intended to be kept confidential.[7] As such, the attorney-client privilege attached to RSMM's confidential communications with Bryan Cave.

## II.   RSMM Did Not Waive The Privilege.

The Government continues to contend that RSMM waived the attorney-client privilege by making an "express disclosure" of the legal advice it received from Bryan

---

[6] Govt. Reply at 5-6. The Government suggests that RSMM should have provided these invoices sooner. In one of the first discussions between RSMM's counsel and the Government, RSMM's counsel informed the Government that there were invoices from Bryan Cave to RSMM, but the Government never specifically followed up and requested these items. The Government's subpoena in the High Tech case requested documents evidencing an attorney-client relationship between RSMM and DGI. RSMM objected to this request on relevance and privilege grounds, and the parties never met and conferred on this issue thereafter. RSMM attached the invoices as exhibits to its opposition simply to establish that Bryan Cave did classic legal work for RSMM. The Government also contends that RSMM should produce additional invoices, but RSMM is not required to produce additional invoices that reflect legal work that is not relevant to either the issues in this motion or the transactions at issue in these cases.

[7] *See* RSMM Opposition at 13-17.

Cave to DGI.[8]  In its opposition, RSMM provided Mr. Wainwright's declaration and pointed to deposition testimony in the case indicating that RSMM did not reveal its confidential communications with Bryan Cave to any third party.[9]  In its reply brief, the Government points to instances in which RSMM communicated with Bryan Cave and DGI simultaneously, some of which involved the same subject matter as documents on RSMM's privilege log.  The Government then leaps to the entirely unsupported conclusion that these simultaneous communications could not possibly have occurred without RSMM disclosing its confidential communications with Bryan Cave.  This is nothing more than mere speculation without any foundation.

The fact that RSMM and Bryan Cave representatives met with DGI representatives at various times to discuss tax regulation issues related to their clients' tax transactions is hardly evidence of a privilege waiver for the advice Bryan Cave gave to RSMM.  It is common – not uncommon – for business people to have their counsel with them when discussing business issues with another company's representatives.  While these meetings sometimes are not privileged,[10] there also is no presumption in case law that merely because a legal topic of mutual interest (or dispute) is discussed, a court must assume that the client's confidential legal advice from its lawyer was inherently revealed in the course of the discussion.  And here, as RSMM noted in its opposition,[11] RSMM

---

[8]  Govt. Reply at 9.

[9]  *See* Wainwright Decl. ¶ 15, 17-19; RSMM Opp. Exs. 10-11, 13.

[10]  While business meetings may typically not involve any joint interest giving rise to a common privilege, to the extent RSMM and DGI were attempting to evaluate the legal issues related to the transactions they worked on jointly, these communications may be protected by a common interest privilege that would be held jointly by RSMM and DGI.

[11]  RSMM Opp. at 18.

6

business people such as Mr. Wainwright are independent experts in tax law capable of voicing their own views on the scope of tax regulations being discussed without ever having to share the confidential views of their outside counsel. One thing is clear – RSMM and DGI held different views on some topics, such as listing and disclosure, which led to negotiation of a formal agreement on DGI's listing obligations and a formal RSMM policy on disclosure.[12]

That Bryan Cave may have assisted RSMM in negotiating the listing agreement or developing the disclosure policy does not render all its confidential legal advice to RSMM on these topics "waived" for privilege purposes. "[A] client does not waive his attorney-client privilege merely by disclosing a subject which he had discussed with his attorney. In order to waive the privilege, the client must disclose the communication with the attorney itself."[13]

Just as it did in its opening brief, the Government piles on exhibits that it purports show waiver, but again, it fails to point to a single instance in which RSMM revealed a confidential communication with Bryan Cave to any third party. None of the documents the Government attaches as exhibits to its reply brief was sent or received by an RSMM employee or produced by RSMM (as was also the case with many of the exhibits to the Government's opening brief) so their relevance and admissibility against RSMM are suspect at best. The Government has obtained Fed. R. Evidence 902(11) declarations from third parties, but it has not provided them so that the Court can verify that they are

---

[12] Govt. Mem. Ex. 19 (listing); Ex. 27 (disclosure).

[13] *United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986).

sufficient to permit self-authentication.[14] Nor has the Government said that they would seek to admit these documents as business records and not under a different hearsay exception.[15] In addition, several courts have refused to admit e-mails as business records on the basis that they are not a product of routine and recurring business activity.[16] Even assuming they were admissible against RSMM, however, these exhibits do not demonstrate a waiver of the attorney-client privilege.

Because the Government believes that this is a case of express waiver, it downplays the First Circuit's decision in *In re Keeper of Records (Grand Jury Subpoena Addressed To XYZ Corp.)*, which did not involve an express waiver.[17] But the Government begs the question (and takes this case out of the ambit of *In re Keeper of Records*) by simply declaring that there were express waivers in this case without identifying any. In fact, this case closely resembles *In re Keeper of Records.* As in that case, the Government here argues that RSMM's admittedly non-privileged simultaneous communications with its outside counsel and a third party business partner work a waiver for all of RSMM's confidential communications with its counsel on the same subject matter.[18] Also as in *In re Keeper of Records*, RSMM has not asserted a "selective privilege" or undermined the fundamental fairness of the proceedings by raising an advice of counsel defense, selectively disclosing confidential communications, or

---

[14] *See Rambus, Inc. v. Infineon Technologies AG*, 348 F. Supp. 2d 698, 703 (E.D. Va. 2004).

[15] *See United States v. Safavian*, 435 F. Supp. 2d 36, 39 (D. D.C. 2006).

[16] *See United States v. Ferber*, 966 F. Supp. 90, 98 (D. Mass. 1997).

[17] 348 F.3d 16, 23 (1st Cir. 2003).

[18] The discussions between XYZ Corp. and its co-venturer were required by the parties' supply agreement, but there is no suggestion in the case the presence of outside counsel was required.

attempting to use the attorney-client privilege as both a sword and a shield.[19] The First Circuit rejected the argument that there had been a subject matter waiver under those circumstances.[20]

In sum, RSMM has provided evidence demonstrating that it did not disclose its confidential communications with Bryan Cave to DGI or any other third party. The Government has failed to identify a single instance in which RSMM made such a disclosure, and therefore there has been no waiver.

## Conclusion

As the evidence shows, RSMM's communications with Bryan Cave were for the purpose of securing legal advice, and RSMM did not reveal its confidential communications with Bryan Cave to DGI or any third party and thereby waive the privilege. The Government's motion to compel should be denied.

Dated: September 3, 2008                         RSM MCGLADREY, INC.

                                                 By: /s/ Matthew M. Neumeier
                                                    One of its Attorneys

Robert L. Kann                                   Matthew M. Neumeier
BROMBERG & SUNSTEIN LLP                          HOWREY LLP
125 Summer Street                                321 N. Clark Street
Boston, MA 02110                                 Suite 3400
(617) 443-9292                                   Chicago, Illinois 60654
(617) 443-0004 (fax)                             (312) 595-1239
                                                 (312) 595-2250 (fax)

---

[19] 348 F.3d at 24.

[20] *Id.*

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified in the Notice of Electronic Filing and copies will be sent to those indicated as non-registered participants on September 3, 2008.

/s/  Matthew M. Neumeier