# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No.: 05-40151-FDS<br>             06-40130-FDS |
| FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No.: 06-40243-FDS<br>             06-40244-FDS |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE**
**THE FIFTH AMENDMENT ASSERTIONS OF NON-PARTY DEPONENTS**

Defendant has designated deposition transcripts of five non-party witnesses who did not provide any probative testimony. In fact, those non-party witnesses, over whom Plaintiff has no control, asserted their Fifth Amendment rights against self-incrimination.[1] The issue for this

---

[1] James Haber, John Huber and Matthew Sabloff asserted their Fifth Amendment rights in response to all, or substantially all, of Defendant's substantive questions. Thomas Yorke testified fully in one deposition and invoked his Fifth Amendment rights only in his second deposition. Israel Press asserted his Fifth Amendment rights to less

Court is whether to allow Defendant to offer the deposition testimony of these non-party witnesses for the purpose of asking the Court to draw adverse inferences against Plaintiff. The proffered testimony should not be admitted because it is irrelevant, and no adverse inferences should be drawn against Plaintiff. First, the testimony contains no information relevant to the disposition of the *High Tech* and *FICA A Fund* cases. Second, the testimony of these non-parties cannot properly be attributed to Plaintiff and is therefore irrelevant. Third, admission of such testimony is unduly prejudicial because Plaintiff cannot rebut any adverse inference drawn from the testimony. Finally, drawing an adverse inference against Plaintiff based on the non-party witnesses' Fifth Amendment assertions is unduly prejudicial because such an inference would be based on a theory of guilt by association. Admission of such testimony, moreover, would be very unfair and prejudicial.

Respectfully submitted this 4th day of September, 2008.

                                    PLAINTIFF
                                    FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner
                                    PLAINTIFF
                                    FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by the Tax Matters Partner

                                    /s/ Lena Amanti
                                    David J. Curtin, D.C. Bar #281220
                                    Ronald L. Buch, Jr., D.C. Bar #450903
                                    Lena Amanti, D.C. Bar #490791
                                    MCKEE NELSON LLP
                                    1919 M Street, N.W., Suite 200
                                    Washington, D.C. 20036
                                    Telephone: (202) 775-1880
                                    Facsimile: (202) 775-8586
                                    Email: dcurtin@mckeenelson.com
                                                rbuch@mckeenelson.com
                                                lamanti@mckeenelson.com

---

than twenty of Defendant's questions; Plaintiff's motion is addressed only toward the portions of Mr. Press's deposition in which he invoked the Fifth Amendment.

2

>John O. Mirick, BBO #349240
>MIRICK, O'CONNELL, DEMALLIE
>& LOUGEE, LLP
>100 Front Street
>Worcester, MA 01608
>Telephone: (508) 791-8500
>Facsimile: (508) 791-8502
>Email: jomirick@mirickoconnell.com

**Certificate of Compliance with Local Rules**

I hereby certify, pursuant to Local Rule 7.1(a)(2), that counsel for movant has in good faith conferred or attempted to confer with counsel for Defendant in an attempt to resolve the dispute without court action and to narrow the issues.

>/s/ Lena Amanti
>Lena Amanti, D.C. Bar #490791
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 200
>Washington, D.C. 20036
>Telephone: (202) 775-1880
>Facsimile: (202) 775-8586
>Email: lamanti@mckeenelson.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 4, 2008.

>/s/ Lena Amanti
>Lena Amanti, D.C. Bar #490791
>MCKEE NELSON LLP
>1919 M Street, N.W., Suite 200
>Washington, D.C. 20036
>Telephone: (202) 775-1880
>Facsimile: (202) 775-8586
>Email: lamanti@mckeenelson.com