UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 05-40151-FDS<br>06-40130-FDS |
| FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by the Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 06-40243-FDS<br>06-40244-FDS |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE FIFTH AMENDMENT ASSERTIONS OF NON-PARTY DEPONENTS**

Defendant has designated deposition transcripts of five non-party witnesses who did not provide any probative testimony. In fact, those non-party witnesses, over whom Plaintiff has no control, asserted their Fifth Amendment rights against self-incrimination.[1] The issue for this

---

[1] James Haber, John Huber and Matthew Sabloff asserted their Fifth Amendment rights in response to all, or substantially all, of Defendant's substantive questions. Thomas Yorke testified fully in one deposition and invoked his Fifth Amendment rights only in his second deposition. Israel Press asserted his Fifth Amendment rights to less

Court is whether to allow Defendant to offer the deposition testimony of these non-party witnesses for the purpose of asking the Court to draw adverse inferences against Plaintiff. The proffered testimony should not be admitted because it is irrelevant, and no adverse inference should be made against Plaintiff. Admission of such testimony, moreover, would be very unfair and prejudicial.

## BACKGROUND

The resolution of the *High Tech* and *FICA A Fund* cases will primarily turn on the application of the tax law, as codified in the Internal Revenue Code, to the facts of the transactions. Courts have also developed various "soft doctrines" to determine the proper tax treatment of a transaction. Consistent with its pattern in these cases, Defendant will attempt to introduce extraneous and time-wasting evidence at trial, including the deposition testimony of five non-party witnesses (collectively, the "Non-Party Deponents") who asserted their Fifth Amendment rights in response to all, or substantially all, of Defendant's questions. Those Non-Party Deponents are: (1) James Haber of the Diversified Group, Inc.; (2) John Huber of the Diversified Group, Inc.; (3) Matthew Sabloff, who was a junior tax associate at Proskauer Rose LLP when that firm issued tax opinions to Plaintiff; (4) Thomas Yorke, a former options trader at Refco Capital Markets who executed the option transactions at issue in these cases; and (5) Israel Press, an accountant who never provided any services to Plaintiff, High Tech, or FICA A Fund, and who has no personal knowledge about these cases.[2]

---

than twenty of Defendant's questions; Plaintiff's motion is addressed only toward the portions of Mr. Press's deposition in which he invoked the Fifth Amendment.

[2] *See* Israel Press Dep. Tr. 154:5-16, Nov. 9, 2007 ("*Q*. Did you ever have any discussions with anyone concerning Richard Egan? *A*. No. *Q*. Were you aware that Richard Egan participated in a transaction through Diversified Group, Inc. and/or Helios Financial in 2001? . . . *A*. I don't remember the name. The first time I saw it is when Mr. Millus gave me this complaint, Richard Egan. I don't memorize names.").

**ARGUMENT**

The depositions in which the Non-Party Deponents assert their Fifth Amendment rights have no substantive evidentiary value.[3] Defendant creates evidence out of this non-evidence only if it can persuade the Court to draw adverse inferences against Plaintiff based upon the Non-Party Deponents' invocations of the Fifth Amendment. Drawing adverse inferences against Plaintiff would be improper because the nexus between Plaintiff and the Non-Party Deponents is insufficient to permit the Fifth Amendment assertions to be attributed to Plaintiff, and there is no evidence that the Non-Party Deponents' assertions of privilege have anything to do with this case. Finally, even if the deposition testimony were relevant, the prejudice of an adverse inference outweighs the probative value gained by admitting the transcripts into evidence.

**I.    The Non-Party Deponents' Deposition Testimony is Irrelevant**

At issue in the present case is whether Plaintiff's tax treatment of certain transactions in 2001 and 2002 was proper under then-existing federal income tax law. However, the Non-Party Deponents' deposition testimony contains no factual information, because they declined to answer any questions.[4] Accordingly, the Court should begin its evaluation of this testimony with the obvious but important point that the Non-Party Deponents' deposition testimony includes no "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[5] This testimony has no relevance or value unless the Court constructs adverse

---

[3] Plaintiff notes that Defendant has the burden of demonstrating that the evidence it wishes to introduce has probative value. *See, e.g., DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991) (affirming exclusion of evidence where proponent failed to demonstrate relevancy).

[4] Israel Press asserted his Fifth Amendment rights to less than twenty questions. Accordingly, Mr. Press's deposition contains some actual information where he provided answers to counsel's questions.

[5] Fed. R. Evid. 401.

inferences against Plaintiff. Defendant is not entitled to this judicial assistance and Plaintiff does not deserve the unfairness it imposes.

## II. Any Inference Drawn from the Non-Party Deponents' Invocations of the Fifth Amendment Rights Is Irrelevant

Because the Non-Party Deponents' deposition testimony contains no actual information, it can only be relevant if adverse inferences can be drawn from their Fifth Amendment assertions. Such inferences would be of no probative value in this case, and there is no basis for drawing them here. It would be inappropriate, moreover, to attribute an inference drawn from the Non-Party Deponents' invocations of the Fifth Amendment to Plaintiff.

