**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, LLC, by the Tax Matters Partner, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 05-40151-FDS 06-40130-FDS |
| v. | ) ) | |
| UNITED STATES of AMERICA, | ) ) | |
| Defendant. | ) ) | |

|  |  |  |
|---|---|---|
| FIDELITY HIGH TECH ADVISOR A FUND, LLC, by the Tax Matters Partner, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 06-40243-FDS 06-40244-FDS |
| v. | ) ) | |
| UNITED STATES of AMERICA, | ) ) | |
| Defendant. | ) ) | |

**CORRECTED MEMORANDUM AND ORDER CONCERNING**
**AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**SAYLOR, J.**

On May 17, 2010, this Court issued its findings of fact and conclusions of law in this

matter. The United States has moved for reconsideration and clarification of that order.

Specifically, the United States contends that this Court has jurisdiction to determine the asserted

penalties against Fidelity International and Fidelity High Tech for the tax years 2001 and 2002,

and that the Court should make certain findings as to those penalties.

Upon review of the pleadings and argument by counsel, this Court concludes that the government's motion is meritorious. The motion for reconsideration and clarification is therefore granted, and the Court's finding of fact and conclusions of law are hereby supplemented and amended as follows. Amended findings of fact and conclusions of law incorporating the following changes are filed herewith.

1.   **Introduction.**

   a.   The sentences on page 2 beginning "The Court also makes . . ." and "The Court will not . . ." are deleted.

   b.   The following sentence is substituted for the omitted sentences on page 2: The Court also finds that various accuracy-related penalties are applicable.

   c.   The sentence on page 26 beginning, "The tax returns of the Egans . . ." the phrase "and no penalty assessments" is deleted.

   d.   The sentences on page 26 beginning, "The Court also makes . . ." and "In this partnership-level proceeding . . ." are deleted.

   e.   The following sentence is substituted for the omitted sentences on page 26: The Court also finds that various accuracy-related penalties, including the 40% gross valuation misstatement penalty, are applicable. *See* 26 U.S.C. § 6662(f).

2.   **Conclusions of Law.**

   a.   Paragraphs 67, 70, and 83 are omitted.

   b.   The following paragraphs are added:

61a.    A partner's "outside basis" is the partner's basis in his or her partnership interest. A partnership's "inside basis" is the partnership's basis in its own property.

61b.    In general, a partner's outside basis in a partnership is not a partnership item. *Jade Trading, LLC v. United States*, 598 F.3d 1372, 1379-80 (Fed. Cir. 2010). The partnership's inside basis is, however, a partnership item. *Stobie Creek Investments LLC v. United States*, 608 F.3d 1366, 1380 (Fed. Cir. 2010).

61c.    Adjustments made pursuant to an election under 26 U.S.C. § 754 are also partnership items. *Id.*

61d.    This Court lacks jurisdiction over the imposition of a penalty in this partnership-level to the extent the penalty relates solely to outside basis. *Jade Trading*, 598 F.3d at 1379-80; *Petaluma Fx Partners, LLC v. Comm'r*, 591 F.3d 649, 655 (D.C. Cir. 2010). However, the Court has jurisdiction over the imposition of penalties relating to misstatements of inside basis and other inaccuracies relating to partnership items.

61e.    Because partnerships do not pay income taxes, the actual calculation and imposition of any penalty is determined at a partner-level proceeding. This Court nonetheless has jurisdiction to determine the "applicability" of such a penalty in this proceeding. 26 U.S.C. § 6226(f).

68a.    Plaintiffs do not contest that this Court has jurisdiction to determine whether a valuation misstatement occurred with regard to the Fidelity High Tech transaction, and thus whether a valuation misstatement penalty applies.

68b.    Here, the value or adjusted basis of property claimed on the 2001 and 2002 Fidelity High Tech partnership tax returns is 400% more than the correct amount of such value or adjusted basis.

68c.    The "gross valuation misstatement" penalty of 26 U.S.C. § 6662(a), (b)(3), and (h) therefore applies as to the Fidelity High Tech transaction.

68d.    Plaintiffs do, however, contest whether this Court has jurisdiction to determine whether a valuation misstatement occurred with regard to the Fidelity International transaction, and thus whether a valuation misstatement penalty applies.  In substance, plaintiffs contend that any valuation misstatement as to Fidelity International concerned outside basis, not the partnership's inside basis, and is therefore not a partnership item.

68e.    For the reasons set forth below, the Court concludes that the valuation misstatement as to the Fidelity International transaction occurred at the partnership level, and therefore it has jurisdiction over the applicability of any penalty related to that item.

68f.    The assets of Fidelity International included both interest rate

4

options that were contributed to the partnership and foreign

currency options that the partnership itself purchased and sold.

Fidelity International claimed losses in 2001 and 2002 that were

generated by the disposition of those assets.

68g.    Whether a partnership incurred a gain or a loss is a partnership

item.  Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i).  In order to

ascertain whether a partnership incurred a gain or a loss from the

disposition of its assets requires that the partnership must calculate

its basis in those assets (that is, the inside basis).  As noted, that

inside basis is a partnership item.

68h.    Fidelity International's reported losses were based in part on

foreign currency options that were acquired and sold within the

partnership.  The partnership's calculation of basis for those

options, and any gain or loss resulting from the sales, are

partnership items.

