# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, LLC, by the Tax Matters Partner, </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES of AMERICA, </br></br> Defendant. | Civil No. </br> 05-40151-FDS </br> 06-40130-FDS |
| FIDELITY HIGH TECH ADVISOR A FUND, LLC, by the Tax Matters Partner, </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES of AMERICA, </br></br> Defendant. | Civil No. </br> 06-40243-FDS </br> 06-40244-FDS |

## MEMORANDUM AND ORDER ON BILL OF COSTS

**SAYLOR, J.**

The United States has filed a bill of costs in this matter seeking $220,944.65 in costs from plaintiffs. Plaintiffs have moved to disallow the bill of costs in its entirety as premature and, alternatively, to disallow certain costs as not recoverable. For the reasons stated below, plaintiffs' motion will be granted in part and denied in part.

1. **Whether the Bill of Costs Was Prematurely Filed**

The question of whether the bill of costs was premature at the time it was filed is now moot, as plaintiffs filed a notice of appeal on December 3, 2010. The Court will therefore consider the merits of the issue.

2. **Plaintiffs' Specific Objections**

   a. **Videotape Depositions**

Plaintiffs object generally to the taxation of any costs for videotape depositions on the ground that such costs are not taxable without prior permission of the Court. That position is clearly incorrect. Under the statute as amended, "[f]ees for . . . electronically recorded transcripts necessarily obtained for use in the case" are taxable as costs. 18 U.S.C. § 1920(2). Prior permission for such fees is therefore not required.

The electronically recorded transcripts must still be "necessarily obtained" for use in the case. Plaintiffs contend that video deposition expenses are not recoverable if the witness testifies at the trial, and objects to $18,791.00 in such costs claimed by defendant. That proposition is certainly doubtful as to witnesses (such as Stephanie Denby) who resided out-of-state and who may not have been available to testify at the trial. Furthermore, and in any event, in this case—particularly given its extreme complexities and uncertainties as to how and when the case would be tried and who would be then available to testify—the videotaping of the nine identified witnesses who later testified at trial was appropriate and necessary and properly taxable as a cost.

Plaintiffs further contend that the government may not recover both videotape and stenographic costs for the same deposition on the grounds that those costs are duplicative. The Court expresses no opinion as to whether such costs might be duplicative in a simple case, or

2

even a case of moderate complexity. Again, given the extreme complexity of this matter, it was plainly necessary to have written transcripts of all witnesses, including those who were videotaped, to prepare for trial, and those costs are recoverable.

      **b.**      <u>**Stenographic Transcript Costs**</u>

Plaintiffs next contend that costs in the amount of $17,328.12 for daily or expedited trial transcripts are not allowable, at least absent prior permission of the Court. While it is true that some courts have permitted recovery of such expenses under some circumstances, *see United States v. Davis*, 87 F. Supp. 2d 82, 90 (D. R. I. 2000), they are not allowable as a matter of course. Here, while such transcripts were no doubt desirable, in a bench trial with multiple counsel available to listen to trial testimony and take notes, the Court cannot conclude that they were "necessarily" incurred within the meaning of § 1920. Those costs will accordingly be disallowed.

Plaintiffs also object to the recovery of costs of $6,434.35 for transcripts of depositions of defendant's own experts taken by plaintiffs. Under the circumstances presented here, where plaintiff filed motions seeking to exclude the experts based in part on their deposition testimony, such costs were "necessarily" incurred within the meaning of § 1920 and will therefore be allowed.

      **c.**      <u>**"Real Time" Stenography**</u>

Plaintiffs next object to costs of $26,626.90 for "real time" transmissions of depositions and $12,183.54 for "real time" transmissions of trial testimony. While no doubt highly convenient and desirable, such costs were not "necessarily" incurred, even in a complex case, and will therefore be disallowed.

3

### d. Exemplification, Copying, and Printing

Under § 1920(3), "[f]ees and disbursements for printing" are taxable as costs; under § 1920(4), "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are likewise taxable.

Plaintiffs object to the inclusion of $19,200 in printing and mounting costs for demonstrative exhibits, on the grounds that such exhibits were primarily presented electronically and were not necessary for use at trial. The government certainly was correct to make extensive use of demonstrative exhibits, given the complexity of the trial. The use of paper demonstrative exhibits was very helpful to the Court. The Court has reviewed the invoices submitted by the government, and is not prepared to reject them as unnecessary or excessive based on the evidence provided.

Plaintiffs also object to the fact that the government paid $1,200 to rent a copier at a temporary office, which it contends is mere overhead that is not taxable as costs under § 1920(4). The government responds that the equipment was a photocopier that permitted it to perform the copying work in-house at lower expense than if the work had been outsourced to a commercial vendor. The government's efforts at reducing costs are to be commended, but its evidence as to whether any savings were actually achieved is sketchy at best. Among other things, it is unclear to what extent the copier was rented simply for convenience, and to what extent the same copying might have been undertaken at the U.S. Attorney's Office in Worcester; the extent to which the rental of the copier was "necessary" has not been established. In the absence of further evidence on the topic, the Court will disallow the cost.

Plaintiffs next object to the cost of printing the entire production of the Stephanie Denby

documents during the trial. Under the circumstances, where the documents were not produced until relatively late, the cost was a necessary incident to the trial and will be allowed.

Plaintiffs also object to the inclusion of $2,666.07 in supplies and $83.19 in general and administrative expenses. These items do not appear to fall within the statutory category of making "copies," and will be disallowed.

Plaintiffs finally object to the full cost of printing the trial exhibits at a cost of $13,552.69. The government made seven sets of such exhibits—three binder sets (for the Court and the two parties) and four loose sets (for the witness, the Court, the plaintiff, and an extra). It is doubtful whether the duplicate sets were necessary or even desirable; it appears that four sets (the Court, the two parties, the witness) would have sufficed, at least in terms of what was "necessary." This item will accordingly be reduced by three-sevenths of the total submitted, or by $5,808.28.

## **Conclusion**

In accordance with the foregoing, the government's Bill of Costs, which totals $220,944.65, is hereby reduced in the following amounts:

$17,328.12, reflecting the cost of expedited transcripts;

$26,626.90, reflecting the cost of "real time" deposition transmissions;

$12,183.54, reflecting the cost of "real time" trial transmissions;

$1,200.00, reflecting the cost of the rented copier;

$2,666.07, reflecting the cost of "miscellaneous supplies";

$83.19, reflecting the cost of "general and admin[istrative] expense; and

<u>$5,808.28,</u> reflecting a reduction of 3/7 of the trial exhibit copying costs.

$65,896.10   subtotal

$220,944.65

–   65,896.10
$155,048.55

Plaintiffs' Motion for Disallowance of Defendant's Bill of Costs is accordingly GRANTED in part and DENIED in part. A total of $155,048.55 in costs is hereby allowed to the government.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 20, 2010