Drawing an adverse inference against a party based on a non-party's assertion of the Fifth Amendment is most unusual, particularly in cases not involving the employee-employer relationship—and even then, the First Circuit has "demanded that such an inference be based on something more than the mere existence of an employment relationship."[6] In *Veranda Beach*, the First Circuit held that an individual employee's "invocation of a personal privilege against self-incrimination cannot, without more, be held against his corporate employer."[7] Even though the individual employee in *Veranda Beach* was also an officer and part-owner of the corporation against which the plaintiff sought to draw an adverse inference, the First Circuit found that the employee's decision to invoke the Fifth Amendment was personal and could not be imputed to his employer.[8]

The District Court in this jurisdiction recently had the opportunity to consider whether it was proper to attribute an adverse inference drawn against one defendant to other defendants in

---

[6] *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 340, 352 (D. Mass. 1993) (construing *Veranda Beach Club Ltd. v. Western Sur. Co.*, 936 F.2d 1364 (1st Cir. 1991)).

[7] *Veranda Beach*, 936 F.2d at 1374.

[8] *Id.*

4

the same civil action. In *Cowans v. City of Boston*, the plaintiff sought damages against various police officers, supervisors, and a fingerprint analyst for his wrongful conviction.[9] The defendant fingerprint analyst asserted his Fifth Amendment privilege during a deposition and the plaintiff argued that the adverse inference drawn against him should be imputed to the other defendants.[10] In considering the plaintiff's argument, the court noted that in a "somewhat unusual case," the Second Circuit had "indicated that an adverse inference might be drawn even outside of the employer-employee context where the relationship between a party and a non-party witness is so close by degree or control that it amounts to the equivalent of a conspiracy, joint venture, or a de facto agency relationship."[11] The *Cowans* court rejected the plaintiff's argument because the fingerprint analyst and the other defendants did not have a sufficiently close relationship to warrant imputation of the adverse inference.[12]

Plaintiff certainly did not have an employer-employee relationship with any of the Non-Party Deponents. There is no evidence that the relationship between Plaintiff and the Non-Party Deponents was so close as to justify imputing adverse inferences to Plaintiff. First, the Non-Party Deponents here have no remaining obligations to Plaintiff. Plaintiff has never engaged the services of Israel Press (who is wholly unfamiliar with High Tech and FICA A Fund) and has no continuing business or personal relationship with the other witnesses such that they would be asserting the Fifth Amendment in order not to damage their relationship with Plaintiff. Second, Plaintiff has no control or influence over the Non-Party Deponents. Each Non-Party Deponent is represented by separate and independent counsel and presumably decided to invoke his Fifth

---

[9] *Cowans v. City of Boston*, 2007 U.S. Dist. LEXIS 215, at *1-*2 (D. Mass. Jan. 4 2007).

[10] *Id.* at *9 n.6.

[11] *Id.* (construing *LiButti v. United States*, 107 F.3d 110 (2d Cir. 1997)).

[12] *Id.*

Amendment privilege based on consultation with his respective counsel. Third, there is no basis for finding that the assertions of privilege by these witnesses were beneficial to Plaintiff or related to Plaintiff's investments, as opposed to other matters that have caused counsel to advise their clients to invoke their privileges. The Non-Party Deponents may well have concerns arising out of various ongoing criminal investigations.

Accordingly, drawing an adverse inference against Plaintiff based on the Non-Party Deponents' Fifth Amendment assertions would be inappropriate and inconsistent with the First Circuit's decision in *Veranda Beach* and the District Court's decision in *Cowans*.

## III.     The Danger of Unfair Prejudice Outweighs Any Probative Value Gained by Admitting the Deposition Testimony of the Non-Party Deponents

Even if the Court were to find that the Non-Party Deponents' Fifth Amendment assertions have some modicum of relevance, the depositions should still be excluded because their "probative value is substantially outweighed by the danger of unfair prejudice."[13] First, Plaintiff's inability to access information that would rebut an adverse inference puts Plaintiff at an unfair disadvantage. Second, imputing to Plaintiff an adverse inference drawn against the Non-Party Deponents based on a theory of guilt-by-association is improper and unduly prejudicial.

### A.     Plaintiff is Unfairly Prejudiced by the Inability to Rebut an Adverse Inference

Because Plaintiff is not privy to the ongoing criminal investigations of the Non-Party Deponents, he cannot rebut an adverse inference drawn from their Fifth Amendment assertions. Plaintiff has no way to demonstrate the criminal exposure that prompted the Non-Party Deponents to assert their Fifth Amendment privileges. The available evidence suggests that the

---

[13] Fed. R. Evid. 403.