68i.    Fidelity International's reported losses were also based in part on

interest rate options that were contributed to the partnership.  The

partnership necessarily used the basis of those options (that is, the

inside basis) in determining whether the partnership sustained a gain

or a loss.  Again, the partnership's calculation of basis for those

options, and any gain or loss resulting from the sales, are

partnership items.  *See* Treas. Reg. § 301.6231(a)(3)-1(c)(2) (the

basis of contributed property is a partnership item); *Stobie Creek*, 608 F.3d at 1380.

68j.    The partnership returns (Forms 1065) therefore contained valuation misstatements with respect to inside basis.

68k.    Alternatively, the Fidelity International transaction lacked economic substance, and should be disregarded.  The basis of a disregarded asset is zero.   A valuation misstatement is thus inherent in the Fidelity International transaction as reported on the partnership returns.  The overvalued basis was an integral part of the transaction, and the valuation misstatement thus bore a direct relationship to the underpayment of tax.

68l.    Here, the value or adjusted basis of property claimed on the 2001 and 2002 Fidelity International partnership tax returns is 400% more than the correct amount of such value or adjusted basis.  *See* Treas. Reg. § 1.6662-5(g) ("the value or adjusted basis claimed on a return of any property with a correct value or adjusted basis of zero is considered to be 400 per cent or more of the correct amount.").

68m.    The "gross valuation misstatement" penalty of 26 U.S.C. § 6662(a), (b)(3), and (h) therefore applies as to the Fidelity International transaction.

69a.    Here, the value or adjusted basis of property claimed on the

partnership tax returns at issue is 200% more than the correct amount of such value or adjusted basis.

69b.    The "substantial valuation misstatement" penalty of 26 U.S.C. § 6662(a) and (b)(3) therefore applies.

71a.    Here, as a result of the misstatements at the partnership level, the correct income tax of Richard Egan for the relevant years exceeded the reported tax by more than $5,000 and more than 10% of the tax required to be shown on the return.

71b.    The "substantial understatement" penalty of 26 U.S.C. § 6662(a), (b)(2), and (d)(2)(A) therefore applies.

86a.    Here, Richard Egan did not report or pay the correct income tax for the relevant years because of negligence and disregard of rules and regulations as to the preparation and filing of the Fidelity High Tech and Fidelity International partnership tax returns for 2001 and 2002.

86b.    The "negligence or disregard of rules or regulations" penalty of 26 U.S.C. § 6662(a) and (b)(1) therefore applies.

92a.    Here, to the extent that the matter is appropriately raised at the partnership level, there was no reasonable cause for any portion of any understatement of the income tax liability of Richard Egan with respect to his participation in the Fidelity High Tech and Fidelity International transactions, and Richard Egan did not act in good

faith with respect to those transactions.

2.   **Summary Factual Conclusions.**

    a.   Paragraph D.4 on page 357 is omitted.

    b.   The following paragraphs are added:

        9.   The Fidelity High Tech and Fidelity International partnership tax returns for 2001 and 2002 contained gross valuation misstatements within the meaning of 26 U.S.C. § 6662(a), (b)(3), and (h), and the 40% penalty for such misstatements is therefore applicable to any understatement of income tax liability of Richard Egan arising out of those misstatements.

        10.   The Fidelity High Tech and Fidelity International partnership tax returns for 2001 and 2002 contained substantial valuation misstatements within the meaning of 26 U.S.C. § 6662(a) and (b)(3), and the 20% penalty for such misstatements is therefore applicable to any understatement of income tax liability of Richard Egan arising out of those misstatements.

        11.   As a result of misstatements on the Fidelity High Tech and Fidelity International partnership tax returns for 2001 and 2002, the correct income tax of Richard Egan exceeded the reported tax by more than $5,000 and more than 10% of the tax required to be shown on the return, and the 20% penalty for substantial understatement under 26 U.S.C. § 6662(a), (b)(2), and (d)(2)(A) is therefore

applicable.

12.     As a result of negligence and disregard of rules and regulations as
to the preparation and filing of the Fidelity High Tech and Fidelity
International partnership tax returns for 2001 and 2002, the correct
income tax of Richard Egan was not reported or paid in the
relevant years, and the 20% penalty for negligence or disregard of
rules and regulations under 26 U.S.C. § 6662(a) and (b)(1) is
therefore applicable.

3.     **Conclusion.**

a.     The following paragraph is added:

6.     The following accuracy-related penalties are applicable to any
understatement of the income tax liability of Richard Egan arising
from the treatment of the Fidelity High Tech and Fidelity
International transactions on the tax returns of those entities for the
years 2001 and 2002.

a.     a 40% penalty for gross valuation misstatement pursuant to
§ 6662(a), (b)(3), and (h);

b.     a 20% penalty for substantial valuation misstatement
pursuant to § 6662(a) and (b)(3);

c.     a 20% penalty for substantial understatement of income tax
pursuant to § 6662(a), (b)(2), and (d)(2)(A); and

d.     a 20% penalty for negligence or disregard of rules and

regulations pursuant to § 6662(a) and (b)(1).

The penalties are alternatively, and not cumulatively, applied.

**So Ordered.**


/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 18, 2010