Non-Party Deponents asserted their Fifth Amendment rights due to investigations that are unrelated to Plaintiff's case. For example, Matthew Sabloff's counsel explained that her client was asserting his Fifth Amendment rights due to a grand jury investigation of Ernst & Young, which has no relation to the transactions here.[14] Thomas Yorke is a former Executive Vice President at Refco, and several of Refco's other former executives have recently plead guilty or been convicted of various crimes related to Refco's bankruptcy. While these witnesses, and their lawyers, may have concerns about questions regarding their past employment by firms or companies that may be included within the scope of some investigation somewhere, it is entirely inappropriate to attribute those assertions to Plaintiff, particularly in light of the fact that Plaintiff does not have access to information to rebut such adverse inferences. Such a handicap is unduly prejudicial.

### B. Plaintiff Is Prejudiced Because Any Adverse Inference Is Based on a Theory of Guilt by Association

The First Circuit has held that, due to its prejudicial nature, evidence concerning the actions of non-parties is inadmissible under Rule 403 to show the intent of the party against whom it is offered. For example, in *United States v. St. Michael's Credit Union*, the First Circuit held that evidence of a non-party's activities was prejudicial and must be excluded when there was no evidence that the party against whom such evidence was offered had knowledge of those activities.[15] Where there is no adequate connection between the non-party's acts and the party against whom the evidence is offered, the First Circuit required exclusion, explaining, "[e]ven were we to afford some minimal probative significance to the [evidence of the non-party's

---

[14] Matthew Sabloff Dep. Tr. 7:8-8:13, May 22, 2008 ("Mr. Sabloff will be asserting his rights under the Fifth Amendment to the United States Constitution today with respect to substantive questions. The reason he will do that is that we have been advised . . . that Mr. Sabloff's conduct while associated with Proskauer is the subject of an ongoing grand jury investigation . . . involving an accounting firm known as Ernst & Young.").

[15] *United States v. St. Michael's Credit Union*, 880 F.2d 579, 601 (1st Cir. 1989).

gambling activities], we would still find its admission to be an abuse of discretion because its 'probative value (if any) is substantially outweighed by the danger of unfair prejudice.'"[16] The First Circuit finds such evidence highly prejudicial because it is based "on a theory of guilt by association."[17]

As in *St. Michael's*, drawing an adverse inference from the Non-Party Deponents' assertions of their Fifth Amendment rights is unduly prejudicial when offered against Plaintiff. Such evidence serves no other purpose than to impute the inferred wrongdoing of the Non-Party Deponents to Plaintiff, which is improper.

## CONCLUSION

The Non-Party Deponents' blanket assertions of their Fifth Amendment rights should be excluded as irrelevant and prejudicial. First, the testimony contains no information relevant to the disposition of the *High Tech* and *FICA A Fund* cases. Second, the testimony of these non-parties cannot properly be attributed to Plaintiff and is therefore irrelevant. Third, admission of such testimony is unduly prejudicial because Plaintiff cannot rebut any adverse inference drawn from the testimony. Finally, drawing an adverse inference against Plaintiff based on the Non-Party Deponents' Fifth Amendment assertions is unduly prejudicial because such an inference would be based on a theory of guilt by association. Accordingly, admission of such evidence would be improper and highly prejudicial.

---

[16] *Id.* at 601 (quoting *United States v. Koger*, 646 F.2d 1194, 1198 (7th Cir. 1981)).

[17] *Id.* at 602.

Respectfully submitted this 4th day of September, 2008.

    PLAINTIFF
    FIDELITY INTERNATIONAL CURRENCY ADVISOR
    A FUND, L.L.C., by the Tax Matters Partner

    PLAINTIFF
    FIDELITY HIGH TECH ADVISOR A FUND, L.L.C., by
    the Tax Matters Partner

    /s/ Lena Amanti
    David J. Curtin, D.C. Bar #281220
    Ronald L. Buch, Jr., D.C. Bar #450903
    Lena Amanti, D.C. Bar #490791
    MCKEE NELSON LLP
    1919 M Street, N.W., Suite 200
    Washington, D.C. 20036
    Telephone: (202) 775-1880
    Facsimile: (202) 775-8586
    Email: dcurtin@mckeenelson.com
           rbuch@mckeenelson.com
           lamanti@mckeenelson.com

    John O. Mirick, BBO #349240
    MIRICK, O'CONNELL, DEMALLIE
    & LOUGEE, LLP
    100 Front Street
    Worcester, MA 01608
    Telephone: (508) 791-8500
    Facsimile: (508) 791-8502
    Email: jomirick@mirickoconnell.com

**Certificate of Service**

       I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 4, 2008.

    /s/ Lena Amanti
    Lena Amanti, D.C. Bar #490791
    MCKEE NELSON LLP
    1919 M Street, N.W., Suite 200
    Washington, D.C. 20036
    Telephone: (202) 775-1880
    Facsimile: (202) 775-8586
    Email: lamanti@mckeenelson.com